| | |
|---|---|
| 1  **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART &** |
|    Lesley Weaver (Cal. Bar No.191305) | **SULLIVAN, LLP** |
| 2  Angelica M. Ornelas (Cal. Bar No. 285929) | Andrew H. Schapiro (*pro hac vice* pending) |
|    Joshua D. Samra (Cal. Bar No. 313050) | *andrewschapiro@quinnemanuel.com* |
| 3  555 12th Street, Suite 1600 | 191 N. Wacker Drive, Suite 2700 |
|    Oakland, CA 994607 | Chicago, IL 60606 |
| 4  Tel.: (415) 445-4003 | Tel: (312) 705-7400 |
|    Fax: (415) 445-4020 | Fax: (312) 705-7401 |
| 5  *lweaver@bfalaw.com* | |
| | Stephen A. Broome (CA Bar No. 314605) |
| 6  **KAPLAN FOX & KILSHEIMER LLP** | *stephenbroome@quinnemanuel.com* |
|    David A. Straite (admitted *pro hac vice*) | Viola Trebicka (CA Bar No. 269526) |
| 7  Aaron L. Schwartz (admitted *pro hac vice*) | *violatrebicka@quinnemanuel.com* |
|    850 Third Avenue | 865 S. Figueroa Street, 10th Floor |
| 8  New York, NY 10022 | Los Angeles, CA 90017 |
|    Tel.: (212) 687-1980 | Tel: (213) 443-3000 |
| 9  Fax: (212) 687-7715 | Fax: (213) 443-3100 |
|    *dstraite@kaplanfox.com* | |
| 10 | Diane M. Doolittle (CA Bar No. 142046) |
|    Laurence D. King (Cal. Bar No. 206423) | *dianedoolittle@quinnemanuel.com* |
| 11 Mario Choi (Cal. Bar No. 243409) | 555 Twin Dolphin Drive, 5th Floor |
|    1999 Harrison Street, Suite 1560 | Redwood Shores, CA 94065 |
| 12 Oakland, CA 94612 | Telephone: (650) 801-5000 |
|    Tel.: (415) 772-4700 | Facsimile: (650) 801-5100 |
| 13 Fax: (415) 772-4707 | |
| | *Counsel for Defendant; additional counsel* |
| 14 **SIMMONS HANLY CONROY LLC** | *listed in signature blocks below* |
|    Jason 'Jay' Barnes (admitted *pro hac vice*) | |
| 15 Mitchell M. Breit (*pro hac vice* to be sought) | |
|    An Truong (*pro hac vice* to be sought) | |
| 16 112 Madison Avenue, 7th Floor | |
|    New York, NY 10016 | |
| 17 Tel.: (212) 784-6400 | |
|    Fax: (212) 213-5949 | |
| 18 *jaybarnes@simmonsfirm.com* | |
| 19 *Counsel for Plaintiffs* | |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated, | Case No. 5:20-cv-5146-LHK |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |
| v. | **CIVIL L.R. 16-9** |
| GOOGLE LLC, | **FRCP 16 & 26(f)** |
| Defendant. | **Next CMC: Sept. 9, 2020, 2 p.m.** |

The parties, having met and conferred, submit this Joint Case Management Conference Statement pursuant to Civil Local Rule 16-9 and the November 1, 2018 Standing Order for All Judges of the Northern District of California, retaining the paragraph numbering used therein. The parties also held a Fed. R. Civ. P. 26(f) videoconference via Zoom on August 26, 2020 and this Case Management Statement is further intended to function as a joint Rule 26(f) Report. Accompanying this Statement is a joint proposed Case Management Order and Initial Discovery Plan pursuant to Civil Local Rule 16-10(b) and Fed. R. Civ. P. 26(f)(3).

**1. JURISDICTION AND SERVICE**

a. <u>Jurisdiction</u>: The Court has jurisdiction over this action pursuant to 28 USC §§ 1331, 1332(d), and 1367. The parties agree there are no issues as to personal jurisdiction or venue.

b. <u>Service</u>: Plaintiffs filed their complaint under seal on July 27, 2020 as Exhibit 1 to the Declaration of Lesley Weaver, Dkt. No. 3-3. A public redacted version appears at Dkt. No. 1 and also Ex. 2 to the Weaver Declaration (Dkt. No. 3-4). Complaint exhibits 1 through 33 are separately docketed at Dkt. No. 2 because of file-size. Plaintiffs served the public version on Google's registered agent on July 29, 2020, see Dkt. No. 18, and provided a copy of the sealed version to Google's outside counsel on the same day pursuant to a confidentiality agreement. *See* Declaration of David Straite dated August 12, 2020, ¶ 3, Dkt. No. 36-1.

