1 | **BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

**KAPLAN FOX & KILSHEIMER LLP**
David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
dstraite@kaplanfox.com

Laurence D. King (Cal. Bar No. 206423)
Mario Choi (Cal. Bar No. 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax: (415) 772-4707

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
Mitchell M. Breit (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendant; additional counsel listed in signature blocks below*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>  Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**JOINT LETTER BRIEF RE: ESI ORDER DISPUTE**<br><br>Judge:  Honorable Susan van Keulen<br>Trial Date:  Not Set<br>Close of Fact Discovery:  December 3, 2021<br>Days until Fact Discovery: 350 |

Plaintiffs and Google LLC ("Google") submit this joint letter brief regarding their Proposed Order re Discovery of Electronically Stored Information. Having met and conferred since October 6, 2020, the parties have identified one dispute ripe for the Court's consideration. Exhibit A is a joint proposed ESI Protocol highlighting all joint and disputed proposed edits.

### **PLAINTIFFS' STATEMENT**

<u>Summary of the Dispute</u>

The parties have crafted a compromise agreement on a proposed ESI Protocol to govern the preservation, search and production of ESI – except for the critical issue of whether Google will negotiate key word search strings ("Search Terms") now rather than wait to agree to *all* custodians *first*. The parties' heavily-negotiated proposed ESI Protocol is based on the Northern District's model order and includes disclosure duties; negotiated technical specifications for documents and their metadata; a general rule against relevancy redactions (with three negotiated exceptions in the Appendix); and most importantly a set process for negotiating Search Terms if a party elects to use them. The only impasse is *when* a party must first propose the Search Terms.

Plaintiffs believe Google's proposed Search Terms, which are based on the substance of pending discovery, should be disclosed now or no later than January 15, 2021. Google served its objections and responses to Plaintiffs' targeted First Set of RFPs and ROGs on September 30, 2020. Since then, over the course of six separate multi-hour video conferences, the parties conferred over each and every objection. Plaintiffs articulated a relevancy basis for each challenged RFP; the parties discussed all objections as to scope or any alleged vagueness; and the parties discussed Google's concerns with proportionality for any RFP where the objection was raised. The sixth and final conference was held last week and the initial process is now concluded, each side with a list of tasks to try to resolve the remaining disputes. The next step should be to propose Search Terms, apply them, and start producing documents.

Google refuses, instead proposing to delay sharing its proposed Search Terms ***indefinitely*** until the parties first "agree" on ***all*** ESI custodians. This delay tactic is substantively prejudicial, preventing Plaintiffs from seeing any documents before committing to custodians. Google proposes disclosing its proposed list of ESI custodians (there is a proposed date certain to do so in the attached ESI Protocol) while Google alone has access to responsive materials. Yet it is impossible for Plaintiffs to evaluate the list unless and until they start to review at least some documents to identify gaps and understand who communicates with whom. In practice, negotiation over ESI custodians is an evolving process informed by document discovery and agreement comes near the end.

Not surprisingly, therefore, Google's proposal finds little or no support in this District, where negotiations over Search Terms and ESI custodians typically happen in ***parallel*** in an iterative process. *See In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD-VKD, Order at 1, Dkt. No. 101 (N.D. Cal. Mar. 12, 2019) (ordering parties to "continue to confer regarding the custodians from whom ESI will be collected, the search terms that will be applied to identify ESI likely to be responsive to the requests, and a schedule for the production of remaining responsive ESI"). Even outside the District, it is commonplace for ESI custodians and Search Terms to be disclosed and negotiated in parallel. *See, e.g., In re: Restasis Antitrust Litig.*, 18-MD-2819-NG-LB, Order re ESI Protocol, Dkt. No. 108 (EDNY); *In re: Interior Molded Doors Antitrust Litig.*, 3:18-cv-0718-JAG, ESI Stip., Dkt. No. 98 (E.D. Va.). Indeed, in many cases parties have a short, fixed period of time

to propose Search Terms following the service of RFPs, far shorter than the 3+ months that Google has had here to propose its Search Terms. *See, e.g., In re: Lidoderm Antitrust Litig.*, C-14-MD-2521-WHO, ESI Stip. dated January 5, 2015, Dkt. No. 125 (N.D. Cal.) (30 days after service of RFPs); *In re: Restasis* (45 days).

Google's proposed delay undermines Rule 1's mandate for a just, speedy, and inexpensive process, impeding Plaintiffs' substantive ability to agree on terms and custodians by keeping Plaintiffs in the dark, and delaying an already complex and time-consuming process. *See In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD-VKD, Order at 1, 2, Dkt. No. 95 (N.D. Cal. Feb. 26, 2019) (defendant's acknowledgment that "it has not made sufficient progress on its ESI process" was "not acceptable" given that the document requests at issue were served on August 15). A protracted process also virtually guarantees that the parties will miss the Dec. 3, 2021 fact-discovery cut-off recently proposed by the parties and approved by Judge Koh. Dkt. No. 83.

