**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Andrew H. Schapiro (admitted *pro hac vice*) | Josef Ansorge (admitted *pro hac vice*) |
| andrewschapiro@quinnemanuel.com | josefansorge@quinnemanuel.com |
| 191 N. Wacker Drive, Suite 2700 | 1300 I Street NW, Suite 900 |
| Chicago, IL 60606 | Washington D.C., 20005 |
| Telephone: (312) 705-7400 | Telephone: (202) 538-8000 |
| Facsimile: (312) 705-7401 | Facsimile: (202) 538-8100 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Jonathan Tse (CA Bar No. 305468) |
| stephenbroome@quinnemanuel.com | jonathantse@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | 50 California Street, 22nd Floor |
| violatrebicka@quinnemanuel.com | San Francisco, CA 94111 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (415) 875-6600 |
| Los Angeles, CA 90017 | Facsimile: (415) 875-6700 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Thao Thai (CA Bar No. 324672) |
| jomairecrawford@quinnemanuel.com | thaothai@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 555 Twin Dolphin Drive, 5th Floor |
| New York, NY 10010 | Redwood Shores, CA 94065 |
| Telephone: (212) 849-7000 | Telephone: (650) 801-5000 |
| Facsimile: (212) 849-7100 | Facsimile: (650) 801-5100 |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br>    Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**DECLARATION OF VIOLA TREBICKA IN SUPPORT OF GOOGLE'S MOTION FOR A PROTECTIVE ORDER**<br><br>Referral:  Hon. Susan van Keulen, USMJ<br>Hearing Date:  March 3, 2021<br>Hearing Time:  9:30 a.m. |

I, Viola Trebicka, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of Google's Motion for a Protective Order.

3. In October 2020, I met and conferred with Plaintiffs' counsel multiple times regarding the preservation of electronically stored information ("ESI") in this action.

4. During the meet-and-confers, I conveyed Google's position that the system, server, and network logs ("Disputed Logs") were extremely large and preservation was not proportional to the needs of this case where the key dispute centers around interpretation of Google's disclosures. On that basis, I asked Plaintiffs' counsel to agree to a preservation exemption for the Disputed Logs. Plaintiffs' counsel disagreed, claiming there was insufficient time to fully discuss this issue before the deadline to submit a joint ESI Protocol. Therefore, the parties agreed to defer agreement on preservation of the Disputed Logs to the discussion of the ESI Checklist on January 20, 2021.

5. On January 20 and 21, 2021, I met and conferred with Plaintiffs' counsel regarding the ESI Checklist, including preservation of the Disputed Logs.

6. On these meet-and-confers, Plaintiffs' counsel again rejected Google's request that it need not preserve the Disputed Logs.

7. On January 21, 2021, counsel for Plaintiffs sent a letter claiming that Google's position that it did not need to suspend the regular retention policies for the logs was "spoliation" of relevant ESI. Attached as Exhibit 1 is a true and correct copy of the letter from counsel for Plaintiffs to counsel for Defendant dated January 21, 2021.

8. On January 24, 2021, counsel for Plaintiffs served on Google Plaintiffs' Notice of Rule 30(b)(6) Deposition. Attached as Exhibit 2 is a true and correct copy of Plaintiffs' Notice of Rule 30(b)(6) Deposition.

9. On January 29, 2021, I sent a letter to counsel for Plaintiffs providing additional information on the Disputed Logs and their retention periods, the burden associated with retaining them, and why preservation was not proportional to the needs of the case.

10. On February 4, 2021, I met and conferred with Plaintiffs' counsel again regarding preservation of the Disputed Logs. Plaintiffs again accused Google of "spoliation." The parties thus did not reach an agreement resolving the preservation dispute.

11. On February 10, 2021, I served on counsel for Plaintiffs Google's Responses and Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition. Attached as Exhibit 3 is a true and correct copy of Google's Responses and Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition, dated February 10, 2021.

12. During the ordinary course of discovery, Google has produced to Plaintiffs public statements and disclosures related to retention of the Disputed Logs, as well as Google's current internal anti-fingerprinting policy, User Data Access Policy, User Data Retention and Deletion Policy, User Data Retention and Deletion Guidelines, and Scrubbing Policies for Log Data.

13. Attached as Exhibit 4 is a true and correct copy of a screenshot of Google Account "My Activity" – "Activity Control" –"Auto-delete" page. According to this webpage, Google Account users can set auto deletion periods (3 months, 18 months, 36 months, or opt for no auto-deletion) at their "My Activity" page.

14. Attached as Exhibit 5 is a true and correct copy of a screenshot of Google Account "My Activity" – "Other Google activity" – "Web &App Activity" page. According to this webpage, Google Account users can control "Web and App Activity" including "things [they] do on sites, apps, and devices that use Google services[.]"

15. Attached as Exhibit 6 is a true and correct copy of Google's "Business and Data" – "Compliance" page, which I last accessed on February 17, 2021 on the publicly available website https://privacy.google.com/businesses/compliance/. According to this webpage, Google crafted its data privacy policies and "ads data retention policies" to abide by Google's legal obligations under laws in various jurisdictions in which it operates, including EU General Data Protection Regulation

2016/679, the California Consumer Privacy Act (CCPA), and Lei Geral de Proteção de Dados (LGPD).

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Los Angeles, California on February 17, 2021.

DATED:   February 17, 2021        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Viola Trebicka

*Attorney for Defendant*