**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Andrew H. Schapiro (admitted *pro hac vice*) | Josef Ansorge (admitted *pro hac vice*) |
| andrewschapiro@quinnemanuel.com | josefansorge@quinnemanuel.com |
| 191 N. Wacker Drive, Suite 2700 | 1300 I Street NW, Suite 900 |
| Chicago, IL 60606 | Washington D.C., 20005 |
| Telephone: (312) 705-7400 | Telephone: (202) 538-8000 |
| Facsimile: (312) 705-7401 | Facsimile: (202) 538-8100 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Jonathan Tse (CA Bar No. 305468) |
| stephenbroome@quinnemanuel.com | jonathantse@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | 50 California Street, 22nd Floor |
| violatrebicka@quinnemanuel.com | San Francisco, CA 94111 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (415) 875-6600 |
| Los Angeles, CA 90017 | Facsimile: (415) 875-6700 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Thao Thai (CA Bar No. 324672) |
| jomairecrawford@quinnemanuel.com | thaothai@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 555 Twin Dolphin Drive, 5th Floor |
| New York, NY 10010 | Redwood Shores, CA 94065 |
| Telephone: (212) 849-7000 | Telephone: (650) 801-5000 |
| Facsimile: (212) 849-7100 | Facsimile: (650) 801-5100 |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br>    Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**DECLARATION OF VIOLA TREBICKA IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL PURSUANT TO CIVIL LOCAL RULE 79-5 (DKT. 117)**<br><br>Referral:  Hon. Susan van Keulen, USMJ |

I, Viola Trebicka, declare as follows:

1. I am a member of the bar of the State of California and a partner with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am making this declaration pursuant to Civil Local Rule 79-5(e) as an attorney for the "Designating Party," as that term is used in that rule.

3. On February 24, 2021, Plaintiffs filed an administrative motion to seal portions of Plaintiffs' Opposition to Google's Motion for a Protective Order, the Declaration of Lesley Weaver, Exhibit A thereto, and the Declaration of Dr. Matthew Green. On the same day, I received an unredacted service copy of these documents.

4. I have reviewed the documents that Plaintiffs seek to file under the seal pursuant to Civil Local Rule 79-5, unredacted copies of which have been filed at Docket Entries 117-4, 117-6, 117-8 and 117-10. As more fully explained in Google's Administrative Motion to Seal Portions of Google's Motion for a Protective Order and Supporting Declaration (*see* Dkt. 108), I understand that the documents that Plaintiffs seek to file under seal contain information that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 1-2.

5. Based on my review of the documents sought to be filed under seal, there is good cause to seal the following portions of the documents:

| Document | Basis for Sealing |
|---|---|
| Plaintiffs' Opposition to Google's Motion for a Protective Order (Dkt. 117-4):<br><br>Redacted Portions in Exhibit A | The redacted portions contain Google's confidential technical information regarding the operation of Google's products, including the various types of logs maintained by Google, information contained in those logs, which logs are linked to a user's Google Account, and the logs' retention policies, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly |

| | |
|---|---|
| | confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their log data system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's log data preservation system. Google respectfully requests that the Court order the redacted portions in the attached version of the Opposition to be filed under seal. |
| Declaration of Lesley Weaver in Support of Plaintiffs' Opposition to Google's Motion for a Protective Order (Dkt. 117-6):<br><br>Redacted Portion in Exhibit B | The redacted portion contains Google's confidential technical information regarding the operation of Google's products, including the retention period of the various types of logs maintained by Google, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their log data system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's log data preservation system. Google respectfully requests that the Court order the redacted portion in the attached version of the Weaver Declaration to be filed under seal. |
| Exhibit A to the Declaration of Lesley Weaver in Support of Plaintiffs' Opposition to Google's Motion for a Protective Order (Dkt. 117-8): | The redacted portions contain Google's confidential technical information regarding the operation of Google's products, including the various types of logs maintained by Google, |

| | |
|---|---|
| Redacted Portions in Exhibit C | information contained in those logs, the size of those logs, which logs are linked to a user's Google Account, the logs' retention policies, and the cost in money and man-hours for suspending retention periods for those logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential or highly confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 1-2. Public disclosure of such confidential or highly confidential information could affect Google's competitive standing as competitors may alter their log data system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's log data preservation system. Google respectfully requests that the Court order the redacted portions in the attached version of the letter to be filed under seal. |
| Declaration of Dr. Matthew Green in Support of Plaintiffs' Opposition to Google's Motion for a Protective Order (Dkt. 117-10):<br><br>Redacted Portions in Exhibit D | The redacted portions contain Google's confidential technical information regarding the operation of Google's products, including the various types of logs maintained by Google, the size of those logs, the logs' retention policies, and the cost for segregating the logs, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy, system design, and system capacity regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their log data system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as |

| | third parties may seek to use the information to compromise Google's log data preservation system. Google respectfully requests that the Court order the redacted portions in the attached version of the Green Declaration to be filed under seal. |
|---|---|

6. Google's request is narrowly tailored in order to protect its confidential information. Indeed, Google has sought to redact only a select subset of the materials originally designated by Plaintiffs for redaction in its Administrative Motion.

7. Google does not seek to redact or file under seal any of the remaining portions of Plaintiffs' Opposition to Google's Motion for a Protective Order and accompanying declarations and exhibits not indicated in the table above.

8. Google's proposed redaction to Plaintiffs' Opposition, Declarations of Lesley Weaver, Exhibit A thereto, and Declaration of Dr. Matthew Green are attached here to as Exhibit A, Exhibit B, Exhibit C, and Exhibit D, respectively. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Los Angeles, California on March 1, 2021.

DATED:      March 1, 2021                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                             By  /s/  Viola Trebicka
                                                 Viola Trebicka

                                             *Attorney for Defendant*