1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2 | Andrew H. Schapiro (admitted *pro hac vice*)   Josef Ansorge (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com   josefansorge@quinnemanuel.com
3 | 191 N. Wacker Drive, Suite 2700   1300 I Street NW, Suite 900
Chicago, IL 60606   Washington D.C., 20005
4 | Telephone: (312) 705-7400   Telephone: (202) 538-8000
5 | Facsimile: (312) 705-7401   Facsimile: (202) 538-8100

6 | Stephen A. Broome (CA Bar No. 314605)   Jonathan Tse (CA Bar No. 305468)
stephenbroome@quinnemanuel.com   jonathantse@quinnemanuel.com
7 | Viola Trebicka (CA Bar No. 269526)   50 California Street, 22nd Floor
violatrebicka@quinnemanuel.com   San Francisco, CA 94111
8 | 865 S. Figueroa Street, 10th Floor   Telephone: (415) 875-6600
9 | Los Angeles, CA 90017   Facsimile: (415) 875-6700
Telephone: (213) 443-3000
10 | Facsimile: (213) 443-3100

11 | Jomaire Crawford (admitted *pro hac vice*)   Thao Thai (CA Bar No. 324672)
jomairecrawford@quinnemanuel.com   thaothai@quinnemanuel.com
12 | 51 Madison Avenue, 22nd Floor   555 Twin Dolphin Drive, 5th Floor
New York, NY 10010   Redwood Shores, CA 94065
13 | Telephone: (212) 849-7000   Telephone: (650) 801-5000
14 | Facsimile: (212) 849-7100   Facsimile: (650) 801-5100

15 | *Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR HEARING ON MOTION FOR A PROTECTIVE ORDER (DKT. 109)**<br><br>Referral: Hon. Susan van Keulen, USMJ<br>Hearing Date: March 5, 2021<br>Hearing Time: 9:30 A.M. |

## I. INTRODUCTION

On March 5, 2021, this Court will hear Defendant Google LLC's ("Google") Motion for a Protective Order related to Plaintiffs' demand that Google suspend its retention policies for vast swathes of information, much of which would be entirely irrelevant to this litigation. Dkt. 109-4 ¶¶ 7–10. Google moved for a protective order. Dkt. 109. This Court ordered briefing to address "the relevance and proportionality of retention and production of the disputed logs," and stated that the parties may "file declarations in support of their positions that set forth relevant facts." Dkt. 104. To support its motion, Google provided facts under seal substantiating the immense burden related with Plaintiffs' preservation demand. *See* Dkts. 108-4, 108-6. This information is non-public, highly sensitive, and confidential business information, public disclosure of which may affect Google's competitive standing and expose Google to increased security risks. Therefore, Google moved to seal this information. Dkt. 108. The Court has not yet ruled on Google's motion to seal.

In light of the highly confidential material to be discussed at the March 5 hearing, Google asked Plaintiffs to stipulate to sealing the hearing pursuant to Civil Local Rules 7-11 and 79-5 and Federal Rule of Civil Procedure 26(c). Tse Decl. Ex. A. Plaintiffs stated they take no position on the request. *Id.* Therefore, Google now moves the Court to seal the courtroom for the March 5, 2021 hearing on Google's Motion for a Protective Order (Dkt. 109).

All facts militate in favor of sealing the March 5 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. To show that the burden Plaintiffs seek to impose is immense, Google relies on confidential information regarding highly sensitive features of Google's operations. Specifically, this information provides details related to, among other things, the various types of data logs maintained by Google, information contained in those logs, the size of those logs, the logs' retention policies, and the cost in money and man-hours for suspending retention periods for those logs. Such information reveals Google's internal strategies, proprietary system designs, business practices, and system capacities for operating and maintaining many of its important services while complying with legal and privacy obligations.

Google must be able to freely refer to this information to fully explain to the Court the undue burden Plaintiffs seek to impose on Google. It would be unfair and prejudicial to force Google's

1  counsel to choose between providing facts to the Court by relying on this confidential information
2  and retaining the confidentiality of these highly sensitive facts.
3        Therefore, to protect Google's confidential information and the public's right to access the
4  proceedings, Google proposes that the Court seal the March 5 hearing and that Google will file a
5  motion to seal specific portions of the March 5 hearing transcript that refer to confidential
6  information. Since the hearing will be conducted virtually, Google defers to the Court regarding the
7  most appropriate and feasible approach for sealing in a virtual environment.

## II.    LEGAL STANDARD

      While there is a common law right of public access to judicial proceedings, that right is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing at trial is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

### III. GOOGLE'S ARGUMENTS IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S PROTECTED MATERIALS

The parties' briefing on Google's Motion for a Protective Order contains detailed discussions on Google's confidential information, including the highly sensitive features of Google's operations and consumer data. *See* Dkts. 108, 109, 117, 118. As explained in Google's pending Administrative Motion to Seal Portions of Google's Motion for a Protective Order and Supporting Declaration, the information sought to be sealed in this briefing reveals Google's internal strategies, system designs, business practices, and system capacities for operating and maintaining many of its important services while complying with legal and privacy obligations. Dkt. 108 at 2-3. Such information is protectable and must be kept confidential in order to prevent harm to Google's competitive standing. *Id.* Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id.* at 3.

