UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  20-cv-05146-LHK   (SVK)<br><br>**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 101, 108, 117, 119 |

Now before the Court are the parties' Administrative Motions to File Documents Under Seal (Dkt. 101, 108, 117, and 119) seeking to seal certain materials submitted to the Court in connection with the parties' joint letter brief and subsequent briefing on Google's motion for a protective order (Dkt. 102, 109, 118, and 120).

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court.  A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179.  A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with a discovery-related motion, rather than a motion

that concerns the merits of the case. The Court may reach different conclusions regarding sealing these documents under different standards or in a different context. Having considered the motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court **ORDERS** as follows:

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Joint Letter Brief Regarding Dispute Concerning Google's Motion for Protective Order | GRANTED as to redacted portions at 1:2-5, 1:26-2:2, 2:7-9, 5:9 | Narrowly tailored to protect confidential technical information regarding the operation of Google's products, including the volume of data collected in certain log files and retention periods applicable thereto. |
| Joint Letter Brief Regarding Dispute Concerning Google's Motion for Protective Order | GRANTED as to redacted portions at 2:11-15, 3:7-8, 3:12-13, 4:26-28 | Narrowly tailored to protect confidential technical information regarding the operation of Google's products, including the nature of the data contained in certain log files. |
| Google's Motion for a Protective Order | DENIED WITHOUT PREJUDICE | The Proposed Order (Dkt. 108-2) does not identify the page and line number of the redacted information sought to be sealed. *See* Civil L.R. 79-5(d)(1)(B) (requiring that proposed order "lists in table format each document or portion thereof that is sought to be sealed"). Google may submit a corrected proposed order with the missing information **within 7 days of the date of this order.** |
| Declaration of Andre Golueke | DENIED WITHOUT PREJUDICE | The Proposed Order (Dkt. 108-2) does not identify the page and line number of the redacted information sought to be sealed. *See* Civil L.R. 79-5(d)(1)(B) (requiring that proposed order "lists in table format each document or portion thereof that is sought to be sealed"). Google may submit a corrected proposed order with the missing information **within 7 days of the date of this order.** |

| | | |
|---|---|---|
| Plaintiffs' Opposition to Google's Motion for a Protective Order | DENIED WITHOUT PREJUDICE | The Trebicka Declaration (Dkt. 122) filed in support of the motion to seal appears to seek sealing of a subset of information identified in Plaintiffs' proposed order (Dkt. 117-2) but Google does not submit an alternative proposed order that identifies the page and line number of the redacted information sought to be sealed.  *See* Civil L.R. 79-5(d)(1)(B) (requiring that proposed order "lists in table format each document or portion thereof that is sought to be sealed").  Google may submit a corrected proposed order with the missing information **within 7 days of the date of this order.** |
| Declaration of Lesley Weaver in Support of Plaintiffs' Opposition to Google's Motion for a Protective Order | DENIED WITHOUT PREJUDICE | The Trebicka Declaration (Dkt. 122) filed in support of the motion to seal appears to seek sealing of a subset of information identified in Plaintiffs' proposed order (Dkt. 117-2) but Google does not submit an alternative proposed order that identifies the page and line number of the redacted information sought to be sealed.  *See* Civil L.R. 79-5(d)(1)(B) (requiring that proposed order "lists in table format each document or portion thereof that is sought to be sealed").  Google may submit a corrected proposed order with the missing information **within 7 days of the date of this order.** |
| Exhibit A to the Declaration of Lesley Weaver in Support of Plaintiffs' Opposition to Google's Motion for a Protective Order | DENIED WITHOUT PREJUDICE | The Trebicka Declaration (Dkt. 122) filed in support of the motion to seal appears to seek sealing of a subset of information identified in Plaintiffs' proposed order (Dkt. 117-2) but Google does not submit an alternative proposed order that identifies the page and line number of the redacted information sought to be sealed.  *See* Civil L.R. 79-5(d)(1)(B) (requiring that proposed order "lists in table format each document or portion thereof that is sought to be sealed").  Google may |

| | | |
|---|---|---|
| | | submit a corrected proposed order with the missing information **within 7 days of the date of this order.** |
| Declaration of Dr. Matthew Green in Support of Plaintiffs' Opposition to Google's Motion for a Protective Order | DENIED WITHOUT PREJUDICE | The Trebicka Declaration (Dkt. 122) filed in support of the motion to seal appears to seek sealing of a subset of information identified in Plaintiffs' proposed order (Dkt. 117-2) but Google does not submit an alternative proposed order that identifies the page and line number of the redacted information sought to be sealed.  *See* Civil L.R. 79-5(d)(1)(B) (requiring that proposed order "lists in table format each document or portion thereof that is sought to be sealed").  Google may submit a corrected proposed order with the missing information **within 7 days of the date of this order..** |
| Google's Reply in Support of Motion for a Protective Order | DENIED WITHOUT PREJUDICE | The proposed order (Dkt. 119-2) does not identify the page and line number of the redacted information sought to be sealed.  *See* Civil L.R. 79-5(d)(1)(B) (requiring that proposed order "lists in table format each document or portion thereof that is sought to be sealed").  Google may submit a corrected proposed order with the missing information **within 7 days of the date of this order.** |

The documents or portions thereof as to which the Court has denied the motions to seal without prejudice shall remain under seal until the Court's ruling with respect to Google's submission of a corrected proposed order as outlined above or until expiration of the deadline to submit such a corrected proposed order if none is filed.

**SO ORDERED.**

Dated: March 5, 2021

SUSAN VAN KEULEN
United States Magistrate Judge