| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver (Cal. Bar No.191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>*lweaver@bfalaw.com* | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Andrew H. Schapiro (admitted *pro hac vice*)<br>*andrewschapiro@quinnemanuel.com*<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401 |
| **KAPLAN FOX & KILSHEIMER LLP**<br>David A. Straite (admitted *pro hac vice*)<br>Aaron L. Schwartz (admitted *pro hac vice*)<br>850 Third Avenue<br>New York, NY 10022<br>Tel.: (212) 687-1980<br>Fax: (212) 687-7715<br>*dstraite@kaplanfox.com*<br><br>Laurence D. King (Cal. Bar No. 206423)<br>Mario Choi (Cal. Bar No. 243409)<br>1999 Harrison Street, Suite 1560<br>Oakland, CA 94612<br>Tel.: (415) 772-4700<br>Fax: (415) 772-4707 | Stephen A. Broome (CA Bar No. 314605)<br>*stephenbroome@quinnemanuel.com*<br>Viola Trebicka (CA Bar No. 269526)<br>*violatrebicka@quinnemanuel.com*<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3000<br>Fax: (213) 443-3100<br><br>Diane M. Doolittle (CA Bar No. 142046)<br>*dianedoolittle@quinnemanuel.com*<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| **SIMMONS HANLY CONROY LLC**<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>Mitchell M. Breit (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>*jaybarnes@simmonsfirm.com* | *Counsel for Defendant; additional counsel listed in signature blocks below* |
| *Counsel for Plaintiffs* | |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>**CIVIL L.R. 16-10(d)**<br><br>**Next CMC: March 31, 2021, 2 p.m.** |

The parties, having met and conferred, submit this Second Supplemental Joint Case Management Conference Statement ("Joint CMC Statement") pursuant to Civil Local Rule 16-10(d) and the November 1, 2018 Standing Order for All Judges of the Northern District of California, retaining the paragraph topic names used therein. This Joint CMC Statement reports updates since the prior joint CMC statement dated December 2, 2020 (Dkt. No. 80).

Accompanying this Second Joint CMC Statement is a jointly proposed Case Management Order which includes a Proposed Document Production Schedule.

**MOTIONS (paragraph 4)**

a. <u>Prior Motions Decided Since the Last Joint CMC Statement</u>: On October 5, 2020, Google filed a Motion to Dismiss ten priority claims ("MTD," Dkt. No. 57) and a Request for Judicial Notice (Dkt. No. 58). On November 9, 2020 Plaintiffs filed their opposition, Dkt. No. 67, and a Request for Judicial Notice (Dkt. No. 66). Google filed a reply on December 3, 2020, and a hearing on the MTD was held on February 18, 2021. Plaintiffs filed two Statements of Recent Decision in Opposition to Google's Motion to Dismiss; Request for Leave on December 14, 2020 (Dkt. No. 84) and February 4, 2021 (Dkt. No. 98), and Google filed its Objection to the December 14, 2020 Statement (Dkt. No. 85) on December 16, 2020. Plaintiffs filed their motion for leave to file supplemental information (Dkt. No. 127) on March 3, 2021 and Google filed its opposition to Plaintiff's motion for leave to file supplemental information (Dkt. No. 130) on March 5, 2021. The Court issued its ruling on March 17, 2021 ("Order on MTD," Dkt. No. 142), which also denied Plaintiffs' motion for leave to file supplemental information (Dkt No. 127) and resolved the Requests for Judicial Notice. Other resolved motions include the contested motion for entry of ESI Protocol (joint brief at Dkt. No. 86) and the subsequent stipulated motion for entry of ESI Protocol (Dkt. No. 94), both of which were resolved per Order of Magistrate Judge Susan van Keulen on January 7, 2021 (Dkt. No. 96); motion of *amici curiae* to present oral argument (Dkt No. 99), which was denied (Dkt. No. 106); and various sealing motions, all of which have been resolved (Dkt Nos. 101, 108, 117, 119, 122, 123, 124, 131, 138, 139).

b. <u>Pending Motions</u>: There is a pending discovery motion for protective order related to certain data logs, filed by Google on February 17, 2021 (Dkt. No. 109). Plaintiffs filed their

Response and Cross-Motion for Expedited Discovery on February 24, 2021 (Dkt. No. 118) and Google filed its Reply in Support of Motion for a Protective Order on March 1, 2021 (Dkt. No. 120). These formal briefs ordered by Magistrate Judge Susan van Keulen on February 10, 2021 (Dkt. No. 104) followed an earlier joint submission alerting the Court to the dispute (Dkt. No. 102). The court ordered completion of a Rule 30(b)(6) deposition by April 4, 2021 and production of related documents in advance. Dkt. Nos. 125, 129. The status of the motion and cross-motion is further discussed below in "Discovery" (Section 8).

c. <u>Anticipated Motions</u>: Plaintiffs anticipate moving for class certification. Google anticipates opposing class certification, and moving for summary judgment. Pursuant to Magistrate Judge van Keulen's order (Dkt. No. 137), Google intends to move for leave to seal the transcript of the March 5 hearing.

**AMENDMENT OF PLEADINGS (paragraph 5)**

In the Order on MTD, the Court ordered that any amended complaint be filed within 30 days (*i.e*., April 16, 2021). *Id*. at 39. The addition of new claims or plaintiffs would require a stipulation or leave of court. *Id*. Plaintiffs do not anticipate adding new claims but are evaluating whether to otherwise amend with respect to the dismissed claims. Plaintiffs do anticipate seeking to add additional Plaintiffs and are hopeful that Google will stipulate to this routine request. Google will consider Plaintiffs' proposed additions of new Plaintiffs. Google reserves all rights with respect to any amendments, including the right to move to dismiss any newly amended claims. Further, because Google's answer is otherwise due on March 31, 2021, Google asked Plaintiffs on March 23 to enter a stipulation.[1] The following day, March 24, Plaintiffs counter-proposed a stipulation to address adding new plaintiffs and the timing of Google's Answer. The parties will work through these issues and propose a stipulation for the Court's approval.

---

[1] Google's proposal sought a Court order (1) vacating Google's deadline to answer the Complaint by March 31, 2021; (2) if Plaintiffs amend by April 16, 2021, Google will have four weeks to file its responsive pleadings or in the alternative if Plaintiffs decide not to amend their Complaint, Google will have four weeks from the day Plaintiffs confirm they do not plan to amend to file its answer.

CASE NO. 5:20-CV-5146-LHK-SVK
SECOND SUPP. CMC STATEMENT                    2

**EVIDENCE PRESERVATION (paragraph 6)**

The parties represent that they have taken steps to preserve evidence relevant to this litigation. The parties similarly have reviewed the Northern District of California Guidelines Relating to the Discovery of ESI and, pursuant to Fed. R. Civ. P. 26(f), have discussed generally the preservation of relevant evidence. The parties submitted a proposed mostly stipulated ESI Protocol that supplemented and modified standard evidence preservation duties, containing one disputed issue. Following a hearing on January 5, 2021, the parties submitted a fully stipulated ESI Protocol which Magistrate Judge Susan van Keulen approved on January 7, 2021. Dkt. No. 96. A dispute has arisen regarding the preservation of certain data logs, which is discussed in more detail in "Discovery" (Section 8) below.

**DISCOVERY (paragraph 8)**

a.  **Discovery Schedule:** The parties held their initial Rule 26(f) discovery planning conference by video on August 26, 2020 and have conferred on discovery topics several times since then. The Court approved the parties' initial discovery plan with dates through resolution of the MTD, *see* CMO No. 1, Dkt. No. 45, and thereafter set additional deadlines, including dates for class certification briefing, expert reports, and dispositive motions, *see* CMO No. 2, Dkt. No. 98. In their joint proposed CMO, the parties also establish a document production schedule, as discussed in more detail below in "Scheduling" (Section 17).

b.  **Written Discovery:** Plaintiffs served a first set of document requests and first set of interrogatories on August 31, 2020. Google responded to Plaintiffs' requests on September 30, 2020. Plaintiffs also served a supplement to one document request, RFP No. 5, on December 31, 2020, to which Google responded on February 1, 2021. The parties have extensively met and conferred regarding the scope of Plaintiffs' document requests and Google's responses and anticipate briefing discrete issues if the parties are unable to reach agreement. Google provided interrogatory response verifications on March 24, 2021.

Google served a first set of interrogatories, requests for admission, and document requests on November 17, 2021. Plaintiffs served responses and objections on January 4, 2021, which included verifications for three of the four Plaintiffs; the remaining Plaintiff verification followed

on January 5, 2021. After conferring with Google, Plaintiffs agreed to amend their response to Google's first request for admission. Google also served a second set of interrogatories and requests for admission on January 26, 2021. Plaintiffs served responses to those requests on March 12, 2021, along with their amended response to Google's first request for admission. Plaintiffs provided all interrogatory response verifications by March 16, 2021.

      c.    **Protective Order:**  The parties separately negotiated a comprehensive stipulation pursuant to Fed. R. Evid. 502(d) (Dkt. No. 100), which the court approved on February 8, 2021. Dkt. No. 103.

      d.    **Plaintiffs' Device Preservation.**

*Google's Position:*  Google served a preservation letter on Plaintiffs on August 28, 2020 requesting Plaintiffs to preserve "all devices through which they accessed the Internet from July 27, 2016 to the present." Despite repeated requests from Google, Plaintiffs have refused to timely provide detailed information regarding Plaintiffs' efforts to preserve and image the Named Plaintiffs' devices that accessed Chrome or the Internet. Google requested detailed information about Plaintiffs' efforts to preserve and image the Named Plaintiffs' devices during the January 21, 2021 meet and confer but Plaintiffs withdrew the information they had started to provide. On February 26, 2021, Plaintiffs confirmed only that each Named Plaintiff "has at least one personal device with Chrome installed" and that they "have forensically imaged relevant personal devices" without further explanation. Google requested clarification on Plaintiffs' vague statements, including whether they have preserved or imaged the Named Plaintiffs' devices that they used to also access the Internet, as well as answers to the detailed information that Google requested on March 12 and March 18. Google will meet and confer with Plaintiffs but anticipate briefing this issue for Magistrate Judge van Keulen if Plaintiffs persist in their refusal to provide the requested information.

*Plaintiffs' Position:*  Plaintiffs are taken aback by Google's description above. As Google acknowledges above, Plaintiffs have both conferred extensively with Google about Plaintiffs' preservation requirements *and* forensically imaged devices implicated by Google's preservation demand. Plaintiffs engaged in this imaging process despite that some of these devices have never

had the Chrome browser installed and Plaintiffs believe the devices do not contain evidence relevant to the case. As Google also acknowledges above, Plaintiffs met and conferred with Google on January 21 and February 26 regarding this relevance objection and others, and Google followed up with additional requests on March 12 and 18. Plaintiffs suggested that the parties meet and confer this week, and Google has not responded. It is unclear why Google raises the issue as a dispute worthy of inclusion in this CMC statement other than to distract from its failure to preserve and produce documents (see below). Plaintiffs are available to discuss further as needed but if Google believes the parties have reached impasse, the parties can and should present any such issues to Magistrate Judge van Keulen in the ordinary course.

e. **Document Productions:** Plaintiffs produced documents on January 4, 2021 and February 26, 2021. Those productions total 26,306 PDF pages, 92% of which are HTTP logs recording data flow between Plaintiffs' computers and other websites when using Chrome. At Google's request, Plaintiffs re-produced their January 4, 2021 production in native format. Google has made four productions, a total of 13,627 documents and 27,165 pages.

*Plaintiffs' Position*: Google has effectively boycotted document discovery in this case, despite this Court's order of September 3, 2020 denying Google's request for a discovery stay. Dkt. No. 45. Other than publicly available policies available on Google's website, Google has only produced seven documents in response to RFPs served last August. Although numerous disputes over objections, search terms, ESI custodians and other issues (some nearing impasse) have held up substantial categories of documents, there can be no excuse for withholding production of the undisputed documents (*i.e.*, documents collected from undisputed ESI custodians using already agreed Search Terms, or documents that can be located without the use of Search Terms). Plaintiffs, in contrast, have produced more than 26,000 pages of documents from just four individuals, including detailed logs recording actual data transfers to Google during browsing sessions, even while disputes over scope and other objections are pending as to others.

In its response below, Google concedes that only seven internal documents have been produced to date and suggests that it might be purposefully withholding undisputed documents during the pendency of unrelated disputes. If true, this is both improper and inefficient. By

1  withholding undisputed documents, Google forces Plaintiffs to negotiate ESI custodians and search
2  terms in the dark.  When Plaintiffs receive documents, they will almost certainly need to revise
3  custodial and search term proposals.  Thus, the delay in ESI negotiations is caused by Google's
4  refusal to produce the undisputed documents.  Plaintiffs cannot meaningfully respond to custodial
5  or search term proposals without the production of more than seven documents.

6  Google's refusal to produce documents will make it challenging to meet the Court's fact-
7  discovery deadlines.  Perhaps in recognition of this, counsel for Google represented to this Court
8  almost three months ago that "we do plan for our productions to be on a rolling basis," Transcript
9  of Jan. 5, 2021 Discovery Hearing at 14, but other than seven internal documents and various public
10 documents, nothing more has been produced.  Thus, Plaintiffs' good faith attempts to mediate
11 disputes, which Google acknowledges, have borne few results.  It therefore seems likely that the
12 parties will need to approach Magistrate Judge Susan van Keulen in the near future regarding
13 unresolved pending document discovery disputes, which Plaintiffs refrain from itemizing in this
14 CMC statement.  However, it is appropriate to advise the Court of the progress of document
15 production, which is deficient and may impact the current schedule.  To cure this, Plaintiffs propose
16 entry of a fixed rolling production schedule in the accompanying proposed case management order
17 and will separately submit the issue of a substantial completion date to Magistrate Judge Susan van
18 Keulen if the parties are unable to reach agreement.

19 ***Google's Position***: Plaintiffs' accusations that Google has "boycotted" the
20 discovery or is "withholding documents" are entirely false:

21 *Scope of discovery.* Google has spent countless hours meeting and conferring with Plaintiffs
22 related to their requests for production and other discovery.  The parties engaged in five meet-and-
23 confer sessions in November and December 2021 on Plaintiffs' requests for production of
24 documents alone.  Google provided Plaintiffs with its position in writing on the outstanding issues
25 on January 22, 2021.  Plaintiffs have not yet responded to Google's offers of compromise to resolve
26 some of these disputes.  As a result of Plaintiffs' delay, there is still much uncertainty about the
27 scope of discovery in this action.

28

*Custodians.* On January 20, 2021, Google proposed a thorough list of 18 custodians in this matter. Instead of explaining their view as to why Google's list of 18 custodians is somehow deficient, on February 3, 2021, Plaintiffs accepted Google's proposed custodians but provided Google with 79 additional names of "potential" custodians for Google to research. Google responded to Plaintiffs on March 4, 2021, requesting that they provide their detailed bases as to why they consider the 79 individuals to be "potential" custodians. Plaintiffs have not yet responded to Google's letter. Google has already collected documents from the 18 custodians it proposed and is reviewing their documents for production.

*Search terms.* In accordance with Section 6(b)(i) of the ESI Protocol, Google proposed 8 search terms on January 20, 2021. Plaintiffs responded by providing 48 search terms on February 3, 2021. Plaintiffs' proposal included facially overbroad terms, such as "priva*," and hit on more than five million documents. Google identified these deficiencies to Plaintiffs on February 18, 2021, requested that Plaintiffs propose more reasonable limiters, and proposed to meet and confer the week after to discuss any issues. But Plaintiffs still have not responded to Google's letter or attempted to engage in negotiating more reasonable search terms. Plaintiffs refer above to "already agreed Search Terms" – but there are none. Regardless, Google is still going forward with running its proposed search terms and reviewing documents, and will produce those in the regular course.

*Google's document production.* Google has made four productions, totaling more than 27,000 pages. Plaintiffs' claims turn on whether Google's *public* disclosures would mislead a reasonable user into believing that browsing records would not be collected on behalf of websites using Google services when a user browsed on Chrome without enabling "sync." As a result, Google's publicly available disclosures are squarely at issue. Indeed, several of Plaintiffs' broad RFPs, including but not limited to RFP Nos. 13, 16, 19, and 20, encompassed categories of public disclosures, and Google has complied by collecting and producing the documents requested. Thus, while Plaintiffs have refused to engage in reasonable negotiations over custodians and search terms, Google has focused on producing the requested documents related to its public disclosures at issue in this case. Further, Google has diligently collected and reviewed documents, including custodial documents, for production and will continue make rolling document productions relying on the

custodians and search terms it initially proposed, and any additional custodians and search terms to which the parties agree.

*Plaintiffs' document production.* Plaintiffs' claim that they produced over 26,000 pages is grossly misleading. Most of the "pages" reflect code and other data generated by the Fiddler program that Plaintiffs' experts ran while visiting certain websites on Plaintiffs' computers. When printed to PDF, this code is extremely long. It is also unintelligible.

### f. Deficiencies in Written Discovery Responses:

***Google's Statement*:** Plaintiffs' discovery responses are deficient for a number of reasons, including that they each assert extensive but meritless boilerplate objections in an effort to avoid providing simple and straightforward answers. Indeed, as described in the parties' correspondence and meet and confers as well as Google's forthcoming letter, based on such objections Plaintiffs refuse to:

(i) confirm in which of the four recognized modes of Chrome the Named Plaintiffs used Chrome, provide the web browsing histories from any browser on Named Plaintiffs' devices, and provide a list of all applications on Named Plaintiffs' mobile devices;

(ii) identify the specific statements by Google that purportedly led them to believe that using the Chrome browser without Sync enabled would prevent Google from receiving data from its services (and whether they read such statements, and if so, when)—in fact, Plaintiffs refuse even to confirm that they reviewed and relied on the statements in the Chrome Privacy Notice upon which all of their claims are based, baselessly asserting that "their individual understanding [of Google's disclosures] is not relevant to any claim or defense in this case";

(iii) identify the full list of personal information or data that Plaintiffs allege Google unlawfully collected (instead insisting that the Complaint includes only a non-exhaustive list of such categories);

(iv) identify the specific misrepresentations or omissions that Google purportedly made to them (or withheld from them) in Google's disclosures about its data collection practices, notwithstanding the fact that, in support of their UCL claim, Plaintiffs allege that Google made "misrepresentations and omissions" (*see* Compl. ¶ 412); plaintiffs also have failed to confirm

whether they in fact reviewed any misrepresentation (or document containing an omission)—instead claiming that "Plaintiffs' individual review of the misrepresentations and omissions is not relevant to any claim or defense in this case."

The parties will continue to meet and confer on the propriety of Plaintiffs' discovery responses but may have to brief discrete issues for Magistrate Judge van Keulen if the parties are unable to resolve the issues pertaining to Plaintiffs' discovery responses.

*Plaintiffs' Response*: Plaintiffs are available to confer with Google on these issues and invite Google to do so. Last night at 10:40 pm Pacific, Google sent additions to this joint CMC, inserting the entire section above for the first time. Google had not raised these issues before today. These last-minute additions to this joint CMC statement is an unorthodox approach to communicating a dispute to opposing counsel and the issues Google identifies above are not ripe for presentation to any court.

g. **Data Logs:** The parties dispute the scope of Google's obligations to suspend regular retention policies related to certain data logs recording browsing activity for users who visited websites using Google Ad Manager and Analytics and sync traffic logs, including putative class members. The parties have presented briefing and argument to Magistrate Judge Susan van Keulen. Dkt. Nos. 102, 109, 118. The court ordered the parties "to meet and confer regarding a narrow production of documents referenced in Dkt. No. 118-5 ¶ 7 in advance of a Rule 30(b)(6) deposition of Defendant" to be completed by April 4, 2021. Dkt. No. 129; *see also* Dkt. No. 125. Because April 4 is Easter Sunday, the parties anticipate seeking leave to hold the deposition on April 9. If, following completion of that deposition, the parties fail to reach agreement regarding this issue, they will promptly raise any remaining disputes with Magistrate Judge Susan van Keulen.

*Google's Additional Statement*: Google has produced retention policies Plaintiffs sought as part of the Rule 30(b)(6) notice. Google is also preparing a document production in conformity with Magistrate Judge van Keulen's order. Further, Google will provide relevant data related to the Named Plaintiffs after the Court grants Google's "usual consent order" as the parties had discussed—and Plaintiffs agreed to—during the March 5, 2021 hearing with Magistrate Judge van Keulen. March 5, 2021 Tr. at 51:25-52:4. On March 18, 2021, Google provided Plaintiffs the draft

consent order. To further expedite the process, Google proposed to cut the processing time from 10 days to 3 days. On March 21, 2021, without advance warning, Plaintiffs served deficient consent forms from the Named Plaintiffs and are now demanding production. Plaintiffs do not articulate *any* reason why they cannot agree to Google's proposed consent form, which has been adopted by many courts before.  By contrast, Plaintiffs' consent form is deficient because, among other things, it is not sent from Plaintiffs' Google Accounts. Without the user sending an email to Google from the user's Google account, Google does not know whether the person consenting to disclosure is in fact the 'owner' of the account. The case Plaintiffs cite below actually supports courts entering Google's consent order, as the plaintiff there was directed by the circuit judge "to send an e-mail to Google stating that he was the user of a specified address and that he consented to disclosure of messages." *Negro v. Superior Ct.*, 230 Cal. App. 4th 879, 893-94, 895-99 (2014), *as modified* (Nov. 18, 2014).

*Plaintiffs' Additional Statement*: While the parties agree that Google is obligated to produce documents in advance of the deposition, they have not yet reached agreement on precisely what must be produced and continue to confer. No documents have yet been produced. With respect to Plaintiff data, Plaintiffs executed valid authorizations to transfer their data, sent them to Google's counsel, and requested that the data be transferred without delay.  Google first informed Plaintiffs tonight at 6:15pm Pacific that Google does not accept the Plaintiffs' individually executed consents.  Google's extensive "consent order" is not necessary, and Google's current insistence is impeding Plaintiffs' ability to analyze Google's offer of compromise. *Negro v. Superior Court*, 230 Cal. App. 4th 879 (2014) (Google account holder simple authorization found sufficient even without account holder executing Google's preferred "consent order").  It is unclear what substantive issue could be driving Google's insistence on this extensive form of order. Neither Plaintiffs nor any government regulator will pursue Google for producing data to the Plaintiffs themselves.  This appears to be another needless sideshow to delay production of documents Google has expressly admitted are relevant.  If Google insists upon this extensive consent order, the parties will have to brief this issue before Magistrate Judge Van Keulen.

h. **Depositions:** Other than the pending Rule 30(b)(6) deposition discussed immediately above, no depositions have yet been scheduled.

i. **Experts:** Because Google has designated certain correspondence in this case Attorney's Eyes Only, Plaintiffs were required under Section 7.4 of the Protective Order to disclose two experts to Google to evaluate Google's positions. Both experts have now been publicly revealed on the docket (Dr. Cowan and Dr. Green). Google has not objected to either expert receiving "Highly Confidential – AEO" documents.

**SCHEDULING (paragraph 17)**

*Plaintiffs' Statement*: In light of Google's failure to produce more than seven documents (other than publicly available documents), Plaintiffs propose modifying the existing discovery schedule to require Google to produce documents on a rolling basis every 30 days as set forth in the accompanying CMO. Plaintiffs will separately submit the issue of a substantial completion date to Magistrate Judge Susan van Keulen if the parties are unable to reach agreement.

*Google's Statement*: Google is willing to commit to document productions every thirty days as outlined in the parties' joint CMO. Despite Plaintiffs' failure to respond promptly to Google's proposals on custodians and search terms, Google is forging ahead with reviewing and producing its custodial documents on a rolling basis based on Google's proposal in terms of custodians and search terms. In the meantime, Google has produced 13,626 documents and 27,165 pages in this case. Plaintiffs complain that most of these documents are also publicly-available. However, that cannot be surprising given that Plaintiffs' claims turn in major part on whether Google's *public* disclosures would mislead the reasonable user into believing that browsing records would not be collected on behalf of websites using Google services when a user browsed on Chrome without enabling "sync." Dkt. No. 142 at 4 (MTD Order). Moreover, as discussed above in Paragraph 8(e), Plaintiffs' broad requests for production encompassed Google's public disclosures.

Dated: March 24, 2021

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By: */s/ Lesley Weaver* <br> Lesley Weaver (Cal. Bar No. 191305) <br> Angelica M. Ornelas (Cal. Bar No. 285929) <br> Joshua D. Samra (Cal. Bar No. 313050) <br> 555 12th Street, Suite 1600 <br> Oakland, CA 94607 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> *lweaver@bfalaw.com* <br> *aornelas@bfalaw.com* <br> *jsamra@bfalaw.com* | By: */s/ Andrew H. Schapiro* <br> Andrew H. Schapiro (admitted *pro hac vice*) <br> *andrewschapiro@quinnemanuel.com* <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> Tel: (312) 705-7400 <br> Fax: (312) 705-7401 <br><br> Stephen A. Broome (CA Bar No. 314605) <br> *stephenbroome@quinnemanuel.com* <br> Viola Trebicka (CA Bar No. 269526) <br> *violatrebicka@quinnemanuel.com* <br> 865 S. Figueroa Street, 10th Floor <br> Los Angeles, CA 90017 <br> Tel: (213) 443-3000 <br> Fax: (213) 443-3100 |
| **KAPLAN, FOX & KILSHEIMER LLP** <br><br> By: */s/ David A. Straite* <br> David A. Straite (admitted *pro hac vice*) <br> Aaron L. Schwartz (admitted *pro hac vice*) <br> 850 Third Avenue <br> New York, NY 10022 <br> Telephone: (212) 687-1980 <br> Facsimile: (212) 687-7714 <br> *dstraite@kaplanfox.com* <br><br> Laurence D. King (State Bar No. 206423) <br> Mario Choi (State Bar No. 243409) <br> 1999 Harrison Street, Suite 1560 <br> Oakland, CA 94612 <br> Tel.: (415) 772-4700 <br> Fax: (415) 772-4707 <br> *lking@kaplanfox.com* | Jomaire Crawford (admitted *pro hac vice*) <br> *jomairecrawford@quinnemanuel.com* <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> Tel: (212) 849-7000 <br> Fax: (212) 849-7100 <br><br> Josef Ansorge (admitted *pro hac vice*) <br> *josefansorge@quinnemanuel.com* <br> 1300 I Street NW, Suite 900 <br> Washington D.C., 20005 <br> Tel: (202) 538-8000 <br> Fax: (202) 538-8100 <br><br> Jonathan Tse (CA Bar No. 305468) <br> *jonathantse@quinnemanuel.com* <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> Tel: (415) 875-6600 <br> Fax: (415) 875-6700 |
| **SIMMONS HANLY CONROY LLC** <br><br> By: */s/ Jay Barnes* <br> Mitchell M. Breit (admitted *pro hac vice*) <br> Jason 'Jay' Barnes (admitted *pro hac vice*) <br> An Truong (admitted *pro hac vice*) <br> Eric Johnson (admitted *pro hac vice*) <br> 112 Madison Avenue, 7th Floor <br> New York, NY 10016 <br> Tel.: (212) 784-6400 <br> Fax: (212) 213-5949 <br> *mbreit@simmonsfirm.com* <br> *jaybarnes@simmonsfirm.com* | Thao Thai (CA Bar No. 324672) <br> *thaothai@quinnemanuel.com* <br> 555 Twin Dolphin Drive, 5th Floor <br> Redwood Shores, CA 94065 <br> Tel: (650) 801-5000 <br> Fax: (650) 801-5100 |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Andrew H. Schapiro, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of March, 2021, at Chicago, Illinois.

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro