**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Mitchell M. Breit (admitted *pro hac vice*)
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
mbreit@simmonsfirm.com
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**KAPLAN FOX & KILSHEIMER LLP**
David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
dstraite@kaplanfox.com
aschwartz@kaplanfox.com

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (Cal. Bar No. 206423)
Mario M. Choi (Cal. Bar No. 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax: (415) 772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PATRICK CALHOUN, ELAINE CRESPO, HADIYAH JACKSON, CLAUDIA KINDLER, LEROY RANDOLPH, Dr. CORINICE WILSON, Dr. RODNEY JOHNSON, MICHAEL HENRY, NICHOLAS GENOVA, and JOSÉ MARÍA de GUZMÁN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-05146-LHK-SVK

**DECLARATION OF LESLEY E. WEAVER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF FIRST AMENDED COMPLAINT**

**DECLARATION OF LESLEY E. WEAVER**

I, Lesley E. Weaver, declare and state as follows:

1. I am an attorney licensed in the State of California and admitted to the United States District Court for the Northern District of California. I am also the Partner in Charge of the California office of Bleichmar Fonti & Auld LLP, and counsel for Plaintiffs in the above-captioned matter. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

2. This declaration is made in support of the Plaintiffs' Administrative Motion to Seal Portions of Plaintiffs' First Amended Class Action Complaint against Google LLC ("FAC").

3. Attached hereto are true and correct copies of the following:

a. Exhibit A: the public redacted version of the FAC sought to be sealed.

b. Exhibit B: the unredacted, highlighted version of the FAC sought to be sealed, which is being filed under seal.

c. Exhibit C: the redlined version of the FAC, also being filed under seal.

4. Specifically, Plaintiffs seek to seal:

a. Specific references to personally-identifying information on pages 4 and 36-39 of the FAC concerning Plaintiff Patrick Calhoun because the information contained in these paragraphs includes Plaintiff Calhoun's: User-Agent information, Unique, persistent cookies identifiers; Unique browser identifiers called X-Client Data Headers; and web browsing history and information, which includes Plaintiff's private communications and interactions with websites operated by the state of Florida. This information contains Plaintiff Calhoun's non-public, personal information regarding his private political views, as well as his health and financial state. The Court has already sealed identical information in the original complaint, *see* Dkt. No. 21, and no additional redactions are proposed here.

b. Specific references to personally-identifying information on page 35 of the FAC showing a screenshot demonstrating that Plaintiff Calhoun was not logged-in to

Google Sync because this screenshot shows Plaintiff's browsing history. The Court has already sealed identical information in the original complaint, *see* Dkt. No. 21, and no additional redactions are proposed here.

c. Specific references to personally-identifying information on pages 40-42 of the FAC concerning Plaintiff Elaine Crespo because the information contained in these paragraphs includes Plaintiff Crespo's: User-Agent information, Unique, persistent cookies identifiers; Unique browser identifiers called X-Client Data Headers; and web browsing history and information, which includes Plaintiff's private communications and interactions with her banking provider. This information contains Plaintiff Crespo's non-public personal information while interacting with her banking provider. The Court has already sealed identical information in the original complaint, *see* Dkt. No. 21, and no additional redactions are proposed here.

d. Specific references to personally-identifying information on page 39 of the FAC showing a screenshot demonstrating that Plaintiff Crespo was not logged-in to Google Sync because this screenshot shows Plaintiff's email addresses. The Court has already sealed identical information in the original complaint, *see* Dkt. No. 21, and no additional redactions are proposed here.

e. Specific references to personally-identifying information on pages 5 and 43-45 of the FAC concerning Plaintiff Hadiyah Jackson because the information contained in these paragraphs includes Plaintiff Jackson's: User-Agent information, Unique, persistent cookies identifiers; Unique browser identifiers called X-Client Data Headers; and web browsing history and information, which includes Plaintiff's private communications and interactions with websites operated by the state of Pennsylvania. This information contains Plaintiff Jackson's personal information regarding his health and financial state. The Court has already sealed identical information in the original complaint, *see* Dkt. No. 21, and no additional redactions are proposed here.

f. Specific references to personally-identifying information on page 43 of the FAC showing a screenshot demonstrating that Plaintiff Jackson was not logged-in to Google Sync because this screenshot shows Plaintiff's email addresses. The Court has already sealed identical information in the original complaint, *see* Dkt. No. 21, and no additional redactions are proposed here.

g. Specific references to personally-identifying information on page 6 of the FAC concerning Plaintiff Michael Henry because the information contained in this paragraph includes Plaintiff Henry's: web browsing history and information, which includes Plaintiff's private communications and interactions with government websites. This information contains Plaintiff Henry's non-public, personal information regarding his financial state.

5. All data were captured during recreations of Plaintiffs' actual private internet activity and reveal their personal information; they are not just hypothetical illustrations.

6. Much like credit card numbers or social security numbers, the information that Plaintiffs seek to redact can be used to gain access the Plaintiffs' accounts and also identify their location and other sensitive information. In addition, certain information Plaintiffs seek to redact reveals sensitive information such as Plaintiffs' access to healthcare or financial services. Dissemination of this information on a widespread basis through a publicly-filed complaint increases the risk of adverse events such a phishing or hacking.

7. The personal information that Plaintiffs seek to redact from the FAC all qualify as "personal information" under the California Consumer Privacy Act Cal. Civ. Code § 1798.140(o)(1) because all are identifiers that can be reasonably linked to each of the Plaintiffs.

8. Email addresses and account names (like the Google Account names here) are also specifically included in the definition, as are Plaintiffs' IP addresses, which appear in the HTTP logs in the FAC.

9. Plaintiffs have not made this information otherwise available to the public-at-large and thus, have a reasonable expectation of privacy in this information.

10. Plaintiffs respectfully request that the Court seal this material from the public record.

11. The parties conferred via email and Google counsel does not object to the motion to seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of April, 2021, at Oakland, California.

/s/ *Lesley E. Weaver*
Lesley E. Weaver

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Mario M. Choi, attest that concurrence in the filing of this document has been obtained from the signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of April, 2021, in Berkeley, California.

*/s/ Mario M. Choi*
Mario M. Choi