**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
lweaver@bfalaw.com

**KAPLAN FOX & KILSHEIMER LLP**
David A. Straite (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
dstraite@kaplanfox.com

Laurence D. King (Cal. Bar No. 206423)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax: (415) 772-4707

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendant; additional counsel listed in signature blocks below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br>　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br>　　Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**JOINT SUBMISSION IN RESPONSE TO DKT. 155 RE: STATUS OF DISCOVERY DISPUTES**<br><br>Referral:  Hon. Susan van Keulen, USMJ |

April 20, 2021

**Submitted via ECF**

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    Joint Submission in Response To Dkt. 155 re: Status of Discovery Disputes
              *Calhoun v. Google LLC*, Case No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

    Pursuant to Your Honor's April 5 Order (Dkt. 155), Plaintiffs and Google LLC ("Google") jointly submit this statement containing a table identifying current discovery disputes.

| No. | Date Submitted | Dispute | Status as of 4/20/21 Joint Submission | Status as of 4/29/21 Hearing |
|---|---|---|---|---|
| | | **Disputes Identified by Plaintiffs** | | |
| 1.1 | 2/17/2021 | Plaintiffs' cross-motion to compel Rule 30(b)(6) deposition on topic of data logs and production of documents in advance (deposition taken on April 9, 2021) | <u>Plaintiffs' Position / Update</u>: Plaintiffs seek production of a 30(b)(6) witness to testify regarding where data identified in Plaintiffs' complaint was sent and stored; where data taken from users who are not synced was sent and stored; and how Google's systems can be queried to identify these targeted categories of data. Google's 30(b)(6) deponent produced on April 9, 2021 was unable or unwilling to testify to those topics, which counsel called "out of scope." Plaintiffs request a briefing schedule.<br><u>Google's Position</u>: Plaintiffs seek to expand the scope of the log preservation dispute into a full-blown merits deposition regarding where data was sent and stored. The seven-hour 30(b)(6) deposition confirmed Google's motion for a protective order should be granted. In any event, Google has offered additional compromise solutions related to the sync logs and responding to written discovery that will address any additional preservation concerns Plaintiffs may have. | |
| 1.2 | 4/20/2021 | Protective Order regarding Plaintiff devices and PI | <u>Plaintiffs' Position</u>: Plaintiffs forensically imaged their personal computing devices with Chrome, and agree to produce data related to Chrome settings. Google insists on preservation of all devices, and access to *all* data on all devices – an alarming intrusion into one's private life that is neither relevant nor proportional. Plaintiffs ask for a P.O. briefing schedule.<br><u>Google's Position</u>: Plaintiffs mischaracterize Google's position, set forth in items 2.3 and 2.4 below. Google seeks information designed to inform the extent Plaintiffs are familiar with, and use, privacy related apps, features and settings—other than those in Chrome—that may prevent some or all of the data collection about which they complain. Further, Plaintiffs' web browsing history is important because it may show they visited websites that have robust privacy disclosures that describe, among other things, their use of Google's services and cookies. Google seeks to move to compel. | |
| 1.3 | 4/20/2021 | Plaintiffs' RFP No. 5, request for data associated with Plaintiffs or their PI | <u>Plaintiffs' Position</u>: Plaintiffs seek production of all data Google possesses about the ten Named Plaintiffs, including data derived from non-synced data used to create user profiles. This is a constructive, efficient way to identify the kinds of data at issue and can provide a roadmap to crafting an efficient discovery plan for class-wide discovery. Plaintiffs request a briefing schedule.<br><u>Google's Position</u>: Google does not believe the parties are at an impasse, as it has already made responsive productions. Google objects to this request to the extent it seeks unauthenticated user data and may capture information related to users other than Plaintiffs. Google's investigation of Plaintiffs' new request for "all data derived from that data to create user profiles" is ongoing. | |
| 1.4 | 4/20/2021 | Plaintiffs' RFP Nos. 1 & 2, request for documents exchanged with regulators | <u>Plaintiffs' Position</u>: Google has produced documents to many regulators, including to State AGs who pursuing privacy litigation related to the Chrome browser. Plaintiffs seek production of that discovery, limited to that relevant to this case. Google refuses. Plaintiffs seek to brief the issue.<br><u>Google's Position</u>: Plaintiffs' request for the productions to *any* regulator world-wide for *any* matters related to privacy is improper cloned discovery Courts routinely forbid. The purported limitation of "relevant to this case" is illusive: the parties have divergent views on relevance and Plaintiffs have failed to propose a concrete scope. Plaintiffs have also refused to engage in a good faith meet-and-confer by refusing all compromises offered by Google, including the compromise agreed to in *Brown*. | |

| | | | | |
|---|---|---|---|---|
| 1.5 | 4/20/2021 | Plaintiffs' RFP Nos. 3 & 4, request for documents exchanged in related litigation | Plaintiffs' Position: Google has produced documents in related privacy cases and Plaintiffs ask that they be produced to Plaintiffs here *if relevant to this case*. Even with this relevancy caveat, Google refuses.<br>Google's Position: The parties are not at an impasse. Plaintiffs requested, and Google will provide, a list of (i) lawsuits filed in the U.S.; (ii) arising from conduct that occurred during the Class Period; (iii) related to data privacy; (iv) in the context of browsing; and (v) relating to the Chrome browser. | |
| 1.6 | 4/20/2021 | ESI Search Terms | Plaintiffs' Position: The ESI Protocol requires hit reports when a party contends proposed Search Terms are burdensome. Google claims Plaintiffs' proposed terms are burdensome, but refuses to produce the hit reports. In addition, a subset of plaintiffs' terms have syntax "errors" when used on Google's systems, but Google refuses to make a representative available to discuss what syntax would work or modify the proposed strings with the non-substantive changes necessary to conform them to Google's preferred syntax.<br>Google's Position: In February, Google informed Plaintiffs that their search term counterproposal violated the ESI Protocol, yielded over **five million** hits, and had threshold syntax errors (Google promptly provided detailed instructions to cure). Plaintiffs have refused to cure these defects. Without the syntax issues cured, Google cannot complete its relevance or burden analyses. Google seeks an order compelling Plaintiffs to cure the syntax errors and engage with Google on the relevance and burden concerns. | |
| 1.7 | 4/20/2021 | ESI Custodians | Plaintiffs' Position: Google proposed to limit this case to 18 ESI Custodians and refused to provide organizational charts. In response, Plaintiffs shouldered the burden of researching and identifying 79 individuals, by title over time, and sought to discuss them. Google refuses to do so.<br>Google's Position: Plaintiffs have identified *no* gaps or specific need for additional custodians. In January, Google produced documents sufficient to identify additional individuals with relevant responsibilities, if necessary. Plaintiffs ignored those documents and now ask that Google provide specific reasons to reject 79 new names. That turns the parties' discovery obligations on their head. Plaintiffs must make a specific showing for the custodians they seek. | |
| 1.8 | 4/20/2021 | Plaintiffs' RFP No. 8B (docs received or authored by officers or directors if related to data privacy) | Plaintiffs' Position: Plaintiffs seek officer and director level communications related to data privacy. Plaintiffs are even willing to allow relevancy redactions. Google categorically refuses the request.<br>Google's Position: Plaintiffs unjustifiably demand Google search the inboxes of all of Alphabet's highest level executives and directors. Instead of this intrusive exercise, Google offered a compromise whereby it would search Board-level meeting minutes and Board materials with appropriate search terms. Plaintiffs refused Google's compromise. | |
| 1.9 | 4/20/2021 | Plaintiffs' RFP Nos. 14 & 20 (certain draft docs; documents related to the "White Paper," see FAC ¶¶ 81-86) | Plaintiffs' Position: Google categorically refuses to produce draft versions of the Chrome Privacy Notice and Privacy Policy on privilege grounds, even though Plaintiffs are not asking for counsel advice on those drafts. Google also categorically refuses to produce *any* documents related to the White Paper because *some* will be privileged. Plaintiffs request a briefing schedule on a motion to compel.<br>Google's Position: Plaintiffs' request is squarely aimed at privileged documents. Google's investigation has shown the vast majority of these versions are prepared with heavy input, consultation, and oversight by counsel. Nevertheless, Google has agreed to run search terms tailored to identifying non-privileged documents responsive to these requests and the parties continue to meet and confer. | |
| 1.10 | 4/20/2021 | Plaintiffs' RFP Nos. 9-13, 15, 17, 19, 21, 23-25 | Plaintiffs' Position: The parties are still discussing disputes with respect to 12 additional RFPs. These are not yet ripe for briefing but Plaintiffs request the Court schedule a status report on each in 30 days.<br>Google's Position: The parties are meeting and conferring in good faith on these additional RFPs. | |

| | | | **Disputes Identified by Google** | |
|---|---|---|---|---|
| 2.1 | 2/17/2021 | Google's Motion for Protective Order Against Suspending Ordinary Log Retention Policies | Google's Position / Update: The Court granted Plaintiffs limited discovery (deposition and documents) to contest Google's burden arguments related to categorical preservation of logs. On April 9, Plaintiffs deposed Google for 7 hours. The testimony confirms Google's motion should be granted. If Plaintiffs have any remaining questions relating to logs, they can be addressed through written discovery or fact depositions. <br> Plaintiffs' Position: The deposition confirmed that Google's motion is grossly overbroad. Plaintiffs have never demanded "categorical preservation of logs." Rather, Google seeks permission to fail to preserve data without crafting reasonable preservation and production plans for discovery in these related privacy cases. Google's 30(b)(6) witness was unprepared to provide transparency into where Google stores data taken from non-synced users. A further deposition is needed, as discussed above in Section 1. If the Court is inclined to grant Google's motion, Plaintiffs request briefing. | |
| 2.2 | 4/20/2021 | Timing of Named Plaintiffs' depositions. | Google's Position: Google properly noticed the deposition of Claudia Kindler, a named Plaintiff. Plaintiffs have refused to provide any dates for the deposition. The parties are at an impasse. <br> Plaintiffs' Position: Plaintiffs agree that Google may depose plaintiffs at this early stage but ask for resolution of three issues in advance. First, Google should produce all ESI related to Plaintiffs and their identifiers, including full profiles, in advance of the depositions. Second, each plaintiff should only be deposed once. Third, Plaintiffs' request for protective order in Section 2 above should be resolved. | |
| 2.3 | 4/20/2021 | Plaintiffs' device preservation, as it relates to Google's Request for Production No. 1, production, and use of a review protocol. | Google's Position: The parties dispute whether Plaintiffs must preserve devices that do not have a Chrome browser installed. These devices and the information on them are relevant to at least Plaintiffs' expectation of privacy, a central issue in this litigation. Plaintiffs have refused to provide even basic information in response to Google's request. Plaintiffs have refused, for example, to produce even a list of applications they use, or to engage with Google on a review protocol for their devices. The parties are at an impasse. <br> Plaintiffs' Position: Plaintiffs have provided information and Google has made no attempt to narrow this demand. Plaintiffs agree the parties have reached impasse, and seek a P.O. briefing schedule. | |
| 2.4 | 4/20/2021 | Google's Requests for Production No. 2. | Google's Position: Plaintiffs have refused to produce their web browsing history (including their Chrome history) in response to this request. The parties are at an impasse. <br> Plaintiffs' Position: Plaintiffs disagree and have produced many documents, but agree the parties have reached impasse, and seek a P.O. briefing schedule. | |
| 2.5 | 4/20/2021 | Google's Interrogatory No. 2. | Google's Position: In response to Google's Interrogatory No. 2, which seeks disclosure of the "mode" of Chrome used by Plaintiffs, each Plaintiff stated that they used Chrome in "standard mode," which is not a Chrome mode. No impasse because Plaintiffs indicated that they will further revise their response. <br> Plaintiffs' Position: Plaintiffs have agreed to revise responses following recent meet-and-confers. | |
| 2.6 | 4/20/2021 | Google's Interrogatory No. 4. | Google's Position: Plaintiffs have refused to describe the websites, applications, or other online services through which they knowingly shared the data at issue, although this is relevant to their privacy claims. The parties are at an impasse. <br> Plaintiffs' Position: Plaintiffs have produced thousands of data points concerned how data was taken by Google from Plaintiffs. Plaintiffs agree the parties are at impasse, and seek a P.O. briefing schedule. | |
| 2.7 | 4/20/2021 | Google's Requests for Production Nos. 3 and 5. | Google's Position: Plaintiffs refuse to produce relevant and discoverable communications with Google and documents relating to Plaintiffs' alleged harm. Not an impasse. | |

| | | | | |
|---|---|---|---|---|
| | | | Plaintiffs' Position: Plaintiffs agree that there is no impasse. Plaintiffs did not refuse to produce relevant documents responsive to RFP Nos. 3 and 5. | |
| 2.8 | 4/20/2021 | Google's First Set of Requests for Admission Nos. 1a and 1b. | Google's Position: Plaintiffs' amended responses to Google's Requests for Admissions are inadequate and evasive. Not an impasse.<br>Plaintiffs' Position: Plaintiffs denied RFA Nos. 1a and 1b and were not evasive, and agree no impasse. | |
| 2.9 | 4/20/2021 | Google's Second Set of Requests for Admission Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 13 | Google's Position: Plaintiffs' "preliminary statement," objections, and responses to Google's Second Set of Requests for Admissions are inadequate and evasive. Not an impasse.<br>Plaintiffs' Position: Plaintiffs disagree that the responses were inadequate or evasive and agree no impasse. Plaintiffs dropped their "fraudulent" prong UCL claim and will revise responses accordingly. | |
| 2.10 | 4/20/2021 | Google's Second Set of Interrogatories Nos. 6, 7, 8, and 9. | Google's Position: Plaintiffs' "preliminary statement," objections, and responses to Google's Second Set of Interrogatories are inadequate and seek to shield from production basic information. Not an impasse.<br>Plaintiffs' Position: Plaintiffs disagree that the responses were inadequate but agree no impasse. Plaintiffs dropped their "fraudulent" prong UCL claim and will revise responses accordingly. | |

6
Case No. 5:20-cv-5146-LHK-SVK
JOINT SUBMISSION IN RESPONSE TO DKT. 155

Respectfully,

**BLEICHMAR FONTI & AULD LLP**

By:  */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929) Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**KAPLAN, FOX & KILSHEIMER LLP**

By:  */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
dstraite@kaplanfox.com

Laurence D. King (State Bar No. 206423)
Mario Choi (State Bar No. 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax:  (415) 772-4707
lking@kaplanfox.com

**SIMMONS HANLY CONROY LLC**

By:  */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
Mitchell M. Breit (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
mbreit@simmonsfirm.com
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Counsel for Defendant*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Letter Brief In Response to Docket No. 155. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: April 20, 2021                              By: */s/ Andrew H. Schapiro*
                                                      Andrew H. Schapiro
                                                      *Counsel on behalf of Google*