EXHIBIT 1

Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
**BLEICHMAR FONTI & AULD LLP**
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
*dstraite@kaplanfox.com*

*Counsel for Plaintiffs*

Jason 'Jay' Barnes (admitted *pro hac vice*)
Mitchell M. Breit (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

Laurence D. King (Cal. Bar No. 206423)
Mario Choi (Cal. Bar No. 243409)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax: (415) 772-4707

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**[PROPOSED] PROTOCOL FOR PLAINTIFFS' COUNSEL'S TIME AND EXPENSES** |

1

WHEREAS, Plaintiffs filed this action on July 27, 2020 as a putative class action, and

2

WHEREAS, if the Court certifies this action as a class action in whole or in part, Plaintiffs'

3

counsel's recovery of fees and expenses (if any) will require Court approval;

4

NOW THEREFORE, in anticipation of any request for fees and expenses, the Court hereby

5

enters this Order to establish a protocol to govern Plaintiffs' counsel work for common benefit and

6

expense, including, among other issues, the exercise of billing judgment; the maintenance of

7

contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs;

8

staffing; and rules for assignment of tasks.[1]

9

## I.    EFFICIENCY PROTOCOLS FOR COMMON BENEFIT WORK

10

A.    This action shall be actively supervised by lead counsel to minimize the risk of

11

duplication of efforts or other inefficiencies, and to ensure that time and expenses are (a) for the

12

common benefit of Plaintiffs; (b) timely recorded; and (c) reasonable.  Lead counsel shall mean

13

Lesley Weaver, David Straite and Jay Barnes.[2]

14

B.    Lead Counsel should meet telephonically at least once a week to minimize the risk

15

of duplication of efforts in ongoing or anticipated tasks over the following week; Plaintiffs' counsel

16

should also discuss the results of any audit of the prior month's time records and discuss if the audit

17

reveals further opportunities to reduce risk of duplication.  Lead counsel should also make efforts

18

to assign tasks to the most junior level attorney appropriate to each task.

19

C.    "Common Benefit Work" includes all work done and expenses incurred that inure

20

to the common benefit of Plaintiffs and the putative class in this litigation.

21

D.    Any counsel seeking reimbursement for fees and expenses for work in this action

22

will maintain regular contemporaneous time and expense records, submitted on a monthly basis to

23

Lesley Weaver, Esq. (or her designee) per the "Deadlines" Section below. Lead counsel shall

24

[1] Nothing in this Order shall be interpreted to affect any proceedings other than those involving the

25

authorities, duties, responsibilities, guidelines, and rules of and for Plaintiffs' counsel, as discussed

26

herein.  In addition, nothing in this Order shall be interpreted as an indication of whether the Court will or will not certify a class.

27

[2]  This Order requires active supervision of the case by lead counsel for efficiency reasons but it is

28

not an order appointing class counsel or interim class counsel per Fed. R. Civ. P. 23(g).

regularly audit such submissions for compliance with the directives set forth in this Order, and inform their co-counsel when a colleague's submissions do not comply. Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court. In the event that lead counsel are unsure if the action they are about to undertake is considered common benefit work, they shall confer with each other in advance.

**II.    EXPENSES**

    **A.    Travel Expenses**

Only reasonable expenses may be reported. Except in unusual circumstances approved by lead counsel, all travel is subject to the following limitations:

    1.    Airfare:  For short domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent may be reimbursed. For international travel or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed. Any unusual circumstances must be approved in advance by lead counsel.

    2.    Hotel:  Hotel room charges for the average available room rate of a reasonable business hotel may be reimbursed. Unusually high hotel charges may be reviewed by lead counsel and disallowed.

    3.    Meals:  Travel meal expenses must be reasonable, and may not exceed $125 per day in the aggregate. Unusually large meal expenses may be reviewed by lead counsel and disallowed.

    4.    Cash Expenses:  Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) may be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

    5.    Automobile Rental:  Automobile rentals must be reasonable for the date and location of the rental. Unusually high car rental charges may be reviewed by lead counsel and disallowed.

6.      Mileage:  Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip. The rate will be the maximum rate allowed by the Internal Revenue Service.

**B.      Non-Travel Expenses**

1.      Long Distance, Conference Call, and Cellular Telephone Charges:  Common benefit international, video, conference call, and cellular telephone charges are to be reported at actual cost; ordinary domestic long-distance charges, however, are considered overhead.

2.      Shipping, Overnight, Courier, and Delivery Charges:  All claimed common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

3.      Postage Charges:  Common benefit postage charges are to be reported at actual cost.

4.      Telefax Charges:  Common benefit fax charges shall not exceed $0.50 per page.

5.      Photocopy:  The maximum charge for common benefit in-house copies is $0.15 per page for black & white copies, and $0.40 for color.  Outside vendor charges are reimbursed at rates consistent with industry standards and are to be reported at actual cost.

6.      Computerized Research – Lexis, Westlaw, or Bloomberg:  Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

7.      Meals: Meals are usually not chargeable to the case even if reimbursed by their firms in the ordinary course; provided, however, that travel meals are reimbursable as provided above in the "Travel" Section, and meals provided at meetings, depositions, mediation and other work events can be reimbursable if provided to facilitate collegiality or convenience, and would be customary under the circumstances.

**C.     Recordkeeping and Review**

No expense entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code. Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work.

Attorneys should retain receipts for all expenses. Credit card receipts (not the monthly statements) are an appropriate form of verification, except that hotel costs should also be proven with a hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

**D.     Shared Costs**

"Shared Costs" are costs, defined below, that are eligible to be paid out of a Litigation Fund ("Fund") administered by lead counsel.  Lead counsel may contribute to the Fund to cover incurred or anticipated Shared Costs. The timing and amount of each assessment will be determined by lead counsel.

Shared Costs are costs incurred for the common benefit of Plaintiffs and the putative class. No client-related costs shall be considered Shared Costs, unless exceptional circumstances exist. All Shared Costs must be approved by lead counsel prior to payment.

All costs under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

- Court, filing, and service costs related to common issues;

- Court reporter and interpreter costs for depositions;
- Document (both electronic and hard copy) repository creation, operation, staffing, equipment, and administration;
- Extraordinary administration expenses not normally carried by one law firm in a co-counsel arrangement (e.g., expenses for equipment and technology, etc.);
- Legal, tax, and accountant fees relating to the Fund;
- Expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of a substantial number of cases;
- Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);
- Research by outside third-party vendors, consultants, attorneys;
- Translation costs related to the above;
- Bank or financial institution charges relating to the Fund; and
- Investigative services.

Reimbursement procedures and any forms associated therewith should include sufficient information to permit a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

**E.    Held Costs**

"Held Costs" are costs that might qualify for reimbursement but will be carried by each attorney for the duration of the litigation and only reimbursed at the end of the case as approved by the Court. The decision whether to treat a cost as a "Shared Cost" or a "Held Cost" shall not be relevant to whether that cost is eventually deemed reimbursable by the Court but instead is simply an internal accounting distinction for the convenience of counsel. Travel expenses are typically considered "Held Costs."  Even if a cost is held by a firm and not submitted for reimbursement from the Fund as a "Shared Cost," it should still be reported to co-counsel per Section IV below.

**III.    TIME RECORDS**

    **A.    General Standards**

        1.    All time must be accurately and contemporaneously maintained, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe").

        2.    Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work. Individuals identified in time descriptions must be described by at least their first initial and last name, not by initials. "John Doe" is preferred; "J. Doe" is acceptable; and "JD" is unacceptable.

        3.    Each time entry must be categorized using one of the categories in the "Time and Expense Report Template" spreadsheet, Exhibit A. In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should counsel make up new categories for use in its records. While the categories are generally self-explanatory, below are some further explanations of some of the categories that may have the potential for the most confusion.  All codes are based on the American Bar Association's Uniform Task-Based Management System and the "Litigation Code Set" (and should be interpreted consistently with the ABA codes) except for G115 and G325 which are bespoke for the needs of this case and accepted practice in the Northern District of California

        a.    **Case Administration (G100).** This includes internal tasks such as scheduling, administrative matters, assignments, and managing personnel and resources working on the case, as well as meet and confers for case management conferences and preparation of statements therefor.

        b.    **Fact Investigation/Development–Non-Expert (G110).** This includes interviewing witnesses, developing facts from internet research, consulting with industry participants including clients, and preparing memos relating to the same.

        c.    **Client/Class Member Communications (G115).** This includes status reports to the clients, answering their questions, keeping them advised of the progress of the case and strategy decisions, preparations for document discovery and depositions.

d.    **Analysis/Strategy (G120).** This includes meetings between, or among, Co-Lead Counsel and discussions between, or among, Participating Counsel in order to coordinate efforts and discuss status and strategy. These meetings should be accomplished by telephone unless Co-Lead Counsel schedules an in-person meeting.

e.    **Experts/Consultants (Including *Daubert* Motions) (G130).** This includes working with the consulting and testifying experts and developing expert reports. It typically involves analysis of methodology and review of the reports. This also includes work on *Daubert* motions, and work by those primarily responsible for briefing, researching, and arguing such matters.

f.    **Settlement/Non-Binding ADR (G160).** This includes preparation of mediation statements, participation in settlement negotiations, and documenting the settlements.

g.    **Pleadings (G210).** This includes preparation of the complaint(s); evaluation of any potential amendments; and analyses of any Answer.

h.    **Court Mandated Conferences (G230).** This includes appearances at status conferences, motion hearings, and other pre-trial hearings for those attorneys primarily responsible for preparing for and arguing such matters.  This also includes preparation for such conferences, including conferring with opposing counsel regarding any joint submission in advance of the conference, and also includes post-conference memos and meetings to ensure efficient handling of any directive of the Court or questions raised during the conference.

i.    **Dispositive Motions (G240).** This includes work on dispositive motions, such as motions to dismiss and motions for summary judgment, and work by those primarily responsible for briefing, researching, and arguing such matters.

j.    **Class Action Certification and Notice (G260).** This includes work on motions related to Class Certification and Notice related thereto, and work by those primarily responsible for briefing, researching, and arguing such matters.

k.    **Written Discovery (G310).** This includes drafting and responding to written discovery, as well as work related to preservation of, and production of, Plaintiffs' documents.

l.      **Document Review – Tier I (G325).** This code does not appear in the ABA Litigation Code set but reflects accepted practice in the Northern District of California.  It includes first-round document review by junior attorneys through an established document review platform. This category usually involves making the initial review of documents. If senior attorneys perform Tier I bulk document review, they are limited to the Tier I billing rate regardless of their normal billing rate.

m.      **Document Production and Discovery Analysis – Tier II (G320).** This code is based on the ABA Litigation Code (L320) for "document production" but is intended to cover more complex discovery tasks other than Tier I review.  For example, this code includes review of the work of the Tier I document reviewers to determine the quality and efficiency of their work as well as second-layer review of documents. This work is usually done by senior attorneys who are coding documents for a specific use in the case.  This code is also used for review Plaintiffs' documents and interrogatory responses.

n.      **Non-Expert Depositions (Prepare/Take/Defend) (G330).** This includes development of deposition outlines, gathering and review of exhibits, appearances at depositions for the purposes of being the first chair in taking or defending the deposition, or helping support the first chair.

o.      **Expert Discovery (G340).** This includes drafting and responding to expert written discovery, as well as work related to preservation of, and production of, expert-related documents. This also includes preparation for testimony, as well as review of the reports of defense experts and taking their depositions.

p.      **Discovery Motions (G350).** This includes work on motions related to discovery, and work by those attorneys primarily responsible for the relevant discovery issues and those attorneys primarily responsible for researching, briefing, and arguing such matters.

q.      **Trial Preparation (G440).** This includes meet and confers in preparation of a joint pre-trial statement as well as preparing the case for trial. This involves all substantive matters required to be submitted with the joint pre-trial statement in this District, such as motions in limine, jury instructions, trial exhibits, presentations, and video excerpts.

r.      **Trial Attendance (G450).** This includes all aspects of trial.

s.      **Appeal (G500).** This includes any type of appeal that may come up in the context of the case, and would primarily involve appellate brief writers and those making appellate arguments.

**B.      Hourly Rates**

Plaintiffs' Counsel shall record their time using the <u>lesser</u> of their standard hourly billing rates or the customary rates in this District. Although counsel may seek an award of fees based on this hourly rate, the Court is not bound to use any requested rate.  Further, while counsel may request fees based on the rate in effect at the time a settlement or judgment is reached to account for the delay in payment,[3] their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Ms. Weaver (or her designee). Any Tier I document review shall be billed at rates customary for first-round document review even if lower than the reviewing attorney's standard rate.

**C.      Document Hosting, Review and Analysis**

Lead counsel may outsource document hosting or analysis services but should seek bids and strive to get the best services for the best price without sacrificing quality. A document analysis system should also be used to monitor the document review and improve efficiency. Lead counsel should assign junior attorneys to the initial document analysis and coding ("Tier I Document Review," discussed above); mid-level attorneys for higher level analysis and coding; and senior attorneys (including counsel or partners, as necessary) for top-tier analysis and quality control. Senior lawyers who perform initial document analysis and coding may only bill at an hourly rate consistent with the market rate for junior lawyers, even if lower than their standard rate for other tasks.

---

[3] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply Systems Sec. Litig.*,19 F.3d 1291, 1305 (9th Cir. 1994).

## IV.  PROTOCOLS FOR FORMAT, REVIEW AND SUBMISSION OF TIME AND EXPENSES RECORDS

### A.  Format

Time and expense submissions will be maintained in the following format:

1.  Counsel will use the Excel form provided as Exhibit A to this Order to maintain and report time and expenses on a calendar-month basis.

2.  In the time report, the timekeeper who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g., Smith, John), rather than abbreviations or initials.

3.  In all reports, the date will be provided in month/day/year format (e.g., 10/23/14).

### B.  Deadlines for Internal Submission

Time and expense reports will be reported to Lesley Weaver, Esq. (or her designee), with copies to David Straite and Jay Barnes, on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on May 15, 2021 (or on the 15th of the month immediately after the date of this Order, if later) and should include all time and expenses from inception of work on the litigation through March 31, 2021 in a single report (and by calendar-month for April 2021 and every full month thereafter). After this first submission, each new monthly submission should be made by the 15th of each month and include all common benefit time and expenses incurred from the first to the last day of the preceding month.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline.  Likewise, the late submission of any common benefit time reports does not automatically

result in disqualification of the late-submitted time if circumstances support inclusion; provided, however, that if the late submission causes the later duplication of work that could have been avoided by the timely submission, the earlier-incurred (but late-submitted) time will be excluded.

If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures set forth in Rule 23, including Rule 23(h). In any event, no award or payment of common benefit fees or costs shall be made without this Court's approval.

**C.    Review**

Lead counsel must personally review and confirm accuracy of his or her firm's full report in advance of each monthly submission. In addition, lead counsel must review each monthly submission from co-counsel and they should thereafter discuss whether the reports reveal opportunities for increased efficiencies in the prosecution of the litigation.  This review should occur each month and not just at the end of the litigation.

**D.    Submission to the Court**

On a quarterly basis, lead counsel will lodge *in camera* summaries reflecting the hours billed and expenses incurred in this matter pursuant to this Protocol.  The first submission shall cover calendar-year 2020 and the first and second quarters of 2021, due to the court on August 15, 2021.  Thereafter, each quarterly submission will be due to the court on the 15th day of the second month following the end of any quarter being reported.  Thus, the third-quarter 2021 report will be due on November 15, 2021, and so forth.  Class counsel may be required to submit detailed time records in connection with any fee application.

1

Dated: April 28, 2021

2

3    **BLEICHMAR FONTI & AULD LLP**            **KAPLAN, FOX & KILSHEIMER LLP**

4    By: ___/s/ Lesley E. Weaver_____        By: ___/s/ David A. Straite_____
     Lesley Weaver (Cal. Bar No. 191305)        David A. Straite (admitted *pro hac vice*)
5    Angelica M. Ornelas (Cal. Bar No. 285929)  Aaron L. Schwartz (admitted *pro hac vice*)
     Joshua D. Samra (Cal. Bar No. 313050)      850 Third Avenue
6    555 12th Street, Suite 1600                New York, NY 10022
     Oakland, CA 94607                          Tel.: (212) 687-1980
7    Tel.: (415) 445-4003                       Fax: (212) 687-7715
     Fax: (415) 445-4020                        *dstraite@kaplanfox.com*
8    *lweaver@bfalaw.com*                       *aschwartz@kaplanfox.com*
     *aornelas@bfalaw.com*
9    *jsamra@bfalaw.com*                        Laurence D. King (State Bar No. 206423)
                                                Mario Choi (State Bar No. 243409)
10   **SIMMONS HANLY CONROY LLC**              1999 Harrison Street, Suite 1560
                                                Oakland, CA 94612
11   By: ___/s/ Jay Barnes_____              Tel.:   (415) 772-4700
     Mitchell M. Breit (admitted *pro hac vice*)  Fax:    (415) 772-4707
12   Jason 'Jay' Barnes (admitted *pro hac vice*) *lking@kaplanfox.com*
     An Truong (admitted *pro hac vice*)        *mchoi@kaplanfox.com*
13   Eric Johnson (admitted *pro hac vice*)
     112 Madison Avenue, 7th Floor
14   New York, NY 10016
     Tel.: (212) 784-6400
15   Fax: (212) 213-5949
     *mbreit@simmonsfirm.com*
16   *jaybarnes@simmonsfirm.com*
     *atruong@simmonsfirm.com*
17   *ejohnson@simmonsfirm.com*

18

19                        **[PROPOSED] ORDER**

20       **GOOD CAUSE APPEARING, IT IS SO ORDERED.**

21

     Dated: _____        _____
22                                      HON. LUCY H. KOH
                                        UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty that the foregoing is true and correct.

Executed this 28th day of April, 2021, at Oakland, California.

/s/ Lesley E. Weaver
Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on April 28, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ Lesley E. Weaver
Lesley E. Weaver

EXHIBIT A

*Calhoun, et al., v. Google LLC*, No  5:20-cv-5146-LHK-SVK (N D  Cal )

**MONTHLY TIME REPORT**

| Firm Name: | |
|---|---|
| Reporting Period: | |

| Category Codes: | | | |
|---|---|---|---|
| G100 Case Administration | G210  Pleadings | G310  Written Discovery | G440 Trial Preparation |
| G110 Fact Investigation/Development – Non-Expert | G230 Court Mandated Conferences | G320 Document Production | G450 Trial Attendance |
| G115 Client and Class Member Communications and Vetting | G240 Dispositive Motions | G325 Tier I Document Review | G500 Appeal |
| G120 Analysis/Strategy | G260 Class Action Certification and Notice | G330 Depositions – Non-Expert | |
| G130 Experts/Consultants | | G340 Expert Discovery | |
| G160 Settlement/Non-Binding ADR | | G350 Discovery Motions | |

| Name | Title | Date | Category Code | Category Name | Description of Work | Hours | Billing Rate | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **TOTAL** | | | | | | - | | $0.00 |

*Calhoun, et al., v. Google LLC*, No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

## MONTHLY TIMEKEEPER REPORT

| Firm Name: | |
|---|---|
| *Reporting Period:* | |

| Timekeeper Name | Timekeeper Title (include years of experience) | Hours | Rate | Total Lodestar |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL** | | - | | $0.00 |

*Calhoun, et al., v. Google LLC* , No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

## MONTHLY TIME REPORT SUMMARY

| Firm Name: | |
|---|---|
| Reporting Period: | |

| Category Name | Total Time per Category | Total Fees per Category |
|---|---|---|
| G100 Case Administration | | |
| G110 Fact Investigation/Development | | |
| G115 Client and Class Member Communications and Vetting | | |
| G120 Analysis | | |
| G130 Experts/Consultants | | |
| G160 Settlement/Non-Binding ADR | | |
| G210 Pleadings | | |
| G230 Court Mandated Conferences | | |
| G240 Dispositive Motions | | |
| G260 Class Action Certification and Notice | | |
| G310 Written Discovery | | |
| G320 Document Production | | |
| G325 Tier 1 Document Review | | |
| G330 Depositions - Non-Expert | | |
| G340 Expert Discovery | | |
| G350 Discovery Motions | | |
| G440 Trial Preparation | | |
| G450 Trial Attendance | | |
| G500 Appeal | | |
| | | |
| **TOTAL** | - | $0.00 |

*Calhoun, et al., v. Google LLC*, No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

**MONTHLY EXPENSE REPORT**

| Firm Name | |
|---|---|
| Reporting Period | |

*************************ALL ORIGINAL RECEIPTS MUST BE MAINTAINED AND PROVIDED TO CO-LEAD COUNSEL UPON REQUEST*************************

| Name | Title | Date | Nature of Expense / Charge Incurred | Description of Expense / Charge | Approved By | Cost |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTAL** | | | | | | $0.00 |

*Calhoun, et al., v. Google LLC*, No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

**MONTHLY SUPPLEMENTAL EXPENSE REPORT**

| Firm Name | |
|---|---|
| *Reporting Period* | |

**************************ALL ORIGINAL RECEIPTS MUST BE MAINTAINED AND PROVIDED TO CO-LEAD COUNSEL UPON REQUEST**************************

| Name | Title | Date | Nature of Expense / Charge Incurred | Description of Expense / Charge | Approved By | Cost |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **TOTAL** | | | | | | **$0.00** |