**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
lweaver@bfalaw.com

**KAPLAN FOX & KILSHEIMER LLP**
David A. Straite (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
dstraite@kaplanfox.com

Laurence D. King (Cal. Bar No. 206423)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax:  (415) 772-4707

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendant; additional counsel listed in
signature blocks below*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**JOINT SUBMISSION IN RESPONSE TO DKT. 173 RE: STATUS OF DISCOVERY DISPUTES**<br><br>Referral:  Hon. Susan van Keulen, USMJ |

1 | May 6, 2021

2 | **Submitted via ECF**

3 |
4 | Magistrate Judge Susan van Keulen
   | San Jose Courthouse
   | Courtroom 6 - 4th Floor
5 | 280 South 1st Street
   | San Jose, CA 95113

6 |
7 |       Re:    Joint Submission in Response To Dkt. 173 re: Status of Discovery Disputes
   |             *Calhoun v. Google LLC*, Case No. 5:20-cv-5146-LHK-SVK (N.D. Cal.)

8 | Dear Magistrate Judge van Keulen:

9 |       Pursuant to Your Honor's April 30 Order (Dkt. 173), Plaintiffs and Google LLC ("Google")

10 | jointly submit this statement containing a table identifying the status of each of the discovery

11 | disputes identified in the prior status report.

12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

| No. | Date Submitted | Dispute | Status as of 5/6/21 Joint Submission | Status as of 5/26/21 Hearing |
|---|---|---|---|---|
| | | | **Disputes Identified by Plaintiffs** | |
| 1.1 | 2/17/2021 | Defendant's motion for protective order; Plaintiffs' cross-motion to compel Rule 30(b)(6) deposition on topic of data logs and production of documents in advance (deposition taken on April 9, 2021) | Plaintiffs' Statement: Plaintiffs have served Google with a deposition notice that covered the first two topics in the Court's previous order (topics that the April 9 deponent declined to discuss) as well as additional topics related to identifying data taken from users who are not synched (the "Notice").  Google has repeatedly refused to meet and confer regarding the Notice all week. Plaintiffs request an order requiring Google to discuss the Notice this week.<br>Google's Position: Google received Plaintiffs' new deposition notice with 10 topics only four days ago.  Although Google is still reviewing the notice, it appears premature, improper and duplicative of the narrow topics ordered by the Court. First, Plaintiffs' premise that Google's representative declined to discuss any of these topics is incorrect; in fact, Plaintiffs' counsel asked questions about most, if not all, of the topics listed in the notice, and Google's representative answered. Second, the notice is premature without additional written discovery preceding it. The topics are complex; to the extent Plaintiffs believe that their questions were not sufficiently answered at the first deposition, it is a function of the complexity of the topics and the difficulty counsel faced in articulating proper follow-up questions in the heat of the moment.  Written discovery should come first. | |
| 1.2 | 4/20/2021 | Protective Order regarding Plaintiff devices and PI | Parties' Joint Statement: Following the Court's rulings at the April 29, 2021 sealed hearing and in the related Order dated April 30, 2021, the parties have met and conferred on this topic and will update the Court with progress in the next status update scheduled for May 20, 2021. | |
| 1.3 | 4/20/2021 | Plaintiffs' RFP No. 5, request for data associated with Plaintiffs or their PI | Plaintiffs' Statement: The parties conferred by video on May 3, 2021 (and by letters on May 4 and May 5, 2021) and have reached impasse regarding a critical point.  Google represents that it will produce plaintiff profiles, web browsing history and other information associated with their Google accounts and associated with the small universe of other identifiers that Plaintiffs happened to discover during the investigation of claims in this case. But Google refuses to disclose the other identifiers (likely the vast majority of Plaintiffs' identifiers) and produce plaintiff information associated with those as well.  Plaintiffs seek to present the issue in a joint brief format on May 17, 2021 at 12 noon Pacific.<br>Google's Position: The parties are not at impasse. Pursuant to the Court's order, Google is identifying data associated with the authenticated and unauthenticated identifiers that Plaintiffs provided and collecting profile information for the named Plaintiffs and will produce by May 12. Plaintiffs have failed to identify or describe with any precision the "other identifiers" Google refuses to produce.  Any briefing on this issue before Plaintiffs review the data Google will produce by May 12 is premature and improper. | |
| 1.4 | 4/20/2021 | Plaintiffs' RFP Nos. 1 & 2, request for documents exchanged with regulators | Plaintiffs' Position: Plaintiffs received a production of documents on May 4, 2021 related to the three government matters discussed at the April 29 sealed hearing and Plaintiffs are reviewing now. With respect to those three matters, Plaintiffs propose conferring with Google next week regarding next steps and reporting to the Court in the May 20, 2021 status update. Plaintiffs have also asked Google to identify any other related regulator investigations or inquiries and Google refuses. Plaintiffs request that Google be compelled to respond. | |

Case No. 5:20-cv-5146-LHK-SVK
JOINT SUBMISSION IN RESPONSE TO DKT. 173

| | | | | |
|---|---|---|---|---|
| | | | Google's Position: At the hearing, Plaintiffs narrowed their overbroad requests to three regulatory matters. The Court ordered production of CIDs in these three cases, and Google has complied. Plaintiffs now seek to reopen this dispute and expand the scope. This "one step forward, two steps back" method of negotiation is improper and Plaintiffs' request should be denied. | |
| 1.5 | 4/20/2021 | Plaintiffs' RFP Nos. 3 & 4, request for documents exchanged in related litigation | Plaintiffs' Position: On August 31, 2020, Plaintiffs requested copies of documents produced in other cases if relevant to this case. Google proposed a "compromise" to start with a list of the universe of related cases and then decide how to proceed. This week, Google identified only two cases – the *Hewitt* and *Brown* cases already before this Court. Plaintiffs are aware of at least two other related cases, even adopting Google's narrow view of "related" (i.e., improper collection of personal information from consumer devices): *Rodriguez v. Google LLC*, 3:20-cv-4688-RS (N.D. Cal.) and *McCoy v. Google LLC*, 5:20-cv-5427-SVK (N.D. Cal.). In any event, even if the Court limits Plaintiffs' RFP Nos. 3 & 4 to the *Brown* and *Hewitt* cases, the parties are still at impasse regarding production or cross-sharing of documents, a topic discussed at the April 29, 2021 sealed hearing. Plaintiffs propose to confer further with counsel in all three cases and present a unified plan (or competing proposals) to the Court no later than May 20, 2021.<br><br>Google's Position: Pursuant to the Court's order (Dkt. No. 173-1), Google identified two U.S. litigations arising from conduct that occurred during the Class Period and related to data privacy in the context of browsing on Chrome: *Brown v. Google LLC*, No. 20-CV-03664 and *Hewitt et al v. Google LLC*, No. 21-CV-02155. Recently, Google identified a third case, filed on May 5, 2021, that meets this criteria: *Delahunty et al v. Google*, LLC, 21-CV-3360. The cases Plaintiffs identify are not related, do not fall within the parameters the Court ordered, and have no substantial overlap with this litigation, and in fact they both concern third-party apps.<br><br>However, courts have recognized that even a determination of "relatedness" does not necessitate sharing of documents. Here, Google is committed to meeting and conferring with Plaintiffs to arrive at a tailored cross-use of certain documents that will further the twin goals of efficiency and fairness. | |
| 1.6 | 4/20/2021 | ESI Search Terms | Plaintiffs' Position: Google says that some of Plaintiffs' proposed terms have "syntax errors," by which Google claims that some proposed wildcards result in too many hits or cause its vendor's system to time out. The parties conferred on May 5, 2021 with technical ESI experts from each side in attendance, and Plaintiffs learned for the first time that Google's claimed "errors" may be caused by running the terms across non-custodial databases or on data formats not usual for this task (such as html files). Google was unable to confirm precisely what files the search terms are being run on, and Plaintiffs ask that this be resolved no later than May 20, 2021.<br><br>Google's Position: In February, Plaintiffs requested that Google run over one thousand search strings across 49 searches when deconstructed, which yielded more than 6.4 million hits for eighteen custodians. As just one example, the single term "priva*" alone yields more than one million hits. A large number of those strings generated error messages, and therefore Google has been unable to run them. On March 5, the parties met and conferred to "address with particularity" how Plaintiffs can fix terms that have been outstanding for nearly *three months*. Dkt. 173-1. Despite Google's exhaustive efforts, Plaintiffs have made little progress. | |

| | | | | |
|---|---|---|---|---|
| | | | During the meet and confer, Google's syntax representative explained that there are two simple solutions to fix just *eleven* problematic terms that hinder Google's ability to fully analyze and negotiate Plaintiffs' proposal. To illustrate, where the term "info*" has generated an error message, Plaintiffs were informed that they can either specify that they are interested in the terms "inform," "informing," or "information," or if they prefer to use wildcards, provide one or two more letters before the existing wildcard (e.g., inform*). Plaintiffs refuse to do either. Instead, they insist that Google produce a report listing the *tens of thousands* of variations across all eleven terms--something that cannot be generated for terms (like these) that return an error message. Contrary to their suspicion, Google is only running these terms across custodial email and documents - the ECA database does not include non-custodial data.<br><br>Despite the clear and efficient solutions Google has identified, consistent with the Court's order, Plaintiffs refuse to provide "a timeline ... to provide corrected requests." *Id.* Without further intervention, it is unclear when Google will be in a position to analyze the relevance and burden associated with Plaintiffs' proposal. Plaintiffs continue to delay and seek discovery-on-discovery regarding the ECA database Google is using--all of which make it impossible to finalize the full search term population. | |
| 1.7 | 4/20/2021 | ESI Custodians | Joint Position: Plaintiffs provided a list of 79 individuals who they believed had relevant knowledge on February 3, 2021. Following the Court's April 29 sealed hearing and the parties' May 3, 2021 videoconference, On May 4, 2021, Plaintiffs proposed to prioritize 11 of them. Google is evaluating the narrower list. To give the parties time to meet and confer to resolve their differences and provide informed briefing for the Court on disputed items only, Google proposes, and Plaintiffs do not object to, the following modest extension in the briefing schedule: Google will respond to Plaintiffs' request by May 7, 2021 at 12:00 p.m. PT, and the parties exchange two-page position statements by Monday, May 10, 2021 at 12:00 p.m. PT and half-page responsive statements by Tuesday, May 11, 2021 by 5:00 p.m. PT. | |
| 1.8 | 4/20/2021 | Plaintiffs' RFP No. 8B (docs received or authored by officers or directors if related to data privacy) | Plaintiffs' Position:  The Court ordered that the parties resolve this dispute and propose a concrete plan and "date certain" for production no later than today, May 6, 2021. But Google refuses to comply. Google says it is still "investigating" who actually accounts as an "officer" or "director," will not commit to a start date for the collection, and will not commit to searching documents of officers and directors of Google, Inc. (the relevant entity prior to the Alphabet-Google split).  Plaintiffs also twice asked for time to confer over Search Terms to be applied once agreement is reached on relevant officers and directors (both on the May 3 video conference, and again by letter on May 4) – but Google refused. Google's "plan" below (added to this chart just this evening without plaintiff input) is deficient in substance and process.  Plaintiffs respectfully request a conference with the court on this specific dispute next week.<br>Google's Position: Google has identified the following Google LLC employees who fall under the Court's order and are not attorneys: Sundar Pichai and Ruth Porat. Google will search the emails of these individuals with the search term <Chrome /20 "data privacy"> and produce responsive documents by June 15, 2021. | |
| 1.9 | 4/20/2021 | Plaintiffs' RFP Nos. 14 & 20 (certain draft docs; documents related to the "White Paper," see FAC ¶¶ 81-86) | Joint Position: The parties may be able to resolve this dispute through targeted collections and Search Terms and will provide a status report on May 20, 2021. | |

| 1.10 | 4/20/2021 | Plaintiffs' RFP Nos. 9-13, 15, 17, 19, 21, 23-25 | <u>Joint Position:</u> The parties will provide a status report on this dispute on May 20, 2021. | |
|---|---|---|---|---|
| **Disputes Identified by Google** | | | | |
| 2.1 | 2/17/2021 | Google's Motion for Protective Order Against Suspending Ordinary Log Retention Policies | <u>Plaintiffs' Statement re: Motion for Reconsideration/Clarification:</u> On Monday, May 3, Plaintiffs advised Google that Plaintiffs will move for reconsideration and clarification of the Court's Order Granting Protective Order (Dkt. No. 174) consistent with the Court's ruling that the Order is without prejudice to renew the objections if based on evidence not yet before the Court. Plaintiffs proposed a briefing schedule of May 10, 14 and 17 for opening, opposition, and reply. Google not only refuses to agree to those dates, but also refuses to propose any alternative dates. Plaintiffs therefore request approval of their proposed briefing schedule, including page limits of 10 for the motion, 10 for response, and 5 for reply, exclusive of exhibits.<br><u>Google's Position:</u> Plaintiffs seek to reopen and further brief this dispute, despite the voluminous record already before the Court with respect to this topic, the seven-hour 30(b)(6) deposition of David Monsees on this topic, and Your Honor's order granting Google's motion for a protective order (Dkt. No. 174). Google has offered to work with Plaintiffs to craft a reasonable preservation plan for data contained in the Chrome Sync traffic logs, as well as to determine whether the User Metrics Analysis ("UMA") data Google maintains in the ordinary course of business is sufficient to meet the requirements of this litigation. Plaintiffs have not accepted that offer. Google believes that additional briefing on this issue is unwarranted. To the extent that the Court is inclined to order further briefing, a joint five-page letter brief should suffice. | |
| 2.2 | 4/20/2021 | Timing of Named Plaintiffs' depositions. | <u>Google's Position:</u> Google has agreed to produce data for the Named Plaintiffs by May 12. Plaintiffs have refused to provide dates for the deposition of named Plaintiff Claudia Kindler until after they have reviewed the data Google will produce on May 12. Plaintiffs should be required to provide, no later than May 14, a date for Ms. Kindler's deposition.<br><u>Plaintiffs' Position:</u> Plaintiffs are not refusing to produce Plaintiff Kindler for deposition. Rather, consistent with the Court's ruling at the April 29 hearing, Plaintiffs await Google's production of Plaintiff Kindler's data and information prior to the scheduling of a deposition date. Plaintiffs further note that although Google has indicated that it will produce certain data related to Plaintiffs, there is significant dispute as to the sufficiency of the production being contemplated by Google (*see, supra*, Disputes Identified by Plaintiffs, No. 1.3) | |
| 2.3 | 4/20/2021 | Plaintiffs' device preservation, as it relates to Google's Request for Production No. 1, production, and use of a review protocol. | <u>Joint Position:</u> The parties have continued to discuss and will provide a status report on this dispute on May 20, 2021. Plaintiffs have completed imaging Chrome devices for some Plaintiffs and anticipate completing imaging for the Chrome devices of all Plaintiffs within two weeks. | |
| 2.4 | 4/20/2021 | Google's Requests for Production No. 2. | <u>Joint Position:</u> The parties have continued to discuss and will provide a status report on this dispute on May 20, 2021. Plaintiffs anticipate providing the information outlined by the Court as responsive to this request immediately after completing imaging of Plaintiffs' Chrome devices. | |
| 2.5 | 4/20/2021 | Google's Interrogatory No. 2. | RESOLVED. | |

Case No. 5:20-cv-5146-LHK-SVK

JOINT SUBMISSION IN RESPONSE TO DKT. 173

| | | | | |
|---|---|---|---|---|
| 2.6 | 4/20/2021 | Google's Interrogatory No. 4. | Joint Position: The parties have continued to discuss and will provide a status report on this dispute on May 20, 2021. Plaintiffs agree to provide amended responses by May 19. | |
| 2.7 | 4/20/2021 | Google's Requests for Production Nos. 3 and 5. | Joint Position:  The Parties are continuing to meet and confer. Google has requested Plaintiffs to provide the Chrome Device Settings for relevant devices in response to RFP No. 3. Plaintiffs disagree with the relevance of that data, but agree to provide the Chrome Device Settings once the forensic imaging is complete. | |
| 2.8 | 4/20/2021 | Google's First Set of Requests for Admission Nos. 1a and 1b. | Joint Position:  The Parties are continuing to meet and confer. Plaintiffs have suggested RFA No. 1a no longer seeks a relevant admission in light of the amended complaint. Google is rejecting Plaintiffs' position and continues to believe that RFA No. 1a seeks relevant information. | |
| 2.9 | 4/20/2021 | Google's Second Set of Requests for Admission Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 13 | Joint Position:  The Parties are continuing to meet and confer. Plaintiffs are considering amending answers to the RFAs and will provide their positions to Google by May 12. | |
| 2.10 | 4/20/2021 | Google's Second Set of Interrogatories Nos. 6, 7, 8, and 9. | Joint Position:  The Parties are continuing to meet and confer. Google has agreed to amend Interrogatory No. 7 in light of the amended complaint. Plaintiffs requested Google amend Interrogatory No. 6. Google has considered and is rejecting amending Interrogatory No. 6. . The parties have resolved their dispute on Interrogatory No. 9. | |

Respectfully,

**BLEICHMAR FONTI & AULD LLP**

By:   */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929) Joshua
D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**KAPLAN, FOX & KILSHEIMER LLP**

By:  */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
850 Third Avenue
New York, NY  10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
dstraite@kaplanfox.com

Laurence D. King (State Bar No. 206423)
Mario Choi (State Bar No. 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax:  (415) 772-4707
lking@kaplanfox.com

**SIMMONS HANLY CONROY LLC**

By:  */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
Mitchell M. Breit (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
mbreit@simmonsfirm.com
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

By:   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Counsel for Defendant*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission in Response to Docket No. 173. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: May 6, 2021                                    By: */s/ Andrew H. Schapiro*
                                                            Andrew H. Schapiro
                                                            *Counsel on behalf of Google*