**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DICELLO LEVITT GUTZLER**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
Mitchell M. Breit (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
*stephenbroome@quinnemanuel.com*
Viola Trebicka (CA Bar No. 269526)
*violatrebicka@quinnemanuel.com*
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
*dianedoolittle@quinnemanuel.com*
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Counsel for Defendant; additional counsel listed in signature blocks below*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated, | Case No. 5:20-cv-5146-LHK-SVK |
| Plaintiffs, | **THIRD SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** |
| v. | **CIVIL L.R. 16-10(d)** |
| GOOGLE LLC, | **Next CMC: May 26, 2021, at 2:00pm** |
| Defendant. | |

The parties, having met and conferred, submit this Third Supplemental Joint Case Management Conference Statement ("Joint CMC Statement") pursuant to Civil Local Rule 16-10(d) and the November 1, 2018 Standing Order for All Judges of the Northern District of California, retaining the paragraph topic names used therein. This Joint CMC Statement reports updates since the prior joint CMC statement dated March 24, 2021 (Dkt. No. 143).  Accompanying this Third Joint CMC Statement are the parties' respective proposed Case Management Orders.

**MOTIONS (paragraph 4)**

a.  **Prior Motions Decided Since the Last Joint CMC Statement:** On April 1, 2021, Google filed a Motion for Leave and Motion for Partial Reconsideration of the Court's Order Denying Google's Motion to Dismiss Plaintiffs' Larceny and UCL Claims. (Dkt. No. 125.) This Court denied that motion on April 2, 2021. (Dkt. No. 153.) This Court also granted the Motion to Relate Case submitted by the plaintiffs in Hewitt, No. 5:21-cv-02155, to relate that action to both this case and Brown. (Dkt. No. 158.)

Other resolved motions include the contested motion for the production of documents related to the Rule 30(b)(6) deposition of Google (joint brief at Dkt. No. 152), which was resolved per Order of Magistrate Judge Susan van Keulen on April 5, 2021 (Dkt. No. 155); the contested motion for the addition of Google custodians (joint brief at Dkt. No. 187), which was resolved per Order of Magistrate Judge Susan van Keulen on May 13, 2021 (Dkt. No. 192, 192-1); the contested motion regarding additional 30(b)(6) depositions on the issue of log preservation and data collection (joint letter brief at Dkt. No. 189), which was resolved per Order of Magistrate Judge Susan van Keulen on May 13, 2021 (Dkt. No. 192, 192-1); and various sealing motions, most of which have been resolved (Dkt. Nos. 147, 151, 154, 156, 162, 167, 198). On April 28, 2021, Plaintiffs filed an

uncontested motion for entry of time and expense protocol (Dkt. No. 168), and the Court entered its order on the protocol on May 19, 2021 (Dkt. No. 197).

b.      **Pending Motions**: On May 11 and May 12, 2021, Google filed motions to seal the joint letter briefs regarding additional custodians and an additional 30(b)(6) deposition. (Dkt. Nos. 186, 188.) The Court has not yet ruled on those motions.

c.      **Anticipated Motions:** Plaintiffs anticipate moving for class certification. Google also anticipates moving for summary judgment, opposing plaintiffs' motion for class certification, and/or filing a motion to deny class certification.

**AMENDMENT OF PLEADINGS (paragraph 5)**

On April 16, 2021, Plaintiffs filed the First Amended Complaint (Dkt. No. 163). Six new plaintiffs were added (bringing the total to 10),[1] and the only new facts added were related to the new plaintiffs; no new claims were added. In addition, Plaintiffs elected to remove their "fraudulent" prong UCL claim.

On May 17, 2021, Google filed its Answer to the First Amended Complaint (Dkt. No. 195.)

**EVIDENCE PRESERVATION (paragraph 6)**

a.      **Google "Event" Logs:**

Plaintiffs' Position:  Google moved for a Protective Order allowing Google to keep its document retention policies in place with respect to certain event logs. The Court granted the motion without prejudice to Plaintiffs' right to challenge the order if based on new evidence. The parties are conferring on the production of additional documents. Magistrate Judge van Keulen also ordered

---

[1]   One of the new plaintiffs withdrew from the litigation on May 14, 2021, following the Court's ruling requiring a forensic image of his Chrome devices.

that a further seven-hour Rule 30(b)(6) deposition regarding the event logs must be completed by June 3, 2021, and a third deposition will be scheduled at the upcoming June 2 discovery hearing.

Google's Position: Following extensive briefing, a Rule 30(b)(6) deposition, and two hearings, Magistrate Judge van Keulen granted Google's motion and ordered that "Google need not suspend its standard retention periods applicable to data logs that reflect event-level data of Chrome users in the United States." (Dkt. 174.) The Court has subsequently permitted Plaintiffs to take an additional Rule 30(b)(6) deposition on "more informed, and hence more specific" topics. (Dkt. 192-1.) Google will make its designee(s) available for this deposition.

**b.      Plaintiff Device Preservation:**

Joint Position: Google narrowed the devices at issue to laptops, desktops, smart phones and tablets. Magistrate Judge van Keulen further limited the devices to those with Chrome installed.  *See* Dkt. No. 173-1. The Chrome devices for the original four plaintiffs have been imaged, in accordance with Judge van Keulen's order of April 30, 2021, and imaging is in process for the Chrome devices of the newly added plaintiffs.

**INITIAL DISCLOSURES (paragraph 7)**

Following the filing of the First Amended Complaint on April 16, 2021, the newly-added Plaintiffs served their initial Rule 26 disclosures on May 17, 2021.

**DISCOVERY (paragraph 8)**

a.      **Summary of Meet-and-Confer Efforts:** The parties have diligently met and conferred several dozen times, usually by video conference, and have established a professional working relationship enabling the case to proceed in an efficient manner. While the disputes below are many, and the parties are far apart on several of them, both sides have engaged with each other to resolve

disputes where necessary and narrow them where resolution is not possible. At the direction of Magistrate Judge van Keulen, Plaintiffs have also coordinated with plaintiffs' counsel in related actions *Brown* and *Hewitt* to engage in efficiencies where possible.

**b.** <u>Written Discovery:</u> Since the last Case Management Statement, Plaintiffs served a second set of interrogatories on March 25, 2021 and Google responded on May 3, 2021. Google served its Third Set of Interrogatories on April 20, 2021. On April 22, 2021, Google also served its First and Second sets of Interrogatories, First and Second sets of Requests for Admission, and First Set of Requests for Production to the new Named Plaintiffs. Google served an amended Interrogatory No. 7 and Request for Admission No. 1 on May 7, 2021. Plaintiffs will serve amended responses to Google's first and second sets of interrogatories, first document requests, and first and second sets of requests for admission, for old and new plaintiffs, by May 21, 2021.

c.      <u>**Document Production Status Report:**</u>

<u>Plaintiffs' Statement</u>: Google's slow pace of production continues to be a problem. To date, Google has only produced 14,822 documents, and the vast majority (approximately 14,000) are publicly available documents such as historical versions of the Chrome Privacy Notice. Google's defense below is factually incorrect and should not excuse the pace. First, Google has disputed each and every one of Plaintiffs' proposed terms on burden grounds although newly produced hit reports suggest otherwise for most. Second, Google admits below that the cause of the slow pace is that Google is withholding documents associated with ***any*** of Plaintiffs' proposed Search Terms until full agreement is reached on ***all*** terms. Plaintiffs are happy to see that undisputed terms will be run during the pendency of the disputes. Third, Google has refused to work with Plaintiffs to identify fixes to syntax errors, which are usually an easy fix. When the parties met and conferred with their

respective ESI consultants on May 5, 2021 as ordered by Judge van Keulen Google failed to provide basic information necessary to move those discussions forward. Plaintiffs continue to hope for a more constructive approach from Google and will seek priority guidance from Magistrate Judge van Keulen at the next discovery conference. Fourth, Plaintiffs do not allege that *any* claim turns on whether class members read and relied on any Google document. Contracts are enforceable, and nonconsensual spying on web browsing is "highly offensive" as a matter of law, regardless of which of the policies at issue Plaintiffs read. Finally, Google misstates Plaintiffs' position in arguing that Plaintiffs only seek production of public documents. To the contrary, Plaintiffs have provided Google with requests for specific internal documents, including those necessary for the ordered depositions, that Google has still not produced. Plaintiffs remain optimistic that with less than six months to the discovery completion deadline, Google will begin producing targeted collections and custodial documents in short order. The scope of Plaintiffs' own production was just settled by Judge van Keulen last week – Google sought discovery of all devices Plaintiffs had ever used to access the internet, unlimited by time – and Plaintiffs can use the Court's guidance to continue their substantial collection and production.

Google's Statement:  Plaintiffs' own production efforts merits scrutiny, as they have not made a *single* production since February 26, 2021 despite their claim that they have imaged the Named Plaintiffs' devices months ago.  To date, Plaintiffs have not produced *any* documents from their own files in response to Google's requests for production.

Google has produced 14,822 custodial and non-custodial documents spanning approximately 45,000 pages, and continues to produce on a two-week cadence.  Had Plaintiffs engaged earlier and more fully in the search term negotiation process, the production pipeline would be substantially

larger.  Tellingly, in the *Brown* action, the search term negotiations are largely complete.  By contrast, the *Calhoun* Plaintiffs have failed to meaningfully negotiate the set of terms they have proposed, many of which are facially overbroad (as explained in Section d., 1.6 below) and contain syntax errors that prevent Google from running them.  The parties raised this issue with Magistrate Judge Van Keulen.  On April 30, 2021, Magistrate Judge Van Keulen ordered that, by May 6, Plaintiffs shall provide a "*timeline* for Plaintiffs to provide *corrected* requests." Dkt. 173-1 at 2 (emphasis added).  Despite the Court's clear instructions, Plaintiffs did not provide corrected terms by May 6, and still have provided Google no indication as to when they will provide corrected terms pursuant to the Court's order.  The inability to agree on reasonable search terms has hindered the pace and volume of Google's production efforts.  Indeed, Google has already begun running its own terms to ensure that document production does not grind to a halt. Plaintiffs' claim that Google is "withholding documents associated with ***any*** of Plaintiffs' proposed Search Terms until full agreement is reached" is wrong. Google informed Plaintiffs on May 5 that it accepted certain of the terms from Plaintiffs' proposal.  Despite Plaintiffs' continued failure to meaningfully cooperate in these negotiations, and to avoid further delay, Google intends to run even more terms and will continue to produce responsive documents on a rolling basis (i.e., every two weeks).  Once the parties reach agreement on a final set of terms—or, if the parties cannot agree, when the Court orders a final set of terms—Google will run those terms and de-duplicate across the documents Google has collected with its own terms.  Meanwhile, Google has preemptively added to its reviewer ranks such that when the parties' search term negotiations are complete, there will be sufficient resources to complete production.

　　　Moreover, it should come as no surprise that the bulk of the production at this point consists

of Google documents that are also publicly-available. In fact, Plaintiffs have requested these documents--and for good reason. Plaintiffs allege that Google's publicly-available disclosures misled them.  In addition, Google describes many technologies and processes relevant to this case in documents that are publicly-available online.  Therefore, Google has devoted considerable time and resources into identifying, collecting, and producing relevant current and historical versions of the Google documents that are responsive to Plaintiffs' requests. The production of publicly-available documents--requested by Plaintiffs--should not be discounted.

d.      **Status of Discovery Disputes Raised with Magistrate Judge van Keulen:**[2]

**1.1:  30(b)(6) Deposition re: Event Logs**. Joint Statement: On April 9, 2021, Plaintiffs took a Rule 30(b)(6) deposition regarding Google's logs. A second deposition on related topics is not yet scheduled but will be completed by June 3, 2021. A third Rule 30(b)(6) deposition will be scheduled at the next discovery hearing with Judge van Keulen.

**1.2, 2.3, 2.4: Plaintiff Devices (Preservation and Production):** Plaintiffs' Statement: Plaintiffs moved for a protective order regarding preservation of their personal computing devices and production of data therefrom. The preservation issue has been resolved (see "Preservation" section above) and the data to be produced from the devices is being gathered for production as ordered by the Court on April 30, 2021. Plaintiffs will continue to produce documents located through targeted collections and by running search terms across Plaintiffs' emails. Plaintiffs have run 24 search strings, more than the 14 search strings Google proposed for its own ESI searches, as modified by Google. Plaintiffs are reviewing the results of those searches and anticipate commencing rolling

---

[2]   The discovery dispute numbers refer to the numbering used in the parties' status reports to Judge van Keulen.  Disputes 1.1 to 1.10 are disputes raised by Plaintiffs, and 2.1 to 2.10 are disputes raised by Google.

productions shortly.

Google's Statement: Plaintiffs have not produced relevant information from the Named Plaintiffs' devices yet, despite having imaged at least the original Named Plaintiffs' Chrome devices months ago.  Plaintiffs committed to producing by May 21, 2021 a list of the top 10 applications used by each Named Plaintiffs as ordered by the Court. (Dkt. 173-1 at 1.) Google will continue to work with Plaintiffs with respect to their production of documents and information from Plaintiffs' devices.

**1.3:   Google Production of Data Related to Plaintiffs or their Identifiers**:   Joint Statement: Google has been ordered to produce certain data related to the Named Plaintiffs and their identifiers. Dkt. No. 173-1. On May 12 and May 14, 2021, Google made three productions comprising data associated with authenticated and unauthenticated identifiers Plaintiffs provided to Google. Disputes have arisen regarding exactly what must be produced, which the parties will address with Judge van Keulen at the June 2nd discovery hearing.

**1.4: Documents Exchanged with Regulators**: Plaintiffs' Statement: The Court granted Plaintiffs' motion to compel the early production of subpoenas, CIDs and related correspondence exchanged with three domestic regulators in order to facilitate the discussion of search terms and custodians. The parties will confer over which documents should be produced here.  Disputes regarding other regulators will be raised with Judge van Keulen on June 2.

Google's Statement: Plaintiffs sought all documents produced to any U.S. regulator relating to any matter alleged in their Complaint, as well any subpoenas, CIDs, and correspondence related to those productions. Google offered to produce documents in response to investigations involving privacy concerns related to Chrome browsing -- a universe more tailored to Plaintiffs' claims.

Plaintiffs rejected Google's offer. MJ Van Keulen denied Plaintiffs' broad request, but ordered Google to provide Plaintiffs "the subpoenas and correspondence regarding the scope of requests for production in connection with the three matters discussed at the hearing" for the following three matters: 1) *State of Texas, et al. v. Google LLC*, 4:20-cv-957; 2) *State of Arizona ex rel. Mark Brnovich, Attorney General v. Google LLC*, No. CV 2020-006219 (Ariz. Superior Ct. 2020); and 3) 2020 FTC Investigation regarding Google's business practices related to Chrome extensions. Google complied with the Court's order on May 4, 2021. Plaintiffs now seek to resurrect the dispute, and ask for a list of regulatory investigations beyond the three specific matters they represented to the Court that they were seeking, and which the Court ordered Google to produce. *See* April 29, 2021 Hearing Tr. 54: 6-18.

**1.5:  Documents Produced in Related Litigation**: <u>Plaintiffs' Statement</u>: Plaintiffs have requested the production of documents exchanged in related litigation. Plaintiffs have offered to defer this dispute pending resolution of the "cross-use" issue discussed below (in paragraph 21, "Other").

<u>Google's Statement</u>: In their discovery requests, Plaintiffs asked Google to produce documents produced to any litigant in any other U.S. litigation related to any matter alleged in their Complaint. At the April 29, 2021 hearing, Plaintiffs limited their request to documents produced in *Brown v. Google LLC*, No. 20-CV-03664 and *Hewitt v. Google LLC*, No. 21-CV-02155.  Magistrate Judge Van Keulen subsequently ordered Google to provide a list of U.S. litigations arising from conduct that occurred during the Class Period and related to data privacy in the context of browsing on Chrome. (Dkt. No. 173-1.) In accordance with that order, Google identified only three cases that relate to data privacy in the context of browsing on Chrome: *Brown v. Google LLC*, No. 20-CV-03664, *Hewitt v. Google LLC*, No. 21-CV-02155, and *Delahunty v. Google, LLC*, 21-CV-3360.

This dispute is not currently ripe for judicial intervention.

**1.6:  ESI Search Terms**: <u>Plaintiffs' Statement</u>: disputes have arisen regarding ESI Search Terms. Judge van Keulen ordered the parties to complete discussions by May 20, 2021, and report on progress in the May 26, 2021 status report.  Following the Court's order, the parties conferred on May 18, 2021 and anticipate further discussions in advance of the May 20, 2021 deadline.  Plaintiffs disagree with Google's position that Plaintiffs are in violation of the Court's order. Once Google provides the information necessary to make appropriate modifications to any terms presenting the claimed syntax issues, Plaintiffs will promptly propose revisions.

<u>Google's Statement</u>: Plaintiffs misstate the May 13, 2021 Order and omit their failure to comply with the April 30, 2021 Order.  The May 13 Order directed the parties to "meet and confer regarding ESI search terms for [eight newly added] custodians," which is in process.  The April 30 Order ordered Plaintiffs to provide a "*timeline … to provide corrected* [search term] requests," by May 6. Dkt. 173-1 at 2 (emphases added). Plaintiffs have ***still*** not done so.  Despite meeting and conferring with Google's ESI representative and receiving answers to their syntax inquiries two weeks ago, Plaintiffs have not corrected their terms or even provided a date certain for doing so. Instead, Plaintiffs ignore the Court's Order and insist that *Google* guess at the terms that *Plaintiffs* seek in response to *their own* document requests.  Moreover, despite receiving hit counts for their remaining terms (e.g., standalone terms like <priv*>, <sync*>, <"ChromeSync">, <cid>, <cookie*>, <track*>, <monitor*>, and <"x-client header">), which collectively generated over 5 million hits, Plaintiffs have failed to make a *single* modification to these overbroad and unduly burdensome terms. Google will raise these issues with Magistrate Judge van Keulen in the May 26, 2021 status report.

**1.7:  ESI Custodians:**  <u>Joint Statement</u>: Plaintiffs moved to compel the production of documents from additional ESI Custodians, which Judge van Keulen denied in part and granted in part.

**1.8:  Officer and Director Documents**: <u>Plaintiffs' Statement</u>: The Court ordered Google to produce documents authored or received by "officers or directors" if related to Chrome privacy. The deadline to produce is June 15.

<u>Google's Statement</u>:  In compliance with the Court's orders (Dkt. Nos. 173-1, 181-1), Google is searching the email inboxes of officers and directors of Google (only) for the period January 2015 to the present, using the search term <Chrome /50 "data privacy)>. Consistent with Magistrate Judge Van Keulen's ruling in *Brown v. Google*, No. 20-CV-03664, holding that Keith Enright, Google's Chief Privacy Officer, would not be an appropriate document custodian, Google will exclude those individuals who are lawyers actively providing legal advice to Google.

**1.9:  Draft Documents**: <u>Joint Statement</u>: The parties raised disputes regarding the production of certain draft documents, including drafts of the Chrome Privacy Notice, the Privacy Policy, and a developer document called the "White Paper." The parties are hopeful that this dispute may be resolved without court intervention.

**1.10: Other Disputes**: there are several other disputes regarding objections raised by Google to certain RFPs, which are not yet ripe to bring to the Court.  The parties will continue to discuss and raise them with Judge van Keulen if any reach impasse.

**2.2:  Timing of Named Plaintiff Depositions**: See paragraph 8(g) below.

**2.7:  Google's Request for Production No. 3**: <u>Joint Statement</u>: Plaintiffs have agreed to produce Chrome Device Settings from the Named Plaintiffs' Chrome Devices in response to this RFP.

**2.7:   Google's Request for Production No. 5**: <u>Google's Statement:</u> Plaintiffs have refused to

provide an answer on whether they intend to search for and produce documents responsive to this RFP regarding documents related to Named Plaintiffs' alleged harm. Google is meeting and conferring with Plaintiffs in an attempt to resolve this dispute but intends to raise this issue with Magistrate Judge van Keulen if they refuse to provide the requested information.

<u>Plaintiffs' Response</u>: Google's RFP 5 requests all documents related to or reflecting Plaintiffs alleged harm or loss as a result of the misconduct alleged. As indicated in their written responses, to the extent this RFP seeks expert disclosures, Plaintiffs will provide relevant disclosures in accordance with the Federal Rules of Civil Procedure and orders of this Court. In addition, Plaintiffs will meet and confer with Google regarding any other perceived issues.

**2.10: Google's Interrogatory No. 6**: <u>Google's Statement:</u> Plaintiffs' responses are deficient to this interrogatory regarding Named Plaintiffs' bases for their alleged understanding that Google would not receive the data at issue from its services when they use Chrome without sync enabled. Google will continue to work with Plaintiffs but intends to raise this issue with Magistrate Judge van Keulen if Plaintiffs refuse to supplement their response with the requested information.

<u>Plaintiffs' Statement</u>:  Plaintiffs' responses were not "deficient." Rather, Google disagreed with Plaintiffs' properly-asserted objections. Plaintiffs have also asked Google to withdraw this interrogatory in light of Plaintiffs' narrowing of the case by removing the "fraudulent" prong UCL claim (the only reliance-based claim) from the First Amended Complaint. Plaintiffs had hoped that this effort to streamline the litigation would similarly streamline discovery. Google disagrees. Plaintiffs will amend their objections, served before the amendment, and re-serve.

e.        **<u>Summary of Discovery Deadlines:</u>**  The following discovery deadlines have been set but not all appear on the docket.  Judge van Keulen has imposed an active discovery schedule:

·        **May 19:** extended deadline to confer over redactions to transcript of April

29 hearing, provide errata for first 30(b)(6) deposition, and for plaintiffs to amend certain responses to written discovery in light of FAC.
·   **May 20:**  deadline for parties to confer over ESI Search Terms for newly-added custodians.
·   **May 21**: deadline for Plaintiffs to provide Original Named Plaintiffs' amended responses and objections to Google's discovery requests, including the top-10 most frequently used applications by the Original Named Plaintiffs, and for plaintiffs to amend certain responses to written discovery in light of FAC.
·   **May 21**: deadline for Plaintiffs to respond to Google's Third Set of Interrogatories.
·   **May 21:**  deadline for parties to confer regarding the use of UMA.
·   **May 26:**  deadline to file report on discovery disputes with Magistrate Judge van Keulen.
·   **June 2:**  discovery status hearing with Magistrate Judge van Keulen.
·    **June 3:**  deadline to complete second 30(b)(6) deposition regarding data logs.
·   **June 15:**  deadline to produce officer and director documents.
·   **December 3:**  close of fact discovery.

f.      **Experts:**  Pursuant to Section 7.4(a)(2) of the Protective Order (Dkt No. 61), Plaintiffs have sought permission to share discovery material designated "Highly Confidential" with three experts: Dr. Matthew Green and Dr. Charles Cowan, and a third expert who has not been publicly revealed.  Following the expert disclosures required under the Protective Order, Google authorized Plaintiffs to share the discovery material.

g.      **Depositions of Plaintiffs:** Google's Position:  Google served a deposition notice on Plaintiff Claudia Kindler on March 29, 2021.  Plaintiffs initially refused to make Ms. Kindler available before class certification. On May 10, 2021, Magistrate Judge Van Keulen ordered Plaintiffs to provide a date for Ms. Kindler's deposition.  On May 11, 2021, Plaintiffs offered to make Ms. Kindler available two months later—on July 5, 2021 (a national holiday).  Plaintiffs have refused to make Ms. Kindler available earlier, citing work commitments and vacation, even though Google has agreed to depose her on a weekend in May or June to accommodate her work commitments.  Google will continue to work with Plaintiffs to set an appropriate date for Ms. Kindler's deposition, but may need to raise this issue with Magistrate Judge Van Keulen.

Pursuant to Local Civil Rule 30-1, Google first requested dates that Plaintiff Hadiyah Jackson

would be available for deposition on April 20, renewed the request on May 2, and renewed the request again on May 11.  On May 13, Plaintiffs first indicated that they would make Ms. Jackson available for a deposition in June, and on May 18, 2021, indicated that she would be available to sit for a deposition between June 8-11. Google agreed to depose Ms. Jackson on June 10.

Plaintiffs' Statement: Plaintiffs agreed to early plaintiff depositions, but asked for three common-sense things to ensure fairness, all of which were accepted and ordered by Magistrate Judge van Keulen on April 30. First, Google must produce all documents and information in its possession that are associated with the plaintiffs or their identifiers (prior to the depositions). Second, the Court resolved the scope of plaintiffs' discovery. Third, plaintiffs will only be deposed once. Plaintiffs have offered several mid-June dates for Ms. Jackson, and July 5 for Ms. Kindler (who is opening her clinic in June to pre-Covid hours), assuming Google complies with its discovery obligations. Google has not responded to those dates.

**SCHEDULING (paragraph 17)**

Google's Position: Google believes that the schedule in the case should be adjusted such that expert discovery relating to class certification issues is completed before the parties brief whether or not the proposed class should be certified.  Contrary to Plaintiffs' contention below, Google sought to engage Plaintiffs regarding an adjustment to the schedule more than a week ago, on May 11, 2021 (not earlier this evening), and again in the days thereafter, but was met with silence.

Under the current schedule, *see* Dkt. No. 83, fact discovery is set to close on December 3, 2021.  Expert discovery begins December 22, 2021 and closes March 2, 2022.  Both sides have indicated they are likely to rely on expert testimony either in support of or in opposition to

Plaintiffs' motion for class certification.   However, class certification briefing is set to begin September 2, 2021—before the close of fact discovery and before expert discovery even begins. The schedule does not currently contemplate that the parties will conduct *any* expert discovery— or even identify their experts and topics of testimony—before briefing class certification.

This schedule will create inefficiency for the Court and prejudice for the parties. If Plaintiffs only disclose the identity and opinions of their class certification experts for the first time when they file their motion for certification, Google will have only seven weeks to prepare its opposition, depose an unknown number of experts, identify rebuttal experts, prepare rebuttal reports,  prepare and file any *Daubert* motions, and incorporate the foregoing into its opposition.  Meanwhile, during this same period, the parties will almost certainly be engaged in fact witness depositions.  Moreover, Google will likely submit affirmative expert reports in support of its opposition to class certification.  To the extent Plaintiffs seek to depose Google's experts and/or submit rebuttal reports of their own, they should not be permitted to rely on such material in their reply brief because Google would not have had an opportunity to depose Plaintiffs' rebuttal experts or comment on their testimony, and the law is clear that a party may not raise an argument or new facts for the first time on reply. *See Chinitz v. Intero Real Est. Servs.*, 2020 WL 7391299, at *4 (N.D. Cal. July 22, 2020) (sustaining objections to expert declaration submitted with reply in support of class certification because "it contains new opinions based on new documents and work performed after her deposition was completed"); *Castillo v. Bank of Am. Nat'l Ass'n*, 2019 WL 3818954, at *11 (C.D. Cal. July 16, 2019), *aff'd sub nom. Castillo v. Bank of Am., NA*, 980 F.3d 723 (9th Cir. 2020) (holding that "submission of this supplemental expert report on reply [in support of class certification] is improper . . .because it does not allow the defendant an adequate opportunity to

respond").

In addition, since fact discovery will be incomplete when Plaintiffs file their class certification motion, there is the risk that Plaintiffs will seek to renew their class certification motion if additional evidence or testimony that they believe is relevant to class certification is produced after they file their motion.  It would be more efficient to complete fact (and expert discovery) before briefing class certification.

For these reasons, Google proposes that the schedule be adjusted such that the parties complete fact and expert discovery before briefing class certification.  This is consistent with the existing schedule in *Brown*.  Plaintiffs have indicated that they are considering Google's proposal and have proposed that the parties propose a joint or competing schedules at the next CMC.  Google believes that the parties will benefit from having clarity on the case schedule sooner rather than later, and respectfully requests that the Court adopt the schedule as set forth in the proposed CMO.

<u>Plaintiffs' Response</u>: The parties met and conferred for the first time on this topic yesterday, May 18, 2021. The current class certification briefing schedule was agreed to by both sides before being approved by the Court. Google demands that Plaintiffs disclose now how many experts they will use. Plaintiffs believe it premature to change expert disclosure deadlines until after substantial discovery that will inform the number and nature of experts needed at class certification. At 5 pm this evening, Google proposed a new case management schedule. Plaintiffs propose that the parties discuss this schedule and update the Court in short order if the parties cannot reach agreement.

**OTHER (paragraph 21)**

<u>Plaintiffs' Statement</u>: Judge van Keulen has suggested the parties discuss the "cross-use" of documents among the three related Google browser privacy cases (*Calhoun*, *Brown* and *Hewitt*) in

complement to the parties' other coordination efforts.

While not identical, the three cases involve many of the same documents and witnesses. Some search terms and custodians are certain to overlap. For example, counsel for Google in *Hewitt* agrees that certain regulatory documents produced in *Calhoun* be used to identify relevant documents in *Hewitt*.  Google's *Calhoun* counsel has not yet agreed to do so.  To avoid collateral skirmishes on such issues, Plaintiffs' counsel in *Brown*, *Calhoun* and *Hewitt* jointly propose cross-production of documents.

<u>Google's Statement</u>: This is an issue actively managed by Magistrate Judge van Keulen. Judge Van Keulen has already rejected Plaintiffs' request that Google indiscriminately produce across all cases the documents that it has produced in related privacy cases. (4/29/2020 Hearing Tr. at 60.) That would amount to an improper cloned discovery, routinely rejected by courts.  In any event, in accordance with Judge van Keulen's April 30, 2021 order (Dkt. No. 173-1), Google has been meeting and conferring with Plaintiffs in both *Brown* and *Calhoun* to arrive at a tailored cross-use of certain documents that will further the twin goals of efficiency and fairness.

1

Dated: May 19, 2021

2

**BLEICHMAR FONTI & AULD LLP**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

3

By: _/s/ Lesley Weaver_

4

Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)

By: _/s/ Andrew H. Schapiro_
Andrew H. Schapiro (admitted _pro hac vice_)

5

Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600

_andrewschapiro@quinnemanuel.com_
191 N. Wacker Drive, Suite 2700

6

Oakland, CA 94607
Tel.: (415) 445-4003

Chicago, IL 60606
Tel: (312) 705-7400

7

Fax: (415) 445-4020
_lweaver@bfalaw.com_

Fax: (312) 705-7401

8

_aornelas@bfalaw.com_
_jsamra@bfalaw.com_

Stephen A. Broome (CA Bar No. 314605)
_stephenbroome@quinnemanuel.com_

9

**DICELLO LEVITT GUTZLER**

Viola Trebicka (CA Bar No. 269526)
_violatrebicka@quinnemanuel.com_

10

865 S. Figueroa Street, 10th Floor

By: _/s/ David A. Straite_

Los Angeles, CA 90017

11

David A. Straite (admitted _pro hac vice_)
One Grand Central Place

Tel: (213) 443-3000
Fax: (213) 443-3100

12

60 East 42nd Street, Suite 2400
New York, New York 10165

13

Tel.: (646) 933-1000

Jomaire Crawford (admitted _pro hac vice_)
_jomairecrawford@quinnemanuel.com_

14

_dstraite@dicellolevitt.com_

51 Madison Avenue, 22nd Floor
New York, NY 10010

15

Amy E. Keller (admitted _pro hac vice_)
Adam Levitt (admitted _pro hac vice_)

Tel: (212) 849-7000
Fax: (212) 849-7100

16

Ten North Dearborn Street
Sixth Floor

17

Chicago, IL 60602
Tel.: (312) 214-7900

Josef Ansorge (admitted _pro hac vice_)
_josefansorge@quinnemanuel.com_
1300 I Street NW, Suite 900

18

_akeller@dicellolevitt.com_
_alevitt@dicellolevitt.com_

Washington D.C., 20005
Tel: (202) 538-8000

19

Fax: (202) 538-8100

**SIMMONS HANLY CONROY LLC**

20

Jonathan Tse (CA Bar No. 305468)

By: _/s/ Jay Barnes_

_jonathantse@quinnemanuel.com_

21

Mitchell M. Breit (admitted _pro hac vice_)
Jason 'Jay' Barnes (admitted _pro hac vice_)

50 California Street, 22nd Floor
San Francisco, CA 94111

22

An Truong (admitted _pro hac vice_)
Eric Johnson (admitted _pro hac vice_)

Tel: (415) 875-6600
Fax: (415) 875-6700

23

112 Madison Avenue, 7th Floor
New York, NY 10016

24

Tel.: (212) 784-6400
Fax: (212) 213-5949

Thao Thai (CA Bar No. 324672)
_thaothai@quinnemanuel.com_
555 Twin Dolphin Drive, 5th Floor

25

_mbreit@simmonsfirm.com_
_jaybarnes@simmonsfirm.com_

Redwood Shores, CA 94065
Tel: (650) 801-5000

26

_atruong@simmonsfirm.com_

Fax: (650) 801-5100

27

_Counsel for Plaintiffs_

_Counsel for Defendant_

28

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

2

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained

3

from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

4

5

Executed this 19th day of May, 2021, at Oakland, California.

6

7

*/s/ Lesley E. Weaver*
Lesley E. Weaver

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2    I, Lesley E. Weaver, hereby certify that on May 19, 2021, I caused a copy of this THIRD

3    SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT to be filed via CM/ECF, which

4    will effect service on counsel of record for all parties.

5    Executed this 19th Day of May, 2021, at Oakland, California.

6

7    _Lesley E. Weaver_
     Lesley E. Weaver

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28