UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK CALHOUN, et al.,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 20-cv-05146-LHK (SVK)

**ORDER ON MOTIONS TO SEAL**

Re: Dkt. Nos. 186, 188

Now before the Court are Google's Administrative Motions to File Documents Under Seal (Dkt. 186, 188) seeking to seal portions of the parties' May 11, 2021 and May 12, 2021 Joint Discovery Letter Briefs (Dkt. 187, 189).

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with a discovery-related motion, rather than a motion that concerns the merits of the case. The Court may reach different conclusions regarding sealing

these documents under different standards or in a different context. Having considered the motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court **ORDERS** as follows:

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Joint Letter Brief re Additional Google ESI Custodians (Dkt. 187) | GRANTED as to redacted portions at 3:15, 6:8, 6:10 | Narrowly tailored to protect confidential and proprietary information regarding Google employees and their roles and responsibilities within Google as they relate to internal, proprietary Google services. |
| Exhibit C (Dkt. 187-3) | GRANTED as to redacted portions at pp. 1, 2 | Narrowly tailored to protect confidential and proprietary information regarding Google employees and their roles and responsibilities within Google as they relate to internal, proprietary Google services. |
| Joint Letter Brief re Additional 30(b)(6) Deposition (Dkt. 189) | GRANTED as to redacted portions at 1:4-5, 1:19, 1:20-22, 1:23-24, 1:25, 2:3, 2:4, 2:5, 2:9, 2:25, 2:26, 2:27, 4:11-12, 4:15-16, 4:25-27, 5:2-3, 5:4, 5:9, 5:10, 5:12-14, 5:15-16 | Narrowly tailored to protect highly confidential and proprietary information regarding Google's internal systems and operations, including details related to the various types of identifiers/cookies Google uses internally and their proprietary functions, the various types of data logs maintained by Google, including the information contained in those log and the cost in man-hours to properly separate out the requested data, and the role and responsibilities of its employee as they relate to internal, proprietary Google services. |
| Exhibit A (Dkt. 189-1) | GRANTED as to redacted portions at 2:8-9, 2:12, 2:13, 2:17, 3:2-3 | Narrowly tailored to protect highly confidential and proprietary information regarding Google's internal systems and operations, including details related to the various types of |

2

| | | |
|---|---|---|
| | | identifiers / cookies Google uses internally and their proprietary functions. |
| Exhibit B (Dkt. 189-2) | DENIED WITHOUT PREJUDICE | Google has submitted two unredacted versions of Exhibit B (Dkt. 188-8 and 188-9, *i.e.,* Exhibits F and G to the Declaration of Viola Trebicka submitted in support of Google's motion to seal) with different proposed redactions. The declaration does not describe or explain Exhibits F and G. Within **7 days of the date of this order**, Google must file either (1) corrected proposed redacted and unredacted versions of Exhibit B along with a proposed order; or (2) an explanation of the existing unredacted versions of Exhibit B (Dkt. 188-8 and 188-9). |

**SO ORDERED.**

Dated: May 25, 2021

SUSAN VAN KEULEN
United States Magistrate Judge