UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-05146-LHK (SVK)<br><br>**ORDER ON JOINT SUBMISSION RE SEALING PORTIONS OF APRIL 29, 2021 HEARING TRANSCRIPT**<br><br>Re: Dkt. No. 200 |

Now before the Court is the Parties' joint submission (Dkt. 200), in which Google requests that the Court seal portions of the transcript of the April 29, 2021 discovery hearing.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with a discovery-related motion, rather than a motion that concerns the merits of the case. The Court may reach different conclusions regarding sealing these documents under different standards or in a different context. Having considered the

motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court **ORDERS** as follows:

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| April 29, 2021 Discovery Hearing Transcript | GRANTED as to redacted portions at 8:5-6, 8:16-17, 9:5-6, 9:22, 11:2-4, 11:10-11, 11:14-15, 12:4-6; 12:7, 12:9-12, 12:25-13:3, 13:6-12, 13:14-18, 13:20-25, 14:22-23, 16:8-14, 16:20-23, 16:24-17:4, 18:2-7, 18:9-11, 21:21-22, 22:2-4, 22:8-9, 22:11-12, 22:21-23:2, 23:13-16, 23:19-20, 24:4-6, 24:9, 25;10-12, 38:23, 39:1-3, 39:6-8, 40:13-14, 40:18, 40:20–22, 41:1, 41:5, 41:8-9, 42:1-2, 42:3-7. 42:9, 42:10-11, 42:14, 42:17-21, 43:1-12, 44:1, 44:11, 44:12, 44:14-18, 44:20-45:1, 45:22-24, 45:25-46:10, 46:20-24, 47:4-15, 47:20-22, 48:13-14, 48:17-18, 48:25-49:1, 49:9-13, 49:19-20 | Narrowly tailored to protect confidential information regarding Google's internal systems and operations, including details related to the various types of identifiers/cookies Google uses internally and their proprietary functions, the various types of data logs maintained by Google, and which logs are linked to a user's Google Account. |

**SO ORDERED.**

Dated: May 26, 2021

SUSAN VAN KEULEN
United States Magistrate Judge