UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-05146-LHK (SVK)<br><br>**FURTHER ORDER ON ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 188 |

Now before the Court is Google's Administrative Motion to File Documents Under Seal (Dkt. 188) seeking to seal portions of the parties' May 12, 2021 Joint Discovery Letter Brief (Dkt. 189), as well as the Clarification of Exhibit B of the Motion to Seal (Dkt. 213) provided in response to the Court's May 25, 2021 order (Dkt. 204).

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local

1 Rule 79-5.

2  Here, the "good cause" standard applies because the information the parties seek to seal
3 was submitted to the Court in connection with a discovery-related motion, rather than a motion
4 that concerns the merits of the case. The Court may reach different conclusions regarding sealing
5 these documents under different standards or in a different context. Having considered the
6 motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the
7 Court **ORDERS** as follows:

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Exhibit B (Dkt. 189-2) | GRANTED as to redacted portions at 9:11, 36:1-3, 36:8-37:5, 37:9-38:1, 39:24-40:6, 42:25-43:2, 43:8-12, 43:17-19, 43:21-44:14, 46:2-19, 46:21-47:4, 47:16-25, 49:1-3, 49:12-50:2, 52:13-19, 54:16-56:2, 57:2-59:9, 59:13-14, 59:24-61:10, 62:4-19, 62:23-24, 63:17-64:13, 65:23-67:1, 67:5, 67:13-68:6, 69:2-11, 69:14-18, 69:20-22, 70:1-5, 70:18-71:3, 71:23-78:5, 78:7-18, 78:23-79:13, 79:16-17, 79:19-80:11, 80:17-24, 81:1-3, 81:5-17, 81:22-82:3, 83:13-20, 84:1-2, 84:5-6, 84:8-85:12, 86:14-87:21, 88:15-22, 89:4-25, 90:2-22, 90:25-91:2, 92:10- | Narrowly tailored to protect confidential and proprietary information regarding Google's internal systems and operations, including details related to the various types of identifiers/ cookies Google uses internally and their proprietary functions, the various types of data logs maintained by Google, including the information contained in those logs, and the role and responsibilities of its employee as they relate to internal, proprietary Google services, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. |

| | | |
|---|---|---|
| | 93:14, 93:18-22, 93:24-97:8, 97:18-24, 98:3-4, 98:7-100:21, 100:25-101:4, 101:6-102:20, 103:3-12, 103:16-107:25, 108:5-9, 108:13-110:13, 110:16-25, 111:2-14, 111:18-22, 111:24-113:7, 113:19-20, 113:23-114:5, 114:7-14, 121:7-122:5, 122:8-17, 128:7-8, 128:16-19, 142:24-143:9, 143:15-144:25, 149:4-24, 183:17-190:2, 191:4-200:18, 200:23-202:1, 202:6-8, 202:10-203:25, 204:8-206:14, 206:18-207:14, 207:19-20, 207:24-208:6, 209:16-213:10, 213:18-19, 213:24-216:2, 228:23-234:5, 235:20-236:16, 236:19-239:5, 241:14-243:19, 252:12-17, 254:9-15, 254:20-255:22, 258:10-259:19, 261:25-262:15, 263:8-24, 264:11-265:25, 266:3-13, 266:17-20, 267:17-268:14, 269:3-270:14, 271:6-274:21, 274:24-277:10, 277:13-283:12, 283:17-25, 285:2-286:7, 286:13-289:6, 290:2-292:4, 292:7-24, 293:1- | |

| | |
|---|---|
| | 297:14, 297:19-298:2, 298:6, 298:17-299:1, 299:7-14, 299:20-22, 300:19-24, 301;1-308:7, 308:16-310:3, 310:6-25, 311:2-315:7, 315:15-25, 317:1-22, 319:21-320:20, 321;6-322:13, 325:25-328:19, 329:2-333:19, 334:8-337:5, 337:13-339:15, 340:9-341:13, 342:8-12, 342:15-25, 343:2-12, 343:16-344:17; Index, pp. 7, 8, 20, 22, 25, 28, 29, 33, 35, 39, 42, 47, 65 | |

**SO ORDERED.**

Dated: June 8, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge

4