EXHIBIT A

**6.    SEARCH**

a)    ~~The parties agree that in~~Before responding to ~~an initial~~a Fed. R. Civ. P. 34 request, ~~or earlier if appropriate~~, the parties~~y~~ will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b)    **Search Methodology**, ~~and~~ **Search Terms**, **ESI Custodians and Non-Custodial Sources**: The parties recognize that there exist a variety of search tools and methodologies, including but not limited to the use of search terms and technology assisted review ("TAR") tools. The parties agree to meet and confer over the use of search tools and methodologies, including the use of search terms, targeted searches and TAR, before any particular tool or methodology is applied. The parties will work together to craft a search protocol mutually acceptable to both sides. If the parties do not reach agreement on such search tools, the searching party will disclose its methodology in writing and with sufficient time and specificity to allow for the requesting party to object.

As used above, the term "meet and confer" shall encompass, at a minimum, the following with regard to search term and custodial negotiations, and shall provide a model for any other negotiations regarding search processes:

      i.    Within 14 days of the ~~date the Court enters the ESI Protocol~~service of any Fed. R. Civ. P. 34 request (or within 14 days of any ordered or negotiated resolution of a disputed objection), the responding party shall propose custodians, non-custodial sources ~~and~~ initial search terms to be run across ESI sources identified as containing potentially relevant ESI. The requesting party will respond to the proposed search terms, ~~and~~ custodians and non-custodial sources within 14 days, and the parties shall negotiate differences in good faith including the use of hit reports as provided in (iii)-(vii) ~~and (iii)~~ below.

ii. ~~-~~In the absence of full agreement on ESI custodians and non-custodial sources, the parties shall present their disputes to the Court in accordance with the Magistrate Judge van Keulen's Civil Standing Order unless the parties agree otherwise. Additional custodians and non-custodial sources may be proposed upon a showing of good cause. Within 14 days of the agreed (or ordered) addition of new custodians, the producing party shall propose ESI search terms per subsection (i) above and subsections (iii)-(viii) below.

iii. In the absence of full agreement on search terms, the responding party shall provide hit reports (to include unique hits and hits with families) on any terms the responding party disputes within 14 days of receipt of the requesting party's proposed search terms. If the responding party claims an inability to run any proposed terms because of syntax or other technical reasons, the parties shall make technical experts available to confer and solve the errors within five business days and still must thereafter comply with the requirement in this subsection to produce hit reports within 14 days of the requesting party's proposed terms (as modified).

iv. The parties shall meet and confer following the exchange of search terms. For any search term that the producing party claims is unduly burdensome or not proportional to the needs of the case, the party shall provide a general description of the some of the non-relevant types of information that each disputed search term is returning in addition to the hit reports.

v. If the producing party claims facial irrelevance with respect to any proposed term, such objection shall not excuse the obligation to comply with these subsections within the time required. Instead, the objecting party may raise the argument during the meet-and-confer process and as outlined in (vii) below.

    iii. vi. No party may demand that the other reduce disputes to writing as a precondition to conferring as required by this Order, by the Federal Rules of Civil Procedure, by the Northern District of California Civil Local Rules, or any other reason.

    vii. If the parties are unable to reach agreement on search terms within 14 days of the meet and confer, unless otherwise agreed, they shall present their disputes to the Court in accordance with the Magistrate Judge Van Keulen's Civil Standing Order.

    iv. viii. It is expected that as the requesting party's understanding of the producing party's documents evolve, additional search terms related to any Fed. R. Civ. P. 34 request may need to be proposed ("Supplemental Terms"). The producing party shall make a good faith effort, however, to ensure that the Supplemental Terms are proposed in no more than two supplemental batches. Any further Supplemental Terms will only be permitted upon a showing of good cause.

  c) Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Unless necessary to render relevant ESI in reasonably usable format, additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Windows Cabinet

File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File.

    d)    **De-duplication**. The Parties will make reasonable efforts to de-duplicate ESI documents globally through MD5 Hash or SourceHash and enter all unique names in the DE-DUPED CUSTODIAN metadata field prior to production. The Parties will meet and confer about whether additional methods of de-duplication across various sets of documents will reduce both Parties' burden to review and produce data. Notwithstanding the foregoing, attachments to emails shall not be eliminated from the parent email because they are duplicative of a document or email attachment elsewhere in the production.

    e)    **Email Threading**. A party may de-duplicate responsive ESI across Custodians through MD5 hash or SourceHash. Emails in an email thread that are collected and de-duplicated shall be produced individually as separate documents. The parties agree that email threading may be employed for production of email threads with redactions. The parties retain the right to request production of earlier-in-thread versions of any last-in-thread, redacted documents that are produced.

    f)    Source code files will be provided according to the Protective Order and not included in custodial data productions. If applicable, no provision of this Order affects the inspection or production of source code which will be collected and made available consistent with the Protective Order governing this case.