EXHIBIT B

6.  **SEARCH**

    a)  The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

    b)  **Scheduling**: The following deadlines shall apply to facilitate an efficient document collection and production process:

        i.  All requests for additional custodians must be made by September 2, 2021, three months before the close of fact discovery. The parties must meet and confer to resolve any disputes, and raise to the Court by October 2, 2021 any disputes on which they have reached impasse.

        ii. All requests for additional search terms, except as specified in Section 6(c)(i), must be made by September 2, 2021. The parties must meet and confer to resolve any disputes, and raise to the Court by October 2, 2021 any dispute on which they have reached impasse.

    c)  **Search Term and Custodian Caps:** The following caps on document hit counts and custodians shall apply to facilitate an efficient document collection and production process and to ensure that the burdens imposed by such requests are proportional to the needs of this case:

        i.   There shall be no additional search terms proposed as it relates to Plaintiffs' First Set of RFPs ("Plaintiffs' First Fed. R. Civ. P. 34 Requests"). The parties will work in good faith to promptly resolve disputes concerning Plaintiffs' February 3, 2021 search term counterproposal.

        ii.  Using the guidance that Google has provided, Plaintiffs shall narrow their counterproposal so that, when run against the documents of the original eighteen custodians that Google proposed, such terms do not exceed the cap set by the Court.

        iii. With respect to any new custodians added in relation to Plaintiffs' First Fed. R. Civ. P. 34 Requests, the responding party will apply the search terms it originally proposed on January 20, 2021. Subject to the deadlines set forth in Section 6(b)(ii), as modified, and the procedure set forth in Section 6(d), as modified, the parties will negotiate in good faith to determine whether additional search terms are needed to identify documents responsive to any future Fed. R. Civ. P. 34 requests ("Plaintiffs' Future Fed. R. Civ. P. 34 Requests").

        iv.  Plaintiffs may propose additional Google document custodians upon a showing of good cause, subject to the deadlines in Section 6(b)(i) as

> modified However, the total number of custodians in the case shall not exceed 50 in number.

b)d)    **Search Methodology and Search Terms**: The parties recognize that there exist a variety of search tools and methodologies, including but not limited to the use of search terms and technology assisted review ("TAR") tools. The parties agree to meet and confer over the use of search tools and methodologies, including the use of search terms and TAR, before any particular tool or methodology is applied.

As used above, the term "meet and confer" shall encompass, at a minimum, the following:

> i.   ~~Within 14 days of~~ Plaintiffs' First Fed. R. Civ. P. 34 Requests: For the ~~date~~ search terms current being negotiated from Plaintiffs' February 3 counterproposal, the requesting party must make a revised counterproposal by July 6, 2021 (consistent with the syntax and other guidance provided by Google) intended to bring the total number of hits down from 6.5 million to the cap set by the Court ~~enters the ESI Protocol~~.
>
>> a. To minimize the risk of syntax errors, the revised counterproposal (i) should not place wildcards within quotation marks, to minimize the risk of inaccurate hit counts, (ii) should employ reasonable proximity limiters (e.g., /5, /10, /15), and (iii) should avoid liberal use of wildcards, which may generate a high number of false positive results. If the requesting party's counterproposal contains syntax errors that prevent the responding party from testing the full set of revised terms, the responding party shall ~~propose custodians and initial search terms to~~ promptly notify the requesting party, and the requesting party shall correct any such terms within three days of notice.
>>
>> b. Once any threshold issues are resolved (i.e., the full counterproposal can be run ~~across ESI sources identified as containing potentially relevant ESI. The requesting party~~ ), the responding party will ~~respond to the proposed search terms and custodians within 14~~ test the terms and inform the requesting party of the resulting hit count, and whether the counterproposal meets the agreed-upon cap. The responding party will provide hit counts within two business days~~, and~~.
>>
>> ~~a.~~c. The parties shall negotiate differences arising from the requesting party's revised counterproposal in good faith ~~including the use of hit reports as provided in (ii) and (iii) below.~~. In the absence of full agreement on ~~ESI custodians~~ the revised counterproposal, the parties shall present their disputes to the Court in accordance with the Magistrate Judge van

Keulen's Civil Standing Order ~~unless the parties agree otherwise. Additional custodians may be proposed upon a showing of good cause.~~ no later than August 2, 2021.

i. ~~The responding party shall provide hit reports (to include unique hits and hits with families) on any terms the responding party disputes within 14 days of receipt of the requesting party's proposed search terms.~~

ii. ~~The parties shall meet and confer following the exchange of search terms. For any search term that the producing party claims is unduly burdensome or not proportional to the needs of the case, the party shall provide a general description of the some of the non-relevant types of information that each disputed search term is returning.~~

~~If~~

ii. Plaintiffs' Future Fed. R. Civ. P. 34 Requests: For any such requests served by July 15, 2021, the responding party shall, within 14 days of serving its responses and objections, either (i) identify additional search terms and/or custodians; or (ii) confirm that the responding party's January 20, 2021 terms and the then-current set of custodians (or a subset thereof) is sufficient to identify documents in response to such Future Fed. R. Civ. P. 34 Requests.

   a. The requesting party will respond within 14 days, including with any search term counterproposals and/or custodian requests. To minimize the risk of syntax errors, any such counterproposal (i) should not place wildcards within quotation marks, to minimize the risk of inaccurate hit counts, (ii) should employ reasonable proximity limiters (e.g., /5, /10, /15), and (iii) should avoid liberal use of wildcards, which may generate a high number of false positive results. If any of the requesting party's search term counterproposals contain syntax errors that prevent the responding party from testing the full set of proposed terms to obtain complete and accurate hit counts, the responding party shall promptly notify the requesting party, and the requesting party shall revise any such terms within three days of notice. In making any request for additional custodians, Plaintiffs must identify good cause arguments for each additional custodian.

   b. Once any threshold issues are resolved (i.e., the full set of requested terms can be run), the responding party will test the terms and inform the requesting party if it has relevance or burden objections, providing hit reports for the terms solely disputed on the basis of burden. Within 7 days of the responding

     party providing notice of any relevance objections, the requesting party must explain the relevance of the disputed terms (or withdraw terms for which they cannot articulate a reasonable basis for their relevance). The parties are to meet and confer regarding such justifications. Once these considerations have been resolved, the responding party must then describe the types of non-responsive documents captured by any terms it deems to be unduly burdensome or not proportional to the needs of the case.

    b.c. The parties ~~are unable to reach~~shall negotiate differences arising from future custodian and search term requests in good faith. In the absence of full agreement on such ESI custodians or search terms ~~within 14 days of the meet and confer, unless otherwise agreed, they~~, the parties shall present their disputes to the Court in accordance with the Magistrate Judge van Keulen's Civil Standing Order no later than October 2, 2021.

  ~~c)~~e) ~~c)~~ Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Unless necessary to render relevant ESI in reasonably usable format, additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File.

  ~~d)~~f)~~d)~~ **De-duplication**. The Parties will make reasonable efforts to de-duplicate ESI documents globally through MD5 Hash or SourceHash and enter all unique names in the DE-DUPED CUSTODIAN metadata field prior to production. The Parties will meet and confer about whether additional methods of de-duplication across various sets of documents will reduce both Parties' burden to review and produce data. Notwithstanding the foregoing, attachments to emails shall not be eliminated from the parent email because they are duplicative of a document or email attachment elsewhere in the production.

  ~~e)~~g) ~~e)~~ **Email Threading**. A party may de-duplicate responsive ESI across Custodians through MD5 hash or SourceHash. Emails in an email thread that are

collected and de-duplicated shall be produced individually as separate documents. The parties agree that email threading may be employed for production of email threads with redactions. The parties retain the right to request production of earlier-in-thread versions of any last-in-thread, redacted documents that are produced.

~~f)~~h)~~f)~~ Source code files will be provided according to the Protective Order and not included in custodial data productions. If applicable, no provision of this Order affects the inspection or production of source code which will be collected and made available consistent with the Protective Order governing this case.