**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
lweaver@bfalaw.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
jaybarnes@simmonsfirm.com

*Counsel for Calhoun Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400

*Counsel for Defendant; additional listed below*

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao (Cal. Bar No. 238027)
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
mmao@bsfllp.com

**SUSMAN GODFREY LLP**
William Christopher Carmody (*pro hac vice*)
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
bcarmody@susmangodfrey.com

**MORGAN & MORGAN**
John A. Yanchunis (admitted *pro hac vice*)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jyanchunis@forthepeople.com

*Counsel for Brown Plaintiffs; additional listed below*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>    Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**JOINT SUBMISSION RE:**<br>**NOMINATIONS FOR A SPECIAL MASTER**<br>**AND PROPOSED ORDERS**<br><br><br>Referral: Hon. Susan van Keulen, USMJ |
| CHASOM BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br>    Defendant. | Case No. 5:20-cv-3664-LHK-SVK |

July 2, 2021
**Submitted via ECF**
Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

  Re: **Joint Submission re: Nominations for a Special Master and Proposed Orders**
    *Calhoun v. Google LLC*, Case No. 5:20-cv-5146, Dkt. No. 220-1, Dispute 1.3
    *Brown v. Google LLC*, Case No. 5:20-cv-3664, Dkt No. 191-1, Disputes P3 & P6

Dear Magistrate Judge van Keulen:

  Pursuant to Your Honor's June 21, 2021 and June 29, 2021 orders in *Calhoun, et al. v. Google LLC* (Dkt. Nos. 223 and 230) and *Brown, et al. v. Google LLC* (Dkt. Nos. 196 and 206), the *Calhoun* Plaintiffs, the *Brown* Plaintiffs, and Defendant Google LLC ("Google") jointly submit their nominations for Special Technology Master and competing Rule 53 proposed orders. Also attached to this submission are the following exhibits:

- Exhibit A-1 is the CV of Plaintiffs' proposed Special Technology Master, Professor Frank Shipman;

- Exhibit A-2 is the Affidavit of Professor Frank Shipman Pursuant to 28 U.S.C. § 455;

- Exhibit A-3 is Plaintiffs' proposed Rule 53 order;

- Exhibit B-1 is the CV for Google's first nomination for technical special master, Douglas A. Brush;

- Exhibit B-2 is the Affidavit of Douglas A. Brush Pursuant to 28 U.S.C. § 455;

- Exhibit B-3 is the CV for Google's second nomination for technical special master, Steven M. Bauer;

- Exhibit B-4 is the Affidavit of Steven M. Bauer Pursuant to 28 U.S.C. § 455;

- Exhibit B-5 is Google's Rule 53 proposed order;

  The Parties met and conferred concerning their nominations and proposed orders. This submission includes separate position statements from the *Calhoun* and *Brown* Plaintiffs and Google regarding their candidate nominations and proposed orders.

**JOINT STATEMENT OF THE *CALHOUN* AND *BROWN* PLAINTIFFS**:

**I.      Plaintiffs' Nomination**

The *Calhoun* Plaintiffs and *Brown* Plaintiffs together nominate Professor Frank Shipman of Texas A&M University, shipman@cse.tamu.edu, (979) 862-3216, for appointment as Special Technology Master. Plaintiffs respectfully submit that Professor Shipman is the most logical choice for the role outlined by the Court.

*First*, Professor Shipman possesses technical expertise uniquely suited to assist the Court in the two areas the Court has identified: (1) what information Defendant has collected from Plaintiffs' browsers and associated with their profiles; and (2) what information Defendant has regarding identification of putative class members.

Professor Shipman's computer science background makes him distinctively qualified to understand the technology issues in this case. *See* Exhibit A-1 (Professor Shipman CV). He has earned a B.S. in Electrical Engineering from Rice University and an M.S. and Ph.D. in Computer Science from the University of Colorado at Boulder.  Since 1987, he has been pursuing research in the areas of hypermedia, computer-supported cooperative work, multimedia, computers and education, and intelligent user interfaces. For over two decades, he has been a professor at Texas A&M University, and he is currently the Associate Department Head of the Department of Computer Science. Professor Shipman helped found the field of spatial hypertext and helped design and develop a number of collaborative hypermedia systems. An example of hypermedia is the World Wide Web, because in that context hypermedia is delivered via electronic pages from systems such as browsers through which users click text links. In other words, hypermedia can be thought of as a name for everything that we interact with on the internet. Professor Shipman has been awarded 21 patents. His unmatched knowledge of computer technology can intelligently assist the Court in crafting an efficient preservation and production plan and resolve any other technology-based discovery dispute fair to both sides.

*Second*, Professor Shipman has served as a court-appointed Special Technology Master in numerous cases. *See, e.g.*, *Allure Energy, Inc. v. Nest Labs, Inc.*, Case No. 9-13-CV-102 (E.D. Tex.); *Pers. Audio, LLC v. Apple, Inc.*, Case No. 9:09CV111 (E.D. Tex.); *Affinity Labs of Texas, LLC v. Alpine Elecs. Of Am., Inc.*, Case No. 08-cv-171 (E.D. Tex.). In these matters, Professor Shipman assisted the courts in better understanding the technical aspects of the parties' arguments. His specialty is in translating complex technical issues into workable legal concepts. This experience renders Professor Shipman highly qualified to serve as the Special Technology Master in the *Brown* and *Calhoun* matters.  Furthermore, Professor Shipman has no relationship to the parties and thereby satisfies Rule 53(a)(2)'s neutrality requirement. *See* Exhibit A-2 (Professor Shipman Affidavit).[1]

---

[1] Plaintiffs disclosed Professor Shipman to Google in advance of this submission, and Plaintiffs' first nomination has now withdrawn from consideration. Plaintiffs have been diligently searching for a conflict-free special master with the qualities of Plaintiffs' prior candidate, whom Quinn Emanuel opposed on new and startling grounds within hours of a midnight filing.  Google now asks the Court to draw an improper and incorrect inference about the reasons for the candidate's withdrawal and criticizes Plaintiffs for not identifying a new candidate sooner.  If the

Plaintiffs have seriously considered and vetted Google's proposed neutrals but have not reached consensus with Google on their appointment. Plaintiffs spoke with both of Google's nominees on June 28, 2021, and continue to recommend Professor Frank Shipman. These cases involve sophisticated computer technology, and the appointed Special Master must have a computer science background in order to properly assist the Court. Plaintiffs submit that Professor Shipman's combined technical knowledge and experience as a court-appointed Technology Advisor is unmatched, and his technical ability is more directly focused on the issues in this case. Accordingly, Plaintiffs request the Court appoint Professor Frank Shipman as Special Technology Master.

## II.     Plaintiffs' Proposed Rule 53 Order

Plaintiffs respectfully submit the attached proposed order (Ex. A-8) regarding the scope and duties of the Special Master, while deferring to the Court and Appointee's experience in this regard. The Parties previously exchanged draft proposals and met and conferred on June 25, 2021. Plaintiffs respectfully submit this position statement to briefly summarize their approach and the key points in dispute with regard to the proposed orders:

**Authority for and Scope of the Appointment (Ex. A-3, Section 1)**: The Parties agree that the appointed Special Master will first address current disputes identified in the Court's order (*see Brown* Dkt. 196 & *Calhoun* Dkt. 223) as described in Paragraphs 1(a) and 1(b) of Plaintiffs' proposed order. They also agree that the Special Master may be appointed to assist with additional disputes. Plaintiffs propose (and Google opposes) that the Special Master have authority to monitor compliance with the Court's orders to ensure the efficient, speedy progression of discovery in this litigation. Plaintiffs further propose (and Google opposes) that the Court authorize the Special Master to conduct weekly or bi-weekly check-ins to discuss pending discovery disputes and to do that *before* the Parties reach impasse, not in lieu of meet and confer sessions but to facilitate constructive negotiation. Plaintiffs believe regular check-ins will reduce the burden on the Court. Regular check-ins with the Special Master could also identify additional disputes that would benefit from his technical expertise.

**Special Master's Duties and Authority (Ex. A-3, Section 2)**: Plaintiffs propose the Special Master have discretion to determine the appropriate procedures for resolution of assigned disputes and to issue informal reports, orders, or recommendations. The Special Master appointed in these cases should have extensive experience in that role and may have preferences for how disputes are discussed, briefed, and resolved.  Plaintiffs suggest that the Special Master be authorized to use his judgment depending on the particular dispute.

**Communications with the Parties and Court (Ex. A-3, Section 3)**: The Parties agree that the appointed Special Master may communicate *ex parte* with the Court. Consistent with other Rule 53 orders, Plaintiffs propose (and Google opposes) that the Special Master be able to communicate *ex parte* with the Parties, in his discretion, to facilitate frank discussions.

**Review of Special Master's Reports, Orders or Recommendations (Ex. A-3, Section 5)**: In addition to allowing the Special Master discretion to determine the procedures for resolving

---

Court wishes to grant Quinn Emanuel more time to evaluate this candidate and an opportunity to be heard under Rule 53(b)(1), Plaintiffs will not oppose.

disputes, Plaintiffs' proposed order contains provisions aimed at increasing efficiency and moving this litigation forward. Plaintiffs suggest a reduction in time limits to object to the Special Master's order, report, or recommendation and a presumption that, absent timely objections, the Special Master's order, report, or recommendation is approved. These procedures will streamline disputes and avoid additional briefing before the Court. In addition, Plaintiffs suggest a presumption that the Special Master's order, report, or recommendation be filed publicly on the docket, and shall only be sealed pursuant to the Protective Orders in the *Calhoun* and *Brown* matters. Plaintiffs also propose (and Google opposes) that findings of fact should be reviewed by the Court under a clear error standard. Imposing a *de novo* standard of review would undermine the benefits of the Special Master's technical expertise and increase the briefing before the Court by opening the door to additional layers of appeal.

**Cooperation (Ex. A-3, Section 6):** Plaintiffs' proposed order includes a provision on cooperation with the Special Master to streamline the resolution of disputes. Google misstates the purpose of Plaintiffs' proposal by suggesting that the Special Master would be provided *carte blanche* access to its employees, files, databases, facilities, and premises. This parade of horribles is unfounded, and Plaintiffs' proposal is consistent with other Rule 53 orders. Plaintiffs' interest is in the efficient, speedy resolution of discovery disputes, and believe a provision ensuring the Special Master has access to materials needed to resolve disputes will facilitate that goal.

**Compensation (Ex. A-3, Section 7)**: Plaintiffs respectfully request that Google bear 50% of costs and Plaintiffs bear 50% of costs (25% for the *Calhoun* Plaintiffs and 25% for the *Brown* Plaintiffs). Plaintiffs object to Google's proposal that the *Calhoun* Plaintiffs, *Brown* Plaintiffs, and Google each pay a third of the Special Master's fees. Google is already benefiting by coordinating the costs of a Special Master in two cases and remains a defendant in both. There is no reason to shift costs to Plaintiffs here beyond the usual arrangement.

In light of these considerations, Plaintiffs respectfully request the Court adopt their proposed Rule 53 Order. *See* Exhibit A-3.

**STATEMENT OF DEFENDANT GOOGLE LLC**:

1. **Both of Google's Special Master Nominees Are Well-Qualified To Assist The Court With Discovery Disputes Of A Technical Nature**

After an extensive search, Google has identified two, neutral candidates whom Google now nominates to the Court for the position of technical special master: Douglas A. Brush and Steven M. Bauer.

**Douglas A. Brush**: Douglas Brush, GCIH, GCFA, GCFE,[2] EnCE, is a "globally recognized expert in cybersecurity data privacy, incident response, digital forensics, and information governance," and "has conducted hundreds of investigations involving hacking, data breaches, trade secret theft, employee malfeasance, and other legal and compliance issues." Ex. B-1. Mr. Brush was appointed by Judge Breyer as the special master in *In re: Google Inc. Street View Electronic*

---

[2] Mr. Brush has received Global Information Assurance Certifications as a forensic analyst (GCFA), incident handler (GCIH), and forensic examiner (GCFE).

*Commc'ns Litigation*, No. 3:10-md-02184 (N.D. Cal.), and was appointed as a neutral expert in *VCS Group, LLC v. Carlos Molina*, No. 3:10-cv-01031 (D. Conn. 2010) and *Media Revo Corp. v. Adam Rouff*, No. 032379 (N.Y. S. Ct. 2011).

In the above matters, Mr. Brush performed exactly the role that the Court is seeking to fill here: he assisted the court in better understanding the technical aspects of the parties' arguments. Mr. Brush's expertise in technical data issues, his credentials, and his extensive experience in litigation (including his prior experience as special master in the Northern District of California), render him uniquely qualified to serve as a technical special master in these two cases. Mr. Brush has confirmed his interest and availability in serving as a technical special master in these two cases. We attach Mr. Brush's affidavit as Exhibit B-2.

**Steven M. Bauer**: Steven M. Bauer holds a B.S. in Electrical Engineering from MIT, a M.S. in Electrical Engineering and Computer Science from MIT, and a J.D. from Boston University School of Law. *See* Ex. B-3. He served as a law clerk and technical advisor to Judge Philip Nichols at the Federal Circuit. Mr. Bauer has 30 years of experience as an arbitrator, first on the Complex Cases panel for AAA, and currently with JAMS, where he specializes in technology cases, presiding over "international and domestic cases involving technology and life sciences disputes." *Id.* Prior to joining JAMS in 2020, Mr. Bauer was the co-chair of Proskauer's national patent and intellectual property group, and a member of its Executive Committee, with experience litigating a variety of technologies, including data encryption, cable and internet communications protocols, digital signal processing in parallel computer architecture, micromechanical electronic microphones, VoIP switching technologies, and video-on-demand servers. Mr. Bauer currently teaches the introduction to IP Law class at MIT, and patent litigation at Boston University School of Law (where he also taught Computer Law).

Mr. Bauer's experience and credentials make him an excellent candidate to serve as a technical special master in *Brown* and *Calhoun.* Mr. Bauer is well-positioned to assist the Court with the two current disputes, and any future technical issues with which the Court may need technical assistance. Mr. Bauer has confirmed his interest in serving as a technical special master and, with exception of one week in mid-July (when he has an arbitration hearing in St. Louis), Mr. Bauer is available to assist the Court in the current disputes and any other disputes the Court deems necessary. Should the Court desire additional information about Mr. Bauer and his interaction with federal judges who know him, it may reach out to: Chief Judge Rodney Gilstrap (E.D. Tex.), Judge William Young (D. Mass), Judge George O'Toole (D. Mass), or Magistrate Judge Marianne Bowler (D. Mass.). We attach Mr. Bauer's affidavit as Exhibit B-4.

**2. Google Requests An Opportunity To Be Heard On Plaintiffs' Candidate Under Rule 53(b)(1)**

Despite the Court's June 8, 2021 order (*Brown*, Dkt. 191-1) requesting the parties' views on the appointment of a technical special master and its June 21, 2021 order (*id.*, Dkt. 196) requesting no more than two nominations from each side, Plaintiffs collectively picked only one candidate. Google raised concerns about Plaintiffs' sole candidate's past bias, supporting its concerns with citations to the candidate's scholarship and a third-party affidavit. Less than three hours before the filing deadline, that candidate withdrew ostensibly due to the concerns Google raised. Plaintiffs have now proposed Dr. Shipman as their sole candidate. Despite having over a week to identify and

disclose two candidates, Plaintiffs disclosed Dr. Shipman just yesterday. Google is still conducting its diligence on Dr. Shipman. And, particularly given its concerns about Plaintiff's prior candidate, Google reserves its right to have an opportunity to be heard if the Court is inclined to select him.

### 3. Google's Rule 53 Proposed Order Is Tailored To Conform To The Letter And Spirit Of The Court's Request For A Technical Special Master

The Court stated that the technical special master will assist the Court with two current disputes, "(1) what information Defendant has regarding Plaintiffs; and (2) what information Defendant has regarding identification of putative class members," as well as "future discovery dispute of a technical nature, as the Court deems necessary." *Brown*, Dkt. 196 at 1. Further, "[i]t is not the Court's intention that this will be a general referral for all discovery matters." *Id.* The Court also provided additional guidance as to the contours of the technical special master's authority: "It is presently the Court's intention that the Special Master may confer directly with the Court, with his/her ultimate decisions reflected in reports and recommendations to the Court, allowing a shortened period for Parties' objections and a timely decision by the Court." *Id.* at 1-2.

Google drafted its Rule 53 proposed order to be consistent with this guidance from the Court. *See* Ex. B-5. In contrast, Plaintiffs' proposed order disregards the Court's instructions regarding the scope of duties and authorities for the technical special master. Plaintiffs effectively envision the special master supplanting the Court's authority and responsibility to manage discovery disputes (to, no doubt, entertain Plaintiffs' endless list of discovery demands) despite the Court's clear instruction to the contrary. There is no need for the vast majority of the additional duties and authorities that Plaintiffs are proposing to give the technical special master.

**Scope of Duties**:  The scope of duties provided to the technical special master in Google's proposed order tracks the language in the Court's order.

By contrast, Plaintiffs' proposed order expansively purports to "anticipate [the] needs of this Court." Ex. A-3, ¶ 1.

*First*, Plaintiffs shoehorn into paragraphs 1(a) and 1(b) a wishlist of issues for which the Court has not stated it needs assistance, including "profiles, identifiers, authenticated and unauthenticated data linked to Plaintiffs, their devices, or any other identifiers associated with Plaintiffs and their devices, metadata, and embedded data and derived data." *Id.*, ¶¶ 1(a), (b). There is no basis to include such specific items in the order; the Court might decide that none or only a subset of those issues need to be addressed by the technical special master.

*Second*, in paragraph 1(e), Plaintiffs also seek to empower the technical special master to "[d]irect, supervise, monitor, and report upon implementation and compliance with the Court's Orders." *Id.*, ¶ 1(e). Providing the Special Master with unprecedented access and powers to look over Google's shoulder—even beyond powers granted to a federal district or magistrate judge, would be improper. Rather than increasing efficiency, this provision will very likely generate additional, unnecessary disputes, expense, and delay.

*Third*, Plaintiffs' proposal in paragraph 1(h) for weekly or bi-weekly check-ins is unnecessary, impractical, and burdensome. *Id.*, ¶ 1(h); *see Brown*, Dkt. 195 at 8, 9. These would

allow Plaintiffs to circumvent the Court's direction that the technical special master will not be a referee on general discovery disputes. *Brown*, Dkt. 196 at 1. It would also incentivize Plaintiffs to forgo the meet and confer process in favor of taking their demands directly to the technical special master.

**Scope of Authority**: Google has enumerated in its Rule 53 proposed order the appropriate scope of authority to the technical special master in accordance with the Court's Order. For example, Google's Rule 53 proposed order allows "the Special Master [to] confer directly with the Court" (*Brown*, Dkt. 196 at 1), by allowing for *ex parte* communications between the technical special master and the Court. Ex. B-5, ¶ 14.  Further, based on the Court's guidance that the technical special master's "ultimate decisions [should be] reflected in reports and recommendations to the Court" (*Brown*, Dkt. 196 at 1), Google's proposed order allows the technical special master to "report to the Court his recommended resolution of the Parties' Disputes" in the form of reports and recommendations. Ex. B-5, ¶ 8.

Google's Rule 53 proposed order includes the following additional affirmative duties to ensure that the special master discharges his duties efficiently and fairly for the parties and the Court.

*First*, the technical special master must treat any confidential information consistent with the protections in the Protective Order of both cases, and Google has proposed relevant provisions in the Appointment Order. Ex. B-5, ¶¶ 10, 11.

*Second*, any submission to or guidance from the technical special master should be filed on the case docket. *Id.*, ¶ 11. The parties and the Court will all benefit from a full and complete record of the parties' submission and the technical special master's advice on how to resolve the discovery disputes.

*Third*, it is important for the technical special master to maintain and preserve documents and evidence that has been submitted to him by the parties (*id.*, ¶¶ 15, 4), which will mitigate any disputes relating to what was submitted to the technical special master. Further, *ex parte* communications between the technical special master and parties or counsel should not be allowed. *Id.*, ¶ 14. Additionally, rather than putting the onus on the parties to "provide for any record of proceedings with the Special Master," ***subject to approval by the technical special master*** (Ex. A-3, ¶ 4), Google proposes that a court reporter attend the hearings held by the technical special master. The lack of a clear and complete record maintained by a neutral party may result in additional, unnecessary disputes between the parties.

*Fourth*, any finding of fact should be reviewed by the Court under a *de novo* standard (Ex. B-5, ¶ 13, rather than clear error. Ex. A-3, ¶ 5. The Court should not be constrained by the findings of fact of a person who is not afforded the powers granted under Article II or III, especially if the findings of fact exceed the scope of duties or authority contemplated by the Court's instructions and order.

Plaintiffs' order, by contrast, would give the technical special master an improperly broad scope of authority that goes far beyond what is required to assist the Court with discovery disputes of a technical nature.

*First*, paragraph 6 of Plaintiffs' proposed order is untenable. There, the Plaintiffs seek to mandate that Google's employees, among others, "provide full cooperation to the Special Master" and that Google "shall make readily available to the Special Master any and all individuals, information, documents, materials, programs, files, databases, services, facilities, and premises under their control that the Special Master requires to perform his duties." Ex. A-3, ¶ 6. The technical special master cannot be provided *carte blanche* access to a party's employees, files, databases, facilities, and premises, among other things.  If the technical special master needs more information, he can order more briefing or a hearing as contemplated in Google's Rule 53 proposed order. Ex. B-5, ¶ 5. Such access as contemplated by Plaintiffs combined with *ex parte* communications with Plaintiffs and the Court has the potential to transform the technical special master into the plaintiffs' own technical expert with law clerk-like access to the Court—a scope of authority no one individual in this litigation has ever had.

*Second*, Plaintiffs' proposal that the Court may request the technical special master to "assist the Court with legal analysis of the Parties submissions" is unnecessary. Ex. A-3, ¶ 3. The Court did not request a law clerk, only assistance from a neutral party with technical expertise on technical issues related to the two current disputes identified in the Court's Order. The Court has consistently demonstrated that it is more than capable of applying law to facts in these cases.

*Third*, the technical special master should not be allowed to engage in any *ex parte* communications with the parties or counsel. *Id.*, ¶ 3. As an initial matter, there is no reason whatsoever for the technical special master to have *ex parte* communications with Google without its counsel present. It is also not appropriate for the technical special master to discuss the substantive matters it discussed or learned during *ex parte* communications with Plaintiffs with the Court upon Plaintiffs' consent—all behind Google's back without Google's knowledge.

*Fourth*, the technical special master should not be allowed to issue orders, order additional discovery, or make informal rulings or reports and recommendations that would be binding on the parties without the Court's ruling, as Plaintiffs' proposal would have it. *Id.*, ¶¶ 2, 5. With respect to reports and recommendations specifically, Plaintiffs' proposed order also ***prevents*** the Court itself from granting extensions to file objections without good cause, an unnecessary encroachment on the Court's power. Speed should not trump transparency—the parties should be provided with a meaningful opportunity to be heard by the Court.

*Fifth*, only the Court, not the technical special master, should have "the authority to assess or reallocate the costs" of the proceeding. *Id.*, ¶ 7. It is unnecessary and inefficient to allow the special master to make such determinations in the interim while the Court still retains the ability to assess and reallocate the costs at the conclusion of the proceedings.

Respectfully,

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**DiCELLO LEVITT GUTZLER LLC**

By: *David A. Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
alevitt@dicellolevitt.com
aprom@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**

By: */s/ Jason Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
Mitchell M. Breit (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Counsel for Defendant Google LLC*

Fax: (212) 213-5949
mbreit@simmonsfirm.com
jaybarnes@simmonsfirm.com

*Counsel for Calhoun Plaintiffs*

**BOIES SCHILLER FLEXNER LLP**

By:   */s/ Mark C. Mao*
Mark C. Mao (CA Bar No. 236165)
mmao@bsfllp.com
Sean Phillips Rodriguez (CA Bar No. 262437)
srodriguez@bsfllp.com
Beko Rebitz-Richardson (CA Bar No. 238027)
brichardson@bsfllp.com
Alexander Justin Konik (CA Bar No. 299291)
akonik@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293 6858
Facsimile (415) 999 9695

James W. Lee (pro hac vice)
jlee@bsfllp.com
Rossana Baeza
rbaeza@bsfllp.com
100 SE 2nd Street, Suite 2800
Miami, FL 33130
Telephone: (305) 539-8400
Facsimile: (305) 539-1304

**SUSMAN GODFREY LLP**

By:   */s/ Amanda Bonn*
Amanda Bonn (CA Bar No. 270891)
abonn@susmangodfrey.com
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100

William Christopher Carmody (*pro hac vice*)
bcarmody@susmangodfrey.com
Shawn J. Rabin (*pro hac vice*)
srabin@susmangodfrey.com
Steven Shepard (*pro hac vice*)
sshepard@susmangodfrey.com

Alexander P. Frawley (*pro hac vice*)
afrawley@susmangodfrey.com
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Tel: (212) 336-8330

**MORGAN & MORGAN**

By:   */s/ John A. Yanchunis*
John A. Yanchunis (pro hac vice)
jyanchunis@forthepeople.com
Ryan J. McGee (pro hac vice)
rmcgee@forthepeople.com
Michael F. Ram (pro hac vice)
mram@forthepeople.com
Ra O. Amen (pro hac vice)
ramen@forthepeople.com
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
*Counsel for Brown Plaintiffs*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: July 2, 2021                                By: */s/ Andrew Schapiro*
                                                                   Andrew Schapiro