# Exhibit C – Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver (Cal. Bar No.191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com<br><br>**SIMMONS HANLY CONROY LLC**<br>Mitchell M. Breit (admitted *pro hac vice*)<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Eric Johnson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>mbreit@simmonsfirm.com<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>ejohnson@simmonsfirm.com | **DICELLO LEVITT GUTZLER LLC**<br>David A. Straite (admitted *pro hac vice*)\\<br>One Grand Central Place<br>60 E. 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel.: (646) 993-1000<br>dstraite@dicellolevitt.com<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Ten North Dearborn Street<br>Sixth Floor<br>Chicago, IL 60602<br>Tel.: (312) 214-7900<br>akeller@dicellolevitt.com |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST AND SECOND SET OF INTERROGATORIES TO PLAINTIFFS ADDED IN FIRST AMENDED COMPALINT FILED APRIL 16, 2021 (NOS. 1-9)** |

Pursuant to Federal Rules Civil Procedure 26 and 33, Plaintiffs LeRoy Randolph, Corinice Wilson, Rodney Johnson, Michael Henry, and José María de Guzmán (collectively, "Plaintiffs"),[1] by and through their undersigned counsel, provide Plaintiffs' responses and objections to Defendant's first and second set of interrogatories (Nos. 1-9), as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs' responses and objections ("Responses") to Google's First and Second Set of Interrogatories (Nos. 1-9) are made solely for the purpose of and in relation to this action.

2.      The Responses are subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any document or any portion thereof if such document were submitted in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

3.      The Responses have been prepared in compliance with the Federal Rules of Civil Procedure and the Local Rules of this District, pursuant to reasonable and duly diligent search for information properly requested that are in Plaintiffs' current possession, custody, and control.

4.      The Responses are based on knowledge, information, and investigation conducted to date. Plaintiffs reserve the right to supplement or amend the Responses if further responsive information becomes available or if mistakes and omissions are discovered.

5.      Unless otherwise indicated, Plaintiffs do not interpret the form of individual interrogatories to seek disclosure of: (1) correspondence between Plaintiffs and Plaintiffs' attorneys; (2) notes or other work product of Plaintiffs' attorneys; (3) other documents created by or for lawyers; and, (4) documents prepared by consulting experts, regardless of whether the documents apply to this or another suit or claim whether made or anticipated. To the extent that these interrogatories call for information protected from discovery under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity afforded by federal or state statutory, constitutional, or common law, Plaintiffs object on those

---

[1] Nicholas Genova is no longer a named plaintiff in this Action. On May 14, 2014, he filed a notice of voluntarily dismissed without prejudice as to his individual claims. Dkt. No. 193.

- 2 -

*Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK
Plaintiffs' Responses and Objections to Defendant's First and Second Set of Interrogatories to Plaintiffs Added in the First Amended Complaint Filed April 16, 2021 (Nos. 1-9)

grounds. Any disclosure of such privileged or protected material in response to the interrogatories is inadvertent and not intended to waive those protections or privileges. To the extent that any such protected information is inadvertently disclosed in response to the interrogatories, the disclosure shall not constitute a waiver of Plaintiffs' right to assert the applicability of any privilege or immunity to the information and/or disclosure. Plaintiffs will provide a privilege log setting forth any responsive documents that are being withheld on the basis of privilege.

6. The Responses do not constitute an admission by Plaintiffs that Plaintiffs agree with Google's characterizations, Definitions, or Instructions contained therein, or that the information sought is relevant to the claim or defense of any party.

7. Plaintiffs reserve the right to assert additional privileges and objections if warranted.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe with particularity each time YOU reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE prior to the filing of the COMPLAINT and, if YOU reviewed such documents, on what date(s) and which version(s) YOU reviewed, and whether YOU reviewed the entire document(s) or only portion(s) of the document(s) (if only portion(s), describe with particularity which portion(s) you reviewed).

**RESPONSE**:

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to "GOOGLE PRIVACY POLICY" insofar as the definition purports to refer to "any prior version" of this policy, including those not referenced in the COMPLAINT, and thus requires consideration and analysis of documents or information which are not fully known to Plaintiffs and which are not within the possession, custody, or control of Plaintiffs.

Plaintiffs object to "GOOGLE TERMS OF SERVICE" insofar as the definition purports to refer to "any prior version" of a Google terms of service, including those not referenced in the COMPLAINT, and thus requires consideration and analysis of documents and information which

- 3 -

is not fully known to Plaintiffs and which are not within the possession, custody, or control of Plaintiffs.

Plaintiffs object to "CHROME PRIVACY NOTICE" insofar as the definition purports to refer to "any prior version" of a Chrome privacy notice, including those not referenced in the COMPLAINT, and thus requires consideration and analysis of documents and information which is not fully known to Plaintiffs and which are not within the possession, custody, or control of Plaintiffs.

Plaintiffs object to the extent that the definitions of "DOCUMENT" and "COMMUNICATION" conflict with the Federal Rules or as otherwise agreed by the parties in the Stipulated ESI Order. Plaintiffs further object to "any," "all, "each," and "every" DOCUMENT or COMMUNICATION, as overbroad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court. Plaintiffs further object to the Instructions insofar as they improperly seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Plaintiffs object to the Interrogatory as it contains multiple discrete subparts, which counts against the 25 per party limit under Fed. R. Civ. P. 33.

Plaintiffs object to the extent that the Interrogatory demands "particularity" about the review of thousands of electronic pages over a period of years in a manner that a person could not be reasonably expected to recall.

Plaintiffs object on the ground that the Interrogatory is not is not relevant to any claim are defense. Whether Plaintiffs reviewed the GOOGLE TERMS OF SERVICE, GOOGLE PRIVACY POLICY, MY GOOGLE ACTIVITY, CHROME TERMS OF SERVICE, and/or CHROME PRIVACY NOTICE is not relevant to the allegations in the operative Complaint, as reliance is not

- 4 -

*Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK
Plaintiffs' Responses and Objections to Defendant's First and Second Set of Interrogatories to Plaintiffs Added in the First Amended Complaint Filed April 16, 2021 (Nos. 1-9)

an element of any claim alleged.

Subject to and without waiving these objections, Plaintiffs respond as follows:

A. Plaintiff Randolph: Plaintiff Randolph recalls reviewing Google documents when he downloaded Google services to his devices, but does not recall with any specificity the exact documents reviewed, the date of review, the version(s) reviewed, or specifics portions of the documents.

B. Plaintiff Johnson: Plaintiff Johnson believes that he would have received Google notices or policies when he signed up for or made an initial download of Google products, but he cannot recall reviewing them with any specificity.

C. Plaintiff Wilson: Plaintiff Wilson does not recall specifics as to each Google notice or policy reviewed. Her general practice is that she will look through the policies and notices and take any action, for example indicating acceptance, if she believes it to be appropriate. Her level of review varies, and in her experience many notices do not require action on her part; she cannot recall if those notices which required no-action were Google specific.

D. Plaintiff Henry: Plaintiff Henry believes that he may have reviewed the above-identified documents, but he has no specific recollection of doing so.

E. Plaintiff de Guzmán: Plaintiff de Guzmán recalls reviewing some notices when he first downloaded certain Google services, including the Chrome browser, on to his devices, but does he not recall the specific documents reviewed, the date of review, or the versions reviewed. He further does not recall whether he reviewed the entire document or portions of it, but notes that his general practice is to scroll through but not carefully read such documents.

**INTERROGATORY NO. 2:**

Describe with particularity YOUR use of CHROME, including: the date YOU first began using CHROME on each device (e.g., mobile devices, tablets, laptops, and/or desktops); the frequency with which YOU used CHROME on each device; which browser modes YOU used in CHROME on each device; whether you logged into a Google account when you used CHROME on each device; which Google account(s) YOU logged into when YOU used CHROME on each

- 5 -

*Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK
Plaintiffs' Responses and Objections to Defendant's First and Second Set of Interrogatories to Plaintiffs Added in the First Amended Complaint Filed April 16, 2021 (Nos. 1-9)

device; which website(s) YOU visited while using CHROME on each device; whether you ever reviewed or deleted data on MY GOOGLE ACTIVITY; and how often YOU enabled and/or disabled CHROME SYNC for each Google account YOU identified.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court. Plaintiffs further object to the Instructions insofar as they improperly seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity

Plaintiffs object to the phrases "Google Account" and "logged into" as vague and ambiguous, the phrases being subject to multiple interpretations and the terms being undefined.

Plaintiffs object to the Interrogatory as overbroad and unduly burdensome as it seeks disclosure of the "which websites…visited while using CHROME on each device," without regard to scope, subject matter, or privacy considerations.

Pursuant to prior meet and confers regarding the same Interrogatory posed to the original named Plaintiffs, Google asserted that responses to "browser modes" must "align with the four modes available in Chrome: (1) Basic Browser; (2) Signed In; (3) Signed In with sync enabled; and (4) Incognito and guest mode—which the Complaint correctly acknowledges." Plaintiffs disagree with Google's view that it can dictate the language and manner in which Plaintiffs respond to interrogatories, and they will respond as to their understanding of "browser modes," if any. In further support of this position, Plaintiffs note that discovery has revealed that even Google employees do not use terminology imposed by Google. On April 9, 2021, Google's 30(b)(6) deponent, David Monsees, provided the following answer about "browser modes":

Q: And does browser mode mean anything to you?

- 6 -

1  A: No, not specifically."

2  Q: Okay. Do – do you have an understanding as to what the phrase "browser mode" means?

3  …

4  A: I would just be speculating, but just based on the terms, browsers have modes. .…. if you
5     use your phone based on portrait or landscape mode and … [b]rowsers have modes like
6     incognito or safe search but … I think *it depends on the definition that a user has in mind*
7     *when they think of mode.*

8  Deposition David Monsees, April 9, 2021 at 68:7-25.

9        Subject to and without waiving these objections, Plaintiffs respond as follows:

10       A.      Plaintiff Randolph: Plaintiff Randolph does not recall the exact date of when he
began using Chrome. He uses Chrome on personal devices, usually on a daily basis. He does not
know the Chrome browser modes, but knows that he has never enabled Sync on his Chrome
browsers. Plaintiff Randolph has the following G-Mail account, ███████████████████, and
has signed into that account while using Chrome, but does not recall signing in and/or out of the
account each and every time he used Chrome. He recalls looking at his My Activity and recalls
deleting some history in My Activity related to information on games and gift purchases, but does
not recall the specifics. To his knowledge, Plaintiff Randolph has never enabled Chrome Sync.

         B.      Plaintiff Johnson: To the best of his recollection, Plaintiff Johnson believes that he
began using Chrome in about 2009 or 2010. He uses Chrome on his personal devices on a daily
basis. He does not know the browser mode, but recalls that he does sign into his G-Mail accounts
from Chrome. Plaintiff Johnson has the following G-Mail account(s), ███████████████████,
███████████████████████████████, and has signed into those accounts while using
Chrome, but does not recall signing in and out of those accounts each and every time. He does not
recall reviewing or deleting any information from My Google Activity. To his knowledge, Plaintiff
Johnson has never enabled Chrome Sync.

         C.      Plaintiff Wilson: To the best of her recollection, Plaintiff Wilson has been using
Chrome for about 10 years. She uses it on her personal devices on a daily basis. She is not familiar

- 7 -

*Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK
Plaintiffs' Responses and Objections to Defendant's First and Second Set of Interrogatories to Plaintiffs Added in the
First Amended Complaint Filed April 16, 2021 (Nos. 1-9)

with Chrome browser modes. She has signed into her G-mail account, [redacted], from Chrome and does not recall signing in and out each and every time she uses Chrome. Plaintiff Wilson is not aware of reviewing or deleting information from My Google Activity. To her knowledge, she has never enabled Chrome Sync.

   D.   Plaintiff Henry: To the best of his knowledge, Plaintiff Henry began using Chrome in or around 2009. He uses Chrome on his personal devices at least once a day. He does not know the browser modes. He has signed into his G-mail account, [redacted], from Chrome, and he does not sign in and out in every instance. He does not recall ever reviewing or deleting data from My Google Activity. To his knowledge, Plaintiff Henry has never enabled Chrome Sync.

   E.   Plaintiff de Guzmán: Plaintiff de Guzmán does not recall the exact date of when he began using Chrome. He used Chrome on certain personal devices, usually on a daily basis. He does not know what browser mode he was using, but knows that he has never enabled Sync on his Chrome browsers. Plaintiff has the following G-Mail account, [redacted], and has logged into that account while using Chrome, but does not recall logging into the account each and every time he used Chrome. He does not recall reviewing or deleting data from My Google Activity. To his knowledge, Plaintiff Jose María de Guzmán has never enabled Chrome Sync.

**INTERROGATORY NO. 3:**

   Describe with particularity how YOU have been harmed or damaged by DEFENDANT's conduct alleged in YOUR COMPLAINT.

**RESPONSE:**

   Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

   Plaintiffs object to the Instructions on the grounds set forth above and insofar as the Instructions impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court. Plaintiffs further object to the Instructions insofar as they improperly seek information protected by the attorney-client privilege, the work product doctrine, or any other

- 8 -

applicable privilege or immunity.

Plaintiffs object to the Interrogatory insofar as it calls for disclosure of privileged attorney-client communications.

Plaintiffs object to the Interrogatory on the ground that whether and when any Plaintiff "became aware that, on March 31, 2020, GOOGLE amended the GOOGLE TERMS OF SERVICE to state that the GOOGLE PRIVACY POLICY is 'not part of these terms'" is not relevant to any claim or defense in this action.

**INTERROGATORY NO. 6:**

Describe with particularity the basis for YOUR alleged understanding that using the Chrome browser without the Sync feature enabled would prevent Google from receiving DATA from its SERVICES, including by identifying the specific statements by GOOGLE that YOU allege contributed to YOUR alleged understanding, the documents or location in which those statements appeared, whether YOU in fact reviewed the statements, and if so when YOU did so.

**RESPONSE:**

Plaintiffs incorporate the above Preliminary Statement as though fully set forth herein.

Plaintiffs object that the phrase "prevent GOOGLE from receiving information through its SERVICES" is vague and ambiguous. The Interrogatory does not clarify whether "prevent" refers to a legal prohibition or a technical barrier, for example, which could make it physically or practically impossible to receive the information.

Plaintiffs also object that the term DATA is vague, ambiguous, and misleading. As defined by Google, DATA means "the data or information that YOU allege GOOGLE improperly received in Paragraph 4 of the COMPLAINT, including 'IP address linked to user agents'; '[u]nique persistent cookie identifiers;' '[u]nique browser identifiers'; and '[b]rowsing history.'" However, Paragraph 4 only provides a list of four examples of Personal Information ("PI"), and it is unclear whether Google intended to limit this Interrogatory to these four examples, or PI more broadly.

Plaintiffs object to the definition of "SERVICES" as vague, ambiguous, overly broad, unduly burdensome, and purposefully confusing. Google defines "SERVICES" in these

- 14 -

Interrogatories to be "services that GOOGLE provides to websites and through which YOU allege GOOGLE 'intercepted' YOUR COMMUNICATIONS." However, Plaintiffs' contracts with Google relate to services that Google provides to consumers, including Chrome – which is the specific Google service that Plaintiff was using at all times relevant to this case. Further, the definition of "SERVICES" conflicts with Google's use of the term "SERVICES" in the Google Privacy Policy. The Google Privacy Policy does not define what it means by SERVICES to consumers. Instead, it (1) identifies "Chrome & the Chrome Operating System" as a "specific Google service" for which a user can review its "privacy notice" for "additional information[;]" and (2) informs users that the "My Activity" tool "allows you to review and control data that's created when you use Google services[.]" Compl., Ex. 16 at 9. But when a user goes to the "My Activity" page, no user activity in the purported "SERVICES" Google defines are presented for review. As properly understood, for consumers, the term "SERVICES" does not include Google Analytics or Google Ads, and instead is limited to consumer services such as Gmail, search requests directly at Google.com, and the use of Chrome. To the extent that Google persists in attempting to assert this misleading definition of "SERVICES" upon discovery in this case, Plaintiffs reserve the right to amend the Complaint to allege this misleading definition as another example for their claim for breach of the duty of good faith and fair dealing.

Plaintiffs object on the ground that Plaintiffs' individual understanding is not relevant to any claim or defense in this case. In particular, Plaintiffs note that their "understanding" that using the Chrome browser without the Sync feature enabled would prevent Google from receiving DATA from its SERVICES is not relevant to any allegations in the operative Complaint, as reliance is not an element of any claim alleged.

Plaintiffs object on vagueness grounds because Google does not specify whether it is inquiring into what Plaintiffs understood at the time of first using Chrome, or instead their investigation into their claims into this Action, or something in between. To the extent Google is seeking information about Plaintiffs' investigation of claims in this case, Plaintiffs further object on privilege and work product grounds.

- 15 -

*Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK
Plaintiffs' Responses and Objections to Defendant's First and Second Set of Interrogatories to Plaintiffs Added in the First Amended Complaint Filed April 16, 2021 (Nos. 1-9)

Subject to the foregoing objections, Plaintiffs respond that at the time they downloaded and began using Chrome, they believed, based on reasonable expectations, that their personal information, including the content of their internet communications, would not be sent to Google when they were exchanging communications with persons and entities other than Google. Consistent with their reasonable expectations, Plaintiffs further assert that Google never gave them any reason to believe that Chrome was designed to redirect their personal information to Google even when they were on non-Google websites while using Chrome in an unsynced state. In addition, Plaintiffs never authorized Chrome to redirect their personal information on non-Google websites to Google while they were using Chrome in an unsynced state. Plaintiffs had no reason to believe that Google would obtain their personal information from non-Google websites in the scope and amount that Plaintiffs are beginning to understand has occurred. Plaintiffs' discovery and investigation of Google's actions is ongoing, and Google has not fully disclosed its collection and use of Plaintiffs' personal information.

Without waiving attorney client privilege, Plaintiffs further respond that during the investigation of their claims and prior to filing they reviewed the Complaint which cites to relevant provisions and attached various versions of the Google Terms of Service, service-specific terms relating to Chrome and the Google Privacy Policy. Plaintiffs' review of the Complaint and the relevant provisions of the documents attached support and reinforce their reasonable expectations, as stated above.

**INTERROGATORY NO. 7:**

Describe with particularity how Google "intentionally misrepresented the privacy settings of Chrome" as alleged in paragraph 424 of YOUR Complaint, the documents or location in which Google's alleged intentional misrepresentations each "misrepresentation and omission" appear, whether YOU in fact reviewed each alleged intentional misrepresentation, and if so when YOU did so.

**RESPONSE TO INTERROGATORY NO. 7:**

On May 7, 2021, Google served an Amended Interrogatory No. 7 to All Plaintiffs.

- 16 -

*Calhoun, et al. v. Google LLC*, 5:20-cv-5146-LHK-SVK
Plaintiffs' Responses and Objections to Defendant's First and Second Set of Interrogatories to Plaintiffs Added in the First Amended Complaint Filed April 16, 2021 (Nos. 1-9)