**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-5146-LHK-SVK<br><br>**DISCOVERY ORDER**<br><br>Referral: Hon. Susan van Keulen, USMJ |

**ORDER**

WHEREAS, fact discovery closes on January 22, 2022 (Dkt No. 279); and

WHEREAS, Defendant Google LLC proposed a discovery order placing limits on further fact discovery to facilitate meeting that deadline; and

WHEREAS, on October 1, 2021, following a sealed discovery hearing, the Court issued an order stating that it is "appropriate at this stage of the case and in light of the discovery that has occurred so far to impose limits on discovery" (Dkt. No. 329);

WHEREAS, the Court directed the Parties to confer and find "compromises on those limits," and submit a joint proposed order that "should include numbered bullets and interleave the Parties' positions on areas of disagreement" (*id.*); and

WHEREAS, on October 8, 2021, the Parties submitted a joint proposed order highlighting areas of disagreement and areas of agreement;

IT IS HEREBY ORDERED AS FOLLOWS:

1. ***Interrogatories.***

Absent a showing of good cause, each party shall be limited to 53 interrogatories.  Discrete subparts shall each be counted as a separate interrogatory.

2. ***Requests for Admission.***

Absent a showing of good cause, each party shall be limited to 75 Requests for Admission ("RFAs"), excluding any RFAs used to authenticate documents or otherwise used to admit evidence.

3. ***Resolving Outstanding Requests for Production.***

By October 26, 2021, Plaintiffs are to identify 30 Requests for Production ("RFPs") from their Second to Fifth Sets of RFPs for prioritization.  Contention RFPs concerning Google's defenses will not count towards this limit.  Google shall continue rolling productions of documents, and the substantial compliance date for production of documents responsive to these RFPs shall be December 2, 2021; provided, however, that Google shall also prioritize the production of documents of a deponent no later than seven (7) days prior to such deposition. The parties agree to meet and confer in good faith concerning a privilege log timeline.

4.  *Future Requests for Production.*

Absent a showing of good cause, the parties may not serve more than 20 RFPs after the date of entry of this order.  The time to respond or object to new RFPs under Fed. R. Civ. P. 34(b)(2)(A) is hereby shortened to fourteen (14) days from service, and the parties shall meet-and-confer in person or via video conference within three (3) business days of service of the objections and responses and conclude negotiations within seven (7) business days.

5.   *Last-in-Time Emails.*

For all custodians and email productions, Google shall produce last-in-branch emails, including email messages with non-duplicative attachments, so that Plaintiffs receive all non-privileged, responsive email content.  Google will not be required to produce wholly duplicative earlier-in-branch emails, except that, for any noticed deponent, Google shall also produce all custodial earlier-in-branch emails and attachments no later than one week before the deposition, provided that the deposition is scheduled sufficiently in advance of the deposition date for this to be feasible.

6.   **Search Terms.**

a.   With respect to proposed ESI Search Terms or Strings ("Search Terms") still disputed by Google as of the date of this Order, the parties shall proceed as follows:

1.   Within two (2) days of the date of this Order, Plaintiffs will elect which Search Terms should be run across which ESI Custodial Sources.  Within five (5) days of Plaintiffs' selection, Google shall provide hit counts pursuant to Section 6(b)(ii) of the ESI Protocol across the selected ESI Custodial sources.

2.   If the number of unique documents hit by the proposed terms exceeds 350,000, Plaintiffs shall propose modifications to the terms and/or the custodial list in any combination (at Plaintiffs' election) in order to reduce the document volume below 350,000. Google shall cooperate

                    in good faith to re-run hit reports and answer questions on an expedited basis to assist Plaintiffs in this effort.

        3. Once the number of unique documents hit by the proposed terms falls below 350,000, Google shall immediately review the documents and produce on a rolling basis according to the substantial completion deadlines above.

    b. With respect to Search Terms proposed after the date of this Order, within seven (7) business days of the date the terms are proposed, Google shall provide hit counts pursuant to Section 6(b)(ii) of the ESI Protocol across whichever ESI Custodial sources Plaintiffs elect. The parties shall then employ the expedited process described above in subsections (a)(2) and (a)(3), except that the unique document review volume cap shall be 150,000 in aggregate for the remainder of the case.

    7. ***Custodians.***

The number of ESI Custodians is hereby capped at 42, mirroring the cap previously set in the related action *Brown v. Google LLC*. The parties have identified 34 custodians. Plaintiffs must propose the 8 remaining custodians on the following schedule: four additional custodians by October 20, 2021; two additional custodians by November 10, 2021; and the final two custodians by November 30, 2021. Objections to Plaintiffs' proposed custodians must be raised and concluded within five (5) business days, and unresolved impasse brought to the Court in a joint four-page brief.

    8. ***Privilege Logs.***

Any challenges to a document that appears on any party's privilege log shall be stayed until October 20, 2021.

///

///

///

///

1   9. *Depositions of Named Plaintiffs*.

2   The depositions of Plaintiff Johnson, scheduled for October 23, 2021, and Plaintiff Wilson,

3   scheduled for October 25, 2021, shall proceed as noticed.

5   **SO ORDERED.**

7   DATED: October 20, 2021

HON. SUSAN VAN KEULEN
United States Magistrate Judge