**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**JOINT SUBMISSION IN RESPONSE TO DKT. 397 RE: ESI CUSTODIANS**<br><br>**THIRD TOPIC:** **ESI CUSTODIANS**<br><br>Referral: Hon. Susan van Keulen, USMJ |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

December 6, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

  Re: **THRID** Joint Submission in Response to Dkt. No. 397
     (ESI Custodians)
    *Calhoun v. Google LLC*, Case No. 5:20-cv-05146-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

  Pursuant to Your Honor's December 4, 2021 Order in Response to Administrative Motion (Dkt No. 397), Section 1, the parties conferred via Zoom video conference on Sunday, December 5, 2021. As also instructed by the Court, the parties are submitting three joint statements today to update the Court on the status of discussions regarding three topics: (1) depositions; (2) documents; and (3) ESI custodians.

  This joint submission is the third one (ESI custodians).

**PLAINTIFFS' STATEMENT**

Plaintiffs request that Google be compelled to make Sundar Pichai an ESI custodian.[1] Mr. Pichai has played a central role in the development and launch of Google's Chrome browser going back to 2008, including pushing his team "to its limits" to create "'the next-generation' web browser that could house third-party web applications." *See* https://www.businessinsider.com/larry-page-google-chrome-sundar-pichai-goals-2018-6. This Court already ordered Mr. Pichai to be a custodian in the *Brown* litigation, and there are equally compelling reasons to include him as a custodian in *Calhoun*.

Mr. Pichai's ▓▓▓ suggest he will have unique, highly relevant, and non-duplicative discovery. For example:
▓▓▓ Mr. Pichai's "▓▓▓ assists him with ▓▓▓ GOOG-CALH-00028896. Specifically called ▓▓▓ it includes ▓▓▓ GOOG-CALH-00290717.

**Decision Making Regarding Chrome**: Mr. Pichai is not just informed about Chrome developments; ▓▓▓ GOOG-CALH-00030432. For example, ▓▓▓" GOOG-CALH-00036166. ▓▓▓ Mr. Pichai also appears to have made decisions ▓▓▓ GOOG-CALH-00450587. ▓▓▓ Mr. Pichai has been involved in ▓▓▓. GOOG-CALH-00492155 (describing options for ▓▓▓. Mr. Pichai wrote a NYTimes op-ed that, in early drafts, ▓▓▓ "we also protect your information." GOOG-CALH-00492050. Mr. Pichai is ▓▓▓ GOOG-CALH-00045707. For example, ▓▓▓ GOOG-CALH-00164080; *see also* GOOG-CALH-00310701 and GOOG-CALH-00362911 (describing a meeting that would occur ▓▓▓). He is also involved in ▓▓▓. GOOG-CALH-00491991 (notes from ▓▓▓ GOOG-CABR-00355077 ("Sundar ▓▓▓ Document collection from Mr. Pichai may reveal he was equally involved in decisions about syncing users.

**Profitability of Chrome**: Mr. Pichai has publicly admitted that Chrome is "exceptionally profitable" for Google. Stephen Shankland, "Sundar Pichai: Chrome 'Exceptionally Profitable' for

---

[1] Google also objects to Plaintiffs' request to add Hal Varian, Google's chief economist. In the interest of compromise, Plaintiffs withdrew Mr. Varian and has proposed alternatives. Google is considering Plaintiffs' proposal. If the parties do not reach resolution, Plaintiffs seek leave to raise this matter with the Court.

1  Google, Q&A," CNET (June 29, 2012). More recently, ███████████████████████
2  ████████  GOOG-CALH-00068733; *id*. -68745 ████████████████████████████
3  ████████████████████████████████████████████████████████████████████████
   Mr. Pichai ████████████████████████████████ GOOG-CALH-00492200.

   In sum, Mr. Pichai's ████████████████████████ (and likely much more) reveals
   that he is ████████████████████████████████ The ████████████████████████
   ██████ makes much of the discovery Plaintiffs seek non-duplicative, including requests that are sent personally to him, decisions he makes, and feedback he provides. Mr. Pichai's CEO position provides no basis for Google to prevent him from being an ESI custodian in this case. *See In re: Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-md-02843-VC-JSC, Order re Zuckerberg and Sandberg Custodians, Dkt. No. 753 (N.D. Cal. Nov. 14, 2021); *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST (SK), 2018 WL 833085, at *1 (N.D. Cal. Feb. 7, 2018) (ordering Twitter "to include [CEO, Jack] Dorsey's files in the group of records that will be searched from individual custodians"); *Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 11-CV-06637-RS-PSG, 2012 WL 5637611, at *6 (N.D. Cal. Nov. 15, 2012) (granting motion to compel the production of CEO custodial documents where production did not "appear duplicative or unreasonable"); *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *1-2 (N.D. Cal. Oct. 19, 2011) (compelling deposition of Google's then CEO Larry Page in a patent infringement suit where he "created and developed" a version of the algorithm at issue).

   **Plaintiffs' Response to Google**: Below, Google offers an 11th-hour "compromise" of Ms. Tabriz in lieu of Mr. Pichai. But Google already agreed to add Ms. Tabriz, and it is not a compromise. More importantly, there is no evidence that their documents would be duplicative.

   **GOOGLE'S STATEMENT**

   **_Google's Argument:_** Sundar Pichai is CEO of Alphabet and Google. To obtain evidence from him, under the well-settled standards of the apex doctrine Plaintiffs must establish that he is in possession of unique and non-repetitive information. *See, e.g.*, *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011) (in analyzing apex discovery request, "courts consider (1) whether the [apex custodian] has unique first-hand, nonrepetitive knowledge of facts at issue ... and (2) whether the party ... has exhausted other less intrusive discovery methods"). Plaintiffs have refused to provide good cause arguments in numerous meet-and-confers, simply insisting that Mr. Pichai's relevance is "obvious." It is not.

   Beyond *ipse dixit* assertions and a vague claim that "Mr. Pichai has been involved in Chrome privacy and security," Plaintiffs have not identified ***any document*** or ***any deposition testimony*** suggesting that Mr. Pichai had relevant involvement with Sync—much less unique information that could not be discovered through the 38 current ESI custodians, including those intimately more familiar with Sync and relevant issues concerning Chrome. To the contrary, deposition testimony in the related case has unequivocally established that Mr. Pichai was not involved in the day-to-day workings of the various Chrome modes. And there has been ***no deposition testimony*** in either action establishing Mr. Pichai was involved in Sync mode.

   Plaintiffs have not sought such discovery before bringing this motion, which alone is fatal to their request. *See, e.g.*, *Schneider v. Chipotle Mex. Grill, Inc.*, 2017 WL 4127992, at *3 (N.D. Cal. Sept. 19, 2017) (denying apex discovery where requesting party failed to identify unique personal knowledge by the apex officer); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (apex discovery improper "[w]here a high-level decision

maker [is] removed from the daily subjects of the litigation [and] has no unique personal knowledge of the facts at issue." (quotation omitted)). Plaintiffs do not point to a *single deficiency* in the testimony of *any witnesses deposed* concerning the topics about which they speculate Mr. Pichai "may have" knowledge. Unsupported claims of what such intrusive discovery "may reveal" demonstrates this request is no more than a classic fishing expedition.

Mr. Pichai is CEO and has managerial responsibility for *hundreds* of Google products and services, only one of which is the Chrome browser. While Mr. Pichai is aware of developments affecting a wide array of Google products, applications, and services, that is true of every CEO and not the relevant standard. Plaintiffs' vague assertions–such as, "Mr. Pichai is continually updated on the Chrome browser … and he provides feedback"–is consistent with this role and not a basis for finding he has unique knowledge, particularly when many of those providing him such details (and receiving any alleged feedback) are already custodians. The apex doctrine requires more, and it is without basis for Plaintiffs to suggest that he has first-hand knowledge that those working daily on Chrome do not.

*Google's Compromise:* On November 19, 2021, Plaintiffs proposed senior executive Parisa Tabriz (VP, Chrome) as an ESI custodian. Ms. Tabriz joined Google in 2002 and has served in Chrome-related roles from roughly 2012 to present. Google has added her as an ESI custodian, and believes that her Chrome-specific knowledge will sufficiently address the topics that Plaintiffs speculate that Mr. Pichai may have knowledge concerning. Plaintiffs have not carried their initial burden of showing that an apex custodian has relevant, unique information that cannot be discovered through less-senior employees like Ms. Tabriz—nor can they, given Ms. Tabriz's extensive Chrome-related involvement during the entire relevant time period (i.e., from 2014 to present). *See, e.g.*, *Schneider*, 2017 WL 4127992, at *3; *see also Lauris v. Novartis AG*, 2016 WL 7178602, at *4 (E.D. Cal. Dec. 8, 2016) (given the cost of additional e-discovery and the failure to show Defendant's discovery plan was not sufficient, "the Court will require more than mere speculation to order Defendants to include [] apex custodians in the search protocol").

*Google's Response to Plaintiffs' Statement:* Plaintiffs refused to disclose *any* relevance or "good cause" for *any* custodian they proposed over the last month (including Mr. Pichai). This is improper gamesmanship. Plaintiffs instead claim that the Court "dispensed" with the good cause standard in imposing a cap of 42 custodians. This interpretation is unsupported by the Order and contrary to the custodians negotiation process in *Brown* (where good cause arguments have always been provided well in advance of every filing). Even more, it flouts (i) the Court-ordered ESI Protocol, which requires a showing of good cause; (ii) overwhelming authority from this district requiring good cause, and (iii) the even higher standard that must be satisfied to justify apex discovery. *See, e.g.*, *Handloser v. HCL Am., Inc.*, 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020) (rejecting request for more custodians given failure to show good cause, including "why plaintiffs expect to discover information ... that differs from discovery they have already obtained from the others"); Dkt. 96 at 4 ("Additional custodians may be proposed upon a showing of good cause."). Plaintiffs' application fails under each of these inquiries.

Despite Google's repeated requests for Plaintiffs' cooperation in the briefing process—including during the parties' Court-ordered meet and confer on December 5, 2021— Plaintiffs refused to disclose any of the arguments or document citations that appear in their Position Statement until *an hour prior to filing*. Forcing the parties in a simultaneous, blind exchange one hour before this brief was due to be filed is highly prejudicial and has impeded the adequate investigation, rounds of correspondence, and robust meet and confer negotiations that normally proceeds every other dispute the parties have briefed for this Court.

<u>*Request for Relief:*</u> Plaintiffs' request should be denied, or, in the alternative, Google should be afforded a meaningful opportunity to respond to Plaintiffs' eleventh-hour arguments, case law

authorities, and document citations. Google also seeks the Court's guidance to establish clear guidelines for any further custodian briefing, including a staggered briefing schedule so that Google is not prejudiced by having less than an hour to mount arguments the day of filing.

| | |
|---|---|
| | Respectfully, |
| DATED: December 6, 2021 | |
| **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By: */s/ Lesley Weaver* <br> Lesley Weaver (Cal. Bar No. 191305) <br> Angelica M. Ornelas (Cal. Bar No. 285929) <br> Joshua D. Samra (Cal. Bar No. 313050) <br> 555 12th Street, Suite 1600 <br> Oakland, CA 94607 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> *lweaver@bfalaw.com* <br> *aornelas@bfalaw.com* <br> *jsamra@bfalaw.com* | By: */s/* Andrew H. Schapiro <br> Andrew H. Schapiro (admitted pro hac vice) <br> andrewschapiro@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> Tel: (312) 705-7400 <br> Fax: (312) 705-7401 <br><br> Stephen A. Broome (CA Bar No. 314605) <br> stephenbroome@quinnemanuel.com <br> Viola Trebicka (CA Bar No. 269526) <br> violatrebicka@quinnemanuel.com <br> 865 S. Figueroa Street, 10th Floor <br> Los Angeles, CA 90017 <br> Tel: (213) 443-3000 <br> Fax: (213) 443-3100 |
| **DiCELLO LEVITT GUTZLER LLC** | |
| By: */s/ David A. Straite* <br> David A. Straite (admitted *pro hac vice*) <br> One Grand Central Place <br> 60 E. 42nd St., Suite 2400 <br> New York, NY 10165 <br> Telephone: (646) 933-1000 <br> *dstraite@kaplanfox.com* <br><br> Amy E. Keller (admitted *pro hac vice*) <br> Adam Prom (admitted *pro hac vice*) <br> Sharon Cruz (admitted *pro hac vice*) <br> Ten North Dearborn Street, 6th Fl. <br> Chicago, Illinois 60602 <br> Tel.: (312) 214-7900 <br> *akeller@dicellolevitt.com* <br> *aprom@dicellolevitt.com* <br> *scruz@dicellolevitt.com* | Jomaire Crawford (admitted pro hac vice) <br> jomairecrawford@quinnemanuel.com <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> Tel: (212) 849-7000 <br> Fax: (212) 849-7100 <br><br> Josef Ansorge (admitted pro hac vice) <br> josefansorge@quinnemanuel.com <br> 1300 I Street NW, Suite 900 <br> Washington D.C., 20005 <br> Tel: (202) 538-8000 <br> Fax: (202) 538-8100 |
| **SIMMONS HANLY CONROY LLC** | |
| By: */s/ Jay Barnes* <br> Jason 'Jay' Barnes (admitted *pro hac vice*) <br> An Truong (admitted *pro hac vice*) <br> 112 Madison Avenue, 7th Floor <br> New York, NY 10016 <br> Tel.: (212) 784-6400 <br> Fax: (212) 213-5949 <br> *jaybarnes@simmonsfirm.com* <br> *atruong@simmonsfirm.com* <br><br> *Counsel for Plaintiffs* | Jonathan Tse (CA Bar No. 305468) <br> jonathantse@quinnemanuel.com <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> Tel: (415) 875-6600 <br> Fax: (415) 875-6700 <br><br> *Attorneys for Defendant Google LLC* |

## **ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: December 6, 2021             By      */s/ Lesley E. Weaver*
                                                                Lesley E. Weaver
                                                                Co-Counsel for Plaintiffs