UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 20-cv-05146-LHK  (SVK)<br><br>**ORDER ON DECEMBER 6, 2021 DISCOVERY SUBMISSIONS**<br><br>Re: Dkt. Nos. 398, 400, 402 |

The Court is in receipt of the Parties' expedited discovery submissions at Dkt. Nos. 398, 400 and 402. Having considered all relevant material before this Court over the long history of the Parties' discovery disputes and the Federal Rules of Civil Procedure, the Court **ORDERS** as follows:

**I.   Depositions**

1. **Greg Fair**: The deposition will proceed on **December 16, 2021 for 7 hours**. The Parties are to continue their meet and confer efforts regarding the length of a further deposition if Mr. Fair provides a declaration in support of Defendant's motion for summary judgment. If the Parties are unable to reach a resolution, the Parties may file a single, joint submission not to exceed two pages addressing the length of a further deposition.

2. **Justine Schuh**: Upon receipt of this Order, Google is to provide at least two deposition dates in the first two weeks of January. The deposition will be completed by **January 14, 2021**, unless extended by mutual agreement of the Parties.

3. **Dr. Felt**: Other than frustration with the meet and confer process, the Plaintiffs

provide no reason for not accepting Google's proposed production and deposition dates. The production of Dr. Felt's documents will be completed no later than **December 20, 2021**, and Dr. Felt will be deposed on **January 13, 2022**, unless extended by mutual agreement of the Parties.

## II. Documents

1. **Identification of Chrome Users who are not synced**: The Court was surprised to see this issue raised in Plaintiffs' Administrative Motion (Dkt. 396) and in the joint submission, particularly since Plaintiffs neglect to identify any specific, disputed requests or disputes previously brought before this Court. As a result, Plaintiffs' submission lacks a specific request directed to this Court. Upon receipt of the Administrative Motion, the Court conferred with the Special Master, who confirmed the Court's view that the process currently before the Special Master will address this issue in due course. Accordingly, Plaintiff's request, seeking "identification of Chrome users who are not synced" is **DENIED without prejudice** to being revisited after the steps of Exhibit 1 to Dkt. 377 are completed.

2. **Incognito Discovery**

Plaintiffs' requests on this issue are unclear, though the dispute appears to relate to the scope of the cross-use agreement. Accordingly, the Court requests ADDITIONAL BRIEFING on this issue, following continuing meet and confer efforts between the Parties. **Plaintiffs may file a brief not to exceed five pages by December 14, 2021; Defendants may file a responsive brief not to exceed five pages by December 21, 2021**. The Parties may, if necessary, provide a supporting declaration with relevant evidence in support of their positions. The Court will not consider any argument presented in a declaration or any irrelevant exhibits that are not directly related to this dispute.

**III.     ESI Custodians: Sundar Pichai**

In light of Mr. Pichai's involvement in relevant issues and his apex status, the Court **GRANTS** Plaintiffs' motion, **IN PART**. Mr. Pichai will be an ESI custodian counting against Plaintiffs' custodian cap, however there will be a limit on the number of search terms and temporal scope for this custodian, as there are in the *Brown* matter. Search terms may only be selected from those already agreed upon through prior proceedings. Parties are to meet and confer regarding the limitations. If the Parties are unable to reach agreement, a joint statement setting forth competing proposals may be submitted to the Court on **December 13, 2021**. Proposals may not exceed two pages of argument per side in addition to a chart.

The Court expends significant time and resources on the Parties' discovery disputes, some of which merit such attention, some of which do not. The Court expects counsel to discern the difference and act accordingly. The Court declines to micro-manage the Parties' meet and confer process, nor can it direct resources to disputes which are not yet ripe.

**SO ORDERED.**

Dated: December 7, 2021

SUSAN VAN KEULEN
United States Magistrate Judge