1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2  Andrew H. Schapiro (admitted *pro hac vice*)
   andrewschapiro@quinnemanuel.com
3  191 N. Wacker Drive, Suite 2700
   Chicago, IL 60606
4  Telephone: (312) 705-7400
5  Facsimile: (312) 705-7401

   Josef Ansorge (admitted *pro hac vice*)
   josefansorge@quinnemanuel.com
   1300 I Street NW, Suite 900
   Washington D.C., 20005
   Telephone: (202) 538-8000
   Facsimile: (202) 538-8100

6  Stephen A. Broome (CA Bar No. 314605)
   stephenbroome@quinnemanuel.com
7  Viola Trebicka (CA Bar No. 269526)
   violatrebicka@quinnemanuel.com
8  865 S. Figueroa Street, 10th Floor
9  Los Angeles, CA 90017
   Telephone: (213) 443-3000
10 Facsimile: (213) 443-3100

   Jonathan Tse (CA Bar No. 305468)
   jonathantse@quinnemanuel.com
   50 California Street, 22nd Floor
   San Francisco, CA 94111
   Telephone: (415) 875-6600
   Facsimile: (415) 875-6700

11 Jomaire Crawford (admitted *pro hac vice*)
12 jomairecrawford@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
13 New York, NY 10010
   Telephone: (212) 849-7000
14 Facsimile: (212) 849-7100

15 *Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 5:20-cv-5146-LHK-SVK <br><br> **GOOGLE'S BRIEF RE: INCOGNITO DISCOVERY** <br><br> Referral:  Hon. Susan van Keulen, USMJ |

December 21, 2021

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

**Re: GOOGLE'S BRIEF RE: INCOGNITO DISCOVERY**
*Calhoun v. Google LLC*, Case No. 5:20-cv-05146-LHK-SVK (N.D. Cal.)

The relief that Plaintiffs seek, confirmation from this Court that "Incognito is not within the scope of this case," is not supported by the record and should be denied. Plaintiffs initially presented this dispute as a request for the production of documents concerning Incognito mode for Chrome – but Plaintiffs did not represent that they had found deficiencies, or even reviewed, the more than 68,000 Incognito-related documents Google already produced in this action. Plaintiffs now change course and claim that Incognito should *not* be within the scope of this case. That request is untenable, especially since Incognito is a concept Plaintiffs thrust into the case themselves. For the reasons below, Plaintiffs' requested relief should be denied.[1]

First, Plaintiffs' claim that Incognito is outside of the scope is belied by the fact that Plaintiffs themselves have injected Incognito into this case. The Court need look no further than Plaintiffs' proposed class definition, which turns on whether or not a user is browsing in Incognito mode. *See* Pls' Mot. for Class Certification, Dkt. 339-4, at 1 ("Browsing using the Chrome browser in Incognito mode is excluded from the Class."). One of Plaintiffs' experts, Dr. Zubair Shafiq, devotes an entire section of his report in support of class certification to whether Google can identify users browsing Chrome in Incognito mode. *See* Dkt. 339-20 at 25. Google is permitted to probe,

---

[1] Unrelated as Plaintiffs' request is to any particular dispute, it effectively seeks an advisory opinion regarding the scope of the case, or an early motion *in limine*. Neither is appropriate at this stage. Worse, in violation of the Court's order (Dkt. 404 at 2), Plaintiffs did not even seek to meet and confer with Google prior to their filing. Plaintiffs' motion should be denied on these bases alone.

among other things, whether Plaintiffs' proposed class is ascertainable and if their proposed representatives are typical of the class.[2]

Second, Plaintiffs allege that they understood Google's disclosures to mean that merely browsing in Chrome Basic, or Signed in without Sync enabled, would prevent Google from obtaining any information about their browsing and essentially make them invisible on the web. In a related case, *Brown v. Google*, the allegation is that it is common knowledge that Google receives information about users' browsing, and that users need to use Incognito mode to prevent that from happening. Google has every right to explore how the *Calhoun* Plaintiffs believe Incognito (and Guest) mode works, and what it is used for. Plaintiffs' strategic choices—*e.g.*, to downplay the obvious tension between their case and the *Brown* action—do not bind Google's defenses. Indeed, to bar Google from defending itself by reference to Plaintiffs' beliefs about Incognito could constitute a denial of due process.

Plaintiffs' motion fails to cite any discovery requests to which Google refused to provide information on the basis that it is related to Incognito. Plaintiffs concede they chose to "refrain[] from, seeking any discovery … relating to Incognito." Mot. at 2. In any event, Google has already provided the *Calhoun* Plaintiffs with an immense amount of discovery related to Incognito, including more than 68,000 documents that hit on the term "Incognito."[3] Dkt. 399-4. Even though the Cross-Use Order allows Google to withhold documents from non-custodial sources in *Brown* if they are not relevant to this matter, Google has not done so. *See* Dkt. 263 at ¶ 2. Google has cross-produced all non-custodial documents it originally produced in *Brown* with the exception of data related specifically to the *Brown* Plaintiffs, including all Incognito-related documents. *See* Dkt. 263

---

[2] Although Plaintiffs allude to the existence of an order from this Court preventing discovery related to Incognito (Mot. at 2), no such order exists.

[3] The only documents related to Incognito mode that Google has produced in *Brown* but has not produced in this case are documents from non-overlapping custodians, which Plaintiffs agreed to exclude from cross-use. *See* Plaintiffs' Proposed Order re: Cross-Use, Dkt. 253-1.

at ¶ 4. Plaintiffs do not claim that they have reviewed the plethora of documents that Google has produced and found them lacking in any respect.

Furthermore, the lone unreported case cited in support of Plaintiffs' unorthodox request is readily distinguishable, as (i) unlike the current motion, the moving party's request in *Purdue* involved a motion to compel; and (ii) unlike Google, the responding party there refused to produce documents at issue. *See CCSF v. Purdue Pharma L.P.*, No. 18-cv-7591-CRB-JSC, Order re Pls. MTC Walgreens Elec. Due Diligence Records at 2, Dkt. No. 545 (N.D. Cal. May 3, 2021). To the extent either party is attempting to use Incognito as a sword and shield, it is Plaintiffs—not Google. Plaintiffs' motion makes clear that they seek to rely on Incognito as a way to define their proposed class and, at the same time, shield Google from relying on any of the documents that it has produced to challenge these assertions. Plaintiffs cannot have it both ways; because both parties have explored the impact that Chrome's Incognito mode has on Plaintiffs' claims and Google's defenses, Plaintiffs' motion should be denied.

DATED: December 21, 2021   QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*