**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME FOR BRIEFING ON PLAINTIFFS' MOTION FOR EMERGENCY RELIEF**<br><br>Judge: Hon. Lucy H. Koh |

# INTRODUCTION

Plaintiffs seek "emergency" briefing related to emails sent by Google that alerted Google Account holders of changes to Google's Terms of Service ("TOS"), which go into effect January 5, 2022 and apply to all of Google's products and services. Plaintiffs claim these product-wide emails amount to improper communications with purported class members about the narrow products at issue in this litigation, and the new terms are an attempt "to diminish the legal rights of tens of millions of Americans on a single day." Dkt. 418 at 7. This could not be further from the truth. Like many companies, Google periodically updates its TOS and notifies consumers of those updates, in the ordinary course of business. The modifications affect myriad products and services that are not at issue here. Additionally, Google stands ready to enter a stipulation that its new TOS do not apply retroactively to extinguish any of the rights currently held by any purported class members in this litigation. During the time it took Google's counsel to confirm this, Google offered to stipulate that it would not seek to invoke any of the new TOS to impact any of the claims in this case until a stipulation had been reached on the merits or the Court had ruled through the normal briefing process.

Put simply: there are no rights that will be extinguished retroactively and there is no emergency. This precludes Plaintiffs from showing that "substantial harm or prejudice … would occur if the Court did not change" the default briefing schedule, and their request for hurried, holiday briefing should be denied. Civ. Local Rule 6-3(a)(3). To the extent Plaintiffs feel there is an emergency, it is one of their own making, as Plaintiffs' own submission shows they were aware of emails from Google regarding the new TOS by at least December 1, but did not raise the issue with Google until December 13 and offered Google only two days to respond to Plaintiffs' allegations. Plaintiffs then waited until December 20 to file their motions, which required a response to Plaintiffs' motion to shorten time for briefing on the first business day following the Christmas holiday, and Plaintiffs requested the Court order Google to respond to their motion for relief the following day.

Because no purported class members will have legal rights retroactively extinguished on January 5, and the fact that Plaintiffs themselves have only treated this as an emergency when titling

their brief, Google respectfully requests the Court deny Plaintiffs' request to shorten the time for briefing (Dkt. 419) related to Plaintiffs' motion for relief (Dkt. 418).

### BACKGROUND

Google is an international company that offers dozens of products and services to users around the world. On January 5, 2022, Google will be updating its TOS globally, including those applicable to users in the United States. Ilieva Decl. ¶ 2. The TOS are applicable to all Google products and services, and no changes are targeted to the Chrome browser at issue here, which has its own "service specific" terms that are not being modified. *Id*. Updates to the TOS occur in the normal course of business and prior updates occurred on March 31, 2020 and October 25, 2017, both during the class period. *Id*. ¶ 4.

To ensure its users received adequate notice of the updated TOS taking effect on January 5, Google sent emails explaining the changes to billions of Google accounts worldwide. *Id*. ¶ 3. Although this was done on a rolling basis, the emails were completed on December 10. *Id*.

Plaintiff Calhoun received an email regarding the new TOS on December 1. Dkt. 418-1 at 5. However, Counsel for Plaintiffs did not raise their purported concerns regarding this email with Google until December 13, at which time they demanded a meet and confer the same or next day and threatened that if they did not hear from Google and resolve the issue Plaintiffs would file a motion with the Court at 3:00 PM PT on Wednesday, December 15. Schapiro Decl. ¶ 3. Counsel for Google responded the following morning, on December 14 indicating they had not had a chance to consider the issue fully with Google, but could offer in the meantime a stipulation that Google would not "invoke the new TOS to impact any of the claims in the *Calhoun* action unless and until (1) the parties negotiate a stipulation regarding the impact (if any) of the new TOS on the claims in the *Calhoun* action, or, if the parties cannot agree on a stipulation, (2) the parties brief the impact (if any) of the new TOS on the claims in the *Calhoun* action on a regularly noticed motion and the Court issues a ruling." *Id*. ¶ 4.

By December 15, Plaintiffs refused the proposed stipulation and stated they would seek expedited relief from the Court, in part because Google refused to defer the effective date of its TOS, which was a date coordinated globally. *Id*. ¶¶ 5-6. Instead Plaintiffs did not file until

December 20 (after receiving a hearing date on December 17 from court personnel).  To the extent there is an emergency, it is one of Plaintiffs' own making.  They now seek to have Google bear the prejudice, which is improper.

## ARGUMENT

"Per this district's local rules, the court may shorten time where the moving party sets forth with particularity the reasons for the shortened time and identifies the substantial harm or prejudice that would occur without the change in time." *Multiven, Inc. v. Cisco Sys., Inc.*, 2010 WL 2178935, at *2 (N.D. Cal. May 27, 2010) (denying motion); *see also* N.D. Cal. Civ. L.R. 6-3.  Here, Plaintiffs cannot show substantial harm or prejudice.

First, Plaintiffs argue that they "need clarity—***prior to*** the January 5 effective date—on the possible reductions of their legal rights (not to mention the rights of the tens of millions of other putative class members) caused by the New TOS." Dkt. 419 at 5.  But Google stands ready to stipulate that the new TOS will not apply retroactively to bar relief or extinguish claims currently available to putative class members, and Plaintiffs thus cannot show that Google sent improper communications, much less that they will be harmed by the regular briefing schedule, which would require Google's response by January 3.  *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 2018 WL 4998142, at *6-8 (N.D. Cal. Oct. 15, 2018) (finding no improper communication where defendant "stands ready to enter a stipulation establishing that participation in the [discount program communicated] does not waive claims in this litigation"); *id*. at *3 (noting that Defendant was willing to stipulate that participation in a replacement program would not "extinguish any legal rights that are based upon events predating the … replacement service").  Further, as Google intends to argue more fully in its opposition to Plaintiffs' motion for relief, the terms Plaintiffs have identified as "new" are identical or substantially similar to terms in prior versions of Google's TOS that were operative for most of Plaintiffs' proposed class period.

Second, none of Plaintiffs' requested remedies require action by the parties or decision of the Court prior to January 5.  For instance, Plaintiffs ask the Court to enter an order stating "[a]ny releases, waivers and agreements affecting remedies in this litigation that Google obtained … are declared invalid." Dkt. 418 at 1.  But the new TOS have not gone into effect yet, and the Court's

power to nullify any possible waivers will be no different on January 5 than it is on January 4—this Court has already invalidated agreements obtained through improper communications retroactively (albeit with a very different communication than the one at issue here). *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 518 (N.D. Cal. 2010) (invalidating opt-out forms previously obtained through coercive communications by managers at the workplace). Further, Plaintiffs ask for a corrective notice "within thirty (30) days of entry" of the requested order and seek all prior correspondence with putative class members "[w]ithin ten (10) days" of the same. Dkt. 418 at 1. Plaintiffs' proposed corrective notice or production is entirely unwarranted here; and, even if it were, it is (a) impossible, because the sprawling putative class–essentially all people who used Chrome without sync enabled but not in incognito mode–is not ascertainable and (b) the notification would occur long after January 5 even under Plaintiffs' proposed expedited schedule, which requests a hearing and order on January 3 or 4. Dkt. 419 at 5. As a result, a normal briefing schedule is entirely appropriate for the parties to present their respective positions on this issue.

Third, Plaintiffs have not been diligent in bringing their motion, despite requesting the Court and Google expedite their own actions. Plaintiffs have known of Google's email since at least December 1, but waited until December 13 to address it with Google's counsel and threatened to file the current motion if Google did not "resolve these issues" within 48 hours. Schapiro Decl. ¶ 3. When Google's counsel indicated more time was needed, Plaintiffs stated they would seek relief from the Court. Instead of filing on December 15 as they originally indicated, Plaintiffs did not file until December 20. Now they expect Google to file a response to their motion to expedite on the first business day after Christmas, an expedited response to Plaintiffs' motion for relief the next day, and anticipate the Court should clear space on its calendar for a hearing in a two-day window thereafter. All this despite Plaintiffs taking nearly two weeks to even raise the issue in the first instance. Such dilatory conduct lays bare the lack of any real harm to Plaintiffs and is, itself, grounds for denying the motion to shorten time. *Lucas v. Hertz Corp.*, 2012 WL 3638568, at *5 (N.D. Cal. Aug. 22, 2012) (denying motion under N.D. Cal. Civ. L.R. 6-3 where movant did "not provide any reason why he could not have" filed his motion earlier, which resulted in "a problem of his own making"); *Medtronic Vascular Inc. v. Advanced Cardiovascular Sys., Inc.*, 2007 WL 2903997, at

*1 (N.D. Cal. Oct. 4, 2007) (denying motion to shorten time for lack of good cause because the movant was "responsible for its own delay in bringing the motion").

### CONCLUSION

For these reasons, Google respectfully requests the Court deny Plaintiffs' motion to shorten time (Dkt. 419) for briefing on Plaintiffs' motion for emergency relief (Dkt. 418).

DATED:  December 27, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*

| | |
|---|---|
| Jomaire Crawford (admitted pro hac vice)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 | Andrew H. Schapiro (admitted pro hac vice)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401 |
| Josef Ansorge (admitted pro hac vice)<br>josefansorge@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Telephone: (202) 538-8000<br>Facsimile: (202) 538-8100 | Stephen A. Broome (CA Bar No. 314605)<br>sb@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| Sara Jenkins (CA Bar No. 230097)<br>sarajenkins@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| | *Attorneys for Defendant Google LLC* |

- 5 -
Case No. 5:20-cv-05146-LHK-SVK
GOOGLE'S OPPOSITION TO MOTION TO SHORTEN BRIEFING

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Andrew H. Schapiro, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of December, 2021.

Dated: December 27, 2021           By      */s/ Andrew H. Schapiro*
                                                    Andrew H. Schapiro

**CERTIFICATE OF SERVICE**

I, Andrew H. Schapiro, hereby certify that on December 27, 2021, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

Dated: December 27, 2021                By      */s/ Andrew H. Schapiro*
                                                Andrew H. Schapiro