COOLEY LLP
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
JEFFREY M. GUTKIN (SBN 216083)
(jgutkin@cooley.com)
AARTI G. REDDY (SBN 274889)
(areddy@cooley.com)
KYLE C. WONG (SBN 224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (SBN 321488)
(kspector@cooley.com)
COLIN S. SCOTT (SBN 318555)
(cscott@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:   +1 415 693 2000
Facsimile:   +1 415 693 2222

COOLEY LLP
ROBBY L.R. SALDAÑA
(DC No. 1034981)
(rsaldana@cooley.com)
(*pro hac vice*)
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Telephone:   +1 202 776 2109
Facsimile:   +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *Calhoun et al. v. Google LLC* | Case No. 5:20-cv-05146-LHK-VKD |
| | Related action: |
| | Master File No. 5:21-cv-02155-LHK |
| *In re Google RTB Consumer Privacy Litigation,*<br><br>This Document Relates to: *all actions*, | **GOOGLE'S OPPOSITION TO JOINDER IN MOTION FOR EMERGENCY RELIEF UNDER FED. R. CIV. P. 23(D) AND MOTION FOR AN ORDER SHORTENING TIME FILED BY CALHOUN PLAINTIFFS IN RELATED CASE NO. 5:20-CV-05146-LHK-VKD (ECF NOS. 418, 419)**<br><br>Judge:   Hon. Lucy H. Koh<br>Hearing Date:   March 31, 2022<br>Hearing Time*:* 1:30pm |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPPOSITION TO JOINDER IN
MOTION FOR RELIEF AND SHORTENING TIME
CASE NO. 5:20-CV-05146-LHK

## I. INTRODUCTION

Defendant Google LLC ("Google") respectfully submits this Opposition to Plaintiffs' "Joinder" in which Plaintiffs purport to join in a motion for classwide injunctive relief filed by *different* plaintiffs on behalf of a *different* putative class asserting *different* claims based on *different* facts.[1] Plaintiffs' half-page Joinder seeks this extraordinary relief without ever explaining how the arguments in the *Calhoun* Rule 23(d) Motion apply to the facts and claims here, without complying with applicable procedural requirements, and without providing any prior notice to undersigned counsel for Google in this action. And while Plaintiffs also request expedited briefing and characterize the relief sought as "emergency" in nature, plaintiffs in *Calhoun* (who share some attorneys in the *Google RTB*[2] matter) knew about the contractual provisions at issue as of December 1, and the *Google RTB* Plaintiffs similarly allege that at least Plaintiff Kevranian received the same notice regarding the contractual provisions at issue. Any emergency is thus entirely of the Plaintiffs' own making. The *Google RTB* Plaintiffs should not be rewarded for their lack of diligence and their failure to comply with the procedural rules of this District, and their inexplicable attempt to shortcut the Federal Rules through this purported "Joinder" should be summarily denied.[3] But to the extent the Court will entertain the *Google RTB* Plaintiffs' improper request for joinder, Google requests that the Court decline to enter an expedited briefing schedule based on several of the same arguments set forth in its Opposition to the Motion to Shorten Time filed in *Calhoun*.

## II. FACTUAL BACKGROUND

On December 20, 2021, Plaintiffs in *Calhoun v. Google LLC* filed their Rule 23(d) Motion pertaining to Google's New Terms of Service ("New TOS"), set to go into effect on January 5, 2022, and challenging certain communications concerning those terms that Google sent to its users beginning on November 22, 2021. *See generally* ECF No. 418. Along with that motion, the

---

[1] *See Calhoun v. Google LLC*, Case No. 5:20-cv-05146, ECF No. 418, Motion for Emergency Relief under Fed. R. Civ. P. 23(d) ("Rule 23(d) Motion").
[2] *In re Google Consumer Privacy Litigation*, Case No. 5:20-cv-05146-LHK ("Google RTB").
[3] Should the Court permit the *Google RTB* Plaintiffs to join in the Rule 23(d) Motion through its "Notice of Joinder," Google also intends to oppose the Rule 23(d) Motion when the Opposition is due.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S OPPOSITION TO JOINDER IN
MOTION FOR RELIEF AND SHORTENING TIME
CASE NO. 5:20-CV-05146-LHK

*Calhoun* Plaintiffs additionally filed a Motion to Shorten Time requesting that the Court order an expedited briefing schedule, with briefing set to conclude on December 30, 2021.[4] The relevant facts pertaining to each of these motions are set out in detail in Google's Opposition to the Motion to Shorten Time filed in *Calhoun*. On December 22, 2021 – with no prior notice to undersigned counsel – Plaintiffs in *Google RTB* filed a two-paragraph "Joinder" purporting to join in the *Calhoun* Plaintiffs' Rule 23(d) Motion and Motion to Shorten Time, thereby requesting that this Court require undersigned counsel in this action to respond to the Rule 23(d) Motion filed in the *Calhoun* action, and never filed on the *Google RTB* docket, by December 28, 2021.

**III.   ARGUMENT**

    **A.   The Court Should Not Permit Joinder Because It Is Procedurally Improper.**

Plaintiffs' request for joinder in the *Calhoun* Plaintiffs' Motions should be denied as there is no basis for this procedural maneuver in the Federal Rules of Civil Procedure and the Civil Local Rules of Northern District of California. Their two-paragraph "Joinder" presents no arguments or facts to explain why this Court should permit the *Google RTB* Plaintiffs to join in a motion filed by different Plaintiffs in a different action, involving different claims and different facts.[5] Further, while the Federal Rules of Civil Procedure permit joinder of *claims* under Rule 18 and joinder of *parties* under Rules 19 and 20, the *Google RTB* Plaintiffs cite no federal or local rule, case law, or other authority that would permit parties in one action to "join" a *motion* filed by different parties in a different action. Plaintiffs' inability to muster any legal support for their position is unsurprising. As another Court observed, "no Federal Rule of Civil Procedure or Local Rule permits 'joining' the motion of another party in a different action." *See Moncada v. Bank of Am.*, No. 8:17-cv-2625, 2018 U.S. Dist. LEXIS 125650, *2 (M.D. Fla. July 27, 2018); *cf. also Zepeda*

---

[4] *See Calhoun v. Google LLC*, Case No. 5:20-cv-05146, ECF No. 419, Motion to Shorten Time for Briefing on Plaintiffs' Motion for Emergency Relief Under Fed. R. Civ. P. 23(d) to Expedite Hearing ("Motion to Shorten Time").

[5] Unlike *Google RTB*, *Calhoun* Plaintiffs allege that they chose not to sync their Google accounts with their Chrome browser and that they understood doing so would prevent Google from **collecting** information from them based on provisions in Chrome-specific terms and policies. *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 613-16 (N.D. Cal. 2021). Unlike *Calhoun*, *Google RTB* Plaintiffs challenge alleged data ***sharing*** through Google's Real-Time Bidding system and ground their claims in different statements, terms, and policies. *See, e.g., Google RTB*, Case No. 5:21-cv-02155, ECF No. 92 ¶¶ 1-3, 11-12.

1  *v. PayPal, Inc.*, Nos. C 10-2500, C 10-1668, 2013 WL 2147410, at *3 (N.D. Cal. May 15, 2013) (chastising individuals for filing motions in a case to which they were not parties and thus "unnecessarily consum[ing] the Court's time and resources").

Indeed, Plaintiffs' request that Google respond to the Rule 23(d) Motion and the Motion to Shorten Time filed in *Calhoun* actually contravenes the Local Rules of this District because neither Motion has ever been properly filed or served in the *Google RTB case* – thus, there is no pending motion on the *Google RTB* docket to which Google must respond. Local Civil Rule 5.1(g) provides that service is only effectuated through the ECF system where notice is sent to "the registered attorneys for all parties in the case." *See* Civil L.R. 5.1(g). Further, only "[t]he records of filings and entries created by the ECF system for *each* case shall constitute the docket for that case." Civil L.R. 5.1(d)(6) (emphasis added). Since the Rule 23(d) Motion and the Motion to Shorten Time were not filed in *Google RTB*, neither Motion was ever properly filed or served on undersigned counsel for Google. Plaintiffs' impermissible filing of a "Joinder" on December 22, 2021, does not excuse them from complying with basic filing and service requirements.

**B.  The Request for Expedited Briefing in the *Google RTB* Action Should be Denied.**

Even if the Court were to overlook the procedural deficiencies described above, it should decline to require Google to respond to Plaintiffs' Rule 23(d) Motion on an expedited basis.

To start, Plaintiffs have not satisfied the procedural prerequisites required for seeking expedited relief under Civil Local Rule 6-3(a). That Rule details various factual assertions that must be established by a supporting declaration attached to the motion, including a "[d]escri[ption] [of] the efforts the party has made to obtain a stipulation to the time change." Civil L.R. 6.3(a)(2). Here, the *Google RTB* Plaintiffs never even informed undersigned counsel that they intended to join in the Motion to Shorten Time filed in *Calhoun*, nor did they ever attempt to confer with undersigned counsel on any of the issues addressed in the *Calhoun* Plaintiffs' underlying Rule 23(d) Motion. *See* Declaration of Jeffrey M. Gutkin in Support of Google's Opposition to Joinder ¶¶ 2-3 (filed herewith). While the *Calhoun* Plaintiffs provide a declaration describing a purported effort to satisfy the meet-and-confer requirement in *Calhoun*, *see* Case No. 5:20-cv-05146, ECF Nos. 418

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OPPOSITION TO JOINDER IN
MOTION FOR RELIEF AND SHORTENING TIME
CASE NO. 5:20-CV-05146-LHK

at 4-5 & 418-2 ¶¶ 12-16, the *Google RTB* Plaintiffs made no such efforts in their Joinder and do not pretend otherwise. Accordingly, the *Google RTB* Plaintiffs' request to expedite briefing should be denied. *See Zepeda*, 2013 WL 2147410, at *1 (concluding failure to meet and confer as required by the Local Rules was sufficient reason to deny a motion).

Further, to the extent the *Google RTB* Plaintiffs are allowed to improperly join the *Calhoun* Plaintiffs' Motion to Shorten Time, Google also joins in the arguments set forth in the opposition thereto filed in *Calhoun*, *see Calhoun*, Case No. 5:20-cv-05146, ECF No. 434, many of which also support denial of the relief requested by the *Google RTB* Plaintiffs. For starters, Plaintiffs have not come close to demonstrating that "substantial harm or prejudice" would ensue if their request for expedited briefing is denied. Fed. R. Civ. 6-3(a)(3). As explained in that Opposition, the Court can provide whole relief to the Plaintiffs on the standard briefing schedule, because the Court's powers to nullify waivers will be no different after the New TOS enters into effect. *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 518 (N.D. Cal. 2010). Moreover, the lead named Plaintiff in *Calhoun* admits that he knew about the challenged provisions as of December 1, yet delayed in seeking the purportedly emergency relief until almost three weeks later. *See Calhoun*, Case No. 5:20-cv-05146, ECF No. 418-1 at 5. The *Google RTB* Plaintiffs – who are represented by some of the same counsel – then delayed an additional two days before attempting to assert the same arguments against Google in the *Google RTB* action. Plaintiffs' delay belie their claim that exigent circumstances exist. Accordingly, the Court should deny the Motion to Shorten Time.

**IV.  CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court summarily reject the *Google RTB* Plaintiffs' request to join in the Rule 23(d) Motion filed by the *Calhoun* Plaintiffs based on their improper and deficient "Joinder." Alternatively, if the Court permits the request for Joinder, Google respectfully requests that the Court deny the Motion to Shorten Time so that the issues raised can be thoroughly briefed pursuant to a standard briefing schedule.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPPOSITION TO JOINDER IN
MOTION FOR RELIEF AND SHORTENING TIME
CASE NO. 5:20-CV-05146-LHK

| | |
|---|---|
| Dated: December 27, 2021 | COOLEY LLP<br>MICHAEL G. RHODES<br>JEFFREY M. GUTKIN<br>AARTI G. REDDY<br>KYLE C. WONG<br>ROBBY L.R. SALDAÑA<br>KELSEY R. SPECTOR<br>COLIN S. SCOTT<br><br>By: */s/ Jeffrey M. Gutkin*<br>　　　Jeffrey M. Gutkin<br><br>Attorneys for Defendant<br>GOOGLE LLC |

261615664

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S OPPOSITION TO JOINDER IN
MOTION FOR RELIEF AND SHORTENING TIME
CASE NO. 5:20-CV-05146-LHK