QUINN EMANUEL URQUHART & SULLIVAN, LLP

| | |
|---|---|
| Andrew H. Schapiro (admitted *pro hac vice*) | Josef Ansorge (admitted *pro hac vice*) |
| andrewschapiro@quinnemanuel.com | josefansorge@quinnemanuel.com |
| 191 N. Wacker Drive, Suite 2700 | 1300 I Street NW, Suite 900 |
| Chicago, IL 60606 | Washington D.C., 20005 |
| Telephone: (312) 705-7400 | Telephone: (202) 538-8000 |
| Facsimile: (312) 705-7401 | Facsimile: (202) 538-8100 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Jonathan Tse (CA Bar No. 305468) |
| stephenbroome@quinnemanuel.com | jonathantse@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | 50 California Street, 22nd Floor |
| violatrebicka@quinnemanuel.com | San Francisco, CA 94111 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (415) 875-6600 |
| Los Angeles, CA 90017 | Facsimile: (415) 875-6700 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO DECLARATION OF VIOLA TREBICKA IN SUPPORT OF GOOGLE LLC'S MOTION TO STRIKE REPORT OF RUSSELL MANGUM, III, PH.D**<br><br>Judge:   Honorable Lucy H. Koh |

Google respectfully seeks to seal portions of the exhibits to the Declaration of Viola Trebicka in support of Google's Motion to Strike the Report of Plaintiffs' Damages Expert Russell Mangum, III, Ph.D (the "Motion to Strike"): Exhibit 1 (Deposition Transcript of Russell Mangum); Exhibit 4 (Expert Report of Tülin Erdem, Ph.D. dated December 22, 2021); Exhibit 5 (Expert Report of Bruce A. Strombom, dated December 22, 2021); and Exhibit 11 (Deposition Transcript of Leslie John), which contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including: the various types of Google's internal financial data, test accounts, metrics, account holders, projects, and their proprietary functions. The Court previously granted Google's motions to seal the same or substantively similar information it seeks to seal now, including in Dkt. Nos. 139, 154, 156, 219, 224, 258, 260, 310, 323, 326, 327, 368, 376, 386, 405. *See also Brown v. Google LLC*, No. 5:20-cv-03664-LHK-SVK, Dkt. Nos. 143, 152, 160, 172, 174, 183, 190, 197, 226, 238, 240, 276, 285, 286, 306, 320, 330, 341. This information is highly confidential and should be protected.

Furthermore, portions of Exhibits 3 and 11 of the Trebicka Declaration contain information that Plaintiffs have ordinarily designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

This Administrative Motion pertains to the following information contained in Exhibits 1, 3, 4, 5, and 11 of the Trebicka Declaration:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Exhibit 1 to Trebicka Decl. | 122:23-128:5, 128:12-18, 128:20-143:13, 152:7-167:25, 289:8-301:25 | Google |
| Exhibit 3 to Trebicka Decl. | 7:13, 7:21-22, 8:1, 8:7, 8:14, 12:2-7, 12:8-14, 12:15-21, 12:22-27, 13:1, 13:2-7 | Plaintiffs |
| Exhibit 4 to Trebicka Decl. | Pgs. 22, 35, I-8, K.3 (PDF pg. 223), K.3-1, K.3-2 | Google |
| Exhibit 5 to Trebicka Decl. | Pgs. 7, 12, 13, 15-19, 23-24, 40, 42-45, 49, 71, 73; Ex. 3 - 1-4; Ex. 4 - 3, 6, 8, 18; Ex. 5 - PDF 118; App. B - 1-2 | Google |

| | | |
|---|---|---|
| Exhibit 11 to Trebicka Decl. | 6:12, 142:15, 142:20 | Google |
| | 48:21, 49:5, 49:13, 49:19, 50:1-2, 50:8-9, 50:18-19, 51:12-13, 52:3, 52:8-10, 52:17, 52:24-25, 53:6, 53:9, 53:11 | Plaintiffs |

## I.  LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. Of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana,* 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.,* 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to nondispositive motions are not subject to the strong presumption of access.") (citation omitted). Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.,* 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.,* 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard) (Van Keulen, J.).

Courts in this District have held that motions to exclude the testimony of experts are nondispositive. *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 3623656, at *4 (N.D. Cal. June 10, 2015)

("Because Plaintiff's motion to exclude testimony is not a dispositive motion, the Court applies the "good cause" standard.").

## II. THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Williams v. Apple, Inc.*, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (finding "public disclosure of key metrics . . . would harm [defendant's] competitive standing" and therefore is appropriate for sealing); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the good cause standard is satisfied. Exhibits 1, 4, 5, and 11 of the Trebicka Declaration, all comprise confidential and proprietary information as the materials involve highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides confidential details related to Google's test accounts, metrics, account holders, projects and their proprietary functions. For example, the metrics related to the number of Google account holders who did or could consent to the Consent Bump Agreement or who enabled or did not enable certain features is highly sensitive information about Google account holders that its competitors and nefarious bad actors would be very interested in to Google's detriment. Such information reveals Google's internal strategies, system designs, and business

practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors, allowing them to alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. That alone is a proper basis to seal such information. *See, e.g.*, *Singh v. Google LLC*, 2021 WL 5298828, at *2 (N.D. Cal. Nov. 15, 2021) (ordering to remain under seal "a highly sensitive metric" that would allow competitors to "unfairly compete," among others); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing "highly sensitive information regarding Delphix's product architecture and development").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal systems and operations thereof as well as its account holders based on information sought to be sealed, including the status of certain Google accounts. Google would be placed at an increased risk of cyber security threats. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information. Thus, the confidential information at issue satisfies the good cause standard.

Further, Exhibits 3 and 11 of the Trebicka Declaration contain information that Plaintiffs have ordinarily designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. Pursuant to Civil Local Rule 79-5(e), Plaintiff, as the Designating Party, bears the responsibility to establish that their designated material is sealable.

## III.  CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of Exhibits 1, 4, 5, and 11 of the Trebicka Declaration.

DATED:  December 31, 2021

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:  */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
Carly Spilly (admitted pro hac vice)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000

| | |
|---|---|
| 1 | Facsimile: (202) 538-8100 |
| 2 | Jonathan Tse (CA Bar No. 305468) |
| 3 | jonathantse@quinnemanuel.com |
| | 50 California Street, 22nd Floor |
| 4 | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| 5 | Facsimile: (415) 875-6700 |
| 6 | *Attorneys for Defendant Google LLC* |