UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 20-cv-05146-LHK (SVK)<br><br>**ORDER ON ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 399, 401, 409 |

Before the Court are several administrative motions to file under seal materials associated with discovery disputes in this case. Dkt. 399, 401, 409; *see also* Dkt. 407, 408.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

1   Here, the "good cause" standard applies because the information the parties seek to seal
2   was submitted to the Court in connection with discovery-related motions, rather than a motion that
3   concerns the merits of the case. The Court may reach different conclusions regarding sealing
4   these documents under different standards or in a different context. Having considered the
5   motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the
6   Court **ORDERS** as follows:

**1.    Dkt. 399**

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Joint Submission in Response to Dkt. 397 Re: Status of Discovery Disputes – Second Topic | GRANTED as to redacted portions at: 2:21-22; 2:24-25; 3:1-4; 3:10-12; 4:11-12 | Narrowly tailored to protect confidential technical information regarding sensitive features of Google's internal systems and operations, including details related to Google's projects, data logs and their proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. |
| Exhibit A to Joint Discovery Brief | GRANTED as to redacted portions at: 1-2, 5-6, 8 | Narrowly tailored to protect confidential technical information regarding sensitive features of Google's internal systems and operations, including details related to Google's projects, data logs, internal identifiers/cookies and their proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. |

**2.    Dkt. 401**

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Joint Submission in Response to Dkt. 397 Re: ESI Custodians | GRANTED as to redacted portions at: 2:7; 2:8-9; 2:10-12; 2:15-17; 2:18-19; 2:22-23; 3:1-2 | Narrowly tailored to protect confidential information regarding Google's internal strategies, system designs, and business practices for operating and maintaining many of its services and products, and public disclosure of such |

|  |  | confidential information could affect Google's competitive standing as competitors may alter their identifier system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's identifier systems. |

3.   **Dkt. 409**

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| December 13, 2021 Joint Submission | GRANTED as to portions highlighted in yellow at:<br><br>3:11-12; 3:19-21; 5:26-28; 6:28 | Narrowly tailored to protect confidential information that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. |
| Appendix A | GRANTED as to portions highlighted in yellow at:<br><br>7:9; 7:10; 7:12 | Narrowly tailored to protect confidential information that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. |

**SO ORDERED.**

Dated: January 6, 2022

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge

3