# Exhibit 28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-5146-LHK-SVK |

**DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-45)**

Pursuant to Federal Rules of Civil Procedure Rule 36, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' First Set of Requests for Admission (Nos. 1-45). These objections and responses are made solely for the purpose of and in relation to this action. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

The following objections apply to each and every Request for Admission ("Request") propounded by Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully therein:

1.      Google has not completed its investigation or discovery in this litigation. Google's Responses and Objections to Plaintiffs' Requests are based upon the information presently known to Google and are given without prejudice to Google's right to adduce or analyze evidence subsequent to the date of these responses. Google expressly reserves the right to revise, supplement, or otherwise amend these Responses and Objections to the extent permitted by the Federal Rules of Civil Procedure, the Local Rules of Practice and Procedure for the United States District Court for

the Northern District of California ("Civil Local Rules"), or any discovery orders governing this case.

2.      Google objects to the Requests to the extent that they seek information shielded from disclosure by the attorney-client privilege, the work-product doctrine, the settlement privilege and/or any other applicable privilege or protection from discovery.

3.      Google objects to the Requests to the extent they assume facts or legal conclusions in defining the information requested. Google hereby denies any such disputed facts or legal conclusions to the extent assumed by each request for admission. Any information provided by Google with respect to any such request is without prejudice to this objection.

4.      Google objects to Plaintiffs' definition of "Google," "Defendant," "You," and "Your" and Instruction No. 1 to the extent that they seek to require Google to respond or provide information that is not within the possession, custody, or control of Google. Google further objects to these definitions and instructions to the extent that they purport to impute knowledge of unspecified or unknown parties or persons to Google. Google further objects to these definitions as overly broad, vague, and ambiguous to the extent they purport to include entities other than Google, which is the only named defendant in the present action. Google further objects to these definitions and instruction to the extent that they include Google's attorneys and, therefore, cause requests using "Google," "Defendant," "You," and "Your" to improperly seek information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privileges or immunities.

5.      Google objects to Plaintiffs' definition of "First Run Experience" as vague and ambiguous, especially since the cited document GOOG-CALH-00044222 does not appear to reference what Plaintiffs claim it purportedly references.

6.      Google objects to Plaintiffs' definition of "Google Account Holder" as vague and ambiguous. For example, it is unclear what the term "consumer-facing service" entails since Google provides many of its services, including Gmail, YouTube, and Chrome for free, as well as what the term "application" means and what constitutes an "application." Google will interpret the term

1  "Google Account Holder" to mean a person who has a registered account with one of Google's

2  services.

3        7.     Google objects to Plaintiffs' definition of "Google Source Code" as overly broad and

4  unduly burdensome, as it seeks "any set of instruction" from "any of [Google's] properties or

5  divisions" and irrelevant Google products, such as Search, Maps, Storage, Fonts, Reaptcha, the

6  Google Custom Search Engine, or "any other Google property." Indeed, in its October 1, 2021

7  Order, the Court stated that "each and every transmission, whether or not authorized, neither can

8  nor should be the subject of discovery in this case" before denying Plaintiffs' request to broaden the

9  scope of the case from to also include www.google.com. *See* Dkt. 329. Google further objects to

10  this definition as overly broad and unduly burdensome, as it encompasses "any set of instruction

11  derived in whole or in part from Google or any of its properties or divisions," which encompasses

12  source code or instructions that are not relevant to Plaintiffs' allegations in this case. Google further

13  objects to this definition as overly broad and unduly burdensome to the extent it seeks information

14  that exceeds the scope of Plaintiffs' allegations in this case related to Google's disclosures regarding

15  data Google receives when users visit third-party websites that use Google services (such as

16  Analytics or Ad Manager) while using a Chrome browser on which sync is not enabled. Google will

17  interpret "Google Source Code" in a manner that is consistent with the relevant scope of this case

18  to the extent it is able to.

19        8.     Google objects to Plaintiffs' definition of "Personal Information" which cherry-picks

20  certain provisions in the CCPA. Plaintiffs' definition of "Personal Information" misleadingly omits

21  the CCPA provision that makes clear that "'Personal information' does not include consumer

22  information that is deidentified," and defines "deidentified" to mean "information that cannot

23  reasonably identify, relate to, describe, be capable of being associated with, or be linked, directly or

24  indirectly, to a particular consumer, provided that a business that uses deidentified information: (1)

25  Has implemented technical safeguards that prohibit reidentification of the consumer to whom the

26  information may pertain. (2) Has implemented business processes that specifically prohibit

27  reidentification of the information. (3) Has implemented business processes to prevent inadvertent

28  release of deidentified information. (4) Makes no attempt to reidentify the information." CCPA

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)

1798.140(h). Google further objects to Plaintiffs' definition of "Personal Information" as unduly burdensome, as it would encompass all routine Internet communications including any information that is needed to establish an Internet connection, such as IP addresses. Google further objects to Plaintiffs' definition of "Personal Information" as overly broad and unduly burdensome as it encompasses a broader scope of information than what Plaintiffs specifically identified in their Complaint: "IP addresses linked to user agent," "Session and Persistent cookie identifiers," "X-client-data headers" and "Browsing history and information regarding a consumer's interaction with an Internet website". Dkt. 302-4 (SAC), ¶ 51. Google further objects to Plaintiffs' definition of "Personal Information" as overly broad and unduly burdensome because Google's relevant disclosures, including its Privacy Policy (which Plaintiffs allege is part of the contract at issue), define information as "personal information" if it personally identifies an individual user or is associated with their Google Account. Google will interpret "Personal Information" consistent with its Privacy Policy and other disclosures, which may include information that users provide to Google which personally identifies them, such as name, email address, or billing information, or other data that can be reasonably linked to such information by Google, such as information Google associates with a Google Account.

9.     Google objects to Plaintiffs' definition of "Person(s)" as overly broad and unduly burdensome in that it purports to include "a non-human entity recognized as having the rights and obligations of a human being."

10.     Google objects to Plaintiffs' definition of "Signal(s)" as overbroad and unduly burdensome, as it would include any type of information or symbol—*e.g.* "code, flag, data, number, entry, or other indicator"—that exists.

11.     Google objects to Plaintiffs' definition of "Un-Synced User" as vague and ambiguous, as it is unclear whether this term refers to a user who has never synced on any Chrome instance, never synced on a specific Chrome instance, turned sync off on that Chrome instance, or for whom sync is not functioning on that Chrome instance at that moment. Google further objects to Plaintiffs' definition of "Un-Synced User" as vague and ambiguous, as it appears to treat a user who only has sync enabled for "Settings" or "Theme" but not browsing history ("History"), the

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-45)

same as a user who has sync enabled for their browsing history ("History" in Chrome)—the information at issue in this case.

12.     Google objects to Plaintiffs' definition of "Relevant Time Period" where "[d]ocuments created outside of the time period but which relate to the subject matter of this Complaint should be included when interpreting the requests set forth herein," as it essentially vitiates the purpose of having a "Relevant Time period." It is improper, unduly burdensome, and entirely disproportionate to the needs of the case for Plaintiffs to propound requests that are not time-limited.

13.     Google objects to Plaintiffs' Definitions, Instructions, and Requests to the extent they seek information and/or records that are not reasonably accessible and whose inclusion is not proportional to the needs of the case.

14.     Google objects to Plaintiffs' Definitions, Instructions, and Requests to the extent they conflict with or encompass information and/or records falling outside the scope of discovery under the Federal Rules of Civil Procedure, the Civil Local Rules, or any discovery orders governing this case.

15.     In making these objections, Google does not waive or intend to waive (a) any objections as to the competency, relevance and admissibility of any information that may be provided in response to these Requests, or the subject matter thereof; (b) any rights to object on any ground to the use of any information that may be provided in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including trial of this or any other action; and (c) any rights to objection on any ground to any request for further responses to this or any discovery request.

## **OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

Subject to the foregoing objections, Google objects and responds to Plaintiffs' Requests for Admission as follows:

## **REQUEST FOR ADMISSION NO. 1:**

Admit that Chrome sent Personal Information about Plaintiffs to Google when they were using the Chrome browser and were not synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to its General Objections, Google specifically objects to this Request on the ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Request. Google admits that when Plaintiffs were using the Chrome browser with or without sync enabled, but while signed into a Google website, to visit a website that uses certain Google services (such as Google Analytics and Google Ad Manager), and while Plaintiffs had selected settings in their Google Account to permit their site activity data to be stored in their Google Account, Google received information that it stored in Plaintiffs' accounts (where they were able to review it). Google treats that information as personal information in accordance with the terms of Google's Privacy Policy. Plaintiffs expressly consented to this practice. *See, e.g.*, GOOG-CALH-00592132 - GOOG-CALH-00592280. Google denies that Chrome ever sent Plaintiffs' Chrome browsing history to Google when Plaintiffs were using the Chrome browser without sync enabled. Google otherwise denies this request.

**REQUEST FOR ADMISSION NO. 2:**

Admit that when an Un-synced User visits a non-Google website that includes Google Source Code the Google Source Code instructs the Chrome browser to send Personal Information to the Google Property associated with the Google Source Code.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to its General Objections, Google specifically objects to this Request on the ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Request. The Request fails to specify, for example, whether the user is a Google Account holder, the browser mode and settings being used, the websites and services being used, and the specific categories of information at issue. Google therefore cannot truthfully admit or deny Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that when the Chrome browser is in its default state in an un-synced mode the Chrome browser will transmit Personal Information to Google anytime an Un-synced User visits a website on which Google Source Code appears.

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2      Denied.

3   **REQUEST FOR ADMISSION NO. 4:**

4      Admit that when the Chrome browser is in its default state in an un-synced mode the Chrome

5 browser will transmit Personal Information to <u>Google.com</u> when an Un-synced User types into the

6 Chrome omnibar.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

8      In addition to its General Objections, Google specifically objects to this Request on the

9 ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on

10 circumstances that are not specified in the Request. Google will interpret "omnibar" to mean

11 "omnibox." Google admits that—as explained in the Chrome Privacy Notices that Plaintiffs

12 attached to their Complaint (Dkt. 2, Exs. 17-33)—if Google is the user's default search engine, then

13 the Chrome browser will transmit the characters a user types into the omnibox to Google.com. *Id.*,

14 Ex. 33 at 3 ("When you search using the omnibox or the search box on the new tab page in Chrome,

15 the characters you type (even if you haven't hit 'enter' yet) are sent to your default search engine.

16 If Google is your default search engine, predictions are based on your own search history, topics

17 related to what you're typing in the omnibox or in the search box on the new tab page, and what

18 other people are searching for. <u>Learn more</u>."). Google further admits that if a Google Account holder

19 is using Chrome with or without sync enabled, and (1) is signed into a Google website, (2) Google

20 is her default search engine, and (3) she has enabled the appropriate account settings, then searches

21 she performs using the omnibox are stored in her Google Account (where she can review them). *Id.*

22 ("If you are signed in to a Google site and Google is your default search engine, searches you

23 perform using the omnibox or the search box on the new tab page in Chrome are stored in your

24 Google Account."). Google treats such searches stored in a user's Google Account as Personal

25 Information. Google otherwise denies this request.

26   **REQUEST FOR ADMISSION NO. 5:**

27

28

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-45)

1   Admit that when the Chrome browser is in its default state in an un-synced mode the Chrome

2   browser will transmit Personal Information and the numbers, letters, and symbols that an Un-synced

3   User types into the Chrome omnibar to Google.com.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

5   In addition to its General Objections, Google specifically objects to this Request on the

6   ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on

7   circumstances that are not specified in the Request. Google will interpret "omnibar" to mean

8   "omnibox." Google admits that—as explained in the Chrome Privacy Notice that Plaintiffs attached

9   to their Complaint (Dkt. 2, Exs. 17-33)—if Google is the user's default search engine, then the

10  Chrome browser will transmit the numbers, letters, and symbols a user types into the omnibox to

11  Google.com. *Id.*, Ex. 33 at 3 ("When you search using the omnibox or the search box on the new

12  tab page in Chrome, the characters you type (even if you haven't hit 'enter' yet) are sent to your

13  default search engine. If Google is your default search engine, predictions are based on your own

14  search history, topics related to what you're typing in the omnibox or in the search box on the new

15  tab page, and what other people are searching for. Learn more."). Google further admits that if a

16  Google Account holder is using Chrome with or without sync enabled, and (1) is signed in to a

17  Google website, (2) Google is her default search engine, and (3) she has enabled the appropriate

18  account settings, then searches she performs using the omnibox are stored in her Google Account

19  (where she can review them). *Id.* ("If you are signed in to a Google site and Google is your default

20  search engine, searches you perform using the omnibox or the search box on the new tab page in

21  Chrome are stored in your Google Account."). Google treats such searches stored in a user's Google

22  Account as Personal Information. Google otherwise denies this request.

23  **REQUEST FOR ADMISSION NO. 6:**

24  Admit that Chrome has sent Personal Information about Chrome users to Google when users

25  are not synced since at least 2016.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

27  In addition to its General Objections, Google specifically objects to this Request on the

28  ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on

8

1  circumstances that are not specified in the Request. The Request fails to specify, for example,

2  whether the user is a Google Account holder, the browser mode and settings being used, the websites

3  and services being used, and the specific categories of information at issue. Google therefore cannot

4  truthfully admit or deny this Request.

5  **REQUEST FOR ADMISSION NO. 7:**

6        Admit that Google has not suspended the practice of sending Personal Information about

7  Chrome users to Google when users are not synced.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

9        In addition to its General Objections, Google specifically objects to this Request on the

10  ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on

11  circumstances that are not specified in the Request. The Request fails to specify, for example,

12  whether the user is a Google Account holder, the browser mode and settings being used, the websites

13  and services being used, the specific categories of information at issue, and whether the user enabled

14  or disabled a feature that would have prevented certain categories of information from being

15  transmitted to Google and stored in the user's account. Google therefore cannot truthfully admit or

16  deny this Request.

17  **REQUEST FOR ADMISSION NO. 8:**

18        Admit that Google creates profiles of Chrome users from whom it has received data when

19  they were not synced.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

21        In addition to its General Objections, Google specifically objects to this Request as vague

22  and ambiguous as to "profiles," as Plaintiffs do not define the term and it is unclear what type of

23  information they are referring to. For example, Plaintiffs do not specify whether they are referring

24  to           Chrome           profiles           (*See*           GOOG-CALH-00023315,

25  https://support.google.com/chrome/answer/2364824?hl=en&co=GENIE.Platform%3DDesktop) or

26  Google Account profiles (*see* https://myaccount.google.com/profile). Google admits that users can

27  provide information through either of these profile features without enabling Chrome's sync feature.

28  Google otherwise denies this Request.

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)

**REQUEST FOR ADMISSION NO. 9:**

Admit that when creating user profiles Google does not distinguish between data taken from users when they are synced from data taken from users when they are not synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to its General Objections, Google specifically objects to this Request as vague and ambiguous as to "profiles," as Plaintiffs do not define the term and it is unclear what type of information they are referring to. For example, Plaintiffs do not specify whether they are referring to Chrome profiles (*See* GOOG-CALH-00023315 https://support.google.com/chrome/answer/2364824?hl=en&co=GENIE.Platform%3DDesktop) or Google Account profiles (*see* https://myaccount.google.com/profile). Google admits that users can provide information through either of these profile features without enabling Chrome's sync feature. Google otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Google can identify the number of Chrome users in the United States from 2016 to present whose data was sent from Chrome to Google while not synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Chrome sends a Signal to Google that indicates when a Chrome user is not synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to its General Objections, Google specifically objects to this Request as vague and ambiguous as to "Signal" and "indicates," as it is unclear what type of information is sufficient to be a Signal or an indication. Google admits that if a Chrome user is signed in to a Chrome browser, and signed in to a Google website, and did not have sync enabled on the Chrome browser, then Chrome may send a bit, which depending on the circumstances, may indicate to Google that sync is not enabled on that Chrome browser at that time. This bit is only sent if the user is also signed in to their Google Account at the browser level. Google otherwise denies this request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Chrome sends a Signal to Google that indicates when a Chrome user is not signed-in and not synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Chrome sends a Signal to Google that a Chrome user is not synced but signed-in to a Google Account.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to its General Objections, Google specifically objects to this Request as vague and ambiguous as to "Signal," as it is unclear what type of information is sufficient to be a Signal. Google admits that if a Chrome user is signed in to a Chrome browser, and signed in to a Google website, and did not have sync enabled on the Chrome browser, then Chrome may send a bit, which depending on the circumstances, may indicate to Google that sync is not enabled on that Chrome browser at that time. This bit is only sent if the user is also signed in to their Google Account at the browser level. Google otherwise denies this request.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Chrome sends a Signal to Google that a Chrome user is not synced but signed-in to a Google Account with Personal Information that identifies the Google Account Holder.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to its General Objections, Google specifically objects to this Request as vague and ambiguous as to "identifies the Google Account Holder," as it is unclear to what identification Plaintiffs are referring. Google admits that if a Chrome user is signed in to a Chrome browser, and signed in to a Google website, and did not have sync enabled on the Chrome browser, then Chrome may send a bit, which depending on the circumstances, may indicate to Google that sync is not enabled on that Chrome browser at that time. Google further admits that the bit is sent with information that identifies the signed-in Google Account. Google denies that Google Account

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-45)

1   information is sufficient in every case to identify the individual using that Google Account. Google

2   otherwise denies this request.

3   **REQUEST FOR ADMISSION NO. 15:**

4       Admit that Chrome sends a Signal to the Google sync service that a specific Chrome user is

5   not synced when the user signs-in to a Google Account but is not synced.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

7       Google admits that if a Chrome user is signed in to a Chrome browser, and signs in to a

8   Google website, and did not have sync enabled on the Chrome browser, then Chrome may send a

9   bit, which depending on the circumstances, may indicate to Google that sync is not enabled on that

10  Chrome browser at that time. Google otherwise denies this request.

11  **REQUEST FOR ADMISSION NO. 16:**

12      Admit that Chrome sends a Signal to the Google sync service that a specific Chrome user is

13  not synced when a Chrome user who has previously signed-in to a Google Account but is not synced

14  re-opens their Chrome browser after closing it without formally signing out of their Google Account.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

16      In addition to its General Objections, Google specifically objects to this Request as vague

17  and ambiguous as to "formally signing out of their Google Account," as it is unclear what the

18  distinction between formally signing out of a Google Account and signing out of a Google Account

19  is. Google admits that if a Chrome user is signed in to a Chrome browser, and signs in to a Google

20  website, and did not have sync enabled on the Chrome browser, then Chrome may send a bit, which

21  depending on the circumstances, may indicate to Google that sync is not enabled on that Chrome

22  browser at that time. Google otherwise denies this request.

23  **REQUEST FOR ADMISSION NO. 17:**

24      Admit that Chrome sends a Signal to the Google sync service when a Chrome user clicks to

25  pause sync.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

27      In addition to its General Objections, Google specifically objects to this Request as vague

28  and ambiguous as to "a Chrome user clicks to pause sync," as it is unclear what user action is being

referred to. Google admits that Chrome attempts to send a request to the Google sync service when a Chrome user clicks to turn sync off on their Chrome browser. Google otherwise denies this request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Chrome sends a Signal to the Google sync service when a Chrome user clicks to turn off sync.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Google admits that an instance of the Chrome browser will attempt to send a request to the Google sync service when a Chrome user clicks to turn off sync.

**REQUEST FOR ADMISSION NO. 19:**

Admit that when a user clicks to un-pause or re-start Sync, Chrome will send previously un-synced communications stored by the browser to the Chrome sync service.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to its General Objections, Google specifically objects to this Request on the ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Request. Google further objects that the Request does not specify what Plaintiffs mean by "un-synced communications stored by the browser." Accordingly, Google cannot truthfully admit or deny this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Chrome sends a signal to the Google sync service when a Chrome user clicks to Sync.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Google admits that an instance of the Chrome browser will attempt to send a request to the Google sync service when a Chrome user clicks to Sync.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Chrome Sync logs contain data that indicates that Chrome users are not synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Google admits that if a Chrome user is signed in to a Chrome browser, and signs in to a Google website, and did not have sync enabled on the Chrome browser, then Chrome logs may

13

1  contain a bit, that may indicate to Google that sync was not enabled for any category of sync data

2  (*i.e.* Apps, Bookmarks, Extensions, History, Settings, Theme, Reading List, Open Tabs, Passwords,

3  Addresses and more, Payment methods and addresses using Google Pay) on that Chrome browser

4  at that time. Google otherwise denies this request.

5  **REQUEST FOR ADMISSION NO. 22:**

6      Admit that Chrome sync logs contain data that indicates when Chrome users chose to sync.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

8      Google admits that Chrome sync logs contain data that indicates that Chrome users had sync

9  enabled for one or more category of sync data (*i.e.* Apps, Bookmarks, Extensions, History, Settings,

10  Theme, Reading List, Open Tabs, Passwords, Addresses and more, Payment methods and addresses

11  using Google Pay). Google otherwise denies this request.

12  **REQUEST FOR ADMISSION NO. 23:**

13      Admit that Google maintains records of when Chrome users choose to sync or un-sync.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

15      Google admits that it maintains records showing when it received data from users who had

16  sync enabled for one or more category of sync data (*i.e.* Apps, Bookmarks, Extensions, History,

17  Settings, Theme, Reading List, Open Tabs, Passwords, Addresses and more, Payment methods and

18  addresses using Google Pay). Google otherwise denies this request.

19  **REQUEST FOR ADMISSION NO. 24:**

20      Admit that Google maintains records of when Chrome users sign-in to a Google Account.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

22      Google admits that it maintains records showing when a Google Account was signed into

23  from any web browser, including Chrome.

24  **REQUEST FOR ADMISSION NO. 25:**

25      Admit that Google maintains records of when Chrome users sign-in to a Google Account

26  without also enabling sync.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

28

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)

Google objects to this Request on the ground that it conflates different Google services and features (*e.g.*, Google Account sign, and Chrome sync), and the records relating to those services and features, which are not one and the same. Google admits that if a Chrome user is signed in to a Chrome browser, and signs in to a Google website, and had sync enabled for one or more category of sync data (*i.e.* Apps, Bookmarks, Extensions, History, Settings, Theme, Reading List, Open Tabs, Passwords, Addresses and more, Payment methods and addresses using Google Pay) on the Chrome browser, then Google's records may contain a bit, which depending on the circumstances, may indicate to Google that the Chrome user had sync enabled. Google otherwise denies this request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Google is capable of extracting and joining data and information fields from different logs or data sources to identify users who logged-in to a Google Account but did not enable sync and determine when such actions occurred.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

In addition to its General Objections, Google specifically objects to this Request on the ground that what Google is "capable of" is wholly irrelevant to the parties' claims and defenses, which turn on actual practices, not hypothetical "capabilities." Google further objects that the request is exceedingly vague. For example, the Request asks Google to admit that it is capable of extracting and joining unspecified "data and information fields" from unspecified "logs or data sources." Accordingly, Google cannot truthfully admit or deny this Request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Google does not distinguish between synced and un-synced Chrome traffic anywhere outside the Sync service.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Denied.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Google does not distinguish between synced and un-synced Chrome traffic in Display Ad logs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

1       Google admits that Chrome's sync feature is a browser personalization feature that is not

2   designed to affect whether Google Display Ads services receive data when a Chrome browser is

3   used to visit a website that uses Google Display Ads services, and thus Display Ads logs do not

4   distinguish between (1) data from a Chrome browser on which sync was enabled for one or more

5   category of sync data (*i.e.* Apps, Bookmarks, Extensions, History, Settings, Theme, Reading List,

6   Open Tabs, Passwords, Addresses and more, Payment methods and addresses using Google Pay)

7   and (2) data from a Chrome browser on which sync was not enabled for any category of sync data.

8   **REQUEST FOR ADMISSION NO. 29:**

9       Admit that Google does not distinguish between synced and un-synced Chrome traffic in

10  Analytics logs.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

12      Google admits that Chrome's sync feature is a browser personalization feature that is

13  not  designed to affect whether Google Analytics receive data when a Chrome browser is used to

14  visit a website that uses Google Analytics, and thus Google Analytics logs do not distinguish

15  between (1) data from a Chrome browser on which sync was enabled for one or more category of

16  sync data (*i.e.* Apps, Bookmarks, Extensions, History, Settings, Theme, Reading List, Open Tabs,

17  Passwords, Addresses and more, Payment methods and addresses using Google Pay) and (2) data

18  from a Chrome browser on which sync was not enabled for any category of sync data.

19  **REQUEST FOR ADMISSION NO. 30:**

20      Admit that Google does not distinguish between synced and un-synced Chrome traffic in

21  Search logs.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

23      Google objects to this Request as seeking information that is outside the scope of the case.

24  *See* Dkt. 329.

25  **REQUEST FOR ADMISSION NO. 31:**

26      Admit that Google does not distinguish between synced and un-synced Chrome traffic in

27  Google API logs.

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)

1    In addition to its General Objections, Google specifically objects to this Request as vague

2  and ambiguous as to "Google API logs," as it is unclear what specific logs are being referred to.

3  Google therefore cannot truthfully admit or deny this Request.

4  **REQUEST FOR ADMISSION NO. 32:**

5    Admit that Google does not distinguish between synced and un-synced Chrome traffic in

6  logs containing Chrome omnibar transmissions.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

8    Google objects to this Request as seeking information that is outside the scope of the case.

9  *See* Dkt. 329.

10  **REQUEST FOR ADMISSION NO. 33:**

11    Admit that Google does not distinguish between synced and un-synced Chrome traffic in

12  logs containing data transmitted to Google.com while a Chrome user is on a non-Google owned-

13  and-operated website.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

15    Google objects to this Request as seeking information that is outside the scope of the case.

16  *See* Dkt. 329.

17  **REQUEST FOR ADMISSION NO. 34:**

18    Admit that Google tracks the number of Chrome users who are not synced.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

20    Denied.

21  **REQUEST FOR ADMISSION NO. 35:**

22    Admit that Google seeks to convert Chrome un-synced users to Chrome synced users.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

24    In addition to its General Objections, Google specifically objects to this Request as vague

25  and ambiguous as to "seeks to convert Chrome un-synced users to Chrome synced users," as

26  Chrome sync is a browser personalization feature that Chrome users choose to enable or not enable.

27  Google admits that it informs Chrome users about the availability and function of its features,

28

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)

including the Chrome sync feature in at least the Chrome settings menu, the Chrome Privacy Notice, numerous Help Center articles, and the Chrome Whitepaper. Google otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Google routinely collects records of Chrome transmissions data for Chrome users who are not synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to its General Objections, Google specifically objects to this Request on the ground that the term "Chrome transmissions data" is unclear and undefined. Accordingly, Google cannot truthfully admit or deny this Request.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Google records the instances of Google Account Holders who synced during their First Run Experience with a Chrome Instance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Google admits that it has records of Chrome instances on which sync was enabled during the First Run Experience. Google otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Google is capable of querying, identifying, and joining data fields in logs sufficient to identify Chrome users from whom it collected data when they were not synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

In addition to its General Objections, Google specifically objects to this Request on the ground that what Google is "capable of" is wholly irrelevant to the parties' claims and defenses, which turn on actual practices, not hypothetical "capabilities." Google further objects that the request is exceedingly vague. For example, the Request asks Google to admit that it is capable of extracting and joining unspecified "data fields" from unspecified "logs." Accordingly, Google cannot truthfully admit or deny this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Google is capable of identifying Google Account Holders who synced a Chrome Instance during their First Run Experience and never paused or stopped syncing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

In addition to its General Objections, Google specifically objects to this Request on the ground that what Google is "capable of" is wholly irrelevant to the parties' claims and defenses, which turn on actual practices, not hypothetical "capabilities." Google admits that for some versions of Chrome it is able to identify instances of Chrome on which sync was enabled during the First Run Experience and which continue to be used with sync enabled. After conducting a reasonable inquiry, the information Google knows and can readily obtain is insufficient to enable it to admit or deny that it is capable of identifying Google Account Holders who synced a Chrome Instance during their First Run Experience and never paused or stopped syncing.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Google maintains a record of all Google Account Holders who have never synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Denied.

**REQUEST FOR ADMISSION NO. 41:**

Admit that for any single Chrome Instance, Google is capable of extracting and joining data and information fields from different logs to identify and distinguish between data sent from Chrome to Google when the Chrome Instance was synced versus when it was un-synced.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to its General Objections, Google specifically objects to this Request on the ground that what Google is "capable of" is irrelevant to the parties' claims and defenses, which turn on actual practices, not hypothetical "capabilities." Google further objects that the request is exceedingly vague. For example, the Request asks Google to admit that it is capable of extracting and joining unspecified "data and information fields" from unspecified "different logs." Accordingly, Google cannot truthfully admit or deny this Request.

**REQUEST FOR ADMISSION NO. 42:**

Admit that for any single Chrome Instance, Google is capable of determining whether the Chrome Instance has never been operated in an un-synced state.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

2        Denied.

3    **REQUEST FOR ADMISSION NO. 43:**

4        Admit that Google elected not to retain records of signals that a Chrome user was not synced.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

6        Google admits that it followed Magistrate Judge van Keulen's order that "Google need not

7    suspend its standard retention periods applicable to data logs that reflect event-level data of Chrome

8    users in the United States." Dkt. 174. Google otherwise denies the Request.

9    **REQUEST FOR ADMISSION NO. 44:**

10       Admit that Google elected not to retain Chrome sync logs on the advice of counsel.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

12       Google objects to this request on the ground that it asks Google to confirm or deny the

13   substance of advice from counsel, which information is privileged.

14   **REQUEST FOR ADMISSION NO. 45:**

15       Admit that Google elected not to retain records of signals that a Chrome user was not synced

16   on the advice of counsel.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

18       Google objects to this request on the ground that it asks Google to confirm or deny the

19   substance of advice from counsel, which information is privileged.

20

21   DATED:  October 12, 2021                QUINN EMANUEL URQUHART &

22                                           SULLIVAN, LLP

23                                           By   */s/ Andrew H. Schapiro*
                                                  Andrew H. Schapiro (admitted pro hac vice)
24                                                andrewschapiro@quinnemanuel.com
                                                  191 N. Wacker Drive, Suite 2700
25                                                Chicago, IL 60606
                                                  Telephone: (312) 705-7400
26                                                Facsimile: (312) 705-7401

27
                                                  Stephen A. Broome (CA Bar No. 314605)
28                                                sb@quinnemanuel.com

                                            20                    Case No. 5:20-cv-5146-LHK-SVK

1

2   Viola Trebicka (CA Bar No. 269526)
    violatrebicka@quinnemanuel.com
3   865 S. Figueroa Street, 10th Floor
    Los Angeles, CA 90017
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

5   Jomaire Crawford (admitted pro hac vice)
    jomairecrawford@quinnemanuel.com
6   51 Madison Avenue, 22nd Floor
    New York, NY 10010
7   Telephone: (212) 849-7000
    Facsimile: (212) 849-7100
8

9   Josef Ansorge (admitted pro hac vice)
    josefansorge@quinnemanuel.com
10  1300 I Street NW, Suite 900
    Washington D.C., 20005
11  Telephone: (202) 538-8000
    Facsimile: (202) 538-8100
12

13  Jonathan Tse (CA Bar No. 305468)
    jonathantse@quinnemanuel.com
14  50 California Street, 22nd Floor
    San Francisco, CA 94111
15  Telephone: (415) 875-6600
    Facsimile: (415) 875-6700
16

17  *Attorneys for Defendant Google LLC*

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:20-cv-5146-LHK-SVK

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)

1

## PROOF OF SERVICE

2

**WASHINGTON, D.C.**

3

At the time of service, I was over 18 years of age and not a party to this action. I am

4

employed in Washington, D.C. My business address is 1300 I Street, N.W., Suite 900,

5

Washington, D.C. 20005.

6

On October 12, 2021, I served true copies of the following document(s) described as

7

**DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'**

8

**FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-45)** on the interested parties in this

9

action as follows:

10

### SEE ATTACHED LIST

11

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies

12

of the document(s) described above to the e-mail addresses on the attached Service List pursuant

13

to the agreement between the parties to serve discovery, in lieu of other service methods, by email

14

under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement § 8.b, Docket No. 44) and

15

on non-parties pursuant to the Court's August 12, 2021 Cross-use and Discovery Coordination

16

Orders issued in *Brown v. Google*, Case No. 5:20-cv-03664-LHK-SVK (Dkt. 243) and *Calhoun v.*

17

*Google*, Case No.: 5:20-cv-05146-LHK-SVK (Dkt. 263). The documents were transmitted by

18

electronic transmission and such transmission was reported as complete and without error.

19

I declare under penalty of perjury under the laws of the United States of America that the

20

foregoing is true and correct.

21

Executed on October 12, 2021 at Washington, D.C.

22

23

*/s/ Tracy Xi Gao*
Tracy Xi Gao

24

25

26

27

28

Case No. 5:20-cv-5146-LHK-SVK

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)

1

## SERVICE LIST

2

*Calhoun v. Google LLC*

3

*Case No. 5:20-cv-05146-LHK*

4

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)

5

Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)

6

555 12th Street, Suite 1600

7

Oakland, CA 994607
Tel.: (415) 445-4003

8

Fax: (415) 445-4020
*lweaver@bfalaw.com*

9

*aornelas@bfalaw.com*

10

*jsamra@bfalaw.com*

11

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)

12

One Grand Central Place
60 E. 42nd Street, Suite 2400

13

New York, NY 10165

14

Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

15

Amy E. Keller (admitted *pro hac vice*)

16

Ten North Dearborn Street
Sixth Floor

17

Chicago, IL 60602

18

Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

19

20

**SIMMONS HANLY CONROY LLC**
Mitchell M. Breit (admitted *pro hac vice*)

21

Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)

22

Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor

23

New York, NY 10016
Tel.: (212) 784-6400

24

Fax: (212) 213-5949
*mbreit@simmonsfirm.com*

25

*jaybarnes@simmonsfirm.com*

26

*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

27

*Counsel for Plaintiffs*

28

23

1

## SERVICE LIST

2

*Brown v. Google LLC*

3

*Case No. 5:20-cv-03664-LHK*

4

BOIES SCHILLER FLEXNER LLP

5

Mark C. Mao, CA Bar No. 236165

6

Sean P. Rodriguez, CA Bar No. 262437
Beko Richardson, CA Bar No. 238027

7

Antonio Lavalle Ingram, II, CA Bar No. 300528
Alexander Justin Konik, CA Bar No. 299291

8

**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor

9

San Francisco, CA 94104

10

Tel.: (415) 293-6800
Fax: (415) 293-6899

11

mmao@bsfllp.com
srodriguez@bsfllp.com

12

brichardson@bsfllp.com
aingram@bsfllp.com

13

akonik@bsfllp.com

14

15

James Lee (admitted pro hac vice)
Rossana Baeza (admitted pro hac vice)

16

**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., 28th Floor

17

Miami, FL 33131
Tel.: (305) 539-8400

18

Fax: (303) 539-1307
jlee@bsfllp.com

19

rbaeza@bsfllp.com

20

Amanda K. Bonn, CA Bar No. 270891

21

**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400

22

Los Angeles, CA. 90067
Tel: (310) 789-3100

23

Fax: (310) 789-3150
abonn@susmangodfrey.com

24

25

William S. Carmody (admitted pro hac vice)
Shawn Rabin (admitted pro hac vice)

26

Steven M. Shepard (admitted pro hac vice)
Alexander P. Frawley (admitted pro hac vice)

27

**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor

28

New York, NY 10019-6023

24

Case No. 5:20-cv-5146-LHK-SVK

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)

1
2
3
4

Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

5
6
7
8
9
10
11

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

12
13

*Attorneys for Plaintiffs Chasom Brown et al.*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS
FOR ADMISSION (NOS. 1-45)