1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

*Counsel for Plaintiffs*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:20-cv-05146-EJD

**DECLARATION OF JAY BARNES IN SUPPORT OF DEFENDANT'S CORRECTED ADMINISTRATIVE MOTION TO SEAL (DKT. 457)**

## DECLARATION OF JAY BARNES

I, Jay Barnes, hereby declare under penalty of perjury:

1.     I am an attorney who has been admitted to practice before this Court *pro hac vice* in the above-captioned matter.

2.     I am an attorney with the law firm Simmons Hanly Conroy, LLC, who, along with DiCello Levitt Gutzler LLC and Bleichmar Fonti & Auld LLP, represent Plaintiffs in the above-captioned matter.

3.     I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

4.     I submit this declaration in accordance with Civil Local Rules 79-5(f)(3), as an attorney for the "Designating Party," as that term is used in those Rules, and in support of that portion of Defendant's Corrected Administrative Motion to Seal, filed at Dkt. No. 457, which pertains to documents designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" by Plaintiffs.

5.     On January 6, 2022, Defendant filed an Administrative Motion to File Under Seal supporting declarations and exhibits to Defendant's Opposition to Plaintiffs' Motion for Class Certification. Dkt. No. 457.[1] The following morning, I received unredacted service copies of the declarations and exhibits.

6.     I have reviewed the documents that Defendant seeks to file under seal pursuant to Civil Local Rule 79-5(f). I submit that there is good cause to seal the following information, which have been designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" by Plaintiffs:

| Document | Portions Sought to be Sealed |
|---|---|
| Broome Decl., Exhibit 6 | Redacted portions in Blue at: 6:1, 6:8, 6:14-15, 6:21, 6:24, 8:3-4, 8:6-8, 12:13-28, 13:1-12 |

[1] The ECF filing information indicates that Defendant's January 6, 2022 motion is a correction to a previously filed Administration Motion to Seal, filed on December 22, 2021 and lodged under Dkt. No. 428.

| Broome Decl., Exhibit 10 | Redacted portions in Blue at: 7:13, 7:21-22, 8:1, 8:7, 8:14, 12:2-7, 12:8-14, 12:15-12:21, 12:21-27, 13:1, 13:2-7 |
|---|---|
| Broome Decl., Exhibit 20 | Redacted portions: 21:23-24 |
| Broome Decl., Exhibit 22 | Redacted portions: 228:7 |
| Broome Decl., Exhibit 24 | Redacted portions in Blue at: 48:21, 49:5, 49:13, 49:19, 50:1-2, 50:8-9, 50:18-19, 51:12-13, 52:3, 52:8-10, 52:17, 52:24-25, 53:6, 53:9, 53:11 |
| Broome Decl., Exhibit 28 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 29 | Redacted portions in Blue at: pages 1-2 |
| Broome Decl., Exhibit 30 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 31 | Redacted portions in Blue at: pages 1-2, 7 |
| Broome Decl., Exhibit 32 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 33 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 34 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 35 | Redacted portions in Blue at: pages 1-2, 7 |
| Broome Decl., Exhibit 36 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 37 | Redacted portions in Blue at: pages 1, 7 |
| Broome Decl., Exhibit 38 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 39 | Redacted portions in Blue at: pages 1-2, 9 |
| Broome Decl., Exhibit 40 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 41 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 42 | Redacted portions in Blue at: page 1 |
| Broome Decl., Exhibit 43 | Redacted portions in Blue at: pages 1-2 |
| Declaration of Gregory Fair | Redacted portions at: 31:16, 31:19, 32:9, 32:23, 33:17, 34:4-5, 34:7, 34:9, 34:12-14, 34:16-17, 34:20-21, 34:23-24, 35:3-4, 35:7-8, 45:21, 45:24, 45:26, 46:1-2, 46:5, 46:8-9, 46:12-13, 46:16, 47:4, 47:18, 60:4 |
| Fair Decl., Exhibit 23 | Entire Document |
| Fair Decl., Exhibit 24 | Entire Document |

| | |
|---|---|
| Fair Decl., Exhibit 25 | Entire Document |
| Fair Decl., Exhibit 26 | Entire Document |
| Fair Decl., Exhibit 28 | Entire Document |
| Fair Decl., Exhibit 29 | Entire Document |
| Fair Decl., Exhibit 30 | Entire Document |
| Fair Decl., Exhibit 31 | Entire Document |
| Fair Decl., Exhibit 33 | Entire Document |
| Fair Decl., Exhibit 34 | Entire Document |
| Fair Decl., Exhibit 35 | Entire Document |
| Fair Decl., Exhibit 36 | Entire Document |
| Fair Decl., Exhibit 38 | Entire Document |
| Fair Decl., Exhibit 39 | Entire Document |
| Fair Decl., Exhibit 40 | Entire Document |
| Fair Decl., Exhibit 41 | Entire Document |
| Fair Decl., Exhibit 42 | Entire Document |
| Fair Decl., Exhibit 43 | Entire Document |
| Fair Decl., Exhibit 44 | Entire Document |
| Fair Decl., Exhibit 45 | Entire Document |
| Fair Decl., Exhibit 49 | Entire Document |
| Fair Decl., Exhibit 50 | Entire Document |
| Fair Decl., Exhibit 51 | Entire Document |
| Fair Decl., Exhibit 52 | Entire Document |
| Fair Decl., Exhibit 53 | Entire Document |
| Fair Decl., Exhibit 54 | Entire Document |
| Fair Decl., Exhibit 58 | Entire Document |
| Fair Decl., Exhibit 59 | Entire Document |
| Fair Decl., Exhibit 60 | Entire Document |

| | |
|---|---|
| Fair Decl., Exhibit 61 | Entire Document |
| Fair Decl., Exhibit 64 | Entire Document |
| Fair Decl., Exhibit 65 | Entire Document |
| Fair Decl., Exhibit 66 | Entire Document |
| Fair Decl., Exhibit 67 | Entire Document |
| Fair Decl., Exhibit 68 | Entire Document |
| Fair Decl., Exhibit 69 | Entire Document |
| Fair Decl., Exhibit 71 | Entire Document |
| Fair Decl., Exhibit 72 | Entire Document |
| Fair Decl., Exhibit 73 | Entire Document |
| Fair Decl., Exhibit 74 | Entire Document |
| Fair Decl., Exhibit 76 | Entire Document |
| Fair Decl., Exhibit 77 | Entire Document |
| Fair Decl., Exhibit 78 | Entire Document |
| Fair Decl., Exhibit 79 | Entire Document |
| Fair Decl., Exhibit 81 | Entire Document |
| Fair Decl., Exhibit 82 | Entire Document |
| Fair Decl., Exhibit 89 | Entire Document |
| Fair Decl., Exhibit 90 | Entire Document |
| Fair Decl., Exhibit 91 | Entire Document |
| Fair Decl., Exhibit 92 | Entire Document |
| Fair Decl., Exhibit 93 | Entire Document |
| Fair Decl., Exhibit 94 | Entire Document |
| Fair Decl., Exhibit 95 | Entire Document |
| Fair Decl., Exhibit 96 | Entire Document |
| Fair Decl., Exhibit 97 | Entire Document |
| Fair Decl., Exhibit 98 | Entire Document |

| Fair Decl., Exhibit 99 | Entire Document |
|---|---|

7.      Upon further review, and adhering to the requirements of narrowly tailoring designations, Plaintiffs have de-designated information previously marked Confidential in Broome Decl., Ex. 25.

8.      The documents identified in the above chart, or portions thereof, contain Plaintiffs' personally identifiable information and private web browsing history and settings.

9.      Although there is "a general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n.7 (1978), the presumption of public access can be overcome where the sealing party "articulate[s] compelling reasons supported by specific factual findings…that outweigh…public policies favoring disclosure such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). Documents may be sealed if they are "privileged, protectable as a trade secret, or otherwise entitled to protection under the law" so long as "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b). Courts "must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana,* 447 F.3d 1172, 1178-79 (citing *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)).

10.     Compelling reasons to seal include protecting "an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01- 00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal., Nov. 1, 2007) (permitting redaction of home addresses and financial account information) (citing *Foltz*, 331 F.3d at 1134 [acknowledging privacy interests implicated by sensitive, personally identifying information]); *Pension Plan for Pension Tr. Fund for Op. Eng'rs v. Giacalone Elec. Servs., Inc*., No. 13-CV-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015). Web browsing history, account names and email addresses are defined as "personal information" protected under the California Consumer Privacy Act of 2018 ("CCPA"), *see* Cal. Civ. Code § 1798.140(o). The Ninth Circuit also now recognizes a privacy interest in web browsing history and associated cookies and identifiers. *See, e.g., In re*

1  *Facebook, Inc. Internet Tracking Litig.,* 956 F.3d 589 (9th Cir. 2020) (privacy harm arising from

2  alleged non-consensual tracking and collection of plaintiffs' browsing history on third-party sites);

3  *accord, Henson v. Turn, Inc.,* 15-cv-1497-JSW-JB, 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018)

4  (approving limits on discovery of web browsing history and cookies because of privacy

5  implications).

6       11.     The above, narrowly defined information Plaintiffs seek to redact falls squarely

7  within these definitions. Indeed, the Court has previously granted Administrative Motion to Seal

8  Plaintiffs' personally identifiable information and web browsing history. *See* Dkt. Nos. 198, 310,

9  386.

10      12.     Accordingly, Plaintiffs request that the Court grant Defendant's Administrative

11 Motions to Seal, Dkt. No. 428, with respect to the documents and portions identified above.

12       I declare under penalty of perjury under the laws of the United States that the foregoing is

13 true and correct.

14       Executed this 13th day of January, 2022, at Jefferson City, Missouri.

15

16                                         /s/ *Jay Barnes*
                                         Jay Barnes

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I, Jay Barnes, hereby certify that on January 13, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ Jay Barnes*

Jay Barnes