**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**DECLARATION OF DAVID A. STRAITE IN SUPPORT OF JOINT STIPULATION AND [PROPOSED] ORDER EXTENDING PLAINTIFFS' DEADLINE TO FILE REPLY IN SUPPORT OF MOTION FOR CLASS ACTION AND RELATED BRIEFING** |

## DECLARATION OF DAVID A. STRAITE

I, David A. Straite, hereby declare under penalty of perjury:

1. I am an attorney admitted to practice before this Court *pro hac vice* in the above-captioned matter.

2. I am a partner with the law firm DiCello Levitt Gutzler LLC, who, along with the law firms Bleichmar Fonti & Auld LLP and Simmons Hanly Conroy, LLC represent Plaintiffs in the above-captioned matter.

3. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

4. I submit this declaration in accordance with Civil Local Rule 6-2(a) and in support of the Joint Stipulation and [Proposed] Order Extending Plaintiffs' Deadline to File Reply in Support of Motion for Class Certification and Related Briefing, filed concurrently herewith.

5. On October 14, 2021, Plaintiffs moved to certify a proposed class of Chrome users in the United States. Dkt. No. 340 (the "Motion").

6. On December 22, 2021, Google filed its brief in opposition (Dkt. No. 429) and related supporting documents.

7. Among the supporting documents were declarations of three Google employees: Dkt. 430-10 (declaration of David Crossland regarding Google Fonts API); Dkt. 430-11 (declaration of Ryan Cassidy regarding Google Maps API); Dkt. 430-9 (declaration of Steve Ganem regarding Google Analytics) (collectively, the "Google Declarations").

8. Messrs. Crossland, Cassidy and Ganem are not designated ESI Custodians in this case and their custodial documents have not been gathered and produced in this case. None of the three declarants were identified in Google's Rule 26(a) disclosures, and only one of the three was previously known to Plaintiffs.

9. On January 6, 2022, Plaintiffs wrote to Google counsel and asked to run previously-agreed ESI Search Terms across their custodial documents, and to consider adding new search terms related to the subject matter of their declarations (Fonts API, Maps API and Google

Analytics).

10. On January 10, 2022, Google declined Plaintiffs' request.

11. Between January 10 and January 25, 2022, Plaintiffs conducted additional targeted searches of the more than 6 million pages of documents produced by Google to date to determine if Plaintiffs had sufficient discovery to address the Google Declarations. Plaintiffs determined by January 25, 2022 that the documents produced to date were not sufficient to properly evaluate the Google Declaration.

12. On January 21, 2022, this case was re-assigned to the Honorable Yvonne Gonzalez Rogers (Dkt. No. 471).

13. On January 25, 2022, I emailed Google counsel and offered a compromise to Plaintiffs' original request to run ESI Search Terms across the Google Declarants' documents: I offered that Google instead produce any and all documents relied upon by the declarants in their declarations.

14. On January 27, 2022, I offered an additional compromise: Plaintiffs proposed to depose the three Google Declarants on a single day (February 5, 2022), which would be enable Plaintiffs to gather some discovery necessary for Plaintiffs and their experts to address the declarations in their reply in further support of the motion for class certification (the "Reply").

15. On February 2, 2022, Google counsel accepted the offer of compromise, but said February 5 was not available to depose the Google Declarants. Google counsel agreed to provide available dates shortly.

16. On Friday, February 4, 2022, I emailed Google counsel to thank them for offering the Google Declarants for deposition and requested an extension of time to file Plaintiffs' Reply until 4 business days following receipt of final transcripts of the depositions of the three Google Declarants.

17. Later on February 4, 2022, Google counsel offered February 11, 2022 for the depositions, also offering a break in the questioning during the Court's Case Management Conference, which is also scheduled for February 11. Google counsel agreed to extend the deadline

1  to 2 days following receipt of final deposition transcripts, however, not the 4 days requested by
2  Plaintiffs.  Plaintiffs accepted.

3  18. On February 7, 2022, I spoke with Viola Trebicka, counsel for Google, via
4  telephone. Ms. Trebicka informed me that one of the deponents, Mr. Crossland, is no longer
5  available on February 11, but would be available on Saturday, February 12 (or alternatively
6  Monday, February 14 if counsel were unavailable on February 12).

7  19. An extension of time to file the Reply and related briefing is appropriate to allow
8  Plaintiffs to take the depositions of the Google Declarants.

9  20. Plaintiffs believe that the depositions are necessary for counsel and experts to
10 properly evaluate the three declarations in light of the lack of discovery on the topics addressed
11 therein.

12 21. The Court has previously modified the case schedule in its December 3, 2020 Case
13 and August 19, 2021 Orders (Dkt. Nos. 83, 279), granted the Parties' stipulation to extend time to
14 answer the complaint (Dkt. No. 40), and to propose redactions to the April 29, 2021 Hearing
15 Transcript (Dkt. 191) and June 2, 2021 hearing transcript (Dkt. No. 267), and Google's Motion for
16 Extension of Time to File Motion for Protective Order (Dkt. No. 333), and for Google to submit a
17 declaration in support of Plaintiffs' motion to seal (Dkt. No. 344) and in the Court's most recent
18 Case Management Order dated January 11, 2022 (Dkt. No. 464).

19 22. This extension will not affect the schedule in this case.  Importantly, the Court set a
20 hearing on the Motion for April 21, 2022 (Dkt. No. 464), and today's stipulated request would still
21 result in the conclusion of briefing 2 months prior to that hearing date.

22 I declare under penalty of perjury under the laws of the United States that the foregoing is
23 true and correct.

24 Executed this 9th Day of February, 2022, at New York, New York.

/s/ *David A. Straite*
David A. Straite

**CERTIFICATE OF SERVICE**

I, David A. Straite, hereby certify that on February 9, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

/s/ David A. Straite
David A. Straite