**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
Adam Levitt (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
alevitt@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH DKT. NO. 380 (PRIOR COURT ORDER COMPELLING ERNST & YOUNG LLP TO PRODUCE DOCUMENTS)**<br><br>Judge:   Honorable Susan van Keulen |

## I. Introduction

This Motion seeks to remedy Google's obstruction of Court-ordered discovery. After full briefing, this Court issued an order on November 16, 2021 (Dkt. No. 380) compelling E&Y to produce documents responsive to portions of a validly served third-party subpoena. E&Y counsel then determined that 6,322 documents were responsive to the Court-approved topics in the Court's order. Declaration of David Straite dated March 4, 2022 ("Straite Decl.") at ¶¶4, 6. But then, without seeking relief from the Court, Google improperly instructed E&Y to violate the Court order and withhold responsive documents, other than producing a few publicly available documents or advertiser agreements. Specifically, Google improperly instructed E&Y to withhold 6,232 of the 6,322 documents (98.6%) that independent E&Y counsel determined were responsive. *Id.* at ¶9. Plaintiffs conferred with counsel for E&Y who stated unequivocally that she disagrees with Google's decision, but nevertheless is choosing to comply with ***Google's*** order rather than ***this Court's*** order. *Id.* at ¶5. Plaintiffs therefore seek an order compelling E&Y to comply with the Court's prior order and immediately produce the remaining 6,232 responsive documents.

## II. Background

On September 27, 2021, Plaintiffs served a subpoena on E&Y seeking documents related to valuation of user data and any privacy audits or evaluations related to Chrome. *See* Dkt. No. 352-4. E&Y then served objections on October 12, 2021. *See* Dkt. No. 352-5.

On October 20, 2021, Google and Plaintiffs jointly briefed Google's motion for a protective order against Plaintiffs' subpoena. Dkt. No. 352. On November 16, 2021, the Court issued an order granting in part and denying in part Google's motion. Dkt. No. 380. The Court ordered E&Y to produce documents responsive to the following five requests:

- **Req. No. 1:** All Documents relating to Your or Google's assessment of the value of Google and non-Google users' Information, including any Documents relating to the determination of the value or the estimated selling price of Information transferred in any commercial exchange that Google was a party to;

- **Req. No. 2:** All Documents relating to Your or Google's identification, assessment, or evaluation of Google's terms in any commercial exchange of users' Information, including documents summarizing terms of commercial arrangements involving user data transfers between Google and any third parties;

- **Req. No. 3, as modified by the Court:** E&Y Documents sufficient to identify Google's average annual revenue per user in the relevant time period;

- **Req. No. 5, as modified by the Court:** E&Y policies, practices, guidelines and manuals from the relevant time period relating to assessing the value or estimated selling price of Google and non-Google users' Information; and

- **Req. No. 9, as modified by the Court:** Identification, assessment or evaluation of purchases of personally identifiable information of Google users by E&Y during the relevant time period.

Following the Court's Nov. 16, 2021 order, E&Y "produced" documents on December 8, and 22, 2021. Straite Decl. ¶¶4, 6. However, at the instruction of Google, E&Y withheld more than 98% of them, substituting in blank slip-sheets for the 98% withheld. *Id*. On December 13, 2021, Plaintiffs conferred with E&Y counsel who confirmed that the E&Y team had conducted its own review to identify documents responsive to the Court's order. *Id.* at ¶5. Counsel for E&Y stated that following its review, E&Y provided Google access to the documents for review. *Id.* Google then instructed E&Y to withhold 98% of the documents. Counsel for E&Y confirmed that Google's instruction to withhold documents did not change E&Y's independent determination that the identified documents are relevant and responsive to the Court's order. *Id.*

On December 23, 2021, Plaintiffs met and conferred with Google regarding the documents that Google instructed E&Y to withhold. *Id.* at ¶7. Google provided no authority for its obstruction. *Id.* On February 24, 2022, on the eve of raising this issue to the Court in the discovery dispute chart (Dkt. No. 510), Google informed Plaintiffs that it would permit another 70 documents, consisting only of Google's advertising agreements with third parties, to be produced. *Id.* at ¶8. Even accounting for this tiny supplemental production, Google has caused at least 6,232 documents to be withheld from E&Y's productions.

### III.    Legal Standard

Pursuant to Rule 26(b), a party "may obtain discovery regarding any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case[.]" The party seeking to compel discovery bears the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1), and the party resisting discovery bears the burden of "clarifying, explaining and supporting its objections with competent evidence." *Harris v. Best Buy Stores, L.P.*, No. 3:15-CV-00657-HSG-KAW, 2016 WL 6024556, at *1 (N.D. Cal., Oct. 14, 2016).

## IV. Argument

Google has no legal basis to veto the decision of its "independent" external auditor to produce documents responsive to this Court's order, and E&Y's decision to follow Google's instructions rather than this Court's instructions is unprecedented. E&Y counsel conducted its own relevance review, and it determined these documents are relevant and responsive. Straite Decl. ¶5. Google cannot veto the decision of E&Y, a third party, to produce these documents. *See, e.g.*, *Haqq v. Stanford Hospital*, No. 06-CV-05444-JW (RS), 2007 WL 902567 (N.D. Cal., Mar. 22, 2007) (denying a motion for a protective order that would have allowed the party to review a non-party production and withhold for relevance); *Cameron v. City of El Segundo*, No. 2:20-CV-04689-JFW, 2021 WL 3466324, at *15 (C.D. Cal., Apr. 30, 2021) (allowing a party to review a non-party production for privilege "but not for relevance"). Nor has E&Y "delegate[d] responsibility" to Google to conduct a relevance review, (*see Gen. Elec. Co. v. United States*, 119 F. Supp. 3d 17, 21 (D. Conn. 2015), and nor could it in light of E&Y's statutorily required independence Significantly, even after Google's review, E&Y counsel told Plaintiffs that she continued to stand by her team's calls but was unwilling to refuse Google's request. Straite Decl. ¶5.

Further, the E&Y documents relate directly to Google's monetization and assessment of users' data. Such documents are relevant to Plaintiffs' contract, privacy, and unjust enrichment claims, as well as to the calculation of damages. Google has already argued, *unsuccessfully*, that Plaintiffs' requests do not seek relevant information. Dkt. No. 352 ("Plaintiffs' [] E&Y RFPs are wholly untethered to the claims and defenses in this case."). But the Court rejected Google's arguments. Dkt. No. 380. Google's recycled relevance argument is no more availing than before.[1]

This Court already ordered E&Y to produce documents responsive to five Court-approved topics. Sophisticated, independent E&Y counsel determined that 6,232 documents are responsive to these topics, but refuses to produce them on instructions from Google. Plaintiffs respectfully request another Court order enforcing its prior order and putting an end to Google's obstruction.

---

[1] To the extent Google argues that these E&Y documents are duplicative of documents produced by Google, this argument fails. *Vasudevan Software, Inc. v. MicroStrategy Inc.*, No. 11-CV-06637-RS-PSG, 2013 WL 597655, at *1 (N.D. Cal. Feb. 15, 2013).

1 | DATED: March 4, 2022

2

**BLEICHMAR FONTI & AULD LLP**   **DICELLO LEVITT GUTZLER LLC**

By:   */s/ Lesley E. Weaver*               By:    */s/ David A. Straite*
Lesley Weaver (Cal. Bar No. 191305)          David A. Straite (admitted *pro hac vice*)
Angelica M. Ornelas (Cal. Bar No. 285929)    One Grand Central Place
Joshua D. Samra (Cal. Bar No. 313050)        60 E. 42nd Street, Suite 2400
555 12th Street, Suite 1600                  New York, NY 10165
Oakland, CA 94607                            Tel.: (646) 993-1000
Tel.: (415) 445-4003                         *dstraite@dicellolevitt.com*
Fax: (415) 445-4020
*lweaver@bfalaw.com*                         Amy Keller (admitted *pro hac vice*)
*aornelas@bfalaw.com*                        Adam Levitt (admitted *pro hac vice*)
*jsamra@bfalaw.com*                          Adam Prom (admitted *pro hac vice*)
                                             Sharon Cruz (admitted *pro hac vice*)
**SIMMONS HANLY CONROY LLC**                 Ten North Dearborn St., 6th Floor
                                             Chicago, IL 60602
By:    */s/ Jay Barnes*                      Tel.: (312) 214-7900
Jason 'Jay' Barnes (admitted *pro hac vice*) *akeller@dicellolevitt.com*
An Truong (admitted *pro hac vice*)          *alevitt@dicellolevitt.com*
Eric Johnson (admitted *pro hac vice*)       *aprom@dicellolevitt.com*
112 Madison Avenue, 7th Floor                *scruz@dicellolevitt.com*
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of March, 2022, at New Orleans, Louisiana.

Dated: March 4, 2022           By      */s/ Lesley E. Weaver*
                                       Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on March 4, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ Lesley E. Weaver*
Lesley E. Weaver
