QUINN EMANUEL URQUHART & SULLIVAN, LLP

| | |
|---|---|
| Andrew H. Schapiro (admitted *pro hac vice*) | Josef Ansorge (admitted *pro hac vice*) |
| andrewschapiro@quinnemanuel.com | josefansorge@quinnemanuel.com |
| 191 N. Wacker Drive, Suite 2700 | 1300 I Street NW, Suite 900 |
| Chicago, IL 60606 | Washington D.C., 20005 |
| Telephone: (312) 705-7400 | Telephone: (202) 538-8000 |
| Facsimile: (312) 705-7401 | Facsimile: (202) 538-8100 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Jonathan Tse (CA Bar No. 305468) |
| stephenbroome@quinnemanuel.com | jonathantse@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | 50 California Street, 22nd Floor |
| violatrebicka@quinnemanuel.com | San Francisco, CA 94111 |
| Alyssa G. Olson (CA Bar No. 305705) | Telephone: (415) 875-6600 |
| alyolson@quinnemanuel.com | Facsimile: (415) 875-6700 |
| 865 S. Figueroa Street, 10th Floor | |
| Los Angeles, CA 90017 | |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Sara Jenkins (CA Bar No. 230097) |
| jomairecrawford@quinnemanuel.com | sarajenkins@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 555 Twin Dolphin Drive, 5th Floor |
| New York, NY 10010 | Redwood Shores, CA 94065 |
| Telephone: (212) 849-7000 | Telephone: (650) 801-5000 |
| Facsimile: (212) 849-7100 | Facsimile: (650) 801-5100 |

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH DKT. NO. 380**<br><br>Referral: The Honorable Susan van Keulen |

**INTRODUCTION**

Plaintiffs' motion to compel the production of *even more* documents from Google's auditor Ernst & Young, LLP ("EY") is meritless. The Court previously granted-in-part Google's motion for protective order against Plaintiffs' subpoena on EY, allowing only the production of a narrow set of documents related to user data valuation. Dkt. 380. Plaintiffs now seek highly sensitive and confidential information that is plainly non-responsive under the Court's prior order narrowing the requests. Plaintiffs' insistence that they obtain all documents, no matter Google's showing of non-responsiveness, amounts to a motion to reconsider the Court's prior order on this issue.

EY has produced 90 documents pursuant to the Court's Order. Dkt. 380; Declaration of Jonathan Tse ("Tse Decl."), ¶¶ 6, 11. Given its unfamiliarity with the case as a non-party, EY authorized Google's review of documents in EY's possession ***containing Google's own highly sensitive and confidential information*** for responsiveness and privilege. Tse Decl., ¶ 4. Such a review is wholly justified. It reduces the burden on the non-party (EY) while allowing the interested party (Google) to ensure third-party discovery is not a back-door to its irrelevant (but sensitive) confidential documents or privileged material. Google's review here was prudent. It determined that EY intended to produce myriad documents that are both non-responsive to the Court's Order and have nothing to do with the case. *Id.*, ¶ 5. This includes high-level financial summaries for Alphabet, memoranda related to financial controls for fraud or spam clicks on AdWords, and agreements on non-responsive subject matter, such as Content License Agreements. *Id.* The substantial non-responsive information identified for production by EY is unsurprising—given Plaintiffs refused to assist EY in preparing search terms. EY did its best to formulate its search terms, but they were overbroad.[1] Google assisted in removing non-responsive documents from the pool of documents EY identified for production.

Plaintiffs' motion now amounts to a motion for reconsideration of the Court's order limiting the universe of documents EY needs to produce. Plaintiffs fail to provide any reasonable basis for

---

[1] For example, EY ran search strings such as "user data" and "personal* w/5 identi* w/5 info*" (whereas the Court narrowed similar search terms) and search strings containing irrelevant Google products, such as Waze or Fitbit. Tse Decl., ¶ 3.

their request for additional documents. Here, as in *Gen. Elec. Co v. United States*, "[t]he [movant] does not identify any type or class of document that it has not received and that it would reasonably expect to have been produced from [the non-party's] files." 119 F. Supp. 3d 17, 21 (D. Conn. 2015). Accordingly, Google respectfully requests the Court to deny Plaintiffs' motion to compel.

## ARGUMENT

Google has not improperly withheld responsive documents from EY's production. Accordingly, Plaintiff's motion is meritless. EY is Google's independent financial auditor and (unsurprisingly) in possession of a substantial amount of sensitive Google documentation wholly unrelated to the claims and defenses in this case. Thus, EY appropriately allowed Google's counsel to review the documents identified for potential production.[2] Google's review was sensible. Through no fault of its own, non-party EY identified many non-responsive documents containing Google highly sensitive information for production. For example:

- Documents related to reconciliation and audit for billing;
- Memorandums related to financial controls for fraud or spam clicks on AdWords;
- Agreements on non-responsive subject matter, such as Content License Agreements;
- Agreements with foreign entities;
- Monthly email updates to EY's Alphabet engagement team, including Alphabet news, Alphabet reports, and Internet industry reports;
- Headcount of employees, interns, contractors and vendors at Google worldwide;
- Bank statements of Google subsidiaries or foreign corporate entities; and
- Surveys of Google employees related to their awareness of materials requiring modifications to Alphabet's financial statements. Tse Decl., ¶ 5.

Google identified many of these categories to Plaintiffs in the February 24, 2022 meet and confer. *Id.*, ¶ 12. Plaintiffs' failure to engage Google's arguments related to non-relevance and non-responsiveness is alone enough to deny their motion to compel. *Id.*, ¶¶ 7-10, 12. Simply put, Plaintiffs have *no* support for their conclusory assertion that "the E&Y documents [Google withheld] relate directly to Google's monetization and assessment of users' data." Mot. at 3.

---

[2] A party's responsiveness review of a non-party's documents is far from unprecedented. In *General Electric*, the movant subpoenaed certain non-parties who allowed a party to conduct a responsiveness review on their behalf. 119 F. Supp. 3d at 19. In denying the motion to compel, the court recognized that the movant "has no right to over-production of materials beyond the scope of its subpoenas" and rejected the movant's concern that the party "will have a more restrictive view of which [non-party] documents are responsive to the subpoenas." *Id.* at 20. The fact that EY conducted a responsiveness review does not preclude EY from respecting Google's right to review for responsiveness and privilege Google's own highly sensitive and confidential information.

In fact, that such a broad array of non-responsive (and irrelevant) documents were identified is Plaintiffs' own making. EY asked Plaintiffs (but not Google) for assistance in identifying proper search terms. Plaintiffs refused. Without guidance, non-party EY crafted search terms that were far broader than what the Court previously ordered. For example:

| EY Terms | Corresponding Court-Ordered Search String For Google's Search (highlighted for emphasis) |
|---|---|
| "personal* w/5 identi* w/5 info*" | **Term 2 in Dkt. 287-1**: ((Chrome OR AdManager OR "Ad Manager" OR Sync OR synced) /15 (PI OR PII OR "personal info" OR "personal information" OR "Google Account" OR "Google Accounts" OR "user information" OR viola* OR breach*) – adopted Plaintiffs' proposal |
| "valuation* w/2 user*" | **Term 14 in Dkt. 287-1**: (Chrome OR Sync OR ChromeSync) /15 (valu* OR profit* OR revenue* OR million* OR billion* OR USD OR forecast* OR project*) |
| "personal* w/5 identi* w/5 info*"; "user data" | **Term 21 in Dkt. 287-1**: (Chrome OR Browser*) /15 (privacy OR PI OR PII OR "user information" OR "user data") |

Plaintiffs' fallback argument: "Google improperly instructed E&Y to withhold 6,232 of the 6,322 documents (98.6%) that independent E&Y counsel determined were responsive." Mot. at 1. Plaintiffs' own authority confirms that a mere "reliance on numerical disparity" is insufficient to grant their motion to compel. *Gen. Elec.*, 119 F. Supp. 3d at 21 (denying motion to compel where the movant "does not make any other showing of inadequacy except for its reliance on numerical disparity.").[3] The same result is necessary here.

The Court already decided to limit Plaintiffs' overbroad subpoena. The documents EY has produced are responsive; the documents withheld are not. Plaintiffs' motion to compel amounts to a motion for reconsideration of the Court's order, and should be rejected.

## CONCLUSION

Google respectfully requests that the Court deny Plaintiffs' motion to compel.

---

[3] Plaintiffs' other authorities are inapposite because they involved either a motion for a protective order or a motion to quash a subpoena. *Haqq v. Stanford Hospital*, 2007 WL 902567 (N.D. Cal., Mar. 22, 2007) (denying motion for protective order and directing the parties to meet and confer to submit a stipulated proposed protective order); *Cameron v. City of El Segundo*, 2021 WL 3466324, at *15 (C.D. Cal., Apr. 30, 2021) (declining to sustain privilege objections but allowing a party to review the subpoenaed items for privilege for purposes of generating a privilege log).

| | | |
|---|---|---|
| 1 | DATED:  March 7, 2022 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By */s/ Andrew H. Schapiro* |
| | | Andrew H. Schapiro (admitted *pro hac vice*) |
| 5 | | andrewschapiro@quinnemanuel.com |
| | | 191 N. Wacker Drive, Suite 2700 |
| 6 | | Chicago, IL 60606 |
| | | Telephone: (312) 705-7400 |
| 7 | | Facsimile: (312) 705-7401 |
| 8 | | |
| | | Stephen A. Broome (CA Bar No. 314605) |
| 9 | | stephenbroome@quinnemanuel.com |
| | | Viola Trebicka (CA Bar No. 269526) |
| 10 | | violatrebicka@quinnemanuel.com |
| | | Alyssa G. Olson (CA Bar No. 305705) |
| 11 | | alyolson@quinnemanuel.com |
| 12 | | 865 S. Figueroa Street, 10th Floor |
| | | Los Angeles, CA 90017 |
| 13 | | Telephone: (213) 443-3000 |
| | | Facsimile: (213) 443-3100 |
| 14 | | |
| 15 | | Jomaire A. Crawford (admitted pro hac vice) |
| | | jomairecrawford@quinnemanuel.com |
| 16 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 17 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 18 | | |
| 19 | | Josef Ansorge (admitted pro hac vice) |
| | | josefansorge@quinnemanuel.com |
| 20 | | 1300 I. Street, N.W., Suite 900 |
| | | Washington, D.C. 20005 |
| 21 | | Telephone: 202-538-8000 |
| 22 | | Facsimile: 202-538-8100 |
| 23 | | Jonathan Tse (CA Bar No. 305468) |
| | | jonathantse@quinnemanuel.com |
| 24 | | 50 California Street, 22nd Floor |
| | | San Francisco, CA 94111 |
| 25 | | Telephone: (415) 875-6600 |
| | | Facsimile: (415) 875-6700 |
| 26 | | |
| 27 | | |
| 28 | | |

Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Google LLC*