**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**DECLARATION OF JONATHAN TSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 482)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

I, Jonathan Tse, declare as follows:

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 482.

3. On February 16, 2022, Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Motion to Seal") (Dkt. 482). On February 16, 2022, I received an unredacted service copy of these documents. On February 23, 2022, the Court granted the parties' joint stipulation extending time for Google to submit its declaration in support of Plaintiffs' Motion to Seal their Reply to the Motion for Class Certification to March 9, 2022 (Dkt. 506).

4. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5, unredacted versions of which have been filed at Docket Entry 482. Based on my review, there are compelling reasons or at least good cause to seal the following information:

| Document | Basis for Sealing |
| --- | --- |
| Plaintiffs' Reply in Support of Motion for Class Certification at: 2:21-22, 3:17-18, 4:1-9, 4:24-25, 5:2-3, 12:19-20, 12:27-28, 13:18-21, 14:17-22, 15:4-5, 15:11-12<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their |

| | | |
|---|---|---|
| | | systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Weaver Decl., Exhibit BBB at: (Plaintiffs' Proposed Trial Plan)<br><br>2:15-17, 3:5-6, 3:18-19, 4:11-22<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Weaver Decl., Exhibit CCC at: (Expert Rebuttal Report of Leslie John, Ph.D.)<br><br>11, 14-16, 19, 21-25, 28, 34<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

| | | |
|---|---|---|
| Weaver Decl., Exhibit DDD at: (Expert Rebuttal Report of Russell W. Mangum III)<br><br>4-5, 8-25, 27-31, 33-34<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | |
| Weaver Decl., Exhibit EEE at: (Rebuttal Report of Professor Zubair Shafiq)<br><br>2-3, 5-11, 14-22, 24-25, 30, 33, 37-56, 60-61, 63-64, Exhibit A - Pages 3-5<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. | |
| Weaver Decl., Exhibit FFF at: (Expert Rebuttal Report of Richard M. Smith) | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, | |

| | |
|---|---|
| 8, 17, 22-23, 65-67<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | identifiers, and their proprietary functions, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit GGG at: (Expert Rebuttal Report of Joseph Turow, Ph.D.)<br><br>15-16, 19-20, 26, 35-36<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, internal studies, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit JJJ at: (GOOG-CALH-00160127)<br><br>Redacted in its entirety<br><br>Google joins Plaintiffs' motion to seal in full with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information |

| | | |
|---|---|---|
| | | reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Weaver Decl., Exhibit KKK at: (GOOG-CABR-05279094)<br><br>Redacted in its entirety<br><br>Google joins Plaintiffs' motion to seal in full with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Weaver Decl., Exhibit LLL at: (excerpts from the deposition of Steve Ganem)<br><br>95:4-5, 95:9-13, 95:16, 95:24, 96:10-11<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document.. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect |

| | |
|---|---|
| | Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit MMM at: (excerpts from the deposition of Deepak Ravichandran)<br><br>39:23-24, 40:7-25, 41:1-24, 42:2-3, 80:4-10, 80:13, 80:15, 80:17, 80:19-20, 80:23-25, 81:3-6, 81;10-11, 89:5-11, 89:21-25, 90:3-4, 90:8-12, 90:14-16, 90:22-23, 91:1-2, 91:7, 91:9-12, 91:19-20, 92:1-17, 92:22-25, 93:1, 93:6-7, 93:10, 93:12-18, 93:23-25, 94:1-2, 94:6-8, 94:14-15, 94:19, 94:24, 133;10-17, 133:20-21, 134:3-4, 134:10-11<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, internal studies, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit NNN at: (GOOG-CABR-00186134)<br><br>1-3<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, internal studies, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit OOO at: (GOOG-CALH-00061965) | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding |

| | |
|---|---|
| Redacted in its entirety<br><br>Google joins Plaintiffs' motion to seal in full with respect to this document. | highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, internal studies, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit PPP at: (GOOG-CABR-04994797)<br><br>2<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit QQQ at: (GOOG-CABR-04698159)<br><br>Redacted in its entirety<br><br>Google joins Plaintiffs' motion to seal in full with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, and internal studies, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important |

| | |
|---|---|
| | services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit RRR at: (GOOG-CABR-05292934) 1-2 Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit SSS at: (GOOG-CABR-04312372) Redacted in its entirety Google joins Plaintiffs' motion to seal in full with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, and internal studies, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security |

8  Case No. 4:20-cv-5146-YGR-SVK
TSE DECLARATION ISO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL

| | |
|---|---|
| | threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Weaver Decl., Exhibit TTT at: (GOOG-CABR-04675770)<br><br>1-2<br><br>Google joins Plaintiffs' motion to seal in part with respect to this document. | The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

5. "In general, motions for class certification are considered nondispositive." *In re Yahoo Mail Litig.,* No. 13-CV-04980-LHK, 2015 WL 12990210, at *1 (N.D. Cal. June 8, 2015) (*citing In re High-Tech Emp. Antitrust Litig.,* No. 11-CV-02509-LHK, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013) ("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the Court finds that the parties need only demonstrate 'good cause' in order to support their requests to seal.")). *See also, e.g., In re NCAA Student–Athlete Name and Likeness Licensing Litigation*, No. 09–01967, 2012 WL 5395039 (N.D.Cal. Nov. 5, 2012); *Vietnam Veterans of America v. C.I.A.*, No. 09–0037, 2012 WL 1094360, *1–2 (N.D.Cal. March 29, 2012); *Buchanan v. Homeservices Lending LLC*, No. 11–0922, 2012 WL 5505775, *2 (S.D.Cal. Nov. 13, 2012); *Davis v. Social Service Coordinators, Inc.,* No. 10–02372, 2012 WL 2376217 (E.D. Cal. June 22, 2012); *Rich v. Hewlett–Packard Co.*, No. 06–03361, 2009 WL 2168688 (N.D.Cal. Jul. 20, 2009). Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

6. Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

7. Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

8. Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal systems and operations. Google would be placed at an increased

risk of cyber security threats. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

9. The information requested to be sealed contains Google's highly confidential and proprietary information, regarding highly sensitive features of Google's internal systems and operations, including details related to internal projects, identifiers, and their proprietary functions, the various types of logs maintained by Google, information contained in those logs, internal studies, as well as internal metrics and investigation into financial impact of certain features, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

10. Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information that is not generally known to the public or Google's competitors, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

11. Google has pared back Plaintiffs' proposed redactions and does not seek to redact or file under seal any of the remaining portions of Plaintiffs' Motion and Proposed Order not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on March 9, 2022.

DATED: March 9, 2022          QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP


                              By      /s/ Jonathan Tse
                                 Jonathan Tse

                                 *Attorney for Defendant*