**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted pro hac vice)
An Truong (admitted pro hac vice)
Eric Johnson (admitted pro hac vice)
112 Madison Avenue, 7th Floor New York,
NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

*Counsel for Plaintiffs*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*alevitt@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,

    Plaintiffs,

        v.

GOOGLE LLC,

    Defendant.

Case No. 4:20-cv-05146-YGR-SVK

**PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF SUNDAR PICHAI**

Judge:    Honorable Susan van Keulen

**NON-PUBLIC VERSION SOUGHT TO BE SEALED – TEXT** ▬▬▬▬

▬▬▬ **INDICATES PROPOSED REDACTIONS**

## I.     <u>Introduction</u>

Plaintiffs move to compel the deposition of Google and Alphabet CEO Sundar Pichai, as has already been ordered in the related *Brown v. Google* action. Mr. Pichai is not just the CEO; instead, he started as an engineer at Google 18 years ago, rose through the ranks, and was the "mastermind" behind the Chrome browser, the very product at issue in this case. *See* Ashri Khanelwal, "Sundar Pichai: Did You Know that Google CEO was the Mastermind of Chrome Browser," www.timesnownews.com (Sept. 27, 2019).  Even after he was promoted to CEO, he retained hands-on authority over Chrome, including many of the data-transmission issues contested here. Plaintiffs have deposed several employees who met with Mr. Pichai but ▮▮▮▮▮▮▮ ▮▮▮▮▮ necessitating his deposition. And if Mr. Pichai was aware of any of the unlawful data collection from the Chrome browser alleged here, his knowledge alone can trigger punitive damages under Cal. Civil Code § 3294(b) (corporation liable for punitive damages where acts of employees "authorized or ratified" by an officer or director).

## II.     <u>Legal Standard</u>

Pursuant to Rule 26(b), a party "may obtain discovery regarding any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case[.]" The party resisting discovery bears the burden of "clarifying, explaining and supporting its objections with competent evidence." *Harris v. Best Buy Stores, L.P.*, No. 3:15-CV-00657-HSG-KAW, 2016 WL 6024556, at *1 (N.D. Cal. Oct. 14, 2016).  Furthermore, "a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Celerity, Inc. v. Ultra Clean Holding, Inc*., 2007 WL 205067, at *3 (N.D. Cal., Jan. 15, 2007).  "Thus, it is very unusual 'for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'" *Apple v. Samsung Electronics Co., Ltd*., 282 F.R.D. 259, 263 (N.D. Cal., 2012) (citations omitted).  "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id*.  "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id*.

### III.   <u>Argument</u>

Mr. Pichai has unique, personal knowledge of issues relating to the Chrome browser, sync, and privacy concerns that are highly relevant to this case. Numerous documents establish that specific relevant information was communicated to and from Mr. Pichai. Although not all relevant documents can be cited herein, the following provide a snapshot of Mr. Pichai's direct involvement and decision-making regarding issues in this case:



- Deposition testimony in this case revealed that senior engineers and executives met with Mr. Pichai ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████. D. Ravichandran Dep. Tr. 242:17-243:10, 251:5-252:6, 254:2-255:14; C. Bindra Dep. Tr. 67:5-68:4, 233:2-16, 205:11-206:25, 225:22-226:17.

- A document titled ██████████████," includes questions and draft answers, including about data Google has to suggest ████████████████████; and how ████████████████████, including "█████████████ █████████████." GOOG-CABR-04004680.

- Regarding how Google enforces ██████████████, "Sundar ███████████████████████████████████████████████████ ████████████████████." Part of the solution was "████ █████████████████████████████████████████████████████ ████████████." GOOG-CABR-03751608.

- The recap of a ████████████████" meeting shows that the leads from the ███████████████████████████████████████████████████ ██████████████████████████████████████████████," including looking at ways to make █████████████████████████████ ████████. GOOG-CABR-03766440.

- A slide deck titled ████████████████████████" says, "████████████████████████████████████████████████████ ████████████████████" and regarding revisiting ████████

1  █████████████████████████, "████████████████████
2  █████████████████████████." GOOG-CABR-05269598.
3       •    Employees, including Mr. Pichai, ███████████████████" on Chrome browser
4  development and ████████████████████████████████████
5  ████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████
7  █████████████████████████████████████████. GOOG-CABR-03767728.
8  Google employees wanted guidance from Mr. Pichai ████████████████████
9  █████. GOOG-CALH-01026247.
10      •    ████████████████████ was a high priority, which Mr. Pichai discussed ███
11 ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████
13 █████████████████ The ████████████████████████. GOOG-CABR-
14 03833103.
15      •    Mr. Pichai's ████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████
18 █████████████████████████████████████ GOOG-CABR-
19 03988269.
20      •    Going back to 2014, Mr. Pichai was involved in ████████████████: ███
21 ████████████████████████████████████████████████████
22 █████████████████████████ GOOG-CABR-05383036.
23      •    Mr. Pichai's ████████████████ were described as having ████████████
24 █████████████████████████"" ███████████████████████████
25 ████████████████████████████████████████████████████
26 ████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████
28 █████████████████████████ GOOG-CABR-03983616..

1 | DATED:  March 11, 2022

2

3 | **BLEICHMAR FONTI & AULD LLP**   **DICELLO LEVITT GUTZLER LLC**

By:   */s/ Lesley E. Weaver*   By:   */s/ David Straite*
4 | Lesley Weaver (Cal. Bar No. 191305)   David A. Straite (admitted *pro hac vice*)
Angelica M. Ornelas (Cal. Bar No. 285929)   One Grand Central Place
5 | Joshua D. Samra (Cal. Bar No. 313050)   60 E. 42nd Street, Suite 2400
555 12th Street, Suite 1600   New York, NY 10165
6 | Oakland, CA 94607   Tel.: (646) 993-1000
Tel.: (415) 445-4003   *dstraite@dicellolevitt.com*
7 | Fax: (415) 445-4020
8 | *lweaver@bfalaw.com*   Amy Keller (admitted *pro hac vice*)
*aornelas@bfalaw.com*   Adam Levitt (admitted *pro hac vice*)
9 | *jsamra@bfalaw.com*   Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
10 | **SIMMONS HANLY CONROY LLC**   Ten North Dearborn St., 6th Floor
Chicago, IL 60602
11 | By:   */s/ Jay Barnes*   Tel.: (312) 214-7900
12 | Jason 'Jay' Barnes (admitted *pro hac vice*)   *akeller@dicellolevitt.com*
An Truong (admitted *pro hac vice*)   *alevitt@dicellolevitt.com*
13 | Eric Johnson (admitted *pro hac vice*)   *aprom@dicellolevitt.com*
112 Madison Avenue, 7th Floor   *scruz@dicellolevitt.com*
14 | New York, NY 10016
15 | Tel.: (212) 784-6400
Fax: (212) 213-5949
16 | *jaybarnes@simmonsfirm.com*
17 | *atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*
18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 11, 2022                                   /s/ *David Straite*
                                                          David A. Straite

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, David A. Straite, hereby certify that on March 11, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record. I also caused a copy of the under seal filings to be delivered to counsel for Defendant Google LLC via electronic mail.

Dated: March 11, 2022                    /s/ *David Straite*
                                          David A. Straite