# EXHIBIT A
## Redacted Version of
## Document Sought to be Sealed

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| 1.27 | <u>RFP 47</u>: All Documents relating to advertisements, in any medium, for Google, Chrome, Android, or other Google consumer products (e.g. YouTube, Google Maps, Google Photos, etc.) that mention the terms secure, security, private, privacy, safe, safety, control, trust, personal, protected, protection, or personal information, including but not limited to all drafts and copies of such advertisements, all internal Documents relating to drafts or copies of such advertisements, including any results of focus groups or consumers surveys, and document sufficient to Identify every placement for the advertisements. | Google incorporates its General objections as if set forth fully herein. Google objects to this Request on the grounds that it is vague and ambiguous as to "other Google consumer products" and "any...document sufficient to Identify every placement for the advertisements." Google objects to this Request on the grounds that it is overbroad, unduly burdensome, as it seeks all Documents "relating to advertisements, in any medium" and seeks discovery of Google products (YouTube, Google Maps, Google Photos) neither relevant to the claims or defenses of any party nor proportional to the needs of the Action. Google also objects to this Request as unduly burdensome to the extent it seeks information that is in the possession, custody, or control of the parties in the Action or is available from public sources. Google also objects to the extent that the request for results of "focus groups or consumer surveys" calls for the production of private and confidential information of third-party users without adequate justification. Google also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or common interest privilege or any other applicable privilege or immunity. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, relevant advertisements for Google Chrome and Google Account that mention the terms: "secure, security, private, privacy, safe, safety, control, trust, personal, protected, protection, or personal information" to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search. | <u>Plaintiffs Position</u>: Google seeks to unilaterally limit Plaintiffs' request to only Google Chrome and Google Account, despite the fact that relevant advertisements include various Google products and devices. As a compromise, Plaintiffs, proposed that responsive documents advertisements that mention the identified terms which relate to Google Chrome, Google Accounts and Google Devices (e.g. Android and Chromebook). Google rejected this proposal without explanation or counter offer.<br><br><u>Google's Position</u>: Plaintiffs' claims relate to Google Chrome, and Google has already produced responsive advertisements that relate to Chrome. Plaintiffs' request for advertisements related to all devices that may contain a Chrome browser, including phones and computers, is overly broad and unduly burdensome, as it would require the collection and production of advertisements from many different departments within Google. | |
| | RFP 50: All Documents relating to any process through which Google claims to have obtained express or implied consent from Users to send Personal Information to Google (including cookies, X-client data headers, IP addresses, User-Agent | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "Personal Information . . .associated with Chrome browsing history" because it does not clarify what that phrase means in the context of this request, and the request is confusing because certain of the examples of information that Plaintiffs provide are not "associated with Chrome browsing history." Google also | <u>Plaintiffs' Position</u>: Plaintiffs have requested that Google confirm that it is producing responsive documents to web app & activity settings (WAA) and supplemental web app & activity settings (sWAA). These settings stand at | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | information, and other identifiers) associated with Chrome browsing history. | objects to this Request as unduly burdensome to the extent it seeks information that is in the possession, custody, or control of Plaintiffs or is available from public sources. Google further objects to this request to the extent it calls for production of information regarding authenticated users who have not consented to the disclosure of their information. Google objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks discovery neither relevant to the claims or defenses of any party nor proportional to the needs of the Action. Google further objects to this request on the grounds that it seeks irrelevant information because it is not limited to Chrome users in the United States.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, relevant documents responsive to this Request that can be located following a reasonable search. | the foundation of Google's consent defense, as illustrated by its motion for summary judgment (Dkt. 395). Google has refused to confirm that it had and would produce such documents, stating only that information that may have been in possession of custodians would have been produced to extent they hit on past search terms. But the search terms were negotiated and concluded prior to Google's motion for summary judgment and Google's refusal to confirm that it has or will produce documents responsive to this RFP, and relevant to its now established consent defense, is prejudicial to Plaintiffs' ability refute these defenses. Plaintiffs' request that Google produce responsive documents, otherwise explain why it is unable to do so.<br><br>Google's Position: Plaintiffs mischaracterize Google's motion for summary judgment, which is based on the Google Privacy Policy and the Google Account Holder Agreements, not WAA or sWAA settings. In any event, on March 10, 2022, Google confirmed that it produced documents responsive to this Request. Plaintiffs' current request for "documents related to WAA and sWAA" is not only vague and overbroad, but it is also a new document request that was never served. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | RFP 59: All Documents relating to any process through which Google claims to have obtained express or implied consent from "third party websites" to collect "the communications alleged in the FAC." Dkt. No. 195 at 48. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overly broad and unduly burdensome because the request seeks "[all] Documents" related to "any process" through which Google obtains consent. Therefore, as worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as unduly burdensome to the extent it seeks information that is in the possession, custody, or control of Plaintiffs in the Action or is available from public sources. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, relevant documents responsive to this Request related to third party websites that use Google Analytics or Google Ad Manager, to the extent that such documents exist, and can be located following a reasonable search. | Plaintiffs' Position: Since Google seeks to limit this response to Google Analytics and Ad Manager, Plaintiffs proposed that Google confirm that those are the only two products on which Google will seek to assert its "third party" consent defense. If other products form the bases of this defense, then Google should produce responsive documents as to those products. In response, Google stated that it "reserves all rights" to expand its defenses based on the "scope of the case," but refuses to commit to whether the "expansion" would be triggered by Court order (e.g. Dispute 1.15) or whether Google intends to raise additional products post-fact discovery. Google's attempt to limit discovery on its defenses, while "reserving all rights" to assert new factual bases is prejudicial and contrary to the parties discovery obligations.<br><br>Google's Position: Google has produced responsive documents that relate to Google Analytics and Google Ad Manager, which are the only Google products within the scope of this action. Google informed Plaintiffs that it reserved the right to produce additional documents should the Court later determine that additional products or services are part of this case. Google has never represented that it may produce documents related | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | to additional products after the close of discovery absent a court-order determining those products are part of the case. | |
| | RFP 71: Documents sufficient to Identify, by year and quarter, Net Revenue earned by Google from the use of Information taken from Users who are not Synced. | Google incorporates its General Objections as if set forth fully herein. Google also objects to this request as vague and ambiguous as to the meaning of the phrase "use of Information taken from Users," because it does not clarify what the terms "use" or "taken" mean in the context of this request. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents in response to this request. | Plaintiffs' Position: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>Google's Position: Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to informal revenue attribution to various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages methodology. Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|-----|--------------------|--------------------|-------------------------------|---------------|
| | | | in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 81: All Documents relating to the accuracy of attribution pipelines, including any advertiser or customer complaints about the accuracy and Google's responses to them. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request for Production Nos. 41, 42, 45, and 80, and incorporates its objections and responses to that request. Google further objects to this request as vague and ambiguous as to "the accuracy of attribution pipelines." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents relating to "any advertiser or customer complaints...and Google's responses to them." As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to the extent that the request for "any advertiser or customer complaints" and "responses to them" calls for the production of private and confidential information of third-party users without adequate justification. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and how to appropriately narrow the scope of this<br><br>request. | <u>Plaintiffs' Position</u>: Google stated that it has produced documents related to "conversion tracking," but it is unclear what this pertains to and whether it includes advertiser or customer complaints about the accuracy of Google's attribution pipelines and Google's responses. Google has not articulated any basis to withhold such information. Plaintiffs request that this information be produced.<br><br><u>Google's Position</u>: Google has produced documents that relate to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ Customer complaints regarding the accuracy of attribution pipelines are not relevant to any of the issues of this case, and therefore the burden of collecting and reviewing any such documents outweighs any probative value the documents may have. In any event, to the extent responsive documents were identified by the search terms and custodian protocol, they would have been produced, Google has not withheld documents responsive to this request. | |
| | RFP 88: Documents sufficient to explain the transmission or data flow of personal information, as alleged in the Complaint, from Chrome to Google that includes personal | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to "data flow" and "mixing of such information." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents | <u>Plaintiffs' Position</u>: The issues regarding this RFP align with Dispute 1.15. Specifically, Google categorically refuses to produce any responsive documents on the basis that the RFP is "outside the | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | information of un-synced Chrome users, and the storage, retention, use, or mixing of such information that Google makes of the following, including whether or not such transmission violated Google or Chrome policies and disclosures:<br><br>a. Any data or information transmitted with keystrokes, URLs or other communications that users type or copy-paste into the Chrome toolbar, including how such transmissions are made, where they are sent at Google, how they are processed, where they are stored, and the types of data with which they are associated. Such request includes documents sufficient to identify all logs in which toolbar data transmissions to Google.com are stored, and, for each such log, all fields or parameters that are stored and the amount of time such fields or parameters are stored.<br><br>b. Any data or information transmitted with keystrokes, URLs, or other communications that users type or copy-paste into Custom Search Engine APIs on non-Google properties, including how such transmissions are made, where they are sent at Google, how they are processed, where they are stored, and the types of data with which they are associated. Such request includes documents sufficient to identify all logs in which toolbar data transmissions to Google.com are stored, and, for each such log, all fields or parameters that are stored | "sufficient to explain the transmission or data flow of personal information" including "personal information of un-synced Chrome users, and the storage, retention, use, or mixing of such information that Google makes of the following, including whether or not such transmission violated Google or Chrome policies and disclosures" with regards to sub-requests (a) through (g). Google further objects to this request as compound due to the Plaintiffs attempt to mask seven (7) new RFPs as one. As worded, this request seeks irrelevant information, is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:  Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this request | scope of the case. *See* Dkt. 329." Plaintiffs disagree, and incorporate by reference their position in Dispute 1.15.<br><br>Google's Position:  Plaintiffs' mischaracterize Google's position. Google stands by its objections as set forth herein and further incorporates its position statements in response to Disputes 1.15 and 2.1 (which detail the extensive discovery that Google has produced and provided to Plaintiffs on this issue, including through the Special Master process). | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | and the amount of time such fields or parameters are stored.<br><br>c. Any data or information transmitted relating to the ▆▆▆▆▆▆▆ ▆▆ including but not limited to transmission substantially similar to the example provided in ¶ 158 of the First Amended Complaint to www.google.com with the ▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ or the example provided in relation to Court's website in Dkt. 127, Green Decl. ¶¶ 13-21. Such request includes documents sufficient to identify all logs in which the data transmissions to Google.com in the examples provided in First Amended Complaint ¶¶ 158 or ▆▆▆▆▆▆▆▆ are stored, and, for each such log, all fields or parameters that are stored and the amount of time such fields or parameters are stored.<br><br>d. Any data or information transmitted in association Google Maps, Google Fonts, Google Storage, or any other Google API that is the same or substantially similar to the transmissions and data flow explained in Dkt. 127, Green Decl. ¶¶ 22-29. Such request includes documents sufficient to identify all logs in which the data transmissions explained in Dkt. 127, Green Decl. ¶¶ 22-29 are stored, and, for each such log, all fields or parameters that are stored and the amount of time such fields or parameters are stored. It also includes but is not limited to the Google | | | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | ████████████████████████<br>████████████████████████<br>████████████████<br><br>e. Any data or information transmitted to Google.com or any subdomain of Google.com while a user is not on a Google website, such as the example transmissions shown in the First Amended Complaint at ¶¶ 149, 158, 161, 170, 172, 177, 183, 188, and 190. Such request includes documents sufficient to identify all logs in which the data transmissions to Google.com in the examples provided in First Amended Complaint ¶¶ 149, 161, 170, 172, 177, 183, 188, and 190 are stored, and, for each such log, all fields or parameters that are stored and the amount of time such fields or parameters are stored. It also includes but is not limited to the Google.com subdomains of cse.google.com and adservice.google.com and transmissions to Google.com through Recaptcha.<br><br>f. Any data or information transmitted to Google-Analytics.com while a user is not on a Google website, such as the example transmissions in the First Amended Complaint at ¶¶ 164 and 185. Such request includes documents sufficient to identify all logs in which the data transmissions to Google-Analytics.com in the examples provided in First Amended Complaint ¶¶ 164 and 185 are stored, and, for each such log, all fields or parameters | | | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|-----|---------------------|-------------------|--------------------------------|---------------|
| | that are stored and the amount of time such fields or parameters are stored.<br>e. ████████████████ ████████, such as the example transmissions in the First Amended Complaint at ¶¶ 170 and 178-79. Such request includes documents sufficient to identify all logs in which the data transmissions to ████████████████ ████████████████ ████████████████ ████████████, and, for each such log, all fields or parameters that are stored and the amount of time such fields or parameters are stored. | | | |
| | RFP 92: Documents sufficient to identify all Chrome users or Chrome Instances from which Chrome transmitted or Google collected the "Signin Status" of "Signed In, Not Consented for Sync" during the Relevant Period, whether from ████████████████ or any other source. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request for Production No. 90 and No. 91, and incorporates its objections and responses to that request. Google further objects to this request as vague and ambiguous as to "from which Chrome transmitted or Google collected." Google further<br>objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks documents "sufficient to identify all Chrome users or Chrome Instances" and from "any other source." As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google also objects to this Request as unduly burdensome to the extent it seeks information that is in the possession, custody, or control of the parties in the Action or is available from public sources. Google also objects to the extent that the request for "to identify all Chrome users" calls for the production of private and confidential information of third-party users without adequate justification. Google | <u>Plaintiffs' Position</u>: This RFP falls under an umbrella category of "identification of class members." Despite the fact that Google challenges class certification on this ground, it refuses to produce discovery that would enable identification of class members. To resolve these disputes, Plaintiffs proposed the following two-step compromise:<br><br>*Step 1.* Google provides ████ Dashboard in different browsers states for: signed in not consented to Sync; Basic Browser; and Guest, across the entire class | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | further objects to this request because it seeks highly sensitive and personal information not relevant to establishing any party's claim or defense. See In re Williams-Sonoma, Inc., 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member... is not relevant within the meaning of [Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Class certification has not been granted in this case, and seeking this information now is premature. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents in response to this request. | period. Plaintiffs note that a similar order was reached in *Brown*. *Step 2*. Identify everyone from whom Google has received a: a. Signed In But Not Synced Signal b. Disable Sync Signal c. Zwieback users d. Biscotti Users who do not have WAA-off. Plaintiffs' received Google's response to this proposal for the first time at 10:21PM PT on the date this discovery chart was due. Plaintiffs are currently considering the proposal and request time at the March 15 hearing to discuss as needed. Google's Position:  Google incorporates its response to the same unworkable proposal that Plaintiffs made concerning Interrogatory Nos. 1-4 & 13-19 (*see* Exhibit B).  Google objects to Plaintiffs' proposal to the extent it seeks information that is not sought by the requests they have identified and is in fact an entirely new set of requests.  Nonetheless, in the interest of compromise, Google agrees to the following: | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ ███████████████████████ | |
| | RFP 102: Documents sufficient to identify the percentage of device identifiers that are in Biscotti logs "████████████████████ ███" as testified by Google. Monsees Depo. 598:7-8. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to "device identifiers" and "percentage of device identifiers that are in Biscotti logs." Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding clarification on exactly what information they seek and to appropriately narrow the scope of this request. | Plaintiffs' Position: Plaintiffs have explained that discovery has shown that Google has dashboards that allow it to aggregate statistics from identified logs, e.g. Pollution % in Biscotti logs. Plaintiffs seek documents sufficient to explain these dashboards. Following a December 2021 meet and confer, counsel for Google indicated that they would consider this narrowed request, but in February 2021 Google stated it would not produce responsive information, without explanation. Plaintiffs seek production of these limited subset of documents.<br><br>Google's Position: This request seeks "[d]ocument sufficient to identify the percentage of device identifiers that are in Biscotti logs." However, as Google has repeatedly explained to Plaintiffs, the relevant Biscotti logs do not contain device identifiers (as such logs are not designed to uniquely count devices). Google is willing to discuss Plaintiffs' request further if Plaintiffs provide a Bates | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | number of a document that they believe relates to the referenced dashboard.  Without that clarifying information, it is unclear to Google precisely what existing documents or information Plaintiffs seek. | |
| | RFP 111: All Documents reflecting estimates or other calculations of the monetary value of Users' Information to Google, including updates in keeping with changes to Google's terms of service changed, including the calculation of revenue earned by Google for Users based upon bartering or selling access to such Information. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as duplicative of Request Nos. 125, and 128, each of which also seek documents related to the value of Users or Users' Information to Google. Google incorporates by reference each of its specific objections to those Requests. Google further objects to this Request as unintelligible, compound, overly broad, and unduly burdensome because the Request is not limited in scope and seeks "*all* Documents reflecting estimates *or other* calculations, *including* updates in keeping with changes...*including* the calculation....based upon bartering *or* selling…" (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request as overly broad and unduly burdensome because the phrase "Users' Information," as defined, encompasses a whole host of data separate and apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) and in Google's privacy policy, and not even associated with a User's Chrome browsing (as opposed to browsing on other browsers). Moreover, this Request is not limited in scope to users browsing Chrome in an unsynced state. Google objects to the phrase "updates in keeping with changes to Google's terms of service changed" as unintelligible. Google also objects to that phrase as vague and ambiguous because "terms of service" is neither self-evident nor defined and no "changes" to such terms have been identified in the Request. Google objects to the Request because it does not explain whether it seeks documents relating to Information received through Ad Manager, Analytics, or some other Google service. To the extent it seeks documents relating to Information received through any Google service, the Request is overly broad and not tethered to the claims and defenses in this case. Subject to and without waiving the foregoing objections, Google responds as follows: | Plaintiffs' Position: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>Google's Position: Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to informal revenue attribution to various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages methodology. Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | Google has already produced responsive, nonprivileged custodial documents that hit on the search term ███████ ████████████████████████, which would capture documents responsive to this Request, to the extent such documents exist and are within Google's possession, custody or control. Google is also willing to produce financial data sufficient to show (1) revenue information for Google Analytics and Display Ads, limited to the U.S. and broken out by year for the Class Period; (2) profit and loss information for Google Analytics and Display Ads on a global basis and broken out by year for the Class Period; and (3) Google's costs associated with the Chrome browser; if this production will resolve all disputes related to the production of Google's financial data. | incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 112: Documents sufficient to establish the monetary or retail value of each Named Plaintiff's Information to Google, updated to reflect whenever Google's terms of service changed, including the calculation of revenue earned by Google for each Named Plaintiff based upon bartering or selling access to such Named Plaintiff's Information. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as unintelligible, compound, overly broad, and unduly burdensome because the Request seeks "Documents sufficient to establish monetary or retail value….*including* the calculation....based upon bartering *or* selling…" (emphasis added). Google objects to this Request as overly broad and unduly burdensome because the term "Information," as defined, encompasses a whole host of data apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) and in Google's privacy policy. Google objects to the Request because it does not explain whether it seeks documents relating to Information received through Ad Manager, Analytics, or some other Google service. To the extent it seeks documents relating to Information received through any Google service, the Request is overly broad and not tethered to the claims and defenses in this case. Google objects to the phrase "terms of service changed" as vague and ambiguous because it is neither self-evident nor defined and no changes to such terms are identified. Google objects to the terms "monetary or retail value," "updated," and "earned" as vague and ambiguous because they are neither self-evident nor defined.<br><br>Google objects to this Request as duplicative because the information sought is fully encompassed by Request No. 111, as the Named Plaintiffs were all users of Chrome. Google thus incorporates its objections and responses to that Request. Subject to and without waiving the foregoing objections, Google responds as follows: | Plaintiffs' Position: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>Google's Position: As with the prior RFP, Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to informal revenue attribution to various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|-----|---------------------|-------------------|--------------------------------|---------------|
| | | Google has already produced responsive, nonprivileged custodial documents that hit on the search term ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which would capture documents responsive to this Request, to the extent such documents exist and are within Google's possession, custody or control. Google is also willing to produce financial data sufficient to show (1) revenue information for Google Analytics and Display Ads, limited to the U.S. and broken out by year for the Class Period; (2) profit and loss information for Google Analytics and Display Ads on a global basis and broken out by year for the Class Period; and (3) Google's costs associated with the Chrome browser; if this production will resolve all disputes related to the production of Google's financial data. | methodology. Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 113: Documents sufficient to establish the economic value, in currency or any other thing of value, paid in exchange for targeted advertising that Google received in exchange for each Named Plaintiff's Information, as well as which entities paid Google and when such payments were made. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request to the extent it is duplicative of Request for Production No. 118, which seeks "Documents sufficient to establish all payments You received for granting access to, sharing or sending Google Users' Information or any derivative of that Information," and incorporates its objections and responses to that Request. Google further objects to this Request as unintelligible, compound, overly broad, and unduly burdensome because the Request is not limited in scope and seeks documents "sufficient to establish," the value "in currency *or any other thing* of value...*as well as* which entities paid...*and* when...payments were made." (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request as overly broad and unduly burdensome because the term "Information," as defined, encompasses a whole host of data apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) and in Google's privacy policy. Google objects to the terms "economic value," "any other thing of value," and "entities" as vague and ambiguous because they are neither self-evident nor defined.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google is willing to produce financial data sufficient to show (1) revenue information for Google Analytics and Display Ads, limited to the U.S. and broken out by year for the Class Period; (2) profit and loss | <u>Plaintiffs' Position</u>: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br><u>Google's Position</u>: As with the foregoing RFPs, Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to informal revenue attribution to various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | information for Google Analytics and Display Ads on a global basis and broken out by year for the Class Period; and (3) Google's costs associated with the Chrome browser; if this production will resolve all disputes related to the production of Google's financial data. | damages methodology. Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 114: Documents sufficient to establish the monetary and/or retail value of Users' Information to Google, including all monthly, quarterly, and annual financial reporting relating to same, and including but not limited to the calculation of average revenue per user, any changes to such monetary or retail value relating to changes to Google's terms of service, and any financial reporting of Information as an asset. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound, unintelligible, overly broad, and unduly burdensome because the Request is not limited in scope and seeks documents "sufficient to establish," monetary value "including *all* monthly, quarterly, *and* annual financial reporting," "*and* including but not limited to...per user" information, "*any* changes to such...value relating to changes...*and any* financial reporting of Information as an asset." (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Moreover, the phrase "any changes to such monetary or retail value relating to changes to Google's terms of service" is unintelligible because it is unclear why changes to Google's terms of service would affect monetary or retail value of Users' Information. Google further objects to this Request as overly broad and unduly burdensome because the phrase "Users' Information," as defined, encompasses a whole host of data separate and apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) and in Google's privacy policy, and not even associated with a User's Chrome browsing (as opposed to browsing on other browsers). Moreover, this Request is not limited in scope to users browsing Chrome in an unsynced state. Google objects to the Request because it does not explain whether it seeks documents relating to Information received through Ad Manager, Analytics, or some other Google service. To the extent it seeks documents relating to Information received through any Google service, the Request is overly broad and not tethered to the claims and defenses in this case. | **Plaintiffs' Position**: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>**Google's Position**: As with the foregoing RFPs, Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to informal revenue attribution to various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages methodology. Further, | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | Google also objects to the phrase "terms of service" as vague and ambiguous because it is neither self-evident nor defined and no "changes" to such terms have been identified in the Request. Google objects to the terms "monetary and/or retail value," "relating to same," and "asset" as vague and ambiguous because they are neither self-evident nor defined.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google has already produced responsive, nonprivileged custodial documents that hit on the search term ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), which would capture documents responsive to this Request, to the extent such documents exist and are within Google's possession, custody or control Google is also willing to produce financial data sufficient to show (1) revenue information for Google Analytics and Display Ads, limited to the U.S. and broken out by year for the Class Period; (2) profit and loss information for Google Analytics and Display Ads on a global basis and broken out by year for the Class Period; and (3) Google's costs associated with the Chrome browser; if this production will resolve all disputes related to the production of Google's financial data. | Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 118: Documents sufficient to establish all payments You received for granting access to, sharing or sending Google Users' Information or any derivative of that Information. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound, overly broad, and unduly burdensome because the Request is not limited in scope and seeks "documents sufficient to establish *all* payments," "granting...sharing *or* sending...*or any* derivative of *that* information." (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit, including because it is irrelevant to Plaintiffs' allegations related to improper collection (not improper sharing with third parties). Google further objects to this Request as overly broad and unduly burdensome because the phrase "Users' Information," as defined, encompasses a whole host of data separate and apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) in Google's privacy policy, and not even associated with a User's Chrome browsing (as opposed to browsing on other browsers). Moreover, this Request is not limited in scope to users browsing Chrome in an unsynced state. Google further objects to this Request as | Plaintiffs' Position: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>Google's Position: As with the foregoing RFPs, Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number | |

## EXHIBIT A

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | vague and ambiguous as to "payments," "granting access to, sharing, or sending," "any derivative," and "of that Information," which are neither self-evident nor defined. Google incorporates by reference its Privacy Policy, which provides that Google does "not share personal information with companies, organizations, or individuals outside of Google except in the following cases": 1) with user consent, 2) with domain administrators, 3) for external processing, and 4) for legal reasons.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google will not produce documents in response to this Request. | of documents that speak to informal revenue attribution to various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages methodology. Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 119: Documents sufficient to establish the value of any data Google received or receives for granting access to, sharing or sending Users' Information or any derivative of that Information, including any estimates of value by Google or any third party, including but not limited to any venture capitalist, auditor or consultant. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound, overly broad, and unduly burdensome because the Request is not limited in scope and seeks "documents sufficient to establish...*any* data," "received or receives," "or *any* derivative of that Information," "including *any* estimates...or *any* third party, including but not limited to..." (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit, including because it is irrelevant to Plaintiffs' allegations related to improper collection (not improper sharing with third parties). Google further objects to this Request as overly broad and unduly burdensome because the phrase "Users' Information," as defined, encompasses a whole host of data separate and apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) and in Google's privacy policy, and not even associated with a User's Chrome browsing (as opposed to browsing on other browsers). Moreover, this Request is not limited in scope to users browsing Chrome in an unsynced state. | Plaintiffs' Position: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>Google's Position: As with the foregoing RFPs, Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | Google further objects to this Request as vague and ambiguous as to "granting access to, sharing, or sending," "any derivative," and "of that Information," which are neither self-evident nor defined. Google also objects to the extent that the Request for "estimates of value by...any third party, including but not limited to any venture capitalist, auditor or consultant" calls for the production of private and confidential information of third-party entities without adequate justification. Google incorporates by reference its Privacy Policy, which provides that Google does "not share personal information with companies, organizations, or individuals outside of Google except in the following cases": 1) with user consent, 2) with domain administrators, 3) for external processing, and 4) for legal reasons.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google will not produce documents in response to this Request. | informal revenue attribution to various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages methodology. Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 121: All Documents regarding Google's assessment of the financial impact of changes to disclosures relating to Google collecting and/or sharing Information about users of the Chrome browser. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound, overly broad, and unduly burdensome because the Request is not limited in scope and seeks "documents sufficient to establish *all* costs associated with...granting access, sharing *or* sending...*or any* derivative of *that* information." (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit, including because it is irrelevant to Plaintiffs' allegations related to improper collection (not improper sharing with third parties). Google further objects to this Request as overly broad and unduly burdensome because the phrase "Users' Information," as defined, encompasses a whole host of data separate and apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) and in Google's privacy policy, and not even associated with a User's Chrome browsing (as opposed to browsing on other browsers). Moreover, this Request is not limited in scope to users browsing Chrome in an unsynced state. Google further objects to this Request as vague and ambiguous as to "granting access to, sharing, or sending," | Plaintiffs' Position: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>Google's Position: As with the foregoing RFPs, Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to informal revenue attribution to | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | "any derivative," and "of that Information," which are neither self-evident nor defined. Google incorporates by reference its Privacy Policy, which provides that Google does "not share personal information with companies, organizations, or individuals outside of Google except in the following cases": 1) with user consent, 2) with domain administrators, 3) for external processing, and 4) for legal reasons.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google will not produce documents in response to this Request. | various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages methodology.  Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 125: All Documents reflecting estimates or other calculations of the monetary value of Users' Information and derivatives of that Information to Google. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound, overly broad, and unduly burdensome because the Request is not limited in scope and seeks "*all* Documents reflecting estimates *or other* calculations," of the monetary value of "Users' Information *and derivatives* of that Information." (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request as overly broad and unduly burdensome because the phrase "Users' Information," as defined, encompasses a whole host of data separate and apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) and in Google's privacy policy, and not even associated with a User's Chrome browsing (as opposed to browsing on other browsers). Moreover, this Request is not limited in scope to users browsing Chrome in an unsynced state. Google further objects to this Request as vague and ambiguous because the terms "estimates or other calculations of the monetary value" and "derivatives" are neither self-evident nor defined. Google objects to the Request because it does not explain whether it seeks documents relating to Information received | Plaintiffs' Position: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>Google's Position: As with the foregoing RFPs, Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to informal revenue attribution to various other features and | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | through Ad Manager, Analytics, or some other Google service. To the extent it seeks documents relating to Information received through any Google service, the Request is overly broad and not tethered to the claims and defenses in this case. Google further objects to this Request as duplicative of Request Nos. 111, and 128, each of which also seek documents related to the value of Users or Users' Information to Google. Google incorporates by reference each of the specific objections to those Requests.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google has already produced responsive, nonprivileged custodial documents that hit on the search term ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which would capture documents responsive to this Request, to the extent such documents exist and are within Google's possession, custody or control. Google is willing to meet and confer with Plaintiffs regarding exactly what additional information they seek and to appropriately narrow the scope of this Request. | products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages methodology. Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 126: All Documents that support the fair value determination of Alphabet's auditors for User Information and/or any derivatives of that Information for which Alphabet recognizes revenue. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as overly broad and unduly burdensome because the Request is not limited in scope and seeks "*all documents that support the fair value determination...and/or any derivative….*" (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request as overly broad and unduly burdensome because the phrase "Users' Information," as defined, encompasses a whole host of data separate and apart from the data Plaintiffs allege was wrongfully collected by Google, extending far beyond the "personal information" referenced in Plaintiffs' complaint (see, e.g., Dkt. 162-3 ¶ 2) and in Google's privacy policy, and not even associated with a User's Chrome browsing (as opposed to browsing on other browsers). Google further objects to this Request as vague and ambiguous as to "fair value determination," "any derivatives," and "recognizes revenue," which are neither self-evident nor defined. Google further objects to this Request to the extent it purports to seek discovery from Google's parent, Alphabet, which is not a defendant in this lawsuit. This Request is also overly broad and unduly burdensome because it is not limited in scope and encompasses other aspects of | <u>Plaintiffs' Position</u>: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26. In addition this RFP implicates the ongoing dispute related to production from third-party E&Y.<br><br><u>Google's Position</u>:  Google stands on its responses and objections to this RFP.  Notably, Plaintiffs only provided their position for this RFP for the first time on March 8, 2022 and has made no attempt to address any of Google's objections | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | Chrome and data privacy that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome without enabling Sync. For these reasons, neither part of the Request is proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google will not produce documents in response to this Request. | identified in its responses and objections.  Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | RFP 134: All Documents related to revenue increases obtained by Google as a result of Google.com being set as the default search engine for the Chrome browser, including revenue associated with data transmissions from the Chrome omnibar. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound, overly broad, and unduly burdensome because the Request is not limited in scope and seeks "*all Documents related to revenue increases ... including* revenue associated with data transmissions from the Chrome omnibar." (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google objects to this Request as overly broad and outside the scope of discovery in this case, as confirmed by Judge Susan van Keulen's September 30, 2021 order, denying Plaintiffs' attempt to broaden the scope of discovery to include transmittals of personal data to Google.com (or Google Search or Google Ads) and noting that " [s]imply put, each and every transmission, whether or not authorized, *neither can nor should be* the subject of discovery in this case." Dkt. No. 329 (emphasis added).<br><br>Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>For these reasons, Google will not produce documents in response to this Request. | Plaintiffs' Position: Google has refused to produce responsive documents to a number of RFPs that relate to valuation of personal information, i.e. calculation of damages. Plaintiffs' propose that these RFPs (the "revenue RFPs), be negotiated under Disputes 1.24, 1.25, and 1.26.<br><br>Google's Position: Google has produced financials (P&L) that span several years in the class period for the products at issue in this case: Display Ads, Google Analytics, and Chrome. Google has also produced a large number of documents that speak to informal revenue attribution to various other features and products, including hundreds of emails and analyses related to the impact of deprecating third-party cookies and monetization of ad inventory, many of which Plaintiffs have used as part of their damages methodology. Further, Google is not withholding documents that are otherwise responsive; it merely does not agree to undergo additional | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | burdensome searches where it has already provided sufficient documents. Google otherwise incorporates its position statement in response to Disputes 1.24, 1.25, and 1.26. | |
| | [NON-PRIORITIZED RFPS] | | | |
| | RFP 26: All documents relating to ████████ ████████████," which was referenced by Google in the May 12, 2021 Joint letter Brief. *See* Dkt. No. 189. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overly broad and unduly burdensome because the request seeks "all documents relating to ████████ ████████████," which may encompass documents that are not relevant and have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google has produced or will produce non-privileged, non-work product, relevant ████████ documents Google maintains in the ordinary course of business that relate to the use of sync apparently in the United States, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search. | <u>Plaintiffs' Position</u>: On Feb. 4, 2022, the parties meet and conferred and sought to initiate meet and confers on the non-prioritized RFPs, pursuant to the Court's discovery order (Dkt. 349). At that time, Google refused, arguing that Plaintiffs were precluded from any further discussions regarding Google's responses and objections on the non-prioritized RFPS. The Parties noted this dispute in the Feb. 25 discovery chart. On Mar. 7, Plaintiffs asked Google to reconsider its position. Google indicated that it would do so and clarified that it was not refusing to meet and confer on all non-prioritized RFPs, but rather that Plaintiffs must identify specific RFPs at issue. Plaintiffs agreed and, on Mar. 8 identified 17 out of 89 non-prioritized RFPs for discussion. On Mar. 10, Google abruptly changed its position, reverting, without explanation, to the original argument that Plaintiffs were precluded from pursuing any non-prioritized RFPs. Google's position is unreasonable and untenable. The parties | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | proposed the discovery based on the understanding that certain RFPs would be *prioritized*, not precluded. Plaintiffs request that Google be compelled to produce responsive documents to the narrow subset of non-prioritized RFPs identified.<br><br>Google's Position:<br>Acknowledging that it was "appropriate at this stage of the case and in light of the discovery that has occurred so far to impose limits on discovery," on October 20, 2021 the Court ordered Plaintiffs to identify their 30 highest priority RFPs from Sets 2-5 to pursue, thereby foregoing their ability to pursue the remaining RFPs from Sets 2-5. *See* Dkt. 349 at 2.  If Plaintiffs had more than 30 RFPs from Sets 2-5 that they wished to pursue, the Court provided Plaintiffs with the option of re-serving them as part of the 20 additional RFPs that were allowed by the Court's Order. *Id*. In issuing this Order, the Court specifically rejected the argument that Plaintiffs repeat here, that Plaintiffs should be permitted to pursue their thirty top-priority RFPs from Sets 2-5 and also pursue the other 89 RFPs from those Sets.  *See* Plaintiffs' Proposal at Dkt. 331, 3-4.  The Court issued a similar Order in *Brown*, which the *Brown* Plaintiffs abided by, identifying and pursuing their | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | priority RFPs and not continuing to pursue additional RFPs that they did not prioritize.<br><br>Throughout the meet and confers, Google has maintained its position that the Court's Order limiting discovery does not allow Plaintiffs to pursue so-called "non-prioritized RFPs." However, in an effort to resolve this dispute and avoid burdening the Court, Google offered to meet and confer with Plaintiffs. As part of that meet and confer process, Plaintiffs asked Google whether Google had specifically withheld any documents responsive to the "non-priority" RFPs if those documents had hit on any search terms that had been agreed upon by the parties or ordered by the Court. Google asked Plaintiffs to narrow the number of RFPs to a reasonable number so that Google could consider its position. Plaintiffs identified 17 RFPs on March 8, 2022.  Google immediately began working to determine whether documents responsive to those 17 RFPs would have been withheld had they hit on any of the search terms that Google has run.  On March 10, 2022, Google informed Plaintiffs that it produced documents responsive to the 17 RFPs they identified, to the extent the documents hit on search terms and were not privileged, | |

## EXHIBIT A

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | thereby satisfying the agreement that the parties since reached. | |
| | RFP 27: All documents relating to ██████████, as referenced in GOOG-CALH-00029143, for: <br><br> a. ████████████████ <br> █ ██████████ <br> ███████ | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request for Production No. 26, and incorporates its objections and response to that request. Google further objects to the request for "all documents" as overly broad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. <br><br> Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, relevant documents Google maintains in the ordinary course of business that relate to the use of sync apparently in the United States, to the extent that such documents exist, are within Google's possession, custody, or control, and can be located following a reasonable search. | Plaintiffs' Position: Same as RFP 26. <br><br> Google's Position: Same as RFP 26. | |
| | ████████████████ <br> ██████████████████ <br> ████████████████████ <br> ██████████████████ <br> ████████████ <br> ████████████ <br> ███████████████ <br> ██████████ <br> ██████████████████ <br> ████████████ | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request for Production No. 26, and incorporates its objections and response to that request. Google further objects to the request for "all documents" as overly broad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this request as vague and ambiguous as to the meaning of the phrase "report, track, or analyze any user action" because it does not clarify what "track" and "user action" mean in the context of this request. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. <br><br> Subject to and without waiving the foregoing objections, Google responds as follows:  Google will produce non-privileged, non-work product, relevant documents Google maintains in the ordinary course of business that relate to histograms a-s for Chrome instances apparently in the United States, to the extent that such documents exist, | Plaintiffs' Position: Same as RFP 26. <br><br> Google's Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | are within Google's possession, custody, or control, and can be located following a reasonable search. | | |
| | RFP 29: All studies on Chrome First Run Experiences or FREs, as referenced but not limited to GOOG-CALH-000355660, including all | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous because GOOG-CALH-000355660 does not exist. For purposes of responding to this request, Google assumes that Plaintiffs are referring to GOOG- | Plaintiffs' Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | documents relating to sync actions during FREs. | CALH-00035660. Google further objects to this request as overly broad and unduly burdensome because the term "studies" is not limited to formal studies and the request seeks "[a]ll studies on Chrome First Run Experiences," which may encompass documents that are not relevant and have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync. Google further objects to the request for "all documents relating to sync actions during FREs" as overly broad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows:  Google is willing to meet and confer with Plaintiffs to appropriately narrow the scope of this request. | Google's Position: Same as RFP 26. | |
| | RFP 65: All Documents relating to ████████ and a comparison between the information available to Users in ████████ versus the total Information Google collects about Users and their devices. | Google incorporates its General Objections as if set forth fully herein. Google further objects on the grounds that this request is compound. Google objects to this request as vague and ambiguous as to the meaning of "comparison," "total Information," and "their devices," none of which are self evident or defined. As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." Google also objects to this Request as unduly burdensome to the extent it seeks information that is in the possession, custody, or control of Plaintiffs in the Action or is available from public sources because ████████ a publicly available resource. Google also objects to this Request as unduly burdensome because as worded it would encompass all information contained in █████ for ██████ of users. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. Subject to and without waiving the foregoing objections, Google responds as follows: Google will not produce documents in response to this request. | Plaintiffs' Position: Same as RFP 26. Google's Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | RFP 74: All Documents relating to analysis of whether Google should cease its practice of collecting Information from Users who are not Synced. | Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrase "its practice of collecting Information from Users," to the extent that it means something other than Google's receipt of data as alleged in Plaintiffs' First Amended Complaint. Google also objects to the premise of the request because it collects and uses data from Users who have not enabled sync only insofar as that collection and use is consistent with Google's Terms of Use, Privacy Policy, and Chrome Privacy Notice, and therefore Google is not obligated to cease collecting and using such data. Google further objects to this request as overly broad and unduly burdensome because the request seeks "All Documents" related to an undefined "analysis." Google also objects to this Request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or common interest privilege or any other applicable privilege or immunity. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request. | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |
| | RFP 75: Documents relating to inquiries, requests, investigations, complaints or concerns received by Google from third parties, including Google partners, relating to Google's practice of collecting Information from Users who are not Synced. | Google incorporates its General Objections as if set forth fully herein. Google objects to this request as vague and ambiguous as to the meaning of the phrase "Google's practice of collecting Information from Users," to the extent that it means something other than Google's receipt of data as alleged in Plaintiffs' First Amended Complaint. Google further objects to this request as compound and overly broad and unduly burdensome because the request is not limited in scope but encompasses any "third parties." As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." This request is also duplicative of prior discovery requests, including RFP Nos. 1 and 2. Google objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks discovery neither relevant to the claims or defenses of any party nor proportional to the needs of the Action. Google also objects to this Request to the extent it seeks information protected by the attorney-client privilege, workproduct doctrine, or common interest privilege or any other applicable privilege | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | or immunity. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States.<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request. | | |
| | RFP 82: All Documents not produced in response to RFP #80 that describe or relate to Google's mapping, association, correlation, linking, connecting, or reading of:<br><br>a▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request for Production No. 26 and No. 80, and incorporates its objections and responses to that request. Google further objects to this request as vague and ambiguous as to "association, correlation, linking, connecting, or reading of" one identifier to another." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks "[a]ll documents" relating to "Google's mapping, association, correlation, linking, connecting, or reading of" in sub-requests (a) through (j). Google further objects to this request as compound due to the Plaintiffs attempt to mask ten (10) new RFPs as one. As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this request. | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |
| | RFP 85: Documents sufficient to describe Google's policies and practices relating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ referenced in the Berntsen Deposition from *Brown v.* | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request for Production Nos. 41, 42, and 45, and incorporates its objections and responses to that request. Google further objects to this request as vague and ambiguous as to "practices" and "whatever the" | Plaintiffs' Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | *Google* and GOOG-CALH-00030031, and GOOG-CALH-00053428, which explains that ▮ [REDACTED] | ▮ ." Google further objects to this request as vague and ambiguous as to a "graph" being "calculated." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents "sufficient to describe Google's policies and practices relating to Constellation or Constellations as referenced in the Berntsen Deposition from Brown v. Google and GOOG-CALH-00030031, and GOOG-CALH-00053428" and a host of other omnibus requests as drafted in Plaintiffs' RFP No. 85 (Set 4) at page 12, lines 2-9. As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this request | Google's Position: Same as RFP 26. | |
| | RFP 90: Documents sufficient to explain the creation, purpose, use, and functioning of the information stored locally in Chrome browsers at ▮ [REDACTED], an example of which is attached as Exhibit A to these requests. Documents requested include:<br>a. How, where, why, when, and who or what services have access to data and information stored at chrome://sync-internals that is transmitted and shared between Chrome and Google;<br>b. How, where, why, when, and who or what services have access to the Client Version, Sync Client ID, | Google incorporates its General Objections as if set forth fully herein. Google further objects   to this request as vague and ambiguous as to "functioning of the information stored locally." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents "sufficient to explain the creation, purpose, use, and functioning of the information stored locally in Chrome browsers at ▮ [REDACTED], an example of which is attached as Exhibit A" with regard to sub-requests (a) through (d), including "[h]ow, where, why, when, and who or what services," etc. Google further objects to this request as compound due to the Plaintiffs attempt to mask four (4) new RFPs as one. As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | Invalidator Client ID, Username, and Nigori identifiers (see Ex. A at page 11) stored in ▮▮▮▮▮▮▮▮▮ and how such identifiers are created, accessed, transmitted, used, stored, and linked to other information at Google;<br><br>c. Where, why, for how long, and what information is transmitted or uploaded from Chrome at ▮▮▮▮▮▮▮▮ to Google;<br><br>d. How, where, why, when, what, and who or what services have access to data and information transmitted to Google as shown in the ▮▮▮▮ ▮▮▮▮▮▮▮▮ at page 4 of Exhibit A when a user's "sync feature enabled" status is listed as "false," including the types of transmissions listed in the attached exemplar ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ and any other type of transmission that occurs between Chrome and Google that relates to the sync protocol. | of the information sought, and to appropriately narrow the scope of this request. | | |
| | RFP 91: Documents sufficient to explain the creation, purpose, use, and functioning of the information stored locally in Chrome browsers at ▮▮▮▮▮▮▮▮▮▮, examples of which are attached as Exhibit B to these requests. Documents requested include explanations of how:<br><br>a. How data and information stored at ▮▮▮▮▮▮▮▮ is transmitted and shared between Chrome and Google, including at the "services" listed in Exhibit B | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request to the extent it is duplicative of Request for Production No. 90, and incorporates its objections and responses to that request. Google further objects to this request as vague and ambiguous as to "functioning of the information stored locally." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents "sufficient to explain the creation, purpose, use, and functioning of the information stored locally in Chrome browsers at ▮▮▮▮▮▮▮▮ examples of which are attached as Exhibit B" with regard to sub-requests (a) through (e), including "[h]ow, why, and what data and information is transmitted," etc. Google further objects to this request as compound due to the Plaintiffs attempt to mask five (5) new RFPs as one. As worded, this request is | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | ▉▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉▉<br>▉▉▉▉▉▉▉▉▉▉<br>▉▉▉▉▉<br><br>b. Exactly what data and information is transmitted and shared between Chrome and Google relating to the "services" listed in Exhibits B at the domains listed in Exhibits B;<br><br>c. Where data and information transmitted and shared between Chrome and Google relating to the "services" listed in Exhibits B at the domains listed in Exhibits B are stored, for how long, and all fields of data or information that is stored associated with data and information from ▉▉▉▉▉▉▉▉▉▉;<br><br>d. How the "Signin Status" of "Signed In, Not Consented for Sync," "Not Signed In," or "Signed In, Consented for Sync" is transmitted and shared | not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this request | | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | between Chrome and Google, including where, for how long, and with what it is associated at Google; e. How, why, and what data and information is transmitted between Chrome and Google at the "sync" service via ████████ when a user's "Signin Status" is "Signed In, Not Consented for Sync," "Not Signed In" or "Signed In, Consented for Sync." For all such data, documents sufficient to identify where each category or field of data is stored at Google, how long it is stored, how and by whom it may be accessed, and whether and how it is mapped to Gaia, Biscotti, Zwieback, device, or other identifiers. | | | |
| | ██████████ | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to "certain logs," "annotation or other mark," and "subsequent logs." Google further objects to this request as compound, overly broad, and unduly burdensome because the request is not limited in scope and seeks documents "sufficient to explain" the information requested in the omnibus list of 25 sub-requests (a) through (f) (including sub-subrequests (a)-(s)), each of which is in itself compound, vague, ambiguous, overly broad, and unduly burdensome. For example, Google objects to this request as vague and ambiguous as to the notion that "writer's write...information" to "logs" and "subsequent logs." (emphasis added). Google further objects to this request as compound due to the Plaintiffs attempt to mask approximately 25 new RFPs as one. As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this request. | <u>Plaintiffs' Position</u>: Same as RFP 26.<br><br><u>Google's Position</u>: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|-----|---------------------|-------------------|--------------------------------|---------------|
| | ███████████ | | | |
| | RFP 104: All Documents relating to ████████ as testified by Google at Monsees Depo. 430:12-20. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks "[a]ll [d]ocuments relating ████████." As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this request. | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | RFP 105: All Documents relating to Google storage of user actions to unsync as testified by Google. Monsees Depo. 402:19—403:6. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks "[a]ll [d]ocuments relating to...storage of user actions to unsync." As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, relevant documents sufficient to show Google's storage of user actions to sync responsive to this Request to the extent such documents exist, are within Google's possession, custody or control, and can be located following a reasonable search. | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |
| | RFP 106: All Documents relating to Google storage of user actions to sync as testified by Google at Monsees Depo. 402:2-10. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks "[a]ll [d]ocuments relating to...storage of user actions to sync." As worded, this request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any<br><br>likely benefit. Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, relevant documents sufficient to show Google's storage of user actions to sync responsive to this Request to the extent such documents exist, are within Google's possession, custody or control, and can be located following a reasonable search. | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |
| | RFP 136: All Documents related to (1) the amount of compensation Google offered Users who signed up for ▮▮▮▮▮▮ or any other program through which Google offered to compensate users for ▮▮▮▮▮▮ ▮▮▮▮▮▮ As used in this Request, "compensation" includes cash compensation or cash equivalents including gift cards or credits that can be used for the | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound and multiple Requests masked as one. Google further objects to this Request as unintelligible, overly broad, and unduly burdensome because the Request is based on a hypothetical "ability" and not limited in scope and seeks "all documents related to," compensation "offered [to] Users who signed up for Google ▮▮▮▮▮▮▮▮▮▮ or any other program," "on any device used to exchange electronic communications, including web browsing history." (emphasis added). Google further objects to this Request as unintelligible, overly broad, and unduly burdensome because the Request is not limited in scope and seeks "all documents related to," "what a User was required to do...for the various levels…" (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Moreover, this Request is not limited in scope to users browsing | Plaintiffs' Position: ▮▮▮▮▮▮ are relevant measures of damages, as proposed by Plaintiff's expert. Thus far, Google has produced only a small set of documents. The production of additional documents is being negotiated as part of revenue disputes 1.24, 1.25, and 1.26. Plaintiffs propose that those negotiations continue and extend to this RFP.<br><br>Google's Position: Google has fully satisfied its obligations to | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | purchase of goods or services; and (2) what a User was required to do to qualify for the various levels of compensation offered. | Chrome in an unsynced state. Google further objects to this Request as vague and ambiguous as to " ███████████████████ which are neither self-evident nor defined. Google also objects to this Request as duplicative because the information sought is encompassed by Request No. 115, which seeks "[a]ll Documents relating to Google's assessment of the monetary and/or retail value of Users' Information to Users …including analyses for providing compensation to Users for their Content and Information, including but not limited to Users compensated in connection with Google ' ████████████████ ' or any Google offer to compensate users for data collection and/or use." Google incorporates by reference each of its specific objections to that Request. Subject to and without waiving the foregoing objections, Google responds as follows:<br><br>Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this Request. | produce documents responsive to this request. Google made productions on March 4 and March 11, 2022 that included: 1) documents describing the ███████ 2) documents that show the incentives provided to participating panelists in each program, and 3) Google's agreements with third-party companies related to those programs. | |
| | RFP 137: Documents sufficient to explain the Chrome sync process on Android, Chromebook, and any other Google branded devices or other devices that incorporate the Android or Chrome OS and on which Chrome may be present. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound, overly broad, and unduly burdensome because the Request is not limited in scope and seeks "documents sufficient to explain…sync process on Android, Chromebook, and *any other* Google branded devices *or other* devices that incorporate the Android *or* Chrome OS *and* on which Chrome *may* be present." (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request as vague and ambiguous as to "sync process," "any other Google branded device," "other devices," "incorporate," and "may be present," which are neither self-evident nor defined and make this Request essentially limitless in scope. To the extent this Request seeks information on how users sync on various devices or what syncing does, the information is publicly available and can be found online in Help Center articles.  Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this Request. | Plaintiffs' Position: Same as RFP 26.<br><br>Google's Position: Same as RFP 26. | |
| | RFP 138: Documents sufficient to identify and explain all devices in which Sync is automatically enabled | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as compound, overly broad, and unduly burdensome because the Request is not limited in scope and | Plaintiffs' Position: Same as RFP 26. | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | for Chrome when a user signs-in to a Google Account, regardless of any specific action relating to Sync. | seeks "documents sufficient to identify *and* explain *all* devices" and "regardless of *any* specific action…" (emphasis added). As worded, this Request is improper and not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. Google further objects to this Request as vague and ambiguous as to "all devices," automatically enabled," and "any specific action," which are neither self-evident nor defined. Google objects to this Request because it incorrectly assumes Chrome's Sync feature is automatically enabled when a user signs-in to a Google Account. Subject to and without waiving the foregoing objections, Google responds as follows: Google is willing to meet and confer with Plaintiffs regarding exactly what information they seek, the relevance of the information sought, and to appropriately narrow the scope of this Request. | <u>Google's Position</u>: Same as RFP 26. | |
| | RFP 149: Code, data, and documentation about any "anonymization", pseudonymization", "encryption" or other such techniques to process GAIA, Biscotti, Zwieback, and Google Analytics identifiers. | Google incorporates its General Objections as if set forth fully herein. Google further objects to this Request as vague and ambiguous because it is unclear to what "other such techniques" refers. Google objects to the terms "code," and "data" as vague and ambiguous because they are neither self-evident nor defined in the context of this Request. To the extent this request seeks non-public source code, Google further objects because the production of non-public, proprietary source code is unwarranted. Dkt. 377 ("[T]he Court finds that the Special Master's factual conclusions regarding the overbreadth of the Plaintiffs' requests for access to nonpublic source code . . . [is] well taken and adopts those findings . . . Plaintiffs have not demonstrated the requisite factual basis of necessity . . ."). Google further objects to this Request as compound, overly broad, and unduly burdensome because the Request seeks "code, data, and documentation about *any*…techniques to process GAIA, Biscotti, Zwieback, *and* Google Analytics identifiers." (emphasis added).<br><br>Subject to and without waiving the foregoing objections, Google responds as follows: Google has already produced non-privileged documents responsive to this Request, including but not limited to: GOOG-CABR-00891629, GOOG-CALH-00027415, GOOG-CALH-00027152, GOOG-CALH-00027149, GOOG-CALH-00027154, GOOG-CALH-00027162, GOOG-CALH-00027762, GOOG-CALH-00027768, GOOG-CALH-00027772, GOOG-CALH-00027774, GOOG-CABR-04400013, GOOG-CABR-05140421, GOOG-CABR-05140423, GOOG-CABR-05140427, GOOG-CABR-05140434, GOOG-CABR-05140437, GOOG-CABR-05140443, GOOG-CABR-05296460. | <u>Plaintiffs' Position</u>: Plaintiffs recently learned in early March 2022, that zwieback cookies contain ████████████████ ████████████████ ████████████████ ██████████ One such resident property is ████ ████████████████ ████████████████ ██████████<br><br>Plaintiffs' have requested production of documents sufficient to explain and identify resident properties.<br><br><u>Google's Response</u>: Google has already produced more than 6.8 documents in this case, including documents responsive to this request as specified in Google's objections and responses. Plaintiffs' belated request above is plainly outside the scope of RFP 149, and is based solely on their hunch that there "may be one" | |

**EXHIBIT A**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | related to the Chrome sync function. This belated request, well past the March 4 discovery deadline, should be denied. | |