# EXHIBIT B
## Redacted Version of
## Document Sought to be Sealed

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| 1.32 | ROG 13: Identify all Google Accountholders, by email, phone number, or other Google account identifier, from whom Google received Personal Information (as alleged in the Amended Complaint) from their Chrome browser application while it was operating in an un-synced state. | Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this Interrogatory as vague and ambiguous as to the meaning of the undefined phrase "Personal Information (as alleged in the Amended Complaint)." Google will assume for the purposes of its response that the phrase "Personal Information (as alleged in the Amended Complaint)" refers to (i) "IP addresses linked to user agent," (ii) "Session and Persistent cookie identifiers," (iii) "X-client-data headers," and (iv) "Browsing history and information regarding a consumer's interaction with an Internet website." Dkt. 162-3 (First Amended Complaint) ¶ 52. Google further objects to this request because it seeks highly sensitive and personal information regarding the identities of all absent class members that is not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Google further objects to this request because it calls for production of information regarding authenticated users who have not consented to the disclosure of their account information. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. Google further objects to this request as overly broad and unduly burdensome because it seeks information that exceeds the scope of Google's preservation obligations established by the Court in this action.<br><br>Subject to and without waiving the foregoing objections, Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request. | <u>Plaintiffs' Position</u>: This RFP falls under an umbrella category of "identification of class members." Despite the fact that Google challenges class certification on this ground, it refuses to produce discovery that would enable identification of class members. To resolve these disputes, Plaintiffs proposed the following two-step compromise:<br><br>*Step 1.* Google provides ▮▮▮▮ Dashboard in different browsers states for: signed in not consented to Sync; Basic Browser; and Guest, across the entire class period. Plaintiffs note that a similar order was reached in *Brown*.<br>*Step 2.* Identify everyone from whom Google has received a:<br>a. Signed In But Not Synced Signal<br>b. Disable Sync Signal<br>c. Zwieback users<br>d. Biscotti Users who do not have WAA-off<br><br>Plaintiffs' received Google's response to this proposal for the first time at 10:21PM PT on the date this discovery chart was due. Plaintiffs are currently considering the proposal and request time at the March 15 hearing to discuss as needed.<br><u>Google's Position</u>: Google objects to Plaintiffs' proposal on the basis that it seeks information that is not sought by this interrogatory, and is | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | in fact an entirely new set of requests. Nonetheless, in the interest of compromise, Google agrees to the following: ████████████████████████████████████████████████████████████████████████████████████████ | |
| 1.32 | ROG 14: Identify all Google Accountholders who have never synced any device in any of their Google Accounts. | Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this Interrogatory as vague and ambiguous as to the undefined phrase "who have never synced any device in any of their Google Accounts." Google further objects to this request because it seeks highly sensitive and personal information regarding the identities of all absent class members that is not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Google further objects to this request because it calls for production of information regarding authenticated users who have not consented to the disclosure of their account information. Google further objects to this request as duplicative of other discovery requests, including Interrogatory No. 13. Google objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. Google further objects to this request | Plaintiffs' Position: This ROG falls under an umbrella category of "identification of class members." Plaintiffs' proposed compromise is identified above to ROG No. 13.<br><br>Google's Position:     Google incorporates its position on Interrogatory No. 13 above. | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | as overly broad and unduly burdensome because it seeks information that exceeds the scope of Google's preservation obligations established by the Court in this action and is not limited in scope. Subject to and without waiving the foregoing objections, Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request | | |
| 1.32 | ROG 15: Identify all Google Accountholders who have at least one device Google has associated with them that has never been synced. | Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this Interrogatory as vague and ambiguous as to the undefined phrase "who have at least one device Google has associated with them." Google further objects to this request because it seeks highly sensitive and personal information regarding the identities of all absent class members that is not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Google further objects to this request because it calls for production of information regarding authenticated users who have not consented to the disclosure of their account information. Google further objects to this request as duplicative of other discovery requests, including Interrogatory No. 13. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. Google further objects to this request as overly broad and unduly burdensome because it seeks information that exceeds the scope of Google's preservation obligations established by the Court in this action and is not limited in scope. Subject to and without waiving the foregoing objections, Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request. | Plaintiffs' Position: This ROG falls under an umbrella category of "identification of class members." Plaintiffs' proposed compromise is identified above to ROG N0. 13.<br><br>Google's Position: Google incorporates its position on Interrogatory No. 13 above. | |
| 1.32 | ROG 16: Identify all Instances of Chrome from which Google received and stored Zwieback keyed data. | Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this Interrogatory as vague and ambiguous as to the undefined phrase "from which Google received and stored Zwieback keyed data." Google objects to this request as overly broad and unduly burdensome, ███████████████████████, in the ordinary course of business. To respond to this request, Google would have to join data—not designed to be joined—for ████████████ of browser instances. Google further objects to this request because it seeks highly sensitive and | Plaintiffs' Position: This ROG falls under an umbrella category of "identification of class members." Plaintiffs' proposed compromise is identified above to ROG No. 13.<br><br>Google's Position: Google incorporates its position on Interrogatory No. 1 above. Further, Google objected to this request on | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | personal information regarding the identities of all absent class members that is not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Google further objects to this request because it calls for production of information regarding authenticated users who have not consented to the disclosure of their account information and violates Google's anti-fingerprinting policies. Google further objects to this request as seeking irrelevant information because it is not limited to users who had not enabled the "sync" function on the Chrome browser. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. Google further objects to this request as overly broad and unduly burdensome because it seeks information that exceeds the scope of Google's preservation obligations established by the Court in this action and is not limited in scope. Google further objects to this request as seeking irrelevant information because Zwieback is not used by Display Ads or Analytics to "track" users.<br>For these reasons, Google will not provide a response to this Interrogatory. | September 7, 2021, including because ███████████ ███████████ ████████ in the ordinary course of business. To respond to this request, Google would have to join data—not designed to be joined—for ████████ of browser instances." Plaintiffs have not responded to this objection, but instead simply lumped the request in with others for its proposal. But this request does not seek the identification of any Chrome Users. | |
| 1.32 | ROG 17: Identify all Instances of Chrome from which Google received and stored Biscotti keyed data. | Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this Interrogatory as vague and ambiguous as to the undefined phrase "from which Google received and stored Biscotti keyed data." Google objects to this request as overly broad and unduly burdensome. Google does not maintain information joining instances of Chrome ████████ ████████, in the ordinary course of business. To respond to this request, Google would have to join data—not designed to be joined—for ████████ of browser instances. Google further objects to this request because it seeks highly sensitive and personal information regarding the identities of all absent class members that is not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Google further objects to this request | Plaintiffs' Position: This ROG falls under an umbrella category of "identification of class members." Plaintiffs' proposed compromise is identified above to ROG No. 13.<br><br>Google's Position: Google incorporates its position on Interrogatory No. 13 above. Further, Google objected to this request on September 7, 2021 including because "████████ ████████ ████████ ███ ██ ████████ in the ordinary course of business. To respond to this request, Google would have to join data—not | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | because it calls for production of information regarding authenticated users who have not consented to the disclosure of their account information and violates Google's anti-fingerprinting policies. Google further objects to this request as seeking irrelevant information because it is not limited to users who had not enabled the "sync" function on the Chrome browser. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. Google further objects to this request as overly broad and unduly burdensome because it seeks information that exceeds the scope of Google's preservation obligations established by the Court in this action and is not limited in scope.<br>For these reasons, Google will not provide a response to this Interrogatory. | designed    to    be    joined—for ▮▮▮▮▮▮▮▮▮▮▮    of    browser instances."    Plaintiffs    have    not responded to this objection, but rather simply lump the request in with others for its proposal.  But this request does not seek the identification of any Chrome Users. | |
| 1.32 | ROG 18: Identify all Google Accountholders who have clicked to unsync any of their devices or accounts. | Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this Interrogatory as vague and ambiguous as to the undefined phrase "clicked to unsync any of their devices or accounts." Google will assume for the purposes of its response that this phrase refers to users with Google accounts who after first having enabled the sync function on their browser then changed their account permissions to disable the Chrome browser's sync functionality. Google further objects to this request because it seeks highly sensitive and personal information regarding the identities of all absent class members that is not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539–40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc.v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Google further objects to this request because it calls for production of information regarding authenticated users who have not consented to the disclosure of their account information. Google further objects to this request as duplicative of other discovery requests, including Interrogatory No. 13. Google further objects to this request as seeking irrelevant information because it is not limited to Chrome users in the United States. Google further objects to this request as overly broad and unduly burdensome because it seeks information that exceeds the scope of Google's preservation obligations established by the Court in this action and is not limited in scope. | Plaintiffs' Position: This ROG falls under an umbrella category of "identification of class members." Plaintiffs' proposed compromise is identified above to ROG No. 13.<br><br>Google's    Position:    Google incorporates    its    position    on Interrogatory No. 13 above. | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|-----|---------------------|-------------------|--------------------------------|---------------|
| | | Subject to and without waiving the foregoing objections, Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request. | | |
| 1.32 | ROG 19: Identify all Chrome browser Instances by ██████████████ ████████████ for each such browser-instance, the number of days in which it was active in an unsynced state. | Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this Interrogatory as vague and ambiguous as to the undefined phrase ████████████████████████████████████████ Google will assume for the purposes of its response that this phrase refers to ████████████████████ Google further objects to this request because it seeks highly sensitive and personal information regarding the identities of all absent class members that is not relevant to establishing any party's claim or defense. *See In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539-40 (9th Cir. 2020) (holding that pursuant to the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53, 98 S. Ct. 2380, 2389–90 (1978), "seeking discovery of the name of a class member… is not relevant within the meaning of Rule 26(b)(1)], and it is even less relevant where no class has been certified"). Google further objects to this request because it calls for production of information regarding authenticated users who have not consented to the disclosure of their account information. Google further objects to this request as duplicative of other discovery requests, including Interrogatory No. 13. Google further objects to this request as overly broad and unduly burdensome because it seeks information that exceeds the scope of Google's preservation obligations established by the Court in this action and is not limited in scope.<br>Subject to and without waiving the foregoing objections, Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request. | <u>Plaintiffs' Position</u>: This ROG falls under an umbrella category of "identification of class members." Plaintiffs' proposed compromise is identified above to ROG No. 13.<br><br><u>Google's Position</u>:   Google incorporates its position on Interrogatory No. 13 above. | |
| 1.32 | ROG 21: Identify all sources of information from which Google has sufficient data to identify Users who are not Signed-In, whether such identification is possible because the data source (a) consists entirely of Users who were not Signed-In; (b) includes a specific field identifying whether the User was signed-in; or (c) contains Users who were Signed-In and not Signed-In, but also contains fields from which Users who were | Google incorporates its General Objections as if set forth fully herein. Google specifically objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Interrogatory. For example, Google objects to Plaintiffs' use of the phrase "Users who are not Signed-In" which is undefined, vague and ambiguous, and requires a technical and precise definition. Google objects to Plaintiffs' use of the undefined phrase "potentially Signed-In" as vague, ambiguous, requiring a technical and precise definition, and inconsistent with Plaintiffs' purported definition of "Signed-In". Google further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks information related to "all sources of | <u>Plaintiffs' Position</u>:   Google answered this interrogatory using a definition of "identify" as meaning name, address, phone number, email, and place of employment. Plaintiffs explained that "identify" as used in this interrogatory intended to mean to recognize the user's Gaia, Biscotti, Zwieback, or other identifier as has been discussed throughout the case – and requested that Google answer the interrogatory with such an | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | potentially Signed-In can be identified and excluded. | information," which is undefined, vague, ambiguous, and potentially encompassing information irrelevant to this case.<br><br>Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:<br><br>Google is not aware of any sources of information from which Google has sufficient data to establish a (i) person's full name, (ii) present or last known address, (iii) phone number, (iv) email address, and the (v) present or last known place of employment, of Users who are not signed-in. | understanding. Google has refused, without providing an explanation. Plaintiffs request the Court to order Google to answer the interrogatory with "identify" to mean recognition of the user's Gaia, Biscotti, Zwieback, or other device identifier.<br><br>Google's Position: Notably, Google responded to the interrogatory with the definition of "identify" Plaintiffs provided in the interrogatories they served. Nonetheless, Google agrees to amend its response to the Interrogatory to use the definition of "identify" provided in Plaintiffs' February 25, 2022 correspondence, rather than the definition of "identify" in Plaintiffs' original requests, which Plaintiffs have since indicated was an error. | |
| 1.32 | ROG 22: For each such source identified in Interrogatory No. 21 above, identify the retention periods and the specific data fields that can be used to isolate Users who were not Signed-In. As an example, Google has maintained that ███████ ███████████████████ ██████████████ includes ████████████████████ Our understanding is that Google's systems are ██████████████████ ████████ As a result, the potential Signed-In Users can ██████████ | Google incorporates its General Objections and its Specific Objections to Interrogatory No. 21 as if set forth fully herein. Additionally, Google objects to Plaintiffs' use of the undefined terms "retention periods" and "specific data fields" as vague, ambiguous, and requiring a technical and precise definition. Google also objects to Plaintiffs' use of the undefined phrase "used to isolate Users who were not Signed-In" as vague, ambiguous, and requiring a technical and precise definition, and it is unclear what "data fields" are sufficient to "isolate Users." Google objects to the Interrogatory's use of narrative to attribute views to Google without any citation to the record, such as the Interrogatory's statement that "Google has maintained that Biscotti-keyed data ███████ ████████████████████████████████" Google objects and does not adopt the Interrogatory's use of other narrative to reflect "Our [*i.e.* Plaintiffs'] understanding," including the following statements:<br>● "Biscotti-keyed data also includes ███████████████ ██████████████████ | Plaintiffs' Position: Same as ROG 21, above.<br><br>Google's Position: Notably, Google responded to the interrogatory with the definition of "identify" Plaintiffs provided in the interrogatories they served. Nonetheless, Google agrees to amend its response to the Interrogatory to use the definition of "identify" provided in Plaintiffs' February 25, 2022 correspondence, rather than the definition of "identify" in Plaintiffs' original requests, which Plaintiffs have since indicated was an error. | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | ███████████████ | ● "Our understanding is that Google's systems are ████████ <br><br>● "As a result, ████████████████ <br><br>Subject to the foregoing general and specific objections, and based on its investigation to date, Google incorporates by reference its response to Interrogatory No. 21. | | |
| 1.32 | ROG 23: State the percentage of Google Accountholders who are "always Synced" when using the Chrome browser. As used in this Interrogatory, "always Synced" means that the ███████████████████████████████████. | Google incorporates its General Objections as if set forth fully herein. Google specifically objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Interrogatory. Google objects to the Interrogatory's attempt to define "always Synced" in the text of the Interrogatory, as it circularly relies on the term it attempts to define, "Synced." Further, the term "Synced" is undefined, vague, and ambiguous, and not logically included in Plaintiffs' definition of "Sync," which Plaintiffs generically state "refers to the Sync feature available on Chrome Browsers" and does not describe an action or User state relevant to how Plaintiffs use the term "Synced" in this Interrogatory. It is unclear whether "synced" in the context of this lawsuit only refers to users who (i)enabled the sync function for their Chrome browsing History or (ii) also includes users whoenabled the sync function for their Passwords but did not enable the sync function for their Chrome browsing History. Google further objects to the Interrogatory's use of the undefined phrase "Chrome browsers associated" with Google Accountholders, which is vague, ambiguous, and requires a technical or precise definition to alert Google of the connection Plaintiffs deem necessary for a browser to be "associated" with a Google Accountholder. Google also objects to Plaintiffs' definition of "Google Accountholder(s)" as vague and ambiguous and renders the Interrogatory impossible to answer because Plaintiffs seek percentages related to individuals, rather than Google accounts. <br>Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows: <br>Google does not maintain information showing ██████████████████████████████████████████████████████████ | Plaintiffs' Position: Plaintiffs agree to narrow this request to U.S. account holders. Google's response is deficient and incomplete. While Google claims that it is not capable of providing this information, Google in fact has tools, like ████████, that can be used to track account holders who 'sync' during their first run experience. This would provide a percentage of "always synced" account holders. Google has not responded to Plaintiffs' above explanation. <br><br>Google's Position: Because Google's ████████████████████████████████████████████████ | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | ████████████████████████████████████████████████████████████████████████████████████████████████████████████<br><br>Subject to and without waiving the foregoing objections, Google further responds that it is willing to meet and confer with Plaintiffs on the information sought through this Interrogatory. | ████████████████████████ | |
| 1.32 | ROG 24: For each month during the class period and for each type of device and manufacturer of device, state the percentage of Chrome traffic and users in the United States who were (1) synced; (2) signed in but not consented for sync; (3) basic browser mode; (4) guest mode; and (5) incognito; (6) WAA-off; (7) sWAA off; and (8) ██████ | Google incorporates its General Objections as if set forth fully herein. Google objects that the Interrogatory is overly broad and unduly burdensome because it requests Google calculate percentages for traffic and users, types of devices, and manufacturers, for eight separate categories of information for every month during the years-long purported class period. Further, Google objects that, despite Plaintiffs seeking statistics related to these categories, Plaintiffs have not defined any of the categories they seek information about, including "synced", "signed in but not consented for sync", "basic browser mode", "guest mode", "incognito", "WAA-off", "sWAA off", and ██████ Google objects that Plaintiffs' use of these categories is vague, ambiguous, and each requires a technical or precise definition, particularly given Plaintiffs are seeking technical "percentage[s] of Chrome traffic and users in the United States" related to each category. Google further objects to the Interrogatory's use of the term "Chrome traffic" as undefined, vague, ambiguous, and requiring a technical or precise definition because in its current form it is unclear what Chrome use constitutes "Chrome traffic." Google objects to the Interrogatory's use of the phrase "each type of device and manufacturer of device" as undefined, vague, ambiguous, and it is unclear what the categories "type of device" or "manufacturer of device" include.<br>Google further objects to this interrogatory as improperly compound because it purports to seek at least eight separate categories of technical statistics that constitute at least eight discrete subparts. Google further objects to this interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered interrogatory and Plaintiffs' inclusion of improperly compound interrogatories, such as the seventeen subparts in Interrogatory No. 30, Plaintiffs have exceeded the 53 interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory."). | <u>Plaintiffs' Position</u>: Plaintiffs disagree that this interrogatory counts as more than one. Response to this interrogatory can easily be queried through Google's ██████████████████████████████████████████████████████████████████████████████████████████████████████████ In identifying the browsing modes, Plaintiffs have not created discrete subparts, but rather have identified the search parameters sought for the ████████ dashboard. In addition, Plaintiffs have agreed to limit the "type of device and manufacturer" to an analysis of Google versus non-Google devices. Plaintiffs have further agreed to limit the timeframe to the existing retention period in ████████ In addition, in the interest of compromise, Plaintiffs | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | Subject to and without waiving the foregoing objections, Google responds that it is willing to meet and confer with Plaintiffs regarding the scope and discrete subparts contained in this Interrogatory. | have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.<br><br>Google's Position: Google incorporates its position on Interrogatory No. 30 herein. Plaintiffs' Fifth Set of Interrogatories exceed the Interrogatory cap established by the Court, and this Interrogatory in particular requests multiple discrete percentages that, if possible to gather, would require pulling information from multiple sources, making it multiple subparts for counting purposes per the Court's previous Order.  Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory.").<br><br>Although Google sought Plaintiffs' position on such limits and requested good cause arguments justifying expansion of those limits, Plaintiffs never provided **_any_** good cause, or acknowledged case law provided by Google that provides guidance as to how this interrogatory should be counted.<br><br>Google requests guidance from the Court regarding how to count Interrogatory Nos. 24-26 and 30 as a threshold issue for many other disputes in this chart. Google | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | believes the case law is clear that it has already agreed to respond to more than 53 interrogatories and Plaintiffs have put forward no good cause arguments for the Court's consideration. | |
| 1.32 | ROG 25: For all prior versions and throughout the Class Period, identify all changes or distinctions in source code between versions of the Chrome browser, Google Display Ads, Google Ads, Google Analytics, Google reCAPTCHA, Google Maps, Google Storage, Google APIs, and any other Google source code that commands the Chrome browser to send IP address, User-Agent information, X-client data headers, cookie information, or URLs to Google servers as alleged in the First Amended Complaint and described in the Report of Richard M. Smith that Google contends would alter the result that Chrome sends such information to Google servers as alleged in the Complaint and described in the Report of Richard M. Smith. | Google incorporates its General Objections as if set forth fully herein. Specifically, Google objects that this Interrogatory is overly broad and unduly burdensome. For example, it requests Google identify "all changes or distinctions" in source code for "all prior versions" from the years-long purported class period for eight named Google products and "any other Google source code" that "commands the Chrome browser to send particular information to Google servers. Many of these products have nothing to do with Plaintiffs' allegations and request information that is irrelevant and well beyond the scope of this lawsuit, such as "Google Maps," "Google reCAPTCHA," "Google Storage," and "Google APIs." Google further objects to the Interrogatory's use of the undefined terms "changes" and "distinctions" relating to source code as they are vague, ambiguous, and require technical and precise definition. Google further objects that the Interrogatory improperly and prematurely requests information that is the subject of ongoing expert discovery, including by requesting responses to allegations in the report of Plaintiffs' expert witness. Under the operative scheduling order, expert discovery does not conclude until June 30, 2022, and opening reports are not due until March 17, 2022. *See* Dkt.464; *see also* Fed. R. Civ. P. 33(a)(2) (explaining that a court may order that an "interrogatory need not be answered until designated discovery is complete"). Google further objects because the production of non-public, proprietary source code has already been deemed unwarranted in this case. Dkt. 377 ("[T]he Court finds that the Special Master's factual conclusions regarding the overbreadth of the Plaintiffs' requests for access to nonpublic source code . . . [is] well taken and adopts those findings . . . Plaintiffs have not demonstrated the requisite factual basis of necessity . . ."). Google further objects that the Interrogatory improperly seeks to shift the burden of proof regarding operation of the Chrome browser during the purported class period to Google when the burden rests squarely with Plaintiffs. Google further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. | <u>Plaintiffs' Position</u>: Google refuses to answer this interrogatory on the ground that it exceeds the interrogatory court. Plaintiffs disagree. Any reference to different products does not create a separate interrogatory as the identification of products is merely intended to narrow the inquiry of changes or distinctions in source code as compared to the Chrome browser. In the interest of compromise, Plaintiffs have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.

Moreover, Google raised a defense that other versions of the Chrome browser *might* act differently in a fundamental way that would impact whether personal information was sent from Chrome to Google when a user was not synced. Plaintiffs disagree and this interrogatory merely asks Google to identify any such example or examples that "would alter the result" that Chrome sends "personal information" (as defined in the Complaint) to Google for not synced users, as alleged in the Complaint and the Report of Richard M. Smith. | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | Google further objects to this interrogatory as improperly compound because it purports to seek separate and discrete sets of information regarding at least eight different Google products and services. Google further objects to this interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered Interrogatory and Plaintiffs' inclusion of improperly compound Interrogatories, such as the seventeen subparts in Interrogatory No. 30, Plaintiffs have exceeded the 53 Interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory."). For these reasons, Google will not provide a response to this Interrogatory. | Google's Position:   Google incorporates its position on Interrogatory Nos. 30 and 24 herein.  As with those requests, Plaintiffs have refused to negotiate on the number of subparts included in this request, which asks about at least eight separate Google products and services.  Google requests guidance from the Court regarding how to count Interrogatory Nos. 24-26 and 30 as a threshold issue for many other disputes in this chart.  Google believes the case law is clear that it has already agreed to respond to more than 53 interrogatories. | |
| 1.32 | ROG 26: Identify all Google Domains and Subdomains to which Chrome sends any Personal Information about Users who are not Synced or not currently present on a Google Property, and for each Google Domain or Subdomain, identify the Google Property with which the Domain or Subdomain is associated, the specific Data or Information that Chrome sends to the Domain or Subdomain, any and all Data or Information that the Google Property associates with the Domain or Subdomain, how the Data or Information sent and the Data or Information derived from it is used and monetized by Google, where such Data or Information and associated Data or Information is stored and for how long, and where such Data or Information is further processed at Google as a result of Chrome sending | Google incorporates its General Objections as if set forth fully herein. Google objects to the phrase "Google Domains … to which Chrome sends any Personal Information about Users" as vague and ambiguous. Google objects to the Interrogatory's request for "all Google Domains and Subdomains," "any and all Data or Information that the Google Property associates with the Domain or Subdomain," "how" the data is "sent" or "derived," and "where" the data is "stored" and "processed" as overly broad, unduly burdensome, and encompassing information irrelevant to this lawsuit. Google objects to Plaintiffs' use of the phrase "Users who are not Synced," which is undefined, vague and ambiguous, and requires a technical and precise definition. For example, Plaintiffs have not explained whether they include signed-in users within their phrase "Users who are not synced," which affects the types of information sent to Google. It is also unclear whether Plaintiffs' undefined phrase includes users who are not syncing Chrome browsing History, but are syncing Apps, Bookmarks, Extensions, Settings, Theme, Reading list, Open tabs, Passwords, Addresses and more, or Payment methods and addresses regarding Google Pay. It is also unclear whether Plaintiffs' undefined phrase includes users who have never synced, or only users who are "not synced" at a specific and unidentified time or with respect to particular devices. The term "Synced," although capitalized, is undefined and not logically included in Plaintiffs' definition of "Sync," which Plaintiffs generically state "refers to the | Plaintiffs' Position: Google refuses to answer this interrogatory on the ground that it exceeds the interrogatory court.  Plaintiffs disagree. Any subpart within this interrogatory is logically or factually subsumed within and necessarily related to the primary question of identifying all Google Domains and Subdomains to which Chrome sends any Personal Information about Users who are not synced and not currently present on a Google property. In the interest of compromise, Plaintiffs have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.<br><br>Moreover, this Interrogatory is only necessary because Google failed to meet its obligations to identify sources of Electronically Stored | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | it to the Domain or Subdomain in question. | Sync feature available on Chrome Browsers" and does not describe an action or user state relevant to how Plaintiffs use the term "Synced" in this Interrogatory. Google further objects to Plaintiffs' use of the undefined phrase "not currently present on a Google Property," which is vague, ambiguous, and requires a technical or precise definition that Plaintiffs have not attempted to provide or explain.<br>Google further objects to this interrogatory because Google third-party web services that receive the data at issue in this case are ██████████<br>Accordingly, the interrogatory is based on a false premise–*i.e.*, that Chrome sends information to Google web services that other browsers do not.<br>Google further objects that this interrogatory appears to be asking about every Google service that receives any data, which is an improper attempt to expand the scope of the case. *See* Dkt. 329 ("Simply put, each and every transmission, whether or not authorized, neither can nor should be the subject of discovery in this case.").<br>Google further objects to this interrogatory as improperly compound because it purports to seek separate and discrete sets of data and information regarding different Domains, Subdomains, and Google Properties. Google further objects to this interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered Interrogatory and Plaintiffs' inclusion of improperly compound interrogatories, such as the seventeen subparts in Interrogatory No. 30, Plaintiffs have exceeded the 53 interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory.").<br>Subject to and without waiving the foregoing objections: Google is willing to meet and confer with Plaintiffs regarding the information sought in this interrogatory. | Information and the relevant domains and services to which Chrome sends personal information of not synced users to Google.<br><br>Google's Position: Google incorporates its position on Interrogatory Nos. 30 and 24 herein.  As with those requests, Plaintiffs have refused to negotiate on the number of subparts included in this request, which asks about at least eight separate Google products and services. Google requests guidance from the Court regarding how to count Interrogatory Nos. 24-26 and 30 as a threshold issue for many other disputes in this chart.  Google believes the case law is clear that it has already agreed to respond to more than 53 interrogatories. | |
| 1.32 | ROG 27: Explain how Google uses Profile Information, including categories labeled "for Google internal use only." | Google incorporates its General Objections as if set forth fully herein. Specifically, Google objects that the Interrogatory is overly broad and unduly burdensome in that it requests "how Google uses Profile Information," without any purported limit to the products, services, or issues relevant to this lawsuit. Google further objects that the phrase "how Google uses Profile Information" is vague and ambiguous because, for example, it does not provide any instruction regarding the type of use Plaintiffs seek to have Google explain, and providing information on all uses would be overly broad and unduly burdensome. Google further objects to Plaintiffs' definition of "Profile Information" | Plaintiffs' Position: Google limited its answer to this interrogatory to only "██████" but did not provide any answers for other Profile information; for ██████████████████████████████████████ Plaintiffs have requested that Google supplement its response to articulate why such | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | as vague, ambiguous, overly broad, and unduly burdensome in that it purports to include "the Data and Information that Google collects about users" without limitation. Google further objects to Plaintiffs' quotation of the language "for Google internal use only" as a category of information included in the Interrogatory without providing citation or direction to Google regarding the source of the quoted information. Google further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. <br><br> Subject to and without waiving the foregoing objections, Google directs Plaintiffs to the January 7, 2022 deposition testimony of Deepak Ravichandran in this action. Google also incorporates its publicly available Help Center pages on this topic, including the page titled "About audience targeting," which can be accessed at https://support.google.com/google-ads/answer/2497941. <br><br> Supplemental Response: <br> Google incorporates its original response, General Objections, and specific objections as if set forth fully herein. <br> To support Google's products, including the display advertising business, Google has ████████████████████████████████████████████████████████████ GOOG-CALH-00061965. The categories in the ████████████████████████████████████████████████████████████ | supplement would not be necessary. Plaintiffs have not received a response. <br><br> Google's Position: Google's original response to this interrogatory addressed the use of profiles for audience targeting in advertising.  In response to Plaintiffs' correspondence on February 25 seeking a supplemental response to address the "for Google internal use only" categories, Google provided a supplemental response on March 4, 2022.  Because that supplemental response addressed the issue Plaintiffs raised, Google considered this to be a complete response to the interrogatory. Plaintiffs did not raise the additional and different issues presented in their present description of the dispute until providing their positions for this discovery chart. Further, Google has agreed to designate a 30(b)(6) witness on the topic of ████ ████████ so requiring Google to respond to supplement its interrogatory response is not necessary. | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | |  | | |
| 1.31 | ROG 30: Identify all documents supporting each of your affirmative defenses. | Google incorporates its General Objections as if set forth fully herein. Specifically, Google objects to Plaintiffs' definition of "identify" as overly broad and unduly burdensome, given Plaintiffs have expansively defined it as follows: "When referring to documents, 'to identify' means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document creation and, if applicable, transmittal (including dates of any drafts or copies, if applicable); (iv) source or location of where and how the document is stored; (v) custodian(s) of the document; and (vi) the author(s), addressee(s), and recipient(s) of the document." Google further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery. *See, e.g., Wahl v. Am. Sec. Ins. Co.*, 2009 WL 3463211, at *2 (N.D. Cal. Oct. 23, 2009) ("the exact documents and witnesses [defendant] intends to use for each affirmative defense reveals defense counsel's mental impressions, is work product and so is privileged") (quoting *Johnson v. Ocean Ships, Inc.*, 2006 WL 2166192, at *3 (W.D. Wash. July 31, 2006)). | <u>Plaintiffs' Position</u>: While Plaintiffs disagree with Google's position on the interrogatory count, to the extent that the Court is inclined to count this interrogatory as more than one, Plaintiffs respectfully submit that good cause exists for the expansion of the interrogatory limit. Following a meet and confer, Google supplemented its response to provide substantive answers but arbitrarily choose to respond with respect to only 10 of 17 affirmative defenses. Plaintiffs request that Google provide a response to the remaining 7 affirmative defenses. Google's unilateral decision to | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | Google further objects to this Interrogatory as improperly compound because it purports to seek the factual bases for at least seventeen affirmative defenses. *See* Dkt. 195 (Google's Answer to Plaintiffs' First Amended Complaint) at 42-47; *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *2 (S.D. Cal. Feb. 22, 2011) ("An interrogatory that seeks a response as to multiple affirmative defenses is counted as a separate interrogatory for each affirmative defense."). Google further objects to this Interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered Interrogatory and Plaintiffs' inclusion of improperly compound interrogatories, such as the eight subparts in Interrogatory No. 24, Plaintiffs have exceeded the 53 Interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory."). Google further objects to the Interrogatory to the extent it improperly asks Google to "identify all documents supporting" each of its affirmative defenses because such request is an overly broad and unduly burdensome contention Interrogatory. *See, e.g., Haggarty v. Wells Fargo Bank*, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) ("While contention interrogatories are permitted, they are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses."); *Bovarie*, 2011 WL 719206, at *1 ("seeking every fact that underlies every affirmative defense is unduly burdensome."). Subject to and without waiving the foregoing objections, Google responds that it is willing to meet and confer with Plaintiffs regarding the scope and discrete subparts contained in this Interrogatory. Supplemental Response: Google incorporates its original response, General Objections, and specific objections as if set forth fully herein. Google agrees to respond to this Interrogatory, subject to the above objections, as to the following affirmative defenses: First Affirmative Defense (Consent), Second Affirmative Defense (Statute of Limitations/Laches), Fourth Affirmative Defense (Unjust Enrichment), Fifth Affirmative Defense (Necessary Incident To Rendition Of Services), Eleventh Affirmative Defense (Waiver/Estoppel), Twelve Affirmative Defense (Contractual Defenses—No Damages), Thirteenth Affirmative Defense (Contractual Defenses—No Liability), Fourteenth Affirmative Defense (Mistake/Lack of Mutual Assent), Fifthteenth Affirmative Defense (Contractual Defenses—Lack of Consideration), | respond as to some affirmative defenses and not others is prejudicial to Plaintiffs' ability obtain discovery on these asserted affirmative defenses. In the interest of compromise, Plaintiffs have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.<br><br>Google's Position: As Plaintiffs note above, they have insisted Google respond to this interrogatory for all affirmative defenses and Google agrees to do so. However, the case law from this District is clear that interrogatories requesting a party identify all documents or facts for each of its affirmative defenses are counted as individual interrogatories and, as early as a February 9 meet and confer, Google has consistently explained this is its position. Google would be happy to provide those authorities to the Court during the March 14, 2022 hearing.<br><br>Despite repeated requests from Google—even after receiving the aforementioned authorities—Plaintiffs have provided no authority to the contrary supporting their position that this is a single interrogatory and have provided no good cause arguments for expanding the interrogatory limits. | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | and Seventeenth Affirmative Defense (CIPA, Cal. Penal Code §§ 631, 632, et seq—Consent). Google identifies the following documents: GOOG-CALH-00027555-66 GOOG-CALH-00050692-704 GOOG-CALH-00052089-91 GOOG-CALH-00050673-74 GOOG-CALH_00050690-91 GOOG-CALH-00050706-08 GOOG-CALH-00027550 GOOG-CALH000052097-98 GOOG-CALH-00027547-48 GOOG-CALH-00050678-79 GOOG-CALH-00050814 GOOG-CALH-00050678 GOOG-CALH000050663-64 GOOG-CALH-00651650-51 GOOG-CALH-00027568-98 GOOG-CALH-00027599-681 GOOG-CALH-00027718 GOOG-CALH-00027719 GOOG-CALH-00027803-20 GOOG-CALH-00492268-788 GOOG-CALH-00492789-830 GOOG-CALH-00648522-650720 GOOG-CALH-00650721-651603 GOOG-CALH-00651656-984 GOOG-CALH-00651985-652192 GOOG-CALH-00047655 GOOG-CALH-00047654 GOOG-CALH-00047658 GOOG-CALH-00047657 GOOG-CALH-00047701 GOOG-CALH-00047700 GOOG-CALH-00047664 GOOG-CALH-00047650 GOOG-CALH-00047661 GOOG-CALH-00047663 GOOG-CALH-00047649 GOOG-CALH-00047660 GOOG-CALH-00047686 GOOG-CALH-00047698 | Google requests guidance on how the parties should count this Interrogatory, as it alone puts Plaintiffs over the interrogatory limit and is a threshold issue for numerous other disputes in this chart. Google believes the case law is clear that it has already agreed to respond to more than 53 interrogatories. | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | GOOG-CALH-00047685 | | |
| | | GOOG-CALH-00047697 | | |
| | | GOOG-CALH-00047643 | | |
| | | GOOG-CALH-00047642 | | |
| | | GOOG-CALH-00047634 | | |
| | | GOOG-CALH-00047633 | | |
| | | GOOG-CALH-00651654 | | |
| | | GOOG-CALH-00651653 | | |
| | | GOOG-CALH-00592132-280 | | |
| | | GOOG-CALH-00652283 | | |
| | | GOOG-CALH-00652284-85 | | |
| | | GOOG-CALH-00660110-16 | | |
| | | GOOG-CALH-00021633 | | |
| | | GOOG-CABR-00000661-2030 | | |
| | | GOOG-CABR-00002031-2158 | | |
| | | GOOG-CABR-00002199-2248 | | |
| | | GOOG-CABR-00002291-2362 | | |
| | | GOOG-CABR-00054504-51 | | |
| | | GOOG-CABR-00002363-2716 | | |
| | | GOOG-CABR-00004824 | | |
| | | GOOG-CABR-00024684 - 4687 | | |
| | | GOOG-CABR-00025259 - 5260 | | |
| | | GOOG-CABR-00075521 | | |
| | | GOOG-CABR-00007815 - 7818 | | |
| | | GOOG-CABR-00004459 - 4460 | | |
| | | GOOG-CABR-00894408 - 4415 | | |
| | | GOOG-CABR-00004757 - 4759 | | |
| | | GOOG-CABR-00090906 | | |
| | | GOOG-CABR-00024989 | | |
| | | GOOG-CABR-00051336 | | |
| | | GOOG-CABR-00073998 - 4002 | | |
| | | GOOG-CABR-00055916 – 5941 | | |
| | | GOOG-CABR-00005790 - 5791 | | |
| | | GOOG-CABR-00894248-415 | | |
| | | GOOG-CABR-04067822-80 | | |
| | | GOOG-CABR-04663985-4057 | | |
| | | GOOG-CABR-04665130-842 | | |
| | | GOOG-CABR-04981575-80 | | |
| | | GOOG-CABR-05325218-48 | | |
| | | GOOG-CABR-05385582 | | |
| | | GOOG-CABR-05424600-4 | | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | GOOG-CABR-05424608<br>GOOG-CABR-05424610-11<br>GOOG-CABR-05424626<br>GOOG-CABR-05424629<br>GOOG-CABR-05435659-61<br>GOOG-CABR-04762386-97<br>GOOG-CABR-04833969-235<br>GOOG-CABR-04762398-561<br>GOOG-CABR-00039236-49705<br>GOOG-CABR-00059891-63426<br>GOOG-CABR-00063792-66638<br>GOOG-CABR-00042736<br>GOOG-CABR-00041114<br>GOOG-CABR-00061480<br>GOOG-CABR-05373568<br>GOOG-CABR-00049430<br>GOOG-CABR-00061401<br>GOOG-CABR-00060995<br>GOOG-CABR-00060542<br>GOOG-CABR-00061468<br>GOOG-CABR-00061135<br>GOOG-CABR-00059917<br>GOOG-CABR-00040356<br>GOOG-CABR-00040994<br>GOOG-CABR-05877895-98<br>GOOG-CABR-05876958-67<br>GOOG-CABR-05877056-220<br>GOOG-CABR-05877244-324<br>GOOG-CABR-05877336-402<br>GOOG-CABR-05877407-92<br>GOOG-CABR-05877497-510<br>GOOG-CABR-05877515-45<br>GOOG-CABR-05877550-66<br>GOOG-CABR-05877568-676<br>GOOG-CABR-05877678-812<br>GOOG-CABR-05877825-64<br>GOOG-CABR-05877879-94<br>GOOG-CABR-05877899-975<br>GOOG-CABR-05876968-69<br>GOOG-CABR-05877547-49<br>GOOG-CABR-05876970-055 | | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | GOOG-CABR-05877221-43<br>GOOG-CABR-05877325-35<br>GOOG-CABR-05877511-14<br>GOOG-CABR-05877813-24<br>PLAINTIFFS00027760-61<br>PLAINTIFFS00027796-98<br>PLAINTIFFS00027816-18<br>PLAINTIFFS00027832-39<br>PLAINTIFFS00027895-96<br>PLAINTIFFS00028213-14<br>PLAINTIFFS00028239-41<br>PLAINTIFFS00028309-15<br>PLAINTIFFS00028816-17<br>PLAINTIFFS00029079-85<br>PLAINTIFFS00029135-36<br>PLAINTIFFS00029145-53<br>PLAINTIFFS00029185-87<br>PLAINTIFFS00034252-53<br>PLAINTIFFS00029263-65<br>PLAINTIFFS00029274-76<br>Plaintiffs' discovery responses | | |
| 1.32 | ROG 31: Identify all logs and domains which contain data sufficient to identify Users who are not synced. | Google incorporates its General Objections as if set forth fully herein. Google specifically objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Interrogatory. For example, Google objects to Plaintiffs' use of the phrase "Users who are not synced," which is undefined, vague and ambiguous, and requires a technical and precise definition. Plaintiffs have not explained whether they include signed-in users within their phrase "Users who are not synced," which affects the types of information sent to Google, and it is also unclear whether Plaintiffs seek logs and domains with information to identity users who have never synced, or only users who are "not synced" at a specific and unidentified time or with respect to particular devices. The term "synced" is undefined and not logically included in Plaintiffs' definition of "Sync," which Plaintiffs generically state "refers to the Sync feature available on Chrome Browsers" and does not describe an action or user state relevant to how Plaintiffs use the term "synced" in this Interrogatory. Google further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks information related to "all logs and domains," which this Court has previously rejected and is not proportional to the | Plaintiffs' Position: Same as ROG 21, above.<br><br>Google's Position: Notably, Google responded to the interrogatory with the definition of "identify" Plaintiffs provided in the interrogatories they served. Nonetheless, Google agrees to amend its response to the Interrogatory to use the definition of "identify" provided in Plaintiffs' February 25, 2022 correspondence, rather than the definition of "identify" in Plaintiffs' original requests, which Plaintiffs have since indicated was an error. | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | needs of this case. Google further objects to this Interrogatory as overly broad and unduly burdensome, as it is not time limited. Google further objects that this Interrogatory improperly seeks discovery that the Court has placed in the purview of the Special Master.<br>Subject to and without waiving the foregoing objections, Google responds that it is unaware of any logs with data sufficient to identify Users—who are not synced—by the (i) person's full name, (ii) present or last known address, (iii) phone number, (iv) email address, and the (v) present or last known place of employment. | | |
| 1.32 | ROG 33: Identify all Signals recorded by Google that reflect whether Users are not synced, and for each such Signal, how long it is kept, where it is stored, how it may be accesses, and how it may be joined with other data about Users in the United States in Google's custody or control. | Google incorporates its General Objections as if set forth fully herein. Google specifically objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Interrogatory. Google further objects to this Interrogatory as vague and ambiguous as to "Signals" because it is unclear what type of information is sufficient to be a Signal, and Plaintiffs' definition includes improperly broad categories such as "number[s]," "data," "entr[ies]," and all "other indicator[s]." Google further objects to this Interrogatory as vague and ambiguous as to "reflect whether Users are not synced," as it is unclear what type of information is sufficient to show Users are not synced. For example, Plaintiffs have not explained whether they include signed-in users within their phrase "Users who are not synced," which affects the types of information sent to Google, and it is also unclear whether Plaintiffs seek signals with information to identity users who have never synced, or only users who are "not synced" at a specific and unidentified time or with respect to particular devices. The term "synced," is undefined and not logically included in Plaintiffs' definition of "Sync," which Plaintiffs generically state "refers to the Sync feature available on Chrome Browsers" and does not describe an action or user state relevant to how Plaintiffs use the term "Synced" in this Interrogatory. Google further objects to Plaintiffs' use of the undefined phrase "joined with other data" as vague and ambiguous, as neither "joined" nor "data" are defined by Plaintiffs or subject to a readily identifiable definition. Google further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks information related to "all Signals," which encompasses irrelevant information and is therefore not proportional to the needs of this case.<br>Google further objects that this Interrogatory is improperly compound, consisting of multiple Interrogatories, and seeks information that is overly broad and unduly burdensome, in light of its request for Google to explain "for each such Signal, how long it is kept, where it is stored, | Plaintiffs' Position: Plaintiffs have explained that Google's supplemental response is deficient for a number of reasons, including because it fails to identify Zwieback-keyed logs that identifies all data from users who are not signed in. It also fails to account for biscotti-keyed logs that contain a privacy signal indicating when WAA is turned off. Plaintiffs have requested that these deficiencies be supplemented. Plaintiffs have not received a response to this deficiency explanation.<br><br>Google's Position: Google does not intend to further supplement this interrogatory response. Zwieback-keyed logs and Biscotti-keyed logs ██████████ ██████████████████████ ████████████████ | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | how it may be accesse[d], and how it may be joined with other data about Users in the United States in Google's custody or control." Subject to and without waiving the foregoing objections, Google responds as follows: If a Chrome user is signed in to a Chrome browser, and signed in to a Google website, and did not have sync enabled on the Chrome browser, ██████████████████████████████ Google also incorporates its response to Interrogatory No. 28. Supplemental Response: Google incorporates its original response, General Objections, and specific objections as if set forth fully herein. Google further states: ████████████████████████████████████████ | | |
| 1.32 | ROG 41: State all facts in support of Your contention that data contained in Display Logs and Analytics Logs that Google did not retain in this action did not contain data that would help identify Class members. | Google incorporates its General Objections as if set forth fully herein. Google specifically objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Interrogatory. Google further objects to this Interrogatory as vague and ambiguous because it does not explain the data in the Display Logs and Analytics Logs it refers to. Google further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks information related to "all facts," which encompasses irrelevant information and is therefore not proportional to the needs of this case. Google further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Google further objects to this Interrogatory to the extent it seeks expert testimony or a legal conclusion. Google further objects to the Interrogatory to the extent it improperly asks Google to "[s]tate all facts in support" of a particular contention prior to the close of fact and expert discovery, and to the extent that such request is an overly broad and unduly burdensome contention Interrogatory. *See, e.g., Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4133341, at *2 (N.D. Cal. Sept. 18, 2012) ("While contention interrogatories are permitted, they are often overly broad and unduly | Plaintiffs' Position: Google refuses to answer this interrogatory on the basis that Plaintiffs are over the interrogatory count. Plaintiffs have asked to discuss the substance of the request, but Google's position is that no substantive discussions will take place until the Court rules on the counting issue with respect to ROG No. 30 (*supra*). In the interest of compromise, Plaintiffs have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.<br><br>Google's Position:  Plaintiffs are incorrect.  Google has already responded to this Interrogatory substantively based on Plaintiffs' defined term "identify."  Plaintiffs | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|-----|---------------------|-------------------|--------------------------------|---------------|
| | | burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses."). Subject to and without waiving the foregoing objections, Google responds that it is not aware of ever contending that data contained in Display Logs and Analytics Logs that Google did not retain in this action did not contain data that could help identify Class members by the (i) person's full name, (ii) present or last known address, (iii) phone number, (iv) email address, and the (v) present or last known place of employment (although Google has no reason to believe that such data existed). Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this Interrogatory. | have since indicated their definition of "identify" in their original service of the request was a mistake.  Google agrees to respond to the Interrogatory with the definition of "identify" provided in Plaintiffs' February 25, 2022 correspondence. | |
| 1.31 | ROG 47: Provide information (including best estimates) regarding the total number and percentage of non-Google websites using source code from Google Ads, Google Display Ads, Google Analytics, and Google APIs. Google Analytics and/or Google Ad Manager, from which Google would have received private browsing information. See, e.g., GOOG-CALH-00059775 ( ▮▮▮ ▮▮▮ "). | Google incorporates by reference its General Objections as if set forth fully herein. Google further objects to this interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered interrogatory, Plaintiffs' inclusion of improperly compound interrogatories therein, Plaintiffs' request to treat RFA Nos. 3 and 12 as separate interrogatories in accordance with L.R. 36-2, and Plaintiffs' Sixth Set of Interrogatories purporting to serve Plaintiffs' fifty-second numbered interrogatory, Plaintiffs have exceeded the 53 interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory."). For these reasons, Google will not provide a response to this interrogatory. | Plaintiffs' Position: Google refuses to answer this interrogatory on the basis that Plaintiffs are over the interrogatory count. Plaintiffs have asked to discuss the substance of the request, but Google's position is that no substantive discussions will take place until the Court rules on the counting issue with respect to ROG No. 30 (*supra*). In the interest of compromise, Plaintiffs have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.<br><br>Google's Position:       Google incorporates its position on interrogatory limits stated in its position on Interrogatory No. 30. Once again, Plaintiffs have offered no good cause arguments justifying an expansion of the Court-ordered limits.  On the parties' March 9 meet and confer, Plaintiffs' only suggestion was that, while they intended to pursue all of the interrogatories fully, Google should go through the interrogatory | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | requests it had objected to as over the limit and identify which interrogatories it intended to answer substantively, which puts the cart before the horse and improperly rewards a party for exceeding the limit.  Moreover, Google's supplemental responses to its denials to RFA Nos. 3 and 12 count as  separate interrogatories toward their 53-interrogatory limit under L.R. 36-2, an effort Google only agreed to undertake upon Plaintiffs' agreement. Plaintiffs also refuse to acknowledge these RFAs count against the interrogatory limit despite clear language in the local rules.

The Court should deny Plaintiffs' request for Google to substantively respond to the interrogatories that exceed the 53-interrogatory limit. Indeed, Google has already agreed to respond to more than 53 Interrogatories by agreeing to supplement Interrogatory No. 30 for all affirmative defenses at Plaintiffs' insistence and Plaintiffs offer no good cause arguments to support a further increase.  Google requests the Court's guidance on the numbering of Interrogatory No. 30 as a threshold matter, which alone puts Plaintiffs over the limit. | |
| 1.31 | ROG 48: Identify the percentage of Chrome traffic for each browsing state on an annual and monthly basis. For purposes of this Interrogatory, "browsing state" includes Synced, | Google incorporates by reference its General Objections as if set forth fully herein. Google further objects to this interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered interrogatory, Plaintiffs' inclusion of improperly compound interrogatories therein, Plaintiffs' request to treat RFA Nos. | <u>Plaintiffs' Position</u>: Google refuses to answer this interrogatory on the basis that Plaintiffs are over the interrogatory count. Plaintiffs have | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | Signed In But Not Consented for Sync, Signed Out, Guest, and Incognito browsing modes. | 3 and 12 as separate interrogatories in accordance with L.R. 36-2, and Plaintiffs' Sixth Set of Interrogatories purporting to serve Plaintiffs' fifty-second numbered interrogatory, Plaintiffs have exceeded the 53 interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory."). For these reasons, Google will not provide a response to this interrogatory. | asked to discuss the substance of the request, but Google's position is that no substantive discussions will take place until the Court rules on the counting issue with respect to ROG No. 30 (*supra*). In the interest of compromise, Plaintiffs have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.<br><br>Google's Position: Google incorporates its position on Interrogatory No. 47     above. | |
| 1.31 | ROG 51: Identify all categories of information pertaining to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Google incorporates by reference its General Objections as if set forth fully herein. Google further objects to this interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered interrogatory, Plaintiffs' inclusion of improperly compound interrogatories therein, Plaintiffs' request to treat RFA Nos. 3 and 12 as separate interrogatories in accordance with L.R. 36-2, and Plaintiffs' Sixth Set of Interrogatories purporting to serve Plaintiffs' fifty-second numbered interrogatory, Plaintiffs have exceeded the 53 interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory."). For these reasons, Google will not provide a response to this interrogatory. | Plaintiffs' Position: Google refuses to answer this interrogatory on the basis that Plaintiffs are over the interrogatory count. Plaintiffs have asked to discuss the substance of the request, but Google's position is that no substantive discussions will take place until the Court rules on the counting issue with respect to ROG No. 30 (*supra*). In the interest of compromise, Plaintiffs have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.<br><br>Google's Position: Google incorporates its position on Interrogatory No. 47     above. | |
| 1.31 | ROG 52: Identify all payments and their amount made to third parties, including but not limited to, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Google incorporates by reference its General Objections as if set forth fully herein. Google further objects to this interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered interrogatory, Plaintiffs' inclusion of improperly | Plaintiffs' Position: Google refuses to answer this interrogatory on the basis that Plaintiffs are over the interrogatory count. Plaintiffs have | |

**EXHIBIT B**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | ██████████ whole or in part as the result of the third party providing access to any of the kinds of information identified as being disclosed about the putative class, including but not limited to, browsing history information, cookies (██████████████████████████ ██████████████████████████) any other identifier[s], profiles, or any other information and/or personal information. | compound interrogatories therein, Plaintiffs' request to treat RFA Nos. 3 and 12 as separate interrogatories in accordance with L.R. 36-2, and Plaintiffs' Sixth Set of Interrogatories purporting to serve Plaintiffs' fifty-second numbered interrogatory, Plaintiffs have exceeded the 53 interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory."). For these reasons, Google will not provide a response to this interrogatory | asked to discuss the substance of the request, but Google's position is that no substantive discussions will take place until the Court rules on the counting issue with respect to ROG No. 30 (*supra*). In the interest of compromise, Plaintiffs have withdrawn their requests for further response to 13 ROGs that were originally identified as in dispute.<br><br>Google's Position: Google incorporates its position on Interrogatory No. 47     above. | |