# EXHIBIT C
## Redacted Version of Document Sought to be Sealed

**EXHIBIT C**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| 1.28 | RFA 30: Admit that Google does not distinguish between synced and un-synced Chrome traffic in Search logs. | Google objects to this Request as seeking information that is outside the scope of the case. *See* Dkt. 329. | <u>Plaintiffs' Position</u>: Google has refused to respond on the basis that the RFA is "outside the scope of the case. *See* Dkt. 329." Plaintiffs disagree. Dkt. 329 noted that the FAC contained allegations that include the unauthorized transmittals of personal information to various Google properties, including Google Search. The Court held, however, that burdens may warrant against production of discovery of each and every request. In line with that holding, Plaintiffs instant request does not seek *production* of documents, but a straightforward admission from Google.<br><br><u>Google's Position</u>: Google stands on its objections. Google Search– which is the www.google.com website – is not part of Plaintiffs' case, which instead focuses on users' browsing to third party websites. Plaintiffs' attempt to broaden the case beyond recognition *after* the close of fact discovery should be rejected. | |
| 1.28 | RFA 31: Admit that Google does not distinguish between synced and un-synced Chrome traffic in ██████████ ██ | In addition to its General Objections, Google specifically objects to this Request as vague and ambiguous as to ████████████ as it is unclear what specific logs are being referred to. Google therefore cannot truthfully admit or deny this Request. | <u>Plaintiffs' Position</u>: On Nov. 30, 2021, Plaintiffs clarified that "████████████████ ████████████████████████ ████████████████████████ ████████████. Google objected to the clarification on the basis that it is outside the scope of the case, presumably based on its reading of Dkt. 329. Plaintiffs disagree. Dkt. 329 noted that the FAC contained | |

## EXHIBIT C

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | allegations that include the unauthorized transmittals of personal information to various Google properties, including Google Search. The Court held, however, that burdens may warrant against production of discovery of each and every request. In line with that holding, Plaintiffs instant request does not seek *production* of documents, but a straightforward admission from Google. <br><br> <u>Google's Position</u>: As with the foregoing RFA, Google stands on its objections. Google Search– which is the www.google.com website – is not part of Plaintiffs' case, which instead focuses on users' browsing to third party websites. Plaintiffs' attempt to broaden the case beyond recognition *after* the close of fact discovery should be rejected. | |
| 1.28 | RFA 32: Admit that Google does not distinguish between synced and un-synced Chrome traffic in logs containing ███████ ███████ ███████ | Google objects to this Request as seeking information that is outside the scope of the case. *See* Dkt. 329. | <u>Plaintiffs' Position</u>: Google has refused to respond on the basis that the RFA is "outside the scope of the case. *See* Dkt. 329." Plaintiffs disagree. Dkt. 329 noted that the FAC contained allegations that include the unauthorized transmittals of personal information to various Google properties, including Google Search. The Court held, however, that burdens may warrant against production of discovery of each and every request. In line with that holding, Plaintiffs instant request does not seek *production* of documents, but a straightforward admission from Google. | |

**EXHIBIT C**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | Google's Position: As with the foregoing RFAs, Google stands on its objections. Google Search– which is the www.google.com website – is not part of Plaintiffs' case, which instead focuses on users' browsing to third party websites. Plaintiffs' attempt to broaden the case beyond recognition *after* the close of fact discovery should be rejected. | |
| 1.31 | RFA 33: Admit that Google does not distinguish between synced and un-synced Chrome traffic in logs containing data transmitted to Google.com while a Chrome user is on a non-Google owned and-operated website. | Google objects to this Request as seeking information that is outside the scope of the case. *See* Dkt. 329. | Plaintiffs' Position: Google has refused to respond on the basis that the RFA is "outside the scope of the case. *See* Dkt. 329." Plaintiffs disagree. Dkt. 329 noted that the FAC contained allegations that include the unauthorized transmittals of personal information to various Google properties, including Google Search. The Court held, however, that burdens may warrant against production of discovery of each and every request. In line with that holding, Plaintiffs instant request does not seek *production* of documents, but a straightforward admission from Google.

Google's Position: As with the foregoing RFAs, Google stands on its objections. Google Search– which is the www.google.com website – is not part of Plaintiffs' case, which instead focuses on users' browsing to third party websites. Plaintiffs' attempt to broaden the case beyond recognition *after* the close of fact discovery should be rejected. | |

**EXHIBIT C**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| 1.31 | RFA 1: Admit that Chrome sent Personal Information about Plaintiffs to Google when they were using the Chrome browser and were not synced. | In addition to its General Objections, Google specifically objects to this Request on the ground that it is vague, and states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Request. Google admits that when Plaintiffs were using the Chrome browser with or without sync enabled, but while signed into a Google website, to visit a website that uses certain Google services (such as Google Analytics and Google Ad Manager), and while Plaintiffs had selected settings in their Google Account to permit their site activity data to be stored in their Google Account, Google received information that it stored in Plaintiffs' accounts (where they were able to review it). Google treats that information as personal information in accordance with the terms of Google's Privacy Policy. Plaintiffs expressly consented to this practice. *See, e.g.*, GOOG-CALH-00592132 - GOOG-CALH-00592280. Google denies that Chrome ever sent Plaintiffs' Chrome browsing history to Google when Plaintiffs were using the Chrome browser without sync enabled. Google otherwise denies this request. | Plaintiffs' Position: Google argues that the definition of Personal Information is "overbroad." But Plaintiffs' request defines "Personal Information" in line with Cal. Civ. Code § 1798.140, as cited in their FAC at ¶ 50. This same definition was adopted by Judge Koh, *see* Dkt. 142, MTD Order, at 14-15 (applying Cal. Civ. Code § 1798.140 to define Personal Information). Judge Koh further held that Google had "conceded at the hearing on the instance motion, [that] the data at issue in the instance case falls within these broad definitions of personal information." *Id*. at 15. Moreover, since Google served its responses and objections to RFA No. 1, Google has effectively admitted the substance of this request in briefings before the Court. In its motion for summary judgment (Dkt. 395) and opposition to class certification (Dkt. 429), Google conceded that Chrome sends Personal Information to Google irrespective of whether a Chrome user is or is not synced. Google should respond to this request as written. At a Mar. 7, 2022, meet and confer, Google confirmed that it would not budge from this position.<br><br>Google's Position:  As with the foregoing RFAs, Google stands on its responses and objections to this RFA, including because Plaintiffs' definition of the term "Personal Information" is overly broad and encompasses information that is | |

**EXHIBIT C**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | outside the scope of this case. Accordingly, Google responded to this RFA consistent with how the term "personal information" is described in Google's Privacy Policy (and denied the remainder of the RFA).<br><br>That Plaintiffs incorrectly claim that Google has "effectively [] conceded" its admission to this RFA in any of its briefing, including its opposition to class certification (Dkt. 429) and motion for summary judgment (Dkt. 395), is no basis to disturb Google's substantive response. | |
| 1.31 | RFA 26: Admit that Google is capable of extracting and joining data and information fields from different logs or data sources to identify users who logged-in to a Google Account but did not enable sync and determine when such actions occurred. | In addition to its General Objections, Google specifically objects to this Request on the ground that what Google is "capable of" is wholly irrelevant to the parties' claims and defenses, which turn on actual practices, not hypothetical "capabilities." Google further objects that the request is exceedingly vague. For example, the Request asks Google to admit that it is capable of extracting and joining unspecified "data and information fields" from unspecified "logs or data sources." Accordingly, Google cannot truthfully admit or deny this Request. | Plaintiffs' Position: Google refuses to answer this RFA on the ground that its "capabilities" are not relevant. For the same reasons identified in Dispute 1.16, Plaintiffs disagree. Plaintiffs ask that Google respond to this RFA as written.<br><br>Google's Position: As with the foregoing RFAs, Google stands on its responses and objections to this RFA, where it identified several objections to the RFA as written. In any event, the parties' disagreement concerning this RFA is subsumed in the parties' dispute as to the issue of capabilities in Dispute 1.16 and resolution of that dispute will inform whether and to what extent this RFA is within the scope of the case. | |
| 1.31 | RFA 36: Admit that Google routinely collects records of Chrome transmissions data for Chrome users who are not synced. | In addition to its General Objections, Google specifically objects to this Request on the ground that the term "Chrome transmissions data" is unclear and undefined. Accordingly, Google cannot truthfully admit or deny this Request. | Plaintiffs' Position: Google initially objected and refused to answer this Request on the ground that "Chrome transmission data" was unclear and | |

## EXHIBIT C

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | undefined. In meet and confers, Plaintiffs clarified that "Chrome transmission data" refers to data or information that Chrome transmits to Google properties, e.g. web-properties that are owned and operated by Google, such as Google.com (Google Ads, the most frequently alleged recipient of unauthorized transmissions in the FAC and more than 50 percent of unjust enrichment damages), ███████████████████ and YouTube.com. In response, Google asserted that "Google properties" is overbroad. Plaintiffs disagree. This case is about the unauthorized transmission of not synced Chrome users' information to Google, including Google properties. The request therefore goes to the heart of the claims at issue. Aside from a conclusory claim of "overbroad," Google provides no other context or explanation for its position. If this objection is based on burden, Plaintiffs seek an order compelling Google to identify the specific burdens at issue so that Plaintiffs' can assess potential solutions. If this objection is based on Google's oft-cited and misguided belief that Dkt. 329 permits it to withhold and refuse relevant discovery, Plaintiffs disagree for the same reasons set forth above to RFAs 30, 31, 32, 33.<br><br>Further, Google has effectively admitted the substance of this | |

**EXHIBIT C**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | request in briefings before the Court (see Dkt. 395 (motion for summary judgment); Dkt. 429 (opposition to class certification)), and, in fact, presented evidence on defense as to the very issue of data transmissions to Google web properties. Google's refusal to answer this request is therefore unreasonable. Plaintiffs' ask that Google respond to the request as written.<br><br>Google's Position: As with the foregoing RFAs, Google stands on its objections. Google disagrees that it has "effectively [] conceded" its admission to this RFA in any of its briefing, including its opposition to class certification (Dkt. 429) and motion for summary judgment (Dkt. 395). Moreover, Google Search– which is the www.google.com website – is not part of Plaintiffs' case, which instead focuses on users' browsing to third party websites. Plaintiffs' attempt to broaden the case beyond recognition *after* the close of fact discovery should be rejected. | |
| 1.31 | RFA 38: Admit that Google is capable of querying, identifying, and joining data fields in logs sufficient to identify Chrome users from whom it collected data when they were not synced. | In addition to its General Objections, Google specifically objects to this Request on the ground that what Google is "capable of" is wholly irrelevant to the parties' claims and defenses, which turn on actual practices, not hypothetical "capabilities." Google further objects that the request is exceedingly vague. For example, the Request asks Google to admit that it is capable of extracting and joining unspecified "data fields" from unspecified "logs." Accordingly, Google cannot truthfully admit or deny this Request. | Plaintiffs' Position: Google refuses to answer this RFA on the ground that its "capabilities" are not relevant. For the same reasons identified in Dispute 1.16, Plaintiffs disagree. Plaintiffs ask that Google respond to this RFA as written.<br><br>Google's Position: As with the foregoing RFAs, Google stands on its responses and objections, where it identified several objections to the RFA as written. In any event, | |

## EXHIBIT C

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | the parties' disagreement concerning this RFA is subsumed in the parties' dispute as to the issue of capabilities and preservation in Disputes 1.16 and 2.1, respectively, and resolution of those disputes will inform whether and to what extent this RFA is within the scope of the case. | |
| 1.31 | RFA 41: Admit that for any single Chrome Instance, Google is capable of extracting and joining data and information fields from different logs to identify and distinguish between data sent from Chrome to Google when the Chrome Instance was synced versus when it was un-synced. | In addition to its General Objections, Google specifically objects to this Request on the ground that what Google is "capable of" is irrelevant to the parties' claims and defenses, which turn on actual practices, not hypothetical "capabilities." Google further objects that the request is exceedingly vague. For example, the Request asks Google to admit that it is capable of extracting and joining unspecified "data and information fields" from unspecified "different logs." Accordingly, Google cannot truthfully admit or deny this Request. | Plaintiffs' Position: Google refuses to answer this RFA on the ground that its "capabilities" are not relevant. For the same reasons identified in Dispute 1.16, Plaintiffs disagree. Plaintiffs ask that Google respond to this RFA as written.<br><br>Google's Position: As with the foregoing RFAs, Google stands on its responses and objections to this RFA, where it identified several objections to the RFA as written. In any event, the parties' disagreement concerning this RFA is subsumed in the parties' dispute as to the issue of capabilities and preservation in Disputes 1.16 and 2.1, respectively, and resolution of those disputes will inform whether and to what extent this RFA is within the scope of the case. | |
| 1.31 | RFA 43: Admit that Google elected not to retain records of signals that a Chrome user was not synced. | Google admits that it followed Magistrate Judge van Keulen's order that "Google need not suspend its standard retention periods applicable to data logs that reflect event-level data of Chrome users in the United States." Dkt. 174. Google otherwise denies the Request. | Plaintiffs' Position: Plaintiffs have asked that Google respond to the straightforward inquiry of whether it has retained records of signals that a Chrome user is not synced, but Google refuses to respond. Plaintiffs ask for a response to the RFA as written.<br><br>Google's Position: As with the foregoing RFAs, Google stands on | |

**EXHIBIT C**

| No. | Plaintiffs' Request | Google's Response | Parties' Respective Compromises | Court's Order |
|---|---|---|---|---|
| | | | its responses and objections to this RFA. In any event, the parties' disagreement concerning this RFA is subsumed in the parties' dispute as to the issue preservation in Dispute 2.1 and resolution of that dispute will inform whether and to what extent this RFA is within the scope of the case. | |