**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendant; additional counsel listed in signature blocks below*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**APPOINTMENT OF COMMISSIONERS UNDER THE HAGUE CONVENTION AND REQUEST FOR JUDICIAL ASSISTANCE**<br><br>Referral: Hon. Susan van Keulen, USMJ |

**APPOINTMENT OF COMMISSIONERS UNDER THE HAGUE CONVENTION AND REQUEST FOR JUDICIAL ASSISTANCE – PERMISSION TO TAKE EVIDENCE BY A COMMISSIONER UNDER ARTICLE 17 HAGUE EVIDENCE CONVENTION 1970 TO THE CANTONAL COURT OF ZÜRICH, COURT ADMINISTRATION, INTERNATIONAL JUDICIAL ASSISTANCE, FOR THE REQUEST FOR JUDICIAL ASSISTANCE IN CIVIL MATTERS WITH COPY TO THE FEDERAL OFFICE OF JUSTICE (FOJ), CENTRAL AUTHORITY FOR THE REQUEST FOR JUDICIAL ASSISTANCE IN CIVIL AND COMMERCIAL MATTERS:**

The United States District Court for the Northern District of California, located at the San Jose Courthouse, Courtroom 6 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, presents its compliments to the Federal Office of Justice and has the honor of requesting its assistance in obtaining evidence to be used in a civil proceeding now pending before this Court in the above-captioned matter, specifically by permitting commissioners appointed by this Court to take evidence under Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention").

It appears to this Court that Mr. Martin Sramek, whose professional address is: Erika-Mann-Straße 33, 80636 München, Germany, is a witness in this action and therefore has evidence relevant to this action. It is necessary for the purposes of justice and for the due determination of the matters in question between the parties that Mr. Sramek be examined (remotely) at the Swiss offices of Quinn Emanuel at Dufourstrasse 29, 8008 Zurich, Switzerland, under oath or affirmation. Given that the deposition would take place (remotely) in the canton of Zurich, Switzerland, the competent authority for the granting of this request is the High Court of the Canton of Zurich, International Judicial Assistance, Hirschengraben 13/15, 8021 Zurich 1, Switzerland. As is customary, a copy of the present Letter of Request is sent to the Federal Office of Justice, Central Authority for the Request for Judicial Assistance in Civil and Commercial Matters, Bundesrain 20, 3003 Bern, Switzerland.

This Court, therefore, respectfully requests your assistance pursuant to the Hague Convention in obtaining the oral deposition testimony of Mr. Sramek under the terms set forth in this Letter of Request:

## I.   SUMMARY OF ACTION

1. This action is properly under the jurisdiction of and is now pending before the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8 – 4th Floor, 280 South 1st Street, San Jose, CA 95113, United States of America. The United States District Court for the Northern District of California is fully sanctioned as a court of law and equity and is authorized by Rule 28(b) of the Federal Rules of Civil Procedure to direct the taking of evidence abroad by Letters of Request.

2. The parties to the civil action pending in the United States District Court for the Northern District of California are as follows:

   a. The individual, named Plaintiffs on behalf of the class action are Patrick Calhoun, Elaine Crespo, Claudia Kindler, Dr. Corinice Wilson, Dr. Rodney Johnson, and Michael Henry (collectively, "Plaintiffs"). Plaintiffs are represented by BLEICHMAR FONTI & AULD LLP, 555 12th Street, Suite 1600, Oakland, CA 94607, USA; DiCELLO LEVITT GUTZLER LLC, 60 E. 42nd St., Suite 2400, New York, NY 10165, USA; and SIMMONS HANLY CONROY LLC, 112 Madison Avenue, 7th Floor, New York, NY 10016, USA.

   Correspondence to Plaintiffs can be faxed to Plaintiffs' representatives at +1 (415) 445-4020, +1 (212) 213-5949  or emailed at the following email addresses: lweaver@bfalaw.com, aornelas@bfalaw.com, jsamra@bfalaw.com, dstraite@dicellolevitt.com, akeller@dicellolevitt.com, aprom@dicellolevitt.com, atruong@simmonsfirm.com, and jaybarnes@simmonsfirm.com.

   b. The Defendant is Google LLC (hereinafter, "Google"). Defendant Google is a corporation organized and existing under the laws of the State of Delaware, with its headquarters also in Delaware, USA. Witness Martin Sramek is an individual who is employed by Google as a Software Engineer but is a resident of Munich, Germany.

Google is represented by QUINN EMANUEL URQUHART & SULLIVAN, LLP, 191 N. Wacker Drive, Suite 2700 Chicago, IL 60606, USA; 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017, USA; 51 Madison Avenue, 22nd Floor New York, NY 10010, USA; 1300 I Street NW, Suite 900, Washington D.C., 20005, USA; 50 California Street, 22nd Floor San Francisco, CA 94111, USA.

Correspondence to Google can be faxed to their representatives at +1 (312) 705-7401, +1 (213) 443-3100, +1 (212) 849-7100, +1 (202) 538-8100, +1 (415) 875-6700 or emailed at the following email addresses: andrewschapiro@quinnemanuel.com, sb@quinnemanuel.com, violatrebicka@quinnemanuel.com, jomairecrawford@quinnemanuel.com, josefansorge@quinnemanuel.com, carlspilly@quinnemanuel.com, and jonathantse@quinnemanuel.com.

3. This is a data privacy class action brought by and on behalf of Google Chrome users who chose not to "Sync" their browsers with their Google accounts while browsing the web ("Un-Synched Chrome Users") from July 27, 2016 to the present (the "Relevant Period"). FAC ¶ 1. Plaintiffs have sued Google for various causes of action including Violation of the California Invasion of Privacy Act ("CIPA") Cal. Penal Code § 631, Intrusion Upon Seclusion, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Statutory Larceny Cal. Penal Code §§ 484 and 496, and Violations of the California Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code § 17200, *et seq*.

4. Plaintiffs originally brought 16 claims: (1) unauthorized interception of electronic communications under the Wiretap Act; (2) unauthorized electronic communication service ("ECS") disclosure under the Wiretap Act, 18 U.S.C. § 2510; (3) unauthorized access to stored ECS communications under the Stored Communications Act ("SCA"), 18 U.S.C. § 2701; (4) unauthorized disclosures of stored communications under the SCA, 18 U.S.C. § 2701; (5) violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; (6) invasion of privacy; (7) intrusion upon seclusion; (8) breach of contract; (9) breach of the

implied covenant of good faith and fair dealing; (10) quasi-contract (restitution and unjust enrichment); (11) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g); (12) violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502; (13) statutory larceny, Cal. Penal Code §§ 484 and 496; (14) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.; (15) punitive damages under Cal. Civil Code § 3294; and (16) declaratory relief under 28 U.S.C. § 2201(a). *Id*. ¶¶ 266–426. Dkt. 142.

5.     On September 18, 2020, the Court directed the parties to select 10 claims to litigate. Dkt. 51. On September 25, 2020, the parties selected the following 10 claims: (1) unauthorized disclosure under the Wiretap Act; (2) unauthorized access under the SCA; (3) unauthorized disclosures of stored communications under the SCA; (4) violation of the CIPA; (5) intrusion upon seclusion; (6) breach of contract; (7) breach of the implied covenant of good faith and fair dealing; (8) violation of the CFAA; (9) statutory larceny; and (10) violation of the UCL. Dkt. 54. Dkt. 142.

6.     Plaintiffs contend Google promises Chrome users that they "don't need to provide any personal information to use Chrome" and that "[t]he personal information that Chrome stores won't be sent to Google unless you choose to store that data in your Google Account by turning on sync[.]" FAC ¶ 2. Plaintiffs allege that despite these express and binding promises, Google causes Chrome to record and send users' personal information to Google regardless of whether a user elects to Sync or has a Google account. FAC ¶ 3.

7.     Plaintiffs maintain Google's contract with Chrome users designates California law, and consistent with California law, defines "Personal Information" as "information that you provide to us which personally identifies you . . . or other data that can be reasonably linked to such information by Google, such as information we associate with your Google Account." FAC ¶ 6. Plaintiffs allege examples of personal data improperly created and sent to Google by Chrome

include: IP addresses linked to user agents; Unique, persistent cookie identifiers including the Client ID; Unique browser identifiers called X-Client Data Headers; and Browsing history. FAC ¶ 4. Google believes all claims should be dismissed because Plaintiffs and the websites consented to Google's receipt of the data; Plaintiffs fail to state their claims; and Plaintiffs' claims are barred by the statutes of limitations.

8. Google successfully moved to dismiss the following claims: Unauthorized disclosure under the Wiretap Act, Unauthorized access under the Stored Communications Act ("SCA"), Unauthorized disclosure under the SCA, and Violation of Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. §1030(g) on the grounds that Plaintiffs have not stated a claim for each of the aforementioned claims. *See* Dkt. 142.

9. Notices for the deposition of witnesses, including Mr. Martin Sramek, were served on or about March 2022. The parties have agreed to conduct a remote deposition of Mr. Sramek, who will be located for such deposition in Switzerland, in accordance with Chapter II of the Hague Convention.

II. **EVIDENCE REQUESTED**

10. The parties have satisfied this Court that Mr. Martin Sramek has material information related to this pending action for use at trial, and that justice cannot be completely done between the parties without his testimony.

11. The parties requested that this Court issue the present Letter of Request seeking your assistance in obtaining testimony from Mr. Martin Sramek. The evidence to be obtained is oral testimony to be taken in Switzerland, and is intended to be used as evidence in the trial for this matter. Mr. Sramek who is a resident of Munich, Germany has consented to voluntarily travel to Zurich, Switzerland for purposes of this deposition. He has been made aware that by being deposed in Switzerland he forgoes rights under German law related to the deposition but that he will have

rights under Swiss law. He has been apprised of his rights under Swiss law and has consented to being deposed in Switzerland.

12. The Court requests assistance in permitting the commissioners appointed by this Court to take testimony from Mr. Sramek, which will be given voluntarily. The topics of examination may include, but are not limited to:

a. Mr. Sramek's role and duties as an employee of Google.

b. Knowledge of the sync function on the Chrome browser.

c. Knowledge of documents related to and produced in this matter.

13. This Court is satisfied that the testamentary evidence is relevant to the pending proceeding and is likely to be used at trial to assist this Court in resolving the dispute presented in the civil action before it. With the approval of this Court, the parties and this Court therefore seek permission to have commissioners take this testamentary evidence for the purpose of using such evidence at trial.

14. It is requested that the testamentary evidence be given in the English language, and on oath or affirmation. However, it is also requested that a German/English translator be allowed to be present and offer translation assistance, if necessary. It is also hereby requested that the testimony be in the form of a recorded remote deposition testimony via a secure session using videoconferencing technology upon questions communicated to the witness by U.S. counsel of the parties, acting as commissioners. It is requested that the testamentary evidence be given at some time agreeable to all involved in March 2022, on or around March 24, 2022.

15. The parties have agreed on and the Court hereby appoints Mr. Olivier Buff to serve as commissioner ("the Swiss Commissioner"). Mr. Buff is a lawyer with the law firm Quinn Emanuel at Dufourstrasse 29, 8008 Zurich, Switzerland, and admitted to practice as an attorney in Switzerland. In his capacity as commissioner, Mr. Olivier Buff will complete and oversee the

following tasks: liaise with the Swiss authorities, including dispatch/submission of the present Letter of Request to the High Court of the Canton of Zurich, International Judicial Assistance, Hirschengraben 13/15, 8021 Zurich 1, Switzerland, and of a copy of the same to the Federal Office of Justice, Central Authority for the Request for Judicial Assistance in Civil and Commercial Matters, Bundesrain 20, 3003 Bern, Switzerland; act as an agent of service for any communication of the High Court of the Canton of Zurich and/or the Federal Office of Justice to this Court, the parties and Mr. Sramek; invite Mr. Sramek to the deposition once authorization is granted; verify and confirm the identity of Mr. Sramek before testamentary evidence is taken; supervise the testimony of Mr. Sramek by remote videoconferencing software from the Swiss offices of Quinn Emanuel at Dufourstrasse 29, 8008 Zürich, Switzerland; instruct the witness on his rights and obligations as per Article 21 of the Hague Convention; and ensure that the testimony is conducted in accordance with those rights and obligations.

16. The U.S. counsel of the parties, which the Court upon request of the parties hereby also appoints as commissioners are the following:

    a.     For Plaintiffs: Lesley E. Weaver, from BLEICHMAR FONTI & AULD LLP, 555 12th Street, Suite 1600, Oakland, CA 94607.

    b.     For Google: Jomaire A. Crawford, from QUINN EMANUEL URQUHART & SULLIVAN, LLP at 51 Madison Avenue, 22nd Floor, New York, NY 10010, USA.

17. In addition to the U.S. counsel and commissioners listed above and of the Swiss Commissioner, it is also requested that client representatives for each party be allowed to be present, and that a videographer and a stenographer be present to take and record a verbatim transcript of all testimony and proceedings in the English language and that the transcript of the testimony be authenticated. When necessary, persons belonging to the information technology departments of the law firms of U.S. counsel may enter the rooms where U.S. counsel are remotely attending the

deposition. U.S. counsel, the party representatives, the videographer, and the stenographer may attend the deposition remotely. The Swiss Commissioner, Mr. Sramek and potentially any of the appointed other commissioners will attend the deposition by videoconference from the same location in Zurich. When necessary, a German/English translator will attend, from the same location as Mr. Sramek or remotely. When necessary, persons belonging to the IT department of the Quinn Emanuel law firm where the deposition is held may enter the room where Mr. Sramek is remotely attending the deposition.

18. As mentioned, it is requested that the commissioners take Mr. Sramek's testimony in the English language (to which Mr. Sramek has agreed) under oath or affirmation, with potentially a German/English translator being present and offering translation assistance, and that the Swiss Commissioner be allowed to administer such oath or request for affirmation on Mr. Sramek in accordance with United States law, as follows: "Do you swear or affirm that the testimony you are about to provide is the truth, the whole truth, and nothing but the truth?"

19. It is also requested that after giving testimony, Mr. Sramek be allowed after completion of the transcript to review, submit any errata, and sign the transcript of his testimony, and that the signed, transcribed, and videotaped testimony together with any documents marked as exhibits be transmitted to the parties' U.S. counsel as soon as possible thereafter.

20. Accordingly, it is hereby requested that you grant assistance and authorize the Swiss and U.S. commissioners appointed above to question Mr. Sramek under oath or affirmation at the remote deposition in March 2022, or at another time determined by you, and that a verbatim transcript and videotape be prepared and be transmitted to the parties' U.S. counsel for submission and use before this Court.

21. It is also requested that you inform the Swiss Commissioner, this Court, and the parties through their above-mentioned U.S. counsel of your approval of this Court's request and of

all relevant dates and times determined by you for the production of the aforementioned requested testamentary evidence of Mr. Sramek. This Court and U.S. counsel hereby appoint Mr. Olivier Buff to file the necessary application for authorization with you and act as the agent of service in Switzerland for any and all communication from you in this respect. As mentioned above, Mr. Olivier Buff's professional address in Switzerland for purpose of your communications is: Dufourstrasse 29, 8008 Zurich, Switzerland.

22. This Court expresses its appreciation to the High Court of the Canton of Zurich and the Federal Office of Justice for its courtesy and assistance in this matter and states that this Court shall be ready and willing to assist the courts of Switzerland in a similar manner when required. This Court is also willing to reimburse (through the Parties) the competent judicial authorities of Switzerland for any costs incurred in executing this request for judicial assistance. This Court extends to the competent judicial authorities of Switzerland the assurances of its highest consideration.

This Letter of Request is signed and sealed by Order of the Court made on the date set forth below:

**SO ORDERED.**

DATED: March 15, 2022

_____
HON. SUSAN VAN KEULEN
United States Magistrate Judge