**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF SUNDAR PICHAI**<br><br>Judge: Hon. Susan van Keulen, USMJ |

The apex discovery doctrine is designed to keep in check depositions that "create[] a tremendous potential for abuse or harassment." *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). That precept is front and center here. Plaintiffs filed a "me-too" motion to depose Sundar Pichai, Google's top executive officer, despite being unable to cite a *single* document from his custodial files suggesting unique, first-hand knowledge of issues relevant to their claims. The best they can do is to point to other employees' emails and documents (and a lone presentation in his files that he did not author). Plaintiffs do not meet their burden — their further efforts to drag Google's CEO into this litigation should be rejected.

As this Court is aware, a party seeking to depose a high-level executive must show that the deponent has "unique first-hand" relevant knowledge. *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). Even if there is unique knowledge, courts preclude such discovery if it "can be obtained from [a] source that is more convenient" or "less burdensome," noting "the closer [one] is to the apex" of a corporate hierarchy, "the more appropriate the protections of the … doctrine become." *Id*.

Simply showing that lower-level employees communicated about Mr. Pichai in no way establishes that he has "unique" knowledge. Mot. 2-3. Nor have Plaintiffs exhausted other, less intrusive means of seeking such discovery. Plaintiffs have failed to satisfy the two-part conjunctive apex test and Google has carried its "burden to show why discovery should be denied." *Id*.

## I. THE DOCUMENTS PLAINTIFFS CITE CONFIRM THAT MR. PICHAI LACKS UNIQUE, FIRST-HAND KNOWLEDGE

After receiving nearly seven million pages of discovery since the inception of this case, Plaintiffs cite a mere ten documents in their quest to depose Google's most senior executive. Even within that tiny universe, only *one* document is from Mr. Pichai's files (and he did not author it). Mr. Pichai was not otherwise involved as a sender or recipient on *any* of the cited emails.

That should be the end of the inquiry. But on top of that, the ESI that has been produced confirms Mr. Pichai was *not* involved in daily decision-making for Chrome; rather, other custodians (such as Chetna Bindra, Greg Fair, and Alex Ainslie) were and they possess more than adequate knowledge about the Chrome features, privacy considerations, and revenue discussions reflected in

1 the documents Plaintiffs cite. Mot. 2-3 (citing documents where they appear as sender, recipient,
2 and/or custodian, on issues that are not "unique" to Mr. Pichai); *see also* GOOG-CABR-05269598
3 (confirming Mr. Pichai required periodic updates because he lacked direct, first-hand knowledge:
4 "Sundar wanted to get an update about what Chrome … was doing, planning, thinking, about related
5 to privacy and user trust").

6       Plaintiffs invoke product-agnostic issues such as "privacy," "user-device level settings," and
7 "revenue," but do not explain how these broad topics or the documents they cite specifically relate
8 to the data allegedly collected from class members—*i.e.*, Chrome users who did ***not*** enable the
9 browser's Sync feature. For instance, GOOG-CABR-03988269 relates to consent from ***synced***
10 users. Similarly, GOOG-CABR-05383036 concerns Chrome History, which is sent only when users
11 ***enable*** Sync, and SWAA, an account-level setting for a data flow that is not affected by Sync.
12 Similarly, the fact that GOOG-CALH-01026247 shows employees considered seeking "guidance
13 [from Mr. Pichai] on the Chrome side of things, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" does not demonstrate that Mr. Pichai has unique first-hand knowledge
15 relevant to Plaintiffs' claims about un-synced users or their alleged damages.

16       Plaintiffs' stray reference to potential punitive damages arguments (Mot. 1) does not make
17 Mr. Pichai an appropriate deponent either. If a mere claim for punitive damages was sufficient to
18 satisfy the apex doctrine, the doctrine would be rendered toothless.

19       Finally, Plaintiffs' assertion that only Mr. Pichai can testify about meetings in which ▮▮▮
20 ▮▮▮▮ and ▮▮▮▮▮▮▮ were discussed is based on mischaracterizations of the testimony of
21 Googlers Deepak Ravichandran and Chetna Bindra. Mot. 2. Mr. Ravichandran testified that he
22 "d[id] not know" if Mr. Pichai was "involved in the decision to launch ▮▮▮▮▮▮▮▮▮," "wasn't
23 aware" of a "review with [him] with the ▮▮▮▮▮▮▮▮▮▮▮," and "d[id] not know who met with
24 Mr. Pichai." Ravichandran Dep. Tr. 243:16-19; 252:13-24. Because he did not attend any "Sundar
25 review[s]," it stands to reason that he was unable to "provide details of those meetings." Mot. 2.
26 While Ms. Bindra did attend certain of these "reviews," she fully answered Plaintiffs' questions
27 regarding their substance. *See, e.g.*, Bindra Dep. Tr. 233:10-16 (describing the purpose of one
28 meeting as "giving an overall update on ▮▮▮▮ and what the … status of the project was at the time");

1  *id.* 206:19-25 (describing the purpose of another meeting with Mr. Pichai was providing "a high
2  level update on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").

3        Because Plaintiffs fail to show that Mr. Pichai possesses unique, non-duplicative information
4  relevant to their claims, no further discovery from Mr. Pichai is warranted.

5  **II.  PLAINTIFFS HAVE FAILED TO EXHAUST LESS INTRUSIVE METHODS**

6        Plaintiffs' apex motion should be denied for the independent reason that they have failed to
7  exhaust less intrusive methods of obtaining the information they seek. *Mehmet v. PayPal, Inc.*, 2009
8  WL 921637, at *2 (N.D. Cal. Apr. 3, 2009) ("Courts generally refuse to allow the immediate
9  deposition of high-level executives, the so-called 'apex deponents,' before the depositions of lower
10 level employees with more intimate knowledge").

11       As explained *supra*, Plaintiffs' citations to documents in the files of non-apex custodians
12 confirm the existence of alternative sources that must be exhausted before leap-frogging to Mr.
13 Pichai. These include (i) custodians Plaintiffs ***can still depose*** (e.g., Mr. Ainslie for GOOG-CABR-
14 03767728, GOOG-CABR-03766440, and GOOG-CABR-05269598, and Mr. Kleber for GOOG-
15 CABR- 04004680); and (ii) custodians Plaintiffs already deposed but ***failed*** to ask about the cited
16 documents (GOOG-CABR-05383036 for Mr. Fair and GOOG-CABR-03988269 for Ms. Bindra).
17 *See Icon-IP Pty Ltd v. Specialized Bicycle Components, Inc.*, 2014 WL 5387936, at *2 (N.D. Cal.
18 Oct. 21, 2014) (denying apex deposition where the seeking party "failed to meet the [test's] second
19 prong," including through "depositions of lower-level employees").

20                             **CONCLUSION**
21       Google respectfully submits that the Motion should be denied.

| | | |
|---|---|---|
| 1 | DATED: March 15, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By     */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*