UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 20-cv-05146-YGR   (SVK)<br><br>**ORDER REGARDING DISPUTE 1.34: DOCUMENTS TO BE CLAWED BACK**<br><br>Re: Dkt. No. 589 |

  Pursuant to this Court's Order of March 15, 2022 (Dkt. 565-1), the Parties submitted a joint brief addressing the claw-back of three documents. Dkt. 589. The Court has reviewed the submission, the supporting declarations, relevant legal authorities and the documents submitted in-camera and rules as set forth below.

  First, Google complains that the disputed documents were submitted for in-camera review prior to a showing by Plaintiffs that in-camera review is warranted. Dkt. 589, 6. The Court's March 15, 2022 Order allowed for further briefing of this dispute but was not clear on the scope of that briefing. Given that discovery is closed and the time for submission of discovery disputes has passed, it was the Court's intention that to provide expeditious resolution, the disputed documents would be submitted, in-camera, with the briefing.

  Second, Plaintiffs raise what they describe as an issue regarding Google's "abuse of the privilege designation" currently being addressed in another district. Dkt. 589, 5. Google objects. *Id*. As demonstrated herein, the determination of the proper assertion of attorney-client privilege is highly fact specific, depending in part on the nature of the communications and the context in which those communications are made. The specific documents and communications in dispute, such as those the Court has reviewed here, are relevant to such an analysis. Allegations in an unrelated action pertaining to unrelated documents are not.

Turning to the issue at hand, the disputed documents are two draft privacy policy statements (GOOG-CABR-00122624, GOOG-CABR-00142888) and a series of draft user consent notifications (GOOG-CABR-04340991). Each document has numerous comments from attorneys and non-attorneys. GOOG-CABR-00142888.[1] The nature of the disputed documents is an important consideration in determining the existence and scope of attorney-client privilege. Google's privacy policies and its users' consent to those policies are, as Plaintiffs point out, central to the claims and defenses in this case. More particularly, the legal implications of the privacy policies and user consent have been and will be the focus of argument for both sides. While the importance of a document, by itself, is not a factor in the privilege analysis, the legal role of privacy policies and consent-related documents in this litigation provide an informative back drop against which to evaluate the attorney comments and communications with non-attorney employees.

Google provides declarations of two in-house counsel, Elizabeth Eraker Palley, Privacy Counsel (Dkt. 589-2) and Noelle Kvasnosky Luiten, Senior Product Counsel (Dkt. 589-1). Ms. Palley avers that the disputed draft privacy policies were created at her direction with the assistance of both in-house counsel and non-attorney personnel, and that she was involved in the preparation, review and revision of the drafts. Palley Decl. ¶¶ 8, 5. Ms. Luiten declares that the draft user consent notification was sent to her for legal advice and that it was revised at her direction. Luiten decl. ¶¶ 4-5. Counsel also attest to the nature of Google Docs file format and the process of communicating between attorneys and non-attorneys on that platform. Palley Decl. ¶ 4; Luiten Decl. ¶ 3. With regards to Ms. Palley, Plaintiffs argue that many of the comments are merely editorial in nature, without reference to legal advice. Dkt. 589, 4. In response, Google points to counsel's role in ensuring that Google is in compliance with a host of regulatory requirements both foreign and domestic. Palley Decl. ¶¶ 3, 6, 9; *see also*, Luiten Decl. ¶¶ 2, 4.

The Court reviewed all the comments for each document. GOOG-CABR-00142888. Given the nature of the documents and the scope of counsels' tasks as presented to the Court in

---

[1] GOOG-CABR-00142888 is a list of user comments by document; it is not one of the documents in dispute.

sworn testimony, attempts to distinguish comments that convey legal advice from those that may appear to be purely editorial is not helpful to the determination of attorney-client privilege. Further, given the number of comments in each document by both counsel and non-attorney employees (GOOG-CABR-00122624 has 90 comments; GOOG-CABR-00142888 has 30 comments; GOOG-CABR-04340991 has 314 comments), it is reasonable to conclude that these drafts are infused with attorney-client communications and not amenable to more narrow redactions.

Accordingly, for the reasons set forth above and as supported by the record before it, the Court finds that Google has carried its burden of demonstrating by a clear showing that all three of the disputed documents are privileged as attorney-client communications. The documents are properly clawed back pursuant to the protective order.

**SO ORDERED.**

Dated: March 28, 2022

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge