**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
lweaver@bfalaw.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Defendant; additional counsel listed in signature blocks below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-5146-YGR-SVK<br><br>**JOINT LETTER BRIEF RE: IN CAMERA REVIEW**<br><br>Referral: Hon. Susan van Keulen, USMJ |

March 29, 2022

**SUBMITTED VIA ECF**

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Letter Brief re: *In Camera* Review
                *Calhoun v. Google LLC*, Case No. 5:20-cv-5146-YGR-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to Your Honor's March 15, 2022 Order (Dkt. 565-1), as supplemented on March 24, 2022 (Dkt. 587), Plaintiffs and Google LLC ("Google") submit this joint brief on dispute 1.11 regarding their dispute over Plaintiffs' request for *in camera* review of four documents that Google withheld or redacted for privilege. Counsel for the parties met and conferred and reached an impasse on this request.

**PLAINTIFFS' STATEMENT**

During the course of this action, Google has improperly withheld thousands of documents from production on the basis of privilege. Though the parties have worked to resolve many privilege disputes, many documents remain withheld. Plaintiffs respectfully seek *in camera* review of four exemplar documents, and further request that Google be required to re-review the remaining documents that Plaintiffs have identified as improperly withheld.

### I.   Background

Google has re-reviewed less than half (1,100 of 2,583) of the documents that Plaintiffs have identified as improperly withheld. Of those that it has re-reviewed, Google has revised or withdrawn its privilege designations for over 40% of the identified documents. *See Applied Med. Res. Corp. v. Ethicon, Inc.,* 2005 WL 6567355, *1 (C.D. Cal. May 23, 2005) (noting the withdrawal of assertions of privilege for previously contested documents). But, as revealed last week, issues remain even for those documents that Google continues to claim are privileged.

To bring the remaining improperly withheld documents to the Court's attention, the parties entered into a schedule whereby Plaintiffs identified fifteen (15) documents for *in camera* review. Each of the documents that Plaintiffs identified had already been re-reviewed by Google. However, after receiving Plaintiffs' list, Google withdrew its privilege claim for six of the identified documents, narrowed its redaction for three others, and provided new information about the remaining (including that one other had already been produced with narrowed redactions). That Google withdrew or narrowed its privilege claim for over half of the documents identified for *in camera* review, shows the deficient nature of Google's privilege determinations and why additional scrutiny is necessary.[1]

Google argues that the parties' agreement on dispute 1.11 precludes additional re-review; but any agreement to limit the scope of re-review presupposed accurate privilege logging. The results of Google's re-review—over 40% of re-reviewed documents were not properly withheld—shows the deficiencies in Google's logging and highlights that need for additional review.

### II.   Argument

Plaintiffs respectfully request *in camera* review of four exemplar documents that Google improperly withholds on the basis of attorney-client privilege. Plaintiffs bear a "relatively minimal" burden in seeking *in camera* review and need only show "a reasonable belief that *in camera* review

---

[1] As Plaintiffs noted in an unrelated privilege challenge (Dkt No. 589), the United States Department of Justice has alleged that Google has a "Communicate with Care" program—which trained "employees to hide ordinary business communications from discovery in litigation[.]" *U.S. v. Google, LLC*, 1:20-cv-03010-APM, Dkt. 326-1 at 2 (D.D.C. Mar. 21, 2022). Google's employees are taught how to fake the indicia of privilege by for example, "routinely adding in-house counsel to business communications, affixing privilege labels, and including pretextual requests for legal advice when no advice was actually needed, sought, or thereafter received." *Id.* The Court here already ruled that Google's newly revealed secret program is under review by the D.D.C. and will not be litigated in parallel here. Dkt. No. 592. Plaintiffs only therefore ask that the Court view Google's claims of privilege within the context of the "Communicate with Care" program while understanding that the DOJ's allegations are contested by Google.

may lead to evidence" that the material is not privileged. *In re Grand Jury Subpoena 92-1(SJ)*, 31 F. 3d 826, 830 (9th Cir. 1994). Plaintiffs easily meet this "lenient threshold" because the documents at issue were created by non-attorneys and, as discussed further bellow, the documents do not appear to concern legal advice. *Id.*

### a. GOOG-CALH-00172046

Plaintiffs seek *in camera* review of material redacted from GOOG-CALH-00172046. This document is an email thread from non-attorney Christopher Ackerman (Senior Quantitative User Experience Researcher) to non-attorney Tim Schumann (Software Engineer), with other non-attorneys on copy. The title of the document and the material surrounding the redactions suggest that the withheld portions of this document provide factual information regarding how Google counts Chrome Sync users. *In re Micropro Securities Litig.*, 1988 WL 109973, at *2 (N.D. Cal. Feb. 26, 1988) (attorney-client privilege does not extend to communications consisting of factual information); *accord QinetiQ Ltd. v. Samsung Telecomms. Am. L.P.*, 2004 WL 7330941, at *6 (E.D. Tex. Aug. 12, 2004) (sentences that reflect in-house counsel's awareness of particular facts are not privileged). Google argues that this information was provided in response to a legal inquiry, but the material surrounding the redactions show that the document concerns factual information, not "legal advice." *Dolby Laboratories Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019) (emphasis added) (citations omitted).

### b. Privacy Design Documents

Plaintiffs seek *in camera* review of two Privacy Design Documents (PDD) that Google improperly withholds as privileged. PDDs are technical documents created by and for Google engineers in the ordinary course of business. As described in public reports submitted by Google's independent auditors, PDDs contain information about a "product's data lifecycle, covering data collection, use, notice/control, sharing, storage/access, and deletion/retention." [2] These documents are reviewed by the Privacy Working Group (PWG), which is made up of "engineers (software, privacy, and security), program and product managers, and engineering managers." *Id.* at 13.

Plaintiffs first seek *in camera* review of a PDD titled "Privacy Design Doc for [GMS Core v12] ChromeSync Android module release 2017- 05-05", which Google has withheld entirely (*Calhoun* Privilege Log Entry #7008). The metadata for this PDD confirms this document is authored by PWG. The document concerns a product update on Chrome sync, which the PWG would provide "technical privacy expertise" on. *Id.* The technical expertise provided in this document is factual content that is not subject to privilege. *In re Micropro Securities Litig.*, 1988 WL 109973, at *2.

Plaintiffs also seek *in camera* review of material redacted from GOOG-CALH-00076501, another PDD authored by non-attorney Victor Vianna (Software Engineer) and concerning an "auto-sync … Android feature that allows apps to synchronize user data[.]" *Id.* Google withholds the portion of this document relating to "Privacy considerations: what happens to users with auto-sync disabled." But Google identifies no counsel as providing or seeking legal advice in this redaction portion of the document. Without more, Google has not shown that either highly technical document

---

[2] *Independent Assessor's Report on Google Inc.'s Privacy Program*, at 16, June 24, 2016, https://www.ftc.gov/system/files/documents/foia_requests/2016_Google_Privacy_Assessment%28C-4336%29.pdf.

were created for the "primary purpose" of generating legal advice. *Dolby Laboratories Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d at 873.

During the parties' meet and confer, Google's counsel relied on *Rodriguez v. Google LLC*, No. No. 20-cv-04688-RS (AGT) (N.D. Cal. Dec. 13, 2021) Dkt. 197, to argue for its privilege designations. *Id.* (granting Google's clawback of a PDD concerning firebase after concerning declarations from in-house counsel). But this unpublished opinion concerns a different PDD and a different product (the firebase SDK) than the two at issue, which concern syncing features on Android. And the court there made clear that its order does not extend to all PDDs. *Id.* ("[p]erhaps not all of Google's [PDDs] will be protected by the privilege[.]"). Given the *Rodriguez* opinion concerned a different PDD and product than those at issue here, Google's authority is unavailing.

  **c.**  **"Chrome Sync Data" Document**

Plaintiffs seek *in camera* review of a document titled "Chrome Sync Data ... - Add: ‚Äúand anonymize‚Äù", which Google has withheld entirely (Cross-Use Log Entry CABR2152). Google argues that this document is a comment notification reflecting legal advice of in-house counsel Noelle Kvasnosky Luiten. But during the parties' meet and confer, Google could not provide any other information regarding the underlying document or how a notification may be privileged. Google has not made a "*clear showing* that the primary purpose of the[se] communication[s] was securing legal advice." *Dolby Laboratories*, 402 F. Supp. 3d at 873 (emphasis added) (citations omitted); *see also In re Google Inc.*, 462 F. App'x 975, 978 (Fed. Cir. 2012) (holding Google failed to demonstrate the purpose of the communication was for the provision of legal advice).

  **III.**  **Conclusion**

Plaintiffs request *in camera* review of just four examples of documents that Google has continued to withhold but that do not appear to relate to legal advice. Given Google's systematic practice of over-designating documents as privileged, Plaintiffs further request that Google be required to re-review the remaining documents challenged by Plaintiffs.

## GOOGLE'S STATEMENT

This Court should deny Plaintiff's request for *in camera* review of (i) a withheld comment notification that solely contains in-house counsel Noelle Kvasnosky Luiten's revision of a document reflecting her legal advice (Log Entry No. CABR2152); (ii) a redacted section of a design document containing information provided by non-attorneys to facilitate Ms. Luiten's provision of legal advice and approval (Log Entry No. 300 (GOOG-CALH-000765010)); (iii) redacted emails from non-attorneys discussing legal advice of counsel (Log Entry No. 790 (GOOG-CALH-00172046)); and (iv) a design document prepared by non-attorneys to provide information necessary for Google in-house counsel Chelsea Tanaka to render legal advice (Log Entry No. 7008). *In camera* review requires Plaintiffs to "show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *2 (N.D. Cal. May 1, 2019) (citation omitted). Plaintiffs have failed to meet this burden. Accordingly, their request for *in camera* review should be summarily denied.

Plaintiffs attempt to obfuscate their burden for these specific documents by falsely claiming that Google has improperly withheld thousands of documents and alluding to unfounded allegations in an unrelated action.[3] The facts are that Google has undertaken extensive efforts (requiring hundreds of attorney hours) to conduct a good faith re-review of documents identified by Plaintiffs and correct any inadvertent misdesignations pursuant to the parties' agreement. Even if considered, the statistics Plaintiffs cite paint a misleading picture and do not suggest widespread over-designation. Plaintiffs ignore that they have admitted having "no challenge" to 10,000+ documents on Google's privilege logs (which represent a small fraction of the over 1 million documents Google has produced in this case). And, even focusing on the documents that Plaintiffs have challenged, those include a number of duplicates and near-duplicates of already-produced documents, along with a number of documents that Google produced after undertaking re-review *prior to* receiving Plaintiffs' challenges. Indeed, when this Court reviewed prior documents that Plaintiffs sought to challenge *in camera*, it confirmed Google's privilege designations and denied Plaintiffs' attempts to compel disclosure. *See* Dkt. 592 at 3 ("[T]he Court finds that Google has carried its burden of demonstrating by a clear showing that all three of the disputed documents are privileged as attorney-client communications.").

Plaintiffs' also raise a new and improper demand for Google to re-review an additional 1,248 documents. This unjustified request is foreclosed by Plaintiffs' agreement to resolve any remaining disputes regarding Google's privilege logs via Google's re-review of an additional 200 documents and the submission of this joint brief, which the parties agreed to after Google completed its re-review of 900 documents challenged by Plaintiffs. *See* Dkt. 579 ("The parties have agreed to resolve disputes over Google's Privilege Logs, whereby Google will provide responses to entries that Plaintiffs have challenged by no later than March 16, 2022, and the parties will brief any pending privilege disputes to the Court by no later than March 25, 2022 [via Plaintiffs' identification of 15 documents for *in camera* review briefing]."). Plaintiffs' demand for additional re-review—first proposed today when they provided Google with their section of this joint brief—fundamentally contradicts this agreement and runs afoul of the Court's directive to "focus the issues as appropriate and get this general discovery closed out." Mar. 17, 2022 Hrg. Tr. 6:18-21.

---

[3] Plaintiffs' citation to allegations from an unrelated case ignores this Court's directive that "[t]he specific documents and communications in dispute, such as those the Court has reviewed here, are relevant to . . . analysis [of privilege in this case] . . . [a]llegations in an unrelated action pertaining to unrelated documents are not." Dkt. 592.

Even if the Court is inclined to consider Plaintiffs' individualized requests, each of the privileged documents and communications in dispute is protected from disclosure for the reasons detailed below:

**Log Entry No. CABR2152:** This document is a Google Docs comment notification informing a non-attorney employee of Google in-house counsel Noelle Kvasnosky Luiten's revision of another document, which Google withheld from production based on the attorney-client privilege. The only substantive content included in this document consists of (i) Ms. Luiten's edit, which reflects her legal advice; and (ii) a link to the title of the underlying document. This provides a snapshot of Ms. Luiten's redline of the underlying document, and thus it is clearly privileged. *See Chattler v. United States*, 2009 WL 1313227, at *4 (N.D. Cal. May 12, 2009) ("track-changes draft with legal comments made directly in draft" is "protected by the attorney-client privilege"). These facts would be obvious if the Court were to review this document *in camera*. Plaintiffs' request for *in camera* review should be denied.

**Log Entry No. 300 (GOOG-CALH-00076501):** GOOG-CALH-00076501 is a design document (rather than a PDD, as Plaintiffs claim) with certain information included in the "privacy considerations" section redacted. The "privacy considerations" section of this document was prepared by non-attorneys and provides technical information relating to privacy-relevant features as part of Google's privacy-by-design product iteration, and formal legal approval of the feature detailed in this document is recorded in the associated launch review bug by Ms. Luiten. This information is privileged. *Planned Parenthood*, 2019 WL 1950377 at *5 (denying request for *in camera* review where challenging party failed to provide evidence to rebut description of the document as a privileged communication "containing information necessary for counsel to render legal advice"). Plaintiffs' own assertions of privilege in this case show that they agree. *See, e.g.*, Plaintiffs' Privilege Log Entry Nos. 7, 8, 40, 42-45, 73, 74 (describing withheld documents as "[e]mail[s] providing information . . . necessary for the provision of legal advice"). In the *Brown* litigation, this Court declined to order production of a similar section of a design document. *See Brown* Dkt. 585 ("The redacted sections under 'Considerations . . . privacy' and 'Privacy review guidance' [of GOOG-CABR-05766200] are covered by the attorney-client privilege, and the redactions remain in place."). Plaintiffs have not explained why this document is somehow distinguishable from the document that the Court analyzed in the *Brown* litigation—and they cannot. The Court should deny Plaintiffs' request for *in camera* review of GOOG-CALH-00076501 for the same reasons that it denied the *Brown* Plaintiffs' motion to compel production of GOOG-CABR-05766200.[4]

**Log Entry No. 790 (GOOG-CALH-00172046):** This is an email thread between Google employees with two emails redacted. Google properly redacted these emails because they show non-attorney Google employees discussing the legal advice of in-house counsel. These redacted emails fall squarely within the scope of the attorney-client privilege. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (privilege applies to "communication[s] between nonlegal employees in which the employees discuss or transmit legal advice given by counsel . . . [because] [s]uch communications obviously reveal privileged communications."). And as this Court has recognized, discussions between non-attorneys do not fall outside of the scope of attorney-client privilege merely because attorneys are not directly included in the discussion. *See*

---

[4] If the Court requests *in camera* review of this document, Google will provide a declaration from Ms. Luiten providing the factual basis for Google's assertion of privilege.

Brown Oct. 27, 2021 Hrg. Tr. 9:16–19 ("[A]s we know from the . . . Ninth Circuit, transmitting legal advice, sharing it, discussing it, even without the lawyer, is still within the coverage of attorney-client privilege."); *see also Brown* Dkt. 515 at 2 (denying request to compel production of redacted discussion between non-attorneys discussing the legal advice of counsel in GOOG-CABR-00547295). Google has already explained this to Plaintiffs, and it would be readily apparent if the Court were to review the redacted text because it includes express references to legal advice from counsel. Plaintiffs' request for *in camera* review of this document should be denied.

**Log Entry No. 7008:** This document is a "Privacy Design Document" that Google withheld from production pursuant to the attorney-client privilege. This document comprises prepared responses from non-attorneys to specific questions from privacy counsel to provide technical information necessary to facilitate the provision of legal advice and approval by Google in-house counsel Chelsea Tanaka, and it is thus protected from disclosure by the attorney-client privilege. *See Visa U.S.A., Inc. v. First Data Corp.*, 2004 WL 1878209, at *9 (N.D. Cal. Aug. 23, 2004). (documents prepared at the request of counsel for the purpose of rendering legal advice are privileged). The inclusion of technical information in this document does not render it non-privileged. *See, e.g.*, *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *4 (N.D. Cal. Apr. 18, 2003) ("Technical information 'primarily concerned with giving legal guidance' remains privileged.").[5] Plaintiffs aver that an auditor reference that predates the existence of the document at issue somehow renders the content of this particular document non-privileged. Not so. Google has never shared the document at issue with regulators or other third parties, and Plaintiffs' suggestion that a non-attorney prepared it ignores the fact that this particular document was prepared to facilitate counsel's provision of legal advice. Because Plaintiffs have not provided a sufficient factual basis for disputing Google's assertion of privilege, Google respectfully submits that Plaintiffs' request for *in camera* review of this document should be denied.

If the Court determines that it will review any of the documents discussed above *in camera*, Google respectfully requests sufficient notice to procure declarations attesting to the factual basis for Google's assertion of privilege over these documents and submit a short statement in support of Google's privilege claims, as the Court ordered in *Brown*. *See Brown* Dkt. 468.

---

[5] If the Court requests *in camera* review of this document, Google will submit a declaration from Ms. Tanaka providing the factual basis for Google's assertion of privilege.

| | | |
|---|---|---|
| 1 | **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| 2 | By: */s/ Lesley Weaver* | |
|   | Lesley Weaver (Cal. Bar No. 191305) | By: */s/ Andrew H. Schapiro* |
| 3 | Angelica M. Ornelas (Cal. Bar No. 285929) | Andrew H. Schapiro (admitted *pro hac vice*) |
|   | Joshua D. Samra (Cal. Bar No. 313050) | andrewschapiro@quinnemanuel.com |
| 4 | 555 12th Street, Suite 1600 | 191 N. Wacker Drive, Suite 2700 |
|   | Oakland, CA 994607 | Chicago, IL 60606 |
| 5 | Tel.: (415) 445-4003 | Tel: (312) 705-7400 |
|   | Fax: (415) 445-4020 | Fax: (312) 705-7401 |
| 6 | lweaver@bfalaw.com | |
|   | aornelas@bfalaw.com | Stephen A. Broome (CA Bar No. 314605) |
| 7 | jsamra@bfalaw.com | stephenbroome@quinnemanuel.com |
|   |  | Viola Trebicka (CA Bar No. 269526) |
| 8 | **DICELLO LEVITT GUTZLER LLC** | violatrebicka@quinnemanuel.com |
| 9 |  | 865 S. Figueroa Street, 10th Floor |
|   | By: */s/ David A. Straite* | Los Angeles, CA 90017 |
| 10 | David A. Straite (admitted *pro hac vice*) | Tel: (213) 443-3000 |
|   | One Grand Central Place | Fax: (213) 443-3100 |
| 11 | 60 East 42nd Street, Suite 2400 | |
|   | New York, New York 10165 | Jomaire Crawford (admitted *pro hac vice*) |
| 12 | Tel.: (646) 933-1000 | jomairecrawford@quinnemanuel.com |
| 13 | dstraite@dicellolevitt.com | 51 Madison Avenue, 22nd Floor |
|   |  | New York, NY 10010 |
| 14 | Amy E. Keller (admitted *pro hac vice*) | Tel: (212) 849-7000 |
|   | Adam Levitt (admitted *pro hac vice*) | Fax: (212) 849-7100 |
| 15 | Ten North Dearborn Street, 6th Fl. | |
|   | Chicago, Illinois 60602 | Josef Ansorge (admitted *pro hac vice*) |
| 16 | Tel.: (312) 214-7900 | josefansorge@quinnemanuel.com |
| 17 | akeller@dicellolevitt.com | 1300 I Street NW, Suite 900 |
|   |  | Washington D.C., 20005 |
| 18 | **SIMMONS HANLY CONROY LLC** | Tel: (202) 538-8000 |
|   |  | Fax: (202) 538-8100 |
| 19 | By: */s/ Jay Barnes* | |
|   | Jason 'Jay' Barnes (admitted *pro hac vice*) | Jonathan Tse (CA Bar No. 305468) |
| 20 | An Truong (admitted *pro hac vice*) | jonathantse@quinnemanuel.com |
|   | Eric Johnson (admitted *pro hac vice*) | 50 California Street, 22nd Floor |
| 21 | 112 Madison Avenue, 7th Floor | San Francisco, CA 94111 |
| 22 | New York, NY 10016 | Tel: (415) 875-6600 |
|   | Tel.: (212) 784-6400 | Fax: (415) 875-6700 |
| 23 | Fax: (212) 213-5949 | |
|   | mbreit@simmonsfirm.com | |
| 24 | jaybarnes@simmonsfirm.com | |
| 25 | *Counsel for Plaintiffs* | *Counsel for Defendant* |

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: March 29, 2022

By: */s/Andrew H. Schapiro*
Andrew H. Schapiro

*Counsel for Defendant*