Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-5146-YGR-SVK<br><br>**GOOGLE SUBMISSION RE: IN CAMERA REVIEW AND RE-REVIEW PROPOSAL (RE: DKT. 603)**<br><br>Referral:  Hon. Susan van Keulen, USMJ |

April 11, 2022

**SUBMITTED VIA ECF**
Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    Google Submission re: *In Camera* Review and Re-Review Proposal
            *Calhoun v. Google LLC*, Case No. 5:20-cv-5146-YGR-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

       Pursuant to your Honor's April 1, 2022 order (Dkt. 603), Google submits this statement, supporting declarations, and documents (submitted *in camera*) for the Court's consideration.

# GOOGLE'S STATEMENT

## I. Plaintiffs' Request for Production of Documents Submitted *In Camera*

The Court should deny Plaintiffs' request for production of unredacted versions of (i) emails between non-attorneys discussing a request from Google in-house counsel for information to facilitate the provision of legal advice (GOOG-CALH-00172046); and (ii) the privacy considerations section of a design document that was prepared by a non-attorney for the primary purpose of providing technical information to Google in-house counsel to facilitate the provision of legal advice and approval (GOOG-CALH-00076501). This information is covered by the attorney-client privilege and was properly redacted.

### Log Entry No. 790 (GOOG-CALH-00172046)

GOOG-CALH-00172046 is an email thread between Google employees with two emails redacted (at -046-47). Google properly redacted these emails because they show non-attorney Google employees Tim Schumann and Chris Ackerman discussing a request from in-house counsel for the production of data to satisfy certain legal requirements. As the content of this document makes clear, these redacted emails fall squarely within the scope of the attorney-client privilege. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (privilege applies to "communication[s] between nonlegal employees in which the employees discuss or transmit legal advice given by counsel . . . [because] [s]uch communications obviously reveal privileged communications."). As this Court has recognized, communications between non-attorneys do not fall outside of the scope of attorney-client privilege merely because attorneys are not directly included in the discussion. *See* Brown Oct. 27, 2021 Hrg. Tr. 9:16–19 ("[A]s we know from the . . . Ninth Circuit, transmitting legal advice, sharing it, discussing it, even without the lawyer, is still within the coverage of attorney-client privilege."); *see also Brown* Dkt. 515 at 2 (denying request to compel production of redacted discussion between non-attorneys discussing the legal advice of counsel in GOOG-CABR-00547295). Plaintiffs' request to compel the production of an unredacted version of GOOG-CALH-00172046 should be denied.

### GOOG-CALH-00076501

GOOG-CALH-00076501 is a design document that Google produced with certain information in the "privacy considerations" section (at -503-04) redacted. The redacted "privacy considerations" section of this document was prepared by a Google engineer primarily to provide technical information to in-house counsel to facilitate the provision of legal advice by in-house counsel (along with engineering advice from privacy engineers). Vianna Decl. ¶ 4. The redacted information contained in this section is typical of the type of information that non-attorneys provide to facilitate the provision of legal advice and approval pursuant to Google's privacy-by-design product iteration process. Tanaka Decl. ¶¶ 4-6. And the project described in this document was reviewed and approved by in-house counsel Noelle Kvasnosky Luiten. Tanaka Decl. ¶ 8. Communications containing technical information prepared by non-attorneys to facilitate the provision of legal advice by counsel are protected from disclosure by the attorney-client privilege. *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *5 (N.D. Cal. May 1, 2019) (privilege applies to communications "containing information necessary for counsel to render legal advice"); *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *4 (N.D. Cal. Apr. 18, 2003) ("Technical information 'primarily concerned with giving legal guidance'

remains privileged.") (citing *Jack Winter, Inc. v. Koratron Co.*, 54 F.R.D. 44, 46 (N.D. Cal. 1971)). Plaintiffs agree. *See* Plaintiffs' Privilege Log Entry Nos. 7, 8, 40, 42-45, 73, 74 (describing documents withheld on the basis of privilege as "[e]mail[s] providing information . . . necessary for the provision of legal advice"). As such, Plaintiffs' request for production of an unredacted version of GOOG-CALH-00076501 should be denied.

**II.     Google's Re-Review Proposal**

Google has identified a random sample of 500 of the remaining 1,139 privilege log entries that Plaintiffs previously challenged (but were not previously re-reviewed pursuant to the agreement of the parties), and it has already begun re-reviewing these documents.[1] Google expects to provide the results of this re-review and produce any documents that it determines were inadvertently mis-designated as privileged by April 19, 2022.

If the error rate for these 500 documents is over 10%, Google will re-review Plaintiffs' remaining 639 challenges. If this re-review proves to be necessary, Google will complete it by April 29, 2022.

This proposal is reflected in Google's Proposed Order submitted concurrently with this statement.

---

[1] In addition to this random sample, Google is currently re-reviewing 237 documents from its cross-production privilege logs to address the two categories of documents identified by the *Brown* Plaintiffs. To the extent Google determines that any of those documents were inadvertently mis-designated as privileged upon re-review, they will be produced to both the *Calhoun* and *Brown* Plaintiffs.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*