**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban S. Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE THE REPORT OF ATTORNEY PAUL SCHWARTZ**<br><br>Hr'g Date: May 31, 2022, 2PM PT<br><br>Courtroom: 1, 4th Floor<br><br>Hon. Yvonne Gonzalez Rogers |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ iii

I.   INTRODUCTION ............................................................................................................... 1

II.  ARGUMENT ....................................................................................................................... 1

    A.   Professor Schwartz Has Ethical Duties to Google as Google's Counsel, Rendering His Opinions Biased and Unreliable ......................................................... 1

    B.   The Schwartz Report Includes Inadmissible Legal Conclusions .............................. 3

    C.   Google Concedes that Professor Schwartz is Not a Computer Science Expert and His Opinions that Relate to Google's Technology are Not Reliable ........................ 6

    D.   Professor Schwartz's Opinions Contradict the Court's Rulings and are Based on an Outdated FTC Regulation ...................................................................................... 7

III. CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. China Integrated Energy Inc.*,
    No. CV1102559BROPLAX, 2015 WL 12720322 (C.D. Cal. Feb. 17, 2015) ........................... 3

*Choi v. Tower Research Capital LLC*,
    2 F.4th 10 (2d Cir. 2021) .................................................................................................... 4

*Commodores Entertainment Corp., v. McClary*,
    879 F.3d 1114 (11th Cir. 2018) .......................................................................................... 4

*Commonwealth Ins. Co. v. Stone Container Corp.*,
    178 F. Supp. 2d 938 (N.D. Ill. 2011) .................................................................................. 2

*Crowley v. Perdue*,
    318 F.Supp.3d 277 (D.D.C. 2018) ...................................................................................... 4

*Dires, LLC v. Select Comfort Corp.*,
    142 S. Ct. 561 (2021) ......................................................................................................... 4

*In re Initial Public Offering Securities Litigation*,
    174 F. Supp. 2d (S.D.N.Y. 2001) ....................................................................................... 4

*M.S. by and through Hall v. Susquehanna Township School District*,
    969 F.3d 120 (3d Cir. 2020) ............................................................................................... 4

*Nutrition 21 v. United States*,
    930 F.2d 867 (Fed. Cir. 1991) ............................................................................................ 3

*Otto v. LeMahieu*,
    No. 4:19-CV-00054-YGR, 2021 WL 1615311 (N.D. Cal. Apr. 26, 2021) ..................... 1, 7

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*,
    150 Cal. App. 4th 384 (2007) ............................................................................................ 2

*Redman v. Walters*,
    88 Cal. App. 3d 448 (1979) ................................................................................................ 2

*Renfroe v. Parker*,
    974 F.3d 594 (5th Cir. 2020) .............................................................................................. 4

*Select Comfort Corp. v. Baxter*,
    996 F.3d 925 (8th Cir. 2021) .............................................................................................. 4

*Specht v. Jensen*,
    853 F.2d 805 (10th Cir. 1988) ............................................................................................ 3

*Streit v. Covington & Crowe*,
    82 Cal. App. 4th 441 (2000) ............................................................................................... 2

*Televisa, S.A. de C.V. v. Univision Comms., Inc.*,
    635 F. Supp. 1106 (C.D. Cal. 2009) ................................................................................... 2

iii                                    Case No. 4:20-cv-05146-YGR-SVK
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE PROF. PAUL SCHWARTZ

*U.S. Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.*,
 582 F.3d 1131 (10th Cir. 2009)................................................................................................ 4

*U.S. ex rel. American Systems Consulting, Inc. v. ManTech Advanced Systems Int'l.*,
 600 Fed. Appx. 969 (6th Cir. 2015) ......................................................................................... 4

*U.S. v. Mallory*,
 988 F.3d 730 (4th Cir. 2021) ..................................................................................................... 4

*U.S. v. Mikutowicz*,
 365 F.3d 65 (1st Cir. 2004) ........................................................................................................ 4

*U.S. v. Tamman*,
 782 F.3d 543 (9th Cir. 2015) ..................................................................................................... 4

*Vargas v. City of Los Angeles*,
 No. 216CV08684SVWAFM, 2020 WL 10789578 (C.D. Cal. Feb. 18, 2020) ......................... 5

*Zuchel v. City of Denver*,
 997 F.2d 730 (10th Cir. 1993)................................................................................................... 3

## I. INTRODUCTION

The Schwartz Report (Dkt. No. 430-1 at Ex. 3) must be stricken. Google's proffer of its own legal counsel as an expert, whether to provide legal opinions regarding California law in a California Court, or to challenge computer science theories and conclusions with no qualifications to do so (and without any evidentiary support), is improper.

Rather than squarely addressing these issues, Google raises illusory legal barriers to preclusion. For instance, Google conflates Plaintiffs' reference to Professor Schwartz's prior writings on privacy law in their complaint (Opp. at p. 10) as a concession of expert admissibility. Such reasoning is wrong on the law and facts. While Professor Schwartz advanced *privacy law* positions in the past that support Plaintiffs' claims here, this does not mean that other, unrelated legal opinions are automatically admissible as expert opinion. And indeed, when a professor of law with no training in computer science nor in information theory offers an opinion regarding the use of entropy in calculating the identifiability of data, it should come as no surprise that Plaintiffs would challenge the report.

Google also incorrectly asserts that, at the class certification stage, the Court does not make an ultimate determination on the admissibility of the expert's opinion for purposes of a dispositive motion or trial but, instead, may consider only whether the expert opinions are useful in evaluating class certification requirements. Opp. at p. 4. But, as Google's own citations acknowledge, the proponent of the expert still must demonstrate the expert's purported methodology "can meet any of the articulated bases for acceptance under the *Daubert* standard." *Otto v. LeMahieu*, No. 4:19-CV-00054-YGR, 2021 WL 1615311, at *4 (N.D. Cal. Apr. 26, 2021). When a proffered expert, like Professor Schwartz, "merely regurgitates information untethered to any methodology," his opinions should be excluded—even at the class certification stage. *Id.* at *5.

## II. ARGUMENT

### A. Professor Schwartz Has Ethical Duties to Google as Google's Counsel, Rendering His Opinions Biased and Unreliable

It is more than a little shocking to see Google argue that Professor Schwartz owes no ethical duties to Google. California-based Google does not deny that Paul Hastings LLP is one of Google's go-to law firms to represent its interests around the world. Google also does not deny that Professor

Schwartz is an attorney at that firm, in California. As such, ***prior*** to Google's retention of Professor Schwartz in this matter as a purported expert, ***Professor Schwartz already owed undivided ethical duties to Google*** as a matter of California law. *See* Cal. State Bar Formal Opinion No. 2014-190, at 4 ("When a client retains a law firm, the client's relationship generally extends to all attorneys in the firm") (citing Cal. State Bar Formal Opinion No. 1981-64); *id*. at 4, fn. 8 ("[W]e do accept the basic premise that ***all attorneys in a law firm owe duties – including ethical duties – to each of the firm's clients***.") (emphasis added); *accord, PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 392 (2007) ("Unless there is an agreement to the contrary, the retention of an attorney in a law firm constitutes the retention of the entire firm."); *Streit v. Covington & Crowe*, 82 Cal. App. 4th 441, 445 (2000) ("[B]y retaining a single attorney, a client establishes an attorney-client relationship with any attorney who is a partner of or is employed by the retained attorney."); *Redman v. Walters*, 88 Cal. App. 3d 448, 453-455 (1979) (partner who never had any contact with client was liable for malpractice of his partners).

Google ignores this binding California authority, and instead argues generally that retaining an attorney solely as an expert does not itself create an attorney-client relationship, *see* Opp. at p. 5-6 (citing, *inter alia*, D.C. Bar Legal Ethics Comm., Op. 337 (2007)). But this is deflection: Professor Schwartz already owed duties to Google ***prior*** to his retention in this matter, and thus before he even put pen to paper on his report, he had an undeniable duty to Google. Whether or not the retention of an attorney-expert creates an attorney-client relationship is irrelevant when the retained attorney already owed duties to Google, as was the case here.[1]

Google further attempts to deflect by arguing that Google retained Professor Schwartz as an independent expert, not in his capacity as a Paul Hastings LLP attorney. But the capacity in which Professor Schwartz was retained does not diminish Professor Schwartz's pre-existing duties to Google and the obvious conflict that arises thereafter. More importantly, Google did not retain

---

[1] *Commonwealth Ins. Co. v. Stone Container Corp.*, 178 F. Supp. 2d 938 (N.D. Ill. 2011), *Televisa, S.A. de C.V. v. Univision Comms., Inc.*, 635 F. Supp. 1106 (C.D. Cal. 2009), and *D.C. Bar Legal Ethics Comm.*, Op. 337 (2007) are all cited by Google for the proposition that "the role of an *independent* expert, even if performed by a lawyer, does not create an attorney-client or fiduciary relationship." Opp. at p. 5 (emphasis added). As discussed above, the issue here is not the *creation* of the relationship, but the existence of a pre-existing one. Professor Schwartz is *not* an independent expert. He is an attorney for Google.

1  Professor Schwartz; as he confirmed in his report, Google paid Paul Hastings LLP for this project,
2  *not Professor Schwartz*. Schwartz Rep. at ¶ 20. Professor Schwartz also testified at deposition that
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮. Mot., Ex. 1 (attached to Cruz Decl.) at 13:17-15:13. Professor Schwartz was not even
5  aware at his deposition whether or how much money Google had paid to the firm for his services,
6  nor whether additional money was owed to the firm. Opp., Ex. 1 at 25:20-27:16.

7     Google contends that even if Professor Schwartz had a reason to favor Google's position,
8  bias is not a permissible reason for the exclusion of expert testimony. But here, it is not just a
9  question of bias – it is a legal duty of Professor Schwartz to be loyal to Google, a fact not addressed
10 in the cases cited by Google. And even if mere bias *alone* may not be an appropriate basis for
11 exclusion of expert testimony, "where the expert's testimony is pertinent to an issue of law—
12 whether to certify Plaintiffs' class—the Court will consider [the expert's] alleged bias in evaluating
13 his credibility…." *Brown v. China Integrated Energy Inc.*, No. CV1102559BROPLAX, 2015 WL
14 12720322, at *6 (C.D. Cal. Feb. 17, 2015). Here, Professor Schwartz's bias towards Google is one
15 of many reasons Professor Schwartz's opinions are ultimately unreliable, as described more fully
16 in Plaintiffs' motion and this reply.

17     **B.     The Schwartz Report Includes Inadmissible Legal Conclusions**

18     "An expert's opinion on [an] ultimate legal conclusion is neither required nor indeed
19 'evidence' at all." *Nutrition 21 v. United States,* 930 F.2d 867, 871 n.2 (Fed. Cir. 1991). Preclusion
20 in such instances is particularly important where, as here, the proffered expert is an attorney. As
21 explained by the Tenth Circuit, "[t]here is a significant difference between an attorney who states
22 his belief of what law should govern the case and any other expert witness." *Zuchel v. City of*
23 *Denver*, 997 F.2d 730, 742 (10th Cir. 1993) (internal quotation marks and citation omitted). "[O]ur
24 system reserves to the trial judge the role of adjudicating the law for the benefit of the jury." *Specht*
25 *v. Jensen*, 853 F. 2d 805, 809 (10th Cir. 1988). Attorneys have been precluded from usurping the
26 role of the judge for two reasons. *Id.* First, "the jury may believe the attorney-witness, who is
27 presented to them imbued with all the mystique inherent in the title 'expert,' is more knowledgeable
28 than the judge in a given area of the law." *Id.* Second, the jury is likely to be confused by attorney

experts giving opinions on the law, which may differ from the instructions given by the judge, thereby becoming detrimental to the trial process.[2] *Id.*

Here, Professor Schwartz's report does just that. He opines extensively (and incorrectly) on a legal issue – whether the information at issue in this case constitutes "personal information." If permitted, this testimony would usurp the role of the Court and cause confusion, rather than aid, the trier of fact. And he does so without any independent investigation of Google's actual practices, blindly accepting Google's representations at face value. This is nothing more than a recasting of Google's own interpretation of its biased view of the facts to the law. For instance, Professor Schwartz opines that "Google's existing policies and guidelines support the conclusion that the data at issue is neither PII nor PI when Google does not link it to a Google Account and takes steps to ensure it is not associated with an identified individual." Schwartz Rep. at ¶ 67. He goes on to

---

[2] As Judge Shira Scheindlin succinctly noted more than twenty years ago, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is 'so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle," and she also observed that "*every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law.*" *In re Initial Public Offering Securities Litigation*, 174 F.Supp.2d 61, 64–65 (S.D.N.Y. 2001) (emphasis added) (citing Thomas Baker, "The Impropriety of Expert Witness Testimony on the Law," 40 U. Kan. L.Rev. 325, 352 (1992)). Her observation remains true today; no Circuit permits what Google attempts to do here: have its outside counsel submit legal advocacy cloaked as expert testimony. *See U.S. v. Mikutowicz*, 365 F.3d 65, 73 (1st Cir. 2004) ("expert testimony proffered solely to establish the meaning of a law is presumptively improper."); *Crowley v. Perdue*, 318 F.Supp.3d 277, 292 (D.D.C. 2018) (While "an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied … he may not testify as to whether the legal standard has been satisfied."); *Choi v. Tower Research Capital LLC*, 2 F.4th 10, 20 (2d Cir. 2021) ("Expert testimony that usurps the role of the factfinder or that serves principally to advance legal arguments should be excluded."); *M.S. by and through Hall v. Susquehanna Township School District*, 969 F.3d 120, 129 (3d Cir. 2020) ("[A]n expert witness is prohibited from rendering a legal opinion."); *U.S. v. Mallory*, 988 F.3d 730, 741–742 (4th Cir. 2021) ("[T]estimony [that] presents a legal conclusion informing the jury about how it should apply the law … is prohibited."); *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) *cert. denied* 141 S. Ct. 2519 (2021) (experts cannot "render conclusions of law" or provide opinions on legal issues.); *U.S. ex rel. American Systems Consulting, Inc. v. ManTech Advanced Systems Int'l.*, 600 Fed. Appx. 969, 979 (6th Cir. 2015) (excluding a report that "read like a 'memorandum of law'" because "legal conclusions … [are] properly excluded"); *Select Comfort Corp. v. Baxter*, 996 F.3d 925 (8th Cir. 2021) *cert. denied sub nom. Dires, LLC v. Select Comfort Corp.*, 142 S. Ct. 561 (2021) ("Expert's testimony … should not usurp court's role in defining law for jury."); *U.S. v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("an expert cannot testify to a matter of law amounting to a legal conclusion"); *U.S. Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd.*, 582 F.3d 1131, 1150 (10th Cir. 2009) ("Expert witnesses may not testify as to ultimate issues of law governing the jury's deliberations, because instructing the jury is the function of the trial judge."); *Commodores Entertainment Corp., v. McClary*, 879 F.3d 1114, 1128 (11th Cir. 2018) (experts "may not testify to the legal implications of conduct"). With this rule, there is nothing in the Schwartz's Report that is admissible.

surmise that:

> *Google has implemented policies and taken certain steps to ensure that information that is not associated with a user's Google Account is not linked nor reasonably linkable to a specific individual by Google.* Moreover, Google's Fingerprinting Policy prevents certain steps by Google employees that might increase the identifiability of certain information. Here, we also see the same principles as are also present in the information privacy standards that this Expert Opinion has examined above, namely the ALI Data Privacy Principles, the FTC Staff Report, and the CCPA. These standards require consideration of what companies permit and do not permit with personal data….

Schwartz Rep. at ¶ 68-69 (emphasis added); *see also* Schwartz Rep. at ¶ 46 ("Dr. Shafiq's theories of PI and PII are inconsistent with the ALI Data Privacy Principles."); Schwartz Rep. at ¶ 47 ("Dr. Shafiq's theory is also fundamentally inconsistent with the two definitions of PI used in the CCPA."); Schwartz Rep. at ¶ 49 ("Based on Dr. Shafiq's description of the data at issue, none of the data at issue falls under this CCPA definition.").[3] Professor Schwartz is not challenging the facts of Professor Shafiq's work; he is applying those facts to law. These examples highlight the inadmissibility of Schwartz's opinions, which are nothing more than thinly veiled legal conclusions that the information held by Google cannot be considered personal information.

The danger of an expert being permitted to educate the factfinder on legal standards and the applications of those standards is heightened when the expert is an attorney. *See, e.g., Vargas v. City of Los Angeles*, No. 216CV08684SVWAFM, 2020 WL 10789578, at *9 (C.D. Cal. Feb. 18, 2020) ("As an 'expert lawyer,' there was a significant risk that the testimony [this expert] would have provided would have been interpreted by the jury as expert legal conclusions on the very issues that formed the basis for this Trial"). The opinions of Professor Schwartz should be excluded as improper legal conclusions.[4]

---

[3] Not only do Professor Schwartz's opinions include improper legal conclusions, those legal conclusions are based on inaccurate information. As detailed in Plaintiffs' original motion, his opinions are contradicted by Google's own documents. *See* Mot. at p. 10-14.

[4] Google cites to *Corbrus, LLC v. 8th Bridge Capital, Inc.*, seemingly to argue that Professor Schwartz's testimony is permissible to aid the jury in the understanding of the definition of personal information. *See* Opp. at p. 14. But this assertion is belied by the substance of the report. Professor Schwartz's opinions do nothing to *aid* the factfinder on a question of fact. Instead, he attempts to substitute his judgment for the factfinder by telling the factfinder exactly what constitutes "personal information" and "personally identifiable information" under the law and that the information Google holds cannot be considered personal information.

### C. Google Concedes that Professor Schwartz is Not a Computer Science Expert and His Opinions that Relate to Google's Technology are Not Reliable

Google contends that the "vast majority of Plaintiffs' arguments are actually disagreements with [Schwartz's] conclusions, not his methods." Opp. at p. 7. Not So. While Plaintiffs do, indeed, disagree with Professor Schwartz's legal opinions, it is his lack of qualifications in the area of computer science and his lack of methodology (let alone a reliable one) that render his opinions unreliable.

Google's opposition concedes that Professor Schwartz is not a computer science expert. And yet, without knowledge or background in the area of computer science, Professor Schwartz uses his status as a purported "information privacy expert" (Opp. at p. 10) to challenge Professor Shafiq's 32-bit entropy theory and deem it to be "overinclusive" (Opp. at p. 13). He labels Professor Shafiq's method as a "fixed mathematical redline" incompatible with information privacy guidelines. Schwartz Rep. at ¶ 27. If he was, in reality, qualified in the area of computer science, Professor Schwartz would be well aware that the methodology utilized by Professor Shafiq is commonplace in the industry. *See* Dkt. No. 340-19, Shafiq Rep. at ¶ 23. In fact, Google utilizes similar methods in its own regular business practices, as detailed in Plaintiffs' original motion to strike. *See* Mot. at p. 2 (citing, *inter alia*, Google's YouTube video explaining entropy consistent with Professor Shafiq's opinions).

Compounding Professor Schwartz's lack of qualifications as a computer science expert, Professor Schwartz failed to carry out *any* independent fact finding at Google. Google argues that this is because "his expert analysis at class certification was focused on whether '[PI] and information privacy standards in the [U.S.] looks to context and circumstances and not to Professor Shafiq's approach.'" Opp. at p. 9. But "context and circumstances" is a *factual* inquiry, and Professor Schwartz himself admits that "[f]act-intensive considerations" are required to determine whether data is PII. *See* Schwartz Rep. at ¶ 61. Yet Professor Schwartz's report is devoid of any factual inquiry. Rather, and as set forth in Plaintiffs' moving brief, Professor Schwartz blindly accepted factual assertions from his client, Google, when evidence clearly pointed to the contrary. *See, e.g.,* Mot. at p. 10-14 (citing to Google documents and deposition testimonies that clearly contract Professor Schwartz's conclusions). Furthermore, Professor Schwartz's employs *no*

methodology for his opinions. Google concedes as much, acknowledging that Professor Schwartz is merely providing a review of information privacy standards in the United States. Indeed, the report offers nothing more than a recitation of legal definitions, which is not helpful to the factfinder. *See Otto v. LeMahieu*, No. 4:19-CV-00054-YGR, 2021 WL 1615311, at *5 (N.D. Cal. Apr. 26, 2021) ("[This expert]'s opinions do not add anything where he merely regurgitates information untethered to any methodology and is otherwise speculative. This is exactly the type of testimony that fails under the *Daubert* standard—even at the class certification stage."). Professor's Schwartz's opinions challenging Professor Shafiq's findings should be excluded.

### D. Professor Schwartz's Opinions Contradict the Court's Rulings and are Based on an Outdated FTC Regulation

As explained more fully in Plaintiffs' motion, Professor Schwartz's report contradicts Judge Koh's ruling in this case and includes critical misstatements of legal authorities. Google contends that "Judge Koh's determinations at the pleading stage have no bearing on the reliability of Professor Schwartz's rebuttal to Professor Shafiq's theories." Opp. at p. 13. This is categorically incorrect. Judges create legal precedent with their rulings and opinions. Judge Koh clearly and accurately outlined the law and the application of the law to the facts in this case. By submitting an expert report contradicting Judge Koh's rulings, Google attempts to supplant its expert's authority for the Judge.[5]

As for Professor Schwartz's critical mistake of citing obsolete law (the outdated version of "The Children's Online Privacy Protection Act"), Google argues that the provision is only "offered as support for Professor Schwartz's opinion that under U.S. information privacy standards, '[t]he identifiability of data is not to be determined as an abstract or fixed matter.'" Opp. at p. 14. But it is this obsolete law, a law that was reversed in 2013 based on changes in technology, that Professor Schwartz primarily relies upon in his report. As explained more fully in Plaintiffs' motion, the current version of the law contradicts Professor Schwartz's conclusions and renders his opinions

---

[5] Whether Google's objective here is to overtly supplant judicial authority, or subversively obtain reconsideration of Judge Koh's prior ruling, its tactics and abuse of the expert process – submitting legal conclusions and opinions from, effectively, its own counsel – is improper and a needless waste of judicial resources.

unreliable.[6]

## III.   CONCLUSION

For the reasons stated in this brief and Plaintiffs previously filed Motion to Strike, Plaintiffs respectfully request that the report of Professor Schwartz be stricken in full.

RESPECTFULLY SUBMITTED AND DATED this 21st day of April 2022.

| BLEICHMAR FONTI & AULD LLP | DICELLO LEVITT GUTZLER LLC |
|---|---|
| */s/ Lesley E. Weaver* <br> Lesley Weaver (Cal. Bar No.191305) <br> Angelica M. Ornelas (Cal. Bar No. 285929) <br> Joshua D. Samra (Cal. Bar No. 313050) <br> 555 12th Street, Suite 1600 <br> Oakland, CA 94607 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> lweaver@bfalaw.com <br> aornelas@bfalaw.com <br> jsamra@bfalaw.com | */s/ David A. Straite* <br> David A. Straite (admitted *pro hac vice*) <br> Corban Rhodes (admitted *pro hac vice*) <br> One Grand Central Place <br> 60 East 42nd Street, Suite 2400 <br> New York, NY 10165 <br> Tel.: (646) 933-1000 <br> dstraite@dicellolevitt.com <br> crhodes@dicellolevitt.com |
| **SIMMONS HANLY CONROY LLC** <br><br> */s/ Jay Barnes* <br> Jason 'Jay' Barnes (admitted *pro hac vice*) <br> An Truong (admitted *pro hac vice*) <br> Eric Johnson (admitted *pro hac vice*) <br> 112 Madison Avenue, 7th Floor <br> New York, NY 10016 <br> Tel.: (212) 784-6400 <br> Fax: (212) 213-5949 <br> jaybarnes@simmonsfirm.com <br> atruong@simmonsfirm.com <br> ejohnson@simmonsfirm.com <br><br> *Counsel for Plaintiffs* | Amy Keller (admitted *pro hac vice*) <br> Adam Prom (admitted *pro hac vice*) <br> Sharon Cruz (admitted *pro hac vice*) <br> DICELLO, LEVITT, & GUTZLER, LLP <br> Ten North Dearborn St., Sixth Floor <br> Chicago, IL 60602 <br> Tel: (312) 214-7900 <br> akeller@dicellolevitt.com <br> aprom@dicellolevitt.com <br> scruz@dicellolevitt.com |

---

[6] Further, the sum total of Professor Schwartz's purported methodology is to review information privacy standards in the U.S. (Schwartz Rep. at ¶ 19 ("Where I discuss my understanding of information privacy principles, regulations, FTC guidance, and existing laws in this report, it is to provide context for my opinions….") and he has failed at even that, citing to outdated law.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/  Jay Barnes
Jay Barnes
Simmons Hanly Conroy

*Attorney for Plaintiffs*