# EXHIBIT A2
# Redacted Version of Document Sought to be Sealed

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, ELAINE CRESPO, HADIYAH JACKSON and CLAUDIA KINDLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**DECLARATION OF ZUBAIR SHAFIQ, Ph.D., IN SUPPORT OF PLAINTIFFS' OBJECTIONS AND MOTION TO MODIFY THE SPECIAL MASTER'S APRIL 4, 2022 REPORT AND RECOMMENDATIONS** |

**DOCUMENT FILED PROVISIONALLY UNDER SEAL**

**DECLARATION OF DR. ZUBAIR SHAFIQ**

I, Zubair Shafiq, Ph.D., hereby declare under penalty of perjury:

**A.   MY BACKGROUND**

1. I am an associate professor of computer science at University of California, Davis. I received my Ph.D. from Michigan State University in 2014. My research focuses on making the Internet more private, secure, and performant using network measurement and machine learning techniques. I am a recipient of the Dean's Scholar Award (2020), NSF CAREER Award (2018), Andreas Pfitzmann PETS Best Student Paper Award (2018), ACM IMC Best Paper Award (2017), IEEE ICNP Best Paper Award (2012), Fitch-Beach Outstanding Graduate Research Award (2013), and the Dean's Plaque of Excellence for undergraduate research (2007, 2008).

**B.   MY ASSIGNMENT**

2. I submit this declaration in support of Plaintiffs' Objections and Motion to Modify the Special Master Report and Recommendations Dated April 4, 2022 (the "Report and Recommendations"), and I have reviewed a copy thereof, as well as copies of various productions made by Google identifying certain logs that store Plaintiff data as part of the Special Master process in this case.

3. I was asked by Counsel to review the subset of ▮ Google data sources identified in Exhibit A to the Report and Recommendations and compare them to the ▮ data sources that Google identified as relevant through discovery ("Data Source Information Provided Reconciliation - Calhoun.xlsx") and opine as to whether the proposed sample of ▮ data sources would be sufficient for purposes of identifying class members, proving liability, and/or proving damages.

4. My hourly rate for work in this matter is $500. My fees are not in any way contingent on the outcome of this case or this dispute.

**C.   MY OPINIONS**

5. I offer no opinion regarding whether the proposed sampling plan is appropriate. However, if the Court were to adopt it, ▮ of the data sources included on Exhibit A to the Report

1  and Recommendation could be used to identify class members because they can either directly
2  identify or can indirectly be used to infer a Chrome browser user's Sync status.  These data sources
3  **should therefore be preserved in entirety**, not merely on a sampled basis, because the deletion
4  of non-sampled logs may destroy the ability to identify class members that are not part of the
5  sample, or at least I am not aware of Google articulating an alternative means for identifying class
6  members.  These data sources are as follows:

      a.  Index # 32, ▇
      b.  Index # 36, ▇
      c.  Index # 39, ▇
      d.  Index # 46, ▇
      e.  Index # 53, ▇
      f.  Index # 60, ▇
      g.  Index # 61, ▇
      h.  Index # 62, ▇

15  6.  Additionally, one other log included on Exhibit A to the Report and
16  Recommendation for preservation on a sampled basis **should be preserved in its entirety** because
17  it is helpful to prove class member damages:

      a.  Index # 40 ▇

19  7.  Additionally, two other logs that were <u>not</u> included on Exhibit A to the Report and
20  Recommendation (and therefore would otherwise be subject to destruction for all class members)
21  **should be preserved at least on a sample basis**:

      a.  ▇, because it contains new fields such as ▇ and maybe_chrome_incognito that may identify class members.

      b.  ▇, because it is a counterpart to Index # 44 ▇ (that Special Master has recommended to preserve). Since Google is in the process of migrating data between ▇ and ▇ log systems, it is crucial

|   |   |
|---|---|
| 1 | to preserve both Index # 44███ *and* its counterpart ███ -- just |
| 2 | as the Special Master has recommended to preserve GAIA █ *and* GAIA |
| 3 | ███ as well as ZWBK █ *and* ZWBK ███ |

8. Special Master's recommendation does not specify the UIDs that should be preserved. Since Google stores Plaintiff data based on at least three UIDs (i.e., GAIA, Biscotti, and Zwieback, which have been subject to discovery in this case), it is important that all three UIDs are used for preservation.

9. Since Google stores these UIDs in certain logs sometimes in an encrypted format, it is important to preserve the decrypted version of these UIDs when applicable. Alternatively, Google should preserve the encryption/decryption keys that are used to encrypt these UIDs alongside the preserved logs so that the encrypted UIDs can be readily decrypted later when necessary. If these UIDs are not preserved in the unencrypted format or the encryption/decryption keys are not appropriately preserved, it may not be possible to accurately identify a specific user in the preserved logs over time and draw accurate population-level inferences.

10. Based on disclosures made by Google in the Special Master process and personally reviewed by me, many of Google's data logs, including several included in the Special Master's list of █ included in Exhibit A to the Report and Recommendations, are subject to indefinite retention periods ("forever logs"). There is no need to sample these logs if the entirety of the logs are already subject to full retention.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of April, 2022, at Davis, California.

/s/ *Zubair*
Zubair Shafiq, Ph.D.