# Harting Declaration

# Redacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>          Defendant. | Case No. 4:20-cv-05146-YGR-SVK |

**DECLARATION OF RICHARD HARTING**

1.     I am a Software Engineer employed by Google LLC. I have been employed at Google as an engineer since January 2013. Since around mid-2017, I manage the Google Ad Manager reporting infrastructure team at Google. My team processes Sawmill Ads logs at Google. These logs store historical event-level data about ads served through the Google Ad Manager product and users' interactions with them. As a result of my work, I have knowledge of the Sawmill Ads logs, including how they are structured, maintained, and stored. I have also been called upon to assist Google litigation counsel in processes related to preservation and searching of various additional logs. I make this declaration based on personal knowledge and information provided to me by Google colleagues, and if called to testify, I could and would competently testify to such facts.

2.     I understand Plaintiffs are requesting Google preserve all data in, and suspend the normal business retention of, ████████████████████████████████████████ ████████████████████████████████████████ columns, and all columns pertaining to Display Ads, Google Analytics, Google Ads, YouTube, and Google APIs in five keyspaces: ████████████████ █

3.     The data sources implicated by Plaintiffs' preservation demand record many billions of entries a day. These data sources are burdensome to preserve, search, and manage. Based on my understanding of these data sources and Google's data logging system, I believe it is not feasible to

store all data in these data sources indefinitely. Even if we were able to find some engineering solution to storing these data sources, the task of storing and safely hosting the ever-increasing amount of data would take substantial engineering effort and cost.

4. Taking the ████████ that are not currently retained permanently as an example, in the ordinary course of business, ████████████████████████████████ ████████████████████████████████████████████████████████████████ would require writing new scripts. Writing, testing, and validating these scripts would require about a week of engineering time. Maintaining and monitoring the pipelines would take additional time.

5. These logs store information in protocol buffer records. Each log has fields and message files from multiple protocol buffer files; in turn, each proto file imports other proto files and uses subsections of those files.

6. Google estimates that the total size of the ████████████ as of April 24, 2022, based on the current retention periods, is about ████████; together they collect more than ████████ per day. Below is the estimated data size information for each log retrieved from Google's Logs Front Door tool.

| | | |
|---|---|---|
| ███ | ████████████ | ████ |
| █████████ | ██ | ██ |
| ██████████ | ██ | ██ |
| █████████████ | ██ | ██ |
| ███████████ | ██ | ██ |
| ████████████ | ██ | ██ |
| ██████████ | ██ | ██ |
| ████████████ | ██ | ██ |
| ██████ | ██ | ██ |
| █████████████ | ██ | ██ |

Case 4:20-cv-05146-YGR    Document 634-5    Filed 04/25/22    Page 4 of 7

7. As another example, the following four ███████ and sync traffic logs as of April 24, 2022, based on the current retention periods, consist of more than ███████ of data. They record more than ███████ per day. Below is the estimated data size information for each log pulled from Google's Logs Front Door tool.



|   |   |   |
|---|---|---|
| ███████████████ | ████ | ████ |
| █████████████ | ███ | ███ |
| ██████████████ | ██ | ███ |
| █████████████ | ███ | ███ |
| ██ | ███████ | ████████ |

8. The following eight ████████████ are currently ████████████████████████████████████████████████████████████████. Below is the estimated data size information for each log pulled from Google's Logs Front Door tool.

|   |   |   |
|---|---|---|
| ████ | ████████████████████ | █████████████ |
| ██████████ | ██ | ██ |
| █████ | ██ | ██ |
| ████████ | ██ | ██ |
| ██████ | ██ | ██ |
| ██████████████ | █ | █ |
| █████ | █ | █ |
| ██████ | █ | █ |
| █████ | █ | █ |
| ██ | █████ | █████ |

9. Google regularly encounters space constraints and needs to re-evaluate preservation periods for the logs that it currently retains.

10. I also understand the Special Master has recommended that Google preserve all records for 10,000 randomly selected US based UIDs from the selected data sources for each day for which there is data. This sampling approach will require at least ████ engineering hours to

ideate, accomplish and maintain for the ▮▮▮▮▮ alone. Other impacted teams, including Chrome Sync, Analytics, ▮▮▮ and ▮ will also have to implement and maintain preservation pipelines.

    11.    Finally, I also understand that Plaintiffs demand Google to preserve encryption keys ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 25th day of April 2022 at New York.

By: _____
      Richard Harting

Case No. 4:20-cv-05146-YGR-SVK
HARTING DECLARATION