**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 4:20-cv-05146-YGR-SVK

**ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' RESPONSE TO GOOGLE'S OBJECTIONS TO THE SPECIAL MASTER'S SEALED RECOMMENDATIONS AND ORDER DATED APRIL 4, 2022 (DKT NO. 604)**

**CIVIL L.R. 79-5**

Magistrate Judge: Hon. Susan van Keulen

Pursuant to Civil Local Rules 7-11 and 79-5 and the Stipulated Protective Order entered in this matter, Dkt. No. 61, Plaintiffs respectfully submit this Administrative Motion to Seal Portions of the following documents:

| | **Document**[1] | **Text Sought to be Sealed** |
|---|---|---|
| 1 | Dkt. No. 632-2: Plaintiffs' Response to Google's Objections to the Special Master's Sealed Recommendations and Order Dated April 4, 2022 (Dkt. No. 604) | Page 6, lines 15-16 |
| 2 | Dkt. No. 632-4: Supplemental Declaration of Dr. Zubair Shafiq | Page 6, line 5 |

## I. LEGAL STANDARD

"The public has a right of access to the Court's files." Civil L.R. 79-5(a). The presumption of public access can be overcome where the sealing party "articulate[s] compelling reasons supported by specific factual findings…that outweigh…public policies favoring disclosure such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). Courts "must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178-79 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Compelling reasons to seal include protecting "an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (permitting redaction of home addresses and financial account information) (citing *Foltz*, 331 F.3d at 1134 (acknowledging privacy interests implicated by sensitive, personally identifying information)); *Pension Plan for Pension Tr. Fund for Operating Eng'rs v. Giacalone Elec. Servs., Inc.*, No. 13-CV-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015). Web browsing history, account names, and email addresses are defined as "personal information" protected under the California Consumer Privacy

[1] Redacted and unredacted versions of the documents Plaintiffs seek to seal are attached to the contemporaneously filed Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed. Dkt. No. 632.

Act of 2018 ("CCPA"), *see* Cal. Civ. Code § 1798.140(o). The Ninth Circuit also now recognizes a privacy interest in web browsing history and associated cookies and identifiers. *See, e.g.*, *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) (privacy harm arising from alleged non-consensual tracking and collection of plaintiffs' browsing history on third-party sites); *accord Henson v. Turn, Inc.*, 15-cv-1497-JSW-JB, 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018) (approving limits on discovery of web browsing history and cookies because of privacy implications).

## II. PLAINTIFFS MEET THE STANDARD FOR SEALING

The narrowly-tailored proposed redactions to the above-listed documents protect materials that quote, summarize or reflect Plaintiffs' web browsing history and related data and information. *See, e.g.*, First Amended Complaint ("FAC") ¶¶ 122-25, 141, 143-58, Dkt. No. 162-3. The Court previously granted a motion to seal such materials. *See* Order, Dkt. No. 198 (sealing web browsing history and information).

If the Court declined to allow sealing of this personal information, then Plaintiffs stand in the impossible position of deciding whether to forfeit privacy rights in order to protect those same rights, a situation called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-md-02617 LHK (NC), 2016 WL 11505231, at *1 (N.D. Cal. Apr. 8, 2016). Requiring the public exposure of this information would also force them to waive Constitutional protections. *Riley v. California*, 573 U.S. 373 (2014) (browsing history constitutionally protected).

Sealing the limited portions of the above-listed documents "will not interfere with the public's ability to understand the judicial process." *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-cv-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (sealing the portions of the FAC concerning "[d]efendants' products, services, and business practices").

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant this motion to seal.

Dated: April 28, 2022

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley E. Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**

By: */s/ David Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David A. Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 28, 2022

/s/ *David Straite*
David A. Straite

**CERTIFICATE OF SERVICE**

I, David A. Straite, hereby certify that on April 28, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record. I also caused a copy of the under seal filings to be delivered to counsel for Defendant Google LLC via electronic mail.

Dated: April 28, 2022

/s/ *David Straite*
David A. Straite