QUINN EMANUEL URQUHART & SULLIVAN, LLP
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br>　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br>　　Defendant. | Case No. 5:20-cv-5146-YGR-SVK<br><br>**GOOGLE SUBMISSION RE: PRIVILEGE RE-REVIEW (RE: DKT. 617)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

**SUBMITTED VIA ECF**

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    Joint Letter Brief re: *In Camera* Review
              *Calhoun v. Google LLC*, Case No. 5:20-cv-5146-YGR-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

      Pursuant to your Honor's April 15, 2022 order (Dkt. 617), Google submits this statement for the Court's consideration.

# GOOGLE'S STATEMENT

Google has re-reviewed the remaining 1,139 privilege log entries that Plaintiffs have challenged in this litigation, and it has produced any documents from this sample that it has determined to have been inadvertently mis-designated as privileged. These documents are not a representative sample of the remaining documents listed on Google's privilege logs—the vast majority of which Plaintiffs have agreed not to challenge[1]—as they were chosen by Plaintiffs at their "unrestricted discretion." *Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 879 (7th Cir. 2005) (25% error rate does not show improper assertion of privilege where rate is calculated from review of an "unrepresentative sample" chosen by Plaintiffs with "every incentive to cherry-pick the most vulnerable documents").

Out of the 504 documents for which Google is changing its privilege designation, Google's investigation indicates that at least 190 are duplicates or near-duplicates of documents that have already been produced. As such, Google's re-review of the challenged documents described above will result in the production of at most 314 new documents out of 1,139 documents re-reviewed.

This re-review resulted in the following changes to Google's previous designations:

| Change Type | Total | Percentage on the basis of 949 re-reviewed non-duplicate documents | Percentage on the basis of all documents for which privilege is claimed (27,887 total documents on privilege logs) |
|---|---|---|---|
| New documents to be produced in full. | 231 | 24.3% | 0.83% |
| New documents to be produced with redactions. | 72 | 7.6% | 0.25% |
| New previously-redacted documents to be produced without redactions. | 11 | 1.2% | 0.04% |
| New previously-redacted documents to be produced with narrowed redactions. | 0 | 0.0% | 0.0% |

---

[1] Plaintiffs agreed not to challenge 23,774 documents listed on Google's privilege logs. *See, e.g.*, Dec. 30, 2021 Email from Plaintiffs to Google (stating that Plaintiffs have "no challenge" to 2,483 entries from Google Privilege Log 001, 1,609 entries from Google Privilege Log 002, and 766 entries from Google Privilege Log 003); Feb. 1, 2022 Email from Plaintiffs to Google ("no challenge" to 5,429 entries from Google Cross-Use Privilege Log 001 and 8,228 entries from Google Cross-Use Privilege Log 002); Mar. 8, 2022 Email from Plaintiffs to Google ("no challenge" to 5,259 entries from Google Privilege Log 005 and Google Cross-Use Privilege Log 008).

| No change to privilege status. | 626 | 66.0% | 2.2% |
|---|---|---|---|
| Previously-withheld documents determined to be non-responsive upon re-review | 9 | 0.95% | 0.03% |

As the Court's orders in response to Plaintiffs' previous *in camera* demands have shown, Google is committed to strictly construing the privilege and withholding only those documents that merit protection.[2] Google has spent considerable time and resources to ensure that its privilege designations in this action are accurate by, *inter alia*, re-reviewing thousands of documents challenged by the *Brown* and *Calhoun* Plaintiffs and producing any documents that were inadvertently mis-designated as privileged during the course of Google's initial review and production of over one million documents (within just a few months' time).[3] Prior to any privilege challenge by Plaintiffs, each of the documents identified on Google's privilege logs were individually reviewed by outside counsel and/or contract attorneys under outside counsel's supervision tasked with applying often complex and subjective standards to determine whether a document is protected from disclosure. *See, e.g.*, *Am. Nat. Bank*, 406 F.3d at 879 (recognizing that litigants are entitled to seek "to protect documents for which a good-faith argument in support of privilege could be made . . . while treading in an area of privilege law that is generally recognized to be 'especially difficult,' namely, distinguishing in-house counsels' legal advice from their business advice."); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 2007 WL 844558, at *1 (N.D. Ill. Mar. 14, 2007) ("[A]lthough the attorney-client privilege does not attach for the proffer of business advice, we recognize that the lines may be difficult to draw."); *Waugh v. Pathmark Stores, Inc.*, 191 F.R.D. 427, 430 (D.N.J. 2000) ("No bright-line rule governs the applicability of the attorney-client privilege and, as a result, the applicability of the privilege should be determined on a case-by-case basis." (citing *Upjohn Co. v. United States*, 449 U.S. 383, 396–97 (1981)). Google and its counsel have an obligation to "zealously protect documents believed, in good faith, to be within the scope of the privilege" and avoid the need for clawbacks and *in camera* reviews when those clawbacks are challenged. *Am. Nat. Bank*, 406 F.3d at 878-879. As such, Google respectfully submits that (i) it has undertaken reasonable, good-faith efforts to ensure that its application of the privilege is well within the reasonableness standard required in discovery; and (ii) no further re-review is required. *See Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993, at *4 (N.D. Cal. Mar. 11, 2011) ("In

---

[2] *Compare, e.g.*, Dkt. 589, at 3-5 (Plaintiffs asserting that "Google's claw backs are improper, and the documents should be produced" and suggesting that Google has engaged in "abuse of the privilege designation") *with* Dkt 592 (the Court ruling that "Google has carried its burden of demonstrating by a clear showing that all three of the disputed documents are privileged as attorney-client communications.").

[3] In order to adequately challenge a party's application of privilege, the challenging party must provide "a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged." Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 2019 WL 1950377, at *2 (N.D. Cal. May 1, 2019). Plaintiffs' challenges do not meet this burden, as they consist of spreadsheets that, *e.g.*, merely identify emails with no attorneys listed and state that the document does not appear to contain legal advice. Nonetheless, Google has re-reviewed all of the documents Plaintiffs have challenged in good faith to resolve the parties' disputes and ensure that any non-privileged materials are produced.

relatively large productions of electronic information under a relatively short time table, perfection or anything close based on the clairvoyance of hindsight cannot be the standard.").

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Counsel for Defendant*