**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)  Andrew H. Schapiro (admitted *pro hac vice*)
dianedoolittle@quinnemanuel.com  andrewschapiro@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)  Teuta Fani (admitted *pro hac vice*)
sarajenkins@quinnemanuel.com  teutafani@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor  191 N. Wacker Drive, Suite 2700
Redwood Shores, CA 94065  Chicago, IL 60606
Telephone: (650) 801-5000  Telephone: (312) 705-7400
Facsimile: (650) 801-5100  Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)  Josef Ansorge (admitted *pro hac vice*)
stephenbroome@quinnemanuel.com  josefansorge@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)  Xi ("Tracy") Gao (CA Bar No. 326266)
violatrebicka@quinnemanuel.com  tracygao@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)  Carl Spilly (admitted *pro hac vice)*
crystalnixhines@quinnemanuel.com  carlspilly@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)  1300 I Street NW, Suite 900
alyolson@quinnemanuel.com  Washington D.C., 20005
865 S. Figueroa Street, 10th Floor  Telephone: (202) 538-8000
Los Angeles, CA 90017  Facsimile: (202) 538-8100
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)  Jonathan Tse (CA Bar No. 305468)
jomairecrawford@quinnemanuel.com  jonathantse@quinnemanuel.com
51 Madison Avenue, 22nd Floor  50 California Street, 22nd Floor
New York, NY 10010  San Francisco, CA 94111
Telephone: (212) 849-7000  Telephone: (415) 875-6600
Facsimile: (212) 849-7100  Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**DECLARATION OF JONATHAN TSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 632)**<br><br>Judge: Hon. Susan van Keulen, USMJ |

I, Jonathan Tse, declare as follows:

1. I am a member of the bar of the State of California and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 632.

3. On April 25, 2022, Plaintiffs filed their Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. On April 25, 2022, I received an unredacted service copy of these documents.

4. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5. Based on my review, there is good cause to seal the following information:

| Document | Basis for Sealing |
|---|---|
| Plaintiffs' Response to Google's Objections to Special Master's Sealed Recommendations and Order Dated April 4, 2022<br><br>Pages 1:6-8, 1:11, 11:19, 1:21, 1:23, 1:27, 2:1, 2:9-11, 2:16, 2:18, 2:20, 2:23, 2:25, 2:27-28, 3:1-3, 3:5-6, 3:8, 3:10, 3:12-13, 3:15-22, 3:24-25, 3:27-28, 4:1-23, 4:25-28, 5:1-13, 5:16, 5:22-27, 6:1-2, 6:6, 6:8, 6:10-11, 6:12, 6:14-27, 7:1-11, 7:14322, 7:28, 8:1-2, 8:15, 8:17 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers, data signals, and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

| | |
|---|---|
| Declaration of Zubair Shafiq in Support of Plaintiffs' response to Google's Objections to Special Master's April 4, 2022 Report and Recommendations<br><br>Pages 2:7, 2:10, 2:13-17, 2:24-25, 3:1-3, 3:5-7, 3:10-12, 3:14, 3:16-27, 4:1-27, 5:1, 5:3, 5:7-10, 5:13, 5:15-20, 5:22-24, 5:26-27, 6:2, 6:4-26, 6:27, 7:1-10 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, identifiers, data signals, and logs, and their proprietary functionalities, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

5. Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

6. Google does not seek to redact or file under seal any of the remaining portions of Plaintiffs' Response to Google's Objections to Special Masters Order and Declaration of Zubair Shafiq not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on May 2, 2022.

DATED: May 2, 2022                QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Jonathan Tse*
      Jonathan Tse

  *Attorney for Defendant*