# EXHIBIT E

# Redacted Version of Document Sought to be Sealed

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PATRICK CALHOUN, *et al*., on behalf of
themselves and all others similarly situated,

              Plaintiffs,

      vs.

GOOGLE LLC,

             Defendant.

Case No. 5:20-cv-5146-LHK-SVK

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

      Pursuant to Federal Rule of Civil Procedure 33, Defendant Google LLC ("Google") hereby

provides its responses and objections to Plaintiffs' Fifth Set of Interrogatories (Nos. 27, 30, 33-34).

These responses and objections are made solely for the purpose of and in relation to this action. In

addition, the responses and objections set forth in this document are based on Google's knowledge,

investigations, and analysis to date. As discovery proceeds, Google may become aware of additional

facts or evidence and its analysis of the case may change. Google reserves all rights to supplement

and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

      The following objections apply to each and every interrogatory propounded by Plaintiffs and

are incorporated into each of the specific objections by reference as if set forth fully therein:

      1.      Google objects to Plaintiffs' definition of "Google," "Defendant," "You," and

"Your" and Instruction No. 1 to the extent that they seek to require Google to produce or otherwise

analyze any document or other information that is not within the possession, custody, or control of

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Google. Google further objects to this definition and instruction to the extent that they purport to impute knowledge of unspecified or unknown parties or persons to Google. Google further objects to this definition and instruction as overly broad, vague, and ambiguous to the extent they purport to include entities other than Google, which is the only named defendant in the present action. Google further objects to this definition and instruction to the extent that they include Google's attorneys and, therefore, cause interrogatories using "Google," "Defendant," "You," and "Your" to seek improperly information protected by the attorney-client privilege, the work product doctrine, the common interest privilege and/or any other applicable privileges or immunities.

2.      Google objects to Plaintiffs' definitions of "Communication," "Correspondence," "Document(s)," "Information," and "File" to the extent that they conflict with the provisions of the ESI Order pertaining to the search and production of documents. Google further objects to each interrogatory to the extent that it requires Google to search for electronically stored information in a manner that is inconsistent with the agreements reached in the parties' ESI negotiations.

3.      Google objects to Plaintiffs' definitions of "[c]oncern," "concerning," "[e]videncing," "[i]ncluding," "[r]egard," "regarding," "refer," "referring," "relate," "relating," "pertain," and "pertaining" to the extent that they propose to alter the plain meaning or scope of any specific interrogatory and to the extent that such alteration renders the interrogatory vague, ambiguous, and overbroad.

4.      Google objects to Plaintiffs' definition of "Data Transmission(s)" as overly broad and unduly burdensome, as it is not limited to computing devices or software programs relevant to this lawsuit and includes any transfer of information from a Chrome browser to "other locations," which is improperly vague.

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

5.      Google objects to Plaintiffs' definition of "Employee(s)" as including "any person who … purported to act on behalf of any Google entity" as overly broad, vague, and ambiguous to the extent it includes persons other than Google's employees.

6.      Google objects to Plaintiffs' definition of "Google Accountholder(s)" as vague and ambiguous to the extent it refers to an "individual who has" a Google account, as it is unclear what ownership or activity by an individual is sufficient to satisfy this definition.

7.      Google objects to Plaintiffs' definition of "Google Domain or Subdomain" as vague and ambiguous because it purports to include any domain or subdomain "associated with … Google," without providing any definition or context for that phrase.  Google also objects to Plaintiffs' definition as overly broad and unduly burdensome to the extent it includes domains and subdomains not at issue in this lawsuit.

8.      Google objects to Plaintiffs' definition of "Google Property" as overly broad and unduly burdensome to the extent it includes Google products and services not at issue in this lawsuit.

9.      Google objects to Plaintiffs' definition of "Google Source Code" as overly broad and unduly burdensome because it is not confined to Google products and services at issue in this lawsuit. To the extent Plaintiffs' definition includes non-public source code, Google further objects because the production of non-public, proprietary source code has already been deemed unwarranted in this case. Dkt. 377 ("[T]he Court finds that the Special Master's factual conclusions regarding the overbreadth of the Plaintiffs' requests for access to nonpublic source code . . . [is] well taken and adopts those findings . . . Plaintiffs have not demonstrated the requisite factual basis of necessity . . .").

10.     Google objects to Plaintiffs' definition of "Person(s)" as overly broad and unduly burdensome in that it purports to include "a non-human entity recognized as having the rights and obligations of a human being."

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

11.     Google objects to Plaintiffs' definition of "Policy" or "Policies" as overly broad, vague, and ambiguous in that it purports to include "any rule, procedure, practice, or course of conduct, whether formal or informal, written, or unwritten, recorded, or unrecorded, that was recognized or followed, explicitly or implicitly."

12.     Google objects to Plaintiffs' definition of "Personal Information" as overly broad and unduly burdensome because it extends far beyond the "personal information" referenced in Plaintiffs' complaint (*see, e.g.*, Dkt. 162-3 ¶¶ 2, 4) and in Google's privacy policy, which defines "personal information" as "information that you provide to us personally which personally identifies you, such as your name, email address, or billing information, or other data that can be reasonably linked to such information by Google, such as information we associate with your Google Account."

13.     Google objects to Plaintiffs' definition of "Relevant Time Period" as overly broad, because it encompasses claims that may be barred by the statute of limitations. Google further objects to Plaintiffs' definition of "Relevant Time Period" to the extent that it encompasses information and/or records that are not reasonably accessible and whose inclusion is not proportional to the needs of the case.

14.     Google objects to Plaintiffs' definition of "Signal" as overly broad and unduly burdensome, as it would cover any type of information or symbol—e.g., "code, flag, data, number, entry, or other indicator"—that exists.

15.     Google objects to Plaintiffs' definition of "Signed-In" as "refer[ring] to signing in or logging in to a Google Account" as vague and ambiguous because it does not clarify whether the user is (1) signed into a Google Account in the Chrome browser or (2) signed into a Google Account in the content area of the browser while signed out of the Chrome browser. Google objects to Plaintiffs' definition of "Signed-In" and "Sign-In" as vague, ambiguous, and improperly circular because the definition relies on the term it seeks to define and Plaintiffs use the terms in ways that

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

require a technical and precise meaning, but do not provide such a definition.  Plaintiffs confusingly appear to use "Signed-In" as a status state for a Google User (e.g., seeking information on Users who are "not Signed-In"), but their definition in its entirety only refers to the act of "signing in or logging in to a Google Account" and not a User state. This is vague and ambiguous and does not provide the information required to answer the Interrogatories, such as whether a User who has ever logged into a Google Account is considered "Signed-in" under Plaintiffs' definition, and it says nothing of Users who may have logged into a Google Account on some devices but not on others.

16.    Google objects to Plaintiffs' definition of "Sync" as "refer[ring] to the Sync feature available on Chrome Browsers" to the extent Plaintiffs purport it adequately defines or includes alleged User states included in Plaintiffs' interrogatories, such as "Synced," "not Synced," or "un-synced," which require a technical and precise definition and are undefined in Plaintiffs' Fifth Set of Interrogatories.

17.    Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the extent they seek information and/or records that are not reasonably accessible and whose inclusion is not proportional to the needs of the case.

18.    Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the extent they conflict with or encompass information and/or records falling outside the scope of discovery under the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

19.    Google's responses to these interrogatories are hereby made without waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

a.    All questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

b.    The right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

c.    The right to object at any time in connection with any further response to this or any other interrogatories; and

d.    The right at any time to supplement its responses.

20.    In offering to produce various types of documents, information, or things, Google makes no representation that any such documents, information, or things exist or are actually known (or not known) to exist.

21.    Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein. Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these interrogatories in accordance with the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

## SPECIFIC OBJECTIONS TO INTERROGATORIES

Subject to the foregoing objections, Google objects to Plaintiffs' interrogatories as follows:

## INTERROGATORY NO. 27:

Explain how Google uses Profile Information, including categories labeled "for Google internal use only."

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    **RESPONSE TO INTERROGATORY NO. 27:**

2        Google incorporates its General Objections as if set forth fully herein. Specifically, Google

3    objects that the Interrogatory is overly broad and unduly burdensome in that it requests "how Google

4    uses Profile Information," without any purported limit to the products, services, or issues relevant

5    to this lawsuit. Google further objects that the phrase "how Google uses Profile Information" is

6    vague and ambiguous because, for example, it does not provide any instruction regarding the type

7    of use Plaintiffs seek to have Google explain, and providing information on all uses would be overly

8    broad and unduly burdensome. Google further objects to Plaintiffs' definition of "Profile

9    Information" as vague, ambiguous, overly broad, and unduly burdensome in that it purports to

10   include "the Data and Information that Google collects about users" without limitation. Google

11   further objects to Plaintiffs' quotation of the language "for Google internal use only" as a category

12   of information included in the Interrogatory without providing citation or direction to Google

13   regarding the source of the quoted information. Google further objects to this Interrogatory to the

14   extent it seeks information protected from disclosure by the attorney-client privilege, the attorney

15   work product doctrine, or any other applicable privilege or protection.

16       Subject to and without waiving the foregoing objections, Google directs Plaintiffs to the

17   January 7, 2022 deposition testimony of Deepak Ravichandran in this action. Google also

18   incorporates its publicly available Help Center pages on this topic, including the page titled "About

19   audience   targeting,"   which   can   be   accessed   at   https://support.google.com/google-

20   ads/answer/2497941.

21   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

22

23       Google incorporates its original response, General Objections, and specific objections as if

24   set forth fully herein.

25

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    To support Google's products, including the display advertising business, Google has

2    created a taxonomy called ███████. The ███████ taxonomy is not used to classify users, but is

3    instead used to classify webpages into different categories. To perform this classification task,

4    software tools known within Google as "classifiers" analyze the content of a web page and apply a

5    category to the web page in an automated fashion. The ███████ taxonomy includes many

6    categories (███████), and one reason for the number of categories is that classifiers generally

7    produce more accurate results with more specific categories. The ███████ taxonomy was

8    produced by Google as GOOG-CALH-00061965.

9    The categories in the ███████ taxonomy are used to classify webpages for two primary

10   purposes: ███████████████████████████████████████████████████████████

11   ██████████████████████████████████████████████████████████████████████

12   ████████████████████████████████ Both of these uses are subject to an

13   "allow list," which restricts the categories that can be used for ███████ or ███████. The allow

14   lists are reflected in the ███████ and ███████ columns of the ███████

15   taxonomy. For a specific category in the ███████ taxonomy, a "no" in the ███████

16   column means the category cannot be used by advertisers to request that their ads be shown on

17   websites in that category. Similarly, a "no" in the ███████ column means the category

18   cannot be used by advertisers to target advertising to specific users. The ███████ list also

19   determines whether a website can be associated with a user's profile. A website will not be

20   associated with a user's profile if the website has been classified in a category for which the ███████

21   ███████ column in the ███████ taxonomy says "no." Thus, the ███████ taxonomy

22   facilitates the exclusion of certain webpage visits from user profiles.

23   As indicated by the ███████ and ███████ columns, none of the

24   "Adult" categories in the ███████ taxonomy are on the allow list for ███████ or ███████

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    ███████.  In other words, no "Adult" categories in the ███████ taxonomy are associated with a

2    user's profile.  As a result, if a user were to visit a webpage that has been classified in an "Adult"

3    category, that visit would not be recorded to the user's profile.

4        Google has several other taxonomies and metrics that apply to targeted advertising. For

5    example, the profile stored in the GAIA ███████ column ████████████████████████████

6    "only stores the clickiness profiles." GOOG-CABR-05741806. "Clickiness" is a measure of how

7    frequently a user clicks on ads as compared to other users. GOOG-CALH-00072868 is an example

8    of a "clickiness profile." The "segments" referred to in this document are clickiness segments,

9    entirely unrelated to the ███████ taxonomy.

10

11   **INTERROGATORY NO. 30:**

12

13       Identify all documents supporting each of your affirmative defenses.

14   **RESPONSE TO INTERROGATORY NO. 30:**

15       Google incorporates its General Objections as if set forth fully herein.  Specifically, Google

16   objects to Plaintiffs' definition of "identify" as overly broad and unduly burdensome, given

17   Plaintiffs have expansively defined it as follows: "When referring to documents, 'to identify' means

18   to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the

19   document creation and, if applicable, transmittal (including dates of any drafts or copies, if

20   applicable); (iv) source or location of where and how the document is stored; (v) custodian(s) of the

21   document; and (vi) the author(s), addressee(s), and recipient(s) of the document."  Google further

22   objects to this Interrogatory to the extent it seeks information protected by the attorney-client

23   privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged

24

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

or protected from discovery. *See, e.g.*, *Wahl v. Am. Sec. Ins. Co.*, 2009 WL 3463211, at *2 (N.D. Cal. Oct. 23, 2009) ("the exact documents and witnesses [defendant] intends to use for each affirmative defense reveals defense counsel's mental impressions, is work product and so is privileged") (quoting *Johnson v. Ocean Ships, Inc.*, 2006 WL 2166192, at *3 (W.D. Wash. July 31, 2006)).

Google further objects to this Interrogatory as improperly compound because it purports to seek the factual bases for at least seventeen affirmative defenses. *See* Dkt. 195 (Google's Answer to Plaintiffs' First Amended Complaint) at 42-47; *Bovarie v. Schwarzenegger*, 2011 WL 719206, at *2 (S.D. Cal. Feb. 22, 2011) ("An interrogatory that seeks a response as to multiple affirmative defenses is counted as a separate interrogatory for each affirmative defense."). Google further objects to this Interrogatory because, in light of Plaintiffs' Fifth Set of Interrogatories purporting to serve Plaintiffs' forty-second numbered Interrogatory and Plaintiffs' inclusion of improperly compound interrogatories, such as the eight subparts in Interrogatory No. 24, Plaintiffs have exceeded the 53 Interrogatory limit imposed by the Court. Dkt. No. 349 ("Absent a showing of good cause, each party shall be limited to 53 interrogatories. Discrete subparts shall each be counted as a separate interrogatory."). Google further objects to the Interrogatory to the extent it improperly asks Google to "identify all documents supporting" each of its affirmative defenses because such request is an overly broad and unduly burdensome contention Interrogatory. *See, e.g.*, *Haggarty v. Wells Fargo Bank*, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012) ("While contention interrogatories are permitted, they are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses."); *Bovarie*, 2011 WL 719206, at *1 ("seeking every fact that underlies every affirmative defense is unduly burdensome.").

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Subject to and without waiving the foregoing objections, Google responds that it is willing to meet and confer with Plaintiffs regarding the scope and discrete subparts contained in this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

Google incorporates its original response, General Objections, and specific objections as if set forth fully herein.

Google agrees to respond to this Interrogatory, subject to the above objections, as to the following affirmative defenses: First Affirmative Defense (Consent), Second Affirmative Defense (Statute of Limitations/Laches), Fourth Affirmative Defense (Unjust Enrichment), Fifth Affirmative Defense (Necessary Incident To Rendition Of Services), Eleventh Affirmative Defense (Waiver/Estoppel), Twelve Affirmative Defense (Contractual Defenses—No Damages), Thirteenth Affirmative Defense (Contractual Defenses—No Liability), Fourteenth Affirmative Defense (Mistake/Lack of Mutual Assent), Fifthteenth Affirmative Defense (Contractual Defenses—Lack of Consideration), and Seventeenth Affirmative Defense (CIPA, Cal. Penal Code §§ 631, 632, et seq— Consent).  Google identifies the following documents:

GOOG-CALH-00027555-66

GOOG-CALH-00050692-704

GOOG-CALH-00052089-91

GOOG-CALH-00050673-74

GOOG-CALH_00050690-91

GOOG-CALH-00050706-08

GOOG-CALH-00027550

GOOG-CALH000052097-98

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    GOOG-CALH-00027547-48

2    GOOG-CALH-00050678-79

3    GOOG-CALH-00050814

4    GOOG-CALH-00050678

5    GOOG-CALH000050663-64

6    GOOG-CALH-00651650-51

7    GOOG-CALH-00027568-98

8    GOOG-CALH-00027599-681

9    GOOG-CALH-00027718

10    GOOG-CALH-00027719

11    GOOG-CALH-00027803-20

12    GOOG-CALH-00492268-788

13    GOOG-CALH-00492789-830

14    GOOG-CALH-00648522-650720

15    GOOG-CALH-00650721-651603

16    GOOG-CALH-00651656-984

17    GOOG-CALH-00651985-652192

18    GOOG-CALH-00047655

19    GOOG-CALH-00047654

20    GOOG-CALH-00047658

21    GOOG-CALH-00047657

22    GOOG-CALH-00047701

23    GOOG-CALH-00047700

24    GOOG-CALH-00047664

25

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    GOOG-CALH-00047650

2    GOOG-CALH-00047661

3    GOOG-CALH-00047663

4    GOOG-CALH-00047649

5    GOOG-CALH-00047660

6    GOOG-CALH-00047686

7    GOOG-CALH-00047698

8    GOOG-CALH-00047685

9    GOOG-CALH-00047697

10   GOOG-CALH-00047643

11   GOOG-CALH-00047642

12   GOOG-CALH-00047634

13   GOOG-CALH-00047633

14   GOOG-CALH-00651654

15   GOOG-CALH-00651653

16   GOOG-CALH-00592132-280

17   GOOG-CALH-00652283

18   GOOG-CALH-00652284-85

19   GOOG-CALH-00660110-16

20   GOOG-CALH-00021633

21   GOOG-CABR-00000661-2030

22   GOOG-CABR-00002031-2158

23   GOOG-CABR-00002199-2248

24   GOOG-CABR-00002291-2362

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    GOOG-CABR-00054504-51

2    GOOG-CABR-00002363-2716

3    GOOG-CABR-00004824

4    GOOG-CABR-00024684 - 4687

5    GOOG-CABR-00025259 - 5260

6    GOOG-CABR-00075521

7    GOOG-CABR-00007815 - 7818

8    GOOG-CABR-00004459 - 4460

9    GOOG-CABR-00894408 - 4415

10    GOOG-CABR-00004757 - 4759

11    GOOG-CABR-00090906

12    GOOG-CABR-00024989

13    GOOG-CABR-00051336

14    GOOG-CABR-00073998 - 4002

15    GOOG-CABR-00055916 – 5941

16    GOOG-CABR-00005790 - 5791

17    GOOG-CABR-00894248-415

18    GOOG-CABR-04067822-80

19    GOOG-CABR-04663985-4057

20    GOOG-CABR-04665130-842

21    GOOG-CABR-04981575-80

22    GOOG-CABR-05325218-48

23    GOOG-CABR-05385582

24    GOOG-CABR-05424600-4

25

**14**     **Case No. 5:20-cv-5146-LHK-SVK**

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    GOOG-CABR-05424608

2    GOOG-CABR-05424610-11

3    GOOG-CABR-05424626

4    GOOG-CABR-05424629

5    GOOG-CABR-05435659-61

6    GOOG-CABR-04762386-97

7    GOOG-CABR-04833969-235

8    GOOG-CABR-04762398-561

9    GOOG-CABR-00039236-49705

10   GOOG-CABR-00059891-63426

11   GOOG-CABR-00063792-66638

12   GOOG-CABR-00042736

13   GOOG-CABR-00041114

14   GOOG-CABR-00061480

15   GOOG-CABR-05373568

16   GOOG-CABR-00049430

17   GOOG-CABR-00061401

18   GOOG-CABR-00060995

19   GOOG-CABR-00060542

20   GOOG-CABR-00061468

21   GOOG-CABR-00061135

22   GOOG-CABR-00059917

23   GOOG-CABR-00040356

24   GOOG-CABR-00040994

25

**Case No. 5:20-cv-5146-LHK-SVK**

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    GOOG-CABR-05877895-98

2    GOOG-CABR-05876958-67

3    GOOG-CABR-05877056-220

4    GOOG-CABR-05877244-324

5    GOOG-CABR-05877336-402

6    GOOG-CABR-05877407-92

7    GOOG-CABR-05877497-510

8    GOOG-CABR-05877515-45

9    GOOG-CABR-05877550-66

10    GOOG-CABR-05877568-676

11    GOOG-CABR-05877678-812

12    GOOG-CABR-05877825-64

13    GOOG-CABR-05877879-94

14    GOOG-CABR-05877899-975

15    GOOG-CABR-05876968-69

16    GOOG-CABR-05877547-49

17    GOOG-CABR-05876970-055

18    GOOG-CABR-05877221-43

19    GOOG-CABR-05877325-35

20    GOOG-CABR-05877511-14

21    GOOG-CABR-05877813-24

22    PLAINTIFFS00027760-61

23    PLAINTIFFS00027796-98

24    PLAINTIFFS00027816-18

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1      PLAINTIFFS00027832-39

2      PLAINTIFFS00027895-96

3      PLAINTIFFS00028213-14

4      PLAINTIFFS00028239-41

5      PLAINTIFFS00028309-15

6      PLAINTIFFS00028816-17

7      PLAINTIFFS00029079-85

8      PLAINTIFFS00029135-36

9      PLAINTIFFS00029145-53

10     PLAINTIFFS00029185-87

11     PLAINTIFFS00034252-53

12     PLAINTIFFS00029263-65

13     PLAINTIFFS00029274-76

14     Plaintiffs' discovery responses

15

16    **INTERROGATORY NO. 33:**

17

18    Identify all Signals recorded by Google that reflect whether Users are not synced, and for

19 each such Signal, how long it is kept, where it is stored, how it may be accesses, and how it may be

20 joined with other data about Users in the United States in Google's custody or control.

**RESPONSE TO INTERROGATORY NO. 33:**

21

22    Google incorporates its General Objections as if set forth fully herein. Google specifically

23 objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect

24 to a nuanced topic that turns on circumstances that are not specified in the Interrogatory. Google

25

further objects to this Interrogatory as vague and ambiguous as to "Signals" because it is unclear what type of information is sufficient to be a Signal, and Plaintiffs' definition includes improperly broad categories such as "number[s]," "data," "entr[ies]," and all "other indicator[s]."  Google further objects to this Interrogatory as vague and ambiguous as to "reflect whether Users are not synced," as it is unclear what type of information is sufficient to show Users are not synced.  For example, Plaintiffs have not explained whether they include signed-in users within their phrase "Users who are not synced," which affects the types of information sent to Google, and it is also unclear whether Plaintiffs seek signals with information to identity users who have never synced, or only users who are "not synced" at a specific and unidentified time or with respect to particular devices.  The term "synced," is undefined and not logically included in Plaintiffs' definition of "Sync," which Plaintiffs generically state "refers to the Sync feature available on Chrome Browsers" and does not describe an action or user state relevant to how Plaintiffs use the term "Synced" in this Interrogatory.  Google further objects to Plaintiffs' use of the undefined phrase "joined with other data" as vague and ambiguous, as neither "joined" nor "data" are defined by Plaintiffs or subject to a readily identifiable definition.  Google further objects to this Interrogatory as overly broad and unduly burdensome, as it seeks information related to "all Signals," which encompasses irrelevant information and is therefore not proportional to the needs of this case.

Google further objects that this Interrogatory is improperly compound, consisting of multiple Interrogatories, and seeks information that is overly broad and unduly burdensome, in light of its request for Google to explain "for each such Signal, how long it is kept, where it is stored, how it may be accesse[d], and how it may be joined with other data about Users in the United States in Google's custody or control."

Subject to and without waiving the foregoing objections, Google responds as follows:

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

If a Chrome user is signed in to a Chrome browser, and signed in to a Google website, and did not have sync enabled on the Chrome browser, then Chrome may send a bit that is stored in the ███████████████████████████████ field in ██████████ ████████. Google also incorporates its response to Interrogatory No. 28.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

Google incorporates its original response, General Objections, and specific objections as if set forth fully herein. Google further states: When a Chrome user stops sync, the Chrome client sends a ██████████████ signal to the Chrome Sync server. The signal is a best effort communication with no guarantee of success. The signal is recorded in Chrome Sync's ██████████ data store, ████████████ where the record is retained until the user clears the sync data associated with that Google Account or deletes that Google Account. The signal is also recorded in ██████████████.

**INTERROGATORY NO. 34:**

Identify all Signals sent from Chrome to Google reflecting when a User is not synced.

**RESPONSE TO INTERROGATORY NO. 34:**

Google incorporates its General Objections as if set forth fully herein. Google specifically objects to this Interrogatory as vague and ambiguous, as it states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Interrogatory. Google further objects to this Interrogatory as vague and ambiguous as to "reflecting when a Users is not synced," as it is unclear what type of information is sufficient to show users are not synced. For example, Plaintiffs have not explained whether they include signed-in users within their phrase

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    "when a User is not synced," which affects the types of information sent to Google, and it is also

2    unclear whether Plaintiffs seek signals with information to identity users who have never synced, or

3    only users who are "not synced" at a specific and unidentified time or with respect to particular

4    devices. The term "synced," is undefined and not logically included in Plaintiffs' definition of

5    "Sync," which Plaintiffs generically state "refers to the Sync feature available on Chrome Browsers"

6    and does not describe an action or user state relevant to how Plaintiffs use the term "synced" in this

7    Interrogatory.  Google further objects to this Interrogatory as overly broad and unduly burdensome,

8    as it seeks information related to "all Signals," which encompasses irrelevant information and is

9    therefore not proportional to the needs of this case.

10       Subject to and without waiving the foregoing objections, Google responds as follows: The

11   signal sent from the Chrome client to the Chrome sync server identifying when a user is signed in

12   to a Chrome browser, and signed in to a Google website, and did not have the sync feature enabled

13   on the Chrome browser is called ██████████████████.

14   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

15       Google incorporates its original response, General Objections, and specific objections as if

16

17   set forth fully herein.  Google further states:  When a Chrome user stops sync, the Chrome client

     sends a ████████████████ signal to the Chrome Sync server.  The signal is a best effort

18   communication with no guarantee of success. The signal is recorded in Chrome Sync's ████████

19   data store, ████████████ where the record is retained until the user clears the sync data

20   associated with that Google Account or deletes that Google Account. The signal is also recorded in

21
     ██████████████████.
22

23

24

25

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1    DATED:  March 4, 2022                    QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
2
                                         By   */s/ Andrew H. Schapiro*
3                                             Andrew H. Schapiro (admitted pro hac vice)
                                              andrewschapiro@quinnemanuel.com
4                                             191 N. Wacker Drive, Suite 2700
                                              Chicago, IL 60606
5                                             Telephone: (312) 705-7400
                                              Facsimile: (312) 705-7401
6
                                              Stephen A. Broome (CA Bar No. 314605)
7                                             sb@quinnemanuel.com
                                              Viola Trebicka (CA Bar No. 269526)
8                                             violatrebicka@quinnemanuel.com
                                              865 S. Figueroa Street, 10th Floor
9                                             Los Angeles, CA 90017
                                              Telephone: (213) 443-3000
10                                            Facsimile: (213) 443-3100

11                                            Jomaire Crawford (admitted pro hac vice)
                                              jomairecrawford@quinnemanuel.com
12                                            51 Madison Avenue, 22nd Floor
                                              New York, NY 10010
13                                            Telephone: (212) 849-7000
                                              Facsimile: (212) 849-7100
14
                                              Josef Ansorge (admitted pro hac vice)
15                                            josefansorge@quinnemanuel.com
                                              1300 I Street NW, Suite 900
16                                            Washington D.C., 20005
                                              Telephone: (202) 538-8000
17                                            Facsimile: (202) 538-8100

18                                            Jonathan Tse (CA Bar No. 305468)
                                              jonathantse@quinnemanuel.com
19                                            50 California Street, 22nd Floor
                                              San Francisco, CA 94111
20                                            Telephone: (415) 875-6600
                                              Facsimile: (415) 875-6700
21
                                              *Attorneys for Defendant Google LLC*
22

23

24

25
                                  **21**              **Case No. 5:20-cv-5146-LHK-SVK**

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**<u>PROOF OF SERVICE</u>**

**NEW YORK, NEW YORK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in New York, NY. My business address is 51 Madison Avenue, 22nd Floor, New York, NY.

On March 4, 2022, I served true copies of the following document(s) described as **DEFENDANT GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement § 8.b, Docket No. 44) and on non-parties pursuant to the Court's August 12, 2021 Cross-use and Discovery Coordination Orders issued in *Brown v. Google*, Case No. 5:20-cv-03664-LHK-SVK (Dkt. 243) and *Calhoun v. Google*, Case No.: 5:20-cv-05146-LHK-SVK (Dkt. 263). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 4, 2022 at Hoboken, NJ.

*/s/ D. Seth Fortenbery*
D. Seth Fortenbery

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'**
**FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**SERVICE LIST**

*Calhoun v. Google LLC*

*Case No. 5:20-cv-05146-LHK*

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Mitchell M. Breit (admitted *pro hac vice*)
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1          *Counsel for Plaintiffs*

2          **<u>SERVICE LIST</u>**

3          *Brown v. Google LLC*

4          *Case No. 5:20-cv-03664-LHK*

5          BOIES SCHILLER FLEXNER LLP

6          Mark C. Mao, CA Bar No. 236165
           Sean P. Rodriguez, CA Bar No. 262437

7          Beko Richardson, CA Bar No. 238027
           Antonio Lavalle Ingram, II, CA Bar No. 300528

8          Alexander Justin Konik, CA Bar No. 299291
           **BOIES SCHILLER FLEXNER LLP**

9          44 Montgomery St., 41st Floor
           San Francisco, CA 94104

10         Tel.: (415) 293-6800
           Fax: (415) 293-6899

11         mmao@bsfllp.com
           srodriguez@bsfllp.com

12         brichardson@bsfllp.com
           aingram@bsfllp.com

13         akonik@bsfllp.com

14         James Lee (admitted pro hac vice)
           Rossana Baeza (admitted pro hac vice)

15         **BOIES SCHILLER FLEXNER LLP**
           100 SE 2nd St., 28th Floor

16         Miami, FL 33131
           Tel.: (305) 539-8400

17         Fax: (303) 539-1307
           jlee@bsfllp.com

18         rbaeza@bsfllp.com

19         Amanda K. Bonn, CA Bar No. 270891
           **SUSMAN GODFREY L.L.P**

20         1900 Avenue of the Stars, Suite 1400
           Los Angeles, CA. 90067

21         Tel: (310) 789-3100
           Fax: (310) 789-3150

22         abonn@susmangodfrey.com

23         William S. Carmody (admitted pro hac vice)
           Shawn Rabin (admitted pro hac vice)

24         Steven M. Shepard (admitted pro hac vice)

25         **25**                    **Case No. 5:20-cv-5146-LHK-SVK**

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Alexander P. Frawley (admitted pro hac vice)
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Tel.: (212) 336-8330
Fax: (212) 336-8340
bcarmody@susmangodfrey.com
srabin@susmangodfrey.com
sshepard@susmangodfrey.com
afrawley@susmangodfrey.com

John A. Yanchunis (admitted pro hac vice)
Ryan J. McGee (admitted pro hac vice)
Ra Olusegun Amen (admitted pro hac vice)
Jean Sutton Martin (admitted pro hac vice)
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com
ramen@forthepeople.com
jean@jsmlawoffice.com

*Attorneys for Plaintiffs Chasom Brown et al.*

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIFTH SET OF INTERROGATORIES (NOS. 27, 30, 33-34)**