1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Diane M. Doolittle (CA Bar No. 142046)        Andrew H. Schapiro (admitted *pro hac vice*)
2  dianedoolittle@quinnemanuel.com               andrewschapiro@quinnemanuel.com
   Sara Jenkins (CA Bar No. 230097)              Teuta Fani (admitted *pro hac vice*)
3  sarajenkins@quinnemanuel.com                  teutafani@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor             191 N. Wacker Drive, Suite 2700
4  Redwood Shores, CA 94065                      Chicago, IL 60606
5  Telephone: (650) 801-5000                     Telephone: (312) 705-7400
   Facsimile: (650) 801-5100                     Facsimile: (312) 705-7401
6
7  Stephen A. Broome (CA Bar No. 314605)         Josef Ansorge (admitted *pro hac vice*)
   stephenbroome@quinnemanuel.com                josefansorge@quinnemanuel.com
8  Viola Trebicka (CA Bar No. 269526)            Xi ("Tracy") Gao (CA Bar No. 326266)
   violatrebicka@quinnemanuel.com                tracygao@quinnemanuel.com
9  Crystal Nix-Hines (Bar No. 326971)            Carl Spilly (admitted *pro hac vice*)
   crystalnixhines@quinnemanuel.com              carlspilly@quinnemanuel.com
10 Alyssa G. Olson (CA Bar No. 305705)           1300 I Street NW, Suite 900
11 alyolson@quinnemanuel.com                     Washington D.C., 20005
   865 S. Figueroa Street, 10th Floor            Telephone: (202) 538-8000
12 Los Angeles, CA 90017                         Facsimile: (202) 538-8100
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100
14
   Jomaire Crawford (admitted *pro hac vice*)    Jonathan Tse (CA Bar No. 305468)
15 jomairecrawford@quinnemanuel.com              jonathantse@quinnemanuel.com
   51 Madison Avenue, 22nd Floor                 50 California Street, 22nd Floor
16 New York, NY 10010                            San Francisco, CA 94111
   Telephone: (212) 849-7000                     Telephone: (415) 875-6600
17 Facsimile: (212) 849-7100                     Facsimile: (415) 875-6700
18
   *Counsel for Defendant Google LLC*

19                          UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

21 | PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-5146-YGR-SVK |
22 | | |
   | | **CORRECTED DECLARATION OF JONATHAN TSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL THEIR MOTION FOR LEAVE TO SUPPLEMENT** |
23 | Plaintiffs, | |
24 | v. | |
25 | GOOGLE LLC, | Judge: Hon. Susan van Keulen, USMJ |
26 | Defendant. | |
27
28

I, Jonathan Tse, declare as follows:

1. I am a member of the bar of the State of California and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3) in response to Dkt. 621.

3. On May 2, 2022, Plaintiffs filed their Plaintiffs' Motion for Leave to Supplement Plaintiffs' April 15, 2022 Response to Google's Objections to the Special Master's Sealed Recommendations and Order Dated April 4, 2022 (Dkt. No. 604) Based on Newly Produced Evidence. On May 2, 2022, I received an unredacted service copy of these documents.

4. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil Local Rule 79-5. Based on my review, there is good cause to seal the following information:

| Document | Text To Be Sealed | Basis for Sealing Portion of Document |
|---|---|---|
| Plaintiffs' Motion for Leave to Supplement Plaintiffs' April 15, 2022 Response to Google's Objections to the Special Master's Sealed Recommendations and Order Dated April 4, 2022 (Dkt. No. 604) Based on Newly Produced Evidence | Portions highlighted in blue at:<br><br>Pages 2:19-20, 2:22, 3:6, 3:8-9, 5:6, 5:14, 6:14-21, 6:25, 7:20, 7:22, 7:27, 8:1, 8:4-5, 8:11-14, 8:16-17, 9:2, 9:18, 9:26-28, 10:1, 10:6, 10:15, 10:17, 10:19-22, 10:24-25, 11:16, 11:28, 12:4-6, 12:8, 12:11-12, 12:26, 13:10, 13:12, 13:18-19, 13:24, 13:27, 14:3, 14:6, 14:9-10, 14:13-14, 14:16, 14:18 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of |

| | | | |
|---|---|---|---|
| | | | cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | **Exhibit A** (Shafiq Supplemental Report) | Portions highlighted in blue at: Pages 1:26, 2:5, 2:17-18, 2:22-23, 2:26, 3:1-2, 3:4, 3:6-9, 3:17 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | **Exhibit B** (January 29, 2021 Letter from Google to Plaintiffs) | Portions highlighted in blue at: Pages 2-5 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. |

| | | | |
|---|---|---|---|
| | | | *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | **Exhibit C** (GOOG-CALH-01170421) | Portions highlighted in blue at:<br><br>Sealed in its entirety | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | **Exhibit D** (January 13, 2022 Dep. Tr. Of Tim Schumann) | Portions highlighted in blue at:<br><br>Sealed in its entirety | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such |

| | | |
|---|---|---|
| | | confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| **Exhibit E** (Google's Supplemental Responses and Objections to Fifth Set of Interrogatories (Nos. 27, 30, 33-34). | Portions highlighted in blue at: Pages 8:2, 8:5-7, 8:9-15, 8:17-18, 8:20-21, 8:23-9:1, 9:5, 9:9, 19:3-4, 19:8-10, 19:12, 20:13, 20:17-19, 20:21 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

5.     Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume.  Because the proposed redactions are narrowly

1 tailored and limited to portions containing Google's highly-confidential or confidential information,
2 Google requests that the portions of the aforementioned documents be redacted from any public
3 version of those documents.

4     6.    Google does not seek to redact or file under seal any of the remaining portions of the
5 Motion for Leave or Exhibits not indicated in the table above.

6     I declare under penalty of perjury of the laws of the United States that the foregoing is true
7 and correct. Executed in San Francisco, California on May 11, 2022.

9 DATED: May 11, 2022        QUINN EMANUEL URQUHART &
          SULLIVAN, LLP

12         By    */s/ Jonathan Tse*
          Jonathan Tse

        *Attorney for Defendant*