# EXHIBIT A

# Redacted Version of Document Sought to be Sealed

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, ELAINE CRESPO, HADIYAH JACKSON and CLAUDIA KINDLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**SUPPLEMENTAL REPORT OF ZUBAIR SHAFIQ, Ph.D., IN SUPPORT OF PLAINTIFFS' OPPOSITION TO GOOGLE'S OBJECTIONS TO THE SPECIAL MASTER'S APRIL 4, 2022 REPORT AND RECOMMENDATIONS**<br><br>**SUBJECT: ANALYSIS OF TEST ACCOUNT DATA PRODUCED BY GOOGLE ON APRIL 22, 2022** |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# DECLARATION OF DR. ZUBAIR SHAFIQ REGARDING ANALYSIS OF TEST ACCOUNT DATA PRODUCED BY GOOGLE ON APRIL 22, 2022

I, Zubair Shafiq, Ph.D., hereby declare under penalty of perjury:

## A. MY BACKGROUND

1. I am and associate professor of computer science at University of California, Davis. I received my Ph.D. from Michigan State University in 2014. My research focuses on making the Internet more private, secure, and performant using network measurement and machine learning techniques. I am a recipient of the Dean's Scholar Award (2020), NSF CAREER Award (2018), Andreas Pfitzmann PETS Best Student Paper Award (2018), ACM Internet Measurement Conference Best Paper Award (2017), IEEE International Conference on Network Protocols Best Paper Award (2012), Fitch-Beach Outstanding Graduate Research Award (2013), and the Dean's Plaque of Excellence for undergraduate research (2007, 2008).

2. Attached as **Exhibit A** is a copy of my current curriculum vitae, which sets forth:

   a. additional education experience and qualifications, and

   b. a list of all other cases in which I testified as an expert witness at trial or by deposition in the last four years.

## B. MY ASSIGNMENT

3. I submit this supplemental report in further support of Plaintiffs' Objections ("Objections") to the Special Master Report and Recommendations Dated April 4, 2022 (the "Report and Recommendations" or "R&R").

4. As directed by the Special Master, I set up three test accounts in the names of three fictional characters (the Stark family in Game of Thrones) and ran various web searches on Chrome using those accounts. The purpose was to compare the activity on those browsers with the data as it appears in Google's internal data logs.

5. On April 6, 2022, as directed by the Special Master, I provided search terms / cookie values to be run across selected ▮▮▮▮ columns based on the test account Chrome usage from the period March 1, 2022 through April 2, 2022.

6. I understand that on Friday April 22, 2022, Google returned the search results to counsel. Counsel forwarded them to me on Saturday morning, April 23, 2022.

7. Google's April 22, 2022 production also returned the results for searched GAIA IDs and combinations of IP addresses and user agent values provided by consenting Plaintiffs and by me for the test accounts for the requested time periods across ▮ sync traffic logs.

8. I was asked by Plaintiffs' Counsel to review Google's April 22, 2022 production and identify new understandings that came to light because of the data. I was also asked to opine on the impact that the new data has on the parties' respective arguments for or against preserving data for from the data logs identified in Exhibit A of the R&R.

9. My hourly rate for work in this matter is $500. My fees are not in any way contingent on the outcome of this case or this dispute.

10. I personally reviewed the data produced by Google, and I make this declaration based on facts personally known to me, and I could truthfully testify thereto if called upon to do so.

**C.    MY OBSERVATIONS AND OPINIONS**

11. Google's April 22, 2022 production confirmed that (i) Google logs when a user is not synced, (ii) these logs are accurate and (iii) these logs are fine-grained because log entries are saved very frequently at the ▮ precision.

12. The ▮ weblog contains a field called "sync_feature_enabled." With the test account data produced on April 22, I can now confirm that Google tracks synced and not-synced Chrome users in this field. A synced user will be recorded as sync_feature_enabled: true, while a not-synced user will be recorded as sync_feature_enabled: false.

13. I knew from earlier-produced field descriptions that the ▮ weblog contains the ▮ signal, which is triggered when a Chrome user disables sync. Disabling sync moves a Chrome user to the Basic, Not Synced Chrome mode, and we can thus use it identify a subset of the not signed in members of the proposed class. Unfortunately, Google's retention period for this log is extremely short (▮). I turned off sync in early March, and thus the related signal was not picked up by Google when it ran searches in the first week of April. Thus,

the April 22 production does not include any occurrence of ▮▮▮▮ signals in in ▮▮▮▮ logs related to the test accounts, underscoring the need for full preservation, not just sampling.

14. In the GAIA ▮▮▮ data source, there is a field called ▮▮▮▮▮▮. In the April 22 production from Google, I see that this field records when a Chrome user disables sync, not just enables it. For example, in the April 22 production, I observed ▮ entries in this field for one test account and ▮ of those entries include the attribute ▮▮▮▮▮. The timestamp for these ▮ events is March 5, 2022, which perfectly matches the time when I disabled sync for this account between 9:48am -10:00am on March 5, 2022. GAIA ▮▮▮ thus perfectly records when a class member disables sync and returns to the Basic Browser mode.

15. My review of Google's April 22, 2022 production was the first time I saw test account data confirming that these logs recorded these various sync and not-sync signals in real time with this level of precision.

16. On March 4, 2022, Plaintiffs' counsel in the *Calhoun* and *Brown* actions and their respective experts (including me) attended a live demonstration (via Zoom) of the Google log search process, arranged by the Special Master. During the demo, I observed an additional Not Synced signal that passed from Chrome to Google (▮▮▮▮▮▮▮▮▮) and I mentioned seeing it.

### D. CONCLUSION

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2nd Day of May, 2022, at Davis, California.

/s/   *Zubair*
Zubair Shafiq, Ph.D.