**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' SUPPLEMENT TO ADMINISTRATIVE MOTION FOR LEAVE TO SET BRIEFING SCHEDULE (IN RESPONSE TO DKT. NO. 674)**<br><br>Referral:   Honorable Susan van Keulen |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

By this motion, Plaintiffs seek leave to brief several disputes that have been pending since before the close of discovery, including a dispute that the Special Master directed Plaintiffs raise to the Court regarding Dispute 1.3. Good cause exists to brief these issues at this time as the issues stem from Court orders which directed Google compliance, or otherwise were occasioned by Google's stonewalling in meet and confers and belated productions.

1.  **RFP No. 5: Historically Searched and Preserved Plaintiff Data (Dispute 1.3):** Plaintiffs seek production of Named Plaintiffs data that Google searched and preserved long ago, but which is still being withheld despite multiple Court orders. *See, e.g.*, Dkt. 173 (April 30, 2021 Order), Dkt. 377 (November 12, 2021 Order).

The data at issue is sitting on a litigation platform at Google, and it was long ago gathered from multiple data sources using the Named Plaintiffs' identifiers. There is no dispute that the data is responsive and covered by the Court's orders, and indeed some of it has already been produced, except for a tranche of data for which Google contends it must first notify third party publishers. The Special Master rejected Google's arguments for not producing, and on May 14, 2022, ordered Google to produce this information on pain of sanctions. Google has refused to fully comply. On May 25, 2022, the Special Master directed that this aspect of Dispute 1.3 – Google's failure to produce remaining *historically searched and preserved* Named Plaintiff data – should be brought to the Court as a legal question, as there is no technical dispute as to production. Plaintiffs submit that there is good cause to brief this issue and compel production of this information, as it is made at the direction of the Special Master this week, and any delays were caused by Google's refusal to comply with Court orders.

This dispute, as well as Dispute Nos. 2 and 4 below, relate to Plaintiffs' motion for sanctions filed earlier this week, set for argument on August 11, 2022. Production of the remaining data and responses cannot cure the severe prejudice to Plaintiffs by Google's past discovery misconduct. But because of upcoming expert discovery deadlines (Plaintiffs' expert reports currently due on June 22, 2022), Plaintiffs respectfully request the opportunity to brief a motion to compel now.

2.  **Interrogatory (ROG) Nos. 22 and 23, ▬▬▬▬▬▬ (Dispute 1.32):** In the Parties' joint discovery chart submission of March 2022, Google agreed to amend its responses to

ROG Nos. 22 and 23 to address Plaintiffs' concerns. Accordingly, on March 18, 2022, the Court ordered Google to provide its amended responses to ROG Nos. 22 and 23 by March 25, 2022 (Dkt. 579-5), and Google served its amended responses on April 8, 2022. But rather than amended its answer as agreed, Google provided the same non-response based on the cured objection. The parties met and conferred on April 20, 2022, after which Google agreed to review its response and provide an update as to its position. Plaintiffs sent follow up requests on April 25, 2022, May 4, 2022, May 9, 2022, and May 11, 2022. Google did not respond until May 13, 2022, confirming that it would not deviate from its original position. Plaintiffs submit that good cause exists to brief this issue to the Court and move to compel responses, as the Court already ordered Google to amend its responses to address Plaintiffs' concerns. Google then violated the order, and delayed until May 13, 2022 to confirm that it would not alter its position.

3. **ROG No. 21, Percentage of Not Synced Users:** As with ROG Nos. 22 and 23 above, Google originally agreed to amend its response to ROG No. 21 to address Plaintiffs concerns. On March 18, 2022, the Court ordered Google to provide its amended responses (Dkt. 579-5), and Google served its amended responses on April 8, 2022. But Google's amended response fails to identify the overall percentages of the various browser-states at issue. Plaintiffs are currently reviewing the supplemental answer with their experts. Plaintiffs include this item in their list out of caution should Plaintiffs' experts conclude that the answer is not sufficient. For the same reasons stated above, good cause exists to brief this issue and compel responses at this time.

4. **ROG Nos. 3 and 4, Identification of Total Number of Not Synced Users:** ROG Nos. 3 and 4 ask Google to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. On September 30, 2020, Google answered the interrogatories by claiming that "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" On March 5, 2021, during the hearing on Google's motion for protective order, the Court asked Google, "Is Google able to identify the number of unsynced users who are using Chrome … for any identified period of time – and maybe it's very limited." In response, Google stated, "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2  ▓▓▓▓" Mar. 5, 2021 Tr. 23:1-24:3.

3        Plaintiffs attempted to get more accurate answers to ROG Nos. 3 and 4 through the Interrogatories requesting that Google identify class members. Because Google has simultaneously withheld from Plaintiffs significant data relating to ▓▓▓▓▓▓, and indeed some of it may not be preserved, Plaintiffs cannot calculate it themselves. Google contends that this issue is *still* not ripe because preservation discussions are "on going." Plaintiffs submit that there is good cause to brief this issue and compel responses, as delay was caused by Google's misrepresentation and withholding of key discovery on ▓▓▓▓▓▓, which, had Plaintiffs been aware of, would have been a basis to move to compel these responses sooner.

      **5.** **Google Not Prepared for 30(b)(6) Deposition on Display Ads Profits and Losses:** On May 24, 2022, on a schedule and process approved by the Court, Plaintiffs took the 30(b)(6) deposition of Google employee Katie Lewinski relating ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The questions for which Plaintiffs seek answers are not complicated and Google has systems in place to provide those answers. Google's refusal to answer is highly prejudicial to Plaintiffs. Rather than re-open the deposition, Plaintiff seek a ruling from the Court that Google must either (1) answer the questions that were identified in advance; or (2) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Plaintiffs submit that good cause exists to brief these issues, as the deposition occurred just last week.

      Plaintiffs respectfully request that the Court grant leave to submit discovery briefing on these issues.

Respectfully submitted this 27th day of May 2022.

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **DICELLO LEVITT GUTZLER LLC** |
| By:  /s/ Lesley E. Weaver | By:   /s/ David A. Straite |
| Lesley Weaver (Cal. Bar No. 191305) | David A. Straite (admitted *pro hac vice*) |
| Angelica M. Ornelas (Cal. Bar No. 285929) | Corban Rhodes (admitted *pro hac vice*) |
| Joshua D. Samra (Cal. Bar No. 313050) | One Grand Central Place |
| 555 12th Street, Suite 1600 | 60 E. 42nd Street, Suite 2400 |
| Oakland, CA 94607 | New York, NY 10165 |
| Tel.: (415) 445-4003 | Tel.: (646) 993-1000 |
| Fax: (415) 445-4020 | *dstraite@dicellolevitt.com* |
| *lweaver@bfalaw.com* | *crhodes@dicellolevitt.com* |
| *aornelas@bfalaw.com* | |
| *jsamra@bfalaw.com* | Amy Keller (admitted *pro hac vice*) |
| | Adam Prom (admitted *pro hac vice*) |
| **SIMMONS HANLY CONROY LLC** | Sharon Cruz (admitted *pro hac vice*) |
| | Ten North Dearborn St., 6th Floor |
| By:   /s/ Jay Barnes | Chicago, IL 60602 |
| Jason 'Jay' Barnes (admitted *pro hac vice*) | Tel.: (312) 214-7900 |
| An Truong (admitted *pro hac vice*) | *akeller@dicellolevitt.com* |
| Eric Johnson (admitted *pro hac vice*) | *aprom@dicellolevitt.com* |
| 112 Madison Avenue, 7th Floor | *scruz@dicellolevitt.com* |
| New York, NY 10016 | |
| Tel.: (212) 784-6400 | |
| Fax: (212) 213-5949 | |
| *jaybarnes@simmonsfirm.com* | |
| *atruong@simmonsfirm.com* | |
| *ejohnson@simmonsfirm.com* | |

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of May, 2022, at Oakland, California.

                                         */s/ Lesley E. Weaver*
                                         Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on May 27, 2022, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record. I also caused a copy of the under seal filings to be provided to counsel of record for Defendant via electronic mail.

/s/ Lesley E. Weaver
Lesley E. Weaver