**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al*, individually and on behalf of all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR BRIEFING SCHEDULE FOR OUTSTANDING DISPUTES (DKT. NOS. 673, 677-2)**<br><br>Hon. Susan van Keulen, USMJ |

**INTRODUCTION**

Plaintiffs' administrative motion was filed without notice to Google and asks for briefing on purported discovery disputes that are purely hypothetical, have been assigned to the Special Master, and/or are already the subject of Plaintiffs' sanctions motion. It should be denied.

Indeed, the motion appears to be a tactical move to further delay Plaintiffs' compliance with the Court's March 15 order that they provide substantive responses to Google's Interrogatory No. 19. Dkt. 565 at 22. As demonstrated below, Plaintiffs' response to Interrogatory No. 19 is grossly deficient because it merely incorporates the entire record and dockets of both *Calhoun* and *Brown*. For months, Google has been attempting to have Plaintiffs comply with the Court's order. Plaintiffs would not commit to doing so. Finally, on May 13, 2022, Google served Plaintiffs with its two-and-a-half page portion of a letter brief requesting the Court enforce its order, but Plaintiffs refused to provide their portion of the brief so that it could be filed. Instead, they sought to use their response to attempt to resurrect a litany of other discovery issues that are untimely. When Google indicated that it would seek relief from the Court regarding Interrogatory No. 19 with or without Plaintiffs, they filed the instant motion the next morning. The motion should be denied and Plaintiffs should be ordered to submit their response to Google's letter brief regarding Plaintiffs' deficient response to Interrogatory No. 19.

**The Court Should Enforce Its Order Directing Plaintiffs To Respond To Interrogatory No. 19**

Interrogatory 19 asks Plaintiffs to "[i]dentify all facts supporting each cause of action in your Complaint." Plaintiffs initially refused to respond, but the Court ordered them to do so. Dkt. 565 at 22. On April 8, 2022, Plaintiffs submitted a response that is no response at all. It essentially incorporates the entire record and dockets in both this case and the related case of *Brown v. Google*, No. 4:20-cv-03664-YGR-SVK, including all discovery responses and objections, all deposition transcripts, all expert reports, and all briefing filed or exchanged in both cases. *See* Fortenbery Decl.

Ex. A. Plaintiffs also provided a more-than-200-page list of thousands of documents identified only by Bates numbers without identifying any facts contained therein, leaving Google to guess at how any particular document might relate to a given cause of action. *Id.*

Google immediately identified the deficiency and asked for a meet and confer. Fortenbery Decl. ¶ 4. The parties met and conferred regarding Plaintiffs' deficient responses on April 18, 2022. *Id.* In subsequent correspondence, Google explained to Plaintiffs that their wholesale incorporation of the discovery record and dockets across two separate cases is deficient as a matter of law. *See, e.g.*, *Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 4113341, at *3 (N.D. Cal. Sept. 18, 2012) (compelling additional interrogatory responses where Plaintiffs made "blanket references to the *entire record* in the case" and explaining that "[a] party cannot note that all facts can be found within the entire universe of documents involved in the underlying litigation to answer an interrogatory since referring to a wide universe of documents does not specify the records in sufficient detail." (quotation omitted)); *Former S'holders of Cardiospectra, Inc. v. Volcano Corp.*, 2013 WL 5513275, at *1-2 (N.D. Cal. Oct. 4, 2013) (explaining, in response to similar contention interrogatories, that "[t]he wholesale reference to deposition testimony is likewise improper as it forces [the party] to 'scour' the deposition transcripts to determine whether the responses are complete and identify the responsive portions."); *Logtale, Ltd. v. IKOR, Inc.*, 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013) (in response to interrogatories "which seek the identification of all facts supporting Defendants' contentions," responding "with a one or two sentence narrative and refer[ing] Plaintiff to various documents, including the pleadings" was "not sufficient").

On May 13, 2022, following exchanges of correspondence and a meet and confer by Zoom, Google provided its two-and-a-half page portion of a joint letter brief seeking enforcement of the Court's March 15, 2022 Order. Fortenbery Decl. ¶ 6. Although Plaintiffs have had Google's draft for more than two weeks, Plaintiffs refused to provide their portion, insisting that the dispute be tied

to other potential grievances that Plaintiffs may raise. During the parties' second May 24, 2022 meet and confer, Google rejected Plaintiffs' effort to further delay their response to Interrogatory No. 19, and indicated that Google would seek appropriate relief from the Court. Plaintiffs filed the instant motion the next morning.

### Plaintiffs' Request For Additional Discovery Briefing Should Be Denied

The Court should deny Plaintiffs' request to continue filing joint discovery charts or briefing *ad infinitum* this far past the fact discovery deadline. In contrast to Google's single issue that arose solely because Plaintiffs refused to comply with the Court's Order entered after the close of fact discovery, Plaintiffs seek to brief *six discovery requests* and make additional allegations relating to a Rule 30(b)(6) deposition. Dkt. 677-2.

There is no basis to litigate every possible grievance left over from fact discovery months after the discovery deadline. Indeed, Plaintiffs raise a number of issues that could have been brought long ago. They acknowledge that their disputes "have been pending since before the close of discovery," and readily admit that the responses they seek to challenge regarding Interrogatory Nos. 3 and 4 were served September 30, 2020. Dkt. 677-2 at 1-2. Plaintiffs also admit that three of their five disputes – consisting of five discovery requests – "relate to Plaintiffs' motion for sanctions filed earlier this week." *Id*. (explaining that disputes on RFP No. 5 and Interrogatory Nos. 3-4, 22-23 "relate to Plaintiffs' motion for sanctions"). But to the extent Plaintiffs wish to say more about issues that "relate" to their sanctions allegations, they could (and should) have done so in their motion for sanctions. Their request a week later that these issues separately be raised in a discovery disputes chart (thereby circumventing the 25-page limit applicable to their sanctions motion under Local Rules 7-8 and 7-2) should be denied. In addition, the following points counsel against reopening fact discovery briefing on these particular issues:

- ***Plaintiffs' list includes premature, hypothetical disputes***. For example, Plaintiffs acknowledge that their purported concern regarding Interrogatory No. 21 is not

ripe: "Plaintiffs are currently reviewing the supplemental answer with their experts. Plaintiffs include this item in their list out of caution should Plaintiffs' experts conclude that the answer is not sufficient."  Dkt. 677-2 at 2.

- *Plaintiffs seek to create new disputes out of issues assigned to the Special Master.* For instance, Plaintiffs have litigated RFP No. 5 throughout this case, and it features prominently in Plaintiffs' motion for sanctions.  The Court ordered this RFP to be discussed in the context of the Special Master process. Unwilling to continue to resolve this issue under the Special Master's guidance, Plaintiffs now seek to brief the issue as a separate dispute.

- *Plaintiffs ignore discovery received elsewhere in the case to create disputes*. Regarding the Rule 30(b)(6) deposition questions regarding additional revenue data, each of Plaintiffs' proposed questions is outside the scope of the topic and the witness's knowledge.  Plaintiffs already deposed a separate Rule 30(b)(6) deponent on more granular data about Display Ads revenue on April 14, 2022. Google notified Plaintiffs of its objection one day after they sent their proposed questions and two days before the deposition.  Plaintiffs chose to proceed and exhausted their allotted 30(b)(6) time.

- *Plaintiffs cannot show good cause for untimely briefing on discovery requests Google has adequately answered.*  For example, Google has already responded to Plaintiffs' Interrogatory Nos. 22-23 twice.  Google first responded based on the definition of "identify" Plaintiffs included in their requests.  Google then agreed to amend their responses after Plaintiffs explained they erred in including that particular definition.  Google has provided a full response based on Plaintiffs' amended definition of "identify," and Plaintiffs' brief provides no explanation of the alleged deficiency, other than to simply state they believe Google has provided a "non-response."  Dkt. 677-2 at 1-2.  This is not sufficient to demonstrate good cause for further briefing.

To the extent the Court allows Plaintiffs briefing on one or more of the discovery requests referenced in their administrative motion, Google respectfully requests the schedule proposed by Plaintiffs be modified.  Plaintiffs did not consult with Google regarding their proposed briefing schedule prior to filing their administrative motion, and the briefing falls directly during the time the parties previously agreed Google would prepare its response to Plaintiffs' lengthy sanctions Motion, while the parties are engaged in expert discovery in both *Calhoun* and *Brown*, and while Google will be responding to the *Brown* Plaintiffs' Class Certification Motion.  Accordingly, in the event the Court allows Plaintiffs to brief additional discovery issues, Google requests the Court order the parties to meet and confer on a mutually acceptable briefing schedule.

| | | |
|---|---|---|
| 1 | DATED: May 31, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By  /s/ Andrew H. Schapiro |

                                    Andrew H. Schapiro (admitted *pro hac vice*)
                                    andrewschapiro@quinnemanuel.com
                                    Teuta Fani (admitted *pro hac vice*)
                                    teutafani@quinnemanuel.com
                                    191 N. Wacker Drive, Suite 2700
                                    Chicago, IL 60606
                                    Telephone: (312) 705-7400
                                    Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor

5                 Case No. 4:20-cv-05146-YGR-SVK
GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR BRIEFING

New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*