UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-05146-YGR   (SVK)<br><br>**ORDER FOR SANCTIONS IN RE THIRD PARTY E&Y PRODUCTION**<br><br>RE: DKT. NOS. 558, 601, 616 |

The Court is in receipt of Google's response to this Court's Order to Compel and Order to Show Cause as to why Google should not be sanctioned for interfering with the production of third-party Ernst & Young ("E&Y") documents ordered by this Court. Dkts. 558, 616. The key facts in chronological order are as follows:

- Plaintiffs subpoenaed Defendant's auditor, third-party E&Y, for documents relating to the valuation of certain user information. *See* Dkt. 352 at 5.
- Google moved for a protective order, asking this Court to prohibit Plaintiffs from seeking documents from E&Y. Dkt. 352.
- This Court granted in part and denied in part Google's motion, narrowly tailoring the allowed requests and ordering "E&Y to produce responsive documents in accordance with the Order above by November 30, 2021." Dkt. 380 ("Order to Produce").
- In response to the Order to Produce, E&Y identified 6,322 responsive documents. Dkt. 533, 1:6.
- Prior to production of the E&Y documents, Google reviewed and deselected 6,232 documents on the basis of relevance. After Google's review, 90 documents were produced. *Id*. at 1:10.
- Plaintiffs moved to compel compliance with the Order to Produce, seeking production of

the entire set of 6,322 documents identified by E&Y.  Dkt. 533.

- Google opposed the motion to compel (Dkt. 541) as did E&Y (Dkt. 543).  In its statement, E&Y stated that it in selecting the 6,322 documents, it "made its own good-faith determination, as a non-party to this case, as to what documents appeared responsive to these requests."  Dkt. 543.

- Pursuant to Plaintiff's motion to compel, this Court ordered production of the entire set of 6,322 E&Y documents and issued an order to show cause as to why Google should not be sanctioned for interfering with the E&Y production.  Dkt. 558 ("Order to Compel and OSC").

- Pursuant to the Order to Compel and OSC, Plaintiffs filed a declaration regarding their fees and costs associated with bringing the motion to compel only, excluding the motion for protective order.  Plaintiffs' fees and costs associated with the motion total $10,836.00.

- Google filed a response to the Order to Compel and OSC, restating its arguments in its motion for protective order and in opposition to the motion to compel.  Dkts. 352, 541, 616.

Under Federal Rule of Civil Procedure 37, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Google argues that its review and culling of the E&Y production were "substantially justified" because E&Y's search efforts captured mostly irrelevant documents, and only these documents were removed from the E&Y production.  Dkts. 541; 616.  In sum, Google suggests that the "no harm, no foul" rule should apply to its conduct in this case.  The Court disagrees.

In the first round of this dispute regarding the scope of production by E&Y, Google objected to the subpoena, bringing a motion for protective order which this Court evaluated and ruled upon.  Dkts. 352; 380.  In granting in part and denying in part Google's motion, the Court articulated the scope of responsive documents for E&Y to identify and produce.  Dkt. 380.  The Order to Produce was unambiguous: "E&Y [is ordered] to produce responsive documents in

accordance with the Order above by November 30, 2021." Dkt. 380.  E&Y, a sophisticated litigant in its own right, then searched for and, in E&Y's own words, "made its own good-faith determination, as a non-party to this case, as to what documents appeared responsive to these requests."  Dkt. 543.  Having not received all of the relief it had sought in its motion for protective order, Google took it upon itself to review and significantly reduce the E&Y production.  Dkt. 541 at 3-4; Dkt. 616 at 5.  Google then expected Plaintiffs to take Google's word that the culled documents, collected by E&Y pursuant to this Court's Order to Produce, were not relevant.  *Id*.  Plaintiffs responded with a motion to compel compliance with this Court's Order to Produce, which was the second round of this dispute.  Dkt. 533.  In opposition to the motion to compel, Google argued, as continues to do here, that it was justified in working with E&Y to remove irrelevant documents.  Dkts. 541, 616.  The Court was not persuaded and compelled production and issued an order to show cause as to why Google should not be sanctioned.  Dkt. 558.

Then, as now, Google appears blind to the gravity of the error of its interference with a Court order, the Order to Produce (Dkt. 380).  Google's proffered "justification," primarily that the documents reflect highly confidential financial information not relevant to the claims in suit, was heard and rejected by this Court twice, in both the Order to Produce and the Order to Compel and OSC.  Dkts. 380, 558.  The fact that Plaintiffs did not identify any valuation documents in the documents culled by Google only mitigates the severity of Google's misconduct; it does not excuse it.  None of the authorities cited by Google speak to the situation at hand where, having challenged the scope of a third-party subpoena and received a ruling from the court, a party then substantially culls third-party documents prior to production in contravention of a court order.  Google's actions were, and remain, in breach of this Court's Order to Produce.  Dkt. 558.  In short, Google's actions may have been justified in its own eyes but not in the eyes of the Court.

///
///
///
///
///

For the reasons articulated in this Court's Order to Show Cause and herein, Google is ordered to pay Plaintiffs' fees and costs incurred in bringing the motion to compel in the amount of $10,836.00.

**SO ORDERED.**

Dated: June 6, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge