# [PROPOSED] ORDER GRANTING MOTION FOR SANCTIONS FOR GOOGLE'S DISCOVERY MISCONDUCT

**Redacted Version of Document Sought to be Sealed**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR SANCTIONS FOR GOOGLE'S DISCOVERY MISCONDUCT**<br><br>Judge: Hon. Susan van Keulen, USMJ |

# [PROPOSED] ORDER

Before the Court is Plaintiffs' Motion for Sanctions for Google's Discovery Misconduct (the "Motion"). Having considered the Parties' papers filed in support of and in opposition to the Motion, all other papers on file, and evidence and arguments presented at an evidentiary hearing, the Court ORDERS as follows:

Plaintiffs' Motion is GRANTED and the Court hereby orders as follows:

1. The Court makes the findings of fact in the chart attached as Exhibit A.

2. Google LLC is hereby found in civil contempt for abuse of the discovery process.

3. For Google's failure to preserve and produce not sync signals, Google is precluded from arguing that the absence of signals from which browser state can be determined may not be used as evidence or argument that the proposed Class cannot be ascertained, damages appropriately apportioned, or that the proposed Class definition, which is defined as to include only users who are not synced, contains any "uninjured" class members by reason of an inability to identify users who are not synced.

4. For Google's failure to preserve and timely produce Named Plaintiffs' data, as well as failure to preserve and timely produce class member data in event logs, the Court issues a jury instruction as follows:

> "Plaintiffs commenced this action by filing a complaint on July 27, 2020, which alleged that the Chrome Web Browser unlawfully disclosed information of Chrome users who did not enable "Sync" to Google. Upon the filing of this complaint, Defendant Google LLC ("Google") was under a duty to preserve evidence, including evidence related to the information that was alleged to be unlawfully disclosed. Google failed to comply with this duty. Specifically, Google failed to prevent the destruction and loss of relevant evidence that would show the full scope, scale and nature of information that was unlawfully disclosed from Chrome to Google related to Named Plaintiffs and Class Members."

"I instruct you, members of the jury, as matter of law, that Google's failure to preserve evidence constitutes "spoliation of evidence" and was the direct result of Google's failure to perform its discovery obligations. You may presume the following:

*First,* that Google destroyed relevant evidence. Evidence is relevant if it would have clarified a fact at issue in the trial and otherwise would naturally have been introduced into evidence.

*Second,* that the evidence destroyed by Google was favorable to Plaintiffs and, had the evidence been preserved and produced, it would have shown that Chrome was in fact unlawfully disclosing personal information of Named Plaintiffs and Class Members to Google and that the nature and volume of information being unlawfully disclosed was objectively unreasonable and highly offensive."

5. For Google's failure to timely produce evidence related to purported Plaintiff and Class Member consent, including failure to timely produce documents related to ████ Google's affirmative defense of consent (First Affirmative Defense) is stricken, and Google is precluded from arguing that it obtained consent for any of the practices challenged in this case, including but not limited to taking data from users who are not synced, creating profiles of them, and how Google benefits from that data.

In addition to the above evidentiary sanctions, the Court issues monetary sanctions in the form of payment of:

1. All fees and costs related to the Special Master discovery process, to be paid to Plaintiffs' counsel within fourteen (14) days of the date of this Order;

2. Plaintiffs may also apply for reimbursement of all fees and costs related to Google's Motion for Summary Judgment on Google's First Affirmative Defense of Consent (Dkt. 395), and all fees and costs related to the instant motion for sanctions, related briefing, hearing preparation and travel and lodging for this hearing. If Plaintiffs elect to make an application, it shall be made in camera (with a copy to counsel for Google LLC) within 14 days of this Order. If Plaintiffs elect not to make an

application, Plaintiffs shall not be precluded from including these fees and costs any applications for fees and expenses at the conclusion of this case in the ordinary course.

**SO ORDERED.**

DATED: _____

HON. SUSAN VAN KEULEN
United States Magistrate Judge