# EXHIBIT 6
# Redacted Version of Document Sought to be Sealed

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN JOSE DIVISION
 4
 5   PATRICK CALHOUN, ELAINE CRESPO, )
     HADIYAH JACKSON and CLAUDIA     )
 6   KINDLER, on behalf of all       )
     others similarly situated,      )
 7                                   )
              Plaintiffs,            )
 8                                   )
              vs.                    ) Case No.
 9                                   ) 5:20-cv-5146-LHK
     GOOGLE LLC,                     )
10                                   )
              Defendant.             )
11   _____ )
12
13
14
15       VIRTUAL VIDEOCONFERENCE VIDEO-RECORDED
16              DEPOSITION OF DAVID MONSEES
17
18                Friday, April 9, 2021
19      Testifying from San Francisco, California
20
21
22
23   Reported By:
24   Hanna Kim, CLR, CSR No. 13083
25   Job No. 4530995
```

Page 1

```
 1          UNITED STATES DISTRICT COURT
 2        NORTHERN DISTRICT OF CALIFORNIA
 3             SAN JOSE DIVISION
 4
 5  PATRICK CALHOUN, ELAINE CRESPO, )
    HADIYAH JACKSON and CLAUDIA     )
 6  KINDLER, on behalf of all       )
    others similarly situated,      )
 7                                  )
           Plaintiffs,              )
 8                                  )
           vs.                      ) Case No.
 9                                  ) 5:20-cv-5146-LHK
    GOOGLE LLC,                     )
10                                  )
           Defendant.               )
11  _____  )
12
13
14
15     Virtual videoconference video-recorded
16     deposition of DAVID MONSEES, taken on
17     behalf of the Plaintiffs, testifying from
18     San Francisco, California, on Friday,
19     April 9, 2021, before Hanna Kim, CLR, CSR
20     No. 13083.
21
22
23
24
25
                                            Page 2
```

```
 1   REMOTE VIDEOCONFERENCE APPEARANCES OF COUNSEL:
 2
 3  For Plaintiffs:
 4     BLEICHMAR FONTI & AULD LLP
 5     BY:  LESLEY WEAVER, ESQ
 6     BY:  ANGELICA M  ORNELAS, ESQ
 7     555 12th Street, Suite 1600
 8     Oakland, California 994607
 9     415 445 4003
10     lweaver@bfalaw com
11     aornelas@bfalaw com
12     -and-
13     KAPLAN FOX & KILSHEIMER LLP
14     BY:  DAVID A  STRAITE, ESQ
15     850 Third Avenue
16     New York, New York 10022
17     212 687 1980
18     dstraite@kaplanfox coma
19
20
21
22
23
24
25
                                            Page 3
```

```
 1   REMOTE VIDEOCONFERENCE APPEARANCES (CONTINUED)
 2
 3  For Plaintiffs:
 4     SIMMONS HANLY CONROY LLC
 5     BY:  JASON "JAY" BARNES, ESQ
 6     BY:  AN TRUONG, ESQ
 7     112 Madison Avenue, 7th Floor
 8     New York, New York 10016
 9     212 784 6400
10     jaybarnes@simmonsfirm com
11     atruong@simmonsfirm com
12
13  For Defendant Google LLC:
14     QUINN EMANUEL URQUHART & SULLIVAN
15     BY:  ANDREW H  SCHAPIRO, ESQ
16     191 N  Wacker Drive, Suite 2700
17     Chicago, Illinois 60606
18     312 705 7400
19     andrewschapiro@quinnemanuel com
20     -and-
21     BY:  JOSEF ANSORGE, PH D
22     1300 I Street NW, Suite 900
23     Washington, D C  20005
24     202 538 8000
25     josefansorge@quinnemanuel com
                                            Page 4
```

```
 1   REMOTE VIDEOCONFERENCE APPEARANCES (CONTINUED)
 2
 3  Also Present:
 4     JOHN JANHUNEN, ESQ , Google LLC
 5     RON LAZO, Videographer
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                            Page 5
```

2 (Pages 2 - 5)

```
 1            INDEX OF EXAMINATION
 2
 3  WITNESS:  DAVID MONSEES
 4  EXAMINATION                                PAGE
 5        BY MS. WEAVER:                          11
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                            Page 6
```

```
 1            INDEX OF EXHIBITS (CONTINUED)
 2
 3  MONSEES DEPOSITION EXHIBITS              PAGE
 4  Exhibit 10   "Sample from sync logs"; Bates    190
 5         nos. GOOG-CALH-00027477 through
 6         '485
 7  Exhibit 11   "Fact Sheet for Monsees"; 2 pages  208
 8  Exhibit 12   "Personalization Data Sources     262
 9         Policy"; Bates nos.
10         GOOG-CALH-00027413 through '414
11  Exhibit 13   "User Data Retention and Deletion  268
12         Guidelines"; Bates nos.
13         GOOG-CALH-00027154 through '161
14  Exhibit 14   "User Data Retention and Deletion  270
15         Policy"; Bates nos. Bates nos.
16         GOOG-CALH-00027162 through '165
17  Exhibit 15   "Scrubbing Policies for Log      289
18         Data"; Bates nos.
19         GOOG-CALH-00027152 through '153
20  Exhibit 16   "Log Data Usage Rules"; Bates    308
21         nos.  GOOG-CALH-00027762 through
22         '767
23  Exhibit 17   "Chrome Logs"; Bates nos.        316
24         GOOG-CALH-00027536 through '540
25
                                            Page 8
```

```
 1            INDEX OF EXHIBITS
 2
 3  MONSEES DEPOSITION EXHIBITS              PAGE
 4  Exhibit 1    Plaintiffs' Notice Deposition of   17
 5         Defendant Google LLC Pursuant
 6         FRCP 30(b)(6); 5 pages
 7  Exhibit 2    Complaint, executed date of        31
 8         July 27, 2020; 93 pages
 9  Exhibit 3    Google internal service document;  41
10         Bates nos. GOOG-CALH_00027787
11         through '91
12  Exhibit 4    "Logs Sources and Access Types";   85
13         Bates nos. GOOG-CALH-00027774
14         through '782
15  Exhibit 5    "Defendant's Responses and        122
16         Objections to Plaintiffs' First
17         Set of Interrogatories (Nos.
18         1-7)"; 26 pages
19  Exhibit 6    "Syncable service API"; 4 pages   139
20  Exhibit 7    "Developers Chrome.Storage-Chrome 139
21         Developers"; 13 pages
22  Exhibit 8    "Chrome data in your account"; 1  178
23         page
24  Exhibit 9    "Ads logs types"; Bates nos.      182
25         GOOG-CALH-00027278 through '285
                                            Page 7
```

```
 1            INDEX OF EXHIBITS (CONTINUED)
 2
 3  MONSEES DEPOSITION EXHIBITS              PAGE
 4  Exhibit 18              ; Bates nos.           324
 5         GOOG-CALH-00027297 through '326
 6  Exhibit 19   Google internal site printout, to 325
 7         frequently asked questions for
 8         the          platform; Bates
 9         nos. GOOG-CALH-00027290 through
10         '293
11  Exhibit 20   "       Logs"; Bates nos.        334
12         GOOG-CALH-00027451 through '453
13  Exhibit 21   "My Activity"; Bates nos.        337
14         GOOG-CALH-00027409 through '410
15  Exhibit 22   Printout of LinkedIn profile of  345
16         David Monsees; 16 pages
17              --o0o--
18
19
20
21
22
23
24
25
                                            Page 9
```

| | |
|---|---|
| 1  Testifying from San Francisco, California<br>2      Friday, April 9, 2021; 9:11 a.m.<br>3           --o0o--<br>4      THE VIDEOGRAPHER: We are now on the<br>5  record. The time is 9:11 a m., Pacific Daylight    09:11:28<br>6  Time, on April 9th, 2021.<br>7      This is Media Unit 1 of the video-recorded<br>8  deposition of David Monsees, 30(b)(6) witness,<br>9  Google LLC, taken by counsel for the Plaintiff, in<br>10 the matter of Patrick Calhoun, et al., versus    09:11:50<br>11 Google LLC, filed in the United States District<br>12 Court, Northern District of California, San Jose.<br>13 The case number is 5:20-cv-05146-LHK-SVK.<br>14     This deposition is being held via online<br>15 conference.    09:12:13<br>16     All parties are attending remotely.<br>17     The court reporter is Hanna Kim from<br>18 Veritext.<br>19     The videographer is Ron Lazo from<br>20 Veritext.    09:12:22<br>21     Counsel, please state your appearances and<br>22 affiliations for the record.<br>23     MS. WEAVER: Good morning. This is Lesley<br>24 Weaver of Bleichmart Fonti & Auld on behalf of the<br>25 Plaintiffs.    09:12:32<br>Page 10 | 1     Is there any reason why you cannot testify<br>2  completely and truthfully today?<br>3    A.  No.<br>4    Q.  Great.<br>5        Have you testified before?    09:13:56<br>6    A.  Yes, I have.<br>7    Q.  In a deposition or at trial?<br>8    A.  I believe both.<br>9    Q.  And how many times have you testified?<br>10   A.  At trial or -- or depositions?    09:14:08<br>11   Q.  Both.<br>12   A.  Both. A total of two.<br>13   Q.  Okay. Great.<br>14       And how recent did you give testimony?<br>15   A.  I believe that was in December of last    09:14:19<br>16 year, so four months ago.<br>17   Q.  And for the deposition, in what matter<br>18 was -- did you give testimony?<br>19   A.  I'm -- I'm sorry. I don't understand.<br>20 What do you mean by -- you mean in person or...?   09:14:33<br>21   Q.  Well, we can answer that, too.<br>22       The question I'm trying ask is, for what<br>23 proceeding did you testify in a deposition?<br>24   A.  Oh, I -- I apologize, I don't know the<br>25 name of the proceeding.    09:14:46<br>Page 12 |
| 1     With me today is Angelica Ornelas from my<br>2  office, as well as David Straite of Kaplan Fox, and<br>3  Jay Barnes of Simmons Conroy, and An Truong, also<br>4  of Simmons Conroy.<br>5      MR. SCHAPIRO: Good morning. This is    09:12:58<br>6  Andrew Schapiro. I'm with law firm Quinn Emanuel<br>7  representing Google.<br>8      My colleague Josef Ansorge is on with us<br>9  and as is John Janhunen from Google.<br>10     THE VIDEOGRAPHER: Will the court reporter    09:13:13<br>11 please swear in the witness.<br>12          DAVID MONSEES,<br>13    having been administered an oath over<br>14     videoconference, was examined<br>15     and testified as follows:    09:13:38<br>16     THE VIDEOGRAPHER: Please begin.<br>17          EXAMINATION<br>18 BY MS. WEAVER:<br>19   Q.  Good morning, Mr. Monsees. How are you?<br>20   A.  Good morning. I'm well. Thank you.    09:13:42<br>21   Q.  All right. Good.<br>22       You understand you're testifying under<br>23 oath today; correct?<br>24   A.  Correct.<br>25   Q.  Right.    09:13:48<br>Page 11 | 1    Q.  Okay. Were you representing Google?<br>2    A.  I was representing Google, yes.<br>3    Q.  Okay. And in the testimony at trial, was<br>4  that the same matter?<br>5    A.  A different matter.    09:14:56<br>6    Q.  Okay. And with regard to the matter in<br>7  which you testified in deposition, was it a matter<br>8  involving a pri- -- private civil suit?<br>9    A.  No, I don't believe so.<br>10   Q.  Okay. Was it involving an Attorney    09:15:11<br>11 General's Office?<br>12   A.  Yes, it was.<br>13   Q.  And do you recall which Attorney General?<br>14   A.  This was Arizona.<br>15   Q.  Okay. And in the trial, what case did you   09:15:21<br>16 testify in?<br>17   A.  I -- I don't recall the -- the name of the<br>18 case. I'm sorry.<br>19   Q.  Is that -- no, that's fine.<br>20       Was it a private plaintiff?    09:15:32<br>21   A.  The -- I don't believe so. The -- the<br>22 Attorney General case?<br>23   Q.  Okay. So when you testified at trial, was<br>24 that also a governmental matter being prosecuted<br>25 by the government?    09:15:47<br>Page 13 |

```
 1  identifier of some kind so the sync service is able
 2  to know, you know, "Oh, it's David's MacBook that
 3  is uploading his browser passwords to sync, so I
 4  will now populate those down to his Android device
 5  device ID."  And that is likely done by device IDs.   11:23:49
 6  BY MS. WEAVER:
 7     Q.  And if the user then clicks unsync, how
 8  does Google know which devices to unsync?
 9     A.  That device would be removed from -- from
10  sync, so -- so Google would not see that device       11:24:03
11  anymore for --
12        THE COURT REPORTER:  I'm sorry.  "Device
13  anymore for"?
14        THE WITNESS:  -- from the sync service.
15        If we could slow down just a little bit,
16  please.  Thank you.
17  BY MS. WEAVER:
18     Q.  You're doing great.  It's just video deps.
19        So when a user unsyncs, does Google
20  maintain a record of that request to unsync?         11:24:28
21        MR. SCHAPIRO:  Objection.  Beyond the
22  scope.
23        THE WITNESS:  I do not know since we
24  didn't focus on -- since this is for nonsync users,
25  I don't know definitively.  Sorry.                    11:24:45
                                                          Page 114
```

```
 1  BY MS. WEAVER:
 2     Q.  When you say we didn't focus on nonsync,
 3  what do you mean?
 4     A.  So -- so, sorry, since this would be
 5  specifically --                                        11:24:53
 6        MR. SCHAPIRO:  I'm going to object for a
 7  second and just -- you can describe generally, but
 8  don't talk about any conversations with your
 9  lawyers, which are privileged and which you should
10  not reveal.                                           11:25:02
11        THE WITNESS:  Okay.  Apologies.
12        What -- what I mean is that since I
13  believe the deposition request was for nonsync
14  Chrome traffic -- correct -- correct me if I
15  misunderstand that -- that I did not do work to     11:25:15
16  understand what Chrome sync is doing, as to that
17  level of detail to know if there is a specific
18  record or log that would say sync was turned off.
19  I -- I don't know.
20  BY MS. WEAVER:                                        11:25:34
21     Q.  Does Google have a record of users who
22  have turned off sync?
23        MR. SCHAPIRO:  Same objection.
24        THE WITNESS:  And I -- I think same
25  answer.  I -- I do not know if it has a record for  11:25:46
                                                          Page 115
```

```
 1  users who had sync on and then chose to turn sync
 2  off beyond the absence of sync data.
 3  BY MS. WEAVER:
 4     Q.  Who would know?
 5     A.  I am trying to think.  I do not know of an   11:25:57
 6  individual, but the -- the Chrome sync team is who
 7  I would reach out to if we had a specific question
 8  about Chrome sync specifically.
 9     Q.  Were you asked to identify whether or not
10  Google has a record of users who are not synched?   11:26:18
11     A.  Yes, I was insofar as you mean for Chrome
12  users do we know users specifically who don't sync
13  because there's no sync traffic or sync log, then,
14  you know, that -- that is a -- the investigation
15  that I did.                                           11:26:40
16     Q.  And do you know the answer to whether or
17  not Google can identify today all users who are
18  not synched?
19     A.  My understanding is that we cannot because
20  users are not syncing.                                11:26:54
21     Q.  So Google can identify today who is
22  synched; is that correct?
23     A.  Depending on if the user is still syncing
24  and what other user controls the user has done, we
25  can identify a Google account that has sync         11:27:13
                                                          Page 116
```

```
 1  enabled for one or more of their Chrome apps.
 2     Q.  And Google can identify who is on Chrome
 3  at the same point in time; is that correct?
 4     A.  That is not correct.
 5     Q.  It is not?  What is incorrect about it?       11:27:30
 6     A.  That Google does not have a user ID -- a
 7  Google account ID in Chrome for users who are not
 8  signed in using Chrome sync.
 9     Q.  Can Google identify the number of users
10  who are on Chrome right now?                          11:27:53
11     A.  Yes, to -- to an -- an approximate.  I
12  don't know if it's an -- an exact number, but we
13  do have measurement.
14     Q.  And can Google identify right now how many
15  of those users are synched?                           11:28:08
16     A.  As a percentage of users with the sync
17  feature enabled in the Chrome app, yes, Google can
18  identify that.
19     Q.  And if Google subtracted from the total
20  number of Chrome users right now the number of      11:28:21
21  synched users, would that reflect the number of
22  unsynched users?
23     A.  Well, I think once you remove the user ID,
24  we don't know if their users, if -- if that make
25  sense.                                                11:28:38
                                                          Page 117
```

## Page 354

1  A. Oh, I -- I am -- I am not sure what a -- a
2  per e-mail cost is. I believe it's quite low to
3  send a -- an individual e-mail.
4  Q. Okay. Thank you.
5     MS. WEAVER: No further questions --    05:19:48
6  questions for this witness at this time. This
7  deposition will remain open.
8     MR. SCHAPIRO: So we of course don't agree
9  to holding it open, but we want to -- we'll take a
10 few minutes and -- and come back and do some    05:20:04
11 redirect if -- if we think we want to do that. So
12 why don't we come back in five minutes.
13    MS. WEAVER: Sounds good.
14    MR. SCHAPIRO: 25 past.
15    THE VIDEOGRAPHER: We're now going off the   05:20:20
16 record. The time is 5:20 p.m., Pacific Daylight
17 Time.
18    (Short recess taken.)
19    THE VIDEOGRAPHER: We are now back on the
20 record. The time is 5:33 p.m., Pacific Daylight   05:33:20
21 Time.
22    MR. SCHAPIRO: So we have no questions for
23 the witness.
24    Mr. Monsees, thank you very much for your
25 time.                05:33:31

## Page 355

1  Lesley, et al., wonderful to see you as
2  always.
3     MS. WEAVER: Yeah, and I want to thank the
4  witness very much. I know this isn't fun and
5  especially not alone in your room. Thank you.   05:33:43
6     And thanks very much to all of you
7  supporting the deposition, Ms. -- Ms. Kim and our
8  videographer.
9     MR. SCHAPIRO: I second that.
10    MS. WEAVER: Okay. And --            05:33:54
11    THE VIDEOGRAPHER: This -- this concludes
12 today's testimony given by David Monsees, 30(b)(6)
13 witness, Google LLC.
14    The number of media units used was one and
15 will be retained by Veritext. The time is   05:34:06
16 5:34 p.m., Pacific Daylight Time. We are now off
17 the record.
18    (Proceedings concluded, 5:34 p.m.)

## Page 356

JURAT

I, DAVID MONSEES, do hereby certify under penalty of perjury that I have read the foregoing transcript of my deposition taken on the 9th day of April, 2021; that I have made such corrections as appear noted herein in ink, initialed by me; that my testimony as contained herein, as corrected, is true and correct.

Dated this 19th day of May, 2021, at Dallas County, State of Texas.

_____
DAVID MONSEES

GEORGE W POLETES
Notary Public
STATE OF TEXAS
Notary I.D. 13174447-9
My Comm. Exp. Oct. 2, 2022

This notarial act was an online notarization.

## Page 357

CERTIFICATE OF REPORTER

I, Hanna Kim, a Certified Shorthand Reporter, do hereby certify:

That prior to being examined, the witness in the foregoing proceedings was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That said proceedings were taken before me at the time and place therein set forth and were taken down by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

I further certify that I am neither counsel for, nor related to, any party to said proceedings, not in anywise interested in the outcome thereof.

Further, that if the foregoing pertains to the original [...] n a federal case, [...] proceedings, review of th[e] [...] s not requested.

In witn[ess] [...] nto subscribed n[...]
Dated: April [...]

Hanna Kim, CLR, CSR No. 13083

```
 1        ERRATA SHEET FOR THE TRANSCRIPT OF:
 2   Case Name: CALHOUN, ET AL. vs. GOOGLE LLC
 3   Dep. Date: 04/09/2021
 4   Deponent: DAVID MONSEES
 5              CORRECTIONS:
 6   Pg.  Ln.  Now Reads    Should Read   Reason
 7    22   23  Harding      Harting       Incorrect spelling
 8    25    7  Schumman     Schuman       Incorrect spelling
 9    26   18  Bob Kee      Bob Cui       Incorrect spelling
10    54   16  zwbk         Zwieback      Full word used
11    89   10  sends to     since to      Words used
12    94    2  pseudonymous pseudonymous  Clarity
                for cookie ID cookie ID
13   117   24  know if their users know if they're users  Incorrect spelling
14   191    1  Schulman     Schuman       Incorrect spelling
15   192    6  Schulman     Schuman       Incorrect spelling
16   307    1  Gilke        Golueke       Incorrect spelling
17   327   11  actually have actually as the Words used
                the product   product
18   353   14  for now error on for now err on  Words used
19                    _____
20              Signature of Deponent
21  SUBSCRIBED AND SWORN BEFORE ME
22  THIS 19th DAY OF May      , 2021.
23                    _____
24  (Notary Public) MY COMMISSION EXPIRES:
25              October 2, 2022
       This notarial act was an online notarization.    Page 358
```



GEORGE W POLETES
Notary Public
STATE OF TEXAS
Notary I.D. 13174447-9
My Comm. Exp. Oct. 2, 2022