# EXHIBIT 9
# Redacted Version of Document Sought to be Sealed

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8267**

WRITER'S EMAIL ADDRESS
josefansorge@quinnemanuel.com

January 25, 2022

**HIGHLY CONFIDENTIAL - SPECIAL MASTER AND ATTORNEY'S EYES ONLY**

**VIA E-MAIL**

Special Master Douglas Brush
(douglas.brush@accelconsulting.llc)
Accel Consulting, LLC

Timothy Schmidt
(timothy.schmidt@accelconsulting.llc)
Accel Consulting, LLC

Jay Barnes
(jaybarnes@simmonsfirm.com)
Simmons Hanly Conroy LLC

Re:   *Calhoun, et al. v. Google LLC* – U.S. District Court, Northern District of California, San Jose Division: Case No. 5:20-cv-5146

Dear Counsel, Special Master Brush, Mr. Schmidt:

I write in response to Mr. Barnes' Sunday, January 23, 2022 letter regarding the January 19, 2022 meeting with the Special Master. Google responds to each of Plaintiffs' specific questions or requests in turn.

**1. ZWBK** ▮▮▮ **and** ▮▮ – *During our status meeting, you stated that you believed this production was completed but that you would confirm. We ask that Google provide this confirmation by Monday, January 24 and identify the production by Bates numbers. If the production is not complete, we ask that Google complete the production by Monday.*

Google has completed its production of the requested fields and annotations for Zwieback ▮▮▮ and Zwieback ▮ at GOOG-CALH-00913745 - GOOG-CALH-00913746.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

**2. Source of X-client Data Production** – *Google agreed to identify the source of GOOG-CALH-00492852, which Google previously labeled as "X-client data header" information. Please provide that information by Monday.*

The source of GOOG-CALH- 00492852 is: ▇▇▇▇▇▇▇▇▇▇▇.

**3. The Null Set –** *Plaintiff expressed concern that Google's latest Plaintiff data production (PROD068) returned a null set. The Bates numbers for this production range from GOOG-CALH-00913747 to GOOG-CALH-00913935. We also stated that it did not appear Google had searched for the identifiers used by Dr. Shafiq in this or other productions. You stated that we may be mistaken in our reading of this production. Please provide clarification and, where appropriate, identify documents by Bates numbers, by Monday.*

*First*, Google confirms that it has searched for and produced information related to the search terms/ cookie values provided by Plaintiffs' expert Dr. Shafiq, including, for example:

- Dremel search results for GAIA IDs (GOOG-CALH-00912540 - GOOG-CALH-00912547; GOOG-CALH-00912572 - GOOG-CALH-00912575), Biscotti IDs extracted from IDE cookies (GOOG-CALH-00912576 - GOOG-CALH-00912583; GOOG-CALH-00912596 - GOOG-CALH-00912603; GOOG-CALH-00912616 - GOOG-CALH-00912623), and IDs extracted from NID cookies (GOOG-CALH-00912496 - GOOG-CALH-00912511; GOOG-CALH-00912520 - GOOG-CALH-00912527), provided by Dr. Shafiq, across the following four sources:

    

    - ▇▇▇▇▇▇
    - ▇▇▇▇▇▇▇▇▇▇▇▇▇
    - ▇▇▇▇▇
    - ▇▇▇▇▇▇▇▇▇▇

- Search results for Biscotti IDs extracted from IDE cookies provided by Dr. Shafiq across ▇▇▇▇ (GOOG-CALH-00908508 - GOOG-CALH-00909334; GOOG-CALH-00909536 - GOOG-CALH-00909539; GOOG-CALH-00909545 - GOOG-CALH-00910152).

- Search results for GAIA IDs for Google Accounts provided by Dr. Shafiq across GAIA ▇ (GOOG-CALH-00910824 - GOOG-CALH-00911504; GOOG-CALH-00911553 - GOOG-CALH-00912260).

- Google Subscriber information and My Activity data associated with GAIA IDs for Google Accounts provided by Dr. Shafiq (GOOG-CALH-00910308 - GOOG-CALH-00910809).

- Content of the NID cookies provided by Dr. Shafiq, along with the decrypted hexadecimal IDs extracted from the IDE cookies and NID cookies, and the

2

> hexadecimal GAIA IDs from Google Accounts and Analytics CIDs provided by Dr. Shafiq (GOOG-CALH-00912628).
>
> - Search results for CID values provided by Dr. Shafiq across the following data source: ▆▆▆▆ : ▆▆▆▆▆▆ (GOOG-CALH-00912788 - GOOG-CALH-00913718).
>
> - Dremel search results for GAIA IDs (GOOG-CALH-00913853 - GOOG-CALH-00913861; GOOG-CALH-00913889 - GOOG-CALH-00913891), Biscotti IDs extracted from IDE cookies (GOOG-CALH-00913910 - GOOG-CALH-00913912; GOOG-CALH-00913927 - GOOG-CALH-00913929), and IDs extracted from NID cookies (GOOG-CALH-00913789 - GOOG-CALH-00913811; GOOG-CALH-00913824 - GOOG-CALH-00913834), provided by Dr. Shafiq, across the following ▆ sources that do not contain information confidential to Google's partners:
>
>   
>
>   - ▆▆▆▆▆
>   - ▆▆▆▆▆▆▆▆▆▆
>   - ▆▆▆▆▆
>   - ▆▆▆▆▆▆▆
>   - ▆▆▆▆
>   - ▆▆▆▆▆▆▆▆
>
> - Search result report that searches across the following data source returns no data for the CID/PPID or Biscotti values provided by Dr. Shafiq. *See* Google's January 12, 2022 letter to the Special Master.
>
>   - ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
>
> - Search result report that searches across the following data source returns no data for the CID/PPID or GAIA values provided by Dr. Shafiq. *See* Google's January 12, 2022 letter to the Special Master.
>
>   - ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

   ***Second***, Plaintiffs raised issues regarding Google's latest production (PROD068), ranging from GOOG-CALH-00913747 to GOOG-CALH-00913935. As explained in Google's January 13, 2022 letter to the Special Master, this set of production contains scripts used for searches across the data sources listed below at a-j (GOOG-CALH-00913767 - GOOG-CALH-00913782), as well as the Dremel search results for GAIA IDs, Biscotti IDs extracted from IDE cookies, and IDs extracted from NID cookies provided by consenting Plaintiffs and Dr. Shafiq across logs (e)-(j), that do not contain any information confidential to Google's partners (GOOG-CALH-00913783 -

3

GOOG-CALH-00913935). Productions with a null set represent searches that returned no data for the provided identifier. Google will be supplementing the remaining search results that contain confidential partner information as soon as the partners have had reasonable notice.

(a) ▮▮▮▮▮▮▮▮▮▮
(b) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
(c) ▮▮▮▮▮▮▮▮▮▮
(d) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
(e) ▮▮▮▮▮▮▮▮▮▮
(f) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
(g) ▮▮▮▮▮▮
(h) ▮▮▮▮▮▮▮▮▮▮▮▮
(i) ▮▮▮▮▮▮
(j) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**4. Time Period of Searches** – *Plaintiffs expressed concern that Google's latest searches for Plaintiff data (PROD068) were limited to the time period between December 1, 2021 and January 3, 2022. On the call, we explained that every "Plaintiff data" document in PROD068 was blank except for a line at the top indicating the log and the approximate one-month time frame (regardless of the retention period of the log). You indicated that we may be mistaken about our reading null set and the time-period. Please provide clarification and, where appropriate, identify documents by Bates numbers, by Monday. If Plaintiffs are correct in their reading of the information, we asked that you provide the reasoning for the December 1, 2021 to January 3, 2022 time period, and that you confirm whether Google will agree to remove this time limitation, by Monday.*

Google confirms that its latest searches and production of data in ▮▮▮▮ (PROD068) was limited to an ▮▮▮▮ window because that is the data readily queryable by Dremel. As explained in Google's October 1, 2021 Letter to the Special Master and Plaintiffs' counsel re: technical burden, to query data beyond ▮▮▮▮, Google has to write Flume pipelines in C++ or Java and run these pipelines on Borg, which is unduly burdensome and unwarranted.

**5. Burden of Production** – *Plaintiffs inquired about the burden of production and seek more information from Google on this topic. Specifically, the IBA ▮▮▮▮ Developer Guide provides a three-step process on how to search for data associated with a cookie in ▮▮▮▮ GOOG-CABR-05741806. Further, the ▮▮▮▮ scripts in question indicate that all that is necessary to apply them to a different log is to copy-paste the name of the different log into the ▮▮▮▮ script.*

*First*, Google is surprised by Plaintiffs reference to ▇▇▇ Developer Guide in light of Plaintiffs' not selecting any ▇▇▇ sources for searching. *Second*, Google directs Plaintiffs to Google's October 1, 2021 Letter to the Special Master and Plaintiffs' counsel re: technical description of the burden of providing additional information and production.

**6. Specific Logs with Revenue Information** – *Plaintiffs requested that Google identify the specific logs with revenue information – consistent with the requirement in ¶ 5 of the November 12 Order – and the Special Master verbally ordered Google to do so. We look forward to your response on Monday.*

Plaintiffs request that Google identify the specific logs with revenue information, citing to ¶ 5 of the November 12 Order. However, Google has produced the UMA, ▇▇▇ and Spanner data pursuant to ¶ 5 of the Order (Dkt. 377). To the extent Plaintiffs intended to refer to ¶ 3.5, Google has also complied with this section of the Order. ¶ 3.5 required Google to identify "back-end logs" that contain at least three of six data parameters: "(1) user or device identifiers including Zwieback identifiers; (2) URL or content or a user communication; (3) profile information; (4) ad information that includes pricing or revenue information; (5) X-Client data; or (6) user-agent." (Dkt. 377 at 10.) To compile this information, Google engineers started by checking the most straightforward data in this sequence: (1), (2), (5), (6), (3), and (4). If a log contained more than three of parameters, Google identified it as a back-end log that contained at least three of the six data parameters. Therefore, if a log contained (1), (2), and (5) it was identified and engineers did not determine whether every backend log contained "ad information that includes pricing or revenue information." To undertake such additional analysis, at this time, would be extremely laborious and require a clear definition of "pricing or revenue information." However, even without such an analysis, Google can confirm that the search results of the aforementioned ▇▇▇ logs (e)-(j) contain revenue information.

**7. Sampling** – *The parties agreed to meet and confer regarding sampling. We are available Monday at 1:00 p.m. Eastern.*

We are available to meet and confer regarding sampling on Thursday at 11:00 AM Eastern.

**8. Field Identification in Specific Logs** – *Plaintiffs requested that Google identify the meaning of all fields in specific logs. Google objected in principle, but the parties agreed to meet-and-confer regarding specific logs for such requests. Before Plaintiffs identify specific logs, however, we ask that Google identify the specific logs with revenue information.*

*See* Google's response to Section 6 above. In addition, Google objects to Plaintiffs' attempt to extend Special Master data discovery beyond the clear parameters established by Magistrate Judge van Keulen in Exhibit 1 of her November 12, 2021 order. (Dkt. 377 at 7; *see* also *id*. at 5 "The requests for production from Google must and will come to an end as provided for in Exhibit 1.")

**9. Preserved But Not Produced Information** – *Plaintiffs requested that Google produce the Plaintiff data it has labeled as preserved but not produced. Google was unclear about why it*

5

*could not do so. Plaintiffs seek request that Google provide an explanation of how the information was preserved, where it is stored now, and the process of production for it, by Monday.*

Plaintiffs' categorical request for all preserved data contradicts and undermines the careful process the parties have been engaging in under the Special Master's supervision. At the January 19, 2022 meeting, the Special Master responded to Plaintiffs' request that Google produce all preserved data by noting that there is a difference between preserving, searching, and producing data. Plaintiffs' request that Google provide further explanation of "how the information was preserved, where it is stored now, and the process of production for it" is discovery on discovery and improper. *See Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) ("Generally, 'discovery on discovery' is disfavored . . .") (quashing Rule 30(b)(6) deposition notice topic seeking testimony regarding retention policies).

**10. Exemplars** – *Plaintiffs requested that Google provide exemplars from specific logs which Plaintiffs did not request data from because of their short retention periods. In furtherance of this request, Plaintiffs will identify specific logs so that the parties can have a more informed meet and confer on the topic.*

This request—like requests Nos. 8 & 9—goes against the grain of the Special Master process. Indeed, if Google is now to be ordered to provide all fields, all preserved data, and exemplars for sources *not* selected by Plaintiffs, then why did the parties engage in detailed and painstaking negotiations under the Special Master's supervision for the past six months? Unless instructed otherwise by the Special Master, Google will not entertain Plaintiffs' request for exemplars from logs Plaintiffs did not request data from. Plaintiffs' request would vastly expand the scope of the November 12 Order (Dkt. 377) and circumvent the Special Master's instruction that Plaintiffs identify no more than ■ data sources for Google to search.

\*\*\*

In closing, we would like to thank Plaintiffs' Counsel, and especially Mr. Barnes, for the civil tone of the January 19, 2022 conference. We greatly appreciated the spirit of cooperation and look forward to concluding the Special Master searches with that same attitude. To that end, we respectfully request Plaintiffs provide their next round of searches as soon as possible.

Sincerely,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*[signature: Josef Ansorge]*

Josef Ansorge

JA