UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-05146-YGR  (SVK)<br><br>**ORDER RE DISCOVERY DISPUTES RE RFP NO. 5 AND RULE 30(B)(6) DEPOSITION**<br><br>Re: Dkt. Nos. 678, 680, 697, 699 |

This Order addresses the disputes identified above and, to the extent applicable, amends this Court's previous order regarding RFP No. 5. Dkt. 684.

**Dispute re RFP No. 5**

Upon further review of the long-standing record before it regarding the production of Named Plaintiffs' data, having made an inquiry of the Special Master, and in the interest of judicial economy, the Court finds that it can rule on this dispute directly without the need for further briefing as previously contemplated in Dkt. 684.

Accordingly, the Court **ORDERS** as follows:

- For any Named Plaintiff data for which Google has not yet provided notice to third party publishers, Google is to provide that notice no later than **June 15, 2021**;
- All Named Plaintiff data currently being withheld by Google, regardless of third-party notification status, must be produced no later than **June 30, 2022**.

**Dispute re Rule 30(b)(6) Deposition**

The Court has reviewed the information submitted by the Parties at the Court's request (Dkt. Nos. 697, 698-1). One critical component of the Court's request is missing from Plaintiffs' submission: the specific deposition questions that Plaintiffs provided to Google four days in advance of the deposition to which Google objected as "out of scope." (In Dkt. 698-1, Plaintiffs

do identify three areas of questioning during the course of the deposition to which Google objected. Dkt. 698-1 at 2:9; 2:17; 2:18.) Google stands on its limitation on the scope of the deposition, specific P&L statements, and argues that the unspecified disputed questions were outside the scope of the P&L statements. Dkt. 697. Google may make additional arguments in its extensive footnotes, which the Court does not consider in light of its express one-page limitation for this position statement. *Id*. Finally, the Court notes the relief Plaintiffs seek is that "Google be compelled to provide written responses to the items identified in advance (*see* Ex. B), including supporting documentation, calculations and data where appropriate." Unfortunately, and as noted above, Exhibit B is not the requested list of disputed questions but merely a recitation of the 30(b)(6) topic for which Ms. Lewinski was designated and which Google sought to limit to P&L statements. As a result, Plaintiffs are asking the Court to compel written responses to a general topic, along with unspecified "documentation, calculations and data." The Court finds the requested remedy is not in proportion to the dispute that was framed for the Court: a handful of specific, disputed questions to which Plaintiffs believe they were entitled to responses. Dkt. 677-2. Accordingly, Plaintiff's request for further information arising out of the 30(b)(6) deposition of Ms. Lewinsky is **DENIED**.

**SO ORDERED.**

Dated: June 13, 2022

                                                                                                 _____
                                                                                                 SUSAN VAN KEULEN
                                                                                                 United States Magistrate Judge