**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF JUNE 13, 2022 DISCOVERY ORDER (DKT. 700)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

I.  **INTRODUCTION**

Pursuant to Local Rule 7-11, Google respectfully seeks clarification with respect to the following rulings regarding RFP No. 5 in the June 13, 2022 Order re Discovery Disputes re RFP No. 5 and Rule 30(b)(6) Deposition (Dkt. 700) ("Discovery Order"):

> 1. For any Named Plaintiff data for which Google has not yet provided notice to third party publishers, Google is to provide that notice no later than **June 15, 2022**;
> 2. All Named Plaintiff data currently being withheld by Google, regardless of third-party notification status, must be produced no later than **June 30, 2022**.

Dkt. 700 at 1 (emphasis in original).

II. **DISCUSSION**

Google seeks clarification to ensure that it understands the information that is covered by the Discovery Order.

First, Google requests clarification that "any Named Plaintiff data for which Google has not yet provided notice to third party publishers" in the first ruling refers to: litigation hold ▮▮▮ log data that was processed in early March, 2022, but not produced given the publisher notice issue. As Plaintiffs and the Special Master know, Google has been preserving GAIA-keyed data from ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, including data irrelevant to Plaintiffs' claims. The data is preserved pursuant to a broad legal hold and it is stored in a non-optimized format that is not easily queryable. Pursuant to the Special Master's instruction in early March, Google engineers spent a significant amount of time writing thousands of lines of code to process the data into readable format. Google then: (1) produced the preserved data from ▮▮▮▮ logs that do not contain confidential third-party information on March 9, 2022; (2) produced the preserved ▮▮▮▮▮ data on March 10, 2022; and (3) generated the list of hundreds of publishers that would require notice if Google produce the preserved ▮▮▮▮ data that contains their confidential information. To address (3), Google proposed to target notice and production to a selected subset of 20 publishers which contributed more than 50 percent of data. Plaintiffs rejected that proposal. *See, e.g.*, Google's March 22, 2022 Email to Special Master Brush and Plaintiffs ("Here is sendfile information for a spreadsheet containing … lists of publishers associated with … data that has not been produced

because it requires publisher consent … We recommend Plaintiffs select 20 publishers for Google to notice. On the second tab, we have highlighted in green the top 20 publishers by volume of records. These publishers' records account for more than 50 per cent of all records."); Hrg. Tr. 52:12-17, Mar. 13, 2022 ("MR. SCHAPIRO: … I think where we are is our offer of this compromise of the 10 has been rejected, so it's over to you. … We still need some guidance on … the publisher point.").

Consistent with the Special Master's order and direction, Google did not produce the preserved data that contains information confidential to hundreds of third-party publishers. *See, e.g.*, SM Hrg. Tr. 31:19-32:5, Mar. 15, 2022 ("MR. BRUSH: … It was identified as a potential source for preservation … it had not been searched really at a level that would meet the standard threshold that I would allow for production until it's using search criteria that's agreed upon and responsive before it gets produced … It just needs to be searched with a set of IDs and parameters that's consistent with the other searches that are being done."); SM Hrg. Tr. 9:23-12:24, Mar. 23, 2022 ("MR. BRUSH: … A large subset of that data in both matters were produced in respect of Plaintiffs. And the only thing that was held back was anything that needed publisher consent … this was data identified and put on a litigation hold … it should follow a process of search and production … really kind of follows all the standards by which we would want to do discovery."); SM Hrg. Tr. 48:17-22, April 2, 2022 ("MR. BRUSH: Okay. So if -- Plaintiffs you can put together just as you've done with everything else the search requests that will be against the historically preserved litigation held data, we'll, you know put it over to Google and we can run those searches.").

In addition to the data processed in March 2022, Google continues to preserve data pursuant to the broad litigation hold to this day. In light of this, Google seeks clarification that the Discovery Order requires Google to provide notice to publishers implicated by the litigation hold ▬ data that was already processed and segregated in March—***not*** all preserved data through the date of the Discovery Order. The latter would require Google to process the preserved data from early March through the date of the Discovery Order, split the data by GAIAs for *Calhoun* and *Brown*, populate a new list of relevant publishers, obtain email contacts from relevant product teams, etc., which will take time and delay notice to publishers. Plaintiffs' arguments for the relevance of the data have

1  always been based on its "historical" nature. Therefore, very little benefit will be served from the
2  more recent data—but providing notice for it will require significant additional effort and cost. If
3  ordered to notify all publishers implicated by all preserved data through the date of the Discovery
4  Order, Google respectfully requests until June 20, 2022 to provide notice to relevant publishers.

5  Second, Google requests clarification that "[a]ll Named Plaintiff data currently being
6  withheld by Google" in the second ruling refers to: the litigation hold ▇▇▇ data Google
7  processed in early March 2022. Since the Discovery Order was issued to address the dispute
8  identified in Plaintiffs' Supplement to Administrative Motion for Leave to Set Briefing Schedule
9  regarding historically preserved Plaintiff data (Dkt. 678 at 1 ("Plaintiffs seek production of Named
10 Plaintiffs data that Google searched and preserved long ago, but which is still being withheld despite
11 multiple Court orders")), Google believes "[a]ll Named Plaintiffs data currently being withheld by
12 Google" refers to the litigation hold ▇▇▇ data Google processed and segregated in early March
13 that contains data confidential to hundreds of publishers, or all preserved ▇▇▇ data through the
14 date of the Order that contains confidential third-party information. This is consistent with Plaintiffs'
15 request, for production of the "tranche of data for which Google contends it must first notify third
16 party publishers." Dkt. 677-2. However, Google is mindful that the language of the Discovery Order
17 may also be interpreted to include any and all data associated with the named Plaintiffs in Google's
18 possession, including irrelevant data, *e.g.* Plaintiffs' Gmail correspondences, Google Chat
19 messages, game saves from Google Stadia, or YouTube TV DVR saves, etc. Google assumes that
20 this information is not encompassed by the Discovery Order but respectfully seeks confirmation.

21 Therefore, Google seeks clarification that the Discovery Order directs Google to produce
22 the litigation hold ▇▇▇ data Google processed in early March 2022.

DATED: June 14, 2022

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By  /s/ *Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com

191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*