**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Sara Jenkins (CA Bar No. 230097) | Teuta Fani (admitted *pro hac vice*) |
| sarajenkins@quinnemanuel.com | teutafani@quinnemanuel.com |
| 555 Twin Dolphin Drive, 5th Floor | 191 N. Wacker Drive, Suite 2700 |
| Redwood Shores, CA 94065 | Chicago, IL 60606 |
| Telephone: (650) 801-5000 | Telephone: (312) 705-7400 |
| Facsimile: (650) 801-5100 | Facsimile: (312) 705-7401 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| violatrebicka@quinnemanuel.com | tracygao@quinnemanuel.com |
| Crystal Nix-Hines (Bar No. 326971) | Carl Spilly (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | carlspilly@quinnemanuel.com |
| Alyssa G. Olson (CA Bar No. 305705) | 1300 I Street NW, Suite 900 |
| alyolson@quinnemanuel.com | Washington D.C., 20005 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (202) 538-8000 |
| Los Angeles, CA 90017 | Facsimile: (202) 538-8100 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Jonathan Tse (CA Bar No. 305468) |
| jomairecrawford@quinnemanuel.com | jonathantse@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | San Francisco, CA 94111 |
| Telephone: (212) 849-7000 | Telephone: (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (415) 875-6700 |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-5146-YGR-SVK |
| Plaintiffs, | **DECLARATION OF JONATHAN TSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED RE: MOTION TO MODIFY SPECIAL MASTER REPORT (DKT. 690)** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |
| | Referral: Hon. Susan van Keulen, USMJ |

1  I, Jonathan Tse, declare as follows:

2  1. I am a member of the bar of the State of California and an attorney at Quinn Emanuel

3  Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make

4  this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I

5  could and would testify competently thereto.

6  2. I am making this declaration pursuant to Civil Local Rule 79-5(e)-(f) as an attorney

7  for Google as the Designating Party, pursuant to Civil Local Rule 79-5(f)(3).

8  3. On June 8, 2022, Plaintiffs filed an Administrative Motion to Consider Whether

9  Another Party's Material Should Be Sealed re: Plaintiffs' Objections and Motion to Modify Special

10 Master Report and Recommendation (Dkt. 690).

11 4. I have reviewed the documents that Plaintiffs seek to file under seal pursuant to Civil

12 Local Rule 79-5.  Based on my review, there is good cause to seal the following information:

| Document | Basis for Sealing |
|---|---|
| Plaintiffs' Objections and Motion to Modify Special Master R&R Re: Modified Preservation Plan (Dkt. 665) at<br><br>1:9-11, 1:17, 1:19, 5:18-20, 5:23-24, 6:2, 6:8, 6:10, 6:18, 6:21-22, 7:1, 7:3-5, 7:8, 7:23, 8:2-3, 8:17-19, 8:22-24, 9:1-4, 9:6, 9:9-12, 9:13-21, 9:27, and 10:8-10 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal project, data signals, and logs and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| Declaration of David Straite in Support of Plaintiffs' Objections and Motion to Modify at | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal |

Case 4:20-cv-05146-YGR   Document 707   Filed 06/15/22   Page 3 of 5

| | | |
|---|---|---|
| | 1:14-15, 1:17-21 | project, data signals, and logs and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit A (GOOG-CALH-01170421) at<br><br>Entirety | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal data signals and logs and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit B (GOOG-CABR-00893711) at<br><br>Entirety | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details related to the proprietary functionalities of Google's services, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2- |

2   Case No. 4:20-cv-5146-YGR-SVK
TSE DECLARATION ISO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL

| | | |
|---|---|---|
| | | 3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |
| | Exhibit C (GOOG-CABR-00096597) at<br><br>Entirety | The information requested to be sealed contains Google's highly confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including various types of Google's internal projects and services, and their proprietary functionalities, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. See Dkt. 81 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

5.      Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume.  Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

6.      Google has pared back Plaintiffs' proposed redactions and does not seek to redact or file under seal any of the remaining portions of the Joint Submission not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on June 15, 2022.

| | |
|---|---|
| DATED: June 15, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Jonathan Tse* <br> Jonathan Tse |
| | *Attorney for Defendant* |