# GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' BRIEF RE: TARGETED USE OF CALHOUN DISCOVERY IN IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION, PURSUANT TO DKT. 683

## Redacted Version of Document Sought to be Sealed

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
ANUPAM DHILLON (324746)
(Adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY SALDAÑA (*pro hac vice pending*)
(rsaldana@cooley.com)
1299 Pennsylvania Avenue NW
Suite 700
Washington, District of Columbia 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PATRICK CALHOUN, et al., on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 4:20-cv-05146-YGR-SVK

**GOOGLE LLC'S OPPOSITION TO
PLAINTIFFS' BRIEF RE: TARGETED USE OF
*CALHOUN* DISCOVERY IN *IN RE GOOGLE
RTB CONSUMER PRIVACY LITIGATION*,
PURSUANT TO DKT. 683**

**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

1

**TABLE OF CONTENTS**

2
                                                                                                    **Page**

3    I.      The Motion Is an Untenable End-Run Around Judge DeMarchi's Prior Order. ................. 2

4    II.     Granting the Motion Would Be Extraordinarily Inefficient and Would Squander the
             Court's Limited Resources. ............................................................................................. 4

5    III.    If This Court Does Not Deny the Motion, It Should Remand This Dispute to Judge
             DeMarchi ....................................................................................................................... 6

6            A.      Plaintiffs' Claims Regarding the Substantive Relevance of *Calhoun* Discovery
                     Are Smoke and Mirrors. ..................................................................................... 6

7                    1.      The Discovery Overlap Between *Calhoun* and *In re RTB* is Minimal. ....... 6

8                    2.      The June 8 Brief Mischaracterizes Evidence and Is, Again and Again,
                             an Attempt to Reopen Settled Discovery Disputes. .................................... 7

9    IV.     Conclusion ..................................................................................................................... 12

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*California v. IntelliGender, LLC,*
   771 F.3d 1169 (9th Cir. 2014)............................................................................................ 12

*Cook v. Rockwell Int'l Corp.,*
   580 F. Supp. 2d 1071 (D. Colo. 2006) .................................................................................. 3

*Grimes v. City & County of San Francisco,*
   951 F.2d 236 (9th Cir. 1991).................................................................................................. 3

*Medina v. Intel Corp.,*
   1999 WL 35809831 (D.N.M. Feb. 24, 1999) ....................................................................... 3

*Tobar v. United States,*
   2015 WL 4658231 (S.D. Cal. Aug. 4, 2015) ....................................................................... 3

*United States v. Abonce-Barrera,*
   257 F.3d 959 (9th Cir. 2001).................................................................................................. 3

*United States v. Boyce,*
   2014 WL 7507240 (C.D. Cal. May 2, 2014) ........................................................................ 6

**Statutes**

28 U.S.C. § 636(b)(1)(A) ............................................................................................................. 3

**Other Authorities**

Fed. R. Civ. P.
   7............................................................................................................................................... 2
   30(b)(6) .................................................................................................................................. 8
   72(a) .................................................................................................................................... 2, 3

Civ. L.R.
   72............................................................................................................................................. 2
   72-2 ........................................................................................................................................ 2

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Plaintiffs' request to sweep discovery from the *Calhoun* action into the record in this case

2    has many fatal defects.  Perhaps the most glaring and indefensible among them, however, is that,

3    when they did not get their way, Plaintiffs responded by taxing the overburdened Courts with serial

4    litigation of the same issues.  Plaintiffs ***chose not to appeal*** Magistrate Judge Virginia DeMarchi's

5    April 29 Order denying their motion to compel production of discovery requests, documents, data

6    or information from *Calhoun* that Plaintiffs claimed relates to Google's Real-Time Bidding system

7    ("RTB") and their complaints' allegations.  Instead, Plaintiffs moved this Court to embrace a

8    legally-insupportable end run around Judge DeMarchi's prior decision so they could demand that

9    same discovery again.  The Court should deny Plaintiffs' request for multiple reasons.

10    ***First***, Plaintiffs cannot just brush aside Judge DeMarchi's adverse ruling and evade the

11    requisite process and high bar for overturning her order.  Plaintiffs' attempt to dodge the applicable

12    federal and local rules by moving this Court directly should not be rewarded.  ***Second***, granting

13    Plaintiffs' cross-use proposal would be ***grossly inefficient***.  Plaintiffs chose to have their discovery

14    disputes resolved by Judge DeMarchi, and never applied to either her or this Court to review

15    discovery from the *Calhoun* action before now.  This eleventh-hour maneuver to port over potential

16    reams of new evidence, which Plaintiffs suddenly claim is crucial, threatens to nullify many of

17    Judge DeMarchi's prior rulings and guarantees she will have to revisit and re-decide them.  This is

18    the height of inefficiency and an inexcusable waste of scarce judicial resources.  ***Third***, even if the

19    Court overlooks these threshold deficiencies, Plaintiffs' cross-use proposal fails on its merits.

20    Plaintiffs represented at the June 1 hearing that they would identify ample discovery from *Calhoun*

21    that would be highly relevant here.  Yet Plaintiffs have drastically underdelivered on that promise:

22    they cite only ***two*** exhibits from the substantial record in *Calhoun* that reference RTB or "Real-

23    Time Bidding" and scant deposition testimony specific to RTB.  They instead focus on four broad

24    and generic categories of information that are no more relevant here than in any privacy action.

25    Even as to that evidence, Plaintiffs mischaracterize the few materials they cite and seek to relitigate

26    broad issues where Judge DeMarchi has already ruled against them.

27    The Court should deny the Motion outright, or in the alternative, given the intensely factual

28    nature of these pure discovery disputes, remand it for Judge DeMarchi to resolve.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1    **I.       THE MOTION IS AN UNTENABLE END-RUN AROUND JUDGE DEMARCHI'S PRIOR ORDER.**

2        The Court should deny Plaintiffs' May 24, 2022 motion to allow the use of *Calhoun*

3    discovery in this action (ECF 206,[1] the "Motion") as an impermissible attempt to overrule Judge

4    DeMarchi's earlier order denying **substantively the same discovery**.  Indeed, the Motion violates

5    the Local Rules and the Federal Rules, as Plaintiffs seek to circumvent the exacting standard for

6    appealing a decision by a magistrate judge.  *See* Fed. R. Civ. P. 72(a); *see also* Civ. L.R. 72-2.

7        On March 15, 2022, Plaintiffs filed a motion before Judge DeMarchi to compel Google's

8    responses to the following requests for production, which sought "documents, data or information"

9    from the *Brown* and *Calhoun* matters (ECF 171, "Prior Motion to Compel"):

10   - **RFP 43:** Documents, requests, interrogatories, subpoenas or any other form of written
         discovery served on Google . . . by Plaintiffs in the Related Cases; and

11   - **RFP 44:** Documents, data or information, including Correspondence, written discovery
         responses, and testimony, provided by Google to Plaintiffs in the Related Cases, relating to
12       data privacy, Real Time Bidding, or any matter alleged in the Complaint.

13   (ECF 171-1 at 2-3.) In the Prior Motion to Compel, Plaintiffs advanced the same arguments as here,

14   asserting that "the requested documents are relevant" and production was warranted because "the

15   factual allegations [among the Related Cases] overlap in many ways."  (ECF 171 at 1-2.)  Judge

16   DeMarchi denied that motion in full on April 29, 2022.  (ECF 189 at 2:16–3:5.)  Plaintiffs did not

17   seek reconsideration. Instead, eleven days after their deadline to appeal that order lapsed, Plaintiffs

18   sought the same relief from this Court by filing a noticed Rule 7 motion. (ECF 206.)  Tellingly,

19   they did so **without mentioning** Judge DeMarchi's April 29 order.  (*See generally id.*) The Court

20   was only apprised of the Prior Motion to Compel when Google's counsel alerted the Court at the

21   June 1 conference (the "Conference") to discuss the Motion.  (June 1 Tr. at 7:1-15.)

22       This flagrant violation of the rules that govern litigants in this Court is an independent basis

23   to deny the Motion.  *See, e.g.*, Judge Yvonne Gonzales Rogers, Standing Order in Civil Cases, § 1

24   Conformity to Rules (updated May 13, 2022); Fed. R. Civ. Proc. 72(a) (requiring a party to file

25   objections to a non-dispositive order of the magistrate judge within 14 days); Civ. L.R. 72 (limiting

26   appeal to five pages).  Plaintiffs' evasion of the mandatory process for challenging magistrate

27   orders is a transparent ploy to overcome the "great deference" to which Judge DeMarchi's order is

28

---

[1] Unless otherwise indicated, all ECF citations are to the *In re RTB* docket.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

**GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-cv-05146-YGR-SVK**

1   entitled. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).  Under that standard,

2   Plaintiffs must demonstrate that Judge DeMarchi's order was "clearly erroneous or contrary to

3   law"—a standard they do not even cite, let alone attempt to satisfy. *See Grimes v. City & County*

4   *of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); Fed. R. Civ. P. 72(a); 28 U.S.C. §

5   636(b)(1)(A).  These rules exist with good reason: the efficiency and expertise a magistrate judge

6   brings to a matter "are thwarted when, instead of timely objecting, [a party] simply files a new

7   motion, alleging the same conduct and asking for the same relief the Magistrate Judge denied."

8   *Medina v. Intel Corp.*, 1999 WL 35809831, at *1 n.2 (D.N.M. Feb. 24, 1999) (denying motion on

9   ground that Magistrate had previously denied substantively identical relief); *see also Tobar v.*

10  *United States*, 2015 WL 4658231, at *6-8 (S.D. Cal. Aug. 4, 2015) (same).

11          Plaintiffs made two arguments at the Conference to justify sidestepping these rules.  **First**,

12  Plaintiffs claimed the instant request is narrower than the Prior Motion to Compel because it does

13  not seek overbroad discovery from *Calhoun*.  (June 1 Tr. at 18:25-19:2.)  That is false.  Just as they

14  do here, Plaintiffs argued to Judge DeMarchi that the Prior Motion to Compel "propos[ed] to tailor

15  RFP 44 to specific discovery and categories **at issue in this case.**"  (ECF 171 at 2; *see also* June 1

16  Tr. at 19:13-20.)   Plaintiffs also argued at the Conference that this dispute is "different," because

17  Plaintiffs will now identify the evidence that is purportedly relevant, as opposed to asking Google

18  to do so.  (June 1 Tr. at 19:16-25.)  The superficial reframing is meaningless, as Plaintiffs now seek

19  to dictate what *Calhoun* discovery Google must produce or fight to keep out.  It is, in substance,

20  the same discovery Judge DeMarchi rejected.  *Cf. Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d

21  1071, 1120 (D. Colo. 2006) (denying motion because magistrate previously denied similar relief).

22          **Second**, Plaintiffs claimed that they needed to bypass Judge DeMarchi (and the required

23  appeal procedure) with the Motion because she lacked the ability to grant them relief from the

24  *Calhoun* protective order.  That is a clear fiction.  The *Calhoun* protective order permits production

25  of confidential documents "pursuant to a court order issued in other litigation," and thus could have

26  authorized Judge DeMarchi to order cross-use here. (*See Calhoun*, ECF 56 at 13:3-22.)  Moreover,

27  since the disputed discovery seeks **Google's** confidential information, this Motion could have been

28  made to Judge DeMarchi, who could have ordered production of *Calhoun* discovery or the sharing

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1   of Google's information among counsel, if relevant. Plaintiffs' *post hoc* justification is meritless.

2   **II.    GRANTING THE MOTION WOULD BE EXTRAORDINARILY INEFFICIENT AND WOULD
        SQUANDER THE COURT'S LIMITED RESOURCES.**

3

4        Plaintiffs' Motion is manifestly untimely.  Plaintiffs have repeatedly requested for ***over one***

5   ***year*** that Google agree to broad cross-use of *Calhoun* materials.  (Gutkin Decl. ¶ 4.)  Apart from

6   one early, narrow exception, Google has refused these requests due to the overwhelming

7   irrelevance of *Calhoun* discovery and the enormous burden to Google's counsel here of digesting

8   the *Calhoun* record to respond to whatever cherry-picked evidence Plaintiffs might select from it.

9   (*Id.*)  Plaintiffs never raised this issue with Judge Koh or this Court.  Meanwhile, discovery has

10  proceeded expeditiously.  (*Id.*)  After Plaintiffs insisted on a lengthy dispute over an ESI protocol,

11  on which Google overwhelmingly prevailed (ECF 125), in December 2021, the Parties agreed to a

12  schedule to substantially complete discovery by April 2022.  (ECF 127.)  The Parties complied

13  with that schedule and substantially completed document production by April 21, 2022.  (Gutkin

14  Decl. ¶ 2.)  It was only ***after*** Judge DeMarchi ruled on all outstanding discovery motions and denied

15  the vast majority of Plaintiffs' motions to compel that Plaintiffs raised the cross-use issue anew

16  with this Court. (ECF 184, 187, 187-1, 189.)[2]  Plaintiffs submitted these matters to Judge DeMarchi

17  for resolution with full knowledge of the supposedly critically-relevant *Calhoun* discovery and

18  forced the Court to hold four hearings, review nine discovery pleadings, and issue six orders, only

19  to now seek to relitigate her decisions on the basis of an array of new facts.  If Plaintiffs timely

20  sought this relief, this would have been resolved ***before*** the Court went to such great lengths.

21        Plaintiffs' attempt to undo Judge DeMarchi's rulings to date also rests on specious

22  reasoning.  ***First***,    far    from    "dramatically    increas[ing]    []    efficiency"

23  and "reducing burdens on the Court," (*Calhoun*, ECF 692-2 ("June 8 Brief") at 1), granting

24  Plaintiffs' cross-use proposal will halt progress toward substantially completing the production of

25  documents by the extended deadline next month and launch a tidal wave of new motion practice.

26  ─────────────────────
    [2] Plaintiffs' attempt to blame Google for purported discovery delays ring hollow here, given Judge

27  DeMarchi's recent comments on Plaintiffs' approach to discovery.  She twice characterized
    Plaintiffs' deposition topics as "***ridiculously overbroad***" and commented that "the arguments that

28  are being made to me . . . are undermined somewhat by the ***extreme breadth of the discovery***. It's
    just – ***it's way overbroad***." (June 7 Tr. at 16:1, 20:17, 32:25-33:3.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1   Their ill-defined proposal contemplates that: (1) Plaintiffs will select whatever evidence from

2   *Calhoun* they deem relevant and helpful to their case; (2) Google has to object; and (3) Judge

3   DeMarchi will resolve all the disputes between the Parties on a piecemeal basis.  (ECF 206 at 2;

4   Tr. at 20:5-12.)  Since much of the "overlapping discovery" Plaintiffs demand relates to discovery

5   issues on which Judge DeMarchi has already ruled against them, *see infra* § III.A.2, were the Court

6   to adopt this procedure, the Parties would necessarily end up relitigating the same disputes.[3]

7        ***Second***, Plaintiffs' Motion and Plaintiffs' June 8 Brief presuppose that the discovery

8   limitations Judge DeMarchi has imposed are improper.  (June 8 Brief at 2, Mot. at 2.)  But Judge

9   DeMarchi's rulings have properly targeted discovery to the actual product and disputed issues in

10  this case.  As Judge DeMarchi has repeatedly recognized, this action relates to Google Account

11  holder information that is allegedly disclosed by Google to third parties via a single advertising

12  channel, RTB.  *See e.g.,* May 31, 2022 Tr. 18:6-11 ("[T]he case is principally about disclosure of

13  information – account holder information as opposed to its collection and storage . . . I was

14  persuaded by Google's argument that the case was about disclosure."); Feb. 8, 2022 Tr. 56:7-13 ("I

15  still don't understand why collection and storage is relevant . . . you're really only worried about .

16  . . . the end that involves sale and dissemination of information.").  Plaintiffs themselves have

17  distinguished this case from *Calhoun* on this basis, repeatedly stating the cases are "fundamentally

18  different" because *Calhoun* "relate[s] to what plaintiffs allege is the unlawful ***collection*** of personal

19  information from the Chrome Browser" whereas in *In re RTB*, "plaintiffs allege unlawful ***sale*** of

20  information[.]" (Nov. 2, 2021 Tr. at 5-8 (emphases added).) *See also* Feb. 11, 2022 Tr. at 38:19-23

21  (statement from lead Plaintiffs' counsel in a hearing before this Court that this case "***challenge[s]***

22  ***a different practice, a different premise***.  [I]t is . . . about dissemination and sale of private data as

23  opposed to collection.") (emphasis added).)  Only now that Plaintiffs have lost virtually every

24  discovery dispute do they urge this impermissible path to reversing Judge DeMarchi's rulings.

25  _____

26  [3] Again, Plaintiffs' argument that the proposed procedure "will not prejudice Google or burden it with any additional discovery obligations" (ECF 206 at 2:18-19) is flatly untrue.  Under Plaintiffs'
    proposal, they are entitled to select the most favorable evidence from the *Calhoun* production for

27  their arguments, and Google's counsel here (who does not represent Google in *Calhoun* or *Brown*)
    would then need to review the documents and deposition testimony selected by Plaintiffs, prepare

28  objections, and identify all the rebuttal discovery necessary to develop Google's defenses.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1    Indeed, as discussed below, each of the four categories of "overlapping discovery" that Plaintiffs

2    identify are obvious attempts to relitigate issues that Judge DeMarchi has already decided.

3        As if this were not enough, Plaintiffs' proposed cross-use would also force Judge DeMarchi

4    to revisit rulings on hotly-contested issues that define the basic scope of discovery.  For example,

5    Judge DeMarchi resolved a major dispute over custodians when Plaintiffs attempted to add **40**

6    custodians to the Parties' agreed-upon 21 custodians. (ECF 187.)  Ultimately, she granted only **two**

7    of those custodians, after extensive briefing and a two-hour hearing. (ECF 187 at 3-4.)  Judge

8    DeMarchi also sided with Google on nearly all of the more than 30 search terms Plaintiffs sought

9    to force on Google. (ECF 187, 187-1.)  To launch a new process at this late stage where Plaintiffs

10   are allowed to identify all new documents from already-rejected custodians and concerning subjects

11   already rejected for document searches would be extraordinarily wasteful and inefficient.[4]

12   **III.    IF THIS COURT DOES NOT DENY THE MOTION, IT SHOULD REMAND THIS DISPUTE TO
           JUDGE DEMARCHI**

13

14       Even if neither Plaintiffs' procedural gamesmanship nor the gross inefficiency of their

15   Motion persuades the Court, it should refer these detailed factual issues to Judge DeMarchi.

16   Plaintiffs' gambit of bringing a ***pure discovery*** motion to the District Court contravenes the very

17   "purpose of the Federal Magistrate's Act, [which] is to relieve the courts of unnecessary work . . .

18   Parties must take before the magistrate, not only their 'best shot' but all of their shots." *United*

19   *States v. Boyce*, 2014 WL 7507240, at *7 (C.D. Cal. May 2, 2014) (citation omitted).  Plaintiffs'

20   request for this Court's intervention is unfounded, and there is no cause for it at this late stage.

21       **A.    Plaintiffs' Claims Regarding the Substantive Relevance of *Calhoun* Discovery
               Are Smoke and Mirrors.**

22       **1.    The Discovery Overlap Between *Calhoun* and *In re RTB* is Minimal.**

23       Plaintiffs' Motion itself belies their representations at the Conference that there is

24   "significant overlap" between discovery in *Calhoun* and *In re RTB*.  (*See* June 1 Tr. at 25:22-24.)

25   For example, Plaintiffs boldly asserted that a search "for the words 'real-time bidding'" in the

26   _____

27   [4] Plaintiffs' open-ended cross-use proposal could more than ***double*** the number of custodians at
     issue in *In re RTB*.  While there are 23 custodians in *In re RTB*, there are 37 non-overlapping
     custodians at issue in *Calhoun*, all of whom may have documents that Plaintiffs could try to claim
28   are relevant here.  These floodgates should remain firmly closed.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1    *Calhoun* document production would yield "many, many hits." (June 1 Tr. at 22:15-21.) Yet, out

2    of the ***over one million*** documents produced in *Calhoun*, Plaintiffs identify ***only two*** exhibits that

3    include the words "Real-Time Bidding" or "RTB." (*See* Exs. A-B.) Google verified ██████████

4    ████████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████

7    ██████████████████████████████████████████▐    ████████████████████

8         Plaintiffs likewise averred that the majority of depositions contained testimony "relevant to

9    RTB." (June 8 Brief Weaver Decl., ECF 692-4 at ¶ 4.) Not true. Counsel for Google here reviewed

10    all references to "RTB" or "Real-Time Bidding" in *Calhoun* depositions and confirmed that, almost

11    without exception, the references to RTB were passing, nonsubstantive discussions, with many

12    witnesses disclaiming knowledge of RTB. (Ex. 3 at 44:20-45:12 ("I am not familiar with the RTB

13    area"); Ex. 4 at 104:7-21; Ex. 5 at 604:11-24.) In fact, even many of these passing references to

14    RTB came up because ***Plaintiffs' counsel*** first raised the term in their questions, rather than the

15    witness referencing it in an answer. (Gutkin Decl. ¶ 7; *see also* Ex. 6 at 293:11-296:3 (deponent

16    already a custodian here); Ex. 7 at 114:14-115:17 (deponent already a custodian here), Ex. 8 at

17    233:14-22 (discussing a document that deponent coauthored with Nitish Korula, already a

18    custodian here)). In other words, Plaintiffs' counsel's conduct, rather than organic relevance,

19    created these few instances of purported overlap.

20         2.    **The June 8 Brief Mischaracterizes Evidence and Is, Again and Again, an Attempt to Reopen Settled Discovery Disputes.**

21

22         Given Plaintiffs' inability to identify *Calhoun* evidence and testimony specific to RTB, they

23    focus instead on four highly general categories of *Calhoun* discovery they claim are relevant here.

24    **Data Flow and Logs About the Collection and Storage of User Information.** Plaintiffs

25    ─────────────────────
      [5] Specifically, Google applied the ████████████████████

26    ████████████████████████████████████████████     [(Gutkin Decl. ¶ 5.) While
      Plaintiffs contend a set of purportedly relevant terms ████████████████████

27    ████████████████████████████████████████████████████████████████████

28    ████████     ccording to Google's searches, the four terms Plaintiffs specified, which are
      themselves generic and ***not*** RTB-specific, ████████████████████     Gutkin Decl. ¶ 6.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1    claim they need to cross-use all manner of data logs obtained in *Calhoun*, asserting that they show

2    the information Google collects from Account Holders and all the results of RTB's operations in

3    Google's logs. (June 8 Brief at 2-6.)  As discussed below, this is inaccurate.  (*See infra* § III.A.2.)

4    Even if this were true, Plaintiffs concede that Judge DeMarchi has ruled that "collection and

5    storage" of user data are beyond the scope of discovery. (*Id.* at 8-10.)  Specifically, Judge DeMarchi

6    held that, with limited exceptions, "the Court is not persuaded that the location and manner in which

7    Google stores bid requests or the user information that is used or may be used in a bid request is

8    relevant to any issue in the case." (ECF 187 at 6-7.)  Just **last week** in a hearing about Plaintiffs'

9    Rule 30(b)(6) deposition notice, Judge DeMarchi said to Plaintiffs' counsel, "This is the issue I've

10   already ruled on in the document production context where I said I don't think that's relevant. . . *I*

11   ***don't think figuring out where everything is stored and how it gets there, how it's collected in***

12   ***the first place is relevant***." (June 7 Tr. at 22:13-17.)  At this same hearing, Judge DeMarchi agreed

13   to entertain yet further briefing on the "creation, source and storage of Account Holder

14   information." (ECF 231 at 14.)  It is the epitome of inefficiency and undermines Judge DeMarchi's

15   role for Plaintiffs to simultaneously relitigate the same issue before two judges.

16        <u>Front End Logs and Documents.</u>  To support their argument about data flows and "front

17   end" logs, Plaintiffs cite two documents, neither of which further their cause.[6]  Plaintiffs point to

18   one slide from a document entitled ███████████████████ (June 8 Brief at 3; Ex. A.)

19   Google did not produce this here as it pre-dates the relevant time period set by Judge DeMarchi

20   (March 2016 to present).  Moreover, there is nothing uniquely important about this document, as

21   Google **has already produced** in *In re RTB* documents that reflect similar information, as well as

22   various other documents reflecting descriptions and diagrams of the RTB data flow.[7]  Plaintiffs

23   also cannot claim that the relevant time period should be extended because of a single, cumulative

24   document.  In fact, Judge DeMarchi heard argument on this very issue and granted Plaintiffs

25   _____

26   [6] Plaintiffs falsely contend that Google conceded in its motion to dismiss that "the auctions at issue in [*In re*] *RTB* involve data collected through Google products." (June 8 Brief at 3:4-7 (citing Google's MTD, ECF 93 at 5–6).)  Plaintiffs cite nothing more than Google's summary of

27   ***Plaintiffs' allegations***, which merely states that Google offers publisher-side programs to facilitate the selling of ad space and describes the process through which this occurs.  (MTD at 5:19–6:7.)

28   [7] Goog-Hewt-00138786 at 138835 (reflecting similar content to that included in the presentation); Goog-Hewt-00191899 (document entitled ████████████

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1  discovery for a full year prior to the cutoff for the statute of limitations. (Nov. 2, 2022 Tr. at 23:23-

2  24:3 ("Google says that the March 26, 2016 date is a year before the earliest actionable claim based

3  on statute of limitations. That seems reasonable to me."); ECF 116 at 3.)

4       Exhibit B also does not "illustrate the overlapping relevance of the 'data flow' category

5  discovery between the two cases." (June 8 Brief at 4:1-4.)  This document describes the general

6  operation of Google's ad serving system, which interacts with many Google products, of which

7  RTB is just one. (June 8 Brief Ex. B.)  It has minimal references to RTB, showing only that some,

8  unspecified information in ███████████████████████████████████████████████

9  █████████  (*Id.* at 30283-91.)  ████████████████████████████████████████

10 ████████████████████████████████████  This is hardly vital discovery.

11 Plaintiffs also ████████████████████████████████████████████████

12 ████████████████████  As Judge DeMarchi has repeatedly held, discovery about all the

13 information Google collects is vastly overbroad here, where only what Google discloses to third-

14 party advertisers through RTB matters.  *See supra* pp. 5, 8.

15      **"Back-end" logs.**  Plaintiffs next argue, by way of a ***10-page*** expert declaration,[8] that a long

16 list of logs that ████████████████████████████████████  and produced in *Calhoun*

17 are also relevant here. (June 8 Brief at 4:19-6:18.) As explained in the accompanying declaration

18 of Stanislav Belov, these fact-intensive arguments are based on numerous, critical

19 misunderstandings about how RTB operates and what information related to it appears in logs.

20 Plaintiffs' arguments are misinformed and, again, cannot justify overturning existing rulings.

21      **Personal Information.**  Citing no case law, Plaintiffs confusingly claim that how data is

22 collected is relevant to whether it qualifies as personal information under California law.  Even if

23 true, the cited discovery does not bear on that question or show how ████████████████████

24 ████████████████████  used in RTB.  (June 8 Brief at 7:13.) Plaintiffs' Exhibit C does not

25 specifically relate to Google's RTB products (Authorized Buyers or Open Bidders) or address how

26 RTB bid requests are constructed as part of the operation of these products. (June 8 Brief Ex. C.)

27

28  ---

[8] Plaintiffs blithely interpreted the Court's request for "a brief from you, not to exceed 12 pages,"
to authorize submitting ***more than 30 pages***, with a 9-page, argumentative attorney declaration,
and a 10-page expert declaration.  Google answers Plaintiffs' misstatements only briefly.

Cooley LLP
Attorneys at Law
San Francisco

9

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1    Likewise, almost none of Plaintiffs' cited deposition testimony concerns RTB; rather, most of that

2    testimony concerns ████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████████.[9]

4           **Consent.**  Plaintiffs concede, as they must, that the alleged promises at issue in *Calhoun*

5    and *In re RTB* are not the same.  (June 8 Brief at 10:13-15.)  That is because *Calhoun* concerns

6    Google's allegedly improper ***collection*** of user data via Google Chrome, whereas *In re RTB* relates

7    to Google's alleged ***disclosure*** of information to third parties via RTB.  (*See supra* § II.)  Plaintiffs

8    nevertheless contend that cross-use is warranted because Google asserts a consent defense in both

9    actions.  This defense is nearly universal in privacy class actions, so by this flawed logic, cross-use

10   would be warranted in effectively ***every*** separate privacy class action against ***every*** company—

11   resulting in a multiplicity of disputes over cross-use.  Indeed, if Plaintiffs' viewpoint were adopted,

12   individual attorneys working on one privacy case against a defendant could endlessly join other

13   cases as co-counsel, solely to assert, as Plaintiffs do here, that they know of tomes of relevant

14   documents that must be handed over.  That absurd result is not how protective orders forbidding

15   the use of confidential information to pursue other litigation should operate.  The Court should not

16   reward Plaintiffs' strategy of commingling counsel, and the precedent it threatens to set.

17          To support their argument in favor of cross-use, Plaintiffs assert they have been "unable to

18   explore" "two prominent Google projects" purportedly concerning privacy and consent in *In re*

19   *RTB*.  (June 8 Brief at 8:6.)  As to ████████████ Plaintiffs selectively quote a single document

20   and claim it shows that ████████████████████████████████████████████ (June 8

21   Brief at 8:12-13.)  It does not, but, in any case, the ████████████ project was not specific to RTB

22   and Plaintiffs have not shown otherwise.  ████████████ also was not a "secret internal survey,"

23   (June 8 Brief at 8:13), but a project driven by █████████████████████████████████████

24   ████████████████████████████████(Ex. 10 at 21:7-14; 25:12.)  Google witnesses in

25   *Calhoun* also testified that the team involved in this project was ████████████████████████

26

27   ─────────────────────
     [9]*See* June 8 Brief at 7:14-17; Weaver Decl. ¶ 6.a., Ex. I (Harting Dep. Tr. at 259:21-261:7); ¶ 6.c.,
     Ex. K (Ravichandran Dep. Tr. at 35:22-43:2, 88:20-95:10, 133:10-140:2, 171:1-172:4); ¶ 6.d., Ex.

28   L (Jun Dep. Tr. at 64:4-68:15, 84:17-86:25, 143:5-157:24, 170:10-171:1); ¶ 6.f., Ex. N (Berntson
     Dep. Tr. at 11:3-13, 40:25-46:13, 85:23-86:22).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1   ████████████████████████████████████████████████████████████

2   ██████  There is no justification for bringing all of this irrelevant discovery into this action.

3   Regarding "Privacy Sandbox," Plaintiffs' contention that they were precluded from taking

4   discovery on this topic is flatly untrue:  Google is already searching for documents relevant to this

5   topic, as it ***voluntarily adopted multiple search terms*** concerning Privacy Sandbox, including

6   variations on the term "Sandbox," and on the related terms ████████ and ████████ (two of

7   which Google itself suggested.)  (Gutkin Decl. ¶ 3.)  While Plaintiffs may not have received the

8   very same documents produced in *Calhoun*, this privacy initiative relates to multiple products, and

9   the search term and custodian parameters set by Judge DeMarchi are designed to yield documents

10  discussing it ***in the context of RTB***.  Lastly, Plaintiffs fail to support their claim that ████████

11  ████████████████████," (June 8 Brief at 9:6.)  Michael Kleber testified that "████████████

12  ████████████████████████" was the impetus for the Privacy Sandbox and there is not

13  one reference to "Real-Time Bidding" or "RTB" in his entire deposition.  (June 8 Brief Ex. M,

14  Kleber Tr. 30:5-9; Gutkin Decl. ¶ 7); *see also* June 8 Brief Ex. E (concerning "Display Ads" which

15  refers to a suite of Google's publisher-side services, whereas RTB is advertiser-side.)

16  As to each initiative, Plaintiffs omit that they previously sought similar discovery in the

17  form of interviews, testimony, or documents "in any court proceeding" relating to "data privacy"

18  before Judge DeMarchi.  (ECF 184 at 2-3; 141-1 at 4-5.)  Judge DeMarchi denied that, holding that

19  Google "need not search for or produce responsive documents that concern only data privacy

20  generally" and reasoning that documents focused on RTB are what is relevant.  (ECF 184 at 6.)

21  The Motion cannot be a back door for Plaintiffs to override Judge DeMarchi's rulings against them.

22  Lastly, Plaintiffs cite three additional documents plucked from the *Calhoun* production,

23  which they claim raise privacy issues "relevant to RTB."  (June 8 Brief at 9:24.)  Even the existence

24  of three highly relevant documents would not justify the radical process Plaintiffs envision, but

25  these are not highly relevant.  For example, Plaintiffs selectively quote talking points by a Chrome

26  software engineer discussing privacy on the Internet generally. The document does not mention

27  RTB, and the remarks they cite are taken entirely out of context; they were made while describing

28  privacy protections in Chrome, including how to avoid website spoofing and phishing (*i.e.*, seeking

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1   login credentials for illicit purposes).  (June 8 Brief Ex. G at 0043337-72.)

2        **Damages.** Plaintiffs claim that *Calhoun* and *In re RTB* share "similar damages models" and

3   that *Calhoun* discovery is therefore "highly relevant" here.  (June 8 Brief at 10:14-20.)  But if the

4   damages in both putative classes truly overlapped, Plaintiffs would impermissibly be seeking

5   double recovery on behalf of those classes. *California v. IntelliGender, LLC*, 771 F.3d 1169, 1179

6   (9th Cir. 2014) ("[C]ourts can and should preclude double recovery by an individual").  In any

7   event, Plaintiffs' argument that *Calhoun* damages discovery is "directly relevant" is baseless.

8        For example, Plaintiffs claim to need discovery involving two consumer research programs

9   unrelated to RTB, "Cross-Media Panel" and "Screenwise Trends," and misleadingly contend that

10  "[p]ermitting use of these documents will resolve at least one dispute pending before Judge

11  DeMarchi." (June 8 Brief at 11:18.)  Plaintiffs omit that they have already litigated this ***exact issue***

12  before Judge DeMarchi, who sustained Google's objections to ***eight*** duplicative RFPs related to

13  damages. (ECF 189 at 4-5.)  Indeed, Plaintiffs moved to compel Google's responses to documents

14  related to these exact programs and explained in their brief that this discovery was permitted in

15  *Brown.*  (ECF 171 at 3.)  Judge DeMarchi rightly denied that request, and, with the Court's

16  supervision, the Parties are ***right now*** undertaking a process to identify narrower, more appropriate

17  discovery that "assigns or estimates the value" of "personal or sensitive information" allegedly

18  shared through RTB.  (ECF 189 at 5; 200, 210, 212 (status reports regarding same); 217 (follow-

19  up order regarding same).)  Plaintiffs' claim that they "cannot undermine Google's contentions"

20  without discovery of Screenwise Trends (June 8 Brief at 11:18-19) is thus demonstrably false.

21       Finally, Plaintiffs contend that *Calhoun* discovery is relevant because it shows that Google's

22  logs ███████████████████████ (June 8 Brief at 11:23.)  But total revenue per user

23  is not relevant to damages issues in *In re RTB*, which relate to the value of the specific information

24  that Plaintiffs allege is unlawfully shared by Google with third parties via RTB. (ECF 171 at 6.)

25  Judge DeMarchi has agreed and directed Google to identify documents showing the value "of

26  personal or sensitive information shared with third parties in the RTB process."  (ECF 189 at 5.)

27  **IV.   CONCLUSION**

28       For all the foregoing reasons, Google respectfully requests that the Court deny the Motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1

2

3    Dated:  June 15, 2022

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

COOLEY LLP


By: */s/ Jeffrey M. Gutkin*
        Jeffrey M. Gutkin
        Attorneys for Defendant

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

GOOGLE'S OPP'N TO
BR. RE *CALHOUN* DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Opposition to Plaintiffs' Brief Re: Targeted Use of *Calhoun* Discovery in *in Re Google RTB Consumer Privacy Litigation*, Pursuant to DKT. 683. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document

Dated: June 15, 2022

By _____ */s/ Andrew H. Schapiro* _____
    Andrew H. Schapiro
    *Counsel on behalf of Google*

14