# DECLARATION OF JEFFREY M. GUTKIN ISO GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' BRIEF RE: TARGETED USE OF CALHOUN DISCOVERY IN IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION, PURSUANT TO DKT. 683

## Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>(rhodesmg@cooley.com)<br>WHITTY SOMVICHIAN (194463)<br>(wsomvichian@cooley.com)<br>JEFFREY M. GUTKIN (216083)<br>(jgutkin@cooley.com)<br>AARTI REDDY (274889)<br>(areddy@cooley.com)<br>KYLE C. WONG (224021)<br>(kwong@cooley.com)<br>KELSEY R. SPECTOR (321488)<br>(kspector@cooley.com)<br>ANUPAM DHILLON (324746)<br>(Adhillon@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, California 94111-4004<br>Telephone: +1 415 693 2000<br>Facsimile: +1 415 693 2222 | COOLEY LLP<br>ROBBY SALDAÑA (*pro hac vice pending*)<br>(rsaldana@cooley.com)<br>1299 Pennsylvania Avenue NW<br>Suite 700<br>Washington, District of Columbia 20004-2400<br>Telephone: +1 202 842 7800<br>Facsimile: +1 202 842 7899 |

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**DECLARATION OF JEFFREY M. GUTKIN IN SUPPORT OF GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' BRIEF RE: TARGETED USE OF *CALHOUN* DISCOVERY IN *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*, PURSUANT TO DKT. 683** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GUTKIN DECL. ISO GOOGLE'S
OPP'N TO BR. RE CALHOUN DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

I, Jeffrey M. Gutkin, declare as follows:

1. I am an attorney with the law firm of Cooley LLP, and attorney of record for Defendant Google LLC ("Google") in this action. I am admitted to practice before this Court and all California state courts. I submit this declaration in support of Google's Opposition to Plaintiffs' Brief re: Targeted Use of *Calhoun* Discovery in *In re Google RTB Consumer Privacy Litigation* (ECF 692-2, the "June 8 Brief"). Except as noted otherwise, I have personal knowledge of the facts herein and I am competent to testify.

2. Pursuant to the agreed schedule filed with the Court in December 2021 (*see* ECF 127), Google substantially completed production of documents on April 21, 2022. Plaintiffs represented that they too had substantially completed production of documents by this date. Following Judge DeMarchi's rulings regarding the Parties' outstanding discovery disputes, which were issued after April 21, 2022, *see* ECF Nos. 184, 187, 189, the Parties agreed to a short extension of the substantial completion deadline to produce additional discovery as directed by Judge DeMarchi in these orders. (ECF 208).

3. During the Parties' negotiations over search terms, Google proposed the search terms "Sandbox" and ▮▮▮▮ and agreed to apply the term ▮▮▮▮ at Plaintiffs' request. Google searched for all of these words in conjunction with other relevant terms.

4. Since the spring of 2021, Plaintiffs have repeatedly requested that Google agree that Plaintiffs may use in this action discovery materials produced in *Calhoun v. Google*, No. 4:20-cv-05146-YGR-SVK. Apart from one early, narrow exception, I have categorically declined this request on Google's behalf, on the basis that negligible portions of the voluminous *Calhoun* record are relevant in *In re RTB*. I have also explained that because separate counsel represents Google in *Calhoun* and *In re RTB*, Plaintiffs' request would impose enormous burdens on Google and its attorneys by requiring attorneys from my law firm to review a large amount of unrelated discovery from *Calhoun* to respond to whatever evidence Plaintiffs contend is relevant. To the best of my recollection, in more than one of these conversations during 2021, Plaintiffs stated that they would bring a motion to allow for this cross-use of discovery from the *Calhoun* matter.

5. After Plaintiffs filed the June 8 Brief, at my direction, Google executed the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

GUTKIN DECL. ISO GOOGLE'S
OPP'N TO BR. RE CALHOUN DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

1  following search query across all documents produced in *Calhoun*: ▓▓▓▓▓▓▓▓▓▓▓▓

2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4  ▓▓▓▓▓  I understand that less than ▓▓ of all documents produced in *Calhoun*, contained at

5  least one of these terms. Google also ran the same search query across the *Calhoun* production

6  after applying certain of the discovery parameters that Judge DeMarchi has deemed appropriate in

7  *In re RTB*, namely limiting the search to those of the 23 custodians in *In re RTB* and excluding

8  documents dated prior to March 26, 2016. I am informed that query returned less than ▓▓ of all

9  documents produced in *Calhoun*.

10       6.       The June 8 Brief and an accompanying declaration from Plaintiffs' counsel asserts

11  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

12  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* Decl. of Lesley E. Weaver ¶ 3 (ECF 694-

13  2).) At my direction, Google executed a search query of these four disclosed terms and identified

14  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

15  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

16       7.       At my request, counsel for Google in the *Calhoun* action from the Quinn Emanuel

17  Urquhart & Sullivan, LLP firm performed a search for the terms "RTB" or "real-time bidding" in

18  the transcripts of all fact witness depositions taken in *Calhoun*. My team then performed an analysis

19  of all references to these terms in the deposition transcripts. This analysis determined that in nearly

20  all of these depositions, real-time bidding was discussed only briefly, and that many deponents

21  appeared not to be knowledgeable about the topic. Similarly, the bulk of these references appear

22  *after* Plaintiffs' counsel first mentioned "RTB" or "real-time bidding" in their questioning. None

23  of these references appeared in the deposition of Michael Kleber.

24       8.       Google has already agreed to produce documents that it can reasonably locate

25  related to damages, including: documents regarding the aggregate financial performance of RTB;

26  documents sufficient to show the monetary value, if any, of the alleged conduct; and documents

27  analyzing the value that the association of verticals and segments contributes to information that is

28  shared with third parties utilizing RTB.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

GUTKIN DECL. ISO GOOGLE'S
OPP'N TO BR. RE CALHOUN DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK

9. Attached hereto as **Exhibit 1** is a true and correct copy of a document titled ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which Google has produced in *Google RTB* with the Bates range GOOG-HEWT-00138786 to GOOG-HEWT-00138665.

10. Attached hereto as **Exhibit 2** is a true and correct copy of a document titled ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which Google has produced in *Google RTB* with the Bates range GOOG-HEWT-00191899 to GOOG-HEWT-00191918.

11. Attached hereto as **Exhibit 3** is a true and correct excerpted copy of the transcript of the remote deposition of Huei-Hung (Chris) Liao in *Calhoun*.

12. Attached hereto as **Exhibit 4** is a true and correct excerpted copy of the transcript of the remote deposition of Sam Heft-Luthy in *Calhoun*.

13. Attached hereto as **Exhibit 5** is a true and correct excerpted copy of the transcript of the remote deposition of David Monsees in *Calhoun*.

14. Attached hereto as **Exhibit 6** is a true and correct excerpted copy of the transcript of the remote deposition of Bindra Chetna in *Calhoun*.

15. Attached hereto as **Exhibit 7** is a true and correct excerpted copy of the transcript of the remote deposition of George Levitte in *Calhoun*.

16. Attached hereto as **Exhibit 8** is a true and correct excerpted copy of the transcript of the remote deposition of Deepak Ravichandran in *Calhoun*.

17. Attached hereto as **Exhibit 9** is a true and correct excerpted copy of the transcript of the remote 30(b)(6) deposition of Mediha Abdulhay in *Calhoun*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Oakland, California on June 15, 2022.

Dated: June 15, 2022

By: /s/ Jeffrey M. Gutkin
Jeffrey M. Gutkin

270576408

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

GUTKIN DECL. ISO GOOGLE'S
OPP'N TO BR. RE CALHOUN DISCOVERY
CASE NO. 4:20-CV-05146-YGR-SVK