# Gao Declaration

# Redacted Version of Document Sought to be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**DECLARATION OF TRACY GAO IN SUPPORT OF GOOGLE LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION RE CALHOUN MODIFIED PRESERVATION PLAN**<br><br>**Referral: Hon. Susan van Keulen, USMJ** |

I, Tracy Gao, declare as follows:

1. I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP, which serves as Google's outside counsel in this litigation. I submit this declaration in support of Google's Response to Plaintiffs' Objections to the "Special Master's Report and Recommendation re *Calhoun* Modified Preservation Plan" (Dkts. 665, 666). I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On March 7, 2022, pursuant to the Special Master's instruction, Google produced a list of ▓▓▓ columns and annotations to the Special Master, and noted that Google would "defer to the Special Master if this comprehensive list … should be produced to Calhoun counsel pursuant to the Special Master process." Plaintiffs were cc'd on the cover email to the Special Master but were not provided the password to the production.

3. On March 10, March 31, and April 22, 2022, Google produced data associated with identifiers provided by the Named Plaintiffs and Dr. Shafiq from the ▓▓▓ ▓▓▓.

4. On April 1, 2022, Special Master Brush wrote to Plaintiffs via email, with Google cc'd, stating that: "Final searches are to be submitted today. I am unsure what is missing for you to supply the final searches."

5. On April 6, 2022, Plaintiffs submitted the searches to the Special Master and Google in a spreadsheet titled "Calhoun v. Google -- Round 2 Searches 6 APR 2022." Google conducted the searches pursuant to the Special Master's orders and instructions, and made rolling productions on April 22, April 28, April 29, and May 20, 2022. Google completed the production on May 20, 2022.

6. During a conference on May 9, 2022, the Special Master instructed Google to produce the list of ▓▓▓ columns and annotations to Plaintiffs. Google did so the same day.

7. Pursuant to the Special Master's instruction during the May 9, 2022 conference, Google submitted an alternative preservation proposal on May 10, 2022. In the proposal, Google stated: "During the meet and confer with the Special Master on Monday, May 9, 2022, Mr. Barnes asked whether the '▓▓▓' field can be used to reliably identify traffic from users who

are not signed in to their Google Accounts, and therefore also do not have sync enabled. To assist Plaintiffs, we reviewed the searches conducted pursuant to the Special Master process. █████

█████

█████

█████

█████

█████

█████

█████

8. On May 11, 2022, Google submitted a letter to the Special Master and Plaintiffs responding to Plaintiffs' May 10, 2022 letter regarding preservation. The letter stated: "Google disagrees that ███████ can be used to reliably detect logged-out traffic. As explained in yesterday's submission, ███████████████████████."

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Washington, D.C. on June 15, 2022.

By ____/s/ Tracy Gao_____
Tracy Gao