1

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2
Diane M. Doolittle (CA Bar No. 142046)     Andrew H. Schapiro (admitted *pro hac vice*)
dianedoolittle@quinnemanuel.com          andrewschapiro@quinnemanuel.com

3
Sara Jenkins (CA Bar No. 230097)          Teuta Fani (admitted *pro hac vice*)
sarajenkins@quinnemanuel.com              teutafani@quinnemanuel.com

4
555 Twin Dolphin Drive, 5th Floor         191 N. Wacker Drive, Suite 2700
Redwood Shores, CA 94065                  Chicago, IL 60606

5
Telephone: (650) 801-5000                 Telephone: (312) 705-7400
Facsimile: (650) 801-5100                 Facsimile: (312) 705-7401

6

7
Stephen A. Broome (CA Bar No. 314605)     Josef Ansorge (admitted *pro hac vice*)
stephenbroome@quinnemanuel.com            josefansorge@quinnemanuel.com

8
Viola Trebicka (CA Bar No. 269526)        Xi ("Tracy") Gao (CA Bar No. 326266)
violatrebicka@quinnemanuel.com            tracygao@quinnemanuel.com

9
Crystal Nix-Hines (Bar No. 326971)        Carl Spilly (admitted *pro hac vice*)
crystalnixhines@quinnemanuel.com          carlspilly@quinnemanuel.com

10
Alyssa G. Olson (CA Bar No. 305705)       1300 I Street NW, Suite 900
alyolson@quinnemanuel.com                 Washington D.C., 20005

11
865 S. Figueroa Street, 10th Floor        Telephone: (202) 538-8000

12
Los Angeles, CA 90017                     Facsimile: (202) 538-8100
Telephone: (213) 443-3000

13
Facsimile: (213) 443-3100

14

15
Jomaire Crawford (admitted *pro hac vice*)   Jonathan Tse (CA Bar No. 305468)
jomairecrawford@quinnemanuel.com          jonathantse@quinnemanuel.com

16
51 Madison Avenue, 22nd Floor             50 California Street, 22nd Floor
New York, NY 10010                        San Francisco, CA 94111

17
Telephone: (212) 849-7000                 Telephone: (415) 875-6600
Facsimile: (212) 849-7100                 Facsimile: (415) 875-6700

18
*Counsel for Defendant Google LLC*

19

**UNITED STATES DISTRICT COURT**

20
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

21

22
PATRICK CALHOUN, *et al.*, on behalf of        Case No. 4:20-cv-5146-YGR-SVK
themselves and all others similarly situated,

23
                                               **GOOGLE LLC'S ADMINISTRATIVE**
                                               **MOTION FOR LEAVE TO REPLY TO**

24
        Plaintiffs,                            **PLAINTIFFS' RESPONSE TO**
                                               **GOOGLE'S MOTION FOR**

25
        v.                                     **CLARIFICATION (DKT. 717)**

26
GOOGLE LLC,                                    Judge: Hon. Susan van Keulen, USMJ

27
        Defendant.

28

I.  **INTRODUCTION**

Pursuant to Local Rule 7-11, Google respectfully seeks leave to reply, as set forth herein, to correct certain key misrepresentations in Plaintiffs' Response to Google's Motion for Clarification (Dkt. 717) ("Plaintiffs' Response").

II.  **REPLY**

Plaintiffs' Response misstates the factual record and procedural history in this case to falsely cast Google as noncompliant with discovery orders of the Court and Special Master. In truth, it is Plaintiffs who seek to undermine settled rulings on the scope of discovery by repeatedly raising the same issues when the Special Master's or the Court's orders do not go their way. Plaintiffs' attempt to recast their rejected challenges threatens to derail the entire litigation.

Google's motion for clarification makes plain that Google intends to produce *all* of Named Plaintiffs' data that Google has preserved pursuant to a litigation hold ("Litigation Hold Data") under the Court's June 13, 2022 order ("Discovery Order"), regardless of whether that data is relevant or responsive. Dkt. 705, 719. Consistent with its commitment to seek the Court's guidance in clarifying the scope of prior Orders, Dkt. 616 at 9:22–23, Google seeks to clarify that its production obligations under the Discovery Order are limited to the Litigation Hold Data, and do not require it to conduct additional searches beyond the extensive searches it has already run as part of the lengthy and comprehensive Special Master process.

A.  **Plaintiffs Purposefully Misrepresent the Dispute Underlying the Court's Discovery Order**

Plaintiffs' Response is replete with inaccuracies,[1] but one misrepresentation in particular is of critical importance to the motion for clarification. Plaintiffs misleadingly conflate two distinct sets of data in claiming Google is withholding "Newly Revealed Plaintiff Data." Dkt. 717 at 1:13–20. Specifically, Plaintiffs purposely conflate litigation hold data—*i.e.*, the data that gave rise to

---

[1] Many of Plaintiffs' misrepresentations mirror allegations in Plaintiffs' pending motion for sanctions (Dkt. 670) and will be fully addressed in Google's response to that motion. Google is prepared to provide a more detailed submission detailing Plaintiffs' representations earlier at the Court's request.

1  the Discovery Order—with other unrelated data that is not subject to the litigation hold.[2] The latter

2  data *was not* part of the dispute Plaintiffs brought to the Court for resolution in the Discovery

3  Order, and Plaintiffs' belated suggestion that some unspecified data falls under the scope of the

4  Discovery Order is an end run around adverse prior rulings on the proper scope of discovery.

5        The Discovery Order concerned a dispute over whether the Litigation Hold Data should be

6  produced as part of the Special Master process. The Special Master carefully considered the

7  parties' positions and ultimately ordered Google to produce only Litigation Hold Data that did not

8  contain information confidential to third-party publishers. Google produced that data on March 9

9  and March 10, 2022.

10        Indeed, the Special Master has consistently held Litigation Hold Data that does contain

11  confidential third-party information should not be produced wholesale, but rather should be

12  subject to further targeted searches. *See, e.g.*, SM Hrg. Tr. 48:17–22, April 22, 2022 ("MR.

13  BRUSH: Okay. So if -- Plaintiffs you can put together just as you've done with everything else

14  *the search requests that will be against the historically preserved litigation held data, we'll, you*

15  *know put it over to Google and we can run those searches*."). Yet Plaintiffs never provided

16  search parameters despite agreeing to comply with the Special Master's order. *See id.* 52:10–53:11

17  ("MR. STRAITE: I know we have a lot on the Plaintiffs' side . . . finally, *it's the searches for*

18  *across the historically preserved data for which notice is required. You're asking for additional*

19  *search parameters*."); *id.* 7:3–9 ("MR. STRAITE: [Y]ou are asking us to be reasonable regarding

20  the search process. We, *as Plaintiffs, thought it was smarter to get all of the historically*

21  *preserved Plaintiffs' data to inform future searches. We understand that's been rejected. You*

22  *said the perfect is the enemy of the good*.")

23        After the Special Master rejected their position, Plaintiffs brought this issue before the

24  Court, "seek[ing] production of Named Plaintiffs data that Google searched and preserved long

25  ago," Dkt. 678 at 1, and the Discovery Order ultimately issued.

26

27  _____

28      [2] This includes data associated with Plaintiffs' use of other Google products or services, such
    as Gmail and Google Chat.

1      **B. Plaintiffs Improperly Seek to Relitigate Discovery Disputes Already Decided by**

2          **the Court and the Special Master**

3          Plaintiffs claim that Google is seeking reconsideration of the Discovery Order. Dkt. 717 at

4   1:4–6. Not so. It is *Plaintiffs*—through the orders they request in their Response—who are

5   attempting to relitigate complex issues already decided by this Court and the Special Master. Their

6   overreaching and improper requests for relief above and beyond that the Court has already ordered

7   should be denied.

8          Plaintiffs' request that the Court simply order Google to produce "[a]ll Named Plaintiff

9   data currently being withheld by Google" is unhelpful and unnecessary. Google will follow the

10  Court's ruling and has taken substantial steps to do so, including by providing notice to publishers

11  implicated by the Litigation Hold Data. The Court previously sanctioned Google for ***not*** seeking

12  the Court's intervention in clarifying the scope of a prior discovery order. Dkt. 685. Google took

13  that guidance to heart, and assured the Court that it "will seek the Court's intervention in

14  attempting to enforce its prior orders in the future." Dkt. 558 at 9:22–23. That is precisely what

15  Google has done here. It would be unjust (and counterproductive) to allow Plaintiffs to use

16  Google's candor and good-faith attempt to confirm the scope of its Court-ordered obligations

17  against it.

18         Plaintiffs' request "that the Court order Google to produce an exemplar of the form letter

19  or email that it is sending to notify publishers of its production of this information" is not only

20  irrelevant to Google's motion, but has also ***repeatedly*** been considered and denied by the Special

21  Master. *See, e.g.*, SM Hrg. Tr. at 33:10–35:4, March 14, 2022 ("MR. STRAITE: Could we see

22  those 100 notices that were sent out already . . . , could we see the exemplar? . . . MR.

23  BRUSH: . . . *we're not going . . . to add additional time to this process by examining letters for*

24  *preservation (indiscernible) third parties*. That's kind of unusual.");      SM Hrg. Tr. at 49:5-20,

25  April 4, 2022 ("MR. STRAITE: [W]hen these notices go out, if we could get copies, if it's an

26  exemplar that's identical, we would just need the exemplar to see what the communications are to

27  the publishers. . . . MR. BRUSH: . . . ***Yeah, no, at this point that's not part of the process that we***

28  ***need.***"); SM Hrg. Tr. at 17:17–18:1, May 25, 2022 ("MR. STRAITE: [I]t literally is a form letter

GOOGLE LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO REPLY

1  going out to multiple publishers . . . MR. BRUSH: Understood. You know, *at this point from*

2  *what I'm looking at as the lens of the process, I would say it's denied from my seat* . . . .").

3  Plaintiffs provide no basis to relitigate that well-worn issue here.

4        Plaintiffs' third request—that the Court order Google to submit a further "sworn

5  declaration *from Google's General Counsel* relating to the order of November 12, 202[1]"—is

6  both burdensome and wholly unnecessary. Plaintiffs seek a declaration materially identical to the

7  one the Court ordered on November 12, 2021, *see* Dkt. 377 at 6 ("Google shall provide a

8  declaration, under penalty of perjury from Google, not counsel, that . . . All responsive data related

9  to the Named Plaintiffs have been produced from all searched data sources in the respective prior

10  searches."), to which Google timely responded with a declaration that the Special Master

11  expressly found to satisfy the order's requirements. Dkt. 560 at 5.

12  **III.**    **CONCLUSION**

13        For the foregoing reasons, Google respectfully seeks leave to submit this reply to Plaintiffs'

14  Response.

15

16  DATED: June 17, 2022               QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP

17                                By          */s/ Andrew H. Schapiro*

18                                    Andrew H. Schapiro (admitted *pro hac vice*)
                                  andrewschapiro@quinnemanuel.com

19                                    191 N. Wacker Drive, Suite 2700
                                  Chicago, IL 60606

20                                    Telephone: (312) 705-7400
                                  Facsimile: (312) 705-7401

21

22                                  Stephen A. Broome (CA Bar No. 314605)
                                  stephenbroome@quinnemanuel.com

23                                  Viola Trebicka (CA Bar No. 269526)
                                  violatrebicka@quinnemanuel.com

24                                  865 S. Figueroa Street, 10th Floor
                                Los Angeles, CA 90017

25                                  Telephone: (213) 443-3000
                                Facsimile: (213) 443-3100

26

27                                  Diane M. Doolittle (CA Bar No. 142046)
                                  dianedoolittle@quinnemanuel.com

28                                  555 Twin Dolphin Drive, 5th Floor

GOOGLE LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO REPLY

Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

Case No. 4:20-cv-5146-YGR-SVK
GOOGLE LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO REPLY