# EXHIBIT A
## Redacted Version of Document Sought to be Sealed

DESIGNATED CONFIDENTIAL BY DEFENDANT GOOGLE LLC PURSUANT TO FIRST MODIFIED STIPULATED PROTECTIVE ORDER

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 993-1000
dstraite@dicellolevitt.com

**DICELLO LEVITT GUTZLER LLC**
Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:20-cv-05146-LHK-SVK<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANT GOOGLE LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

**DESIGNATED CONFIDENTIAL BY DEFENDANT GOOGLE LLC PURSUANT TO FIRST MODIFIED STIPULATED PROTECTIVE ORDER**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), Plaintiffs, by their counsel, will take the deposition of Defendant Google LLC ("Defendant" or "Google") on [date and time TBD]. Please take notice that due to the disruptions to travel and accompanying shelter-in-place orders caused by the COVID-19 outbreak, the deposition of Google will occur via remote means on and will be coordinated by Veritext Legal Solutions, with a business address at 101 Montgomery St., Suite 450, San Francisco, CA 94104. Contact Veritext's calendar team at ahenderson@veritext.com to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance you may require to assist with carrying out the virtual deposition. Alternatively, if circumstances permit and the parties agree, the matter may be taken in whole or part in-person and virtually. Those who wish to appear in the physical presence of another do so at their own election; however, this noticing party is not requiring the in-person physical attendance of counsel, the witness or any other party to this action.

The deposition will be taken before a person authorized by law to administer oaths under Federal Rules of Civil Procedure 28(a) and shall continue from one day to the next, excluding Sundays and holidays, until the examination is completed.

Pursuant to Rule 30(b)(6), Defendant is hereby notified of its duty to designate one or more officers, directors, managing agents or other persons most knowledgeable or qualified to testify on its behalf concerning the topics identified in Schedule A, below.

Each such designee produced to testify has an affirmative duty to have first reviewed all Documents, internal wiki materials, policies, reports, and other matters known or reasonably known or available to Google and to familiarize himself or herself with all potential witnesses known or reasonably available to provide informed, binding answers at the deposition, including but not limited the documents that Plaintiffs have specifically asked Google to produce relating to these topics.

Defendant Google shall inform Plaintiffs of such designations(s) at a reasonable time prior to the deposition(s), but no later than 48 hours before the deposition(s), by setting forth the identity

DESIGNATED CONFIDENTIAL BY DEFENDANT GOOGLE LLC PURSUANT TO FIRST MODIFIED STIPULATED PROTECTIVE ORDER

of the person(s) designated to testify with respect to the matters specified below. The deposition will continue on the day noticed and for additional days, if necessary, excluding Sundays and holidays until completed.

Plaintiffs reserve the right to notice and conduct additional Rule 30(b)(6) depositions of Defendant on separate, non-duplicative topics.

NOTICE IS FURTHER GIVEN that Plaintiffs will conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that Plaintiffs reserve the right to record the deposition either by stenographic means by a court reporter certified to record depositions, a digital reporter utilizing state-of-the-art digital recording equipment and by video. Both the court reporter and digital reporter are authorized to administer the oath and serve as the deposition officer in the State of California. Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the purposes of providing the oath/affirmation to the deponent and capturing the proceeding. Plaintiffs further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real-time; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript. Please contact the noticing attorney no fewer than five (5) calendar days prior to the deposition to provide all necessary credentials, call-in numbers, firm name, email address, services, testing and information, if necessary, for those who will attend and/or participate in the deposition in order that participation and connection can be arranged and details provided

DESIGNATED CONFIDENTIAL BY DEFENDANT GOOGLE LLC PURSUANT TO FIRST MODIFIED STIPULATED PROTECTIVE ORDER

sufficiently in advance of the proceeding(s). A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying proof of service.

NOTICE IS FURTHER GIVEN that the deponent is directed to produce, no later than five (5) business days prior to the deposition: (1) all documents, electronically stored information, objects, or other tangible items or things that deponent prepared, relied on and/or considered in any way in preparing for this deposition, and (2) a curriculum vitae for each person Google anticipates designating to testify on behalf of Defendant Google.

Dated: January 14, 2022

| **BLEICHMAR FONTI & AULD LLP** | **DICELLO LEVITT GUTZLER LLC** |
|---|---|
| By: */s/ Lesley Weaver*<br>Lesley Weaver (Cal. Bar No. 191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com | By: */s/ David Straite*<br>David A. Straite (admitted *pro hac vice*)<br>One Grand Central Place<br>60 E. 42nd Street, Suite 2400<br>New York, NY 10165<br>Tel.: (646) 993-1000<br>dstraite@dicellolevitt.com<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn Street, Sixth Floor<br>Chicago, IL 60602<br>Tel.: (312) 214-7900<br>akeller@dicellolevitt.com<br>aprom@dicellolevitt.com<br>scruz@dicellolevitt.com |

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DESIGNATED CONFIDENTIAL BY DEFENDANT GOOGLE LLC PURSUANT TO FIRST MODIFIED STIPULATED PROTECTIVE ORDER**

**SCHEDULE A**

## I. DEFINITIONS AND RULES OF CONSTRUCTION

1. Plaintiffs incorporate by reference the Definitions set forth in Plaintiffs' Fifth Set of Requests for Production.

2. "Information" means written, recorded, graphic, or other electronic data, including derived, inferred, embedded metadata, or data or information developed through machine learning of any nature whatsoever, regardless of how recorded, and whether original, copy, or otherwise modified, including: any electronic data conveyed through an Internet communication any electronic data associated with an Internet communication; any electronic data associated with used to identify a User either directly or indirectly; and, any inference, profiling or other association derived from a User's Internet communication, whether in isolation or in aggregate.

3. "User(s)" means a natural person who within the United States used the Chrome browser during the Class Period.

## II. RELEVANT TIME PERIOD

Unless otherwise specified or agreed upon by the parties, the relevant time period for purposes of this Notice is from July 27, 2014 to the present (the "Relevant Time Period").

## III. MATTERS FOR TESTIMONY

1. How Google estimates, calculates, projects and/or accounts for gross and net revenue arising out of ad serving and attribution, including:

   a. Overall revenue and profits for Display ads, Search ads, YouTube ads;

   b. Google's generation of revenues and profits attributable to conversion tracking or attribution pipelines, including for Chrome users who are not synced;

   c. Google's generation of revenues and profits attributable to remarketing on Display or Search, including for Chrome users who are not synced;

   d. Google's generation of revenues and profits attributable to data received through the Chrome omnibar, including for Chrome users who are not synced;

   e. Google's generation of revenues and profits attributable to Chrome or Chrome

DESIGNATED CONFIDENTIAL BY DEFENDANT GOOGLE LLC PURSUANT TO FIRST MODIFIED STIPULATED PROTECTIVE ORDER

users, including Chrome users who are not synced;

f. The impact to revenue of the elimination or deprecation of the use of third party cookies to Google's revenue, including specifically revenue derived from Chrome, and identification of data sources used to calculate such impact;

g. Google's analyses for providing compensation to Users for their Information, including but not limited to Users compensated in connection with Google "Screenwise Trends," "Cross Media Panel," or any Google offer to compensate users for data collection and/or use;

h. Consideration, monetary or otherwise, Google paid to participants in Screenwise Trends, Cross Media panel, or any other Google program or project that compensated users for data collection and/or use;

i. Consideration, monetary or otherwise, Google paid to other entities for Information relating to specific consumers, including but not limited to purchase histories in online or traditional settings, including but not limited to banks, credit companies or data brokers;

j. Payments Google receives for granting access to, sharing or sending Google Users' Information or any derivative of that Information;

k. How Google calculates the value, monetary or otherwise, of monthly and daily active Users, including but not limited to conclusions reached by Alphabet's auditors;

l. How Google calculates the value, monetary or otherwise, of the Chrome browser.

2. With regard to Google's advertising business, revenue and/or profits derived from data or information, all or in part, collected about Chrome users who have not enabled or who have disabled Chrome sync (and including all users who were defaulted to sync):

a. Google's creation of user profiles, user verticals, user demographics, and the individuals responsible for their creation and calibration, including but not

DESIGNATED CONFIDENTIAL BY DEFENDANT GOOGLE LLC PURSUANT TO FIRST MODIFIED STIPULATED PROTECTIVE ORDER

limited to the ▮▮▮▮ and how such profiles, verticals, demographics and the like are used by Google in advertising products;

    b. Data flow for the above-referenced data used for advertising purposes, including Display ads, Search ads and YouTube ads;

3. For the following phrases in the Chrome Privacy Notice: "Chrome will not send Your Data to Google if you do not enable sync" and "You don't need to provide any personal information to use Chrome" and "The personal information that Chrome stores won't be sent to Google unless you choose to store that data in your Google Account by turning on sync":

    a. Who was involved in drafting, revising, approving and finalizing this language;

    b. The purpose of this language, including whether the language was accurate and/or needed revision to be more accurate throughout the Class Period;

    c. Knowledge of studies, analyses, panels, research, customer service initiatives, communications relating to them;

    d. All inquiries or investigations by regulators, governmental agencies, or any authority relating to them.

4. Information Google has exposed or made available to users via My Activity and Google Takeout and how such information has changed over time, beginning with ▮▮▮▮ and including but not limited to changes made within the past six months.

5. The "▮▮▮▮" project, including who worked on it, its purposes, any studies related to it, meetings regarding it, and when and why the project was terminated.

6. Google's practices and abilities to track Chrome users' activities on websites not owned or operated by Google using PPID, CID and NID cookies, including how the cookie values are created; who sets them; who may read them; and how Google uses them.

7. Google's consideration of the deprecation of third-party cookies in Chrome, including the genesis of the idea and its current status.

DESIGNATED CONFIDENTIAL BY DEFENDANT GOOGLE LLC PURSUANT TO FIRST MODIFIED STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

I, Julie Law, hereby certify that on January 14, 2022, I caused a true and correct copy of the foregoing document to be served via electronic mail on the following counsel of record.

/s/ *Julie Law*
Julie Law

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Andrew H. Schapiro, Esq. / andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome, Esq. / stephenbroome@quinnemanuel.com
Viola Trebicka, Esq. / violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford, Esq. / jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Josef Ansorge, Esq. / josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse, Esq. / jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Thao Thai, Esq. / thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

*Counsel for Defendant Google LLC*

PLS' NOTICE 30(B)(6) DEPOSITION         1         CASE NO. 5:20-CV-5146-LHK-SVK