UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-05146-YGR   (SVK)<br><br>**ORDER ON ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 653, 677, 698, 701 |

Before the Court are several administrative motions to file under seal materials associated with discovery disputes in this case. Dkt. 653, 677, 698, 701; *see also* Dkt. 721, 726.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case. The Court may reach different conclusions regarding sealing these documents under different standards or in a different context. Having considered the motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court **ORDERS** as follows:

1. **Dkt. 653**

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| March 17, 2022 Hearing Transcript | GRANTED as to redacted portions at: 7:13, 7:16, 7:25, 8:1, 8:9, 8:25, 9:10, 9:15-17, 10:1, 31:7, 31:16, 32:10, 35:5, 39:7, 39:12, 39:17, 39:21, 40:3, 40:7, 40:13, 40:22, 40:24, 41:3, 48:6, 61:24, 62:16, 62:25, 64:23-24 | The information requested to be sealed contains Google's confidential and proprietary information, including details related to Google's internal systems, projects, identifiers, logs, and their proprietary functions, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its services. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

2. **Dkt. 677**

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|

2

| Plaintiffs' Supplemental Administrative Request in Response to Dkt. No. 674 | DENIED WITHOUT PREJUDICE as to redacted portions at: 1:27, 2:21-22, 2:23-25, 2:27-3:2, 3:5, 3:9, 3:13-19, 3:22-24 | Plaintiffs seek to seal information on the grounds that Google has designated the information as confidential under the protective order in this case. Google has not filed a declaration demonstrating that the material is sealable, as required under Civil Local Rule 79-5(f). There is therefore no basis upon which to seal the material that is the subject of this motion. Accordingly, the motion at Dkt. 677 is **DENIED WITHOUT PREJUDICE**. Google must submit the declaration required under Civil Local Rule 79-5(f) no later than **June 28, 2022**. Failure to submit the required declaration may result in denial of this motion to seal. |

3. **Dkt. 698** (*see also* **Dkt. 721**)

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Exhibit A to Plaintiffs' Statement (Plfs' 4th 30(b)(6) Notice) | GRANTED as to the highlighted portions at: 6:1, 6:17, 6:19 | Narrowly tailored to protect confidential technical information regarding sensitive features of Google's internal systems and operations, including details related to internal projects, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. |
| Exhibit B to Plaintiffs' Statement (re: Deposition of Vic Liu) | GRANTED as to the highlighted portions at: Pages 1, 3 | Narrowly tailored to protect confidential technical information regarding sensitive features of Google's internal systems and operations, including details related to internal projects, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. |

4. **Dkt. 701** (*see also* **Dkt. 726**)

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Exhibit B to Notice of Errata re Plaintiffs' Statement Pursuant to Court Order (Dkt 684) (correction of | GRANTED as to the portions at: Pages 1-2 | The information requested to be sealed contains Google's confidential and proprietary information regarding sensitive features of Google's internal systems and operations, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and |

3

| | | |
|---|---|---|
| Exhibit B docketed at ECF Nos. 698-5, 698-6, 699-2) | | proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their systems and practices relating to competing products. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's internal practices relating to competing products. |

**SO ORDERED.**

Dated: June 21, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge