COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
ANUPAM DHILLON (324746)
(Adhillon@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:   +1 415 693 2000
Facsimile:    +1 415 693 2222

COOLEY LLP
ROBBY SALDAÑA (*pro hac vice pending*)
(rsaldana@cooley.com)
1299 Pennsylvania Avenue NW
Suite 700
Washington, District of Columbia 20004-2400
Telephone:   +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**GOOGLE LLC'S L.R. 7-3(D) OBJECTIONS TO IMPROPER EVIDENCE CITED IN REPLY BRIEF RE: TARGETED USE OF *CALHOUN* DISCOVERY IN *IN RE GOOGLE CONSUMER RTB PRIVACY LITIGATION*, PURSUANT TO DKT. 683** |

1   Pursuant to Local Civil Rule 7-3(d), Defendant Google LLC ("Google") objects to improper
2   evidence that Plaintiffs have submitted in support of their Reply Brief re: Targeted Use of *Calhoun*
3   Discovery in *In re Google Consumer RTB Privacy Litigation*, Pursuant to Dkt. 683 ("Reply Brief").
4   On June 1, 2022, this Court authorized Plaintiffs to submit a brief "not to exceed 12 pages,
5   that identifies with specificity what it is you think you know in *Calhoun* and how it applies to *RTB*."
6   (June 1 Hearing Tr. at 26:12-15.)  After submitting more than 30 pages of materials with their
7   opening motion—including an 11-page expert declaration and a 9-page argumentative attorney
8   declaration—Plaintiffs' 6-page Reply Brief is accompanied by a 10-page "supplemental" expert
9   declaration and 6 new exhibits.  Google respectfully requests that the Court decline to consider this
10  new evidence, which cannot properly be introduced for the first time on reply, and to which Google
11  has no opportunity to respond.
12   "As a general rule, new evidence presented in a reply should not be considered without
13  giving the non-movant an opportunity to respond." *In re: Lenovo Adware Litig.*, 2016 WL 6277245,
14  at *14 (N.D. Cal. Oct. 27, 2016) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).)
15  As the Ninth Circuit Court of Appeals has observed, "[p]lainly, the practice rules recognize the
16  potential inequities that might flow from the injection of new matter at the last round of briefing."
17  *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1171-2 (9th Cir. 2018).  "Understanding
18  the potential for unfairness inherent in an unusual submission of new factual matter, the practice
19  rules contemplate relief for the opposing party" which may include "simply striking the new matter
20  from consideration" or "granting the objecting party leave to file a sur-reply opposition to the new
21  matter." *Id.*
22   Applying these principles, courts in this District have regularly refused to consider new
23  evidence submitted for the first time with a reply.  *SC Sharp Elecs. Corp. v. Hitachi Ltd. (In re*
24  *Cathode Ray Tube (CRT) Antitrust Litig.)*, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013)
25  (sustaining Plaintiffs' objections to "two new declarations" where the defendant "knew that its
26  reply evidence was pertinent to this dispute and should have presented it earlier"); *Rodgers v.*
27  *Chevys Rests., LLC*, 2015 WL 909763, at *5 (N.D. Cal. Feb. 24, 2015) (striking supplemental
28  expert report and accompanying exhibits submitted in support of sur-reply because the submission

was the "equivalent to raising new facts in a reply brief, which is not permitted"); *Willner v. Manpower Inc.*, 2013 WL 3339443, at *3 (N.D. Cal. July 1, 2013) (declining to consider new evidence and arguments submitted on reply for purposes of resolving the motion); *Roe v. Doe*, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (striking portions of brief that constituted "new evidence raised for the first time in reply").

Consistent with these authorities, this Court should decline to consider the foregoing declarations and exhibits submitted with Plaintiffs' Reply Brief, which "contain[] new evidence . . . that could have been included with plaintiffs' motion." *In re: Lenovo Adware Litig.*, 2016 WL 6277245, at *14.

- **Supplemental Shafiq Declaration.** ECF No. 723-3. This supplemental declaration cites multiple documents and makes many new factual assertions that Plaintiffs could have, but chose not to, incorporate in their opening declaration. *See id.* at ¶¶ 9, 10, 12, 15, 16, 19, 22. This includes, for example, Dr. Shafiq's discussion of Google's public documentation concerning the Real-Time Bidding system ("RTB"), confidential log data concerning the *Calhoun* Named Plaintiffs, which Google is not permitted to use in defending *In re RTB*, and confidential documents produced in both the *Calhoun* and *In re RTB* matters. It would be highly prejudicial for the Court to consider these new statements even though Google has not had an opportunity to refute them.

- **Paragraph 3 of the Supplemental Weaver Declaration.** ECF No. 723-4. Paragraph 3 of the Supplemental Weaver declaration reflects new factual representations regarding the volume of relevant documents purportedly produced in *Calhoun* that were not produced in *In re RTB*. While Google rebutted other representations contained in the June 8 Weaver declaration about the volume of relevant documents Plaintiffs' counsel purportedly located in the *Calhoun* production, (ECF No. 712, n. 5), because Plaintiffs only made these new assertions in their Reply Brief, Google has no ability to respond to them.

- **Exhibits P, Q, R, S, T.** ECF Nos. 723-5 through 723-9. Plaintiffs cite excerpts from three depositions and accompanying exhibits for the proposition that numerous witnesses provided substantive testimony about RTB. (Reply Brief at 3:14-23.) Plaintiffs failed to

identify this testimony in their opening motion, and instead offered a general statement that counsel "believed" the majority of depositions from *Calhoun* contain testimony "relevant to RTB," (June 8 Brief Weaver Decl., ECF 692-4, at ¶ 6). Plaintiffs' failure to timely designate this testimony in their opening motion has prejudiced Google's ability to counter-designate testimony relevant to rebutting Plaintiffs' assertions.

- **Exhibit U.** ECF No. 723-10. Lastly, Plaintiffs cite excerpts from the deposition of Michael Kleber which they claim supports their view that RTB was the impetus for a specific Google project. Plaintiffs included deposition testimony from Mr. Kleber related to this exact issue in their opening motion, yet omitted the testimony cited for the first time in their Reply Brief. (*See* ECF No. 692-17.) Plaintiffs' omission of this testimony from their opening is unjustified and once again prejudices Google's ability to address it.

None of the above evidence was properly and timely presented to the Court. Accordingly, Google respectfully requests that the Court strike and refuse to consider it. In the alternative, Google requests that the Court permit it to file a sur-reply to address the new evidence cited in Plaintiffs' Reply Brief.

Dated: June 21, 2022                                    COOLEY LLP

                                                        By: */s/ Jeffrey M. Gutkin*
                                                            Jeffrey M. Gutkin
                                                            Attorneys for Defendant

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Objection to Plaintiffs' Reply Brief. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: June 21, 2022          By    /s/ Andrew H. Schapiro
                                    Andrew H. Schapiro
                                    *Counsel on behalf of Google LLC*