# Exhibit B

# Redacted Version of Document Sought to be Sealed

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8267**

WRITER'S EMAIL ADDRESS
**josefansorge@quinnemanuel.com**

May 11, 2022

## HIGHLY CONFIDENTIAL - SPECIAL MASTER AND ATTORNEY'S EYES ONLY

### VIA E-MAIL

Special Master Douglas Brush
(douglas.brush@accelconsulting.llc)
Accel Consulting, LLC

Timothy Schmidt
(timothy.schmidt@accelconsulting.llc)
Accel Consulting, LLC

Jay Barnes
Simmons Hanly Conroy LLC
112 Madison Ave., 7th Floor
New York, NY 10016

Re:   *Calhoun, et al. v. Google LLC* – U.S. District Court, Northern District of California, San Jose Division: Case No. 5:20-cv-5146

Dear Special Master Brush, Mr. Schmidt, Counsel:

Google writes in response to Plaintiffs' May 10, 2022 letter regarding preservation.

*First*, Google confirms that its September 17, 2021 submission titled "AEO 2021-09-17 Calhoun v. Google -Google Submission" reflects the most up-to-date retention periods for the relevant ▮▮▮▮ logs. Retention periods for other sources are not readily available.

*Second*, Google provides the estimated data size information for the following data sources included in the Special Master's April 5, 2022 Report and Recommendation. Data size information for the identified ▮▮▮▮ corpora and specific ▮▮▮▮ columns are not readily available.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

| ■■■ | ■■■■■ | ■■■ ■ ■■■■ ■■■■■■ ■■■■■■■■ | ■■■■■■ ■ ■ ■■■■ |
|---|---|---|---|
| ■ | ■■■■■■■■ ■ ■■■■■■■■■■ ■ | ■ | ■ |
| ■ | ■■■■■ ■■■ ■■■■■■■■ | ■ | ■ |
| ■ | ■■■■■ | ■ | ■ |
| ■ | ■■■■■■■ | ■ | ■ |
| ■ | ■■■■■■■■ | ■ | ■ |
| ■ | ■■■■ ■■■■ | ■ | ■ |
| ■ | ■■■■■■■ | ■ | ■ |
| ■ | ■■■■ ■■■■■ | ■ | ■ |
| ■ | ■■■■■■■■■ | ■ | ■ |
| ■ | ■■■■ ■■■■■ | ■ | ■ |
| ■ | ■■■■■ ■■■■■■■■ | ■ | ■ |
| ■ | ■■■■ ■■■■■ | ■ | ■ |
| ■ | ■■■■ ■■■■ | ■ | ■ |
| ■ | ■■■■ ■■■■■■ | ■ | ■ |
| ■ | ■■■■ ■■■■■ | ■ | ■ |

| | | | | |
|---|---|---|---|---|
| ▬ | ▬▬▬<br>▬▬▬▬▬▬<br>▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬<br>▬▬▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬▬<br>▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬<br>▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬▬▬<br>▬ | | ▬ | ▬ |
| ▬ | ▬▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬ | | ▬ | ▬ |
| ▬ | ▬▬▬▬ | | ▬ | ▬ |



*Third*, Plaintiffs request that Google provide further information regarding specific GAIA ▇ columns, "[t]o the extent Google seeks to preserve fewer than all ▇ columns." Even if this were a reasonable request, it is no longer necessary. As Google set forth in yesterday's submission, in the interest of compromise, Google will agree to preserve data from the entire GAIA ▇ keyspace on the sampled basis recommended by the Special Master on April 5, 2022 (all records for ▇ randomly selected UIDs).

*Fourth*, Google disagrees that ▇ can be used to reliably detect logged-out traffic. As explained in yesterday's submission, the field was not written for all recently produced entries ▇ regardless of whether Plaintiffs were logged in or logged out of their Google Account.

*Fifth*, and finally, Google is committed to working with Plaintiffs and the Special Master

4

5

to complete the preservation discussions, including by providing additional readily available information, as it has in this letter. However, at this late juncture, Google cannot reasonably or timely respond to the broad and unspecified requests in your letter for additional "identification" of sources, "clarification" of fields and annotations, and further descriptions and explanations of what kind of data is stored in what ▮▮▮ columns. As the Special Master noted at the May 9, 2022 conference, the parties must craft a reasonable preservation plan with the abundant information that has already been provided and obtained during discovery. Google has produced more than ▮▮▮ pages of documents, including ▮▮▮ of data under the Special Master process. Additional sweeping discovery inquiries are not warranted at this eleventh hour.

Sincerely,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/signature/*

Josef Ansorge

JA