# Decl. of Z. Shafiq Redacted Version of Document Sought to be Sealed

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**SUPPLEMENTAL DECLARATION OF PROF. ZUBAIR SHAFIQ IN SUPPORT OF PLAINTIFFS' BRIEF RE: TARGETED USE OF *CALHOUN* DISCOVERY IN *IN RE GOOGLE RTB CONSUMER PRIVACY LITIGATION*, PURSUANT TO DKT. 683**<br><br>Hon. Yvonne Gonzalez Rogers |

**UNREDACTED VERSION OF DOCUMENT FILED UNDER SEAL**

# SUPPLEMENTAL DECLARATION OF ZUBAIR SHAFIQ, PH.D.

## I. QUALIFICATIONS AND ASSIGNMENT

1. I have been retained by counsel for Plaintiffs as an expert in this matter. I previously submitted a declaration in support of Plaintiffs' Motion for Targeted Use of *Calhoun* Discovery in *In re Google RTB Consumer Privacy Litigation*, dated June 8, 2022 (the "Shafiq Decl."), which sets my expert conclusions in this matter and my expert qualifications.

2. On June 15, 2022, Google submitted a response to Plaintiffs' Motion for Targeted Use of *Calhoun* Discovery in *In re Google RTB Consumer Privacy Litigation*, which included a declaration from Google engineer Stanislav Belov that addressed issues raised in my report.

3. I have reviewed and analyzed the declaration of Mr. Belov, who asserts that he has knowledge of the Google's RTB products and proffers opinions about the logs produced by Google during the Special Master process in the *Calhoun* matter. I submit this rebuttal report to address the assertions made in the declaration of Mr. Belov ("Belov Decl.").

4. I reserve the right to supplement and amend this rebuttal report based on additional materials and information that become available to me.

## II. SUMMARY OF OPINIONS

5. Mr. Belov makes several assertions about the logs Google produced in the *Calhoun* matter that I discuss in my declaration (Shafiq Decl.). I have spent more than 200 hours analyzing the logs that Google produced in the *Calhoun* matter. This included face to face interactions as Google engineers performed real time searches for Calhoun Plaintiff data. Although Google involved more than five engineers in the *Calhoun* Special Master process explaining the logs produced in that action, Mr. Belov was not one of them. Mr. Belov does not indicate that he conferred with any of the Google engineers who were involved in the *Calhoun* matter, which was an extensive process overseen by a Special Master. Perhaps because he was not involved in the *Calhoun* discovery process, Mr. Belov repeats a number of assertions initially made by Google engineers in the *Calhoun* discovery process that were later refuted.

6. The Belov Declaration's criticisms regarding my conclusions as to whether (a)

Google RTB shares personal information, (b) the shared information is linked to a user's Google account, and (c) Google joins signed in and not signed in data contradict Google RTB's public documentation, Google's internal documents produced in the *Calhoun* and *RTB* matters, and the data produced by Google as part of the Special Master discovery process in the *Calhoun* matter. Thus, my conclusions remain unchanged.

7. The Belov Declaration's claims about Google RTB information stored in the logs produced in the *Calhoun* matter are unsupported and contradict *Calhoun* discovery. In fact, Mr. Belov reluctantly acknowledges the relevance and presence of ▮▮▮▮▮ in the logs produced in the *Calhoun* matter.

### A. Google Shares Users' Personal Information (e.g., Segment, Vertical) with RTB Participants

8. Mr. Belov makes a number of assertions to the effect that Google RTB products do not share user interest profiles with RTB participants. More specifically, he claims that:

   a. "Google does not share with third-party RTB participants any information regarding user interest profiles that it has learned from users, created, or otherwise inferred, nor is this data used to operate Google's RTB products" (Belov Decl. ¶ 5).

   b. "Google's RTB Products do not share with third-parties any form of user "profile," "segment," or "vertical" information" (Belov Decl. ¶ 11).

9. Mr. Belov's assertions are contradicted by Google RTB's public documentation. As shown in the screenshot below, Google RTB in fact shares an "array of segment objects", which is used to "send detected verticals to the buyer" (i.e., RTB participant).



**Figure 1**: Google RTB's public documentation
(available at https://developers.google.com/authorized-buyers/rtb/openrtb-guide)
acknowledges that it shares an "array of segment objects"

10. Google has produced Plaintiff data in the *Calhoun* matter that includes the aforementioned "array of segment objects" outlined in Google RTB's public documentation. Here is an excerpt from an example ad query from the ███████████████████████████ ███████ log produced by Google in the *Calhoun* matter [GOOG-CALH-01192190]. Note that only a couple of example segment objects are included below to save space but there are millions of such segment objects produced by Google for just one *Calhoun* Plaintiff.

[redacted content]

11. Mr. Belov asserts that Google RTB has never shared vertical information. More specifically, he claims that: "Google does not share and **has not ever shared** users' "vertical"

SUPPL. SHAFIQ DECL. ISO
BRIEF RE: TARGETED USE OF *CALHOUN* DISCO.   3            CASE NO. 4:20-CV-05146-YGR-SVK

1  information with third-party RTB participants" (Belov Decl. ¶ 12; bold emphasis added).

2        12.     Mr. Belov's assertions are contradicted by Google RTB's public documentation. Google RTB in fact shared "vertical" information of the web page a user is currently browsing as late as September 9, 2019. The following archival screenshot of Google RTB's public documentation from Internet Archive's Wayback Machine disproves Mr. Belov's assertion. The documentation states that Google RTB indeed shared "information known or derived about the human user of the device." The list of detected verticals[1] could include sensitive information such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."

//
//
//

---

[1] https://developers.google.com/authorized-buyers/rtb/downloads/publisher-verticals

This object contains information known or derived about the human user of the device (i.e., the audience for advertising). The user ID is an exchange artifact and may be subject to rotation or other privacy policies. However, this user ID must be stable long enough to serve reasonably as the basis for frequency capping and retargeting.

| Attribute | Always passed | Type | Authorized Buyers equivalent | Supported in version | Supported by Google | Implementation details |
|---|---|---|---|---|---|---|
| id | No | string | BidRequest.[constrained_usage_]google_user_id | 2.3 / 2.4 / 2.5 | ✓ / ✓ / ✓ | Exchange-specific ID for the user. At least one of **id** or **buyerid** is recommended |
| buyeruid | No | string | BidRequest.[constrained_usage_]hosted_match_data - AdX is binary, OpenRTB is websafe base64 (no padding) | 2.3 / 2.4 / 2.5 | ✓ / ✓ / ✓ | Buyer-specific ID for the user as mapped by the exchange for the buyer. At least one of **buyerid** or **id** is recommended. |
| gender | No | string | Not supported | 2.3 / 2.4 / 2.5 | ⊘ / ⊘ / ⊘ | Gender as "M" male, "F" female, "O" Other. (Null indicates unknown) |
| keywords | No | string | Not supported | 2.3 / 2.4 / 2.5 | ⊘ / ⊘ / ⊘ | Comma-separated list of keywords, interests, or intent. Note: OpenRTB 2.2 allowed an array of strings as alternate implementation but this was fixed in 2.3+ where it's definitely a single string with CSV content again. Compatibility with some OpenRTB 2.2 exchanges that adopted the alternate representation may require custom handling of the JSON. |
| customdata | No | string | BidRequest.[constrained_usage_]hosted_match_data - AdX is binary, OpenRTB is websafe base64 (no padding) | 2.3 / 2.4 / 2.5 | ✓ / ✓ / ✓ | Optional feature to pass bidder data set in the exchange's cookie. The string must be in base85 cookie safe characters and be in any format. Proper JSON encoding must be used to include "escaped" quotation marks. |
| geo | No | Geo object | Not supported | 2.3 / 2.4 / 2.5 | ⊘ / ⊘ / ⊘ | Location of the user's home base defined by a **Geo** object. This is not necessarily their current location. |
| data | No | Array of Data | BidRequest.detected_vertical | 2.3 / 2.4 / 2.5 | ✓ / ✓ / ✓ | Additional contextual data. Each **Data** object represents a different data source. **segment.id** references the exchange-detected vertical of the page. **segment.value** corresponds to the weight of that detected vertical, a higher weight suggesting the page is more relevant for the detected vertical. |

**Figure 2:** Archival snapshot of Google RTB's public documentation (dated September 9, 2019 available at https://web.archive.org/web/20190909192526/https://developers.google.com/authorized-buyers/rtb/openrtb-guide) acknowledges that it shares "detected vertical" information "known or derived about the human user of the device"

**B.  Google Shares Personal Information That is Linked to a User's Google Account with RTB Participants**

13. Mr. Belov makes several assertions to the effect that Google RTB products do not share information linked to a user's Google Account. More specifically, he claims that:

   a. "Google does not share GAIA IDs nor any information Google has linked to a user's Google Account with third-party RTB participants" (Belov Decl. ¶ 6).

   b. "Google does not share any information linked to a user's Google Account with third-party RTB participants." (Belov Decl. ¶ 9).

   c. "the bulk of the identifiers included in this list are never shared with any third-party RTB participant, in any form." (Belov Decl. ¶ 10).

14. Mr. Belov's assertions are contradicted by Google RTB's public documentation. As shown in the screenshot below, Google RTB shares "google_user_id" that is defined as "the Google ID for the user."

| google_user_id | optional | string | The Google ID for the user as described in the documentation for the cookie matching service. This field is the unpadded web-safe base64-encoded version of a binary cookie ID. Refer to the Base 64 Encoding with URL and Filename Safe Alphabet section in RFC 3548 for encoding details. This field is the same as the Google ID returned by the cookie matching service. |

**Figure 3**: Google RTB's public documentation acknowledging that it shares "the Google ID for the user" (https://developers.google.com/authorized-buyers/rtb/realtime-bidding-guide)

15. Google's internal documentation entitled "Identity Light Callouts in RTB" [GOOG-HEWT-00035714] explains that "google_user_id" is "Biscotti id that **identifies unique users** on the content-network (DoubleClick, AdSense)" (bold emphasis added).

Google_user_id
Biscotti id that identifies unique users on the content-network (DoubleClick, AdSense).

**Figure 4**: GOOG-HEWT-00035713 at 14 shows that "google_user_id" shared by Google RTB "identifies unique users"

16. As discussed below, Google maps a user's Biscotti ID to GAIA ID. Thus, by transitive association, Google RTB shares personal information that Google has linked to a user's Google Account (i.e., GAIA ID).

a. Google's ████ [GOOG-CALH-00030031, GOOG-CALH-00062153, GOOG-CABR-03666182] allows Google to map Biscotti ID to GAIA ID. GOOG-CABR-03666182 is a document produced by Google in the *Calhoun* matter that provides an overview of the request processing workflow in the ████. For the sake of illustration, I have highlighted two cells with red-colored boxes entitled: "Map Biscotti ID to Gaia ID" and "Map device ID to Biscotti ID". As these names clearly indicate, and additional documentation provided by Google further corroborates, the ████ ████ is in fact used to map Biscotti and GAIA identifiers. ████ ████ maps of various identifiers, including Gaia ID, Biscotti ID, device ID, PPID, Zwieback ID, YouTube visitor ID, CID, and DSID [GOOG-CABR-03666194], as part of the "IdentityRequest" service in its "Ad Serving API."



**Figure 5**: GOOG-CABR-03666182 shows that Google's ████ ████ can "map Biscotti ID [not signed in identifier] to Gaia ID [signed in identifier]"

b. ████ encodes "Biscotti" and "Gaia" identifiers together in the CID parameter [GOOG-CALH-00062153].

      c. Google has pipelines that combine Biscotti and Gaia information for measurement, attribution, and forecasting (Monsees Dep. Ex. 45).

### C. Google Joins Signed In and Not Signed In Data

17. The logs produced by Google as part of the Special Master administered discovery process in the *Calhoun* matter demonstrate that Google stores identifiers for users (e.g., GAIA and Biscotti IDs) when they are Signed In and Not Signed In together in multiple logs. This is significant from a privacy perspective because it means Google maintains ways to identify people who do not want to be signed in and tie their activities when signed out to their signed in identities. The existence of these logs prove that Google is doing it on an ongoing basis.

18. Mr. Belov asserts that "Google's systems are consciously designed, maintained, and operated to avoid making the data used for display advertising personalization when an individual is signed into their Google account joinable with the data used for display advertising personalization when an individual is not signed into their Google account." However, my investigation has shown that this is not true – Google does not segregate Signed In (i.e., GAIA-keyed) and Not Signed In (i.e., Biscotti-keyed) data.

19. In contrast to Mr. Belov's assertion, *Calhoun* discovery has demonstrated that Google joins Biscotti and Gaia keyed data. For example, the logs ███████ ████ ████████████ ████ ██ ████████████████████████ In fact, Google conducted searches and extracted personal information using both the Gaia ID (*see* GOOG-CALH-01134336) as well as corresponding Biscotti IDs (*see* GOOG-CALH-01134348). The production of the data from the same log using both Gaia ID and Biscotti ID demonstrates that Google joins Signed In and Not Signed In data.

20. *Calhoun* discovery has further shown that Google combines Signed In (GAIA) and Not Signed In (Biscotti) information for attribution of personalized display ads. As explained in an internal presentation, ████████████████████████████████████████

1
2
3
4
5 ███████████████████████████████████████████████████ (Monsees
6 Dep. Ex. 45).

### D. Google RTB Information is Stored in the Logs Produced in the *Calhoun* Matter

21. Mr. Belov reluctantly acknowledges that the logs identified in my declaration (Shafiq Decl.) indeed include information about the requests to Google's RTB products. More specifically, he states that: "Some of these logs include information relating to ███████ ████████████████████████████████████████████████████████████████████ ████████████" (Belov Decl. ¶ 7).

22. In fact, there are ████ explicit mentions of "RTB" in the ████████████████████ log produced for just one *Calhoun* Plaintiff covering a 2 month time period [GOOG-CALH-01192190]. Across just ████████ logs for just one *Calhoun* Plaintiff, there are ██████████████████ explicit mentions of "RTB" [GOOG-CALH-01192190].

23. The Belov Declaration goes on to claim that the RTB information stored in these logs may be "redundant". He asserts that the logs from the *Calhoun* matter identified in my declaration "would contain, at most, redundant information" (Belov Decl. ¶ 7). He also asserts that "████████ logs" "directly reflect the operation of Google's RTB Products" (Belov Decl. ¶ 7).

24. Since Google has not yet produced ████████ logs in this case, I have not had the opportunity to review or test his assertions regarding the completeness nature of the information in the ████████ logs as compared to the logs listed in my declaration. Nevertheless, it is clear from his declaration that that he acknowledges that the logs Google has produced in the *Calhoun*

1  matter indeed contain information related to Google's RTB products.

2  25. It is noteworthy that the Belov Declaration only objects to the sharing of personal information outlined in my declaration. More specifically, he states that "many of the logs that the Shafiq Declaration identifies do not reflect information about the data that Google systems **share** with third-party participants through Google's RTB Products" (Belov Decl. ¶ 3; bold emphasis added). Mr. Belov does not object to my opinions about the "collection" and "processing" of personal information by various Google products and services that is then shared with RTB participants in Google's RTB products (Shafiq Decl. ¶ 6).

26. The Belov declaration ignores the crucial fact that the data collected from other Google products and services is processed by Google to derive specific data elements (e.g., "segment objects" discussed earlier from Google RTB's public documentation) that are then shared with RTB participants. As shown below, Google acknowledges that its ad personalization, including personalized ads on Google services and non-Google websites and apps, relies on the personal information Google collects from "Google Account" and "Google's estimation of your interests."



**Figure 6**: Google openly acknowledges at https://adssettings.google.com that it personalizes ads

based on "personal info[rmation] it collects from "Google Account" and "Google's estimation of your interests"

\*\*\*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of June, 2022, at Davis, California.

By: *Zubair*
Zubair Shafiq, Ph.D.