**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR JUNE 30, 2022 DISCOVERY HEARING (DKT NO. 667)**<br><br>Referral: Hon. Susan van Keulen, USMJ<br>Hearing Date: June 30, 2022<br>Hearing Time: 9:30 A.M. |

## I. INTRODUCTION

Google expects both parties to reference or discuss Google protected materials at the June 30, 2022 hearing related to the Special Master Report and Recommendation re Modified Preservation Plan, scheduled pursuant to Dkt. 667. Such materials include the materials designated Confidential or Highly Confidential-Attorneys' Eyes Only by Google, including issues in: Plaintiffs' Objections and Motion to Modify Special Master Report and Recommendation Regarding Modified Preservation Plan and supporting documents (Dkt. 691); Google's Objections to Special Master's Report and Recommendation re Calhoun Modified Preservation Plan and supporting documents (Dkt. 695); Plaintiffs' Response to Google's Objections to Special Master's Modified Preservation Plan and supporting documents (Dkt. 709); and Google's Response to Plaintiffs' Objections to Special Master's Report and Recommendation re Calhoun Modified Preservation Plan and supporting documents (Dkt. 714) ("Parties' Filings"). All of the foregoing filings are subjects of pending motions to file under seal. These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and will be discussed at the June 30, 2022 hearing, including details related to Google's internal projects, internal databases, data signals, and logs, and their proprietary functionalities, data size, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

The Court previously sealed the April 29, 2021 hearing (Dkt. 169) and portions of the transcript (Dkt. 205), the June 2, 2021 hearing (Dkt. 211) and portions of the transcript (Dkt. 224), the August 12, 2021 hearing (Dkt. 258) and portions of the transcript (Dkt. 327), September 30, 2021 hearing (Dkt. 326) and portions of the transcript (Dkt. 386), the November 4, 2021 hearing (Dkt. 368) and portions of the transcript (Dkt. 386), the February 28, 2022 hearing (Dkt. 513) and portions of the transcript (Dkt. 525), the March 17, 2022 hearing (Dkt. 569) and portions of the transcript (Dkt. 596), and the May 3, 2022 hearing (Dkt. 645) in this case related to the same or substantively similar information pursuant to Google's request.

In light of the highly confidential material to be discussed at the June 30, 2022 hearing, Google asked Plaintiffs whether they oppose sealing the hearing pursuant to Section 5.2(b) of the Protective Order. Tse Decl., ¶ 3. Plaintiffs stated they oppose Google's request. *Id.* Google now moves the Court to seal the courtroom for the June 30, 2022 hearing related to Special Master Report and Recommendation re Modified Preservation Plan, scheduled pursuant to Dkt. 667.

## II.     LEGAL STANDARD

The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

## III.    THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL

All facts militate in favor of sealing the June 30, 2022 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The Parties' Filings contain detailed discussions on Google's confidential information, including the highly sensitive

features of Google's systems and operations. The information sought to be sealed for this hearing reveals Google's internal projects, internal databases, data signals, and logs, and their proprietary functionalities, data size, as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such information is protectable and must be kept confidential in order to prevent harm to Google's competitive standing. Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id.*

Moreover, to address the issues Plaintiffs raised with respect to this filing and the associated documents, Google will need to rely on confidential information regarding highly sensitive features of Google's operations. Google must be able to freely refer to this information to fully explain to the Court how its internal systems and operations work in order to contradict Plaintiffs' unsupported positions—without fear of public disclosure of sensitive Google business information. It would be unfair and prejudicial to force Google's counsel to choose between providing facts to the Court by relying on this confidential information and retaining the confidentiality of these highly sensitive facts. If the hearing is not sealed, Google would have to pick between two evils: revealing its highly confidential information that may harm Google and put it at a competitive disadvantage, or vigorously arguing—without supporting facts—that Plaintiffs' blunderbuss discovery demands are burdensome and disproportional.

Given the importance and highly sensitive nature of the aforementioned information related to the parties' discovery disputes, Google believes that sealing the courtroom is the correct and most effective approach. Indeed, this Court has recently sealed the April 29, 2021, June 2, 2021, August 12, 2021, September 30, 2021, November 4, 2021, February 28, 2022, March 17, 2022, and May 3, 2022 hearings as well as the April 29, 2021, June 2, 2021, August 12, 2021, September 30, 2021, November 4, 2021, February 28 2022 and March 17, 2022 transcripts where the same or substantively similar information was discussed. The virtual proceedings in this case permit the attendance of hundreds of interested members of the public, including legal experts and journalists, and allowing confidential material to be discussed in open court in these circumstances is tantamount to having it filed publicly on the docket. Google proposes that the Court seal the June

30, 2022 hearing and that Google will file a motion to seal the June 30, 2022 transcript seven business days after the hearing to redact any confidential information.

Google defers to the Court as to the best method for sealing the June 30, 2022 hearing in light of the virtual proceedings but proposes that the Court may consider directing the parties to dial into a private Zoom meeting, instead of a Zoom webinar.

## IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the June 30, 2022 hearing related to the Special Master Report and Recommendation re Modified Preservation Plan, scheduled pursuant to Dkt. 667.

DATED: June 29, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor

Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*