1 **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  Diane M. Doolittle (CA Bar No. 142046)          Andrew H. Schapiro (admitted *pro hac vice*)
2 dianedoolittle@quinnemanuel.com                 andrewschapiro@quinnemanuel.com
  Sara Jenkins (CA Bar No. 230097)                Teuta Fani (admitted *pro hac vice*)
3 sarajenkins@quinnemanuel.com                    teutafani@quinnemanuel.com
  555 Twin Dolphin Drive, 5th Floor               191 N. Wacker Drive, Suite 2700
4 Redwood Shores, CA 94065                        Chicago, IL 60606
5 Telephone: (650) 801-5000                       Telephone: (312) 705-7400
  Facsimile: (650) 801-5100                       Facsimile: (312) 705-7401
6
7 Stephen A. Broome (CA Bar No. 314605)           Josef Ansorge (admitted *pro hac vice*)
  stephenbroome@quinnemanuel.com                  josefansorge@quinnemanuel.com
8 Viola Trebicka (CA Bar No. 269526)              Xi ("Tracy") Gao (CA Bar No. 326266)
  violatrebicka@quinnemanuel.com                  tracygao@quinnemanuel.com
9 Crystal Nix-Hines (Bar No. 326971)              Carl Spilly (admitted *pro hac vice*)
  crystalnixhines@quinnemanuel.com                carlspilly@quinnemanuel.com
10 Alyssa G. Olson (CA Bar No. 305705)            1300 I Street NW, Suite 900
11 alyolson@quinnemanuel.com                      Washington D.C., 20005
   865 S. Figueroa Street, 10th Floor             Telephone: (202) 538-8000
12 Los Angeles, CA 90017                          Facsimile: (202) 538-8100
   Telephone: (213) 443-3000
13 Facsimile: (213) 443-3100
14
   Jomaire Crawford (admitted *pro hac vice*)     Jonathan Tse (CA Bar No. 305468)
15 jomairecrawford@quinnemanuel.com               jonathantse@quinnemanuel.com
   51 Madison Avenue, 22nd Floor                  50 California Street, 22nd Floor
16 New York, NY 10010                             San Francisco, CA 94111
   Telephone: (212) 849-7000                      Telephone: (415) 875-6600
17 Facsimile: (212) 849-7100                      Facsimile: (415) 875-6700
18
*Counsel for Defendant Google LLC*

19
**UNITED STATES DISTRICT COURT**
20 **NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

21 PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,

Case No. 4:20-cv-5146-YGR-SVK

22

23           Plaintiffs,

**GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE LLC'S NOTICE OF ERRATA RE: GOOGLE LLC'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION (DKT. 713-4)**

24      v.

25 GOOGLE LLC,

26           Defendant.

Judge: Hon. Susan van Keulen, USMJ

27

28

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Google's Notice of Errata re: Google's Response to Plaintiffs' Objections to Special Master's Report and Recommendation (Dkt.713-4) ("Google's Notice"), which contains non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including various types of Google's internal logs and data signals. This information is highly confidential and should be protected.

This Administrative Motion pertains for the following information contained in Google's Notice:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google's Notice of Errata re: Google LLC's Response to Plaintiffs' Objections to Special Master's Report and Recommendation (Dkt. 713-4) | Portions Highlighted in Blue at: 1:8-13 | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he

public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted). Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard) (van Keulen, J.). Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

### III.  THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets. *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

1   Here, Google's Notice comprises confidential and proprietary information regarding highly
2   sensitive features of Google's internal systems and operations that Google does not share
3   publicly. Specifically, this information provides details related to the various types of data sources
4   which include information related to Google's internal logs and data signals. Such information
5   reveals Google's internal strategies, system designs, and business practices for operating and
6   maintaining many of its important services while complying with its legal and privacy obligations.

7   Public disclosure of the above-listed information would harm Google's competitive standing
8   it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of
9   Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper
10  basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-
11  BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain
12  sensitive business information related to Google's processes and policies to ensure the integrity and
13  security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-
14  02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because
15  "disclosure would harm their competitive standing by giving competitors insight they do not have");
16  *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting
17  motion to seal as to "internal research results that disclose statistical coding that is not publically
18  available").

19  Moreover, if publicly disclosed, malicious actors may use such information to seek to
20  compromise Google's data sources, including data logs, internal data structures, and internal
21  identifier systems. Google would be placed at an increased risk of cyber security threats. *See, e.g.*,
22  *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing
23  "material concern[ing] how users' interactions with the Gmail system affects how messages are
24  transmitted" because if made public, it "could lead to a breach in the security of the Gmail system").
25  The security threat is an additional reason for this Court to seal the identified information.

26  The information Google seeks to redact, including the various types of data sources which
27  include information related to Google's internal logs and data signals, is the minimal amount of
28  information needed to protect its internal systems and operations from being exposed to not only its

competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court should seal the identified portions of Google's Notice.

DATED: June 29, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

1
2       Jonathan Tse (CA Bar No. 305468)
        jonathantse@quinnemanuel.com
3       50 California Street, 22nd Floor
        San Francisco, CA 94111
4       Telephone: (415) 875-6600
        Facsimile: (415) 875-6700
5
        *Attorneys for Defendant Google LLC*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28