# Straite Declaration
# Redacted Version of Document Sought to be Sealed

1  **DiCELLO LEVITT GUTZLER LLC**
2  David A. Straite (admitted *pro hac vice*)
   One Grand Central Place
3  60 E. 42nd Street, Suite 2400
   New York, NY 10165
4  Tel.: (646) 993-1000
   Fax: (646) 494-9648
5  *dstraite@dicellolevitt.com*

6
7
8
9  **IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF CALIFORNIA
10  OAKLAND DIVISION**

11

12  PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,   Case No. 4:20-cv-05146-YGR-SVK

13       Plaintiffs,   **DECLARATION OF DAVID A. STRAITE IN SUPPORT OF PLAINTIFFS' RESPONSE TO THE COURT'S SEALED REQUEST FOR ADDITIONAL INFORMATION REGARDING THE MODIFIED PRESERVATION PLAN (DKT. NO. 749)**

14       v.

15  GOOGLE LLC,

16       Defendant.

17
18
19
20
21  **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

22
23
24
25
26
27
28

# DECLARATION OF DAVID A. STRAITE

I, David Straite, hereby declare under penalty of perjury:

1. I am an attorney admitted to practice before this Court *pro hac vice* in the above-captioned matter. I am an attorney with the law firm DiCello Levitt Gutzler LLC, who, along with the law firms Bleichmar Fonti & Auld LLP and Simmons Hanly Conroy, LLC, represent Plaintiffs in the above-captioned matter.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

3. I submit this declaration in support of Plaintiffs' Response to the Court's Sealed Order dated July 5, 2022 (the "Sealed Order," Dkt. No. 749) requesting additional information regarding the Modified Preservation Plan.

4. On Wednesday, July 6, 2022, at the Plaintiffs' invitation and as directed by the Court in the Sealed Order, the parties held a Zoom conference to discuss the Sealed Order.

5. I personally asked Google counsel whether they were able and willing to identify relevant columns in the Zwieback ▮ and Gaia ▮ data sources for full preservation, beyond the ▮ and ▮ columns (respectively) referenced in the Sealed Order. Google counsel declined to name any, and in fact took the position that other than row 940 (which contains a sync state signal), Google is no longer even willing to fully preserve *any* columns unless ordered to do so by the Court.

6. I also asked Google counsel to explain how they came to identify the ▮ and ▮ columns referenced in the Sealed Order, hoping that the process could reveal opportunities to identify further columns for preservation. They declined during the call, and as of the time of this filing, never followed up with a response.

7. I also asked Google counsel if their client would be willing to preserve all columns that contain the data parameters listed in the Special Master's Modified Preservation Plan, minus Gaia (for Gaia ▮) and minus Zwieback (for Zwieback ▮). Google counsel represented that they would need to check with their client, but as of the time of this filing, never followed up

1   with a response.

2   8. I also asked Google counsel if they would produce a list of fields in the two ▮▮▮
3   data sources and descriptions of each field, and they declined. Google counsel also claimed that
4   compiling such a list would require ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, one for each column in Gaia
5   ▮▮▮. As noted below, Plaintiffs learned that this representation was false.

6   9. Google then asked if Plaintiffs would be willing to identify columns that were
7   facially not relevant, simply based on the names. Plaintiffs declined to do so without knowing the
8   fields and field descriptions. Google counsel then suggested that ▮▮▮▮▮▮▮▮▮▮ could
9   be assumed to be not relevant, given the word ▮▮▮. I said that Google had just been caught
10  allowing a Russian ad company to harvest personal information of Google users in the United States
11  (including device IDs and IP addresses), and thus we were not prepared to exclude the ▮▮▮
12  ▮▮▮ column without knowing more. This is the news item I referenced on the call:
13  https://arstechnica.com/information-technology/2022/07/google-allowed-sanctioned-russian-ad-
14  company-to-harvest-user-data-for-months/. Google counsel identified no other column for removal
15  based on "facial irrelevance."

16  10. Google then asked if Plaintiffs would be willing to limit the list of relevant columns
17  based on inferences drawn from plaintiff data and test account data produced in the Special Master
18  process. I declined, because of the preponderance of null sets produced in that process, caused by
19  Google's delay in running the searches (resulting in the deletion of relevant data before Google
20  searched for it) and also caused by Google's failure to preserve Plaintiffs' biscotti-keyed data and
21  failure to even search for Plaintiffs' Zwieback-keyed data.[1] I noted Plaintiffs' repeated requests of
22  the Special Master to order Google to re-run the test account searches in a timely fashion, and asked
23  yesterday if Google would be willing to comply. Google counsel said no, they believe the Special
24  Master process has concluded irrespective of the null sets. And yet counsel incongruously repeated
25  the request that Plaintiffs limit their selection of relevant columns based on the artificially
26  constrained data sets.

---

[1] Google's failure to preserve this Plaintiff data is the subject of the current Motion for Sanctions for Discovery Misconduct.

STRAITE DECL. ISO PLS' RESPONSE TO
SEALED ORDER (DKT. NO. 749)                2            CASE NO. 4:20-CV-5146-YGR-SVK

1  11.  Attached as **Exhibit A** is a list of ■ columns in Gaia ■ that Plaintiffs can
2  confirm are relevant and should be preserved. This list is based on conversations I personally had
3  with our expert Dr. Zubair Shafiq, using (incomplete) discovery to date.
4  12.  Attached as **Exhibit B** is a list of ■ columns in Zwieback ■ that Plaintiffs can
5  confirm are relevant and should be preserved. This list is based on conversations I personally had
6  with our expert Dr. Zubair Shafiq, using (incomplete) discovery to date.
7  13.  Attached as **Exhibit C** is a true and correct PDF version of Tab 2 of an Excel
8  spreadsheet produced by Google in this litigation bearing bates number GOOG-CALH-00864584.
9  It is my understanding that this document shows ███████████████████████████
10 ████████████████████████████████████████████████████████
11 ██████████

I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct. Executed this 7th day of July, 2022, at New York, New York.

/s/ *David A. Straite*
David A. Straite

|  |  |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

2  I, David A. Straite, hereby certify that on July 7, 2022, I caused to be electronically filed
3  the foregoing document with the Clerk of the United States District Court for the Northern District
4  of California using the CM/ECF system, which will send electronic notification to all counsel of
5  record.

                                                        */s/ David A. Straite*
7                                                        David A. Straite