# EXHIBIT 16

**quinn emanuel** trial lawyers | san francisco, ca

50 California St., 22nd Floor, San Francisco 94111 | TEL (415) 875-6600 FAX (415) 875-6700

WRITER'S DIRECT DIAL NO.
**(415) 875-6426**

WRITER'S EMAIL ADDRESS
jonathantse@quinnemanuel.com

December 23, 2021

<u>**VIA E-MAIL**</u>

David Straite
DiCello Levitt Gutzler LLC
One Grand Central Place
60 E. 42nd St., Suite 2400
New York, NY 10165
(646) 933-1000
dstraite@dicellolevitt.com

Re: <u>*Calhoun, et al. v. Google LLC* – U.S. District Court, Northern District of California, San Jose Division: Case No. 5:20-cv-5146-LHK-SVK</u>

Dear Counsel:

    We write in response to your November 30, 2021 letter related to Google's Responses and Objections to the First Set of Requests for Admissions. We intend to amend at least some of our responses to your Requests based on your clarifications but seek further clarification from you on others.

**<u>Google's General Objections</u>**

    We address below the positions you raised with respect to Google's objections to some of your definitions in the First Set of RFAs:

    **First Run Experience (FRE)**: We will review our responses and objections to your Requests containing this term based on your definition for "First Run Experience (FRE)" and amend any of its responses or objections as needed. We reserve all rights to later object to the definition.

    **Google Source Code**: Google maintains its objection that Plaintiffs' definition of "Google Source Code" overbroad and unduly burdensome. We further refer you to Magistrate Judge van Keulen adoption of Special Master Brush's recommendation that requests for nonpublic source code are overbroad. Dkt. 359-4 at ECF 12.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

**Personal Information**: We disagree with your contentions, including that the CCPA definition in § 1798.140(o)(1) applies and that the "de-identified" exception does not apply. The key issue with respect to the "de-identified" exception is whether the information can "reasonably identify . . . a particular consumer." We maintain our objections to your overly broad and unduly burdensome definition of the term "Personal Information."

**Signal(s)**: Google's objection to Plaintiffs' definition of the term "Signal(s)" that is overbroad and unduly burdensome is based on the definition alone and was appropriately listed under the "General Objections" heading. That Plaintiffs further modified the term "Signal(s)" in specific RFAs is irrelevant but even so, Google has also specifically objected to many such modifications as vague and ambiguous.

**Un-Synced User**: Thank you for your clarification of the term "Un-Synced User." We will review the Requests containing the term "Un-Synced User" with your clarification and amended our responses and objections as needed.

**Google's Responses and Objections to First Set of RFAs**

We have also provided our responses to the points you raised in your November 30, 2021 letter regarding specific RFAs:

**RFA Nos. 2, 6, 7**: Based on your clarification, we will review our responses and objections to these three Requests and amend them as needed.

**RFA No. 8, 9**: Based on your clarification, we will review our responses and objections to these two Requests and amend them as needed.

**RFA No. 16**: Your complaint makes no sense, as Plaintiffs, not Google, used the phrase "user re-opens browser." Moreover, Google has sufficiently responded and objected to this Request as required by the Federal Rules of Civil Procedure, including under Rule 36, and it is unclear to Google what additional information Plaintiffs are seeking.

**RFA No. 19**: It is unclear to Google what additional information Plaintiffs are seeking with respect to its objection that this Request is "vague, and states a general proposition with respect to a nuanced topic that turns on circumstances that are not specified in the Request." Further, please identify the specific questions from Mr. Mardini's deposition that you contend he was unable to answer during his November 23, 2021 deposition so that Google may adequately assess your complaint.

**RFA No. 25**: Plaintiffs are incorrect that "Google has denied this request." Indeed, in its response, "Google *admits* that if a Chrome user is signed in to a Chrome browser, and signs in to a Google website, and had sync enabled for one or more category of sync data (*i.e.* Apps, Bookmarks, Extensions, History, Settings, Theme, Reading List, Open Tabs, Passwords, Addresses and more, Payment methods and addresses using Google Pay) on the Chrome browser, then Google's records may contain a bit, which depending on the circumstances, may indicate to Google that the Chrome user had sync enabled." In any event, please identify the documents you

are referring to in your November 30, 2021 letter so that Google may adequately assess your complaint.

**RFA Nos. 26, 38, 41**: Google maintains its objection that Plaintiffs' RFA Nos. 26, 38, and 41 are irrelevant to the claims and defenses in this case and disagrees with Plaintiffs' contention that Google is "precluded from disputing ascertainability or liability issues related to personally identified information." 11/30/21 Pls' Ltr. to Google at 5. Google's responses, however, would not change even under Plaintiffs' own definition of "personal information," as Google is not reasonably capable of identifying individuals who are not signed in to a Google Account.

**RFA Nos. 30, 32, 33**: For RFA Nos. 30 and 32, Google maintains its objections that these two Requests are outside the scope of the case. For RFA No. 33, Google is willing to consider any further clarification Plaintiffs can provide as to why this Request is not outside the scope of the case.

**RFA No. 31**: Based on your clarification, Google objects to this Request as seeking information that is outside the scope of the case.

**RFA No. 36**: Based on your clarification, Google objects to this Request on the ground that the term "Google properties" is overly broad and unduly burdensome and would encompass information that is outside the scope of this case.

**RFA Nos. 1, 3,[1] 11, 12, 13, 14, 15, 21, 22, 23, 37, 39, 43**: Google has sufficiently responded and objected to these Requests as required by the Federal Rules of Civil Procedure, including under Rule 36, and will not amend our responses and objections to these Requests based on Plaintiffs' specific complaints to these Requests at this time. For most, if not all, of Plaintiffs' complaints, it is unclear to Google what additional information Plaintiffs are seeking.

Sincerely,

*/s/ Jonathan Tse*
Jonathan Tse

---

[1] Plaintiffs' request to meet and confer on Google's unqualified denials for RFA Nos. 3 and 12 appears to be "[a] demand that a party set forth the basis for a denial of a requested admission," which under L.R. 36-2, "will be treated as a separate discovery request (an interrogatory)." Unless Plaintiffs withdraw its request to meet and confer on these two Requests and refrains from doing so, Google will consider these Requests as two additional interrogatories towards Plaintiffs' interrogatory limit.