# EXHIBIT 17

**BLEICHMAR FONTI & AULD LLP**
555 12th STREET, SUITE 1600
OAKLAND, CA 94607

**DiCELLO LEVITT GUTZLER LLC**
ONE GRAND CENTRAL PLACE
60 EAST 42nd STREET, SUITE 2400
NEW YORK, NY 10165

**SIMMONS HANLY CONROY LLC**
112 MADISON AVENUE, 7TH FL.
NEW YORK, NY 10016

December 30, 2021

**VIA ELECTRONIC MAIL**
jonathantse@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP

Re: *Calhoun v. Google LLC*, No. 5:20-cv-05146-LHK-SVK (N.D. Cal.)
Plaintiffs' Response to Google's December 23, 2021 Letter re Google's
Responses and Objections to Plaintiffs' First Set of Requests for Admission

Dear Counsel:

We write in response to your December 23, 2021 Letter regarding Google's Responses and Objections to Plaintiffs' First Set of Requests for Admissions.

**Google's Intent to Amend Some of its Responses**: You letter indicates that Google will be amending some of its responses. We request that you do so by **January 7, 2022.**

**RFA No. 1, 23**: You responded that Google's response was sufficient. As laid out in our Nov. 9 Letter, Plaintiffs disagree. These RFAs are at impasse.

**RFA Nos. 3 and 12:** Your letter indicates that you will answer these in accordance with Local Rule 36-2, treating them as separate interrogatories. Please provide these responses by **January 7, 2022.**

**RFA Nos. 11, 13, 14, 15, 16, 21, 22:** Plaintiffs seek clarification as to what Google means by the emphasized language: "Chrome *may send a bit, which depending on the circumstances, may indicate to Google* that sync is not enabled on the Chrome browser…." Your letter did not address this request. Please provide a response by **January 7, 2022**.

**RFA 19:** Plaintiffs seek clarification as to what "circumstances that are not specified" forms the basis for Google's refusal to answer this request. With respect to specific questions at Mr. Mardini's deposition, we direct your attention to the following: Mardini Dep. at 104:20-105:15. Please provide clarification and response by **January 7, 2022**.

**RFA 25:** This RFA specifically asks Google to "[a]dmit that Google maintains records of when Chrome users sign-in to a Google Account without also enabling sync." Google has not, as it claims, admitted this request; instead answering as to circumstances where a user is signed into the Chrome browser *and Sync enabled*. With respect to referenced documentation, Plaintiffs'

Counsel for Google    SIMMONS HANLY CONROY LLC
December 30, 2021    DICELLO LEVITT GUTZLER LLC
Page 2    BLEICHMAR FONTI & AULD LLP

direct Google's attention to its production regarding MagicEye. Plaintiffs request that Google answer this RFA as written. Please provide a response by **January 7, 2022**.

**RFA Nos. 26, 38, 41:** Your December 23, 2021 Letter states that "Google is not reasonably capable of identifying individuals who are not signed in to a Google Account." This is not responsive to the RFAs, which seek admissions as to identification of users who are *signed into* a Google Account (*see* RFA 26). Plaintiffs request that Google respond to whether it is reasonably capable of identifying individuals are *signed into* a Google Account. Please provide a response by **January 7, 2022**.

**RFA 30, 31, 32, 33, 36:** Google claims that these requests are outside the "scope" of the case based on Dkt. No. 329. Plaintiffs disagree. These requests are at impasse.

**RFA 37:** Please confirm that you are admitting this RFA as written. Please provide confirmation by **January 7, 2022**.

**RFA No. 39:** In response to our request to meet and confer, your letter states that Google has sufficiently responded and objected to th[is] Request[]…." Please confirm that you are refusing to meet and confer on this RFA and have deemed it at impasse. Otherwise, please provide your availability for a meet and confer the week of **January 3, 2022.**

**RFA 43:** You stated that it is unclear what additional information Plaintiffs are seeking. RFA 43 asks that Google "admit that Google elected not to retain records of signals that a Chrome user was not Synced." In response, Google stated that it "admits that it followed Magistrate Judge van Keulen's order that 'Google need not suspend its standard retention periods applicable to data logs that reflect event-level data of Chrome users in the United States.' Dkt. 174." As you are aware, this order was predicated on Google's request for relief regarding preservation duties related to Identity logs, Analytics logs, and Display Ads logs and Google's claim that there are no Sync signals in those identified logs for which Google was seeking relief. Plaintiffs seek clarification as to whether Google's response pertains only to the identified logs that formed the basis of its motion for protective order, or if Google has failed to preserve information in any logs that contains records of Sync Signals. Please provide clarification by **January 7, 2022**.

***

Given the fast-approaching deadlines, we ask that you provide either a written response to the outstanding issues and/or amended responses by **January 7, 2022**. Should you wish to meet and confer on any of the above, and specifically as to RFA No. 39, we ask that you provide availability for the week of **January 3, 2022.**

Sincerely,

Counsel for Google
December 30, 2021
Page 3

**SIMMONS HANLY CONROY LLC**
**DICELLO LEVITT GUTZLER LLC**
**BLEICHMAR FONTI & AULD LLP**

/s/ Jay Barnes
Jay Barnes
jaybarnes@simmonsfirm.com

cc, via email:

<u>Google Counsel</u>

stephenbroome@quinnemanuel.com
jomairecrawford@quinnemanuel.com
violatrebicka@quinnemanuel.com
josefansorge@quinnemanuel.com
qecalhoun@quinnemanuel.com

<u>Plaintiffs' Counsel</u>

dstraite@dicellolevitt.com
lweaver@bfalaw.com
akeller@dicellolevitt.com
aprom@dicellolevitt.com
aornelas@bfalaw.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com