**CONFIDENTIAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

PATRICK CALHOUN, ELAINE CRESPO,
HADIYAH JACKSON, and CLAUDIA
KINDLER, on behalf of all similarly
situated,

           Plaintiffs,

        v.

GOOGLE LLC,

           Defendant.

Case No. 5:20-cv-5146-LHK

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-25)**

      Pursuant to the Federal Rules of Civil Procedure 26 and 34, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' First Request For Production of Documents (Nos. 1-25). These objections and responses are made solely for the purpose of and in relation to this action, and any production in response will be subject to the forthcoming Protective Order governing this case. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

**GENERAL OBJECTIONS**

      The following objections apply to each and every request for production propounded by Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully therein:

      1.      Google objects to Plaintiffs' Definition Nos. 3-5, 7-19, 21, and 22 and Instruction Nos. 1, 5, and 6 to the extent that they seek or purport to require the identification of "any," "all," "each," or "every" document, product, person, circumstance, company, entity, fact, or other thing regarding or relating to a particular subject, as unduly burdensome, overbroad, and not proportional to the needs of the case.

2.      Google objects to Plaintiffs' definitions of "Google," "Defendant," "You," and "Your" and Instruction No. 1 to the extent that they seek to require Google to produce or otherwise analyze any document or other information that is not within the possession, custody, or control of Google. Google further objects to these definitions and instruction to the extent that they purport to impute knowledge of unspecified or unknown parties or persons to Google. Google further objects to these definitions as overly broad, vague, and ambiguous to the extent they purport to include entities other than Google, which is the only named defendant in the present action. Google further objects to these definitions and instruction to the extent that they include Google's attorneys and, therefore, cause requests using "Google," "Defendant," "You," and "Your" to improperly seek information protected by the attorney-client privilege, the work product doctrine, the common interest privilege and/or any other applicable privileges or immunities.

3.      Google objects to Plaintiffs' definitions of "Communication," "Correspondence," "Document(s)," "Electronic Media," "Electronically Stored Information," "ESI," and "File" to the extent they conflict with the provisions of the forthcoming ESI Order pertaining to the search and production of documents. Google further objects to each Request to the extent it requires Google to search for electronically stored information in a manner that is inconsistent with the agreements reached in the parties' ESI negotiations.

4.      Google objects to Plaintiffs' definition of "Person" as overly broad and unduly burdensome in that it purports to include "a non-human entity recognized as having the rights and obligations of a human being."

5.      Google objects to Plaintiffs' definition of "Employee" as including "any person … who purported to act on behalf of any Google entity" as overly broad, vague, and ambiguous to the extent it includes persons other than Google's employees.

6.      Google objects to Plaintiffs' definition of "Policy" or "Policies" as overly broad, vague, and ambiguous in that it purports to include "any rule, procedure, practice, or course of conduct, whether formal or informal, written, or unwritten, recorded, or unrecorded, that was recognized or followed, explicitly or implicitly."

7.     Google objects to Plaintiffs' definition of "Identify" to the extent that it calls for information protected from discovery by any evidentiary privilege, including without limitation the attorney-client privilege, the work product doctrine, the common interest privilege, or other applicable privileges or immunities recognized by law.   Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or immunity.   Google also objects to Plaintiffs' definition of "Identify" and Instruction No. 5 to the extent that they seek to require Google to identify privileged communications or documents in a manner more detailed than required by the Federal Rules of Civil Procedure.   Google further objects to Plaintiffs' definition of "Identify" as unduly burdensome in that it lists onerous requirements in identifying a person, document, or matter.

8.     Google objects to Plaintiffs' definitions of "[c]oncern," "concerning," "[e]videncing," "[i]ncluding," "[r]egard," "regarding," "refer," "referring," "relate," "relating," "pertain," and "pertaining" to the extent that they propose to alter the plain meaning or scope of any specific request and to the extent that such alteration renders the request vague, ambiguous, and overbroad.

9.     Google objects to Plaintiffs' definition of "Relevant Time Period" as overly broad, because it starts two years before the purported Class period in Plaintiffs' Definition No. 4 and encompasses claims that may be barred by statute of limitations.   Google further objects to Plaintiffs' definition of "Relevant Time Period" to the extent it encompasses information and/or records that are not reasonably accessible and whose inclusion is not proportional to the needs of the case.   In particular, Google objects to Plaintiffs' definition of "Relevant Time Period" where "[d]ocuments created outside of the time period but which relate to the subject matter of this Complaint should be included when interpreting the Requests set forth herein," as it essentially vitiates the purpose of having a "Relevant Time Period."   It is improper, unduly burdensome, and entirely disproportionate to the needs of the case for Plaintiffs to propound requests that are not time-limited.

10.     Google objects to Plaintiffs' Definitions, Instructions, and Requests to the extent that they seek information and/or records that are not reasonably accessible and whose inclusion is not proportional to the needs of the case.

11.    Google objects to Plaintiffs' Definitions, Instructions, and Requests to the extent that they conflict with or encompass information and/or records falling outside the scope of discovery under the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

12.    Google's responses to these requests are hereby made without waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

a.    All questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

b.    The right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

c.    The right to object at any time in connection with any further response to this or any other request for information or production of documents; and

d.    The right at any time to supplement its responses.

13.    In offering to produce various types of documents, information, or things, Google makes no representation that any such documents, information, or things exist or are actually known (or not known) to exist.

14.    Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein.  Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these requests in accordance with the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

15.    Google objects to Plaintiffs' request that Google "produce documents responsive to these requests… within 30 days of the date of service of these requests" as inappropriate because (1) the parties have not yet stipulated to a Protective Order and (2) Plaintiffs' many requests are

overbroad and burdensome such that a complete production cannot reasonably be made within 30 days.  Thus, for each request where Google states that it will produce documents or information, the production will occur on a rolling basis between now and the close of fact discovery.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Subject to the foregoing objections, Google objects and responds to Plaintiffs' requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Document subpoenas, other compulsory process, civil investigative demands, correspondence, request for voluntary production, or any other requests for Documents, data or information made to Google or received by Google from any U.S. regulator or government entity, whether State or federal, relating to data privacy, the Chrome browser, or any matter alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Google incorporates its General Objections as if set forth fully herein.  Google further objects to this request as vague and ambiguous as to the meaning of the phrases "other compulsory process," "any other requests" and "relating to data privacy," none of which is self-evident or defined.  Google further objects to this request as overly broad and unduly burdensome because the request seeks documents related to "data privacy," "the Chrome browser," and even "any matter alleged in the Complaint," which is 87 pages long and alleged a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy.  Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses other aspects of Chrome that have no relation to Plaintiffs' central allegations regarding Sync mode.  As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected."  The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents, data or information provided by Google any U.S. regulator or government entity or office, whether State or federal, relating to data privacy, the Chrome browser, or any matter alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Google incorporates its General Objections as if set forth fully herein. Google further objects to this request as vague and ambiguous as to the meaning of the phrases "government entity or office" and "relating to data privacy," neither of which is self-evident or defined. Google further objects to this request as overly broad and unduly burdensome because the request seeks documents related to "data privacy," "the Chrome browser," and even "any matter alleged in the Complaint," which is 87 pages long and alleged a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses other aspects of Chrome that have no relation to Plaintiffs' central allegations regarding Sync mode. As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected." Plaintiffs' request for cloned discovery is highly likely to encompass documents that are both irrelevant and immaterial to the claims and defenses in this case. Google would have to review the cloned discovery and determine whether there are any additional privilege or confidentiality issues in producing them to private plaintiffs (as opposed to government agencies). The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit. For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

Document requests, interrogatories, subpoenas or any other form of written discovery served on Google or otherwise received by Google related to data privacy issues described in the

Complaint, issues relating to the Chrome browser, or any matter described or alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Google incorporates its General Objections as if set forth fully herein.  Google further objects to this request as vague and ambiguous as to the meaning of the phrases "or any other form of written discovery" and "related to data privacy issues described in the Complaint," neither of which is self-evident or defined.  Google further objects to this request as overly broad and unduly burdensome because the request seeks documents related to "data privacy," "issues relating to the Chrome browser," and even "any matter described or alleged in the Complaint," which is 87 pages long and describes and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy.  Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses other aspects of Chrome that have no relation to Plaintiffs' central allegations regarding Sync mode.  As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected."  The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google further objects to this request to the extent that it is duplicative of Request for Production No. 1.  For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents produced to any litigant in any other litigation in the U.S. related to data privacy issues described in the Complaint, issues relating to the Chrome browser, and any matter described or alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Google incorporates its General Objections as if set forth fully herein.  Google further objects to this request as vague and ambiguous as to the meaning of the phrases "any other litigation" and "related to data privacy issues described in the Complaint," neither of which is self-evident or

defined.  Google further objects to this request as overly broad and unduly burdensome because the request seeks documents related to "data privacy," "issues relating to the Chrome browser," and even "any matter described or alleged in the Complaint," which is 87 pages long and describes and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy.  Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses other aspects of Chrome that have no relation to Plaintiffs' central allegations regarding Sync mode.  As worded, this request is improper and in violation of Federal Rule of Civil Procedure 34(b)(1)(A), which requires that the propounding party "describe with reasonable particularity each item or category of items to be inspected."  Plaintiffs' request for cloned discovery is highly likely to encompass documents that are both irrelevant and immaterial to the claims and defenses in this case.  The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  Google further objects to this request to the extent that it is duplicative of Request for Production No. 2.  For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents, data and information related to or associated with the Plaintiffs, including documents, data or information connected to identifiers associated with Plaintiffs and all data collected from their Chrome browsers of any kind, as well as the following identifiers identified in the Complaint **(this request will be supplemented with additional identifiers upon entry of a protective order governing the exchange of discovery)**:

a. Plaintiffs' Google Account names;

b. Plaintiffs' email addresses;

c. Plaintiffs' IP Addresses and User Agents;

d. Referrer headers;

e. Web browsing history;

f. Analytics;

g. Cookie values; and

1        h. X-Client Data Headers.

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

3        Google incorporates its General Objections as if set forth fully herein.  Google objects to

4 this request as vague and ambiguous as to the meaning of the phrase "documents, data or information

5 connected to identifiers associated with Plaintiffs," which is neither self-evident nor defined.

6 Google objects to this request as overly broad and unduly burdensome because the request seeks

7 "all data collected from their Chrome browsers of any kind," which may encompass other types of

8 data that are not relevant and have no relation to Plaintiffs' central allegations regarding collection

9 of information when users are using Chrome in Basic mode without enabling Sync.  Google further

10 objects to this request as overly broad and unduly burdensome because the request seeks certain

11 identifiers ("Referrer headers," "Web browsing history," "Analytics," "Cookie values" and "X-

12 Client Data Headers") that do not appear limited to the Plaintiffs' Google Accounts.  For instance,

13 the X-Client-Data Header is neither unique nor tied to a user's Google Account.  Therefore,

14 producing all data associated with the X-Client Data Headers identified in the Complaint would

15 include information not related to Plaintiffs.  For these reasons, the request is not proportional to the

16 needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

17        Subject to and without waiving the foregoing objections, Google responds as follows:

18        Google will produce non-privileged, non-work product, relevant information associated with

19 Plaintiffs' Google Account names and email addresses identified in the Complaint, so long as

20 Plaintiffs can identify specific relevant information associated with their Accounts and email

21 addresses.  Google will also conduct a reasonable search for Cookie values linked to Plaintiffs'

22 Google Accounts and is willing to meet and confer to determine what related information Plaintiffs

23 are seeking.

24

25 **REQUEST FOR PRODUCTION NO. 6:**

26        Organization charts or other Documents sufficient to Identify and describe all any Google

27 officers, employees and contractors, by title, job description and corresponding time period in those

28 roles, with knowledge or responsibilities relevant to the claims and facts described in the Complaint,

1  regardless of whether such knowledge and responsibilities accrued before or after the Relevant Time

2  Period.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

4       Google incorporates its General Objections as if set forth fully herein.  Google objects to

5  this request as vague and ambiguous as to the meaning of "[o]rganization charts or other Documents

6  sufficient to Identify and describe all any Google officers employees and contractors" and

7  "knowledge . . . relevant to the claims and facts described in the Complaint," neither of which are

8  self-evident or defined.  Google further objects to this request as overly broad and unduly

9  burdensome because of the phrase "knowledge or responsibilities relevant to the claims and facts

10  described in the Complaint, regardless of whether such knowledge and responsibilities accrued

11  before or after the Relevant Time Period," since the Complaint is 87 pages long and describes and

12  alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to

13  remedy.  That a set of individuals may have "knowledge" of a matter alleged in the Complaint is

14  not sufficient ground to impose such a burden on Google.  Google further objects because Plaintiffs'

15  definitions of "Identify" (encompassing address, phone number, etc) and "employee"

16  (encompassing any person who "acted or purported to act on behalf of any Google entity") make

17  this request unduly burdensome and overly broad.  The request is further overly broad and unduly

18  burdensome because it is not reasonably limited in time.  For these reasons, the request is not

19  proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely

20  benefit.

21       Subject to and without waiving the foregoing objections, Google responds as follows:

22       Google will produce non-privileged, non-work product, relevant documents sufficient to

23  identify Google personnel with current responsibilities relating to Chrome Sync, Chrome Metrics,

24  Google Analytics, Google Ad Manager, and Google Ads.

25

26  **REQUEST FOR PRODUCTION NO. 7:**

27       Organization charts or other Documents sufficient to Identify and describe, by department

28  title and functionality over time, Google's global organization structure, including parent

companies, subsidiaries, affiliates, departments and divisions to the extent any of these have responsibility for, knowledge of, or provide funding or indemnity for the claims asserted in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to the terms "affiliates, departments and divisions" as vague and ambiguous as they are neither defined nor self-evident; likewise the term "Identify" is not defined in this context.  Google further objects to this request as overly broad and unduly burdensome because the request seeks information on "parent companies, subsidiaries, affiliates, departments and divisions" that have "knowledge of or provide funding or indemnity for the claims asserted in the Complaint," which is 87 pages long and describes and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy.  That an entity or division within Google may have "knowledge" of a matter alleged in the Complaint or may provide "funding or indemnity" is not sufficient ground to make the organizational chart showing that entity relevant.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows: Google will produce non-privileged, non-work product, relevant documents sufficient to show Google's organization structure relating to Chrome Sync, Chrome Metrics, Google Analytics, Google Ad Manager, and Google Ads.


**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to Identify all third parties retained by You or acting as Your agent with knowledge or responsibilities relevant to the claims and facts described in the Complaint, regardless of whether such knowledge and responsibilities accrued before or after the Relevant Time Period. Documents authored or received by any officer or director at Google or Alphabet related to all data privacy and Chrome issues referenced, described or identified in the Complaint, including but not limited to the Sync function on Chrome; the Client ID cookie; and the X-Client Data Header.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Google incorporates its General Objections as if set forth fully herein. Google objects to this request as it appears to be comprised of two separate requests.

Google objects to the first part of this request as vague and ambiguous as to the meaning of "retained by You or acting as Your agent" which is neither self-evident nor defined. Google objects to this request as overly broad and unduly burdensome because of the phrase "knowledge or responsibilities relevant to the claims and facts described in the Complaint, regardless of whether such knowledge and responsibilities accrued before or after the Relevant Time Period," since the Complaint is 87 pages long and describes and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy and to the extent it purports to obtain documents outside of the Relevant Time Period. Further, that a third party may have "knowledge" of a claim or fact "described in the Complaint" is not sufficient ground to impose on Google the burden of identifying that third party. Google further objects because Plaintiffs' definition of "Identify" (encompassing address, phone number, etc.) makes this request unduly burdensome and overly broad. This request is also overly broad and unduly burdensome because it is not limited in scope and encompasses other aspects of Chrome and data privacy that have no relation to Plaintiffs' central allegations regarding Sync mode.

Google objects to the second part of this request as vague and ambiguous as to the meaning of "Documents authored or received," which is neither self-evident nor defined. Google objects to this request as overly broad and unduly burdensome because of the phrase "related to all data privacy and Chrome issues referenced, described or identified in the Complaint," since the Complaint is 87 pages long and describes and alleges a myriad of facts that have no relationship to the purported violations Plaintiffs seek to remedy. Google further objects to this request to the extent it purports to seek discovery from Google's parent, Alphabet, which is not a defendant in this lawsuit. This request is also overly broad and unduly burdensome because it is not limited in scope and encompasses other aspects of Chrome and data privacy that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.

1    For these reasons, neither part of the request is proportional to the needs of the case, and the

2  burden of the proposed discovery outweighs any likely benefit.

3    Subject to and without waiving the foregoing objections, Google responds as follows:

4    Google is willing to meet and confer with Plaintiffs on the relevance of the information

5  sought and to appropriately narrow the scope of these requests.

6

7  **REQUEST FOR PRODUCTION NO. 9:**

8    Studies and evaluations, whether by third parties or by You, of Chrome's or Google's user

9  interfaces as they relate to the Sync function.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

11    Google incorporates its General Objections as if set forth fully herein.  Google objects to

12  this request as vague and ambiguous as to the meaning of "[s]tudies and evaluations," "Chrome's

13  or Google's user interfaces," and "as they relate to the Sync function," none of which are self-

14  evident or defined.  Google objects to this request as overly broad and unduly burdensome because

15  the phrase "[s]tudies and evaluations" is not limited to formal studies.  Google further objects to this

16  request as overbroad and unduly burdensome because not all user interface information as they

17  relate to the Sync function are relevant to the claims and defenses in this action.  For these reasons,

18  the request is not proportional to the needs of the case, and the burden of the proposed discovery

19  outweighs any likely benefit.

20    Subject to and without waiving the foregoing objections, Google responds as follows:

21    Google is willing to meet and confer with Plaintiffs on the relevance of the information

22  sought and to appropriately narrow the scope of this request.

23

24  **REQUEST FOR PRODUCTION NO. 10:**

25    Studies or evaluations of the value of data, whether by third parties or by You, collected by

26  You from Chrome browsers.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request as vague and ambiguous as to the meaning of "[s]tudies or evaluations," "value of data," and "data . . . collected by You from Chrome browsers," none of which are self-evident or defined. Google objects to this request as overly broad and unduly burdensome because the phrase "[s]tudies and evaluations" is not limited to formal studies.  The request is also objectionable because it is not limited in scope and encompasses documents related to Chrome that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.


**REQUEST FOR PRODUCTION NO. 11:**

Studies or evaluations of how Your data collection from Chrome differs for synched and un-synched users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request as vague and ambiguous as to the meaning of "[s]tudies and evaluations," "data collection" and "differs for synched and un-synched users," none of which are self-evident or defined.  There are no "un-synched users" in Chrome; "Sync" is a mode in which the Chrome browser can be used.  Google objects to this request as overly broad and unduly burdensome because the phrase "[s]tudies and evaluations" is not limited to formal studies.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows:

1    Google is willing to meet and confer with Plaintiffs to appropriately narrow the scope of this

2  request.

3

4  **REQUEST FOR PRODUCTION NO. 12:**

5    Studies or evaluations of privacy expectations of Chrome users, whether authored by You

6  or by third parties.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

8    Google incorporates its General Objections as if set forth fully herein.  Google objects to

9  this request as vague and ambiguous as to the meaning of "[s]tudies and evaluations" and "privacy

10  expectations of Chrome users," neither of which are self-evident or defined.  Google objects to this

11  request as overly broad and unduly burdensome because the phrase "[s]tudies and evaluations" is

12  not limited to formal studies.  The request is also objectionable because it is not limited in scope to

13  documents that have some relation to Plaintiffs' central allegations regarding collection of

14  information when users are using Chrome in Basic mode without enabling Sync.  For these reasons,

15  the request is not proportional to the needs of the case, and the burden of the proposed discovery

16  outweighs any likely benefit.

17    Subject to and without waiving the foregoing objections, Google responds as follows:

18    Google is willing to meet and confer with Plaintiffs on the relevance of the information

19  sought and to appropriately narrow the scope of this request.

20

21  **REQUEST FOR PRODUCTION NO. 13:**

22    Documents related to Chrome and data privacy.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

24    Google incorporates its General Objections as if set forth fully herein.  Google objects to

25  this request as vague and ambiguous as to the meaning of "data privacy," which is not self-evident

26  or defined.  Google further objects to this request as vague and ambiguous based on the phrase

27  "Chrome and data privacy," as it is unclear whether this request seeks all documents related to

28  Chrome and all documents related to data privacy or all documents related to Chrome ***and*** data

privacy.  Even under the more narrow interpretation of this request, Google objects to this request as overly broad and unduly burdensome because the request is not limited in scope and encompasses other aspects of Chrome and data privacy that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.  The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 14:**

Internal drafts of Exhibits 1 through 33 to the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google further objects to the request as overly broad and unduly burdensome because it seeks drafts of dozens of documents that have a myriad of aspects that have no relationship to the matter.  The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  For these reasons, Google will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 15:**

Documents related to the drafting of the terms of services and policies set forth in Exhibits 1 through 33 of the Complaint, including all drafts themselves and all Documents discussing or analyzing iterative drafts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity.

1    Google objects to this request as overly broad and unduly burdensome because this request is not

2    limited in scope and seeks documents related to discussions of other aspects of dozens of documents

3    which contain many aspects that have no relation to the claims or defenses asserted in the Complaint.

4    Google objects to this request to the extent it is duplicative of Request for Production No. 14, and

5    incorporates its objections and response to that request.  For these reasons, the request is not

6    proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely

7    benefit.

8         Subject to and without waiving the foregoing objections, Google responds as follows:

9         Google is willing to meet and confer with Plaintiffs on the relevance of the information

10   sought and to appropriately narrow the scope of this request.

11

12   **REQUEST FOR PRODUCTION NO. 16:**

13        Documents related to how and what data is collected from the Chrome browser.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

15        Google incorporates its General Objections as if set forth fully herein.  Google objects to

16   this request as vague and ambiguous as to the meaning of "how and what data is collected," which

17   is not self-evident or defined.  Google further objects to this request as overly broad and unduly

18   burdensome because the request is not limited in scope and seeks documents related to aspects of

19   the Chrome browser that have no relation to Plaintiffs' central allegations regarding collection of

20   information when users are using Chrome in Basic mode without enabling Sync.  For these reasons,

21   the request is not proportional to the needs of the case, and the burden of the proposed discovery

22   outweighs any likely benefit.

23        Subject to and without waiving the foregoing objections, Google responds as follows:

24        Google is willing to meet and confer with Plaintiffs on the relevance of the information

25   sought and to appropriately narrow the scope of this request.

26

27

28

**REQUEST FOR PRODUCTION NO. 17**:

Studies and evaluations of user engagement as it relates to Chrome, whether by You or third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request as vague and ambiguous as to the meaning of "[s]tudies and evaluations" and "user engagement as it relates to Chrome," neither of which are self-evident or defined.  Google objects to this request as overly broad and unduly burdensome because the phrase "[s]tudies and evaluations" is not limited to formal studies.  The request is also objectionable because it is not limited in scope and seeks documents that relate to aspects of Chrome user engagement that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.  The request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.  For these reasons, Google will not produce documents in response to this request.


**REQUEST FOR PRODUCTION NO. 18**:

Documents related to the technical specifications of Chrome's data collection and sharing, including the design of Chrome's data collection and sharing functions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request as vague and ambiguous as to the meaning of "technical specifications," "Chrome's data collection and sharing," and "design of Chrome's data collection and sharing functions," none of which are self-evident or defined.  Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks documents that relate to aspects of Chrome's data collection and sharing that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.  Further, Google Chrome is the Chromium open source project built, packaged, and distributed by Google.  Therefore, Plaintiffs can obtain certain relevant information from publicly-

available sources.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 19:**

Complaints or inquiries from Chrome users, researchers, academics, or the press (including logs, summaries, reports or analyses of such complaints or inquiries) in the United States if related to data collection or data privacy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google objects to this request as vague and ambiguous as to the meaning of "[c]omplaints or inquires," "logs, summaries, reports or analyses," and "related to data collection or data privacy," none of which are self-evident or defined.  Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks documents related to aspects of Chrome, data collection, and data privacy that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.

**REQUEST FOR PRODUCTION NO. 20:**

Documents related to the "White Paper" described in paragraph 74 of the Complaint including all versions and drafts, all amendments, any internal communications related to it or subsequent changes, and also including any documents related to press or other public discussions of the White Paper including by Vincent Toubiana, Arnaud Granal, or Kyle Bradshaw.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request to the extent it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google objects to this request as vague and ambiguous as to the meaning of "any documents related to press or other public discussions of the White Paper including by Vincent Toubiana, Arnaud Granal, or Kyle Bradshaw," which is not self-evident or defined.  Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks documents related to aspects of the "White Paper" described in paragraph 74 of the Complaint that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of this request.


**REQUEST FOR PRODUCTION NO. 21:**

Documents related to the creation of the X-Client Data Header and its uses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks documents related to aspects of the X-Client Data Header that have no relation to Plaintiffs'

central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of the request.

**REQUEST FOR PRODUCTION NO. 22:**

Documents related to the creation of the Client ID cookie and its uses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request as vague and ambiguous as to the meaning of "creation" and "Client ID cookie," neither of which is self-evident or defined.  Google further objects to this request as overly broad and unduly burdensome because the request is not limited in scope and seeks documents related to aspects of the Client ID cookie that have no relation to Plaintiffs' central allegations regarding collection of information when users are using Chrome in Basic mode without enabling Sync.  For these reasons, the request is not proportional to the needs of the case, and the burden of the proposed discovery outweighs any likely benefit.

Subject to and without waiving the foregoing objections, Google responds as follows:

Google is willing to meet and confer with Plaintiffs on the relevance of the information sought and to appropriately narrow the scope of the request.

**REQUEST FOR PRODUCTION NO. 23:**

Evaluations or studies of cookie synching.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Google incorporates its General Objections as if set forth fully herein.  Google objects to this request as vague and ambiguous as to the meaning of "[e]valuations or studies" and "cookie synching," none of which are self-evident or defined.  In particular, for "cookie synching," it is

1  unclear what cookie and what synching is being referenced. Google further objects to this request

2  as overly broad and unduly burdensome because the phrase "[e]valuations or studies" is not limited

3  to formal studies.  This request is overly broad and unduly burdensome because it is not limited in

4  scope to documents that have some relation to Plaintiffs' central allegations regarding collection of

5  information when users are using Chrome in Basic mode without enabling Sync.  For these reasons,

6  the request is not proportional to the needs of the case, and the burden of the proposed discovery

7  outweighs any likely benefit.

8        Subject to and without waiving the foregoing objections, Google responds as follows:

9        Google is willing to meet and confer with Plaintiffs on the relevance of the information

10  sought and to appropriately narrow the scope of the request.

11

12  **REQUEST FOR PRODUCTION NO. 24:**

13        Documents related to discussions of the same-origin policy for cookies and Google's

14  practices related to same.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

16        Google incorporates its General Objections as if set forth fully herein.  Google objects to

17  this request to the extent it seeks information protected from discovery by the attorney-client

18  privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity.

19  Google objects to this request as vague and ambiguous as to the meaning of "discussions," "same-

20  origin policy for cookies," and "Google's practices related to the same," none of which are self-

21  evident or defined.  Google further objects to this request as overly broad and unduly burdensome

22  because it is not limited in scope and seeks documents related to aspects of the same-origin policy

23  or Google practices that have no relation to Plaintiffs' central allegations regarding collection of

24  information when users are using Chrome in Basic mode without enabling Sync.  For these reasons,

25  the request is not proportional to the needs of the case, and the burden of the proposed discovery

26  outweighs any likely benefit.

27        Subject to and without waiving the foregoing objections, Google responds as follows:

28

1    Google is willing to meet and confer with Plaintiffs on the relevance of the information

2 sought and to appropriately narrow the scope of the request.

3

4 **REQUEST FOR PRODUCTION NO. 25:**

5    Studies or evaluations of the decision to end the use of third-party cookies on Chrome.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

7    Google incorporates its General Objections as if set forth fully herein.  Google objects to

8 this request to the extent it seeks information protected from discovery by the attorney-client

9 privilege, work-product doctrine, the common-interest privilege, or any other privilege or immunity.

10 Google objects to this request as vague and ambiguous as to the meaning of "[s]tudies or

11 evaluations," "third-party cookies," and "end the use of third-party cookies," none of which are self-

12 evident or defined.  Google further objects to this request as overly broad and unduly burdensome

13 because the phrase "[s]tudies or evaluations" is not limited to formal studies.  The request is also

14 overly broad and unduly burdensome because it is not limited in scope and seeks documents related

15 to aspects of cookies or Chrome that have no relation to Plaintiffs' central allegations regarding

16 collection of information when users are using Chrome in Basic mode without enabling Sync.  For

17 these reasons, the request is not proportional to the needs of the case, and the burden of the proposed

18 discovery outweighs any likely benefit.

19    Subject to and without waiving the foregoing objections, Google responds as follows:

20    Google is willing to meet and confer with Plaintiffs on the relevance of the information

21 sought and to appropriately narrow the scope of the request.

22

23

24  Date:  September 30, 2020

25

26    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

27    By:    */s/ Andrew H. Schapiro*
       Andrew H. Schapiro (admitted *pro hac vice*)
28       andrewschapiro@quinnemanuel.com

191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
sb@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Thao Thai (CA Bar No. 324672)
thaothai@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

*Counsel for Defendant*

GOOGLE'S RESPONSES AND OBJECTIONS TO
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (NOS. 1-25)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Mateo, State of California. My business address is 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.

On September 30, 2020, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-25)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement § 8.b, Docket No. 44). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 30, 2020 at San Francisco, California.

/s/ *Thao Thai*
Thao Thai

1

### SERVICE LIST

2

*Calhoun v. Google LLC*

3

*Case No. 5:20-cv-05146-LHK*

4

*Attorneys for Plaintiffs Patrick Calhoun et al.*

BLEICHMAR FONTI & AULD LLP

5

6

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)

7

Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600

8

Oakland, CA 994607

9

Tel.: (415) 445-4003
Fax: (415) 445-4020

10

*lweaver@bfalaw.com*

11

*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

12

**KAPLAN FOX & KILSHEIMER LLP**

13

David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)

14

850 Third Avenue
New York, NY 10022

15

Telephone: (212) 687-1980

16

Facsimile: (212) 687-7714
*dstraite@kaplanfox.com*

17

*aschwartz@kaplanfox.com*

18

Laurence D. King (State Bar No. 206423)
Mario Choi (State Bar No. 243409)

19

1999 Harrison Street, Suite 1560

20

Oakland, CA 94612
Tel.: (415) 772-4700

21

Fax: (415) 772-4707
*lking@kaplanfox.com*

22

*mchoi@kaplanfox.com*

23

**SIMMONS HANLY CONROY LLC**

24

Mitchell M. Breit (admitted *pro hac vice*)
Jason 'Jay' Barnes (admitted *pro hac vice*)

25

An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)

26

112 Madison Avenue, 7th Floor
New York, NY 10016

27

Tel.: (212) 784-6400

28

Fax: (212) 213-5949

*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

*Attorneys for Plaintiffs*