**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Defendant; additional counsel listed in signature blocks below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**JOINT SUBMISSION RE: SEALING PORTIONS OF THE JULY 15, 2022 ORDER RE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS ON PRESERVATION PLAN (DKT. NOS. 766, 767)**<br><br>Judge: Hon. Susan van Keulen, USMJ |

July 22, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

      Re:    *Calhoun v. Google LLC*, Case No. 4:20-cv-5416-YGR-SVK (N.D. Cal.) Joint Submission re: Proposed Redactions to Court's Sealed Order Adopting in Part and Modifying in Part the Special Master's Modified Preservation Plan (Dkt. Nos. 766, 767)

Your Honor:

      Pursuant to Your Honor's July 15, 2022 Redaction Order (Dkt. No. 767), Plaintiffs and Google LLC ("Google") hereby jointly propose redactions to the Court's Sealed Order dated July 15, 2022 adopting in part and modifying in part the Special Master's modified preservation plan (Sealed Dkt. No. 766).

## I.  INTRODUCTION

As ordered by the Court on July 15, 2022 (see Dkt. No. 767), Google and Plaintiffs jointly propose redactions to the Court's July 15, 2022 Sealed Order Adopting in Part and Modifying in Part the Special Master's Modified Preservation Plan (Dkt. No. 766) ("Order").  Google contends that the material proposed for redaction contains Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including various types of Google's internal projects, data signals, and logs, and their proprietary functionalities as well as internal metrics, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.  This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Order:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| July 15, 2022 Order Adopting in Part and Modifying in Part Special Master's May 23, 2022 Report and Recommendation re: Preservation Plan | Highlighted portions at:<br><br>PDF Pages 3:25, 4:2, 4: 12, 4:14-17, 4:25-26, 6:6, 6:22, 7:20-21, 7:28, 8:20, 9:22, 10:3, 10:11-15, 11:4-8, 11:12, 11:15-16, 11:24, 14:1-6, 15-64, 66-141 | Google |

The parties conferred on the proposed redactions to the Order.  Plaintiffs do not oppose sealing the proposed redactions and thus today's submission is presented jointly.

## II.  LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute."  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing").  Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research,

development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

### III. THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

Here, the Order comprises confidential information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to various types of Google's internal projects, data signals, and logs, and their proprietary functionalities as well as internal metrics. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal

certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal systems and data structures. Google would be placed at an increased risk of cyber security threats, and data related to its users could similarly be at risk. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

**IV.   CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of the Order. Plaintiffs do not oppose.

Respectfully,

DATED: July 22, 2022

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br><br>By:   */s/ Lesley Weaver*<br>Lesley Weaver (Cal. Bar No. 191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com<br><br>**DiCELLO LEVITT GUTZLER LLC**<br><br>By:   */s/ David A. Straite*<br>David A. Straite (admitted *pro hac vice*)<br>Corban Rhodes (admitted *pro hac vice*)<br>One Grand Central Place<br>60 E. 42nd St., Suite 2400<br>New York, NY 10165<br>Telephone: (646) 933-1000<br>dstraite@dicellolevitt.com<br>crhodes@dicellolevitt.com<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn Street, 6th Fl.<br>Chicago, Illinois 60602<br>Tel.: (312) 214-7900<br>akeller@dicellolevitt.com<br>aprom@dicellolevitt.com<br><br>**SIMMONS HANLY CONROY LLC**<br><br>By:   */s/ Jay Barnes*<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>*Counsel for Plaintiffs* | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By: */s/ Andrew H. Schapiro*<br>Andrew H. Schapiro (admitted pro hac vice)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3000<br>Fax: (213) 443-3100<br><br>Jomaire Crawford (admitted pro hac vice)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br><br>Josef Ansorge (admitted pro hac vice)<br>josefansorge@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100<br><br>Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600<br>Fax: (415) 875-6700<br><br>*Attorneys for Defendant Google LLC* |

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: July 22, 2022

By  /s/ Andrew H. Schapiro
Andrew H. Schapiro
*Counsel on behalf of Google LLC*