1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3   Before The Honorable Susan van Keulen, Magistrate Judge

4

5   PATRICK CALHOUN, et al.,      )
                                   )
6            Plaintiffs,           )
                                   )
7   vs.                           )   No. C 20-05146-YGR
                                   )
8   GOOGLE LLC,                    )
                                   )
9            Defendant.            )
    _____)

10

11                                San Jose, California
                                   Thursday, July 28, 2022

12   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
                  RECORDING 9:06 - 9:38 = 32 MINUTES

13

14  APPEARANCES:

15  For Plaintiffs:

16                                DiCello Levitt Gutzler LLC
                                   One Grand Central Place
17                                 60 East 42nd Street
                                   Suite 2400
18                                 New York, New York 10165
                            BY:   DAVID A. STRAITE, ESQ.
19                                 CORBAN S. RHODES, ESQ.

20                                DiCello Levitt Gutzler LLC
                                   10 North Dearborn Street
21                                 6th Floor
                                   Chicago, Illinois 60601
22                          BY:   SHARON D. CRUZ, ESQ.

23

24            (APPEARANCES CONTINUED ON NEXT PAGE)

25

2

1  APPEARANCES:  (Cont'd.)

2                              Bleichmar Fonti & Auld LLP
                              555 12th Street
3                              Suite 1600
                              Oakland, California 94607
4                         BY:  LESLEY ELIZABETH WEAVER, ESQ.
                          BY:  ANGELICA MARIA ORNELAS, ESQ.
5
                              Simmons Hanly Conroy LLC
6                              112 Madison Avenue
                              7th Floor
7                              New York, New York 10016
                          BY:  JAY BARNES, ESQ.
8
                              Simmons Hanly Conroy LLC
9                              One Court Street
                              Alton, Illinois 62002
10                        BY:  JENNIFER M. PAULSON, ESQ.

11  For Defendant:

12                              Quinn Emanuel Urquhart &
                                Sullivan LLP
13                              191 North Upper Wacker Drive
                              Suite 2700
14                              Chicago, Illinois 60606
                          BY:  ANDREW H. SCHAPIRO, ESQ.
                              JOSEPH H. MARGOLIES, ESQ.
15
                              Quinn Emanuel Urquhart &
16                                Sullivan LLP
                              51 Madison Avenue
17                              New York, New York 10010
                          BY:  JOSEF TEBOHO ANSORGE, ESQ.
18
                              Quinn Emanuel Urquhart &
19                                Sullivan LLP
                              865 South Figueroa Street
20                              10th Floor
                              Los Angeles, California 90017
21                        BY:  STEPHEN ANDREW BROOME, ESQ.
                          BY:  VIOLA TREBICKA, ESQ.
22                        BY:  ALYSSA G. OLSEN, ESQ.

23  Transcribed by:              Echo Reporting, Inc.
                              Contracted Court Reporter/
24                              Transcriber
                              echoreporting@yahoo.com
25

3

1  <u>Thursday, July 28, 2022</u>                           <u>9:06 a.m.</u>

2                    P-R-O-C-E-E-D-I-N-G-S

3                         --oOo--

4       (Call to order of the Court.)

5            THE CLERK:  Calling case 20-cv-05146, Calhoun, et

6  al. versus Google LLC.

7       Counsel, please identify yourselves for the record,

8  beginning with plaintiffs.

9            MR. STRAITE (via Zoom):  Good morning, your Honor.

10 This is David Straite from DiCello Levitt Gutzler in New

11 York for plaintiffs.

12      Joining me from my firm is Corban Rhodes and also

13 Sharon Cruz.  And I'll let Lesley -- I'm sorry, Ms. Weaver

14 introduce her team and Mr. Barnes introduce his team.

15           THE COURT:  Thank you.  Good morning, everyone.

16           MS. WAGNER (via Zoom):  Good morning, your Honor.

17 Lesley Weaver of Bleichmar Fonti on behalf of plaintiffs.

18 Angelica Ornelas is with us today as well.

19           THE COURT:  Thank you.  Good morning.

20           MR. BARNES (via Zoom):  Good morning, your Honor.

21 Jay Barnes, Simmons Hanly Conroy.  Jenny Paulson who is a

22 new associate at Simmons Hanly Conroy is in the room, but

23 we're having Zoom issues with her, so I'm making her

24 appearance on her behalf.

25           THE COURT:  All right.  Thank you for being here,

4

1  Mr. Barnes.

2      Ms. Paulson, if you can hear me, I feel your

3  frustration.  Just hang in there.

4      Okay.  And for defendants today, please.

5          MR. SCHAPIRO (via Zoom):  Your Honor, I'm Andrew

6  Schapiro.  I'm joined by my colleagues Viola Trebicka --

7          MS. TREBICKA (via Zoom):  Good morning.

8          MR. SCHAPIRO:  -- Steve Broome, Josef Ansorge,

9  Alyssa Olsen, and Joseph -- Joe Margolies.

10     I want to give the Court a heads-up.  I may need to --

11 Ms. Trebicka is going to be handling most of the argument

12 today.  I'm in Florida.  We're preparing for trial and we

13 have a pretrial conference coming up, so I may need to jump

14 off at about the 30- or 40-minute point but I'll try to do

15 that unobtrusively.

16         THE COURT:  Understood.  Thank you, Mr. Schapiro.

17     We will address the logistics for the August 11 hearing

18 first.

19     Plaintiffs -- or excuse me -- yes, plaintiffs asked for

20 this proceeding, and so we will address that.

21     And then we will address very briefly the requests for

22 extension, certainly the one in this case that I received

23 this morning -- Google filed yesterday -- relating to the

24 preservation plan, but not substantively.

25     Okay.

5

1        MS. TREBICKA:  Your Honor, I apologize.  Before we

2  start substantively, I understand that this hearing is not

3  sealed because there are attendees that are listening in.

4  So I'd like to make sure that we're all extra cautious not

5  to reveal any information that may be confidential or AEO.

6        THE COURT:  Understood, and I'm sure everyone is

7  cognizant of that.  And, again, we're really talking

8  logistics, so I don't think that will be an issue.

9      All right.  For plaintiffs, who's got the mic?  What is

10  on your mind?

11        MR. STRAITE:  Your Honor, thank you.  We do

12  appreciate -- this is David Straite for plaintiffs.  We

13  appreciate you convening this conference.  We thought it

14  would enhance efficiency to ask a few questions, get them

15  resolved as we plan for the August 11th hearing.

16      We have three questions.  First regarding witnesses,

17  second regarding exchanging exhibits or at least exhibit

18  lists, and third relating to electronic equipment on the day

19  of the hearing.

20      We are familiar with your standing pretrial order.

21  Technically, the 11th is not a trial, so we wanted the Court

22  to guide us if there are expectations that we should be

23  meeting regarding those three topics.

24        THE COURT:  Okay.  Let me preface -- let me give

25  you sort of my overview at the moment, and then we can move

6

1  to those three topics specifically.

2      As you are all aware, in the similar hearing in the

3  Brown matter, I ran that has a hybrid proceeding.  I took

4  argument from counsel.  We had full briefing.  We had

5  obviously declarations with exhibits.  I took argument from

6  counsel, and on a few specific points we had some witnesses

7  that had been identified and they testified both on direct

8  and cross examination.

9      And I left this proceeding open to see what would be

10 needed in that regard.  I have kept an eye on the briefs as

11 they have come in, and I did not see -- through the briefing

12 and through the completion of briefing, it did not appear to

13 me that this was a matter that really called out for the

14 need for live testimony.

15     The issues are very clearly laid out and briefed

16 thoroughly on both sides, and I have mounds of documentary

17 evidence which each side has submitted.

18     I did not see in plaintiffs' opening brief, again,

19 issues or identification of material witnesses on material

20 issues.  I did see in reply in a footnote, a reference to

21 Mr. Schuman (phonetic) testifying to clarify a position that

22 he took in opposition.  And so that's kind of been my

23 overview.

24     Now, perhaps plaintiffs have a different view and there

25 are certain witnesses that they would like to call with

7

1  regards to their claims.  So enlighten me in that regard.

2         MR. STRAITE:  Thank you, your Honor.

3     We don't anticipate at this point thinking it would be

4  necessary.  We look forward to receiving the findings of

5  fact and conclusions of law that are to be filed.  So we ask

6  for patience if we need to change that view.  But in light

7  of your guidance right now, we don't anticipate it.

8     We would like to hear whether Google anticipates

9  calling witnesses --

10        THE COURT:  Understood, understood.  Yes, this is

11 back-and-forth on both sides.

12    So from Google --

13        MS. TREBICKA:  Your Honor --

14        THE COURT:  -- you did not indicate the need for

15 any witnesses, but tell me if that has changed, Ms.

16 Trebicka.

17        MS. TREBICKA:  That has not changed.  For the

18 reasons that your Honor also outlined, we do not believe

19 witnesses are necessary.

20        THE COURT:  Okay.  All right.  Then we will not

21 plan on any witnesses.

22    I would not expect findings of fact and conclusions of

23 law to raise that issue in the first instance because they

24 are conclusions taken from the briefing.  So at least

25 ideally that's the way they are put together.  So I

8

1   certainly don't anticipate that changing.

2        If someone does or thinks that has changed, you can

3   bring it to the Court's attention immediately, and I can see

4   if I agree or not, but I think it's very unlikely.

5        All right.  That's witnesses.

6        With regards to exhibit exchange, let me tell you what

7   I want and then if you have some additional thoughts or

8   concerns.

9        As I say, I have a wealth of documentary evidence that

10  came in with the briefing, and I appreciate the support

11  staff behind all of you who created the binders for myself

12  and my staff.  I know getting those out the door and to the

13  printer and back and to the Court on time is a more

14  difficult task than one would hope, but it always is.  But I

15  appreciate that because there is a lot of material to get

16  through.

17       So I -- well, here's how I intend to proceed.  I will

18  consider any of the attachments to the pleadings that are

19  referenced in the pleadings.  If they're referenced in the

20  pleadings, I go to them, I look at them.

21       If you have attached things that are not referenced in

22  the pleadings, I will strike those.  If they are

23  specifically referenced in oral argument, I will also

24  consider those.  I will note that at the time of argument

25  and I will consider them.

9

1    So that's the two ways that evidence gets in the

2  record.  It's either specifically referred to in the

3  pleading or -- it's a little hard to fathom that it -- but I

4  appreciate it happens, that you've attached it to a

5  declaration.  You may not have addressed it directly in your

6  writing but you do so at the hearing.

7    Let me be very clear.  I see both sides -- perhaps in

8  an overabundance of caution.  I have complete deposition

9  transcripts.  I have complete slide decks.  I will only look

10  at and take into consideration those pages that are

11  specifically referenced and to which the Court is directed.

12  All right?

13    The rest, the extraneous stuff will be stricken because

14  it's a lot of paper.  Okay?

15    So that's my view.  I, again, would not anticipate that

16  there are additional exhibits outside of what has been

17  proffered with the briefing.  But, you know, it's a big case

18  and I understand that could happen.  And if that is the

19  case, then those have to be identified and exchanged on

20  August 4th.  Identified and exchanged on August 4th and

21  that's -- yeah, the week before the hearing.  And that's in

22  accordance with my standard practice.

23    Also, I want to know what those are sufficiently in

24  advance that I can get a look at them, and if you have any

25  additional exhibits -- again, I think that would be

10

1  unlikely.  But if you do, if it's more than 10 pages, then

2  you are going to put them in a binder and give me a copy --

3  two copies to the Court.

4      With regards to demonstratives and your slide decks, I

5  appreciate those sometimes take a little little more time.

6  You want to be sure you have everything from the other side.

7  Those will be exchanged and submitted to the Court by noon

8  on August 9th, Tuesday the 9th.  Okay?

9      So get your slide decks, your demonstratives if you

10  want to use them and then have the Court follow along.  But

11  I want those in hand by the 9th, and I would like color

12  copies of those, two sets of color copies.

13          MR. SCHAPIRO:  Can I ask a question, your Honor?

14  I think I understand, but I just want to make sure.

15          THE COURT:  Go ahead.

16          MR. SCHAPIRO:  So if there are slides that are

17  really just an outline of argument -- I see no reason why we

18  wouldn't apply the same policy to it.  But any -- if we're

19  making a presentation that is the argument, that also comes

20  in on the 9th or just slides that somehow are highlighting

21  evidence?

22          THE COURT:  So what you want to know is if you

23  have to outline your argument for the other side or not?

24          MR. SCHAPIRO:  Yeah, well, but it's good to

25  outline it for you too, so I guess I'm trying to weigh.  We

11

1   win something, we lose something.

2          THE COURT:  It is.  It is.  I would encourage you

3   to exchange everything on the 9th.  If you want -- you know,

4   you have a slide that has your bullet points of where you're

5   headed and does not refer to any evidence or make any

6   argument, if you want to use that at the hearing, that's

7   fine.  But it's not before me.  I mean it will be on the

8   screen but it's not physically before me.  I don't have it

9   in my hand and I wouldn't have seen it or benefitted from it

10  in preparing for the hearing.

11         MR. SCHAPIRO:  Got it.

12         THE COURT:  Okay.  That's how I weigh that, Mr.

13  Schapiro.

14         MS. TREBICKA:  Your Honor, could we also have

15  time -- a set time for the exchange on August 4th and 9th?

16  I think that would be helpful.

17         THE COURT:  Yeah.  On the 9th it's at noon.  the

18  9th it's noon because I don't want to be scrambling the day

19  before the hearing, myself.  And that includes, as I say,

20  slide decks, two colored sets in hard copy.

21      And on the 4th, again, to the extent that there are any

22  exhibits, let's exchange those by 5:00 p.m.  But I'd like

23  those -- if you can get those to Court that day, that's

24  better for me than getting them the next day.

25         MR. STRAITE:  So the noon exchange, your Honor, on

12

1  August 9th would be with counsel and then by end of day to

2  chambers, or would you also prefer noon August 9th?

3          THE COURT:  No, I'd like those by noon.  You know,

4  early afternoon.

5          MR. STRAITE:  Yes.

6          THE COURT:  Exchange with counsel by noon.  Get

7  them to me --

8          MS. TREBICKA:  Electronic as well as hard copy?

9          THE COURT:  Yes.

10      The special master and Mr. Schmidt will be joining us

11  for the hearing.  They will be here in person, so submit --

12  if you send me something electronically, send it to them as

13  well.

14      I anticipate we will start -- I think I have this

15  calendered at 9:30 for a 9:30 start.  And my thought was

16  let's actually -- well, let's do that.  We'll do a 9:30

17  start.

18      I will allow four hours for the hearing.  I don't know

19  that we need it, but I want each side to feel that they have

20  had an opportunity to address the issues thoroughly.

21      We will take a morning break.  We are trying to secure

22  a court reporter.  You can imagine with the Court's trial

23  backlog, live court reporters are -- well, we're all in

24  line, let's put it that way.  We are in the queue, and I

25  hope that we are able to have a live court reporter that

13

1 day.

2    But we will take a morning break, and at that point we

3 should have a sense of where we are and -- at about two

4 hours in and whether we want a short lunch break and wrap up

5 or want to push through, we will figure that out.  All

6 right?

7         MR. STRAITE:  Thank you, your Honor.

8    And one thing the parties -- I know from plaintiffs'

9 perspective, we could offer, if the Court is having

10 difficulty with a court reporter, we can obtain one and

11 bring one with us.  We're used to that in the appellate

12 practice and most of the appellate courts we're familiar

13 with.  If that's something that would help the Court,

14 assuming Google has no objection, we could arrange to have a

15 court reporter present.

16         THE COURT:  I appreciate that.  Let me continue to

17 work the issues with the Court.  Obviously they prefer to

18 use their folks if they're available.  So we'll keep it in

19 mind.  Thank you.

20    All right.  Other than electronic equipment in the

21 courtroom, other logistical issues in anticipation of

22 preparation for the hearing on the 11th?

23         MR. STRAITE:  For the 11th, no, your Honor.  It

24 sounds like you've covered the electronic equipment issue.

25 We just did the slide decks so I think that's covered and

14

1 there's nothing else that we have for the 11th.  We do have

2 a couple of housekeeping issues not related to the 11th we

3 would reserve time for.

4          THE COURT:  Okay.

5          MS. TREBICKA:  I --

6          THE COURT:  Go ahead, Ms. Trebicka.

7          MS. TREBICKA:  Yes.  Thank you, your Honor.

8    As you know, without going into the substance, there

9 are three or four distinct issues in this sanctions motion.

10 And we were wondering as far as the presentation how that

11 will go with the case in chief and the rebuttal.

12    We believe that it's most logical to discuss one issue

13 in total, both plaintiffs and defense side, so your Honor

14 can get the full picture, especially since it's just

15 attorney proffers.  But just to help us prepare, we were

16 wondering if you have any guidance on that.

17          THE COURT:  That is my expectation.  Again, the

18 plaintiffs did make the effort to identify a distinct set of

19 issues, and I think they break down -- I think issues two

20 and three are quite close and so perhaps those go

21 together -- with issues one, two and three, and then four.

22    But I'm obviously working my way through the papers,

23 and you know, the presentations.  If I think that changes,

24 I'll let you know but it may not be until the 11th.  But

25 that is my approach, Ms. Trebicka, and I think folks can

15

plan on that.

Okay.  Anything else for the 11th?  Electronic equipment, the courtroom is set up.  Everyone will have a screen you can plug in your laptop and run your slide deck. Okay?

All right then.  Let's turn very briefly to the log preservation issue.

And, then, Mr. Straite, we can come back to your housekeeping issues.

Oh, one other thing about the hearing before I forget. I was pleased as we were -- just before the Brown hearing, the parties were able to agree that the hearing could proceed and not be sealed, which obviously is the strong policy, practice and preference of the Court not to seal the hearing.  And I know that there were some issues in certain parts of the transcript you've asked to have sealed.

But I would -- what do the parties anticipate with regards to this hearing that -- can we do it without sealing?  And maybe you need to give it a little bit more thought.

MR. SCHAPIRO:  Yeah, we'd like to discuss.  This one is more substantially more challenging than Brown for reasons --

THE COURT:  I --

MR. SCHAPIRO:  -- the Court is aware of but I

16

1  don't want to say publicly.

2            THE COURT:  Yeah.

3            MR. SCHAPIRO:  So I think if we could huddle on

4  that and see if we can come back with a proposal.  We share

5  your view that if it's possible to have things be public,

6  they should, but we just need to navigate it.

7            THE COURT:  I do appreciate that.  I'd like the

8  parties to meet and confer on it.  I know you need to talk

9  internally as well and look at your arguments and

10  presentations.  Maybe you can agree to certain code words,

11  something along those lines and give those to the Court and

12  we can work it that way.

13       And I also appreciate it just -- it may not be

14  possible.  I would like you to meet and confer on that and

15  give me at least a status if not a joint proposal on the

16  4th.

17            MS. TREBICKA:  Okay.

18            THE COURT:  Okay?  With regards to sealing.

19       Also, with regards to topic number one, I have a couple

20  of very -- well, I think they're generic, but I know better

21  than to go out on that limb all by myself -- terms,

22  definitions for certain terms that I will share with the

23  parties.  I'm not prepared to share them today, but I will

24  in the coming days, again, so that we all know what we're

25  talking about or what I'm talking about when certain words

17

1    are used.  All right?  And that may inform the sealing issue

2    as well.  I'm not sure.  Okay?

3        All right.  Let's turn very briefly to log preservation

4    issues.

5        I received an administrative motion from Google for

6    extension of the deadline in both this case and Brown.  I

7    know Brown is not appearing here today, although I

8    understand counsel is here in the galley -- gallery, excuse

9    me.

10        Here's what I'm going to do.  I want Google to provide

11    a supplement to its administrative motion and where -- and

12    this applies to both cases.

13        And so Google, for the record, I'm going to direct you

14    to meet and confer with Brown and share this information.  I

15    appreciate they may be here and hearing in the first

16    instance so that may not be necessary, but I want to make it

17    clear officially that it is communicated as well as in this

18    case.  I want Google to provide a supplement that where

19    items are indicated as in progress or where an issue has

20    been identified and Google has indicated it needs additional

21    time to resolve, I want a time estimate.  I want an ETA.

22    All right?

23        Asking for open-ended extensions is a nonstarter.

24    Open-ended with periodic status reports, nonstarter.

25        The deadline of July 30th was not arbitrary and it was

18

1  not arrived at without careful consideration.

2      I also appreciate it was ambitious, given the date of

3  the order in this case, but I've taken into consideration in

4  setting that deadline Google's extraordinary resources that

5  it has to apply to these issues.  And I know how complex the

6  management of the volume of data in this case is.  We are

7  all aware of that through this case.  And the Court's view

8  of that, of managing and the challenges of managing the

9  volume, the sheer volume of data is reflected in my

10  preservation orders in both cases.

11      And I have addressed that at every step of the way,

12  obviously to the plaintiffs' chagrin throughout these

13  proceedings.  But that's what I have done.  And that

14  deadline, July 30th, was by no means arbitrary.

15      Now, there may be some instances where some additional

16  time is appropriate, but I need an ETA.  And let me make it

17  very clear.  There will be no extensions, no extensions

18  beyond 30 days, and 30 days would be an outside.

19      There may be some of those steps where an additional

20  five days or 10 days, or perhaps 14 may be appropriate.

21  There will be absolutely nothing outside of 30, and not

22  everything is going to get -- not each of those steps is

23  getting 30 days.

24      I did not see anything in the administrative motion

25  that hadn't been argued in the preservation stage.  So none

19

1  of this is new.  None of this is, oh, now that we have to do

2  this, here's what we have found out.

3      Those were all factors that were brought to the Court's

4  attention taken into the Court's consideration.  So it is --

5  and let me also be clear, to the extent that I extend

6  deadlines, those will be firm.  They will be final.  They

7  will be firm.  And there will be a daily sanction, a daily

8  sanction for missed deadlines.

9      I do not take without notice that I get a request to

10  extend the day before the deadline is here.  It's an

11  administrative motion.

12      There is also in this case a request for clarification.

13  Obviously, plaintiffs need an opportunity to respond to

14  that.  They get their four days.  I don't take this -- I'm

15  not amenable to this automatic extension, to a party giving

16  itself an automatic extension by asking for one on the eve

17  of the deadline.

18      So I want a supplement from Google with the ETA's that

19  I've requested no later by noon tomorrow.  That's noon on

20  the 29th.  I'm looking at my calendar.  By noon on the 29th.

21  Talk to your people.  Be realistic.

22      And if you want to provide requested and specified

23  deadlines for each of those tasks, you can do that with the

24  guidelines that I've issued today firmly in mind.

25      Plaintiffs, I'll take your response to the

20

1 administrative motion on Monday.

2     On some of the other issues, on some of the more

3 detailed issues that are raised that I assume will -- they

4 won't change in the supplement other than there will be an

5 ETA.  But I'm giving those some careful consideration as

6 well as the request for clarification.  I haven't focused on

7 that yet.  I'll hear from the plaintiffs.

8     All right.  Any questions on the issue of the

9 administrative motions?

10     Google is clear what next steps are?

11          MR. SCHAPIRO:  Yes.  We hear you loud and clear,

12 your Honor.

13          THE COURT:  That's all I need to hear, Mr.

14 Schapiro.

15          MR. SCHAPIRO:  If that's all you need to hear,

16 that's all you need to hear.  I'm saying if someone if

17 someone says "Jump to the moon," you can't necessarily jump

18 to the moon no matter how many resources you have.  But we

19 hear you.

20     With the Court's permission, I need to jump to this

21 other hearing that is now going on.

22          THE COURT:  Understood.  We'll turn to Mr.

23 Straite's housekeeping issues.

24     Thank you, Mr. Schapiro, for making time.  I appreciate

25 this was set on short notice.

21

1          MR. SCHAPIRO:  Thank you, Judge.

2          THE COURT:  Mr. Straite, two housekeeping issues,

3  I think you said?

4          MR. STRAITE:  Thank you, your Honor.  Yes.  I

5  appreciate it.

6      The first was related to the admin motions.  You

7  resolved most of our questions there.

8      We did want to make sure that you are aware the parties

9  did meet and confer regarding the other motion that was

10 filed.  And the reason for the meet and confer was the

11 plaintiffs approached Google to ask whether Google would

12 join us in a motion for clarification of one minor point --

13 just a definitional point.  It's not a motion for

14 reconsideration but clarification of what one term means.  I

15 know we're in open court so I won't say it here in the

16 hearing.

17     So we anticipate filing that tomorrow.  It won't impact

18 any deadlines.  It won't impact any rulings other than

19 clarification of a definition.

20     We just wanted to give you that heads-up.  We do

21 anticipate filing that presently.

22          THE COURT:  Okay.  And then does Google anticipate

23 responding to that or is this a joint submission?

24          MR. STRAITE:  I can let Ms. Trebicka speak for

25 Google's position.  During the meet and confer, we were told

22

1 that it would not be a joint submission and that Google

2 would wait to see the submission before deciding whether to

3 oppose or respond.

4        MS. TREBICKA:  So, yes, your Honor, right.  We

5 will need to see the submission first, but we anticipate

6 having the need to respond.

7        THE COURT:  I appreciate that.  All right.

8     Okay.  Then we will deal with that when it comes.  I

9 appreciate the heads-up.

10     Any other issues today from plaintiffs, Mr. Straite?

11        MR. STRAITE:  Yes.  Thank you, your Honor.

12     The second housekeeping issue, which fits into your

13 earlier conversation regarding extensions, we are asking for

14 a one-day extension on the filing of the findings of fact

15 and conclusions of law.

16     We've been hit hard by Covid, multiple firms.  I have

17 an associate and his whole family has it so we've had to

18 move people around.  Also at another firm, someone has Covid

19 and we've been hit hard.

20     So we're asking for just one day, to file tomorrow

21 instead of today.

22     And then the second to that would be a request that we

23 file provisionally everything under seal rather than trying

24 to work with redactions tomorrow in the context of having a

25 Covid-hit team trying to do it.

23

1      So those are two requests:  file the findings of fact

2  and conclusions of law tomorrow rather than today and to

3  file everything provisionally under seal, given our

4  constraints.

5          THE COURT:  Ms. Trebicka, does Google join in the

6  request for a one-day extension on the proposed findings of

7  fact?

8          MS. TREBICKA:  We have no objection, your Honor.

9  We'll take it.

10         THE COURT:  Okay.  All right.  Then I will allow a

11  one-day extension for both sides.  However, I would like my

12  bindered hard copies on Monday morning, to the Court Monday

13  before noon -- or by noon.  Monday by noon.

14         MS. WEAVER:  We will make that happen, your Honor.

15         THE COURT:  That's what I figured.

16         MS. WEAVER:  Thank you.

17         MR. STRAITE:  And we appreciate the consideration

18  from Google and from your Honor.

19         THE COURT:  Sure.  No.  I understand.

20     Okay.  Anything further today from plaintiffs?

21         MR. STRAITE:  Nothing more from plaintiffs today.

22  Thank you very much to everybody.

23         THE COURT:  Thank you.

24     And from Google today, anything further?

25         MS. TREBICKA:  Nothing further, your Honor.  Thank

24

1 you for your time.

2         THE COURT:  Okay.  Thank you all again.  I know

3 this was on short notice, but I thought it made sense to

4 address these issues promptly.  And I do look forward to

5 seeing everyone in person on the 11th.

6     We are still under a mask mandate in the court, and so

7 we will proceed accordingly.

8     All right.  Thank you very much.  That concludes this

9 matter and we are adjourned.  Have a good day.

10         MR. STRAITE:  Thank you, your Honor.

11         MS. TREBICKA:  Thank you, your Honor.

12     (Proceedings adjourned at 9:38 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

25

1                   CERTIFICATE OF TRANSCRIBER

2

3        I certify that the foregoing is a true and correct

4   transcript, to the best of my ability, of the above pages of

5   the official electronic sound recording provided to me by

6   the U.S. District Court, Northern District of California, of

7   the proceedings taken on the date and time previously stated

8   in the above matter.

9        I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action

11  in which this hearing was taken; and, further, that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14  

15

16            Echo Reporting, Inc., Transcriber

17                Friday, July 29, 2022

18

19

20

21

22

23

24

25