# EXHIBIT 24

## Redacted Version of Document Filed Under Seal

| | | |
|---|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **DICELLO LEVITT GUTZLER LLC** | **SIMMONS HANLY CONROY LLC** |
| 555 12TH ST., SUITE 1600 | 60 E. 42ND STREET, STE 2400 | 112 MADISON AVENUE, 7TH FL. |
| OAKLAND, CA 94607 | NEW YORK, NY 10165 | NEW YORK, NY 10016 |

June 4, 2021

**VIA ELECTRONIC MAIL**
Viola Trebicka, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
violatrebicka@quinnemanuel.com

Re:  *Calhoun v. Google LLC*, No. 5:20-cv-05146-LHK-SVK (N.D. Cal.)
Formatting of Data Productions and Exhibits in *Calhoun v. Google*

THIS LETTER MAY CONTAIN DISCOVERY MATERIAL DESIGNATED
"CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" BY
PLAINTIFFS OR GOOGLE LLC PURSUANT TO COURT ORDER

Dear Counsel:

We write to propose agreements on decoding, formatting, and presentation of certain data productions whose formats are not already set in Appendix A to the ESI Protocol. Specifically, Plaintiffs request that the parties confer regarding (1) the provision of decoding information to identify and explain the specific columns and data elements included in the Plaintiff data that Google is providing; and (2) formats for the presentation of data at deposition or trial; and (3) access to a device preloaded with applications through which Plaintiffs can review the information Google stores about them in the types of systems that are available at Google.[1]

### 1. Google Should Decode the Plaintiff Data and Information

Google has produced Plaintiff data and other information extracted in ways that do not preserve necessary context to understand the data. For example, GOOG-CALH-00039125, produced with no identifying information, contains ▮ columns and ▮ rows of data. The columns include: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Plaintiffs wish to understand the following meta-data questions for the productions:
- The 'ID' that was used to search for and identify these documents?
- What is the data source for each corpus identified in the "▮▮▮▮▮▮" column?
- What is the format in which this data was maintained? Was it maintained in ▮▮▮▮?
- What is the time range to which the data correlates?
- Has Google redacted or removed any data or information?

---
[1] The ESI Protocol requires that the parties confer prior to producing ESI, and Plaintiffs have specifically asked that Google confer with us before doing so.

### 2. How the Parties May Present the Data in Deposition or at Trial

We all agree that the data flows at issue in this case do not lend themselves to easy conversion or presentation in traditional Word or Adobe PDF files. For example, Google is producing Plaintiff information in Excel spreadsheets large enough that easy conversion to PDF is not practical; similarly, when Plaintiffs initially provided HTTP logs via PDF files extracted from Fiddler, the program that was used to capture the data, you indicated that those files had little value to you in that format, so we agreed to produce the same data in its native format.

As we move forward in this data-heavy case, we believe it is important for us to agree to a protocol governing the creation and format of deposition and trial exhibits created from the data that the parties have exchanged. It is our position that, so long as the underlying data remains identical to that which was exchanged between the parties in discovery, the parties may choose to display that data in any format they choose so that it is comprehensible to factfinders, witnesses, and lawyers of ordinary vision.

For example, we propose being able to use and enlarge a screenshot of Fiddler data from its native format. Here is an example of such from Complaint ¶ 177; in the second box below, we include a plain-text copy-paste example:



3

As plain text:



Case 4:20-cv-05146-YGR   Document 808-10   Filed 08/03/22   Page 4 of 9

The boxes above are also attached to this letter as exhibits in landscape orientation so you can see more accurately how we propose they would render at deposition or trial. Plaintiffs believe that this manner of presenting the data would be appropriate – so long as there are no alterations to the underlying data.

A different sort of problem presents itself for the information Google has produced related to the Plaintiffs or their identifiers. At present, Google is providing Excel spreadsheets with the data. But those Excel spreadsheets contain too much information to be easily presented at deposition or trial. For these situations, we believe it is appropriate to extract the particular data at issue – and present it in a separate document that is easier for humans to understand. The parties could extract the data from any individual cell (or groups of cells) and display it in a more comprehensible format.

For example, consider cell D2 from 39125:



This is comprehensible but takes a great deal of effort. We believe it is appropriate and helpful, where possible, to break such a data example into constituent parameters and sub-parameters, such as what is shown on the next page.



5

Plaintiffs also propose an agreement whereby a party may highlight pertinent information in the exhibit, so long as it is noted that the highlights were either added by the party or, in some cases, occur as a normal part of the operations of the native application from which a screenshot was taken (such as Fiddler).

The specific agreement we propose is that a party may present the underlying data in any format that a party deems fit so long as (1) the underlying data has not been altered; (2) the party notes the precise Bates numbers of the production or productions from which the data is taken; and (3) any highlights are disclosed to the other side as either being party-created or part of the underlying native application.

Counsel in *Calhoun* have used one or more of these agreements in previous cases without issue. We raise them now to ensure that, if there's any disagreement, we deal with the issue prior to, rather than during or after a deposition in which such an exhibit is displayed.

### 3. Plaintiffs Request Access to Device with a Pre-loaded Googler Application

The data Google is providing for the named Plaintiffs is not in the actual format that it is used at Google and available to Googlers. Just as we provided our HTTP logs in native format via Fiddler files, we request that you also provide us the opportunity to review the data in the same way that a Googler could review the data. One way to accomplish this would be to give us access to a clean room. Another suggestion we have is for Google to provide a device pre-loaded with whatever applications Googlers use to parse proto data. Rather than providing access to the entire database for all Google users, the device could be preloaded with the Plaintiffs' data only.

We expect that we should be able to reach quick agreement on points one and two, and ask for you to meet-and-confer regarding options for point three. Thank you for your timely attention to this matter.

Sincerely,

Jay Barnes

cc:

Google Counsel
stephenbroome@quinnemanuel.com
andrewschapiro@quinnemanuel.com
jomairecrawford@quinnemanuel.com
thaothai@quinnemanuel.com
jonathantse@quinnemanuel.com
josefansorge@quinnemanuel.com
qecalhoun@quinnemanuel.com

Plaintiffs' Counsel
David Straite, dstraite@dicellolevitt.com
Lesley Weaver, lweaver@bfalaw.com
Amy E. Keller, akeller@dicellolevitt.com
Angelica Ornelas, aornelas@bfalaw.com
An Truong, atruong@simmonsfirm.com
Adam Prom, aprom@dicellolevitt.com

6

**First Amended Complaint ¶ 177 – Crespo HTTPS Transmission # 42**
**www.Google.com at connect.secure.wellsfargo.com**



**irst Amended Complaint ¶ 177 – Crespo HTTPS Transmission # 42**
**www.Google.com at connect.secure.wellsfargo.com**

2

PLAINTIFFS-00014461