Case 4:20-cv-05146-YGR   Document 810   Filed 08/04/22   Page 1 of 7

BLEICHMAR FONTI & AULD LLP
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

SIMMONS HANLY CONROY LLC
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

DiCELLO LEVITT GUTZLER LLC
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
Fax: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CLARIFY THE COURT'S MODIFIED PRESERVATION PLAN DATED JULY 15, 2022 (DKT. NO. 766) REGARDING DEFINITION OF ███ FIELDS**<br><br>Civil L.R. 7-11<br><br>Referral:     Hon. Susan van Keulen, USMJ |

- 1 -
Case No. 4:20-cv-05146-YGR-SVK
PLAINTIFFS' ADMINISTRATIVE MOTION TO CLARIFY PRESERVATION PLAN

## I. INTRODUCTION

The definition of what counts as an ████████████ signal or field is critical to the implementation of the Court's Modified Preservation Plan (the "Preservation Plan," Sealed Dkt. No. 766). First, by July 30, 2022,[1] Google must ████████████████████████████. Preservation Plan at 7. Second, Google must ████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at Ex. B.

Unfortunately, the parties are at impasse regarding whether a ████████████████████ ████████████████████. The Court appears to have adopted Google's representation during the June 30, 2022 hearing that ████████████████████████████████ and excluded them. Preservation Plan at 7. But the day following the hearing, Google reversed course and ████████████████████████████████████████████████████████████ – period, full stop. *See* Google Opposition dated July 1, 2022 to Motion for Sanctions ("Sanctions Opp," Dkt. No. 670), at 2. This is consistent with Google's representation to ████████ ████████████████████████████████████████████████████████████████████████████████. There are no exceptions, and thus any signal that ████████████████████████ ████████████████████████████.

Plaintiffs therefore respectfully request that the Preservation Plan include ████████ ████████████████████████████████████. While it is true that someone ████████████ ████████████████, Google now admits that ████████████████████████████████. The Preservation Plan should be clarified to conform to Google's admissions.

## II. ████████████████████████████████████████████████████████████

On July 1, 2022, Google admitted in its Sanctions Opp that ████████████████████ ████████. Specially, Google admitted, "████████████████████████████████████████ ████████████████████████████████████" Sanctions Opp at 2. Furthermore, non-Google Account Holders "████████████████████" and hence, ████████████████, "████████████████ ████████████████████████" *Id.* More recently, on Saturday, July 30, 2022, ████████████

---

[1] As Plaintiffs informed the court on August 1, 2022 (Dkt. No. 804 at 4), Google has failed to comply with the July 30, 2022 deadline.

█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
████████████████████████████████████████" *Thus, if a Chrome*
*user* ████████████████████. There are no exceptions.

III. **WHY THIS MATTERS**

The Court has already ordered Google to ████████████████████████
████████████████████████████████████████, in addition to "sync signals." But there are several other '██████' signals not mentioned by name, and if the Preservation Order is not clarified, ████████████████████████. Worse, with respect to Google's duty to disclose ████████, Google is interpreting this obligation to ████████
████████████████████████████.

Based on Google's disclosures to date, including most importantly the production of Plaintiff data ████████ Plaintiffs also believe that, *at the very least*, the following signals are ████████████████████. If the Court does not order that they be preserved (and their related fields disclosed), Google will refuse. Plaintiffs identify the priority fields in **bold**:

[redacted list]

- 3 -  
Case No. 4:20-cv-05146-YGR-SVK  
PLAINTIFFS' ADMINISTRATIVE MOTION TO CLARIFY PRESERVATION PLAN

1  In addition, Google ███████████████████████████████
2  ████████████████████████████████████████████████████
3  ███████████████████████████████. These include:

4-6  ████████████████████████████████████████

7  Google's ██████████████████████ has not permitted Plaintiffs sufficient time to review for
8  purposes of this motion – further illustrating the need to categorically revise the Preservation Plan
9  to include ███████████████████████████████████████████.

10  **IV.   REQUEST FOR RELIEF**

11  Plaintiffs respectfully request that the Court revise the Preservation Plan to define ████
12  ██████████████████████████████████████████████, and to order any other relief
13  the Court deems just and appropriate in the circumstances.

14  [SIGNATURES ON FOLLOWING PAGE]

Respectfully Submitted this 3d Day of August, 2022.

**BLEICHMAR FONTI & AULD LLP**

By:   */s/ Lesley E. Weaver*
Lesley E. Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**

By:   */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**

By:   */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd St., Suite 2400
New York, NY 10165 Telephone: Tel.:
Tel.: (646) 933-1000
Fax: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3d Day of August, 2022, at Orlando, Florida.

*/s/ David Straite*
David Straite

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2022, I caused to be electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

*/s/ Sharon Cruz*
Sharon Cruz