1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2  Diane M. Doolittle (CA Bar No. 142046)          Andrew H. Schapiro (admitted *pro hac vice*)
   dianedoolittle@quinnemanuel.com                 andrewschapiro@quinnemanuel.com
3  Sara Jenkins (CA Bar No. 230097)                Teuta Fani (admitted *pro hac vice*)
   sarajenkins@quinnemanuel.com                    teutafani@quinnemanuel.com
4  555 Twin Dolphin Drive, 5th Floor               191 N. Wacker Drive, Suite 2700
   Redwood Shores, CA 94065                         Chicago, IL 60606
5  Telephone: (650) 801-5000                        Telephone: (312) 705-7400
   Facsimile: (650) 801-5100                         Facsimile: (312) 705-7401
6

7  Stephen A. Broome (CA Bar No. 314605)           Josef Ansorge (admitted *pro hac vice*)
8  stephenbroome@quinnemanuel.com                  josefansorge@quinnemanuel.com
   Viola Trebicka (CA Bar No. 269526)              Xi ("Tracy") Gao (CA Bar No. 326266)
9  violatrebicka@quinnemanuel.com                  tracygao@quinnemanuel.com
   Crystal Nix-Hines (Bar No. 326971)              Carl Spilly (admitted *pro hac vice*)
10 crystalnixhines@quinnemanuel.com                carlspilly@quinnemanuel.com
   865 S. Figueroa Street, 10th Floor              1300 I Street NW, Suite 900
11 Los Angeles, CA 90017                           Washington D.C., 20005
   Telephone: (213) 443-3000                       Telephone: (202) 538-8000
12 Facsimile: (213) 443-3100                       Facsimile: (202) 538-8100
13

14 Jomaire Crawford (admitted *pro hac vice*)      Jonathan Tse (CA Bar No. 305468)
   jomairecrawford@quinnemanuel.com                jonathantse@quinnemanuel.com
15 51 Madison Avenue, 22nd Floor                   50 California Street, 22nd Floor
   New York, NY 10010                              San Francisco, CA 94111
16 Telephone: (212) 849-7000                       Telephone: (415) 875-6600
   Facsimile: (212) 849-7100                       Facsimile: (415) 875-6700
17

18 *Counsel for Defendant Google LLC*

19                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
20                          **OAKLAND DIVISION**

21 PATRICK CALHOUN, *et al*., on behalf of          Case No. 4:20-cv-05146-YGR-SVK
22 themselves and all others similarly situated,
                                                    **GOOGLE LLC'S ADMINISTRATIVE**
23        Plaintiffs,                               **MOTION TO SEAL PORTIONS OF**
                                                    **GOOGLE'S OPPOSITION TO**
24        v.                                        **PLAINTIFFS' ADMINISTRATIVE**
                                                    **MOTION TO CLARIFY THE COURT'S**
25 GOOGLE LLC,                                      **MODIFIED PRESERVATION PLAN**
                                                    **DATED JULY 15, 2022 (DKT. NO. 766)**
26        Defendant.                                **REGARDING DEFINITION OF**
                                                    **"EXPRESS" SYNC STATE FIELDS**
27

28                                                  Judge: Hon. Susan van Keulen, USMJ

## I.    INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of Google's Opposition To Plaintiffs' Administrative Motion To Clarify The Court's Modified Preservation Plan Dated July 15, 2022 (Dkt. No. 766) Regarding Definition Of "Express" Sync State Fields (the "Opposition") and Exhibit A to the Declaration of Josef Ansorge, dated August 4, 2022 ("Exhibit A"), which contain non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including data logs and their proprietary functionalities. This information is highly confidential and should be protected. The Court previously granted Google's motions to seal the same or substantively similar information it seeks to seal now, including in Dkt. Nos. 124, 139, 154, 156, 198, 204, 205, 224, 258, 260, 310, 323, 326, 327, 376, 386, 405, 455, 615, 645, 727, 738, 768.

This Administrative Motion pertains to the following information contained in Google's Opposition and Exhibit A:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Opposition | Portions Highlighted in Yellow at:<br><br>Page 2 Lines 21, 26, 27<br>Page 3 Lines 11, 14 | Google |
| Exhibit A | Portions Highlighted Yellow at:<br><br>Pages 6, 7 | Google |

## II.    LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty.*

*of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  However, a party seeking to seal information in a non-dispositive motion must show only "good cause."  *Id.* at 1179-80.  The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."  *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted).  Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes.  *See Hanginout, Inc. v. Google, Inc*., 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard) (van Keulen, J.).  Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

## III.   THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).  Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information."  *Digital Reg of Texas, LLC v. Adobe Sys., Inc*., 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard.  *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons'

standard where that information could be used to the company's competitive disadvantage")
(citation omitted).  Courts in this district have also determined that motions to seal may be granted
as to potential trade secrets.  *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc*., 2015
WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party]
ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, Google's Opposition and Exhibit A comprise confidential and proprietary information
regarding highly sensitive features of Google's internal systems and operations that Google does
not share publicly.  Specifically, this information provides details related to logs and their
proprietary functionalities. Such information reveals Google's internal strategies, system designs,
and business practices for operating and maintaining many of its important services while complying
with its legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing
it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of
Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper
basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-
BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain
sensitive business information related to Google's processes and policies to ensure the integrity and
security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-
02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because
"disclosure would harm their competitive standing by giving competitors insight they do not have");
*Trotsky v. Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting
motion to seal as to "internal research results that disclose statistical coding that is not publically
available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to
compromise Google's data sources, including data logs, internal data structures, and internal
identifier systems.  Google would be placed at an increased risk of cyber security threats.  *See, e.g.*,
*In re Google Inc. Gmail Litig*., 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing
"material concern[ing] how users' interactions with the Gmail system affects how messages are

transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact, including information on logs and their proprietary functionalities, is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the identified portions of Google's Opposition and Exhibit A.

DATED: August 4, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____ */s/ Andrew H. Schapiro* _____

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)

Case No. 4:20-cv-5146-YGR-SVK
GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL

josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL