**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

**DiCELLO LEVITT GUTZLER LLC**
Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., 6th Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
scruz@dicellolevitt.com
aprom@dicellolevitt.com

*Co-Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' RESPONSE TO GOOGLE'S ADMINISTRATIVE MOTION FOR RELIEF (DKT. NO. 787) FROM THE COURT'S MODIFIED PRESERVATION PLAN (DKT. NO. 766)**<br><br>Hon. Susan van Keulen, USMJ<br>(Filed pursuant to Court's Order at Dkt. No. 789, at 2) |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

I.  **PROCEDURAL HISTORY AND SUMMARY OF PLAINTIFFS' POSITION**

After months of input from the parties, their experts and the Special Master, the Court on July 15, 2022 issued its final order adopting in part and modifying in part the Special Master's revised class-wide preservation Plan for certain data sources (the "Modified Preservation Plan," Dkt. No. 766). The Modified Preservation Plan, in turn, modified the Court's original preservation order dated April 30, 2021. Dkt. No. 174.

Google now seeks to modify the Modified Preservation Plan. On July 27, 2022, Google filed an administrative motion and status update, styled as a motion seeking relief from certain deadlines in the Modified Preservation Plan. Dkt. No. 787. The Court held a hearing the next day on July 28, 2022 (transcript at Dkt. No. 792), at which time the Court ordered Google to provide supplemental information, and for Plaintiffs to file a response on August 1, 2022. *See also* Order dated July 29, 2022 (Dkt. No. 787). Google filed its supplement at Dkt. No. 793. On August 1, 2022, the Court issued a follow-up sealed order setting a hearing for August 4, 2022, and keeping today's briefing schedule intact. Dkt. No. 802.

Plaintiffs remain largely in the dark regarding the basis of Google's request for an extension of time, and have no choice but to defer to the Court's judgment (subject to important requested caveats below). But ***Google's administrative motion also seeks relief far beyond a mere extension of time***, including a wholesale reconsideration of the Court's thoughtful compromise regarding preservation of the ▇ data sources, marking the umpteenth run at trying to avoid preserving data from the two most important data sources. It is both procedurally and substantively objectionable. Google also quietly reported that it made significant changes to the Court's order re: preservation of the ▇ data source, ***without Court permission***, and misrepresents its preservation obligations as "complete." Similarly, Google unilaterally re-wrote the Court's order regarding preservation of Mapping Tables and falsely claims its duties are now "complete" under the unauthorized re-written Order. Plaintiffs respond to each of these issues in turn below.[1]

---

[1] The Court's Sealed order of August 1, 2022 mentioned several "deficiencies" in Google's supplemental filing related to ▇ and ▇ but did not mention the ▇ and Mapping Tables problems. Plaintiffs respectfully submit that these are also deficiencies and request time to discuss at the August 4, 2022 hearing.

## II. RESPONSE TO GOOGLE'S REQUESTS FOR EXTENSIONS

### A. ENCRYPTION, RE-ENCRYPTION AND BACK-FILLING

Subject to one caveat, Plaintiffs defer to the Court's judgment regarding Google's request for an extension to comply with the Court's preservation deadlines. Although Google submitted the declaration of Benjamin Kornacki (the "Kornacki Decl.," Dkt. No. 787-2) explaining the difficulties associated with the design and implementation measures required to comply with the Modified Preservation Plan, Plaintiffs have no ability to evaluate the representations therein. The Kornacki Declaration is also completely silent on efforts made to comply with preservation of the ▓▓▓ and ▓ data sources, and Plaintiffs have no way to evaluate them. Google's supplemental July 29 filing (Dkt. No. 793) only updates the Court on anticipated completion dates but provides no further information for Plaintiffs to evaluate the basis for the request.

Plaintiffs respectfully make one request, however. Plaintiffs are deeply concerned that Google's extensive compliance delay may result in certain critical data not being preserved, to the extent that any fields are moved among data sources, or otherwise structured differently. The more time that elapses before full compliance, the more opportunity Google has to remove important fields from the preserved data sources. Plaintiffs therefore request that the Modified Preservation Plan be modified to require Google to produce a list of all fields that were in any data source subject to preservation on January 1, 2021 or thereafter, but not there on the date of full preservation compliance. For those moved or deleted fields, Plaintiffs also request that Google produce field descriptions and protos.

Plaintiffs anticipate that Google will object to Plaintiffs' request, particularly with respect to the protos. But Google's Chris Liao testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Liao Dep. 187:14-188:9. While there are public versions of some of these protos, *see, e.g.*, Dkt. 776-6 at ¶¶ 9-25 (discussing Google's public source code), Plaintiffs also understand that the source code contains plain English descriptions of the fields, which should be produced. Google also admitted in the July 29 supplement that Google is using the protos itself. Dkt. No. 793 at 1.

## B. IDENTIFICATION OF PRESERVED DATA SOURCES

The Court ordered "Google to identify by July 30, 2022 all field names *for any data source from which data is to be preserved.*" Dkt. No. 766 at 8. Google has missed this deadline, without prior Court permission, identifying only a fraction of the required field names, just minutes before this filing. Google elected not to provide any transparency regarding how many fields are still missing, nor an explanation for the delay, nor any estimate of when Google will fully comply. Plaintiffs respectfully oppose Google's request for extension, and ask for time to discuss at the August 4 hearing. At a minimum, Plaintiffs request Google's full compliance by August 5, 2022.

## III. RESPONSE TO GOOGLE'S UNILATERAL MODIFICATION OF THE COURT'S ORDER RE: ▉

Google counsel say that ▉ does not support daily sampling as ordered by the Court.[2] Motion at 1. Despite multiple hearings and rounds of briefing on this issue including an additional hearing before the Special Master, Google never once previously made this argument; it should therefore be rejected as untimely. It is also not supported by the record: while Google submitted the declaration of Benjamin Kornacki (Dkt. No. 787-2) to support many factual contentions in the Motion, Google only "supports" its ▉ arguments through unsupported statements of counsel. Plaintiffs have no idea where this contention comes from, or why it was withheld until last week, but it should be rejected as unsupported by the evidentiary record.

More worrisome, however, is that Google does not actually seek relief following this statement of counsel; instead, after Google counsel represent that their client cannot comply with the order to conduct daily sampling of ▉ they say Google will re-write the Court's order: it will take "annual" full snapshots of the ▉ tables, which Google represents will preserve "more" data than ordered. But will it preserve the *same* data? Google doesn't say, and it elected not to include further explanation of the ▉ preservation change in the July 29 Supplement. Plaintiffs therefore request time at the August 4 hearing to discuss whether data will

---

[2] Google counsel also say, without evidentiary support, that ▉ and ▉ do not support sampling. This argument is also new in the July 27 motion, and is also unsupported by any evidence in the record. The Court earlier today (August 1, 2022) called Google's explanations "deficient" with respect to ▉ and ▉ Dkt. No. 802. Plaintiffs respectfully submit that Google should not be permitted more time to provide evidence to support its arguments. If sampling is literally not possible, full preservation should be ordered instead.

be deleted between these "annual" snapshots and if so, Plaintiffs request full preservation.

## IV. RESPONSE TO GOOGLE'S UNILATERAL MODIFICATION OF THE COURT'S ORDER RE: MAPPING TABLES

The Modified Preservation Plan orders that "Mapping tables are to be preserved in their entirety." Dkt. 766 at 8. **But Google's motion admits *it is not complying*** with the order as written. Instead, Google is only preserving a ▬▬ table: "Google is preserving the *PPID-Biscotti mapping table* named ▬▬▬▬▬▬," and then claims its obligations are complete. Dkt 787 at 2.

Plaintiffs strongly object to this sleight of hand and unilateral re-writing of the Court's order. As the Court is aware, there is no dispute that Google maintains other mapping tables. As set forth in greater detail at Dkt. No. 776-12, Google maintains mapping tables for use by its "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬." *Id.*, Shafiq Rebuttal Decl. ¶¶ 23-29 (citing internal Google documents[3]). Near the start of the class period, a key Google employee in charge of the ▬▬ design explained that: "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" Dkt. 226-7 (Tr. of Video Produced at GOOG-CALH-00045185), at 72:25-74:7; video also cited by Google in Dkt. 747-3 at 9, n.10. Other late-produced evidence indicates Google maintains tables where it maps Zwieback to Gaia and to various device IDs. Dkt. No. 776-12, Shafiq Rebuttal Decl. ¶¶ 30-32. Thus, it appears to Plaintiffs that Google has unilaterally amended the Court's preservation order on mapping tables so that it is only preserving a single table and ignoring the most important for this case: those data sources that map Biscotti, Zwieback, and other device IDs to GAIA.

---

[3] GOOG-CALH-00030031 (▬▬ design doc); GOOG-CABR-03666182 (overview of ▬▬ GOOG-CABR-03666194 ("▬▬▬▬▬▬▬ service in ▬▬ maps Gaia, Biscotti, device ID, PPID, Zwieback, YouTube Visitor ID, CID, and DSID); GOOG-CALH-00062153; GOOG-CALH-01134336; GOOG-CALH-01134348; GOOG-CABR-03665962; GOOG-CABR-0472868 ("We have a lot of mappings between identifiers: Biscotti to GAIA, IDFA to BIscoti, IDFA to GAIA, etc."); GOOG-CABR-04726832 ("Examples of identifier mapping and metadata that rarely changes" includes "IDFA/ADID/Biscotti to Gaia" and "IDFA/ADID/PPID to Biscotti"); GOOG-CABR-05876612.

Plaintiffs respectfully ask the Court to inform Google that when the Court said "Mapping tables are to be preserved in their entirety," it meant precisely that.

V. **RESPONSE TO GOOGLE'S MOTION FOR RECONSIDERATION RE: PRESERVATION OF ▇▇▇ DATA SOURCES**

Google says it seeks "clarification" of the Court's order to preserve all data within 243 GAIA ▇▇ columns and ▇▇▇▇▇ columns, Mot. at 4, but this is undoubtedly a motion for reconsideration. Ironically, the Court adopted Google's position, not Plaintiffs' position: the Court limited ▇▇ preservation to a small fraction of the total columns, as Google preferred. Plaintiffs proposed that Google search all columns for relevant identifiers and preserve those that have hits. Google prevailed, but now want to use Plaintiffs' original search proposal, but only across the ▇ and ▇ columns that the Court already approved. The result would be to shrink yet again the fraction of ▇▇ being preserved.

Google has had ample opportunity to provide the Court and Plaintiffs with more information about fields in GAIA and ZWBK ▇▇ and makes its case. It was first requested in January 2021 and ordered in March 2021, then November 2021, then January 2022. Moreover, Plaintiffs note this continues Google's pattern to thwart ZWBK discovery that is now the subject of the sanctions motion:

- Plaintiffs' original and FAC allege more Zwieback-related transmissions than any other.
- On April 9, 2021, Google counsel thwarted Plaintiffs' questions about Zwieback related transmissions in a 30(b)(6) deposition.
- On October 1, 2021, the Court ruled that Zwieback was relevant.
- On November 12, 2021, the Court ordered Zwieback to be part of the Special Master process. Google made no effort to investigate or make disclosures about ZWBK ▇▇ despite the fact that it was the primary focus of the contested hearing in October 2021.
- On January 5, 2022, the Special Master ordered discovery into ZWBK ▇▇▇ Google ignored the order – and then inappropriately limited it.
- On February 21, 2022, after the Special Master suggested Plaintiffs' expert could have access to all of ZWBK ▇▇▇ Google agreed to produce columns information for it. Just two days later, Google produced ZWBK ▇▇ columns information. (This after having previously claims it would be next to impossible to do.)
- On February 23, 2022, Google produced ZWBK ▇▇▇ columns, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Google refused to provide Plaintiffs with any further information.
- On May 9, 2022, Plaintiffs were finally provided with access to GAIA Kansas columns. Like ZWBK, the GAIA ▇▇ columns ▇▇▇▇▇▇▇▇▇ Google refused to provide Plaintiffs with further information.
- On June 30, 2022, Google produced Plaintiff data from the ▇▇▇▇▇ log that ▇▇▇▇▇▇▇▇▇

| | | |
|---|---|---|
| 1 | Dated: August 1, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | **BLEICHMAR FONTI & AULD LLP** | **DiCELLO LEVITT GUTZLER LLC** |

By:   */s/ Lesley E. Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By:   */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

By:   */s/ David Straite*
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

- 7 -   Case No. 4:20-cv-05146-YGR-SVK
PLAINTIFFS' RESPONSE TO GOOGLE'S MOTION TO MODIFY THE MODIFIED PRESERVATION ORDER

## **ATTESTATION**

I, Sharon Cruz, am the ECF User whose identification and password are being used to file this document pursuant to Civil L.R. 5-1(h)(3). I attest under penalty of perjury that the signatories above have concurred in the filing of this document.

*/s/ Sharon Cruz*
Sharon Cruz

*Co-Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Sharon Cruz, hereby certify that on August 1, 2022, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ Sharon Cruz*
Sharon Cruz