**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Defendant; additional counsel
listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

PATRICK CALHOUN, *et al.*,

    Plaintiffs,

    v.

GOOGLE LLC,

    Defendant.

Case No. 4:20-cv-05146-YGR-SVK

**JOINT SUBMISSION RE DISPUTE
REGARDING CLAWBACK PURSUANT
TO RULE 502(d) STIPULATION**

Referral: Hon. Susan van Keulen, USMJ

1  August 8, 2022

2  Submitted via ECF

3  Magistrate Judge Susan van Keulen
   San Jose Courthouse
4  Courtroom 6 - 4th Floor
   280 South 1st Street
5  San Jose, CA 95113

6         Re:    *Calhoun v. Google LLC*, Case No. 4:20-cv-05146-YGR-SVK (N.D. Cal.)
                 Joint Submission re: Clawback Dispute per Rule 502(d) Stipulation
7
   Dear Magistrate Judge van Keulen:
8

9         As provided by the Stipulation, Plaintiffs have sequestered the clawed back document.

10  Plaintiffs believe that submission of the disputed document for *in camera* review is expressly

11  contemplated by Section 3(B)(ii) of the Stipulation, with the redacted portions highlighted in

12  blue.  Plaintiffs also quoted portions of the document in their section of the joint dispute letter

13  (which they believe is permitted under the Stipulation) for purposes of resolving the

14

15  dispute.  Google does not believe that the stipulation permits Plaintiffs to submit the document for

16  *in camera* review without an evidentiary showing that *in camera* review is warranted.  *See In re*

17  *Grand Jury Investigation*, 974 F.2d 1068, 1073 (9th Cir. 1992).  Plaintiffs are emailing the

18  document to the Court over Google's objection.

19

20

21

22

23

24

25

26

27

28

Case No. 4:20-cv-05146-YGR-SVK
                                           JOINT SUBMISSION RE: CLAWBACK DISPUTE

## PLAINTIFFS' STATEMENT

      1.    **Introduction**: On June 30, 2022, Google clawed back a key document (GOOG-CABR-04197563-04197567) ██████████████████████████████████████████████ ████ claiming privilege. ***It is a "smoking gun" document***, the kind one rarely sees in litigation, related to ████████████████████████████████████████████████████ ████ In the document, ███████████████ ██████████████████████████████████████████████████████████████ . The Chrome Privacy Notice says that Chrome will not send any personal information to Google unless the Chrome user chooses to sync. Plaintiffs have already proven this statement to be false. ████████████████████████████████ . ████████████████ ████████████████████████████████████ . █████████████████ ██████████████████████████████ them to:

          ████████████████████████████████████████████ ██████████████████████████████████ (emphasis added).

████████████████████████████████████████████████████ :

          ████████████████████████████████████████████ ██████████████████████ (emphasis added).

          ████████████████████████████████████████████ ████████████████████████████████ in an extraordinary act of bad faith, ██████████████ in its Motion for Summary Judgment on its First Affirmative Defense of Consent, filed on November 30, 2021. Dkt. 395.  In that motion, Google asked the Court to rule as a matter of law that Google "***clearly disclose[s]*** that Google receives the disputed [URL] data through the Google Services," even when sync was disabled. *Id*. at 5; *see also id.* ("Google launched a new consent process for existing Google Account holders and new users seeking to create Google Accounts that ***clearly and succinctly disclosed*** that Google receives the disputed data.") (emphasis added).

      Google has thus placed ██████████████████████ squarely "at issue" in the litigation. Even if ██████████ advice qualifies as legal advice, when no litigation was pending, it has been waived under the "at issue" waiver doctrine under Ninth Circuit law.  Google further put the advice at "at issue" when it argued that this Court lacks the inherent authority to issues sanctions absent a finding of bad faith. Google's Opp. to Motion for Sanctions, Dkt. 748, at 18, n.19 – ████ █████████████████████████████████

---

[1] ████████████████████████████████████████████ . *See*  GOOG-CALH-00029984 ██████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

2.    **Relief Requested**: Plaintiffs request a ruling from the Court that Google has waived the privilege with respect to this document, and any other withheld or redacted documents related to the same subject matter, and such documents should be produced without delay.

3.    **Background**: Google's clawback has already prejudiced Plaintiffs in their discovery of highly relevant evidence concerning the Chrome sync disclosures that are at the heart of this case. Plaintiffs first sought to depose ███████████ almost one year ago, precisely because ████████ ███████████████████████████████████████████████████████████████████ █████████████████████████████████ After Plaintiffs prevailed on a motion to compel, Google threw roadblock after roadblock into the process of obtaining her deposition. Plaintiffs ██ ███████████████████ at a time and place to accommodate the witness. And only then did Google assert privilege over one of the most fundamental questions in this case: ███████████ ████████████████████████████████████████████████████████████████████ ███████████████████ The clawed back document addresses that issue squarely.

4.    **Argument: Google has waived the privilege under the "at issue" waiver doctrine**. Google put the content of this document (and related similar documents) at issue, and waived any privilege. "In the Ninth Circuit, an implied 'at issue' waiver of the attorney-client privilege occurs when '(1) the party asserts the privilege as a result of some affirmative act . . . (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense.'" *Teradata Corp. v. SAP SE*, No. 18-CV-03670-WHO, 2019 WL 5698057, at *3 (N.D. Cal. Nov. 4, 2019) (quoting *In re Lidoderm Antitrust Litig.*, 14-MD-02521-WHO, 2016 WL 4191612, at *3 (N.D. Cal. Aug. 9, 2016) (relying on *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995)). "The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword.... **In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials**." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015) (N.D. Cal. 2015) (emphasis added).

Google's conduct satisfies all the elements of the "at-issue" waiver doctrine. Google's Motion for Summary Judgment put the clarity of Google's disclosures squarely at issue. Then, Google doubled down on its position in its opposition to Plaintiffs' sanctions motion, arguing that Google had acted in "good faith" with respect to discovery into Chrome's disclosures about continued data collection while browsing unsynced. *Id.; see also Handloser v. HCL Am., Inc.*, No. 19-CV-01242-LHK-VKD, 2020 WL 6205215, at *3 (N.D. Cal. Oct. 22, 2020) ("[T]he Court agrees with plaintiffs that HCL has put certain of its communications at issue by relying on a characterization of those communications in opposing plaintiffs' third motion for sanctions.").

Yet, the clawed back document ████████████████████████████████████ ████████████████████████████ █ ████████████████████████████████████ ██████████████████████████████████████████████████████. Allowing the privilege assertion here would effectively allow Google to use the privilege as a sword and a shield, allowing it to █████████████████████████████████████████████ █████████████████. Plaintiffs would be denied access to discovery that would directly rebut Google's position, making it vital to Plaintiffs' case. *See Apple Inc.*, 306 F.R.D. at 241 (N.D. Cal. 2015) ("Samsung put the disputed documents at issue by raising affirmative defenses about inadvertence."); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 15-CV-02034, 2018 WL

6138160, at *5 (C.D. Cal. Jan. 24, 2018) ("[T]o assess the validity of an affirmative defense of good faith reliance that a party has voluntarily injected into the dispute, inquiry into communications that would otherwise be privileged may be required."); *Doe 150 v. Archdiocese of Portland in Oregon*, No. 08- CV-691-PK, 2010 WL 3586530, at *3 (D. Or. Sept. 10, 2010) ("John's implicit assertion of good faith in connection with his failure to file timely notice of appeal effectively puts attorney-client communications that otherwise would be privileged squarely at issue here."); *United States v. Ormat Indus., Ltd.*, 2016 WL 4107682, at *4 (D. Nev. Aug. 1, 2016) ("an affirmative defense grounded in the defendant's good faith belief 'that he thought his actions were legal would have put his knowledge on the law and the basis for his understanding of what the law required in issue.'").

5.      **Alternative Argument: Google has not met its burden of showing that the advice is privileged**. Google has not met its burden to show that the redacted language is legal advice, rather than business advice.  *See* 502(d) Order 3(B)(ii) ("The producing party shall bear the burden of establishing the privileged or protected nature of the Document(s)").  The presumption of privilege "does not apply to in-house counsel '[b]ecause in-house counsel may operate in a purely or primarily business capacity [.]'" *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220 LHK-NC, 2018 WL 11420853, at *3 (N.D. Cal. Mar. 16, 2018).  Courts in this district frequently deny privilege assertions that are based on vague and generic descriptions such as the one put forward by Google here.  *See, e.g., Apple Inc.*, 306 F.R.D. at 239-40 ("'A vague declaration that states only that the document reflects an attorney's advice is insufficient to demonstrate that the document should be found privileged.'") (quoting *Hynix Semiconductor Inc. v. Rambus Inc.*, No. 00-CV-20905-RMW, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008)).  Google's conclusory explanation does not satisfy its burden of establishing that the privilege applies.

**GOOGLE'S STATEMENT**

Plaintiffs ask the Court to toss aside the sacrosanct attorney-client privilege because a purported "smoking gun" document—which is clearly privileged on its face, and which Plaintiffs blatantly mischaracterize—would aid their effort to overcome Google's consent defense. But their arguments have no basis in law whatsoever. Indeed, the Court has already made clear that the precise types of communications at issue are privileged. *See Brown* Oct. 27, 2021 Hearing Tr. 9:12-19 ("[A]s we know from the . . . Ninth Circuit, [non-lawyers] transmitting legal advice, sharing it, discussing it, even without the lawyer, is still within the coverage of attorney-client privilege."); Dkt. 592, at 2 (rejecting Plaintiffs' challenge of Google's clawback of "draft user consent notifications" that were "sent to [in-house counsel] for legal advice and . . . revised at her direction"). And it is well-settled that "it doesn't matter how key the issues are, if the communication is privileged, that is, between client and attorney, then it is privileged." *Brown* Oct. 27, 2021 Hearing Tr. 6:24-7:1. Plaintiffs' alternative challenge that the privilege has somehow been waived merely by virtue of Google's assertion of a consent defense and/or Google's response to Plaintiffs' sanctions allegations runs counter to Ninth Circuit precedent. Because Plaintiffs' clawback challenge is frivolous—and certainly without substantial justification—Google's legal fees associated with opposing their challenge should be reimbursed pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).

**The Redacted Communications Are Clearly Protected From Disclosure**: GOOG-CABR-04197563.C contains privileged emails related to legal advice from Google in-house counsel Chelsea Tanaka. Specifically, Google has redacted and withheld from production (i) an email from Google Product Manager Elias Wald that conveyed a request that Ms. Tanaka made to Mr. Wald regarding the language to be included in a proposed user notification regarding the Chrome Sync feature, Tanaka Decl. ¶ 5; (ii) an email from Mr. Wald that conveyed additional advice that Ms. Tanaka provided regarding an update to the same proposed user notification, *id.* ¶ 6; (iii) an email from Google UX writer Shimi Rahim where she provides proposed language in response to Ms.

1  Tanaka's request and guidance conveyed by Mr. Wald in the preceding emails and asks, at Ms.
Tanaka's direction, for confirmation of certain technical information regarding the underlying data

2  flow, *id.* ¶ 7; (iv) an email from Google Software Developer Robert Kaplow responding to Ms.
Rahim's request for confirmation that certain of her proposed language accurately reflects the

3  technical functioning of a data flow with which he is familiar, *id.* ¶ 8; and (v) an email from Mr.
Wald asking the other employees included in this email if they have additional information to

4  provide regarding the proposed user notification before submitting the proposed language to Ms.
Tanaka for her legal review, *id.* ¶ 9. The proposed language discussed in these emails was discussed

5  with Ms. Tanaka at a meeting on March 23, 2018. *Id.* ¶ 10. These communications are clearly
privileged, as they were made at Ms. Tanaka's direction and contain and reflect her legal advice. *Id.*

6  ¶ 5.

        Plaintiffs contend Google failed to show that the redacted material contains Ms. Tanaka's

7  "legal advice (as opposed to business advice)." Not so. As Ms. Tanaka's declaration and the contents
of the document itself make clear, she provided the advice and made the requests for information

8  discussed in GOOG-CABR-04197563.C in her capacity as in-house counsel and for the purpose of
providing legal advice "regarding the potential risks and ramifications related to [a user

9  notification], in light of [her] responsibility to review Google's public disclosures, mitigate the risk
of regulatory enforcement actions and litigation by private plaintiffs, and advise on applicable laws

10  and regulations, including . . . Article 12 of [GDPR]." Tanaka Decl. ¶¶ 5-10.

11  **<u>The Privilege Has Not Been Waived:</u>** Plaintiffs next contend that the at issue implied waiver
doctrine somehow compels production of an unredacted version of GOOG-CABR-04197563.C.

12  That is incorrect. At issue implied waiver only applies where "(1) the party asserts the privilege as
a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting

13  party puts the privileged information at issue; and (3) allowing the privilege would deny the
opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell Moss &*

14  *Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581
(E.D.Wash.1975)). Those elements plainly have not been met here.

15        Plaintiffs' contention that, by asserting consent as a defense, Google has placed "at issue"
***all*** legal advice regarding its consent notifications and procedures is frivolous. The law is crystal

16  clear that "at issue" waiver requires the party to place the *contents* of the privileged communication
at issue by affirmatively relying *on those contents* in support of a defense or claim. *See*, *e.g.*, *KCC*

17  *Class Action Servs., LLC v. Aetna, Inc.*, 2019 WL 8060670, at *1 (C.D. Cal. Oct. 15, 2019) ("The
Court . . . reject[s] any interpretation of [the at issue implied waiver doctrine] that does not require

18  affirmative reliance on the contents of privileged communications for waiver." (citing *Rich v. Bank*
*of Am., N.A.*, 666 F. App'x 635, 641–42 (9th Cir. 2016) (no implied waiver where party "did not use

19  [the] contents [of privileged communications] as a basis for any claims or defenses"))). Google's
consent defense does not rely on any of Google's privileged communications—let alone the

20  communications Plaintiffs seek to obtain—rather, it relies on the contents of Google's *public*-facing
disclosures. Indeed, as Google argued in its Consent MSJ reply brief, "the issue before the Court is

21  whether the language of *the document to which Plaintiffs consented* is *legally* sufficient to notify
them of the data collection." Dkt. 474-4, at 12 (second emphasis in original). If Plaintiffs were

22  correct that asserting a consent defense somehow waives privilege over all attorney-client
communications regarding the defendant's consent process, the privilege would be waived

23  routinely. That clearly is not the law. In short, because Google "is not using the attorney-client
privilege as a sword … it has not relinquished its use as a shield." *Postx Corp. v. Secure Data in*

24  *Motion, Inc.*, 2004 WL 2663518, at *5 (N.D. Cal. Nov. 20, 2004).[2]

25  [2] Alternatively, Plaintiffs claim that Google somehow placed privileged communications from 2018 involving Ms.
Tanaka at issue by "arguing that Google had acted in 'good faith' with respect to discovery into Chrome's disclosures

26  about continued data collection while browsing unsynced." That is also incorrect. Legal advice from Ms. Tanaka that
predates the filing of Plaintiffs' complaint by over two years obviously has no relation whatsoever to Google's efforts

27  to respond to Plaintiffs' discovery requests in this litigation. *See, e.g.*, *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*,
2016 WL 5870218, at *3 (N.D. Cal. Oct. 7, 2016) (discovery sanctions inquiry involves determination of whether "bad

28  faith or gross negligence has resulted in either *the spoliation of evidence* or *failure to turn over relevant evidence*"

1    The cases Plaintiffs rely on are readily distinguishable. For example, in *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, the Court determined that Samsung's *reliance on privileged*

2  *communications* submitted *in camera* to defend against sanctions allegations placed *those communications* at issue and waived the privilege. 2015 WL 3863249, at *7 (N.D. Cal., June 16,

3  2015). *In re: Lidoderm Antitrust Litig.* involved a dispute about privileged communications with counsel reflecting the defendant's state of mind when entering into a prior settlement agreement.

4  2016 WL 4191612, at *5 (N.D. Cal., Aug. 9, 2016). Those communications were placed at issue because the defendant stated that it intended to rely on testimony regarding its "subjective beliefs"

5  regarding the reasonableness of the prior settlement. *Id. Handloser v. HCL Am., Inc.* is also inapposite because the defendant put its communications with a third party subpoena respondent at

6  issue in opposing a motion for sanctions. 2020 WL 6205215, at *3 (N.D. Cal. Oct. 22, 2020). *Nat.- Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6138160, at *5 (C.D. Cal. Jan. 24, 2018),

7  *United States v. Ormat Indus., Ltd.*, 2016 WL 4107682, at *4 (D. Nev. Aug. 1, 2016), and *Doe 150 v. Archdiocese of Portland in Oregon*, No. 08- CV-691-PK, 2010 WL 3586530, at *3 (D. Or. Sept.

8  10, 2010) are also readily distinguishable because they involved the assertion of "good faith" defenses that placed communications with counsel at issue.

9    Google has not submitted the challenged document *in camera* or relied on it at all, and Google's state of mind has no relevance to whether Plaintiffs consented to public-facing disclosures,

10  or whether those disclosures cover the data collection at issue. Thus, Plaintiffs have not shown that the communications are directly (or even indirectly) relevant to Google's consent defense, let alone

11  "vital" to Plaintiffs' response.[3] *See In re Geothermal Res. Int'l, Inc.*, 93 F.3d 648, 653 (9th Cir. 1996) ("The privilege is waived . . . only when the client tenders an issue touching directly upon the

12  substance or content of an attorney-client communication—not when the testimony sought would be only 'one of several forms of indirect evidence' about an issue."); *Cervantes v. CEMEX, Inc.*,

13  2014 WL 4104200, at *9 (E.D. Cal. Aug. 18, 2014) (if "mere showing" that privileged information would be "helpful" to a party "was deemed sufficient, the privilege would be completely eviscerated

14  and clients would no longer be permitted to seek advice of counsel in confidence"). Nor can Plaintiffs credibly claim that Google's conduct in responding to discovery in this litigation

15  implicates privileged communications from Ms. Tanaka that predate this litigation by more than two years.

16

17  **Plaintiffs' Clawback Challenge Is Not Substantially Justified:** Because Plaintiffs' clawback challenge is based on frivolous arguments that are plainly contradicted by established precedent, the

18  challenge lacks "substantial justification" and Google is entitled to reimbursement of fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). *See, e.g.*, *Hung Nguyen v. Regents of the Univ. of California*, 2018 WL 10454605 (C.D. Cal. Apr. 27, 2018); *Sinohui v. CEC Ent., Inc.*, 2016 WL

19  2743458 (C.D. Cal. May 11, 2016). *Sinohui* is instructive. There the Court determined that communications between the plaintiffs' counsel and class members were clearly privileged, the

20  defendant's motion to compel was not substantially justified, and the plaintiffs were entitled to fees. 2016 WL 2743458 at *8. An award of fees is similarly appropriate here to reimburse Google for the

21  time and resources spent opposing Plaintiffs' frivolous privilege challenge.

22

23

24

25

26  (emphasis added)). And at no point in the parties' discovery negotiations or briefing has Google in any way sought to defend its actions by relying on the legal advice at issue.

27  [3] Plaintiffs' suggestion that this is a "smoking gun document" is absurd. The privileged communications that Google redacted are irrelevant to Plaintiffs' allegations, as they relate to UKM data that (i) is used for aggregate analysis; (ii)

28  is not keyed to individual user accounts or used for advertising; and (iii) does not involve Google services used by third party websites (*e.g.*, Google Analytics or Google Ad Manager).

Respectfully,

DATED:  August 8, 2022

**BLEICHMAR FONTI & AULD LLP**

By:      */s/ Lesley Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**DiCELLO LEVITT GUTZLER LLC**

By:      */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd St., Suite 2400
New York, NY 10165
Telephone: (646) 933-1000
*dstraite@kaplanfox.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**

By:      */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

*Counsel for Plaintiffs*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:  */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.


Dated: August 8, 2022                    By_____*/s/ Sharon D. Cruz*_____
                                                     Sharon D. Cruz
                                                     Co-Counsel for Plaintiffs