QUINN EMANUEL URQUHART & SULLIVAN, LLP

| | |
|---|---|
| Andrew H. Schapiro (admitted *pro hac vice*) | Diane M. Doolittle (CA Bar No. 142046) |
| andrewschapiro@quinnemanuel.com | dianedoolittle@quinnemanuel.com |
| 191 N. Wacker Drive, Suite 2700 | 555 Twin Dolphin Drive, 5th Floor |
| Chicago, IL 60606 | Redwood Shores, CA 94065 |
| Telephone: (312) 705-7400 | Telephone: (650) 801-5000 |
| Facsimile: (312) 705-7401 | Facsimile: (650) 801-5100 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Carl Spilly (admitted *pro hac vice*) |
| violatrebicka@quinnemanuel.com | carlspilly@quinnemanuel.com |
| 865 S. Figueroa Street, 10th Floor | 1300 I Street, N.W., Suite 900 |
| Los Angeles, CA 90017 | Washington, D.C. 20005 |
| Telephone: (213) 443-3000 | Telephone: 202-538-8000 |
| Facsimile: (213) 443-3100 | Facsimile: 202-538-8100 |
| | |
| Jonathan Tse (CA Bar No. 305468) | Jomaire A. Crawford (admitted *pro hac vice*) |
| jonathantse@quinnemanuel.com | jomairecrawford@quinnemanuel.com |
| 50 California Street, 22nd Floor | 51 Madison Avenue, 22nd Floor |
| San Francisco, CA 94111 | New York, NY 10010 |
| Telephone: (415) 875-6600 | Telephone: (212) 849-7000 |
| Facsimile: (415) 875-6700 | Facsimile: (212) 849-7100 |

*Attorneys for Defendant Google LLC*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>GOOGLE LLC,<br><br>　　　Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**DECLARATION OF CHELSEA TANAKA IN SUPPORT OF GOOGLE'S ASSERTION OF PRIVILEGE**<br><br>Referral: Hon. Susan van Keulen, USMJ |

I, Chelsea Tanaka, declare as follows:

1. I am a member of the Bar of the State of California and in-house counsel for Google LLC ("Google"). I have been employed as in-house counsel at Google since 2012. My current job title is Director, Chrome Legal. Prior to joining Google, I was an associate at the law firm of Covington & Burling LLP from 2005 to 2011. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. In my role as Google in-house counsel, I am responsible for providing legal advice to non-attorneys regarding, *inter alia*, proposed user notifications that implicate issues related to data privacy and Google's policies and public disclosures relating thereto.

3. As part of my responsibilities, I and other in-house attorneys at Google are often tasked with reviewing and analyzing proposed user notifications to provide legal advice regarding (i) compliance with a 2011 consent decree entered into between Google and the FTC; (ii) the risks of any future litigation by private litigants under consumer protection statutes; and (iii) U.S. and foreign regulations governing the use and treatment of user data (including the European Union's General Data Protection Regulation ("GDPR")), and the types of data that are protected/covered by those regulations. I am regularly asked to provide legal advice in this capacity, and I often direct non-attorney Google employees to prepare draft notifications for my review and to request technical information from other non-attorneys that is necessary for me to provide legal advice regarding those notifications.

4. I understand that certain emails in a document with the Bates number GOOG-CABR-04197563.C have been redacted and withheld from disclosure.[1]

5. The redacted portion of a March 19, 2018 (2:35 PM) email from Google Product Manager Elias Wald conveys a request that I made to Mr. Wald regarding the language to be included in a proposed user notification regarding the Chrome Sync feature. *See* GOOG-CABR-04197563.C, at -563.C-64.C ("After some more discussion with Chelsea today, [REDACTED]").[2] I made this request to Mr. Wald in my capacity as Google in-house counsel and provided my legal advice regarding the content of this proposed user notification. Mr. Wald and the other non-attorney Google employees included in this email chain were tasked with revising this notification at my direction and submitting their proposed revisions to me for my review. I provided the legal guidance conveyed by Mr. Wald in this email to advise the team regarding the potential risks and ramifications related to this notification, in light of my responsibility to review Google's public disclosures, mitigate the risk of regulatory enforcement actions and litigation by private plaintiffs, and advise on applicable laws and regulations, including, *inter alia*, Article 12 of the General Data Protection Regulation's requirement that disclosures related to user data be provided in "a concise, transparent, intelligible and easily accessible form, using clear and plain language."

6. The redacted portion of a March 21, 2018 (11:48 AM) email from Google Product Manager Elias Wald conveys additional advice that I provided regarding a proposed update to the

---

[1] I also understand that the same emails have been redacted and withheld from disclosure in earlier-in-time versions of the same email chain that were produced with the Bates numbers GOOG-CABR-05923458.C, GOOG-CABR-05923446.C, GOOG-CABR-05923450.C, GOOG-CABR-05923454.C, GOOG-CABR-05923442.C, and GOOG-CABR-05923359.C. The same explanation provided in this declaration applies to the redacted portions of those documents.

[2] The same redactions were applied to GOOG-CABR-05923458.C, GOOG-CABR-05923446.C, GOOG-CABR-05923450.C, GOOG-CABR-05923454.C, GOOG-CABR-05923442.C, and GOOG-CABR-05923359.C. This explanation also applies to those redactions.

same proposed user notification. *See* GOOG-CABR-04197563.C, at -563.C ("As mentioned above, [REDACTED]").[3] I provided the legal guidance conveyed by Mr. Wald in this email to advise the team regarding the potential risks and ramifications related to this notification, in light of my responsibility to review Google's public disclosures, mitigate the risk of regulatory enforcement actions and litigation by private plaintiffs, and advise on applicable laws and regulations, including, *inter alia*, Article 12 of the General Data Protection Regulation's requirement that disclosures related to user data be provided in "a concise, transparent, intelligible and easily accessible form, using clear and plain language."

7. The redacted March 21, 2018 (4:20 PM) email from Google UX writer Shimi Rahim provides proposed language in response to my request and guidance conveyed by Mr. Wald in the preceding emails. *See* GOOG-CABR-04197563.C, at -563.C.[4] Ms. Rahim also asks Google Software Developer Robert Kaplow to review her proposed language to confirm that it captures certain data flows with which Mr. Kaplow is familiar. I directed Mr. Wald and Ms. Rahim to ask for information from Google engineers, including Mr. Kaplow, regarding the functioning of certain Chrome features to provide me with information necessary for me to provide legal advice regarding the potential risks and ramifications related to this notification, in light of my responsibility to review Google's public disclosures, mitigate the risk of regulatory enforcement actions and litigation by private plaintiffs, and advise on applicable laws and regulations, including, *inter alia*, Article 12 of the General Data Protection Regulation's requirement that disclosures related to user data be provided in "a concise, transparent, intelligible and easily accessible form, using clear and plain language."

---

[3] The same redactions were applied to GOOG-CABR-05923458.C, GOOG-CABR-05923446.C, GOOG-CABR-05923450.C, GOOG-CABR-05923454.C and GOOG-CABR-05923442.C. This explanation also applies to those redactions.

[4] The same redactions were applied to GOOG-CABR-05923458.C, GOOG-CABR-05923446.C, GOOG-CABR-05923450.C and GOOG-CABR-05923454.C. This explanation also applies to those redactions.

8. The redacted March 21, 2018 (1:24 PM) email from Google Software Developer Robert Kaplow responds to a question from Ms. Rahim asking for confirmation that certain of her proposed language accurately reflects the technical functioning of a data flow with which he is familiar. *See* GOOG-CABR-04197563.C, at -563.C.[5] I directed Mr. Wald and Ms. Rahim to ask for information from Google engineers, including Mr. Kaplow, regarding the functioning of certain Chrome features to provide me with information necessary for me to provide legal advice regarding the potential risks and ramifications related to this notification, in light of my responsibility to review Google's public disclosures, mitigate the risk of regulatory enforcement actions and litigation by private Plaintiffs, and advise on applicable laws and regulations, including, *inter alia*, Article 12 of the General Data Protection Regulation's requirement that disclosures related to user data be provided in "a concise, transparent, intelligible and easily accessible form, using clear and plain language."

9. The redacted portion of a March 21, 2018 (1:31 PM) email from Mr. Wald asks the other non-attorneys included in this email if they have additional information to provide regarding the proposed user notification before he submitted the proposed language to me for my legal review. *See* GOOG-CABR-04197563.C, at -563.C.[6] I directed Mr. Wald and Ms. Rahim to ask for information from Google engineers, including Mr. Kaplow, regarding the functioning of certain Chrome features to provide me with information necessary for me to provide legal advice regarding the potential risks and ramifications related to this notification, in light of my responsibility to review Google's public disclosures, mitigate the risk of regulatory enforcement actions and litigation by private Plaintiffs, and advise on applicable laws and regulations,

---

[5] The same redactions were applied to GOOG-CABR-05923458.C, GOOG-CABR-05923450.C and GOOG-CABR-05923454.C. This explanation also applies to those redactions.
[6] The same redactions were applied to GOOG-CABR-05923458.C and GOOG-CABR-05923454.C. This explanation also applies to those redactions.

including, *inter alia*, Article 12 of the General Data Protection Regulation's requirement that disclosures related to user data be provided in "a concise, transparent, intelligible and easily accessible form, using clear and plain language."

10. I reviewed the proposed language discussed in the redacted portions of GOOG-CABR-04197563.C on March 19, 2018 and met with Mr. Wald and Ms. Rahim on March 23, 2018 to discuss the proposed revisions discussed in the emails described above. I reviewed this proposed notification and met with Mr. Wald and Ms. Rahim to provide legal advice regarding the potential risks and ramifications related to this notification, in light of my responsibility to review Google's public disclosures, mitigate the risk of regulatory enforcement actions and litigation by private Plaintiffs, and advise on applicable laws and regulations, including, *inter alia*, Article 12 of the General Data Protection Regulation's requirement that disclosures related to user data be provided in "a concise, transparent, intelligible and easily accessible form, using clear and plain language."

11. It was and is my understanding that the discussions regarding my legal advice noted above were confidential, treated as attorney-client privileged within Google, and were performed at my direction for the purposes of obtaining and providing legal advice.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in San Francisco, California, on July 29, 2022.

DATED: July 29, 2022

By  /s/ *Chelsea Tanaka*<br>Chelsea Tanaka