**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com

**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
Fax: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CLARIFY THE COURT'S MODIFIED PRESERVATION PLAN DATED JULY 15, 2022 (DKT. NO. 766) REGARDING DEFINITION OF "EXPRESS" SYNC STATE FIELDS**<br><br>Civil L.R. 7-11<br><br>Referral:   Hon. Susan van Keulen, USMJ |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I. INTRODUCTION

The definition of what counts as an "express" sync state signal or field is critical to the implementation of the Court's Modified Preservation Plan (the "Preservation Plan," Sealed Dkt. No. 766). First, by July 30, 2022,[1] Google must identify all fields that expressly identify sync state. Preservation Plan at 7. Second, Google must preserve daily samples (or for a limited number of data sources, fully preserve fields) where express "sync state" signals are stored. *Id.* at Ex. B.

Unfortunately, the parties are at impasse regarding whether a ***signed out*** signal qualifies as an "express sync-state" signal. The Court appears to have adopted Google's representation during the June 30, 2022 hearing that "signed out" signals are not express sync-state signals, and excluded them. Preservation Plan at 7. But the day following the hearing, Google reversed course and admitted that Chrome users who are not signed into their Chrome Accounts ARE NOT synced – period, full stop. *See* Google Opposition dated July 1, 2022 to Motion for Sanctions ("Sanctions Opp," Dkt. No. 670), at 2. This is consistent with Google's representation to the Special Master just a few days ago on Saturday, July 30, 2022 that a Chrome user who doesn't have a Google Account can "never" be synced. There are no exceptions, and thus any signal that confirms a "signed out" state by definition also confirmed a not synced state.

Plaintiffs therefore respectfully request that the Preservation Plan include "signed out" signals within the definition of sync-state signals. While it is true that someone signed ***in*** could be either synced or not synced, Google now admits that being signed ***out*** is an express sync signal. The Preservation Plan should be clarified to conform to Google's admissions.

## II. "SIGNED OUT" SIGNALS ARE EXPRESS "NOT SYNCED" SIGNALS

On July 1, 2022, Google admitted in its Sanctions Opp that "signed out" equals "not synced." Specially, Google admitted, "Google Account holders who are signed out of their Google Accounts" are "therefore not synced." Sanctions Opp at 2. Furthermore, non-Google Account Holders "are unable to sync a device" and hence, not synced by definition, "because they do not have [a Google Account]." *Id.* More recently, on Saturday, July 30, 2022, Google made the same

---

[1] As Plaintiffs informed the court on August 1, 2022 (Dkt. No. 804 at 4), Google has failed to comply with the July 30, 2022 deadline.

1 | admission to the Special Master in its separate letter submission, explaining that (1) users without
2 | a Google Account (and therefore always signed out) are "Never Synced;" (2) users who log out of
3 | their Google Accounts are "unsynced," and (3) to be synced, a user must "(i) sign in to their Google
4 | Account in the Chrome browser; *and* (ii) Turn on sync in the Chrome browser." ***Thus, if a Chrome***
5 | ***user is not signed in, she is not synced***. There are no exceptions.

### III.  WHY THIS MATTERS

The Court has already ordered Google to preserve data sources or fields that contain several signed-out signals by name, including ▇▇▇▇ and ▇▇▇▇ in addition to "sync signals." But there are several other "signed out" signals not mentioned by name, and if the Preservation Order is not clarified, Google is refusing to preserve these. Worse, with respect to Google's duty to disclose sync state fields, Google is interpreting this obligation to exclude all signed-out signals, including ▇▇▇▇ and ▇▇▇▇ signals.

Based on Google's disclosures to date, including most importantly the production of Plaintiff data on June 30, 2022, Plaintiffs also believe that, *at the very least*, the following signals are "signed out" signals and thus express signals. If the Court does not order that they be preserved (and their related fields disclosed), Google will refuse. Plaintiffs identify the priority fields in **bold**:



In addition, Google started its compliance with the Court's July 30, 2022 deadline to disclose sync-state fields on August 1, 2022, and this partial disclosure identified *additional* signals that may identify signed out status. These include:

[REDACTED]

Google's late disclosures of these fields has not permitted Plaintiffs sufficient time to review for purposes of this motion – further illustrating the need to categorically revise the Preservation Plan to include "signed out" signals/fields in the definition of sync state signals/fields.

## IV.     REQUEST FOR RELIEF

Plaintiffs respectfully request that the Court revise the Preservation Plan to define express sync state fields or signals to include "signed out" fields and signals, and to order any other relief the Court deems just and appropriate in the circumstances.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully Submitted this 3d Day of August, 2022.

**BLEICHMAR FONTI & AULD LLP**

By:   */s/ Lesley E. Weaver*
Lesley E. Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**

By:   */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com

**DICELLO LEVITT GUTZLER LLC**

By:   */s/ David A. Straite*
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd St., Suite 2400
New York, NY 10165 Telephone: Tel.:
Tel.: (646) 933-1000
Fax: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3d Day of August, 2022, at Orlando, Florida.

*/s/ David Straite*
David Straite

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2022, I caused to be electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

*/s/ Sharon Cruz*
Sharon Cruz