# ORDER ON (1) GOOGLE'S ADMIN MOTIONS FOR EXTENSION / CLARIFICATION OF PRESERVATION PLAN ORDERS; AND (2) CALHOUN PLAINTIFFS' ADMIN MOTION FOR CLARIFICATION OF PRESERVATION PLAN ORDER

Redacted Version of Document Sought to be Sealed

UNITED STATES DISTRICT COURT
Northern District of California

# FAX TRANSMISSION

| | | | |
|---|---|---|---|
| **TO:** | | **FROM:** | Justine Fanthorpe |
| **FAX NUMBER:** | 92134433100 | **NO. OF PAGES:** (INCLUDING COVER): | 16 |
| **PHONE:** | | **DATE:** | 2022-08-05 |
| **RE:** | 4:20-cv-05146-YGR Calhoun et al | **TIME:** | 14:56:23 |

**SUBJECT:** 4:20-cv-05146-YGR Calhoun et al v. Google LLC-Sealed Order

**DETAILS:**

**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

2022/08/05 14:56:24 2 /16
Case 4:20-cv-05146-YGR   Document 839-3   Filed 08/15/22   Page 3 of 17
Case 4:20-cv-05146-YGR   Document 815 *SEALED*   Filed 08/05/22   Page 1 of 15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASOM BROWN, et al., <br> Plaintiffs, <br> v. <br> GOOGLE LLC, <br> Defendant. <br><br> PATRICK CALHOUN, et al., <br> Plaintiffs, <br> v. <br> GOOGLE LLC, <br> Defendant. | Case Nos. 20-cv-03664-YGR (SVK) <br> 20-cv-5146-YGR (SVK) <br><br> **FILED UNDER SEAL** <br><br> **ORDER ON (1) GOOGLE'S ADMINISTRATIVE MOTIONS FOR EXTENSION/CLARIFICATION OF PRESERVATION PLAN ORDERS; AND (2) *CALHOUN* PLAINTIFFS' ADMNISTRATIVE MOTION FOR CLARIFICATION OF PRESERVATION PLAN ORDER** <br><br> Re: *Brown* Dkt. 642; *Calhoun* Dkt. 787, 810 |

Before the Court are Google's administrative motions for extensions and/or clarifications regarding the Court-ordered data preservation plans in these cases. *Brown* Dkt. 642; *Calhoun* Dkt. 787. The Court held a sealed hearing by Zoom on August 4, 2022. The Court's orders issued at the hearing are summarized below.

I.  **BACKGROUND**

Throughout 2021 and the first half of 2022, the Parties, the Special Master, and the Court engaged in extensive proceedings focusing on identifying relevant data sources and developing a

process for the extraction and production of relevant data. *See generally Brown* Dkt. 331; *Calhoun* Dkt. 377. Relatedly, issues concerning data preservation also have been the subject of litigation in these cases since at least early 2021. *See, e.g., Brown* Dkt. 118-4; *Calhoun* Dkt. 101-4. The process of developing a preservation plan for the remaining life of this litigation, beginning with data sources that have been identified as part of the production process, began in earnest in early January 2022. *See generally Brown* Dkt. 524; *Calhoun* Dkt. 604. As discussed in greater detail in the Court's orders on the Special Master's Reports and Recommendations on preservation plan issue ("R&Rs"), the Special Master undertook to develop a preservation plan for each case, with only limited cooperation of the Parties. *See Brown* Dkt. 587; *Calhoun* Dkt. 766. The Special Master recommended a sampling approach to many data preservation issues, an approach which had initially been suggested by Google in March 2022. *See Brown* Dkt. 535-7.

After the Special Master issued his R&Rs, the Parties filed objections (and responses to the other's objections), the Court held hearings, in *Calhoun* the Special Master issued a modified R&R, and the Court ultimately issued orders in both cases adopting in part and modifying in part the R&Rs. *Brown* Dkt. 587; *Calhoun* Dkt. 766 (collectively, the "Preservation Orders"). Over Plaintiffs' objections, the Court largely adopted the sampling approach recommended by the Special Master (with modifications in *Calhoun* as to certain data sources that would be preserved in their entirety). *Id.* The Court set a July 30, 2022 deadline for Google to implement several aspects of the Preservation Orders. *See Brown* Dkt. 630; *Calhoun* Dkt. 766.

On July 27, 2022, shortly before the July 30 deadline, Google filed administrative motions to extend the July 30 deadline in both cases, and Google's administrative motion in *Calhoun* also sought clarification of one portion of the Preservation Order. *Brown* Dkt. 642; *Calhoun* Dkt. 787. In sum, the basis for Google's requests is that the Preservation Orders require extraordinary engineering efforts that cannot be completed in the time allotted. *Id.* The Court ordered Google to provide additional information regarding its request for deadline extensions. *Calhoun* Dkt. 789. Google provided supplemental submissions on July 29, 2022. *Brown* Dkt. 645-3; *Calhoun* Dkt. 793-3. On August 1, 2022, Plaintiffs in both cases filed oppositions to Google's administrative motions. *Brown* Dkt. 650; *Calhoun* Dkt. 804. The Court held a sealed hearing by Zoom on

Thursday, August 4, 2022. Before the hearing, the Court provided the Parties with questions it intended to ask at the hearing and described certain deficiencies in Google's supplemental submissions. *Brown* Dkt. 647; *Calhoun* Dkt. 801. At the Court's direction, Google brought several Google representatives with personal knowledge of the data preservation issues to the hearing.

## II.   DISCUSSION AND ORDERS

At the August 4, 2022 hearing, the Court issued orders that are summarized below. In making these orders, the Court gave weight to the background discussed above. In particular, the Court found it not credible that Google would have proposed a sampling approach to preservation more than four months ago without understanding the engineering effort that would be required to implement such a plan. Nevertheless, as it has done throughout the extensive proceedings on preservation plan issues, in considering Google's requests for extensions and/or clarification of the preservation plan in each case, the Court seeks to balance Plaintiffs' need for relevant evidence and the practicalities involved in the retention of massive quantities of data in these actions. Except in limited areas noted below, the Court will not reconsider the scope of the Preservation Orders but is now focused solely on achieving implementation of those orders within fixed time frames with firm deadlines.

For data sources for which the Court has granted Google extensions of the implementation deadlines as set forth in the charts below, the Court finds that the extensions are necessary to effect the objectives of the Preservation Orders. Where granted, the Court finds the extensions are acceptable in light of Google's repeated representations on the record that the vast majority of data that would have been preserved if Google had complied with the original July 30, 2022 implementation deadline will be preserved if implementation is completed by the new deadlines. A further significant factor in the Court granting certain extensions is Google's representations that the proposed deadlines, while challenging, will be met. The Court will not entertain further requests for extensions. Missed deadlines will be met with sanctions pursuant to this Court's authority under Federal Rule of Civil Procedure 37(b) and this Court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-48 (1992) *see also Goodyear Tire & Rubber Co. v.*

3

*Haeger*, 137 S. Ct. 1178, 1186 (2017).

A. ***Brown*** Case

| Data Source | Status of Implementation/Anticipated Date of Completion (*see* Dkt. 641-3, 645-3) | Court's Ruling |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮ | In progress<br>• Design and implement data sampling pipeline (August 15, 2022)<br>• Design and implement Decryption / Re-Encryption Pipeline (August 29, 2022)<br>• Complete backfill of sampled log data going back to July 27, 2016 (September 28, 2022) | At the hearing, Google represented that if its requested extensions were granted, retention of data would be affected for only ▮▮▮▮ – ▮▮▮▮ in Exhibit A to the *Brown* Preservation Order (Dkt. 587-1). Google represented that it will take necessary steps to preserve the data from those logs as if the Preservation Order had been implemented by the original July 30, 2022 deadline.<br><br>Based on Google's representations, its requests for extensions are granted as follows:<br>• Design and implement data sampling pipeline: **August 15, 2022;**<br>• Design and implement Decryption / Re-Encryption Pipeline: **August 29, 2022;**<br>• Complete backfill of sampled log data going back to July 27, 2016: **September 28, 2022.** |

---

[1] *See* Dkt. 587 at 7; Dkt. 587-1, Index ## 2-42, 52-56, 59, 60.

4

2022/08/05 14:56:24 6 /16
Case 4:20-cv-05146-YGR  Document 839-3  Filed 08/15/22  Page 7 of 17
Case 4:20-cv-05146-YGR  Document 815 *SEALED*  Filed 08/05/22  Page 5 of 15

| Data Source | Status of Implementation/Anticipated Date of Completion (see Dkt. 641-3, 645-3) | Court's Ruling |
|---|---|---|
| ▮▮ (Dkt. 587-1, Index # 1, 57, 58) | In progress<br>• Scope data sampling pipeline (August 29, 2022) | At the hearing, Google requested an implementation deadline of October 15, 2022 and represented that if its requested extensions were granted, no data would be lost and it would be as if the Preservation Order had been implemented by the original July 30, 2022 deadline.<br><br>Based on Google's representations, its requests for extensions are granted as modified below for the reasons stated on the record:<br>• Scope data sampling pipeline: **August 29, 2022**;<br>• Implementation: **September 28, 2022**. |
| ▮▮▮▮ | In progress<br>• Design and implement data sampling pipeline (August 8, 2022) | At the hearing, Google represented that if its requested extension was granted, no data would be lost and it would be as if the Preservation Order had been implemented by the original July 30, 2022 deadline.<br><br>Based on Google's representations, its request for extensions are granted as follows:<br>• Design and implement data sampling pipeline: **August 8, 2022**. |

---

[2] See Dkt. 587-1, Index # 47, 48, 49.

| Data Source | Status of Implementation/Anticipated Date of Completion (see Dkt. 641-3, 645-3) | Court's Ruling |
|---|---|---|
| ▮ | Completed. Google is preserving the ▮ dashboard data based on the ▮ is_chrome_non_incognito_mode field. | Google's submissions indicate that it is preserving (1) only ▮ dashboard data, not ▮ data logs; and (2) is preserving data based only on the is_chrome_non_incognito_mode field . *Brown* Dkt. 641-3. Google's argument at the hearing that it limited preservation to dashboard data based upon historical communications between the Parties is not well taken. The Court's Preservation Order requires Google to preserve sampled data from ▮ **logs**, not merely ▮ dashboards. Dkt. 587-1. At the hearing, the Parties confirmed the two relevant fields in ▮ logs, which are also reflected in their respective submissions: is_chrome_non_incognito_mode and is_chrome_incognitio. Dkt Nos. 641-3 at 3; 649-3 at ¶ 11(h). Accordingly, ▮ logs that contain these fields are to be preserved as provided in the Preservation Order.<br><br>The Court extends the deadline for implementation of this item to **October 28, 2022.** All data that would have been preserved had the July 30, 2022 deadline been met must be preserved notwithstanding the extension for implementation. |

---

[3] *See* Dkt. 587-1, Index # 46.

6

2022/08/05 14:56:24 8 /16
Case 4:20-cv-05146-YGR   Document 839-3   Filed 08/15/22   Page 9 of 17
Case 4:20-cv-05146-YGR   Document 815 *SEALED*   Filed 08/05/22   Page 7 of 15

| Data Source | Status of Implementation/Anticipated Date of Completion (see Dkt. 641-3, 645-3) | Court's Ruling |
|---|---|---|
| ▮▮▮▮▮ | In progress<br>• Scope data sampling pipeline (August 29, 2022)<br>▮ does not support selection and export of a daily sample of U.S.-based users. Google is assessing efforts to build new tooling to accomplish this task and, if requested, Google will provide ongoing status updates to the Court. | The Court grants Google's request for an extension of the implementation deadline to **October 28, 2022**, based on Google's representation that the vast majority of data is retained for ▮▮▮ so there will not be a significant loss of data as a result of the extension from July 30 to October 28. |
| Preservation of "mapping and linking tables"[5] | Completed. Google is preserving the PPID-Biscotti mapping table named ▮▮▮▮ | Google's submissions indicate that it is preserving only a single mapping table, despite this Court having previously ruled on objections specifically directed to mapping tables. The Court's Preservation Orders require Google to preserve **all** mapping and linking tables. *Brown* Dkt. No. 587; *Calhoun* Dkt. No. 766. Google's request to limit or clarify this aspect of the Preservation Orders is **DENIED.** |

In their opposition to Google's administrative motion, the *Brown* Plaintiffs raised the preservation of additional logs which are the subject of its pending motion for further discovery sanctions. Dkt. 649-1. To the extent Plaintiffs are requesting a modification of the Preservation Order before their motion is heard, that request is **DENIED**.

////

////

////

---

[4] *See* Dkt. 587-1, Index ## 43, 45.

[5] *See* Dkt. 587 at 9.

**B.** *Calhoun* **Case**

| Data Source | Status of Implementation/Anticipated Date of Completion (*see* Dkt. 786-3, 793-3) | Court's Ruling |
|---|---|---|
| Daily sample preservation of data for 10,000 U.S.-based users in ▇▇▇▇▇ logs[6] | In progress<br>• Design and implement data sampling and decryption / re-encryption pipeline (August 29, 2022)<br>• Complete backfill of sampled log data going back to July 27, 2016 (September 28, 2022) | At the hearing, Google represented that if its requested extensions were granted, retention of data would be affected for only ▇▇▇▇ – ▇▇▇▇ in Exhibit A to the Brown preservation order (Dkt. 587-1). Google represented that it will take necessary steps to preserve the data from those logs as if the Preservation Order had been implemented by the original July 30, 2022 deadline.<br><br>Based on Google's representations, its requests for extensions are granted as follows:<br>• Design and implement data sampling pipeline: **August 15, 2022;**<br>• Design and implement Decryption / Re-Encryption Pipeline: **August 29, 2022;**<br>• Complete backfill of sampled log data going back to July 27, 2016: **September 28, 2022.** |

---

[6] *See* Dkt. 766-2, Index ## 2, 3, 4, 5, 14, 15, 16, 20, 22, 23, 25, 43, 47, 48, 49, 50, 51, 52, 53, 56, 57, 58, 64.

2022/08/05 14:56:24 10 /16
Case 4:20-cv-05146-YGR   Document 839-3   Filed 08/15/22   Page 11 of 17
Case 4:20-cv-05146-YGR   Document 815 *SEALED*   Filed 08/05/22   Page 9 of 15

| | | |
|---|---|---|
| Daily sample preservation of data for 10,000 U.S.-based users in ▮▮▮▮▮ logs[7] | In progress<br>• Design and implement data sampling pipeline (August 29, 2022) | At the hearing, Google informed the Court that it had revised its request for an extension to August 8, 2022 and represented that if its requested extension was granted, no data would be lost and it would be as if the Preservation Order had been implemented by the original July 30, 2022 deadline.<br><br>Based on Google's representations, its request for extensions are granted as follows:<br>• Design and implement data sampling pipeline:<br>• **August 8, 2022**. |
| Daily sample preservation of data for 10,000 U.S.-based users in 13 ▮▮▮▮▮ | In progress<br>• Design and implement data sampling pipeline (August 12, 2022) | The Court grants Google's request for an extension to **August 12, 2022**, based on Google's representation that no data will be lost as a result of the extension for the vast majority of users, and any data lost will affect almost exclusively spam or bot users. |

---

[7] *See* Dkt. 766-2, Index ## 60, 61, 62.
[8] *See* Dkt. 766-2, Index ## 6, 8, 9, 10, 11, 12, 13.

9

| Daily sample preservation of data for 10,000 U.S.-based users in ▮▮▮▮ tables: ▮▮▮▮ and ▮▮▮▮ [9] | Preservation Complete (▮▮▮▮ does not support selection of a daily sample of U.S.-based users, accordingly, Google is taking annual full snapshots of the ▮▮▮▮ tables with daily granularity, and thereby preserving more data than ordered.) | At the hearing, Google provided a further explanation of this "snapshot" approach, and Plaintiffs concurred in the efficiency of Google's proposal but requested greater frequency. Accordingly, Google is ordered to take **quarterly** snapshots with daily granularity. As Google as already taken the first snapshot, the next quarterly snapshot must be taken on **November 1, 2022**, with snapshots every 3 months thereafter. |
|---|---|---|
| Daily sample preservation of data for 10,000 U.S.-based users in ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ [10] | In progress<br>• Scope data sampling pipeline (August 29, 2022)<br>▮▮ and ▮ do not support selection and export of a daily sample of U.S.-based users' data. Google is assessing efforts to build new tooling to accomplish this task and, if requested, will provide ongoing status updates to the Court. | The Court grants Google's request for an extension of the implementation deadline to **October 28, 2022**, based on Google's representation that the vast majority of data is retained for ▮▮▮▮ so there will not be a significant a loss of data as a result of the extension from July 30 to October 28. |

United States District Court
Northern District of California

---

[9] *See* Dkt. 766-2, Index ## 39, 40.
[10] *See* Dkt. 766-2, Index ## 28, 36, 44, 45, 46.

10

2022/08/05 14:56:24    12 /16
Case 4:20-cv-05146-YGR    Document 839-3    Filed 08/15/22    Page 13 of 17
Case 4:20-cv-05146-YGR    Document 815 *SEALED*    Filed 08/05/22    Page 11 of 15

| | | |
|---|---|---|
| Full ongoing preservation of specific fields from ▮▮ logs[11] | In progress<br>• Design and implement data sampling and decryption / re-encryption pipeline (August 29, 2022)<br>• Complete backfill of sampled log data going back to July 27, 2016 (September 28, 2022) | At the hearing, Google represented that if its requested extension was granted, data from only ▮ ▮▮▮▮ logs would be lost, but Google will take necessary steps to ensure that all data would be preserved as if the Preservation Order had been implemented by the original July 30, 2022 deadline.<br><br>Based on Google's representations, its request for extensions are granted as follows:<br>• Design and implement data sampling and decryption / re-encryption pipeline: **August 29, 2022;**<br>• Complete backfill of sampled log data going back to July 27, 2016: **September 28, 2022.** |
| Full ongoing preservation of specific fields from ▮▮ ▮ logs[12] | In progress<br>• Design and implement data pipeline (August 8, 2022) | The Court grants Google's request for an extension to **August 8, 2022**, based on Google's representation that no data will be lost as a result of the extension. |

---

[11] *See* Dkt. 766-2, Index ## 2, 15, 49, 53, 56, 57, 58.
[12] *See* Dkt. 766-2, Index ## 60, 61, 62.

11

| | | |
|---|---|---|
| Full ongoing preservation of specific fields from ▮▮▮▮ | In progress<br>• Complete investigation of columns containing fields listed in Preservation Order (August 15, 2022)<br>Google is identifying and surveying the engineering teams that control the ▮ columns and ▮ columns to investigate which columns contain the fields listed in the Preservation Order. | In its motion, Google requested clarification as to whether it may remove GAIA ID/Zwieback ID from the list of data parameters triggering preservation of columns in these data sources. *Calhoun* Dkt. 786-3. Google's request was premised on the limited utility of the use of these identifiers, the additional burden on Google to retain data of limited utility and the fact that Plaintiffs had made a similar proposal earlier in the preservation plan process. Plaintiffs objected to this modification to the Preservation Order, noting its proposal was directed to part of a plan to preserve all columns in these data sources. Based on Google's representations at the hearing, including the remarks of Google technical personnel Dr. Glen Berntson and Patrick Quaid, as well as the record in this case as to this specific issue, the Court **GRANTS** Google's request for clarification. As requested in Dkt. 786-3, Google need not preserve a ▮ column if the only relevant field identified in the Preservation Order is ▮ and need not preserve a ▮ column if the only relevant field is ▮.<br><br>The deadline for full preservation of fields is extended to **October 28, 2022**, based on Google's representation that for the |

12

| | | majority of entries no data would be lost as a result of an extension from July 30 to October 28. |
|---|---|---|
| One-time full snapshot of ▮[14] | In progress<br>• Complete snapshot (August 15, 2022) | The Court grants Google's request for an extension to **August 15, 2022**, based on Google's representation that no data will be lost as a result of the extension. |
| One-time full snapshot of ▮ tables: ▮ and ▮ | Complete | No Court action required. |
| Preservation of "mapping tables"[16] | Complete. Google is preserving the PPID-Biscotti mapping table named ▮ | Google's submissions indicate that it is preserving only a single mapping table, despite this Court having previously ruled on objections specifically directed to mapping tables. The Court's Preservation Orders require Google to preserve **all** mapping and linking tables. *Brown* Dkt. No. 587; *Calhoun* Dkt. No. 766. Google's request to limit or clarify this aspect of the Preservation Orders is **DENIED.** |

---

[13] *See* Dkt. 766-2, Index ## 28, 36.
[14] *See* Dkt. 766-2, Index # 36.
[15] *See* Dkt. 766-2, Index ## 39, 40.
[16] *See* Dkt. 766-2 at 8.

13

| Identification of field names from data sources from which data is to be preserved | | The Preservation Order requires Google to identify all field names for any data source from which data is to be preserved by July 30, 2022. In responding to Google's motion, Plaintiffs raised two issues regarding identification of field names. First, Plaintiffs request that the Preservation Order be modified to require that for any data source subject to preservation, Google provide a list of all fields that existed as of January 1, 2021 but are no longer present at the date of implementation. Dkt. 803-2 at 3. Second, Plaintiffs complain that Google's identification of field names to date is incomplete. *Id.* at 4. For the reasons stated on the record, Plaintiffs' request to modify the Preservation Order is **DENIED**. Additionally, the Preservation Order is **MODIFIED** to require Google to identify all field names for any data source from which data is to be preserved on the date that sampling from each data source begins. For data sources for which sampling is underway, Google is provide field names **immediately**. |
|---|---|---|

The Court noted at the August 4, 2022 hearing that the *Calhoun* Plaintiffs filed an administrative motion for clarification of the Preservation Order earlier that day. *See Calhoun* Dkt. 809. Because Google was not able to confirm that its implementation of the Preservation Orders would not be further delayed while the Court considers Plaintiffs' administrative motion, the Court requested that Google file its response to the *Calhoun* Plaintiffs' administrative motion by the end of the day on August 4, 2022, and Google did so. Dkt. 812. The Parties addressed the

14

2022/08/05 14:56:24 16 /16
Case 4:20-cv-05146-YGR   Document 839-3   Filed 08/15/22   Page 17 of 17
Case 4:20-cv-05146-YGR   Document 815 *SEALED*   Filed 08/05/22   Page 15 of 15

issue in brief at the hearing, and the Court has now had an opportunity to review the Parties' submissions. Plaintiffs' request for clarification is a motion for reconsideration of this Court's explicit Preservation Order ruling regarding identification of "express sync state" signals. Dkt. 766 at 7. Plaintiffs' argument that recent statements by Google are "new facts" that merit reconsideration is not well founded. Plaintiffs' motion for reconsideration is therefore **DENIED**.

### III. CONCLUSION

The finality of the extensions granted herein bears repeating. The Court will not entertain further requests for extensions. Missed deadlines will be met with sanctions pursuant to this Court's authority under Federal Rule of Civil Procedure 37(b) and this Court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-48 (1992); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

**SO ORDERED.**

Dated: August 5, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge