**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Jomaire Crawford (admitted pro hac vice)
jomairecrawford@quinnemanuel.com 51
Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Andrew H. Schapiro (admitted pro hac vice)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted pro hac vice)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted pro hac vice)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com 50
California Street, 22nd Floor San
Francisco, CA 94111 Telephone:
(415) 875-6600 Facsimile: (415)
875-6700

*Counsel* for *Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**GOOGLE LLC'S NOTICE REGARDING THE AUGUST 4 HEARING AND STEPS TAKEN TO ENSURE COMPLIANCE WITH THE PRESERVATION ORDERS**<br><br>Referral: Hon. Susan van Keulen, USMJ |

1    Google submits this filing to notify the Court of an inadvertent factual misstatement its
2    employee representative made at the August 4, 2022 hearing addressing various preservation
3    issues. During the hearing Google's employee, Dr. Berntson, informed the Court that the lifetime
4    of the vast majority of data in Google's ▇ database was ▇▇▇▇, which he believed was
5    accurate at the time of the hearing based on his own knowledge and the research he did to prepare
6    for the hearing. The Court relied on that representation in granting Google's request for an
7    extension of time to implement the data preservation pipeline for ▇. See Dkt. 815 (Order on
8    Motions for Extension/Clarification of Preservation Plan Orders) at 10. Since then, in working on
9    the relevant preservation pipelines, it was determined that this ▇▇▇▇ retention period did not
10   apply to as much data in ▇ as Google initially understood.  In light of that discovery, Google
11   immediately began taking proactive steps to ensure that the relevant data since July 30 would be
12   preserved per the Court's order.  While this misstatement should not affect Google's ability to
13   preserve the data consistent with the Court's order, Google wanted to advise the Court of the issue
14   and explain the situation promptly.

15       At the August 4 hearing, the Court asked questions of Google's counsel and employee
16   representatives on various technical subjects relating to the data sources at issue in the Court's
17   preservation orders. Dr. Glenn Berntson, who is an Engineering Director and Lead of the Google
18   Ad Manager team, attended the hearing on behalf of Google to help answer the Court's questions.
19   See Declaration of Glenn Berntson, ¶¶ 1-2. Dr. Berntson diligently prepared in advance of the
20   hearing. *Id*. ¶ 3. At the hearing, among other topics, Dr. Berntson answered questions regarding
21   the length of time that data is stored in the ▇ and ▇▇▇ databases, stating that data in ▇ and
22   ▇▇▇ that is keyed off of user IDs can be stored for different amounts of time, but the vast
23   majority of it is stored in those databases for ▇▇▇▇. *Id*. ¶ 4. Dr. Berntson made this statement
24   based on his extensive knowledge of and experience with the ▇ and ▇▇▇ storage spaces. *Id*.

25       Subsequent to the hearing, in the course of developing the data preservation pipelines for
26   the ▇ database, Google has discovered that Dr. Berntson's statement was inaccurate in relation to
27   ▇ *Id*. ¶ 5. Based on the tools available to Google, it estimates that approximately ▇▇ of GAIA-

28

1  keyed data and approximately ▮ of DBL-keyed data is stored in ▮ for at least ▮.¹ *Id*.
2  As described in Dr. Berntson's declaration, Google's ability to measure the amount of time that
3  data will be stored in ▮ or ▮ is limited in certain respects. *Id*. ¶ 7.  In particular, data may be
4  stored in columns that are subject to event-based limitations, rather than time-based limitations. *Id*.
5  For data that is subject to an event-based limitation, Google does not have a readily available
6  method to estimate the amount of time the data will be stored.  *Id*.

7         Dr. Berntson and Google immediately investigated and have identified steps that Google is
8  taking to ensure that it will be able to comply with the Court's orders. *Id*. ¶ 8. Specifically, Google
9  will retain an ▮ backup that was created in the ordinary course of business on July 30, 2022, and
10 will retain intermittent backups while the data preservation pipelines are in development. *Id*. These
11 backups will include columns that are subject to time-based and event-based limitations, and
12 Google's analysis of the data subject to time-based limitations has confirmed that approximately
13 ▮ of the data that is subject to such a limit in GAIA ▮ and DBL ▮ will be preserved. *Id*.²
14 While these backups will not retain certain data that is subject to a short lifetime, this is consistent
15 with the examples of short-lived data that Dr. Berntson described at the hearing as not being
16 preserved with a ▮ retention period.

17         Google believes that the remedial steps outlined above and described in Dr. Berntson's
18 attached declaration will allow Google to be able to comply with the Court's order. Google will of
19 course provide additional information upon request, should the Court have any further questions
20 regarding these issues.

---

¹ Upon learning of the inaccuracy of the statement made at the hearing regarding ▮, Dr. Berntson also immediately investigated the ▮ database, using the tools available to Google. *Id*. ¶ 6.  That analysis of the data stored in ▮ subject to a time-based retention period has confirmed the accuracy of Dr. Berntson's statement for ▮. *Id*.

² The preservation order in the *Calhoun* case also requires Google to sample ZWBK ▮. However, as described in Dr. Berntson's declaration, Google intends to cease collecting data in that keyspace altogether, and after doing so will preserve a backup copy of all residual data in ZWBK ▮. *Id*. ¶ 9.

| | | |
|---|---|---|
| 1 | DATED: August 29, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By: /s/ Andrew H. Schapiro |
| 4 | | Andrew H. Schapiro (admitted pro hac vice) andrewschapiro@quinnemanuel.com Teuta Fani (admitted pro hac vice) teutafani@quinnemanuel.com 191 N. Wacker Drive, Suite 2700 Chicago, IL 60606 Telephone: (312) 705-7400 Facsimile: (312) 705-7401 |

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted pro hac vice)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted pro hac vice)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900 Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

|   |   |
|---|---|
| 1 | Jomaire A. Crawford (admitted pro hac vice) |
| 2 | jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor |
| 3 | New York, NY 10010<br>Telephone: (212) 849-7000 |
| 4 | Facsimile: (212) 849-7100 |
| 5 | Jonathan Tse (CA Bar No. 305468) |
| 6 | jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor |
| 7 | San Francisco, CA 94111<br>Telephone: (415) 875-6600 |
| 8 | Facsimile: (415) 875-6700 |
| 9 | *Counsel for Defendant Google LLC* |