**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jennifer M. Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE BRIEFING REGARDING <u>REMEDIES</u>:**<br><br>**1. RESTITUTION**<br>**2. DISGORGEMENT OF UNJUST ENRICHMENT**<br><br>Civil L.R. 7-3(d)<br><br>Hon. Yvonne Gonzales Rogers, USDJ |

## I.   NOTICE OF MOTION AND MOTION FOR LEAVE; RELIEF REQUESTED

Plaintiffs respectfully move for leave pursuant to Civil L.R. 7-3(d) to supplement the briefing regarding whether (and to what extent) the remedies of unjust enrichment and/or restitution are available in this case. Plaintiffs propose that the parties each simultaneously file a supplement not to exceed 10 pages, double-spaced, addressing this question. In the accompanying proposed order, Plaintiffs propose a simultaneous filing by 5:00pm PT on Friday, September 2, 2022, or by 5:00pm PT on the next business day following the Court's order, whichever is later. The parties have conferred in advance of this motion and Google's position is stated in Section III below and in the accompanying Declaration of David Straite dated August 30, 2022 ("Straite Decl.").

To be clear, Plaintiffs do not believe that the question of available remedies is outcome-determinative to the pending motion for class certification – whether restitution or disgorgement is allowed or not allowed for any claim, the question can be resolved uniformly across the class. If, however, the Court believes the issue better resolved at the current stage of the litigation, Plaintiffs request supplemental briefing be allowed.

## II.   BACKGROUND OF ISSUE

The parties dispute whether and to what extent the remedies of restitution and/or disgorgement of unjust enrichment are available in this case. Google did not raise the issue of remedies in its Motion to Dismiss except with respect to the UCL claim.[1] During the Class Certification briefing, however, Google argued that restitution and disgorgement of unjust enrichment are not available remedies for *any* claim, Opp. to Class Cert., Dkt. No. 429 at 20-21, which Plaintiffs opposed, see Reply, Dkt. No. 484. Google also made this argument in Google's Motion to Strike the Report of Dr. Mangum, Dkt. No. 427 at 9-10, and thus Plaintiffs' Opposition to the Motion to Strike (Dkt. No. 486 at 9-13) has additional argument in response; and Google makes additional argument in its Reply in support of the Motion to Strike, Dkt. No. 573 at 2-7.

Plaintiffs believe supplemental briefing is appropriate for the following reasons:

---

[1] The Court ruled that Plaintiffs may seek monetary remedies under the UCL in the form of restitution, Order on MTD, Dkt. 142, at 38, which Google now seeks to reverse.

1    ***First***, during oral arguments this past Friday, August 26, the Court addressed the issue of
2    remedies specifically for breach of contract and asked each side for their best cases. Both sides
3    cited to cases not previously included in the briefing; Plaintiffs, for example, cited a Ninth Circuit
4    opinion allowing unjust enrichment for breach of implied contract where the contract included a
5    promise to refrain from doing something. *Landsberg v. Scrabble Crossword Game Players, Inc*.,
6    802 F.2d 1193 (9th Cir. 1986). Plaintiffs also are aware of another Ninth Circuit decision allowing
7    unjust enrichment for breach of contract (*Hickcox v. US Airways, Inc*., 855 F.2d 1057, 1065 (9th
8    Cir. 2017)), which Plaintiffs brought to Google's attention yesterday during a Zoom meet-and-
9    confer. Straite Decl. ¶ 8. Given the importance of this issue, and because the arguments are made
10   in multiple places throughout the briefing including in a *Daubert* motion, Plaintiffs believe that
11   supplemental briefing is appropriate to ensure clarity and completeness.

12   ***Second***, Plaintiffs have a live equitable claim for quasi-contract, one of 16 claims asserted
13   in the complaint. On September 18, 2020, Judge Koh ordered that the "instant case be litigated
14   through trial on 10 selected claims after which the Court and the parties can discuss what to do
15   about the remaining 6 claims. Each side may choose 5 of the 10 claims to litigate." Dkt. No. 51.
16   The parties then jointly notified the Court of the 10 "priority" selections, while reserving all "rights
17   as the remaining six claims pled in Plaintiffs' Complaint." Dkt. No. 54. Quasi-contract did not make
18   the list of 10 "priority" claims and thus the briefing never addressed whether or how equitable
19   remedies would be available for the quasi-contract claim if disallowed for any other claim.

20   ***Third***, the question of whether and to what extent equitable remedies are available is also
21   being litigated in the related *Brown v. Google* action, and supplemental briefing would likely ensure
22   consistent rulings between the two cases. *See Brown* Dkt. No. 719 at 1 (noting overlapping remedies
23   issues). As noted above, Google's arguments regarding remedies were briefed in *Calhoun* in several
24   different documents related to class certification and the motion to strike the report of Dr. Mangum;
25   similarly, in the *Brown* matter, related arguments were briefed in the class certification briefs and
26   Google's motion to strike Mr. Lasinski's expert report. *See, e.g., Brown* Dkt. Nos. 609 at 14–15;
27   662 at 14–19; 665 at 22; 702 at 3–9. In all, there are at least ten separate class certification and
28   *Daubert* briefs across the two cases presenting argument on the availability of restitution and/or

1   unjust enrichment remedies, and Plaintiffs believe it would enhance judicial efficiency to allow
2   supplemental briefing and gather all arguments in a single document, one for each side.
3   **III.    STATEMENT OF ATTEMPT TO REACH AGREEMENT WITH GOOGLE**
4        Plaintiffs contacted Google to discuss today's motion. Straite Decl. ¶ 6. Google counsel
5   kindly arranged a Zoom call, and Plaintiffs outlined the relief requested, and asked Google whether
6   it would support, oppose, or take no position. *Id*. ¶ 7. Plaintiffs also offered Google the option of
7   joint briefing. *Id*. Plaintiffs also identified the *Hickcox* Ninth Circuit opinion cited above. *Id*. ¶ 8.
8   Earlier today, Google said it will oppose today's motion. *Id*. ¶ 8.
9        Respectfully submitted this 30th Day of August, 2022.

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **DiCELLO LEVITT LLC** |
| By:  */s/ Lesley E. Weaver* | By:   */s/ David A. Straite* |
| Lesley E. Weaver (Cal. Bar No. 191305) | David A. Straite (admitted *pro hac vice*) |
| Angelica M. Ornelas (Cal. Bar No. 285929) | Corban Rhodes (admitted *pro hac vice*) |
| Joshua D. Samra (Cal. Bar No. 313050) | One Grand Central Place |
| 555 12th Street, Suite 1600 | 60 E. 42nd St., Suite 2400 |
| Oakland, CA 94607 | New York, NY 10165 |
| Tel.: (415) 445-4003 | Tel.: (646) 933-1000 |
| Fax: (415) 445-4020 | Fax: (646) 494-9648 |
| *lweaver@bfalaw.com* | *dstraite@dicellolevitt.com* |
| *aornelas@bfalaw.com* | *crhodes@dicellolevitt.com* |
| *jsamra@bfalaw.com* | |
| | Amy E. Keller (admitted *pro hac vice*) |
| **SIMMONS HANLY CONROY LLC** | Adam Prom (admitted *pro hac vice*) |
| | Sharon Cruz (admitted *pro hac vice*) |
| By:    */s/ Jay Barnes* | Ten North Dearborn Street, 6th Fl. |
| Jason 'Jay' Barnes (admitted *pro hac vice*) | Chicago, Illinois 60602 |
| An Truong (admitted *pro hac vice*) | Tel.: (312) 214-7900 |
| Eric Johnson (admitted *pro hac vice*) | *akeller@dicellolevitt.com* |
| Jennifer M. Paulson (admitted *pro hac vice*) | *aprom@dicellolevitt.com* |
| 112 Madison Avenue, 7th Floor | *scruz@dicellolevitt.com* |
| New York, NY 10016 | |
| Tel.: (212) 784-6400 | |
| Fax: (212) 213-5949 | |
| *jaybarnes@simmonsfirm.com* | |
| *atruong@simmonsfirm.com* | |
| *ejohnson@simmonsfirm.com* | |
| *jpaulson@simmonsfirm.com* | |

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th Day of August, 2022, at New York, NY.

*/s/ David Straite*
David Straite
CASE NO.: 4:20-CV-5146-YGR-SVK
MOTION FOR LEAVE TO SUPPLEMENT THE BRIEFING

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I caused to be electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

                                        */s/ David Straite*
                                        David Straite