1  **DiCELLO LEVITT LLC**
   David A. Straite (admitted *pro hac vice*)
2  One Grand Central Place
   60 East 42nd Street, Suite 2400
3  New York, NY 10165
   Tel.: (646) 933-1000
4  Fax: (646) 494-9648
   *dstraite@dicellolevitt.com*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-05146-YGR-SVK |
| Plaintiffs, | **DECLARATION OF DAVID A. STRAITE IN SUPPORT OF MOTION FOR LEAVE FOR SUPPLEMENTAL BRIEFING** |
| v. | |
| GOOGLE LLC, | **Civil L.R. 7-3(d)** |
| Defendant. | |

## **DECLARATION OF DAVID A. STRAITE**

I, David A. Straite, hereby declare under penalty of perjury:

1. I am an attorney admitted to practice before this Court *pro hac vice* in the above-captioned matter.

2. I am a partner with the law firm DiCello Levitt LLC, who, along with the law firms Bleichmar Fonti & Auld LLP and Simmons Hanly Conroy, LLC represent Plaintiffs in the above-captioned matter.

3. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

4. In the accompanying motion for leave, Plaintiffs request permission for the parties to file simultaneous supplemental briefing regarding available remedies for the claims in this action. I submit this declaration to explain why Google's concurrence could not be obtained.

5. On Friday, August 26, 2022, the Court held in-person arguments on Plaintiffs' motion for class certification, Google's motion for summary judgment, and cross-motions to strike various expert reports. During the hearing, the Court addressed the question of remedies, and asked each side for the best cases in support. Both sides cited to cases not previously cited in the briefing.

6. On Monday, August 29, 2022, I emailed Steve Broome, partner at Quinn Emanuel Urquhart Sullivan LLP, outside counsel to Google in this matter. I asked for time to meet and confer to discuss, among other things, filing today's motion for leave.

7. On the same day, Monday, August 29, 2022, Mr. Broome kindly arranged a Zoom call. He and I then discussed the proposed motion for leave, including the relief requested, and I asked if Google would support, oppose or take no position. I also offered Google the option to jointly present the motion for leave as a procedural matter, understanding that the parties' ultimate substantive positions would be different.

8. I also informed Mr. Broome that Plaintiffs had discovered another Ninth Circuit opinion that, in Plaintiffs' view, further supported Plaintiffs: *Hickcox v. US Airways, Inc.*, a 2017 opinion.

1  9. Mr. Broome asked for time to speak with his client and said he'd get back to me the following day.

2  10. On Tuesday, August 30, 2022, Mr. Broome emailed back and said Google intends to oppose today's motion.

3  11. I then emailed back that we would present Google's position as "opposed."

Executed this 30th Day of August, 2022, at New York, New York.

/s/ *David A. Straite*
David A. Straite

**CERTIFICATE OF SERVICE**

I, David A. Straite, hereby certify that on August 30, 2022, I caused to be electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ David A. Straite*
David A. Straite