1

2

3

4
                **UNITED STATES DISTRICT COURT**

                **NORTHERN DISTRICT OF CALIFORNIA**

5

6
**PATRICK CALHOUN, ET AL.**

                    Plaintiffs,                    CASE NO. 20-cv-5146-YGR

7                                                  **ORDER RE EVIDENTIARY HEARING**

                    v.

8
**GOOGLE, LLC**,

9
                    Defendant.

10          In plaintiffs' amended complaint plaintiffs allege that the personal information collected

11   and sent to Google includes: (i) "users' IP addresses linked to user agents", (ii) "unique, persistent

12   cookie identifiers including the Client ID"; (iii) "unique browser identifiers called X-Client Data

13   Headers"; and (iv) "browsing history", and the (v) "content of the users' POST communications"

14   (collectively, "at-issue data") (Dkt. No. 163, Complaint, ¶ 141.) In the Gregory Fair Declaration

15   submitted in support of Google's motion for summary judgment, Fair asserts that, with the

16   exception of the X-Client Data Header, the receipt of the at-issue data is not contingent on whether

17   the user is browsing in Chrome, as opposed to another browser, because Google Services are

18   "browser-agnostic" and that the same categories of data are received regardless of the browser

19   used. (Dkt. No. 393-4, Declaration of Gregory Fair, ¶ 5.) Google's position is that such collection

20   is a necessary function of how the Internet works and does not depend on the browser used.

21          At the August 26, 2022 hearing, plaintiffs' counsel argued that whether the collection of

22   the at-issue data is "browser-agnostic" could not be determined as a matter of law because the

23   issue is disputed. However, in opposition to the motion for summary judgment, plaintiffs have not

24   proffered any evidence to show that there is a genuine dispute in this regard. This would suggest

25   that the issue is undisputed. Usually the Court requires parties to submit separate statements of

26   undisputed facts as part of their summary judgment briefing. (*See* Court's Standing Order in Civil

27   Cases, Section 9.c.1.) However, because Google filed its summary judgment motion before the

28   undersigned was assigned to the case, the parties did not have the benefit of submitting separate

United States District Court
Northern District of California

statements of undisputed facts.

The Court would prefer a more fulsome record on this fundamental issue. Consistent with Federal Rule of Civil Procedure 56(e)(1),(4), the Court will conduct an evidentiary hearing on this limited issue.

Within five business (5) days from the date of this Order, the parties shall file a joint statement identifying the witnesses that they intend to call on this topic. The Court will presumptively reserve no more than one day for the hearing. The parties shall advise whether they have any conflicts for the week of October 24, 2022.

**IT IS SO ORDERED.**

Dated: September 1, 2022

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California