IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>[PROPOSED] ORDER FOLLOWING SEPTEMBER 20, 2022 STATUS CONFERENCE<br>**\*\* as modified by the Court \*\***<br>Judge: Hon. Yvonne Gonzalez Rogers |

The Court held a status conference to address preparation for the Evidentiary Hearing set by the Court. *See* Dkt. 858. The Court orders as follows:

## I. Hearing Date

The hearing will occur on **October 24, 2022** at 8:30 a.m.[1] in the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 1 – 4th Floor, Oakland, CA 94612.

## II. Witnesses and Rule 30(b)(1) Deposition Designations

Google identified the following witnesses whom it may call to testify live at the hearing:

> Dr. Glenn Berntson (Google)
> Steve Ganem (Google)
> Dr. Adriana Porter-Felt (Google)
> Greg Fair (former Google)
> Dr. Georgios Zervas (Google's expert)

Plaintiffs identified the following witnesses whom they may call to testify live at the hearing:

> Dr. Zubair Shafiq (Plaintiffs' expert)
> Richard Smith (Plaintiffs' expert)
> Dr. Yiling Chen (Google's expert)
> Dr. Georgios Zervas (Google's expert)
> Greg Fair (former Google)
> Dr. Corinice Wilson (Named Plaintiff)
> Dr. Claudia Kindler (Named Plaintiff)
> Google Records Custodian[2]

In addition, Plaintiffs identified several witnesses to be called only if Rule 30(b)(1) deposition designations were not permitted:

| Witness Name | Party | Live or Remote |
|---|---|---|
| Sam Heft-Luthy | Plaintiffs | Live |
| AbdelKarim Mardini | Plaintiffs | Remote |
| Jochen Eisenger | Plaintiffs | Remote |
| Michael Kleber | Plaintiffs | Live[3] |

---

[1] At the status conference, the Court ordered an 8:30 a.m. start time, which is confirmed by the PDF corresponding to Docket Number 872. However, the Docket Text for that entry and the Court's calendar indicate an 8:00 a.m. start time. The Court clarifies now that the start time is 8:30 a.m.

[2] The Parties will meet and confer after exhibits are exchanged to determine whether a Records Custodian will be called.

[3] Google is still determining whether Mr. Kleber, who resides on the East Coast, is able to testify live or requests to testify remotely.

| Witness Name | Party | Live or Remote |
|---|---|---|
| Sabine Borsay | Plaintiffs | Remote |

As ordered at the status conference, the Court will allow the use of deposition designations (transcript and/or deposition video) of the 30(b)(1) deposition of Sabine Borsay in lieu of her live testimony. Deposition designations and counter-designations shall be provided in accordance with the exhibit exchanges discussed below. All other Rule 30(b)(1) deposition transcripts or videos may only be used for impeachment.

The Parties are to meet and confer regarding the order in which witnesses will be presented and the estimated amount of time each witness will testify, and provide any such agreement or their respective positions to the Court by **October 19, 2022**.

### III. Rule 30(b)(6) Deposition Designations

[Plaintiffs' Proposed Language]:[4] Rule 30(b)(6) deposition transcripts or videos may be used at the hearing in the ordinary course as permitted by Fed. R. Civ. P. 32(a)(3), if identified in the exhibit exchanges discussed below.

[Google's Proposed Language]:[5] To date, the Parties have not identified any Rule 30(b)(6) witnesses whom they intend to call. Accordingly, the Court will not permit the Parties to submit Rule 30(b)(6) deposition transcripts or deposition videos in advance of or at the hearing. To the extent the Court determines, after the hearing, that additional Rule 30(b)(6) designations will be useful, it will order they be filed after providing an opportunity for counter-designations.

COURT's RESPONSE: It appears the parties have a dispute regarding Rule 30(b)(6) deposition designations, without more information, the Court cannot provide guidance.

### IV. Exhibits & Witness Outlines

Exhibit lists and outlines of both fact and expert witness testimony and opinions must be exchanged by 5:00pm Pacific on **October 5, 2022**. Supplemental exhibits and responsive outlines of witness testimony and opinions must be exchanged by 5:00pm Pacific **October 12, 2022**. The Parties shall submit hard copies of all exhibits and witness outlines to the Court in three-ring binders,

---

[4] Yellow highlighting indicates disputed language proposed by Plaintiffs.
[5] Green highlighting indicates disputed language proposed by Google.

not larger than three inches by **October 19, 2022**. The Parties shall exchange any objections to any exhibits by 5:00pm Pacific on **October 19, 2022**, including all bases for such objections, and shall meet and confer to attempt to resolve them no later than October 21, 2022. The Court will not entertain objections until the hearing day and the Parties are not to file any objections with the Court.

[Plaintiffs' Proposed Language]:  Any objections to the exchanged exhibits, and any bases therefore, shall be deemed waived if not identified in the October 19, 2022 exchange.

COURT's RESPONSE: As this is not a trial on the merits, the evidentiary rules will be relaxed.  That said, the parties are reminded that the Federal Rules of Evidence exist to ensure the reliability of the evidence considered.  The Court routinely enforces them.  Stipulations in advance will allow the hearing to proceed efficiently.

**V.     Demonstratives**

The Parties shall exchange demonstratives and shall provide copies to the Court by 5:00pm Pacific on **October 20, 2022**.

**VI.    Other Issues Not Raised at The Status Conference**

   a. **Subpoenas**

The Parties are to meet and confer regarding whether agreement can be reached for the process for issuing subpoenas to <u>former</u> Google employees[6] and the Parties' respective experts and report back to the Court by **October 5, 2022**.  All Google employees (except for Sabine Borsay) and Plaintiffs identified in the charts above are hereby commanded to appear on October 24, 2022 without the need for the issuance of subpoenas.  Counsel for Google is ordered to provide a copy of this Order to all relevant Google employees, and Counsel for Plaintiffs are ordered to provide a copy of this Order to both Named Plaintiffs identified above.

   b. **Sealing**

[Plaintiffs' Proposed Language]: The hearing will not be sealed.

[Google's Proposed Language]: The hearing will be sealed.

---

[6] Quinn Emanuel represents former Google employees Greg Fair and Sam Heft-Luthy for purposes of giving testimony at the evidentiary hearing.

1     <span style="color:red">COURT's RESPONSE: As this is not a trial on the merits, and the Court is attempting to
2 understand the technology at issue, the Court will entertain request(s) to seal any portion that it is
3 not public knowledge. That said, given that defendant argues that much of the information is public,
4 the Court is not inclined to seal those portions. The parties should organize presentations to ensure
5 that any portion which they seek to seal is at the beginning or end of a presentation to reduce the
6 interference with the public portions.</span>

7     **IT IS SO ORDERED.**

9   DATED: September 29, 2022

                                            HON. YVONNE GONZALEZ ROGERS
                                            United States District Judge