# JOINT SUBMISSION RE DISPUTE REGARDING CLAWBACK PURSUANT TO RULE 502(d) STIPULATION

# Redacted Version of Document Sought to be Sealed

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
*stephenbroome@quinnemanuel.com*
Viola Trebicka (CA Bar No. 269526)
*violatrebicka@quinnemanuel.com*
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendant; additional counsel listed in signature blocks below*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**JOINT SUBMISSION RE DISPUTE REGARDING CLAWBACK PURSUANT TO RULE 502(d) STIPULATION**<br><br>Judge:   Honorable Susan van Keulen |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

October 7, 2022

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 – 4th Floor
280 South 1st Street
San Jose, CA 95113

>   Re:   *Calhoun v. Google LLC*, Case No. 4:20-cv-05146-YGR-SVK (N.D. Cal.)
>         Joint Submission re: Clawback Dispute per Rule 502(d) Stipulation

Dear Magistrate Judge van Keulen:

Pursuant to the Court's Stipulated Clawback Order (the "Stipulation," Dkt. No. 103), the parties hereby jointly submit this clawback dispute for Court resolution related to GOOG-CABR-04965382.

***Plaintiffs' additional statement***: Pursuant to the Stipulation, Plaintiffs have sequestered the clawed back document. Plaintiffs believe that submission of the disputed document for *in camera* review is expressly contemplated by Section 3(B)(ii) of the Stipulation and therefore the document is attached as **Exhibit A**. Plaintiffs also quote portions of the document in their section of the joint dispute letter below (which they believe is permitted under the Stipulation) for purposes of resolving the dispute.

***Google's additional Statement***: Google objects to Plaintiffs' insistence that GOOG-CABR-04197563 be submitted with this brief because Plaintiffs have not made an evidentiary showing that in camera review is warranted. *See, e.g.*, *In re Grand Jury Investigation*, 974 F.2d 1068, 1073 (9th Cir. 1992) (noting that requiring an initial evidentiary showing before documents are submitted for in camera review is designed "to prevent 'groundless fishing expeditions'"). Google believes that Section 3(B)(ii) of the parties' stipulation requires Plaintiffs to request in camera review before submitting the document to the Court.

**PLAINTIFFS' STATEMENT**

**Introduction**: This clawback challenge concerns a document authored by a Google engineer to an unknown audience with a stated non-legal objective, in which fewer than 15% of the comments are by an attorney. Yet, even after Plaintiffs proposed to redact all the attorney comments, Google continues to insist on withholding the *entire document*. Google has not met and cannot meet its burden to show that the entire document is privileged.

**Background:** On September 15, 2022, Plaintiffs requested permission from Google to share a document with counsel in *In re Google RTB* pursuant to *RTB*'s cross-use procedures. The document, titled "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓," was authored by a Google software engineer ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* **Ex. A**, GOOG-CABR-04965382 (the "Document"). Google ignored repeated follow-up correspondences asking for Google's position, and to this day, Google has never disputed the relevance of the Document to the *RTB* matter. Instead, on September 19, 2022, Google simply clawed back the entirety of GOOG-CABR-04965382, alleging the entire Document constitutes privileged communications between Google and its in-house counsel, Sunni Yuen.

On its face, the Document states it was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and has a stated "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" **Ex. A**, at 383-84. Google references the Document elsewhere as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *see* **Ex. B**, GOOG-CABR-00086795). The final version of the Document (which was not produced) was distributed to unknown recipients as part of reading material for a Google privacy summit (*see Id*.; **Ex. C**, GOOG-CALH-00637117)[1].

Also, the Document contains 85 comments from authors, whose identities cannot be discerned from the Document. Google provided Plaintiffs with a list of authors but concedes that only 10 are attributable Yuen. The remaining 75 comments are made by non-attorney Google employees. *See* **Ex. D**, Authorship List. In addition, the body of the Document contains a single sentence that arguably references legal advice. **Ex. A**, at 386 ("▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

For the sake of narrowing this dispute, Plaintiffs do not challenge Google's claims with respect to any of Attorney Yuen's comments or the single sentence in the body of the Document that reflects her advice. These undisputed portions are highlighted in blue in **Ex. A**. But, as to the remainder of the Document and comments, Google cannot make a clear showing that these are privileged communications or that the entire 15-page technical Document was somehow created predominantly to assist counsel in rendering legal—as opposed to business—advice.

**Relief Requested**: Plaintiffs request a ruling from the Court that the Document is not

---

[1] During the meet and confer process, Plaintiffs told Google that Plaintiffs would be using GOOG-CALH-00637117 (attached hereto as Exhibit C) to provide context for the content of the Document at issue here. In response, ***last night*** Google then clawed back Exhibit C and redacted all relevant content, raising yet another disputed privilege claim. Google's clawback of Exhibit C (and substitution of a redacted version in its place) will be the subject of a separate privilege challenge pursuant to the 502(d) stipulation. If Google reconsiders the clawback, then the parties will provide a replacement Exhibit C with no redactions; if instead the challenge cannot be resolved, the parties will submit separate briefing.

protected in its entirety by the attorney-client privilege and that the Document should be produced without delay, subject only to the proposed redactions highlighted in blue in **Ex. A**.

**Argument**: As the party asserting attorney-client privilege, Google bears the burden of establishing that the privilege applies. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002). When internal communications involve in-house counsel, they are subject to "heightened scrutiny" that requires the proponent of privilege to make a "clear showing" that the communications were made for the "primary purpose" of securing legal advice. *Id.*; *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *4 (N.D. Cal. Aug. 26, 2011).

Google cannot make a clear showing that the clawed-back Document is shielded *in its entirety* by the attorney-client privilege. As an initial matter, Google must establish each and every element of privilege. Google has not provided any information as to whom or by whom the Document was distributed, but the record indicates the draft was sent to non-attorneys for comment, **Ex. D**, and to a wider audience as part of a summit, **Exs. B & C**. It is impossible for Google to establish privilege with respect to a document that was sent by an unknown sender to unknown recipients. *Chrimar systems Inc v. Cisco Systems Inc*, 2016 WL 1595785, at *7 (N.D. Cal. Apr. 21, 2016).

Moreover, Google's privilege claim hinges entirely on its contention that Google created the document "at [Yuen's] direction" to facilitate legal advice. **Yuen Decl.**, ¶ 7.[2] But this, alone, is insufficient to establish privilege. *See, e.g., LD v. United Behavioral Health*, 2022 WL 4878726, at *8 (N.D. Cal. Oct. 3, 2022); *City of Roseville Employees' Retirement System v. Apple Inc.*, 2022 WL 3083000, at *9-11 (N.D. Cal. Aug. 3, 2022). If it were, the attorney-client privilege could be weaponized to shield any corporate document from disclosure. *In re Grand Jury*, 23 F.4th 1088, 1093-94 (9th Cir. 2021) (explaining the "primary purpose" test safeguards against "perverse incentives for companies to add layers of lawyers to every business decision in hopes of insulating themselves from scrutiny in any future litigation."). Instead, Google must establish that the document discloses confidential *legal* communications that *predominate* any business purpose. *See Dolby Laboratories Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866-68 (N.D. Cal. 2019) (documents generated at the direction of in-house counsel do not enjoy a presumption of privilege, given the unique involvement of in-house counsel in "business decisions").

Here, Ms. Yuen's declaration states the Document was prepared "at [her] direction" to provide legal advice regarding Google's regulatory and internal policy compliance. **Yuen Decl.**, ¶ 7. Analysis concerning regulatory requirements and corporate policy are neither *per se* legal advice nor *per se* business advice. *City of Roseville*, 2022 WL 3083000, at *9-11 (N.D. Cal. Aug. 3, 2022). Instead, Courts look to the "content and context" of the communications. *Id.* at *11.

With respect to the "content," the Document itself admits that it was not authored for the "primary purpose" of securing legal advice. To the contrary, the stated "objective" of the Document is to: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇" in RTB and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." **Ex. A**, at 383. Further, the Document consists of technical analyses and opinions from a software engineer, with no apparent connection to an articulable legal issue. *See Marceau v. I.B.E.W.*, 246 F.R.D. 610, 614 (D. Az. Oct. 17, 2007) (finding no privilege

---

[2] Google submitted a revised declaration from Yuen, adding ¶¶ 11 and 12, at 7:51 p.m. CT on the night that this brief was filed. The parties have discussed hyperlinked documents throughout discovery, but this is the first time Google has raised the assertions contained in Yuen's declaration concerning such documents.

applied to a report that did not require "the analysis and skills of one trained in the law"); *United Behavioral Health*, 2022 WL 4878726, at *8 (N.D. Cal. Oct. 3, 2022); *In re Google Inc.*, 462 Fed. Appx. 975, 977-78 (Fed. Cir. 2012).³

As to the "context" of this Document, the record also demonstrates that the Document was used to inform Google's business decisions, not legal decisions. As stated in Yuen's declaration and other Google documents, this analysis grew out of a larger Privacy Red Team project and was distributed at a "summit." **Exs. B & C; Yuen Decl., ¶ 7**. The agenda for the summit states the "principles/goals" of the meeting were to determine whether Google's goal was "privacy above all or something else," Google's "definition of success," and the prioritization of "privacy vs other areas of Eng investment." **Ex. C**, at 117. And while Yuen states she attended the meeting, her presence does not necessarily cloak the meeting in privilege. *North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1127 (N.D. Cal. 2003). This is further exacerbated by the fact that Google has not provided any insight into who attended the summit.

It is therefore clear that the Document at issue here was created and used in Google's ordinary course of business for non-legal purposes. This is evidenced by Google's distribution of the Document to a list of unknown recipients who participated in a Google privacy summit concerning Google's business goals and strategies. No privilege applies to the Document in its entirety. *See Fourth Age Limited v. Warner Bros. Digital Distribution, Inc.*, 2015 WL 12720324, at *6 (C.D. Cal. Aug. 6, 2015) (documents prepared for "simultaneous review by legal and non-legal personnel" not privileged) (internal citations, quotations, and alterations omitted); *United Behavioral Health*, 2022 WL 4878726, at *8 (N.D. Cal. Oct. 3, 2022); *Aerospace Corp. v. Factory Mut. Ins. Co.*, 2020 WL 8610842, at *1 (C.D. Cal. Dec. 15, 2020) ("The privilege does not protect…documents prepared in the ordinary course of business, with only a tangential legal aspect"); *In re Google Inc.*, 462 Fed. Appx. at 977-78 (Fed. Cir. 2012); *Marceau*, 246 F.R.D. at 614 (D. Az. Oct. 17, 2007); *In re Chase Bank USA, N.A. Check Loan Cont. Litig.*, 2011 WL 3268091, at *2 (N.D. Cal. July 28, 2011) ("The burden rests on the proponent of the privilege to prove that the communication provides primarily legal and not business advice…especially where numerous recipients of the communication are outside the legal department.").

---

³ In its letter in response to Plaintiffs' clawback challenge, Google cites *AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614 (N.D. Cal. Apr. 18, 2003) to justify its withholding of "technical" documents. But that case is readily distinguishable. *AT&T* involved documents directly implicated in the litigation that compared the plaintiff's technology with the alleged infringer's and incorporated analysis of the litigated issue as opposed to mere facts. *See Id.* With the limited exceptions identified above, the Document here is devoid of any legal-related analysis and is only tied to vague assertions of regulatory and internal policy compliance.

**GOOGLE'S STATEMENT**

**Introduction:** Google properly asserted a privilege claim over an internal document that it inadvertently produced and then clawed back. *See* GOOG-CABR-04965382. Plaintiffs' challenge of this document should be denied because it is protected from disclosure by the attorney-client privilege. As the declaration of Google in-house counsel Sunni Yuen submitted concurrently with this brief makes clear, GOOG-CABR-04965382 (i) was created at the direction of counsel (*i.e.*, Ms. Yuen) for the purpose of providing legal advice; and (ii) contains Ms. Yuen's legal advice (along with requests for and discussions of Ms. Yuen's advice). As such, Plaintiffs' challenge of Google's clawback should be denied.

**Background:** On September 15, 2022, Plaintiffs in *In re Google RTB* requested that Google cross-produce 94 documents that had been produced in this case. Google immediately began investigating this request. When Google discovered that GOOG-CABR-04965382 was privileged and inadvertently produced to Plaintiffs in this action, Google immediately clawed it back pursuant to the parties' stipulated clawback order. *See* Dkt. 103.[4]

**Argument:** Plaintiffs are wrong on the facts and law: technical documents—like the one at issue here—that were prepared at the direction of counsel to provide information necessary for counsel to provide legal advice are privileged. *See AT&T Corp. v. Microsoft Corp.*, 2003 WL 21212614, at *4 (N.D. Cal. Apr. 18, 2003) ("Technical information 'primarily concerned with giving legal guidance' remains privileged.") (citing *Jack Winter, Inc. v. Koratron Co.*, 54 F.R.D. 44, 46 (N.D. Cal. 1971)); *Advanced Cardiovascular Sys., Inc. v. C.R. Bard, Inc.*, 144 F.R.D. 372, 378 (N.D. Cal. 1992) ("[C]ommunications from inventor to patent lawyer, even those that are entirely technical, remain presumptively protected by the attorney-client privilege."). "The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981); *see also Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1950377, at *5 (N.D. Cal. May 1, 2019).

It is also well-settled that discussions of legal advice between non-attorneys are covered by the attorney-client privilege. *See, e.g.*, *Brown* Oct. 27, 2021 Hrg. Tr. 9:16–19 ("[A]s we know from the . . . Ninth Circuit, transmitting legal advice, sharing it, discussing it, even without the lawyer, is still within the coverage of attorney-client privilege."). Likewise, the privilege applies to "communications between non-attorney employees engaged in discussions to . . . transmit information to an attorney for the purpose of seeking legal advice." *Stevens v. Corelogic, Inc*, 2016 WL 397936, at *7 (S.D. Cal. Feb. 2, 2016). Thus, when non-attorneys draft a document to transmit information to counsel in order to obtain legal advice, and counsel provides legal advice in the same document, the document is privileged and properly withheld. *See Wit v. United Behav. Health*, 2016 WL 258604, at *8 (N.D. Cal. Jan. 21, 2016).

Here, GOOG-CABR-04965382 is a document prepared by non-attorney Google employees at the direction of Google in-house counsel Sunni Yuen. Yuen Decl. ¶ 7.[5] Ms. Yuen directed non-attorneys to prepare this document in response to a notification from Google's "Privacy Red Team." *Id.* As to its "context," the document was prepared to provide technical information necessary for

---

[4] Plaintiffs' claim that they notified Google of their intent to use Exhibit C (GOOG-CALH-00637117) in support of this submission is incorrect. Plaintiffs did not identify any other documents during the parties' meet and confer, and Google was not aware that Exhibit C was inadvertently produced without redactions until Plaintiffs cited it in the first draft of their section of this brief.

[5] Ms. Yuen revised her declaration to address new arguments Plaintiffs raised for the first time in a substantially rewritten brief that Google received at 12:20 pm PT on the day of filing.

Ms. Yuen to provide legal advice regarding certain features of Google's ads platform products and related policies and disclosures. *Id.* ¶¶ 7–9. As to its "content," it contains comments from Ms. Yuen providing legal advice, along with comments from non-attorney Google employees requesting and discussing Ms. Yuen's legal advice. *Id.* ¶ 10. Plaintiffs' assertion at 2:13-14 is demonstrably false: the document was *not* broadly disseminated to an "unknown" recipient list (in connection with the "summit" referenced in Ex. C or otherwise), but was instead treated as privileged and confidential within Google. *Id.* ¶¶ 11–13 (explaining that and how the document was kept privileged and confidential).

Plaintiffs' assertion that Google's privilege claim relies entirely on the fact that GOOG-CABR-04965382 was created at Ms. Yuen's direction is likewise incorrect. Ms. Yuen's sworn testimony establishes that this document was prepared "at [her] direction *to provide technical information regarding Google's ads platform products*," and that "such information was *necessary for [her] to provide legal advice*." Yuen Decl. ¶ 7 (emphases added). Plaintiffs' choice to ignore this fundamental fact throughout their brief does not make it any less so.

Plaintiffs' authorities analyzing the "predominant purpose" test are readily distinguishable. In *LD v. United Behavioral Health*, the court held that "the [mere] involvement of . . . senior in-house counsel" was not sufficient to establish that the privilege applied, and noted that the "subject of the documents (pricing methodology) suggests [they] may fall under the fiduciary exception." *Id.* at *8. But Google is not asserting privilege simply based on Ms. Yuen's "involvement," and Plaintiffs do not contend that the fiduciary exception applies (it does not). As to *Ward v. Equilon Enterprises, LLC*, the court determined that—under state law that does not apply here—privilege did not apply to a broad category of internal investigation-related documents because they had a dual business and legal purpose, and the business purpose predominated. *Id.* at *6. Here, there is only one document at issue, and Ms. Yuen's declaration makes it crystal clear that its "purpose was to provide technical information necessary for [her] to provide [certain forms of] legal advice." Yuen Decl. ¶ 7. In *City of Roseville Employees' Retirement System v. Apple Inc.*, the court held that privilege did not apply because Apple's declarant merely stated that it was his "understanding" that the documents "reflect[ed] efforts by others at Apple . . . to gather . . . information at [his] behest." *Id.* at *14. Unlike the "vague" declaration submitted in *Roseville*, Ms. Yuen's is based on her "own personal, firsthand knowledge," not her "understanding." Yuen Decl. ¶ 1. And it unequivocally states that GOOG-CABR-04965382 was prepared in order to provide her with information "necessary . . . to provide legal advice regarding . . . compliance with Google's terms of service and policies, along with international and domestic data privacy regulations." *Id.* ¶ 7.

The cases Plaintiffs cite regarding the non-legal "content" and "context" of GOOG-CABR-04965382 do not necessitate its production. In *Marceau v. I.B.E.W.*, the court held that an audit report was not privileged merely because it was prepared by attorneys, as the recommendations in the report did not require legal expertise. *Id.* at 614. By contrast, GOOG-CABR-04965382 contains information prepared by engineers at the direction of counsel specifically to provide information necessary for counsel to provide legal advice regarding (i) Google's compliance with certain policies; and (ii) the need for revisions of those policies in light of the technical operation of Google's products. Yuen Decl. ¶¶ 7–9. Plaintiffs cannot claim that these tasks—*i.e.*, reviewing technical documentation alongside corresponding legal documents to ensure Google is adhering to its legal obligations and revising the legal documents that memorialize those obligations—do not require legal expertise. And unlike the documents at issue in *Fourth Age Ltd. v. Warner Bros. Digital Distribution*, GOOG-CABR-04965382 was not prepared for simultaneous review by legal and non-legal personnel. *Id.* at *6. Instead, it was specifically prepared for *in-house counsel's review* to provide information *necessary for counsel to provide legal advice*. Yuen Decl. ¶¶ 6–9.

As to *North Pacifica, LLC v. City of Pacifica*, Google is not asserting that everything discussed at any meeting is privileged merely because of Ms. Yuen's attendance. 247 F. Supp. 2d at 1127. GOOG-CABR-04965382 is privileged *in toto* because it was prepared specifically to provide technical information that Ms. Yuen needed to provide legal advice on Google's products and related policies and disclosures. Yuen Decl. ¶¶ 6–9.

Google cannot produce a redacted version of this document without revealing privileged information because the discussions and technical descriptions contained in the document are "attorney-client communications involving legal advice or are closely integrated with such protected communications." *Brown* Dkt. 307; *see also Segerstrom v. United States*, 2001 WL 283805, at *5 (N.D. Cal. Feb. 6, 2001) (documents properly withheld where "privileged communications are so interwoven with non-privileged information that disclosure of the latter necessarily discloses the former"). Because the technical information contained in this document was *all* prepared at Ms. Yuen's direction to provide her with information that she needed to render legal advice, Google cannot produce the document with redactions. Yuen Decl. ¶¶ 7–9.

Plaintiffs spill much ink quoting from GOOG-CABR-04965382 regarding technical issues, citing other documents produced by Google, and arguing that these quotes and other documents show that GOOG-CABR-04965382's predominant purpose was not seeking and providing legal advice. But the inclusion of purportedly non-legal comments in a document prepared at the direction of counsel does not mean that the privilege does not apply. *See* Dkt. 592 at 2-3 ("Given the nature of the documents and the scope of counsels' tasks as presented to the Court in sworn testimony, attempts to distinguish comments that convey legal advice from those that may appear to be purely editorial is not helpful to the determination of attorney-client privilege."). And communications between non-attorneys that "refer to an inquiry by counsel" regarding legal advice are privileged. Dkt. 618. Plaintiffs' selective quotations do not show that the privilege does not apply; Ms. Yuen's sworn testimony confirms that it does.

| | |
|---|---|
| DATED: October 7, 2022<br><br>**BLEICHMAR FONTI & AULD LLP**<br><br>By: */s/ Lesley Weaver*<br>Lesley Weaver (Cal. Bar No. 191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com<br><br><br>**DICELLO LEVITT LLC**<br><br>By: */s/ David A. Straite*<br>David A. Straite (admitted *pro hac vice*)<br>Corban Rhodes (admitted *pro hac vice*)<br>485 Lexington Ave., Tenth Floor<br>New York, NY 10017<br>Tel.: (646) 933-1000<br>Fax: (646) 494-9648<br>dstraite@dicellolevitt.com<br>crhodes@dicellolevitt.com<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn Street, 6th Fl.<br>Chicago, Illinois 60602<br>Tel.: (312) 214-7900<br>akeller@dicellolevitt.com<br>aprom@dicellolevitt.com<br>scruz@dicellolevitt.com<br><br>**SIMMONS HANLY CONROY LLC**<br><br>By: */s/ Jason Barnes*<br>Jason "Jay" Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Jenny Paulson (admitted *pro hac vice*)<br>Tel: (212) 784-6400<br>Fax: (212) 213-5949<br>jaybarnes@simmonsfirm.com<br>atruong@simmonsfirm.com<br>jpaulson@simmonsfirm.com<br><br>*Counsel for Plaintiffs* | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By: */s/ Andrew H. Schapiro*<br>Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3000<br>Fax: (213) 443-3100<br><br>Jomaire Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br><br>Josef Ansorge (admitted *pro hac vice*)<br>josefansorge@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100<br><br>Jonathan Tse (CA Bar No. 305468)<br>jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600<br>Fax: (415) 875-6700<br><br>*Counsel for Defendant Google LLC* |

**ATTESTATION OF CONCURRENCE**

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: October 7, 2022                              By: */s/ Andrew H. Schapiro*