QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**DECLARATION OF SUNNI YUEN IN SUPPORT OF GOOGLE'S ASSERTION OF PRIVILEGE**<br><br>Referral: Hon. Susan van Keulen, USMJ |

I, Sunni Yuen, declare as follows:

1. I am a member of the Bar of the State of New York and in-house counsel for Google LLC ("Google"). I have been employed as in-house counsel at Google since 2012. My current job title is Senior Counsel, Measurement. Prior to joining Google, I was an associate at the law firm of Morriston & Foerster LLP from 2008 to 2012. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. In my role as Google in-house counsel, I am responsible for providing legal advice to non-attorneys regarding, *inter alia*, proposed technical solutions that affect Google's measurement and ads platform products, and specifically implicate issues related to data privacy and Google's related policies and public disclosures.

3. As part of my responsibilities, I, and other in-house attorneys at Google, are often tasked with reviewing and analyzing technical solutions alongside Google's policies and user disclosures to provide legal advice regarding, *inter alia*, (i) the risks of future litigation by private litigants; and (ii) U.S. and foreign regulations governing the use and treatment of user data, and the types of data that are protected/covered by those regulations.

4. I am regularly asked to provide legal advice in this capacity, and I often direct non-attorney Google employees to prepare technical documentation for my review in order to provide me with information that is necessary for me to provide legal advice regarding Google's products and related policies and disclosures.

5. I understand that a document with the Bates number GOOG-CABR-04965382 has been withheld from disclosure pursuant to the attorney-client privilege.

6. This document is a "Google Docs"-formatted file. Google Docs is a web-based document program that allows multiple people to work in a document at the same time: edits can be seen as they are made, and conversations can take place via comments directed to particular individuals and responses thereto. As such, it is common for discussions between Google in-house counsel like myself and non-attorney Google employees to take place in the comments in a given Google document. It is also common for non-attorney employees to, at my direction, prepare Google documents that contain technical information describing the operation of Google's products and notify me that a given document is ready for my review by directing a comment in the document to me.

7. GOOG-CABR-04965382 is a document authored by non-attorney Google employee Igor Foox. After I received a notification from Google's Privacy Red Team in or around June of 2014, this document was prepared at my direction to provide technical information regarding Google's ads platform products; such information was necessary for me to provide legal advice regarding these products' compliance with Google's terms of service and policies, along with international and domestic data privacy regulations. I needed the technical descriptions contained in this document to provide legal advice regarding potential revisions to Google's disclosures and policies to mitigate the risk of litigation by private litigants and ensure Google's compliance with U.S. and foreign regulations governing the use and treatment of user data. As such, the purpose of this document was to provide technical information necessary for me to provide legal advice.

8. In August of 2014, I met with Mr. Foox in Waterloo, Ontario to discuss the technical issues described in GOOG-CABR-04965382, the need for additional analyses, and

potential revisions to Google's policies and disclosures in light of the technical features described in this document.

9. In addition to Mr. Foox, the analysis contained in GOOG-CABR-04965382 involved other non-attorney Google employees who provided their technical knowledge regarding certain product features within their areas of responsibility. The complexity of the products described in this document required multiple non-attorney Google employees to review and revise the technical descriptions it contained in order to ensure that they accurately describe the functioning of Google's products. These non-attorney employees communicated with each other in comments in the document regarding their potential revisions and Google's related policies and disclosures. *See, e.g.*, Comments 1–23, 32–36, 39–62, 68–69, 75, 82–85. I reviewed the technical information that these additional non-attorneys prepared in order to provide legal advice regarding Google's ad platform products and Google's related policies and disclosures.

10. GOOG-CABR-04965382 also includes comments that contain discussions between non-attorneys and me where they request my legal advice, and I provide it in response to their requests. The document also contains comments reflecting discussions of my legal advice between non-attorney employees:

   a. In Comment 24 of GOOG-CABR-04965382, I responded to questions from Mr. Foox and non-attorney Google employee Emil Ochotta by providing my legal advice regarding the extent to which certain proposed technical solutions complied with the portions of Google's terms of service that apply to Google's ad platform products. Comments 23 and 25-27 are requests for, responses to, and discussions of my legal advice contained in Comment 24.

  b. In Comment 30 of GOOG-CABR-04965382, I responded to a request for legal advice regarding the language used in Google's policies related to ad platform products by proposing future research and analysis. Comments 28-29 and 31 are requests for, responses to, and discussions of my legal advice contained in Comment 30.

  c. In Comment 37 of GOOG-CABR-04965382, I provided my legal advice regarding Google's contractual and policy requirements applicable to third party ad networks who use Google's ad platform products. Comment 38 is a response to my legal advice contained in Comment 37.

  d. In Comment 63 of GOOG-CABR-04965382, I directed non-attorney employees to prior analysis performed by non-attorney Google employee Gang Wang regarding a technical feature. In Comment 64, Mr. Wang provided a summary of his prior analysis. In Comment 65, Mr. Foox requests additional technical information from Mr. Wang.

  e. In Comment 66 of GOOG-CABR-04965382, I provided my legal recommendation regarding the need for further analysis of an issue implicating legal concerns related to Google's technical solutions. Comment 67 is a request from Mr. Foox to further discuss my recommendation contained in Comment 66.

  f. In Comment 70 of GOOG-CABR-04965382, I provided my legal advice regarding the legal risks associated with a technical solution described in the document. Comment 71 is a response to my legal advice contained in Comment 70.

  g. In Comment 72 of GOOG-CABR-04965382, I asked for additional technical information necessary for me to render legal advice regarding a proposed technical solution. Comments 73 and 74 are responses to and discussions of my request contained in Comment 72.

  h. In Comment 76 of GOOG-CABR-04965382, I provided my legal advice regarding policy restrictions applicable to the proposed technical solution described in the body of the document and identified the underlying policy. Comment 77 is a response to my legal advice contained in Comment 76.

  i. In Comment 78 of GOOG-CABR-04965382, I provided my legal advice regarding a legal definition applicable to certain types of data. Comment 79 is a response to my legal advice contained in Comment 78.

  j. In Comment 80 of GOOG-CABR-04965382, I directed a non-attorney Google employee to prior analysis of a technical feature and associated legal implications. Comment 81 is a response to my references to prior analysis contained in Comment 80.

11. This document was not disseminated broadly to an "unknown recipient list." It was only distributed to the employees who participated in creating the document and employees with a need to know its contents (*i.e.*, members of Google's ads product teams whose work would be directly impacted by my legal advice reflected in the document).

12. Moreover, when a Google document like GOOG-CABR-04965382 is hyperlinked within another Google document (*e.g.*, Ex. C, GOOG-CALH-00637117 at -118), the hyperlinked document is only accessible to the individuals who were specifically granted access to that

hyperlinked document. That Ex. C contains a hyperlink to GOOG-CABR-04965382 does not increase the number of individuals who could access the contents of GOOG-CABR-04965382.

13. It was and is my understanding that GOOG-CABR-04965382 and the discussions contained therein were confidential, treated as attorney-client privileged within Google, and were created at my direction for the purposes of obtaining and providing legal advice.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in New York, New York, on October 7, 2022.

DATED: October 7, 2022.

By _/s/ Sunni Yuen_
Sunni Yuen