**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jennifer M. Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com
jpaulson@simmonsfirm.com

**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**PLAINTIFFS' STATUS REPORT PURSUANT TO ORDER AT DKT NO. 879 AND [PROPOSED] ORDER RE: OCTOBER 24, 2022 EVIDENTIARY HEARING**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Plaintiffs respectfully submit this Status Report in response to the September 29, 2022 "Order Following September 20, 2022 Status Conference," Dkt No. 879, regarding "the order in which witnesses will be presented and the estimated amount of time each witness will testify." *Id*., Section II.

The parties also met and conferred regarding the presentation of certain evidence (including live testimony from certain witnesses) in an attempt to streamline the hearing, and Plaintiffs understand that the parties have agreed to certain changes to Dkt. No. 879, subject to Court approval.

## I. Introduction: Plaintiffs' Explanation for the Separate Submission of Statements

The Court's Order at Dkt. No. 879 provides:

> The Parties shall exchange any objections to any exhibits by 5:00pm Pacific on October 19, 2022, including all bases for such objections, and shall meet and confer to attempt to resolve them no later than October 21, 2022. ***The Court will not entertain objections until the hearing day and the Parties are not to file any objections with the Court***.

Dkt. No. 879, Section IV (emphasis added). The parties anticipated a joint submission this evening, but Google insisted on presenting several evidentiary objections in the statement, in violation of the Court's order. While Plaintiffs understand that separate submissions are not ideal, we believed it superior to knowingly participating in a filing that violated a Court order. Thus, the Plaintiffs make this separate submission.

## II. Status Report re Witness order and Estimated Time for Each

The Parties have met and conferred, and Plaintiffs believe the following chart best represents the current agreement of the parties as to witness order and estimated time allotments for each (including questioning from each side), except where noted in the footnotes:

| Witness Name | Party (Google, Plaintiffs, or both) | Estimated Time (in minutes) |
|---|---|---|
| Dr. Georgios Zervas[1] | Google | 90 |
| Glenn Berntson | Google | 50 |
| Dr. Adriana Porter Felt | Google | 40 |
| Steve Ganem | Google | 20 |

---

[1] Plaintiffs' understanding as to the time allocation for Dr. Zervas is subject to resolution of certain objections Plaintiffs have with respect to his proffered testimony.

| Witness Name | Party (Google, Plaintiffs, or both) | Estimated Time (in minutes) |
|---|---|---|
| Greg Fair | Both | 20 |
| AbdelKarim Mardini[2] | Plaintiffs | 20 |
| Richard Smith | Plaintiffs | 50 |
| Dr. Zubair Shafiq[3] | Plaintiffs | 90 |
| Jochen Eisinger | Plaintiffs | 20 |
| Dr. Yiling Chen | Plaintiffs | 20 |
| Michael Kleber[4] | Plaintiffs | Unknown (see footnote 4 below) |

.

### III. Agreement re Certain Evidentiary Issues; Proposed Order

The Parties have met and conferred, and Plaintiffs understand that the parties have agreed to the following:

#### A. Admissibility of Exchanged Documents

On October 5, 2022, the parties exchanged exhibits they anticipate using during the hearing; on October 12, 2022, the parties exchanged rebuttal exhibits. The parties have agreed that, for purposes of the evidentiary hearing only, the parties stipulate to the admissibility of produced documents, without the need to call a records custodian as a witness.

#### B. Release of Three Witnesses

The parties have agreed that three previously identified witnesses need not testify on October 24: 1) Plaintiff Dr. Kindler; 2) Plaintiff Dr. Wilson; and 3) former Google employee Sam Heft-

---

[2] The parties are discussing whether portions of Mr. Mardini's deposition transcript may be used in lieu of live testimony.

[3] Google's agreement to the time allocation for Dr. Shafiq is subject to resolution of certain objections raised by Google with respect to Dr. Shafiq's rebuttal expert report served on Google on October 12, 2022.

[4] It is still unclear whether Michael Kleber will be called as a witness. Plaintiffs only sought to introduce 30(b)(6) testimony provided by Mr. Kleber as a corporate designee; now that the parties have agreed that his deposition testimony may be introduced, there is no need to call him. However, Google has not yet confirmed his release, suggesting they may call him.

Luthy.  The Order at Dkt No. 879 commanded their appearance, and the proposed order below modifies the prior order to reflect Plaintiffs' understanding of the parties' agreement.

### C.    Remote Testimony

During the meet-and-confer process, Google requested that Google employee Jochen Eisinger be permitted to testify remotely via Zoom, rather than travel to California.  Plaintiffs have no objection.

### D.    Use of Deposition Transcripts

On October 5, 2022, Plaintiffs designated certain portions of various Rule 30(b)(6) transcripts for use at the hearing in lieu of live testimony; on October 12, 2022, Google made certain counter-designations. Plaintiffs understand that the parties have agreed that the designated portions may be used at the hearing in lieu of live testimony.  In addition, Plaintiffs understand that the parties have agreed that deposition transcripts may generally be used for impeachment purposes regardless of the prior designations.

A proposed order approving these stipulations appears below the signature blocks.

Respectfully submitted this 19th Day of October, 2022.

**BLEICHMAR FONTI & AULD LLP**

By:   /s/ Lesley E. Weaver
Lesley E. Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**

By:     /s/ Jay Barnes
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jennifer M. Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016

**DiCELLO LEVITT LLC**

By:     /s/ David A. Straite
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com
jpaulson@simmonsfirm.com

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Sharon Cruz, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of October, 2022, at Indianapolis, Indiana.

<i>/s/ Sharon Cruz</i><br>
Sharon Cruz

**[Proposed] Order**

The Parties filed separate Joint Status Reports on October 19, 2022 pursuant to this Court's Order of September 29, 2022 (Dkt. No. 879), which included, among other things, several proposals to streamline the upcoming evidentiary hearing on October 24, 2022. The Court hereby orders as follows:

1. <u>Admissibility of Exchanged Documents</u>: On October 5, 2022, the parties report that they exchanged exhibits they anticipate using during the hearing; on October 12, 2022, the parties report that they exchanged rebuttal exhibits. Plaintiffs report that the parties have agreed that, for purposes of the evidentiary hearing only, the produced documents are deemed admissible, without the need to call a records custodian as a witness. Google does not contest Plaintiffs' representation of this agreement. **The Court hereby orders** that Google need not bring a records custodian to the hearing, and all produced documents exchanged as exhibits are deemed admissible for purposes of the hearing.

2. <u>Release of Three Witnesses</u>: The Plaintiffs report that the parties have agreed that three previously identified witnesses need not testify on October 24: 1) Plaintiff Dr. Kindler; 2) Plaintiff Dr. Wilson; and 3) former Google employee Sam Heft-Luthy. **The Order at Dkt No. 879 is hereby modified** such that these three witnesses are no longer commanded to appear at the hearing.

3. <u>Use of Deposition Transcripts</u>: Plaintiffs report that on October 5, 2022, Plaintiffs designated certain portions of various Rule 30(b)(6) transcripts for use at the hearing in lieu of live testimony; and on October 12, 2022, Google made certain counter-designations. Plaintiffs report that the parties have agreed that the designated portions may be used at the hearing in lieu of live testimony, and have further agreed that deposition transcripts may generally be used for impeachment purposes regardless of the prior designations. **The Court hereby orders** that deposition transcripts may be used at the hearing pursuant to the parties' agreement.

**IT IS SO ORDERED.**

DATED: _____    _____
HON. YVONNE GONZALEZ ROGERS
United States District Judge