1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

2  Diane M. Doolittle (CA Bar No. 142046)  Andrew H. Schapiro (admitted *pro hac vice*)
   dianedoolittle@quinnemanuel.com  andrewschapiro@quinnemanuel.com
3  Sara Jenkins (CA Bar No. 230097)  Teuta Fani (admitted *pro hac vice*)
4  sarajenkins@quinnemanuel.com  teutafani@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor  Joseph H. Margolies (admitted *pro hac vice*)
5  Redwood Shores, CA 94065  josephmargolies@quinnemanuel.com
   Telephone: (650) 801-5000  191 N. Wacker Drive, Suite 2700
6  Facsimile: (650) 801-5100  Chicago, IL 60606
7  Telephone: (312) 705-7400
   Facsimile: (312) 705-7401
8
   Stephen A. Broome (CA Bar No. 314605)  Josef Ansorge (admitted *pro hac vice*)
9  stephenbroome@quinnemanuel.com  josefansorge@quinnemanuel.com
   Viola Trebicka (CA Bar No. 269526)  Xi ("Tracy") Gao (CA Bar No. 326266)
10 violatrebicka@quinnemanuel.com  tracygao@quinnemanuel.com
11 Crystal Nix-Hines (CA Bar No. 326971)  Carl Spilly (admitted *pro hac vice*)
   crystalnixhines@quinnemanuel.com  carlspilly@quinnemanuel.com
12 Alyssa G. Olson (CA Bar No. 305705)  1300 I Street NW, Suite 900
   alyolson@quinnemanuel.com  Washington D.C., 20005
13 865 S. Figueroa Street, 10th Floor  Telephone: (202) 538-8000
14 Los Angeles, CA 90017  Facsimile: (202) 538-8100
   Telephone: (213) 443-3000
15 Facsimile: (213) 443-3100

16 *Counsel for Defendant Google LLC*
   *Additional counsel on signature pages*
17

18                    **UNITED STATES DISTRICT COURT**

19              **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

20

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-05146-YGR-SVK |
| Plaintiffs, | **GOOGLE LLC'S STATUS REPORT PURSUANT TO DKT. 879** |
| v. | The Honorable Yvonne Gonzalez Rogers |
| GOOGLE LLC, | |
| Defendant. | |

Pursuant to the Court's September 29, 2022 Order (Dkt. 879), Google respectfully submits this status report concerning the October 24, 2022 evidentiary hearing (the "Hearing").

### I. Google's Response to Plaintiffs' Explanation for the Separate Submission of Statements

On October 12, 2022, Plaintiffs submitted a new, not previously disclosed expert report by their expert Dr. Shafiq. Google and Plaintiffs met and conferred concerning whether Plaintiffs intended to admit the report as standalone evidence even to the extent not addressed in Dr. Shafiq's live testimony, and Plaintiffs informed Google that they would seek to do so. Whether Dr. Shafiq will be permitted to submit the full contents of his 646-page report as evidence is material to Google's agreement on witness order and timing, including whether it will be feasible to complete expert testimony in a single hearing day and whether Google's witnesses—many of whom have to travel long distances and take time off of work—will be able to testify at all. Accordingly, the treatment of Dr. Shafiq's expert report is critical to Google's "agreement" and "respective position[]" on "the order in which witnesses will be presented and the estimated time each witness will testify," on which the Court has directed the parties to file submissions today. *See* Dkt. 879 § II.

At 2:35 p.m. today, Google informed Plaintiffs that it would raise this narrow issue in the parties' draft joint proposal in accordance with the Court's instruction to file the parties' respective positions, and Plaintiffs confirmed their understanding that Google would do so. Google sent Plaintiffs' counsel its proposed description of the dispute, attributed only to Google, at 6:58 p.m. More than two and a half hours later, Plaintiffs' counsel informed Google for the first time that it would refuse to submit the planned joint statement and filed its own statement ten minutes after that.[1]

---

[1] In refusing to submit a joint statement, Plaintiffs informed Google that they believed Google's proposed submission violates the Court's order against filing objections to exhibits, but that rule does not apply here. This submission pertains to a dispute that affects witness order and timing, as well as the overall structure of the Hearing. Dkt. 879 expressly contemplates that the parties may have disagreements on those topics and be required to lay out separate positions. There was no need for separate filings.

## II. Status Report Concerning Witness Order and Estimated Time

### A. Joint Agreement Concerning Witness Order and Estimated Time

Google affirms its agreement with Section II of Plaintiffs' statement (Dkt. 891), with the following qualifications:

- Google does not oppose Plaintiffs' proposal to designate (and permit Google to counter-designate) portions of Mr. Mardini's deposition testimony in lieu of live testimony, and would stipulate to releasing Mr. Mardini.
- Google has not agreed to allow Plaintiffs to designate Mr. Kleber's deposition testimony in lieu of live testimony, and will continue to meet and confer with Plaintiffs concerning Mr. Kleber's presence at the hearing.

### B. Google's Agreement is Contingent on Whether the Shafiq Report May Be Admitted as Standalone Evidence

Google can agree to the schedule set out in Plaintiffs' submission only if Dr. Shafiq's purported "rebuttal" expert report (the "Shafiq Report") is not treated as evidence to the extent not addressed in his live testimony. The Shafiq Report totals 646 pages (38 pages of report and over 600 pages of exhibits), and Plaintiffs served it on Google only on the October 12, 2022 deadline for responsive outlines. *See* Dkt. 879. Despite Plaintiffs' prior agreement that they would submit only "outlines of what each of [their] experts would seek to testify to" live at the October 24 hearing, they now claim that Dr. Shafiq's lengthy report should be admitted in full as standalone evidence, regardless of whether he addresses the points in the report at the hearing. Plaintiffs claim this is to streamline the hearing—but it does little to streamline and causes much prejudice to Google. If the report were to stand as evidence on its own, there will not be enough time at the hearing for Google to cross-examine Dr. Shafiq on the many misstatements and mischaracterizations contained in his lengthy report. As a result, much of his report would go un-rebutted, which is plainly prejudicial to Google.

This prejudice is compounded because the Shafiq Report is not "rebuttal" material at all. Rather, much of it purports to provide detailed explanations of the same points identified in Dr. Shafiq's far less detailed two-page opening outline. The Shafiq Report also contains an inflammatory and irrelevant section about Google's Real Time Bidding ("RTB") process that was

not addressed in any of Google's opening outlines. The back-up to Dr. Shafiq's report confirms that he began working on the report as early as September 9, 2022. Plaintiffs' decision to submit a bare-bones outline on October 5 (without disclosing the existence of a forthcoming report they had been preparing all along) deprived Google of the opportunity to submit a responsive report, giving Dr. Shafiq greater opportunity to elaborate on his opinions than he could possibly have live at the hearing, and in a setting in which his opinions cannot be tested or challenged by Google.

Plaintiffs' conduct is even more prejudicial given that, at the September 20, 2022 conference—by which point Dr. Shafiq had already been working on his report for nearly two weeks—Google requested that Plaintiffs be ordered to submit expert reports in advance of the October 24 hearing, and Plaintiffs stated that they could provide only "an outline of what each of the [plaintiffs'] experts *would seek to testify to* so there won't be a surprise." Dkt. 875 (9/20/22 Conf. Tr.) at 27:15–19; *see also id.* at 28:5–8 (The Court: "So you will file on October 5th what is effectively an outline of their testimony and their opinions, right, specific opinions, and then a response from the defense on the 12th."). The parties then memorialized a mutual exchange of affirmative witness outlines on October 5, and responsive outlines on October 12, in a proposed form of order that the Court entered with modifications. *See* Dkt. 879.

None of the parties' other outlines submitted pursuant to Dkt. 879 is signed by a witness or sworn under oath, and thus they do not constitute evidence. Google's position is that neither party's witnesses' outlines (or the Shafiq report) should be admitted as standalone evidence. The purpose of exchanging outlines was to prevent ambush or surprise at the live hearing; not to supplement the record with lengthy, untested documents. The record should include only that which is addressed by the witnesses live at the hearing, and the limited designations to which the parties have agreed. Only with that limitation, Google agrees to the witness order and timing set forth in Plaintiffs' statement.

### III.   Agreement Concerning Certain Evidentiary Issues

Google affirms its agreement to the four stipulations in Plaintiffs' statement. Google clarifies that, consistent with Dkt. 879 and by agreement of the parties, both Mr. Eisinger and Mr. Mardini, if called, will testify remotely via Zoom. Mr. Eisinger and Mr. Mardini will access the

1  proceedings using the link and credentials posted on the Court's web page, subject to alternative
2  guidance from the Court.
3      Google does not object to entry of the proposed order included in Plaintiffs' statement.

6  DATED: October 19, 2022           QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
7                                    By      */s/ Andrew H. Schapiro*
8                                       Andrew H. Schapiro (admitted *pro hac vice*)
                                        andrewschapiro@quinnemanuel.com
9                                       Teuta Fani (admitted *pro hac vice*)
                                        teutafani@quinnemanuel.com
10                                      Joseph H. Margolies (admitted *pro hac vice*)
                                        josephmargolies@quinnemanuel.com
11                                      191 N. Wacker Drive, Suite 2700
                                        Chicago, IL 60606
12                                      Telephone: (312) 705-7400
13                                      Facsimile: (312) 705-7401

14                                      Stephen A. Broome (CA Bar No. 314605)
                                        stephenbroome@quinnemanuel.com
15                                      Viola Trebicka (CA Bar No. 269526)
                                        violatrebicka@quinnemanuel.com
16                                      Crystal Nix-Hines (CA Bar No. 326971)
17                                      crystalnixhines@quinnemanuel.com
                                        Alyssa G. Olson (CA Bar No. 305705)
18                                      alyolson@quinnemanuel.com
                                        865 S. Figueroa Street, 10th Floor
19                                      Los Angeles, CA 90017
20                                      Telephone: (213) 443-3000
                                        Facsimile: (213) 443-3100
21
                                        Diane M. Doolittle (CA Bar No. 142046)
22                                      dianedoolittle@quinnemanuel.com
                                        Sara Jenkins (CA Bar No. 230097)
23                                      sarajenkins@quinnemanuel.com
24                                      555 Twin Dolphin Drive, 5th Floor
                                        Redwood Shores, CA 94065
25                                      Telephone: (650) 801-5000
                                        Facsimile: (650) 801-5100
26
27                                      Josef Ansorge (admitted *pro hac vice*)
                                        josefansorge@quinnemanuel.com
28                                      Xi ("Tracy") Gao (CA Bar No. 326266)

-4-                                  Case No. 4:20-cv-05146-YGR-SVK
                                     GOOGLE LLC'S STATUS REPORT PURSUANT TO DKT. 879

tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*