**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)  Andrew H. Schapiro (admitted *pro hac vice*)
dianedoolittle@quinnemanuel.com  andrewschapiro@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)  Teuta Fani (admitted *pro hac vice*)
sarajenkins@quinnemanuel.com  teutafani@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor  191 N. Wacker Drive, Suite 2700
Redwood Shores, CA 94065  Chicago, IL 60606
Telephone: (650) 801-5000  Telephone: (312) 705-7400
Facsimile: (650) 801-5100  Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)  Josef Ansorge (admitted *pro hac vice*)
stephenbroome@quinnemanuel.com  josefansorge@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)  Xi ("Tracy") Gao (CA Bar No. 326266)
violatrebicka@quinnemanuel.com  tracygao@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)  Carl Spilly (admitted *pro hac vice)*
crystalnixhines@quinnemanuel.com  carlspilly@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)  1300 I Street NW, Suite 900
alyolson@quinnemanuel.com  Washington D.C., 20005
865 S. Figueroa Street, 10th Floor  Telephone: (202) 538-8000
Los Angeles, CA 90017  Facsimile: (202) 538-8100
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)  Jonathan Tse (CA Bar No. 305468)
jomairecrawford@quinnemanuel.com  jonathantse@quinnemanuel.com
51 Madison Avenue, 22nd Floor  50 California Street, 22nd Floor
New York, NY 10010  San Francisco, CA 94111
Telephone: (212) 849-7000  Telephone: (415) 875-6600
Facsimile: (212) 849-7100  Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 4:20-cv-05146-YGR-SVK <br><br> **GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR RELIEF REGARDING PRESERVATION** <br><br> Judge: Hon. Susan van Keulen, USMJ |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions Google LLC's Notice of Motion and Motion for Relief Regarding Preservation ("Google's Motion"), which contains non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including details related to Google's internal projects, internal databases, data signals, and logs, and their proprietary functionalities, as well as internal metrics, which Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in Google's Motion:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google LLC's Notice of Motion and Motion for Relief Regarding Preservation | Portions Highlighted in Blue at:<br><br>Pages 1:22-23, i:8, i:11, i:13-14, i:16, i:18, i:21, iii:9-13, 1:6-8, 1:11-12, 1:15, 1:19-25, 1:27-28, 2:1-3, 2:5-8, 2:12, 2:15, 2:18-22, 2:27-28, 3:13-16, 3:18-20, 3:23-25, 3:27, 4:1, 4:3-5, 4:7, 4:13, 4:15, 5:7-11, 5:15-17, 5:27, 6:3-4, 6:8-20, 6:22-28, 7:2, 7:4-6, 7:8-10, 7:14-18, 7:20, 8:1, 8:5-6, 8:11, 8:15, 8:17-18, 8:21-28, 9:4-5, 9:7, 9:9, 9:23, 10:1-2, 10:5-7, 10:10-11, 10:17-18, 10:23-28, 11:2, 11:17-20, 11:27, 12:5, 12:8-9, 12:16-17, 12:22-25, 12:27-28, 13:1, 13:3, 13:5, 13:8, 13:20, 13:25-27, 14:3, 14:5, 14:8-9, 14:15, 14:27, 15:7, 15:9, 15:23-25, 16:14, 16:16, 17:7-9, 17:11-12, 17:16-17, 17:26, 18:1-2, 18:4-7, 18:11-12, 18:23-25, 19:3-5, 19:13 | Google |
| Declaration of Larry Greenfield | Portions Highlighted in Blue at:<br><br>Pages 1:25-2:1, 2:3-8, 3:23, 3:25-28, 4:4-23, 5:2-22, 5:25-28, 6:1-8, 6:10-19, 6:22-25, 6:27-28, 7:1-8, 7:11-12, 7:14-15, 7:17, 7:19-20, 7:22-23, 7:25, 7:27-28, 8:2-3, 8:5-14, 8:16-17, 8:21-25, 9:1-6, 9:8-9, 9:11-22 | Google |

1

Case No. 4:20-cv-05146-YGR-SVK
GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS
OF GOOGLE LLC'S NOTICE OF MOTION AND MOTION RE: PRESERVATION

| | | |
|---|---|---|
| Declaration of Benjamin Kornacki | Portions Highlighted in Blue at:<br><br>Pages 1:22, 1:26-2:1, 2:3, 2:7, 2:11, 2:13, 2:16, 2:21, 2:26, 2:28-3:8, 3:11-12, 3:14-19 | Google |
| Declaration of Jifei Gao | Portions Highlighted in Blue at:<br><br>Pages 1:12-13, 1:15, 1:18-20, 1:22-25, 2:1-3 | Google |
| Declaration of Julian Kranz | Portions Highlighted in Blue at:<br><br>Pages 1:22-25, 1:28, 2:1, 2:3, 2:5-7 | Google |
| Declaration of Patrick Quaid | Portions Highlighted in Blue at:<br><br>Pages 1:12, 1:14, 1:16, 1:20, 1:22-24, 1:26-27, 2:4-5, 2:8, 2:10, 2:12, 2:17, 2:21, 2:23, 2:25, 2:27, 3:2-3, 3:14-15, 3:18-23 | Google |
| Declaration of Joshua Halstead | Portions Highlighted in Blue at:<br><br>Pages 1:18-21, 1:25, 1:27-28, 2:2-3, 2:5-7, 2:9-14 | Google |
| Declaration of Danny Talavera | Portions Highlighted in Blue at:<br><br>Pages 1:12-14, 1:17-20 | Google |
| Declaration of Daryl Seah | Portions Highlighted in Blue at:<br><br>Pages 2:11-21, 2:24, 3:3 | Google |
| Declaration of Srilakshmi Pothana | Portions Highlighted in Blue at:<br><br>Pages 1:28, 2:1-7, 2:12-15, 2:17, 2:20, 2:22-23 | Google |
| Exhibit 1 to Gao Declaration – Aug. 4, 2022 Hearing Transcript Excerpts | Portions Highlighted in Blue at:<br><br>Pages 100:2, 100:4, 100:10, 101:21, 103:22, 103:24, 105:11 | Google |
| Exhibit 2 to Gao Declaration - 3/18/22 Glenn Berntson Transcript Excerpts | Portions Highlighted in Blue at:<br><br>Pages 134:1, 134:12, 134:18-20, 135:1, 135:8-9, 135:12, 136:7 | Google |
| Exhibit 3 to Gao Declaration - GOOG-CABR-03652751 | Portions Highlighted in Blue at:<br><br>Seal in its entirety | Google |
| Exhibit 4 to Gao Declaration – 8/11/022 Hearing Transcript Excerpts | Portions Highlighted in Blue at:<br><br>Pages 85:12, 85:16, 85:18, 86:15, 86:18-20, 86:22 | Google |

## II.   LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted). Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard) (van Keulen, J.). Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

### III. THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public

disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets. *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc*., 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, Google's Motion comprises confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly. Specifically, this information provides details related to Google's internal projects and data logging systems, and their proprietary functionalities, as well as internal metrics. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc*., No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co*., No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co*., 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting

motion to seal as to "internal research results that disclose statistical coding that is not publicly available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's data logging infrastructure. Google would be placed at an increased risk of cyber security threats. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact, including information related to Google's internal projects and data logging systems, and their proprietary functionalities, as well as internal metrics, is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV.   CONCLUSION

For the foregoing reasons, the Court should seal the identified portions of Google's Motion.

DATED: October 26, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)

1
2  stephenbroome@quinnemanuel.com
   Viola Trebicka (CA Bar No. 269526)
   violatrebicka@quinnemanuel.com
3  Crystal Nix-Hines (CA Bar No. 326971)
   crystalnixhines@quinnemanuel.com
4  Alyssa G. Olson (CA Bar No. 305705)
   alyolson@quinnemanuel.com
5  Maria Hayrapetian (CA Bar No. 315797)
   mariehayrapetian@quinnemanuel.com
6  865 S. Figueroa Street, 10th Floor
7  Los Angeles, CA 90017
   Telephone: (213) 443-3000
8  Facsimile: (213) 443-3100

9  Diane M. Doolittle (CA Bar No. 142046)
   dianedoolittle@quinnemanuel.com
10 Sara Jenkins (CA Bar No. 230097)
   sarajenkins@quinnemanuel.com
11 555 Twin Dolphin Drive, 5th Floor
12 Redwood Shores, CA 94065
   Telephone: (650) 801-5000
13 Facsimile: (650) 801-5100

14
15 Josef Ansorge (admitted *pro hac vice*)
   josefansorge@quinnemanuel.com
16 Xi ("Tracy") Gao (CA Bar No. 326266)
   tracygao@quinnemanuel.com
17 Carl Spilly (admitted *pro hac vice)*
   carlspilly@quinnemanuel.com
18 1300 I Street NW, Suite 900
   Washington D.C., 20005
19 Telephone: (202) 538-8000
   Facsimile: (202) 538-8100
20
21 Jomaire A. Crawford (admitted *pro hac vice*)
   jomairecrawford@quinnemanuel.com
22 51 Madison Avenue, 22nd Floor
   New York, NY 10010
23 Telephone: (212) 849-7000
   Facsimile: (212) 849-7100

24
25 Jonathan Tse (CA Bar No. 305468)
   jonathantse@quinnemanuel.com
26 50 California Street, 22nd Floor
   San Francisco, CA 94111
27 Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
28
   *Attorneys for Defendant Google LLC*

GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS
OF GOOGLE LLC'S NOTICE OF MOTION AND MOTION RE: PRESERVATION