UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 20-cv-05146-YGR   (SVK)<br><br>**ORDER RE CLAWBACK DISPUTE; ADMONITION TO ALL PARTIES**<br><br>Re: Dkt. No. 888 |

### I.    ORDER IN RE CLAWBACK DISPUTE

The Court has reviewed the Parties' joint submission and, because the context of the disputed document is at issue, the Court has reviewed the document GOOG-CABR-04965382. Dkt. Nos. 887-3; 887-4. The Court has also considered relevant case law. This matter may be resolved without oral argument. Civ. L.R. 7-1(b). For the reasons set forth herein, the Court **DENIES** Plaintiffs' request; Google may clawback the document as a privileged attorney-client communication.

The Court finds that Google has satisfied its burden of establishing that the privilege applies. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002). Though by no means conclusive, the disputed document is twice marked "ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL" on first page. Dkt. 887-4. Google in-house counsel Sunni Yuen states under oath that the document was created at her direction for the purpose of providing her with relevant technical information in support of her legal advice regarding product compliance with Google's terms of service and with data privacy regulations. Dkt. 888-1 ¶ 7. Following an initial draft, Ms. Yuen met with the author of the document, Igor Foox, to discuss various issues raised in the disputed document. *Id*. ¶ 8. In addition to comments from Ms. Yuen,

the disputed document reflects notes, comments and inquiries from various non-attorney Google employees, which were reviewed by Ms. Yuen. *Id*. ¶¶ 9-10.

Plaintiffs acknowledge that Ms. Yuen's comments reflect privileged communications and that those comments may be redacted. Dkt. 887-3 at 5. Plaintiffs further argue that the remainder of the document and the comments by non-attorney Google employees reflect business, rather than legal, advice and as such are not privileged. *Id*. The Court has carefully reviewed the content of the document, the comments of Ms. Yuen and the non-attorney comments and finds that the discussions cannot be so easily segregated. In light of the foundation for privileged communications provided by Ms. Yuen under oath, and the context of the non-attorney employee comments, the Court finds that the legal nature of the communications predominates any business purpose. The Court is not persuaded otherwise by select phrases quoted by Plaintiffs. Nor does the Court, under these circumstances, find the authorities cited by Plaintiffs to be persuasive.

Plaintiffs further argue that the disputed document was distributed to "unknown recipients" who participated in a Google privacy summit, citing other documents relating to the summit. *Id*. at 5, 6. Ms. Yuen offers a more limited scope of recipients as those who participated in creating the document and employees "whose work would be directly impacted" by the legal advice contained in the disputed document. Dkt. 888-1 ¶ 11. Ms. Yuen also explains that a hyperlink to the disputed document does not allow unauthorized access to the document. The two discussions of distribution of the document are not necessarily opposing, and in this instance the Court finds Ms. Yuen's declaration persuasive and that Google has satisfied its burden of establishing the privileged nature of the disputed document.

## II.     ADMONITION TO THE PARTIES

The Parties have engaged in a disturbing practice of enlarging this Court's 5-page limit on joint discovery submissions. The joint submission at Dkt. 888 contains a preamble page which contains argument regarding submission of documents for in-camera review and footnotes which also contain impermissible argument. *See* this Court's Civil and Discovery Referral Matters Standing Order ¶¶ 8-9. The Parties are admonished to comply with this Court's standing order.

To be clear, the Court will not consider any argument not set forth in the body of a five-page submission.

**SO ORDERED.**

Dated: October 28, 2022

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge