**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CLARIFY RE: GOOGLE'S MOTION FOR RELIEF (DKT. No. 898) FROM THE COURT'S MODIFIED PRESERVATION PLAN DATED JULY 15, 2022 (DKT. NO. 766); OR IN THE ALTERNATIVE, MOTION TO MODIFY BRIEFING SCHEDULE**<br><br>Civil L.R. 7-11<br><br>Referral:   Hon. Susan van Keulen, USMJ |

## I. INTRODUCTION

On October 26, 2022, Google filed a "Motion for Relief" from this Court's prior data log preservation orders (the "Motion," Dkt. No. 898). Plaintiffs understand that the Motion is a "motion for reconsideration" governed by Civil L.R. 7-9. However, Google did not reference Rule 7-9 in its motion nor does the Motion comply with Rule 7-9. In addition, Rule 7-9 does not require a response from Plaintiffs unless and until ordered by the Court, see Civil L.R. 7-9(d), yet the case calendar already reflects a response due date of November 10, 2022. *See* Declaration of David A. Straite dated November 2, 2022 ("Straite Decl."), ¶ 5, accompanying this administrative motion. Plaintiffs therefore respectfully request guidance from the Court regarding whether Rule 7-9 will govern Google's Motion and the substance and timing of Plaintiffs' response.

If the Court were to decide that Rule 7-9 does not apply (or alternatively if the Court wants briefing from Plaintiffs pursuant to Rule 7-9(d)), Plaintiffs respectfully request that the briefing schedule be modified as proposed below. The parties conferred and the proposed schedule is agreed, subject to Court approval. Straite Decl. ¶ 9.

## II. REQUEST FOR CLARIFICATION RE: APPLICATION OF CIVIL L.R. 7-9

Google's Motion is a motion for reconsideration governed by Civil Local Rule 7-9. On April 4, 2022, the Special Master, after months of discovery and briefing, submitted to the Court a Report and Recommendation for a data log preservation plan. Dkt. No. 604. The Court then set a schedule for formal, written objections, due by April 25, 2022, *see* Dkt. No. 606, and held a sealed hearing on the objections on May 4, 2022. Dkt. No. 648. The Court then ordered the Parties back to the Special Master to address certain of the objections, and set an additional hearing on June 30, 2022. Dkt. No. 667. The Court then requested additional process with the Special Master, Dkt. No. 749, and finally approved a modified preservation plan on July 15, 2022. Dkt. No. 766 (sealed); Dkt. No. 778-3 (public redacted). The Court specifically found that the Special Master "appropriately took into account the burden of preserving the relevant data sources." Dkt. 778-3, at 5. The Court also found that the preservation plan does impose burdens, but not "undue burdens." *Id.* at 6. The Court also held a hearing on August 4, 2022, giving Google yet another opportunity to address burdens, including testimony from Google employees live at the hearing. On August 5,

2022, the Court issued an order on (1) Google's Administrative Motions for Extension/Clarification of Preservation Plan Orders; and (2) *Calhoun* Plaintiffs' Administrative Motion for Clarification of Preservation Plan Order. Dkt. No. 815.

Despite the fulsome record compiled by the Court, and months after the Court issued its final orders, Google now moves this Court for "relief" from the July 15 and August 5 Orders. Google's Motion is, in fact, a motion for reconsideration of prior final orders based on a complete factual record and multiple opportunities to be heard. That Google chose not to identify any governing local rule in the Motion does not change the analysis; if it did, any movant could circumvent the strict requirements of Rule 7-9 by simply not mentioning it by name.

As a motion for reconsideration, the Motion was improperly filed. Civil Local Rule 7-9 requires leave of Court first, see Rule 7-9(a), and the motion for leave must also show that at least one subsection of Rule 7-9(b) applies – which Google elected not to do. And even if Google had complied with Rules 7-9(a) and 7-9(b), the Rule also provides: "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion to reconsider." Rule 7-9(d).

Google would also need to meet the Ninth Circuit's strict standards for reconsideration, which it has not done. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Absent a change in controlling law, a District Court may only reconsider a prior order if it was "clearly erroneous," which the Ninth Circuit has colorfully called the "unrefrigerated dead fish" standard.[1]

Plaintiffs therefore believe it to be a gating issue (both substantively and procedurally) to know whether Rule 7-9 applies, and Plaintiffs respectfully request a Court ruling that the Motion is a motion for reconsideration governed by Rule 7-9.

---

[1] The "clearly erroneous" standard applicable to a motion for reconsideration is substantially stricter than a mere administrative motion. "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2002).

## III. ALTERNATIVE RELIEF: REQUEST TO MODIFY BRIEFING SCHEDULE

If the Court were to determine that Rule 7-9 does not apply to Google's Motion, or alternatively that Plaintiffs should nevertheless respond per Rule 7-9(d), Plaintiffs respectfully request that the briefing schedule be modified. Google's Motion is not insubstantial, including eight substantive declarations, including new Google declarants never before identified.[2] Straite Decl. ¶ 4. Google also never asked to confer in advance of its filing and indeed never gave Plaintiffs notice that it was in process; the first Plaintiffs learned of it was from the ECF email notice, *id*. ¶ 6, and it will take some time to compare the arguments advanced here with what Google told the Special Master and the Court over many months. In parallel, Google also made a substantial production of data on Friday, October 28, 2022 related to the data logs at issue, and it will take some time to digest. *Id*. ¶ 7. Plaintiffs therefore believe a modest extension of time is appropriate.

The parties have conferred and the following proposed changes are agreed by both sides, *see* Straite Decl. ¶ 9, subject to Court approval:

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| Plaintiffs' Opposition Brief | November 10, 2022 | **November 29, 2022** |
| Google's Reply Brief | November 17, 2022 | **December 13, 2022** |

In addition, the current hearing date is December 13, 2022.[3] In light of the proposed briefing schedule above, the Parties conferred and both sides are available on **December 20, 2022**, if that date is available for the Court.

## IV. CONCLUSION

Plaintiffs respectfully request a ruling that Google's Motion is a "motion for reconsideration" governed by Civil Local Rule 7-9, and Plaintiffs should not respond unless and until directed by the Court. In the alternative, if the Court determines that Rule 7-9 does not apply (or if the Court requests Plaintiffs' response per Rule 7-9(d)), Plaintiffs request that the Court

---

[2] If the Court directs Plaintiffs to file a response, Plaintiffs will seek leave in the response to depose one or more of the declarants.

[3] Google originally noticed the Motion for a hearing on November 22, 2022. During the parties' meet and confer process, Plaintiffs noted that the hearing date was less than 35 days out, the minimum under Civil L.R. 7-2(a). Straite Decl. ¶ 8. Google said the notice date was the result of a math error, *id*. ¶ 9, and then re-noticed the hearing date for December 13, 2022. Dkt. No. 903.

modify the briefing schedule as noted above and in the attached proposed order. The proposed briefing schedule is agreed by the Parties, subject to Court approval.

Respectfully Submitted this 3rd Day of November, 2022.

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **DiCELLO LEVITT LLC** |
| By:   */s/ Lesley E. Weaver* | By:   */s/ David A. Straite* |
| Lesley E. Weaver (Cal. Bar No. 191305) | David A. Straite (admitted *pro hac vice*) |
| Angelica M. Ornelas (Cal. Bar No. 285929) | Corban Rhodes (admitted *pro hac vice*) |
| Joshua D. Samra (Cal. Bar No. 313050) | 485 Lexington Ave., Tenth Floor |
| 555 12th Street, Suite 1600 | New York, NY 10017 |
| Oakland, CA 94607 | Tel.: (646) 933-1000 |
| Tel.: (415) 445-4003 | Fax: (646) 494-9648 |
| Fax: (415) 445-4020 | *dstraite@dicellolevitt.com* |
| *lweaver@bfalaw.com* | *crhodes@dicellolevitt.com* |
| *aornelas@bfalaw.com* | |
| *jsamra@bfalaw.com* | Amy E. Keller (admitted *pro hac vice*) |
| | Adam Prom (admitted *pro hac vice*) |
| **SIMMONS HANLY CONROY LLC** | Sharon Cruz (admitted *pro hac vice*) |
| | Ten North Dearborn Street, 6th Fl. |
| By:   */s/ Jay Barnes* | Chicago, Illinois 60602 |
| Jason 'Jay' Barnes (admitted *pro hac vice*) | Tel.: (312) 214-7900 |
| An Truong (admitted *pro hac vice*) | *akeller@dicellolevitt.com* |
| Eric Johnson (admitted *pro hac vice*) | *aprom@dicellolevitt.com* |
| Jenny Paulson (admitted *pro hac vice*) | *scruz@dicellolevitt.com* |
| 112 Madison Avenue, 7th Floor | |
| New York, NY 10016 | |
| Tel.: (212) 784-6400 | |
| Fax: (212) 213-5949 | |
| *jaybarnes@simmonsfirm.com* | |
| *atruong@simmonsfirm.com* | |
| *ejohnson@simmonsfirm.com* | |
| *jpaulson@simmonsfirm.com* | |

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd Day of November, 2022, at Marbletown, New York.

*/s/ David Straite*
David Straite

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, I caused to be electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

*/s/ David Straite*
David Straite