| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley Weaver (Cal. Bar No.191305)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>*lweaver@bfalaw.com* | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Andrew H. Schapiro (admitted *pro hac vice*)<br>*andrewschapiro@quinnemanuel.com*<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401 |
| **DiCELLO LEVITT LLC**<br>David A. Straite (admitted *pro hac vice*)<br>485 Lexington Ave., Tenth Floor<br>New York, NY 10017<br>Tel.: (646) 933-1000<br>Fax: (646) 494-9648<br>*dstraite@dicellolevitt.com* | Stephen A. Broome (CA Bar No. 314605)<br>*stephenbroome@quinnemanuel.com*<br>Viola Trebicka (CA Bar No. 269526)<br>*violatrebicka@quinnemanuel.com*<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3000<br>Fax: (213) 443-3100 |
| **SIMMONS HANLY CONROY LLC**<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>*jaybarnes@simmonsfirm.com* | Jomaire Crawford (admitted *pro hac vice*)<br>*jomairecrawford@quinnemanuel.com*<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 |
| *Counsel for Plaintiffs; additional counsel listed in signature blocks below* | *Counsel for Defendant; additional counsel listed in signature blocks below* |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**JOINT STATEMENT AND COMPETING [PROPOSED] ORDERS TO MODIFY CASE SCHEDULE** |

## I.   JOINT STATMENT

Plaintiffs and Defendant Google LLC (together, the "Parties"), by and through undersigned counsel, respectfully submit this Joint Statement and Request to Modify Case Schedule. Expert discovery is set to commence on November 30, 2022, starting with an exchange of opening merits expert reports, Dkt. No. 866, and the Parties seek to extend those deadlines.

***The Parties agree*** that the pendency of (1) Plaintiffs' motion for class certification and related *Daubert* briefing, and (2) Google's motion for summary judgment of the Named Plaintiffs' claims (collectively, the "Motions") are likely to affect the scope of merits expert discovery and jointly request that the current schedule be altered. Specifically, the Parties agree that resolution of one or more of the Motions may streamline expert discovery by providing clarity as to the issues to be explored during that stage of the litigation and as such, may potentially minimize the need for supplemental merits expert reports and depositions that might be necessary if the parties were to proceed with expert discovery while the Motions remain under submission.

***The Parties disagree***, however, regarding the details of the proposed schedule change – Plaintiffs propose a fixed extension of approximately two months of all deadlines, whereas Google proposes that the deadlines for expert discovery be extended such that they begin 35 days after the Court rules on the Motions. Each approach is discussed briefly below, with alternative proposed orders at the end.

## II.   PLAINTIFFS' POSITION

Plaintiffs propose extending out the case schedule by approximately two months, as has been the Parties' and the Court's past practice in this case, while the Motions remain pending:

| Event | Current Deadline | Plaintiffs' Proposed New Deadline |
|---|---|---|
| Opening Expert Reports | November 30, 2022 | January 30, 2023 |
| Rebuttal Expert Reports | January 26, 2023 | March 30, 2023 |
| Close of Expert Discovery | March 9, 2023 | May 5, 2023 |
| Rule 56 Motions; *Daubert* Motions 3 *Daubert* Motions per side in the entire case | **Motion**: April 20, 2023<br>**Opp'n**: May 19, 2023<br>**Reply**: June 16, 2023 | **Motion**: June 9, 2023<br>**Opp'n**: July 10, 2023<br>**Reply**: August 7, 2023 |

Google declines to agree to any fixed schedule, instead preferring an indefinite stay of expert discovery pending resolution of **all** outstanding Motions. Plaintiffs believe a full stay is unwarranted and inefficient – indeed, Google's proposal seeks a full stay even if just one of the Motions remain unresolved, whereas Plaintiffs' proposal allows for the Parties to assess options in two months depending on the timing and contours of any Court rulings. Google's approach, in contrast, does not allow for flexibility in the event that some (but not all) Motions are resolved – and worse, requires Court permission to start expert discovery if partial rulings are issued.

Fixed deadlines have a way of focusing counsel's minds and Plaintiffs believe it more efficient to keep deadlines on calendar. We respectfully request that the Court reject Google's proposal to stay expert discovery and enter Plaintiffs' proposed order below.

### III.  GOOGLE'S POSITION

The parties have asked the Court for extensions of merits expert discovery deadlines multiple times. *See, e.g.*, Dkt. Nos. 451, 715, 860. To avoid bringing scheduling disputes to the Court, Google has, on these prior occasions, agreed to Plaintiffs' preferred approach of setting fixed deadlines. However, the approach has proven inefficient. It is more efficient to commence the expert discovery and Rule 56 briefing schedule 35 days from the Court's resolution of the Motions, similar to what the Court has ordered for Rule 56 briefing in the related case of *Brown v. Google LLC*, Case No. 4:20-cv-3664-YGR-SVK. *See Brown* Dkt. 465. To the extent that schedule creates scheduling conflicts for one side or the other (or both) once the Motions are resolved, the parties have historically been able to agree to accommodations for such conflicts, and they surely will be able to do so again. This approach will minimize the need for the parties to negotiate and seek repeated extensions from the Court while the Motions are pending. If the Court resolves some Motions but not others, and the parties agree that merits expert discovery should proceed regardless, the parties could then seek appropriate relief from the Court.

Dated: November 11, 2022

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br><br>By:   */s/ Lesley Weaver*<br>Lesley Weaver (Cal. Bar No. 191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>*lweaver@bfalaw.com*<br>*aornelas@bfalaw.com*<br>*jsamra@bfalaw.com*<br><br>**DiCELLO LEVITT LLC**<br><br>By:   */s/ David Straite*<br>David A. Straite (admitted *pro hac vice*)<br>Corban Rhodes (admitted *pro hac vice*)<br>485 Lexington Avenue, Tenth Floor<br>New York, New York 10165<br>Tel.: (646) 933-1000<br>*dstraite@dicellolevitt.com*<br>*crhodes@dicellolevitt.com*<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn St., Sixth Floor<br>Chicago, IL 60602<br>Tel.: (312) 214-7900<br>*akeller@dicellolevitt.com*<br>*aprom@dicellolevitt.com*<br>*scruz@dicellolevitt.com*<br><br>**SIMMONS HANLY CONROY LLC**<br><br>By:   */s/ Jay Barnes*<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Eric Johnson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>*jaybarnes@simmonsfirm.com*<br>*atruong@simmonsfirm.com*<br>*ejohnson@simmonsfirm.com*<br><br>*Counsel for Plaintiffs* | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By:   */s/ Stephen Broome*<br>Stephen A. Broome (CA Bar No. 314605)<br>*stephenbroome@quinnemanuel.com*<br>Viola Trebicka (CA Bar No. 269526)<br>*violatrebicka@quinnemanuel.com*<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Tel: (213) 443-3000<br>Fax: (213) 443-3100<br><br>Andrew H. Schapiro (admitted *pro hac vice*)<br>*andrewschapiro@quinnemanuel.com*<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Tel: (312) 705-7400<br>Fax: (312) 705-7401<br><br>Jomaire Crawford (admitted *pro hac vice*)<br>*jomairecrawford@quinnemanuel.com*<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Tel: (212) 849-7000<br>Fax: (212) 849-7100<br><br>Josef Ansorge (admitted *pro hac vice*)<br>*josefansorge@quinnemanuel.com*<br>1300 I Street NW, Suite 900<br>Washington D.C., 20005<br>Tel: (202) 538-8000<br>Fax: (202) 538-8100<br><br>Jonathan Tse (CA Bar No. 305468)<br>*jonathantse@quinnemanuel.com*<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600<br>Fax: (415) 875-6700<br><br>*Counsel for Defendant* |

CASE NO. 4:20-CV-5146-YGR-SVK
JOINT STATEMENT RE REQUEST TO
MODIFY CASE SCHEDULE

3

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David A. Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of November, 2022, at Marbletown, New York.

*/s/ David Straite*
David A. Straite

CASE NO. 4:20-CV-5146-YGR-SVK
JOINT STATEMENT RE REQUEST TO
MODIFY CASE SCHEDULE                           4

# [PROPOSED] ORDER

The Court is in receipt of the Parties' joint request to modify the case schedule, presenting two alternatives for the Court's consideration. In consideration of the Parties' positions and for good cause shown, the Court ENTERS the following revised Case Management Schedule:

[Plaintiffs' Proposed Schedule]:

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Opening Expert Reports | November 30, 2022 | January 30, 2023 |
| Rebuttal Expert Reports | January 26, 2023 | March 30, 2023 |
| Close of Expert Discovery | March 9, 2023 | May 5, 2023 |
| Rule 56 Motions; *Daubert* Motions 3 *Daubert* Motions per side in the entire case | **Motion**: April 20, 2023<br>**Opp'n**: May 19, 2023<br>**Reply**: June 16, 2023 | **Motion**: June 9, 2023<br>**Opp'n**: July 10, 2023<br>**Reply**: August 7, 2023 |

[Google's Proposed Language]:

Merits expert discovery shall commence 35 days after the Court rules on (1) Plaintiffs' Class Certification Motion and related *Daubert* briefing, and (2) Google's Motion for Summary Judgment on its First Affirmative Defense of Consent (the "Motions"). Upon the Court's ruling on the Motions, the parties shall promptly meet and confer and submit to the Court a mutually acceptable schedule, similar to the timing reflected in Dkt. 866, for submission of rebuttal expert reports, the close of expert discovery, and Rule 56 and *Daubert* motions.

**IT IS SO ORDERED.**

Date: _____

_____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge

CASE NO. 4:20-CV-5146-YGR-SVK
JOINT STATEMENT RE REQUEST TO
MODIFY CASE SCHEDULE

5