**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*
485 Lexington Avenue, 10th Floor
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

Amy Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (31) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 4:20-cv-05146-YGR-SVK

**PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

**CIVIL L.R. 7-11 and 79-5(f)**

Referral: Hon. Susan van Keulen, USMJ

No Hearing Date Set Pursuant to L.R. 7-11(c)

## I. MOTION TO SEAL PLAINTIFF DATA

Pursuant to Civil Local Rules 7-11 and 79-5 and the Stipulated Protective Order entered in this matter, Dkt. No. 61, Plaintiffs respectfully submit this Administrative Motion to Seal Portions of the following documents:

| | **Document** | **Text Sought to be Sealed** |
|---|---|---|
| 1 | Plaintiffs' Proposed Surreply | Page 13, lines 2-16, 23-24<br>Page 14, lines 1, 3-4 |
| 2 | Expert report of Prof. Shafiq w/Exhibit A | Pages 8-9, ¶ 29<br>Page 10, ¶ 31-32<br>Exhibit A in its entirety |

### A. LEGAL STANDARD

"The public has a right of access to the Court's files." Civil L.R. 79-5(a). The presumption of public access can be overcome where the sealing party "articulate[s] compelling reasons supported by specific factual findings…that outweigh…public policies favoring disclosure such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). Courts "must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1178-79 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Compelling reasons to seal include protecting "an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (permitting redaction of home addresses and financial account information) (citing *Foltz*, 331 F.3d at 1134 (acknowledging privacy interests implicated by sensitive, personally identifying information)); *Pension Plan for Pension Tr. Fund for Operating Eng'rs v. Giacalone Elec. Servs., Inc.*, No. 13-CV-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015). Web browsing history, account names, and email addresses are defined as "personal information" protected under the California Consumer Privacy Act of 2018 ("CCPA"), *see* Cal. Civ. Code § 1798.140(o). The Ninth Circuit also now recognizes a privacy interest in web browsing history and associated cookies and identifiers. *See, e.g., In re*

*Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) (privacy harm arising from alleged non-consensual tracking and collection of plaintiffs' browsing history on third-party sites); *accord Henson v. Turn, Inc.*, 15-cv-1497-JSW-JB, 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018) (approving limits on discovery of web browsing history and cookies because of privacy implications).

**B. PLAINTIFFS MEET THE STANDARD FOR SEALING**

The narrowly-tailored proposed redactions to the above-listed documents protect materials that quote, summarize or reflect Plaintiffs' web browsing history and related data and information. *See, e.g.*, First Amended Complaint ("FAC") ¶¶ 122-25, 141, 143-58, Dkt. No. 162-3. The Court previously granted a motion to seal such materials. *See* Order, Dkt. No. 198 (sealing web browsing history and information).

If the Court declined to allow sealing of this personal information, then Plaintiffs stand in the impossible position of deciding whether to forfeit privacy rights in order to protect those same rights, a situation called "Orwellian" on more than one occasion. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-md-02617 LHK (NC), 2016 WL 11505231, at *1 (N.D. Cal. Apr. 8, 2016). Requiring the public exposure of this information would also force them to waive Constitutional protections. *Riley v. California*, 573 U.S. 373 (2014) (browsing history constitutionally protected).

Sealing the limited portions of the above-listed documents "will not interfere with the public's ability to understand the judicial process." *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-cv-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (sealing the portions of the FAC concerning "[d]efendants' products, services, and business practices").

## II. MOTION TO CONSIDER WHETHER DEFENDANT'S MATERIAL SHOULD BE SEALED

Pursuant to Civil Local Rules 7-11 and 79-5(f) and the Stipulated Protective Order entered in this matter, Dkt. No. 61, Plaintiffs respectfully submit this Administrative Motion to Consider Whether Another Party's Material Should be Sealed, to the extent such material is quoted, summarized, or otherwise reflected in the documents (or portions thereof) indicated below:

PLS. ADMIN. MOT. TO CONSIDER 3 CASE NO. 4:20-CV-05146-YGR-SVK

| | Document | Portions Sought to be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|---|
| 1 | Plaintiffs' Motion for Leave to Supplement the Record and File Surreply | Page 2, Lines 21, 25<br>Page 3, Line 1<br>Page 4, Lines 3-4, 16, 19, 22<br>Page 5, Lines 2, 4, 6, 13-15 | Defendant to provide evidence, per Local Rule 79-5(f) |
| 2 | Plaintiffs' Proposed Surreply | Page 1, Lines 11-14, 19-20, 25-27<br>Page 2, Lines 1-3<br>Page 3, Line 26<br>Page 4, Lines 1, 4, 5<br>Page 5, Lines 7-11<br>Page 6, Lines 7, 13-14, 16-18<br>Page 7, Lines 2-20, fn.8<br>Page 8, Lines 1-3, 5-11, 13<br>Page 9, Lines 9-10, 12-13, 16-19, fn.11, fn.12<br>Page 10, Lines 1-11, 19-24<br>Page 11, Lines 2, 4-14, 17-20, 22, 23<br>Page 12, Lines 3-9<br>Page 13, Line 14<br>Page 14, Lines 3, 17-18, 20-25<br>Page 15, Lines 3-7 | Defendant to provide evidence, per Local Rule 79-5(f) |
| 3 | Barnes Declaration in Support of Plaintiffs' Surreply | Page 2, Lines 18, 21 | Defendant to provide evidence, per Local Rule 79-5(f) |
| 4 | Straite Declaration in Support of Plaintiffs' Administrative Motion | Page 2, Lines 10, 22, 27<br>Page 3, Lines 17, 24<br>Page 4, Line 3 | Defendant to provide evidence, per Local Rule 79-5(f) |
| 5 | Shafiq Report, Ex. 76 | Entire Document | Defendant to provide evidence, per Local Rule 79-5(f) |
| 6 | Exhibit 77 | Entire Document | Defendant to provide evidence, per Local Rule 79-5(f) |
| 7 | Exhibit 78 | Entire Document | Defendant to provide evidence, per Local Rule 79-5(f) |
| 8 | Exhibit 79 | Entire Document | Defendant to provide evidence, per Local Rule 79-5(f) |

Paragraph 12.4 of the Stipulated Protective Order prohibits a party from filing materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the public record. Portions of the documents listed above quote, summarize, or otherwise reflect information that Defendant Google LLC has designated "Confidential" or "Highly Confidential – Attorneys' Eyes

Only." Pursuant to Civil Local Rules 79-5(c)(1) and (f)(3), Defendant, as the Designating Party, bears the responsibility to establish that all of the designated material is sealable.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant this motion to seal.

Dated: November 14, 2022

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By: */s/ Lesley E. Weaver*
Lesley Weaver (Cal. Bar No. 191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**

By: */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

**DICELLO LEVITT GUTZLER LLC**

By: */s/ David Straite*
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice)*
485 Lexington Avenue, 10th Floor
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, Sharon Cruz, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2022

/s/ *Sharon Cruz*
Sharon Cruz

**CERTIFICATE OF SERVICE**

I, Sharon D. Cruz, hereby certify that on November 14, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record. I also caused a copy of the under seal filings to be delivered to counsel for Defendant Google LLC via electronic mail.

Dated: November 14, 2022

/s/ *Sharon Cruz*
Sharon D. Cruz