**2. FACTS**

a. <u>Plaintiffs' Summary of their Allegations</u>:

Plaintiffs are individuals who use Google's Chrome browser but who choose not to sync their browsers with any Google accounts. Google's contract with the Plaintiffs expressly promises that Chrome users "don't need to provide any personal information to use chrome" and that Chrome won't send "personal information" to Google "unless you choose to store that data in your Google Account by turning on sync[.]" But this is not true. Complaint ¶¶ 2-3.

Plaintiffs investigated the HTTP traffic between their Chrome browsers and Google in two different un-synched states and determined that Google was (and is) secretly collecting un-synched Chrome users' personal information in breach of its promises. While some persistent third-party cookie values change in the un-synched state, see, e.g., Complaint ¶ 149, Google still improperly

and contemporaneously collects at least four types of personal information as Chrome users surf the web while not synched to any Google account: 1) content of communications with first-party websites during normal web-browsing, *id.* ¶ 145; 2) a unique and controversial identifier called the X-Client Data Header, *id.* ¶ 146; 3) the Chrome user's IP address linked to device identifiers called User-Agent data, *id.* ¶ 147; and 4) persistent cookies that are unique to Plaintiffs and their personal computing devices, *id.* ¶ 148-151. Google claims herein that the same information is collected by third party websites (and, Google hypothesizes, with consent), but this is no defense for Google violating express promises in Chrome's terms of service that *Google* will not do so.

Given Google's simultaneous dominance of the online ad market and the browser market, Google is able to surveil the online lives of more than half of all Americans, in real time, linked to their actual identities. The Complaint explains how this surveillance, in violation of promises of user control with respect to un-synched Chrome users, is highly offensive and a violation of reasonable expectations of privacy. It is also the theft of valuable personal information unjustly enriching Google at the expense of the Plaintiffs and other un-synched Chrome users.

b. <u>Defendant's Position on Plaintiffs' Allegations:</u>

Google's Chrome browser is free, downloadable software used for browsing the Internet. Chrome is set to "basic browsing" mode by default. In basic browsing mode, Chrome stores certain information locally on the user's system. This information may include browsing history, personal information and passwords used for filling out forms or logging in to websites automatically, cookies, and other data. The data that Chrome stores can be viewed, managed, and/or deleted by the user by following the instructions in the Chrome Privacy Notice and other Google disclosures.

Chrome also offers a synchronization ("sync") setting that users can enable. If a user turns on sync mode, certain of the data stored by Chrome—*e.g.*, browsing history, bookmarks, passwords, Autofill information, and payment information—can be stored in the user's Google Account so that the user can access their settings and data across their devices by simply logging in to their Google Account. In its default state, Chrome is not set to sync.

Separately, Google offers third-party websites various advertising and analytics services that utilize data generated by the websites' visitors' interactions with their sites. Such data may

include the URL of the webpages visited, the referrer URL, IP address, device information, among other data. Google's advertising and analytics services generally work the same regardless of whether the user visiting the site is using the Chrome browser or some other browser.

Plaintiffs allege that Google represented that using Chrome in basic browsing mode would prevent Google from receiving any of the basic data it needs to provide its advertising and analytics services to third-party websites. Plaintiffs' allegation, however, is contradicted by the Privacy Policy and the other disclosures on which Plaintiffs rely.

**3. LEGAL ISSUES**

   a. <u>Plaintiffs' Summary of the Claims</u>:

Plaintiffs assert individual and class claims on behalf of all Chrome users who do not affirmatively sync their browsers with any Google accounts. Google's contract designates California law nationwide, and thus the Complaint is limited at this time to federal and California law state claims. Plaintiffs assert contract claims (quasi-contract equitable claims in the alternative); federal statutory claims under the ECPA and CFAA; California statutory claims (CIPA, computer intrusion and statutory larceny); common law privacy claims; punitive damages; and injunctive and declaratory relief. Plaintiffs also seek certification of a domestic class of un-synched Chrome users, see Section 9 below.

   b. <u>Defendant's Position on Plaintiffs' Claims</u>:

Google contends that this case is based on selective quotations and mischaracterizations of Google's Privacy Policy and other disclosures regarding the Chrome browser and the types of information that Google receives through Chrome and/or Google's various services. Google's Privacy Policy and other applicable disclosures—including those on which Plaintiffs' purport to base their claims—clearly describe the information that Google receives when users use Google's services, and do not suggest that using Chrome in basic browsing mode will prevent Google from receiving data for any of its services that it would otherwise receive. Google further contends that the allegations in the Complaint do not plausibly allege the elements of any of Plaintiffs' sixteen causes of action, and that their claims are barred by numerous defenses. Google also contends that class certification would not be appropriate in this case.

**4. MOTIONS**

  a. <u>Prior Motions</u>: On July 27, 2020, Plaintiffs filed an administrative motion to seal portions of the complaint, Dkt. No. 3, which was granted by Judge Freeman on August 4, 2020 prior to transfer of this action to this Court. Dkt. No. 21. There have also been 6 motions for admission *pro hac vice*, see Dkt. Nos. 6, 7, 15, 33, 34, and 35, all of which have been granted. *See* Dkt. Nos. 22, 23, 24, 37, 38, and 39. The parties also filed a stipulation for extension of time for Google to respond to the Complaint and stipulated motion to extend schedule for related briefing, see Dkt. No. 36, which the Court approved on August 14, 2020. Dkt. No. 40.

  b. <u>Pending Motions</u>: There are no motions pending at the current time.

  c. <u>Anticipated Motions</u>: Google anticipates filing its motion to dismiss concurrently with its motion to stay discovery on or before October 5, 2020, the stipulated extended date approved by the Court. Dkt. No. 40. Plaintiffs will oppose these motions. Plaintiffs anticipate moving for class certification, see Section 9 below and accompanying proposed case management order. Google also anticipates moving for summary judgment, opposing plaintiffs' motion for class certification, and/or filing a motion to deny class certification.

**5. AMENDMENT OF PLEADINGS**

Plaintiffs do not anticipate amending the complaint prior to Google's October 5 deadline to move to dismiss. A proposed deadline for adding parties appears in the accompanying proposed case management order.

**6. EVIDENCE PRESERVATION**

The parties represent that they have taken steps to preserve evidence relevant to this litigation. The parties similarly have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed generally the preservation of relevant evidence. The status of a draft proposed ESI Protocol is discussed in Section 8 below.

**7. DISCLOSURES**

The parties anticipate exchanging initial disclosures on or before September 9, 2020, which is 14 days after their August 26, 2020 Rule 26(f) video conference. *See* Fed. R. Civ. P. 26(a)(1)(C).

**8. DISCOVERY**

    **a.**     **Scope:**

        **1. Plaintiffs' Discovery**

The subject of Plaintiffs' discovery may include Google's data collection and use practices, the design of Chrome and the governing contracts, the purpose and creation of the X-Client Data Header and other identifiers collected from the Chrome browser, the value of (and profits earned on) Plaintiffs' and other Class Members' data, knowledge of Google's data collection practices at the officer and director level, and data relevant to class size and composition, among other things.

        **2. Google's Discovery**

The subject of Google's discovery may include Plaintiffs' alleged use of Chrome in basic browsing mode, Plaintiffs' consent to any alleged receipt of information by Google, Plaintiffs' consent to any alleged use of that information by Google, Plaintiffs' sharing of the type of data at issue in this case with other online services or applications, the nature of any damages alleged by Plaintiffs, and issues related to class certification, among other things.

    **b.**     **Proposed Limitations or Modifications**

The Parties have agreed to accept service of discovery requests, discovery responses and other documents that are not served through the ECF system by email.  Service by email will be treated as service by U.S. mail.  Where voluminous documents are not practicably transmitted by email, the Parties further agree to accept service by other reasonable and mutually agreed electronic means so long as the sender provides sufficient instructions on how to access the documents, and confidential information is secure.  The Parties further agree that a document is deemed served on a particular day if it (or an email providing access to it) is received by 11:59 p.m. Pacific Time on that calendar day by at least three attorneys of record for the receiving part(y)(ies).

    c.     **Rule 26(f) Conference:** The parties held their initial discovery planning conference by video on August 26, 2020.  The parties propose an initial discovery plan as set forth in the accompany proposed case management order.

CASE NO. 5:20-CV-5146-LHK
JOINT CASE MANAGEMENT STATEMENT      5

01980-00178/12315046.1

       d.    **Written Discovery:**

Plaintiffs' Position:  To facilitate preservation discussions and given that discovery is not currently stayed, Plaintiffs served a targeted first set of document requests and first set of interrogatories on August 31, 2020.  Responses and objections are due on September 30, 2020.  Google has indicated that it believes that discovery is premature and intends to make a motion to stay discovery pending the ruling on its forthcoming motion to dismiss.  Plaintiffs believe that discovery should proceed in the ordinary course but have proposed that Google consider a compromise to give priority to some discovery during the pendency of the motion to dismiss, in lieu of a blanket discovery stay.

Google's Position:  Google disagrees that Plaintiffs' first set of discovery requests are "targeted."  Rather, the requests are far-reaching and premature, particularly before the Court has determined whether (1) Plaintiffs have stated a claim, and (2) the proposed class should be certified.  Plaintiffs' first two document requests, for example, seek *every document* that Google has provided in the last *six years* to a state or federal government entity—whether voluntarily or by compulsory process—"relating to data privacy, the Chrome browser, *or any other matter alleged in the Complaint*," as well as the requests seeking those documents.  Plaintiffs' third and fourth requests seek *every document* that that Google has produced in the last *six years* "to *any litigant in any other litigation* in the U.S. related to the data privacy issues described in the Complaint, issues relating to the Chrome browser, and any matter described or alleged in the Complaint."  These requests are not "targeted" at all; they are a fishing expedition.  The majority of Plaintiffs' other requests are not targeted either.  They cover virtually every document that Plaintiffs would need to litigate this case through trial, including voluminous amounts of email and other ESI.  Such broad discovery is premature at this early stage in the case, as Google's forthcoming motion to dismiss and motion to stay discovery will make clear.

Nevertheless, the parties will meet and confer on these and Plaintiffs' other discovery requests and report to the Court at the September 9, 2020 conference.

1  e.  **Protective Order:**  On August 24, 2020, Plaintiffs sent Google counsel a draft
2  proposed protective order to govern the exchange of confidential discovery material.  The parties
3  are negotiating and expect to file a joint proposed order on or before September 23, 2020.

4  f.  ESI Protocol:  Also on August 24, 2020, Plaintiffs sent Google counsel a draft
5  proposed ESI protocol.  The parties are negotiating and expect to file a joint proposed order on or
6  before September 23, 2020.

**9. CLASS ACTIONS**

The parties have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiffs' Additional Statement pursuant to Civil L.R. 16-9(b):  This action may proceed under Fed. R. Civ. P. 23(b)(2), (b)(3) and/or (c)(4).  Plaintiffs will seek certification of a domestic class of Chrome users who choose not a synch their Chrome browsers with any Google account. In the complaint, Plaintiffs plead facts specific to their experiences, see Complaint ¶¶ 154-93, and also allege that the same harm would be experienced by all similarly-situated Chrome users. *Id*. ¶¶ 106-53; *see also id*. ¶¶ 259-65 (additional class allegations).  The accompanying case management order and discovery plan does not have a deadline for Plaintiffs to move for class certification; Plaintiffs believe it premature to calendar a deadline prior to discovery and propose to revisit the issue at a later CMC.

Google's Statement:  Google does not believe that this action is suitable for class treatment and will oppose Plaintiffs' motion for class certification and/or move to deny class certification because Plaintiffs cannot satisfy the requirements of Rule 23.

**10. RELATED CASES**

On August 4, 2020, Judge Freeman referred this case for the purpose of determining relationship with *Brown et al. v. Google LLC et al*., 5:20-cv-3664-LHK.  *See* Dkt. No. 20.  The Court ordered the cases related the next day. Dkt. No. 27.  The parties' position is that the matters are not suitable for consolidation at this early stage. For that reason, Google proposed that its responses to the different complaints (and related briefing) proceed on separate schedules. Straite Decl. ¶ 4, Dkt. No. 36-1.  Plaintiffs agreed and confirmed that Plaintiffs in *Brown* also agreed. *Id*. ¶ 5.

**11. RELIEF**

    **a. Plaintiffs' Statement**

Plaintiffs are seeking damages, restitution, disgorgement, injunctive and declaratory relief, as well as attorneys' fees and costs of suit. Plaintiffs seek damages in excess of $5,000,000 but cannot further determine the amount of damages without discovery.

    **b. Google's Statements**

Google denies that Plaintiffs are entitled to any relief.

**12. SETTLEMENT AND ADR**

The parties filed their ADR certifications on August 21, 2020. *See* Dkt. Nos. 42, 43. The parties are happy to discuss ADR at the Case Management Conference if requested by the Court but believe that formal settlement talks are premature at this stage.

**13. CONSENT TO MAGISTRATE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings, including trial or the entry of judgment.

**14. OTHER REFERENCES**

As noted in Section 10 above, this case has been related to *Brown, et al. v. Google LLC et al.*, 5:20-cv-3664-LHK. At this time, the case is not suitable for reference to the JPML or binding arbitration. It is premature to know whether referral to a special master is appropriate.

**15. NARROWING OF ISSUES**

At this time, the parties are unaware of any issues that can be narrowed by agreement.

**16. EXPEDITED TRIAL PROCEDURE**

Given its complexity, the parties do not believe this putative class action can be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING**

The parties jointly propose an initial discovery plan in the accompanying proposed case management order. The Court has already approved a schedule for briefing on Google's anticipated motion to dismiss, Dkt. No. 40, which the parties have also incorporated into the proposed order.

**18. TRIAL**

Plaintiffs demanded a jury trial. Complaint, Dkt. Nos. 1 & 3-4. The parties agree that it is premature to estimate trial length at this time and propose to revisit at a later CMC.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITITES OR PERSONS**

a.  <u>Plaintiffs</u>: Plaintiffs filed their certifications pursuant to Civil L.R. 3-15 on July 27, 2020. *See* Dkt. No. 5.

b.  <u>Defendant</u>: Google intends to file its corporate disclosure statement before the upcoming case management conference.

**20. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER MATTERS**

The parties have no other matters to raise with the Court at this juncture.

Dated: Sept. 2, 2020

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By:  */s/ Lesley Weaver*<br>Lesley Weaver (Cal. Bar No. 191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 994607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>*lweaver@bfalaw.com*<br>*aornelas@bfalaw.com*<br>*jsamra@bfalaw.com* | By:  */s/ Andrew H. Schapiro*<br>Andrew H. Schapiro (*pro hac vice* pending)<br>*andrewschapiro@quinnemanuel.com*<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>*stephenbroome@quinnemanuel.com*<br>Viola Trebicka (CA Bar No. 269526)<br>*violatrebicka@quinnemanuel.com*<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3000<br>Fax: (213) 443-3100 |
| **KAPLAN FOX & KILSHEIMER LLP**<br><br>By:  */s/ David A. Straite*<br>David A. Straite (admitted *pro hac vice*)<br>Aaron L. Schwartz (admitted *pro hac vice*)<br>850 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Facsimile: (212) 687-7714<br>*dstraite@kaplanfox.com*<br><br>Laurence D. King (State Bar No. 206423)<br>Mario Choi (State Bar No. 243409)<br>1999 Harrison Street, Suite 1560<br>Oakland, CA 94612<br>Tel.:   (415) 772-4700<br>Fax:   (415) 772-4707<br>*lking@kaplanfox.com* | Jomaire Crawford (*pro hac vice* pending)<br>*jomairecrawford@quinnemanuel.com*<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br><br>Josef Ansorge (*pro hac vice* pending)<br>*josefansorge@quinnemanuel.com*<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100<br><br>Jonathan Tse (CA Bar No. 305468)<br>*jonathantse@quinnemanuel.com*<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600<br>Fax: (415) 875-6700 |
| **SIMMONS HANLY CONROY LLC**<br><br>By:  */s/ Mitchell M. Breit*<br>Mitchell M. Breit (*pro hac vice* to be sought)<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (*pro hac vice* to be sought)<br>Eric Johnson (*pro hac vice* to be sought)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>*mbreit@simmonsfirm.com*<br>*jaybarnes@simmonsfirm.com* | Thao Thai (CA Bar No. 324672)<br>*thaothai@quinnemanuel.com*<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: (650) 801-5000<br>Fax: (650) 801-5100 |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

CASE NO. 5:20-CV-5146-LHK
JOINT CASE MANAGEMENT STATEMENT              10

01980-00178/12315046.1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, David A. Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of September, 2020, at Marbletown, New York.

                                        */s/ David A. Straite*
                                        David A. Straite

**CERTIFICATE OF SERVICE**

I, David A. Straite, hereby certify that on September 2, 2020 I caused a copy of this JOINT CASE MANAGEMENT STATEMENT to be filed via CM/ECF which will effect service on counsel of record for all parties.

Executed this 2nd day of September, 2020, at Marbletown, New York.

*/s/ David A. Straite*
David A. Straite