***Plaintiffs' Compromise Proposal***: To address Google's concern about commencing search term negotiations before reaching agreement on custodians, Plaintiffs are willing to begin search term negotiations with an initial set of custodians proposed by Google, assuming Google believes the list to be complete in good faith. The parties would then negotiate possible additions as Plaintiffs begin reviewing Google's document productions.

Plaintiffs' Response to Google's Position and "Compromise" Offer

Google's proposal to delay initial Search Terms until "agreement" on all ESI custodians is unreasonable and deeply prejudicial. And because Google is delaying production of documents from any ESI custodian before using Search Terms,[1] this manufactured dispute also functions as a back-door stay of discovery from ***any*** custodial source for the foreseeable future (even from ESI custodians that Google already identified in its Rule 26(a) disclosures) in violation of Judge Koh's order rejecting Google's original request for a discovery stay. *See* Order dated September 3, 2020, Dkt. No. 45 ("The Court will not stay discovery."). Plaintiffs therefore request that the Court adopt Plaintiffs' proposed language in Section 6 of the proposed ESI Protocol without change.

Google offers a new "compromise" below (but not reflected in the proposed protocol): Google would produce documents from a non-custodial source now (one that does not require Search Terms), wait for Plaintiffs to review them, and then try to reach agreement on ESI custodians. Google thus proposes now to add yet another step and more delay to the process – no longer would we just delay Search Terms until "agreement" on ESI custodians, but now we also delay agreement

---

[1] Google's footnote 2 below suggests that it has been purposefully withholding documents until entry of an ESI Protocol and agreement on search methodology. If true, it is a serious violation of Google's duty to produce documents in the ordinary course irrespective of whether an ESI order is agreed or entered by the Court. Fed. R. Civ. P. 34(b)(1)(C) (RFP "may specify the form or forms in which electronically stored information is to be produced"); Pls.' RFP Instruction No. 8 ("Unless otherwise agreed by the parties or ordered by the Court, all Documents, things and electronically stored information (ESI) shall be produced in native format."). Likewise, impasse on Search Terms cannot be an excuse to withhold documents. *Grace v. Apple, Inc.*, No. 5:17-cv-00551-LHK-NC (N.D. Cal. Nov. 15, 2017), Dkt. No. 87 (ordering responding party to "produce all responsive, non-privileged documents that can be located without search terms"). If Google's position below in fn. 2 is true, Plaintiffs will raise it with the Court in a separate submission.

on ESI custodians until review of some *non-custodial* documents. That's not a compromise. Worse, Google alone knows what is in this mystery non-custodial database and it is absurd to limit Plaintiffs' universe of knowledge about potential ESI custodians to information contained in a non-custodial database selected *by Google*.

Google's compromise offer would only be workable if the initial document set were chosen by Plaintiffs, not Google, to ensure fairness – in particular, copies of documents already gathered and produced to government investigators related to issues in this Action. In this way, it would conform to the accepted use of "seed sets" early in litigation to give plaintiffs an informed basis to evaluate proposed ESI custodian lists and Search Terms. *See, e.g., In re Resistors Antitrust Litig.*, No. 5:15-cv-03820-RMW (N.D. Cal.), Feb. 2, 2016 Minute Entry, Dkt. No. 112 (ordering all documents that Defendants previously produced to the DOJ to be produced to Plaintiffs one month before the consolidated complaint filing deadline).

Indeed, on August 31, 2020, Plaintiffs formally requested copies of relevant documents that Google has exchanged with government investigators, including State Attorneys General. Plaintiffs have further offered to prioritize these documents, but Google has not accepted, despite at least two recent government actions with obvious overlap with this case. *See, e.g.,* Decision of French data privacy regulator regarding insufficiency of Google's Privacy Policy and non-consensual use of tracking cookies (provided to the Court on December 14, 2020, Dkt. No. 84-2); *see also State of Texas, et al. v. Google LLC*, 4:20-cv-957, Complaint dated December 16, 2020 at ¶ 140 (E.D. Tex.) (alleging, *inter alia*, bad faith use of user IDs in Chrome browser to gain competitive advantage when tracking Chrome users over the Internet).

In any event, Google's new compromise proposal does not propose a date certain for production of the seed set of documents, and Plaintiffs further oppose it to the extent Google envisions the production being made after the January 15, 2021 date currently in the ESI Protocol as the deadline to disclose initial Search Terms.

## GOOGLE'S STATEMENT

**Google's Summary of the Dispute**: The parties have worked in good faith to narrow substantially all of their disputes on the ESI Protocol. There is only one dispute related to Section 6(b), "Search," which requires the Court's intervention.

The parties' dispute on search methodology concerns the date that will trigger Google's initial proposal of search terms. Google believes the most reasonable sequence is to provide its initial search term proposal after the parties have reached agreement on custodians. Plaintiffs ask that Google provide its search term proposal within 14 days after the entry of the ESI Protocol. Plaintiffs' request to divorce the custodian discussion from the search term discussion should be rejected because it is inefficient, increases the burden on Google, and undermines the usefulness of the resulting search terms.

A necessary process in negotiating search terms is testing them across the universe of documents collected for review. For any search term that Plaintiffs propose and Google disputes on grounds of burden or relevance, Google has agreed to provide Plaintiffs with "hits" – the number of electronic documents identified by each search term. The hit reports show the number of documents actually identified by the terms and allow for the calibration of search strings to minimize burden

and increase relevant hits. This calibration is necessarily dependent on a constant universe of documents. If the universe of custodians is unsettled, as would be the case under Plaintiffs' proposal, all the testing and calibrating of the search terms is meaningless. For example, the responding party can have no confidence that a term to which it agrees today because it generates only 1,000 documents will not generate 100,000 documents once the universe of custodians is settled.

Plaintiffs argue that they cannot agree on custodians before the search term negotiations because no documents have yet been produced in this matter.[2] But Plaintiffs will have sufficient other information to engage in meaningful custodian negotiations. Plaintiffs have Google's Initial Disclosures. Further, Google has already agreed to (1) provide its proposed ESI custodians, including information that will allow Plaintiffs to evaluate their roles, responsibilities, and relevance to the claims and defenses in this case; (2) produce documents sufficient to identify Google personnel with current responsibilities relating to Chrome Sync, Chrome Metrics, Google Analytics, Google Ad Manager, and Google Ads, and its organizational structure relating to those same Google teams; and (3) disclose other sources of ESI in conformity with the ESI Checklist.

**Google's Compromise Position:**  In recognition of Plaintiffs' request that the custodian discussions occur after an initial document production, Google is willing to produce relevant documents from certain central repositories *without* applying search terms and defer custodian/search-term negotiations until after Plaintiffs' review of that universe of documents and the parties' agreement on a core set of ESI custodians.

**Google's Response to Plaintiff's Opening Statement and Compromise Position**:
Plaintiffs' only reason for refusing to engage in custodian negotiations now is that they purportedly cannot "evaluate the list unless and until they start to review at least some documents to identify gaps." Plts. Submission, at 1:20. That is incorrect. As Google explains above, Plaintiffs will have ample information on relevant individuals and their roles. To the extent Plaintiffs insist on the ability to review documents before agreeing on custodians, Google's compromise position both addresses that need and offers an efficient sequencing of steps.

Plaintiffs' hyperbolic accusation that Google wishes to "*indefinitely*" delay the search term negotiation is not based in fact. Google proposes for negotiations to proceed shortly after the new year. Google contends it is neither rational nor efficient to engage in a search term negotiation on a moving target without an agreed upon custodian list. Plaintiffs have identified no prejudice from sequencing search protocol negotiations in this way.

On the other hand, Plaintiffs' compromise position is no compromise at all. It still requires negotiations on search terms to be complete *before* Plaintiffs agree to a final custodian list. There is no support for Plaintiffs' position. In fact, Plaintiffs themselves recognize that "it is commonplace for ESI custodians and Search Terms to be disclosed and negotiated in parallel." Plts. Submission, at 1:23; *see, e.g.*, *In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD-VKD, Order at 2, Dkt. No. 95 (N.D. Cal. Mar. 12, 2019) (Court ordered Defendant to provide a custodian and search term proposal by a date certain, and Plaintiffs to respond to both pieces of that proposal soon after). Google is not opposed to parallel custodian and search term discussions; it opposes Plaintiffs' inefficient and irrational proposal which would force Google to take all the risk in identifying its

---

[2] The lack of an ESI Protocol has so far prevented the production of documents; Google plans to start productions on a rolling basis soon after the ESI order is in place.

custodians (without agreement from Plaintiffs) and finalizing search terms *on the basis of that custodial list*, only to give Plaintiffs a carte blanche to second-guess Google's custodial choices "near the end." Plts. Submission, at 1:22. Any search term negotiations would be meaningless if the universe of documents and custodians to be searched changes *after* the terms are agreed.

None of Plaintiffs' authorities support Plaintiffs' position that the parties must complete search term negotiations in advance of agreement on custodians. On the contrary, each of these opinions reflects the pragmatic reality that appropriate search terms will depend on the custodians being searched. Search term negotiations cannot happen in a vacuum: they must either follow agreement on custodians, or at the very least proceed in parallel. *See, e.g.*, *In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD-VKD, Order at 1, Dkt. No. 101 (N.D. Cal. Mar. 12, 2019) (ordering parties to "continue to confer regarding the custodians from whom ESI will be collected [and] the search terms that will be applied to identify ESI likely to be responsive to the requests"); *In re: Restasis Antitrust Litig.*, 18-MD-2819-NG-LB, Order re ESI Protocol, Dkt. No. 108 (E.D.N.Y. June 11, 2018) (ESI Protocol required parties to meet and confer on search terms and individual custodians); *In re: Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-0718-JAG, ESI Stip., Dkt. No. 98 (E.D. Va. Feb. 19, 2019) (ESI Protocol required parties to meet and confer on search terms and individual custodians).

For these reasons, Google respectfully asks that the Court adopt Google's proposed language in the draft joint ESI Protocol or, in the alternative, adopt Google's compromise position that the parties defer custodian/search-term negotiations until after Plaintiffs' review of Google's production of relevant documents from certain central repositories.

Dated: December 18, 2020                            Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**                      **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:   */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)                 By:   */s/ Andrew H. Schapiro*
Angelica M. Ornelas (Cal. Bar No. 285929)           Andrew H. Schapiro (admitted *pro hac vice*)
Joshua D. Samra (Cal. Bar No. 313050)               andrewschapiro@quinnemanuel.com
555 12th Street, Suite 1600                         191 N. Wacker Drive, Suite 2700
Oakland, CA 994607                                  Chicago, IL 60606
Tel.: (415) 445-4003                                Tel: (312) 705-7400
Fax: (415) 445-4020                                 Fax: (312) 705-7401
lweaver@bfalaw.com
aornelas@bfalaw.com                                 Stephen A. Broome (CA Bar No. 314605)
jsamra@bfalaw.com                                   stephenbroome@quinnemanuel.com Viola
                                                    Trebicka (CA Bar No. 269526)
**KAPLAN FOX & KILSHEIMER LLP**                     violatrebicka@quinnemanuel.com
                                                    865 S. Figueroa Street, 10th Floor
By:   */s/ David A. Straite*                        Los Angeles, CA 90017
David A. Straite (admitted *pro hac vice*)          Tel: (213) 443-3000
Aaron L. Schwartz (admitted *pro hac vice*)         Fax: (213) 443-3100
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980                           Jomaire Crawford (admitted *pro hac vice*)
Facsimile: (212) 687-7714

| | | |
|---|---|---|
| 1 | *dstraite@kaplanfox.com* | *jomairecrawford@quinnemanuel.com* |
| | | 51 Madison Avenue, 22nd Floor |
| 2 | Laurence D. King (State Bar No. 206423) | New York, NY 10010 |
| | Mario Choi (State Bar No. 243409) | Tel: (212) 849-7000 |
| 3 | 1999 Harrison Street, Suite 1560 | Fax: (212) 849-7100 |

Oakland, CA 94612
Tel.:      (415) 772-4700        Josef Ansorge (admitted *pro hac vice*)
Fax:       (415) 772-4707        *josefansorge@quinnemanuel.com*
*lking@kaplanfox.com*            1300 I Street NW, Suite 900
                                 Washington D.C., 20005
**SIMMONS HANLY CONROY LLC**     Tel: (202) 538-8000
                                 Fax: (202) 538-8100
By:        */s/ Jason Barnes*
Mitchell M. Breit (admitted *pro hac vice*)   Jonathan Tse (CA Bar No. 305468)
Jason 'Jay' Barnes (admitted *pro hac vice*)  *jonathantse@quinnemanuel.com*
An Truong (admitted *pro hac vice*)           50 California Street, 22nd Floor San
Eric Johnson (admitted *pro hac vice*)        Francisco, CA 94111
112 Madison Avenue, 7th Floor                 Tel: (415) 875-6600
New York, NY 10016                            Fax: (415) 875-6700
Tel.: (212) 784-6400
Fax: (212) 213-5949              Thao Thai (CA Bar No. 324672)
*mbreit@simmonsfirm.com*         *thaothai@quinnemanuel.com*
*jaybarnes@simmonsfirm.com*      555 Twin Dolphin Drive, 5th Floor
                                 Redwood Shores, CA 94065
*Counsel for Plaintiffs*         Tel: (650) 801-5000

*Counsel for Defendant*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief Re: ESI Order Dispute.  Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document

Dated: December 18, 2020　　　　　　　　By       */s/ Andrew H. Schapiro*
　　　　　　　　　　　　　　　　　　　　　　　Andrew H. Schapiro
　　　　　　　　　　　　　　　　　　　　　　　*Counsel on behalf of Google*