At the March 5, 2021 hearing on Google's Motion for a Protective Order, Google's highly confidential information will necessarily be disclosed. For example, one of the main issues that will be discussed throughout the March 5 hearing is Google's undue burden for preserving the logs at issue, which will necessarily require discussion of the various types of data logs maintained by Google, information contained in those logs, the size of those logs, the logs' retention policies, and the burden in money and man-hours for suspending retention periods for those logs. Dkt. 108 at 2-3; *see also* Dkt. 108-4. Indeed, in their Opposition to Google's Motion for Protective Order, Plaintiffs assert that "Google's claims of burden are highly questionable." Dkt. 117-4 at 9. At the March 5 hearing, Google should be able to fully explain to the Court in detail exactly why the burden on Google is so extraordinary and not proportional to the needs of the case and why Plaintiffs' contentions to the contrary are misleading or incorrect—without fear of public disclosure of sensitive Google business information. If the hearing were not sealed, Google would have to be pick between two evils: revealing its highly confidential information that may harm Google and put it at a competitive disadvantage, or vigorously arguing—with supporting facts—that Plaintiffs' blunderbuss preservation demand is burdensome and disproportional.

1  Given the importance of the issue of burden and the highly sensitive nature of the
2  information related to its burden, Google believes that sealing the courtroom for the entire hearing
3  is the correct and most effective approach. The virtual proceedings in this case permit the attendance
4  of hundreds of interested members of the public, including legal experts and journalists, and
5  allowing confidential material to be discussed in open court in these circumstances is tantamount to
6  having it filed publicly on the docket. Further, the extent of Google's burden for preserving the logs
7  at issue will "pervade" the March 5 hearing, making partial sealing "impractical." *Cameron v. Apple*
8  *Inc.*, No. 4:19-cv-03074-YGR (TSH), Dkt. 295 at 1 (N.D. Cal. Feb. 23, 2021). A court in this district
9  has recently sealed an entire hearing under similar circumstances. *See id.* Google proposes that the
10 Court seal the March 5 hearing and that Google will file a motion to seal the March 5 transcript after
11 the sealed hearing to redact any confidential information.[1]

12 Google defers to the Court as to the best method for sealing the March 5 hearing in light of
13 the virtual proceedings but proposes that the Court may consider directing the parties to dial into a
14 private Zoom meeting, instead of a Zoom webinar.

## IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the March 5 hearing on its Motion for a Protective Order.

DATED: March 2, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

---

[1] If, however, the Court is not inclined to seal the hearing in its entirety, Google respectfully requests in the alternative that the Court seal a portion of the hearing (and direct the parties to dial into a private Zoom meeting) so that the parties may address Google's highly confidential information at that time. *See In re Macbook Keyboard Litigation*, No. 18-CV-2813, Dkts. 285, 287 (N.D. Cal. Feb. 4, 2021) (partially sealing the hearing).

|   |   |
|---|---|
| 1 | |
| 2 | Stephen A. Broome (CA Bar No. 314605) |
|   | sb@quinnemanuel.com |
| 3 | Viola Trebicka (CA Bar No. 269526) |
|   | violatrebicka@quinnemanuel.com |
| 4 | 865 S. Figueroa Street, 10th Floor |
|   | Los Angeles, CA 90017 |
| 5 | Telephone: (213) 443-3000 |
|   | Facsimile: (213) 443-3100 |
| 6 | |
| 7 | Jomaire Crawford (admitted pro hac vice) |
|   | jomairecrawford@quinnemanuel.com |
| 8 | 51 Madison Avenue, 22nd Floor |
|   | New York, NY 10010 |
| 9 | Telephone: (212) 849-7000 |
|   | Facsimile: (212) 849-7100 |
| 10 | |
| 11 | Josef Ansorge (admitted pro hac vice) |
|   | josefansorge@quinnemanuel.com |
| 12 | 1300 I Street NW, Suite 900 |
|   | Washington D.C., 20005 |
| 13 | Telephone: (202) 538-8000 |
|   | Facsimile: (202) 538-8100 |
| 14 | |
| 15 | Jonathan Tse (CA Bar No. 305468) |
|   | jonathantse@quinnemanuel.com |
| 16 | 50 California Street, 22nd Floor |
|   | San Francisco, CA 94111 |
| 17 | Telephone: (415) 875-6600 |
|   | Facsimile: (415) 875-6700 |
| 18 | |
| 19 | Thao Thai (CA Bar No. 324672) |
|   | thaothai@quinnemanuel.com |
| 20 | 555 Twin Dolphin Drive, 5th Floor |
|   | Redwood Shores, CA 94065 |
| 21 | Telephone: (650) 801-5000 |
|   | Facsimile: (650) 801-5100 |
| 22 | |
| 23 | *Attorneys for Defendant Google LLC* |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |