**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*
*crhodes@discellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD AS TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT RECORD AND LEAVE TO FILE A SUR-REPLY**<br><br>Judge:   Hon. Yvonne Gonzalez Rogers |

PUBLIC REDACTED VERSION

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD AND FILE A SUR-REPLY**

Pursuant to Local Rules 7-3(d) and 7-11, Plaintiffs submit this Administrative Motion for Leave to Supplement the Summary Judgment Record and File a Sur-Reply and respectfully seek leave to: (1) supplement the summary judgment record with evidence obtained after the close of briefing on Google's motion for summary judgment; and (2) submit a sur-reply addressing the relevance of each document with respect to Google's motion for summary judgment on its affirmative defense of consent.

**I.      Leave to Supplement the Record**

"A court may allow a party to supplement the summary judgment record after briefing was completed upon a showing of good cause." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3882448, at *9 (N.D. Cal. June 23, 2015) ("Ordinarily, production after the motion is fully briefed is good cause to supplement the record."). "Courts have found good cause to supplement the summary judgment record with evidence that was produced after the motion was filed." *Id.*

Here, several factors support good cause to grant Plaintiffs' leave to supplement the record. *First,* Google filed its motion for summary judgment on November 30, 2021 (Dkt. 395), which was prior to the March 4, 2022 close of fact discovery. Plaintiffs filed their opposition on January 10, 2022 (Dkt. 462), and briefing concluded on January 28, 2022, when Google filed its reply in support of its motion (Dkt. 475). Following the conclusion of briefing, and after the close of fact discovery, Google produced evidence that goes to key issues raised in Google's motion for summary judgment. Specifically, Google produced (1) Named Plaintiff Data, including a production on October 28, 2022; (2) ▇▇▇▇▇▇▇ Documents documenting Google executives opinions regarding consumer consent; and, (3) the deposition of Chrome executive Sabine Borsay.

*Second,* given, among other things, Google's belated productions, on May 24, 2022, Plaintiffs filed a Motion for Sanctions for Google's delay in production of Named Plaintiff Data and ▇▇▇▇▇▇ Documents. Dkt. 670. The resolution of this Motion would guide the manner in which Plaintiffs could proceed with a motion to supplement. The order on Plaintiffs' Motion for Sanctions was recently issued on September 8, 2022, wherein Magistrate Judge Susan van Keulen

issued rulings with respect to Named Plaintiff Data and the ▇▇▇▇▇▇ Documents.

*Third*, concurrent with Plaintiffs' Motion for Sanctions, the Parties were also discussing a preservation plan with respect to Named Plaintiff and class data. Negotiations over a preservation plan lasted more than a year and involved uncounted meetings with a court-appointed Special Master. Ultimately, the preservation plan was determined by Court order on July 5, 2022 (Dkt. 766-1), and then subsequently modified on August 5, 2022 (Dkt. 815) (together, the "Preservation Plan"). The Preservation Plan provided for ongoing production, including a production of Named Plaintiff Data on October 28, 2022. On October 27, 2022, Google moved for re-consideration of the preservation order. *See* Dkt. 898.

Since resolution of the pending Motions and Preservation Plan, including Google's most recent production on October 28, 2022, Plaintiffs have worked diligently to prepare necessary briefing seeking leave to supplement the summary judgment record. *See FTC - Forward Threat Control, LLC v. Dominion Harbor Enterprises, LLC*, No. 5:19-CV-06590-EJD, 2020 WL 5545156, at *4 (N.D. Cal. Sept. 16, 2020) (granting leave to supplement the record where the party was reasonably diligent in filing its motion to bring new evidence to the court's attention). Plaintiffs submit that because the evidence was produced after the close of briefing (and discovery on key issues relating to the motion is still ongoing) good cause exists to grant Plaintiffs' leave to supplement the summary judgment record.

Specifically, Plaintiffs seek leave to supplement the record with the following:

### A.   Named Plaintiff Data

Since the filing of its motion, Google has made ongoing production of Named Plaintiff Data. This includes a June 2022 and October 2022 production. Due to the technical nature of the evidence, expert analysis and interpretation is required to explain the significance of what was produced. Accordingly, Plaintiffs seek leave to supplement the record with an expert report from Prof. Zubair Shafiq, attached to as <u>Exhibit 76</u> to the accompanying supplemental declaration of Jason Barnes.[1] The proposed report is limited to analysis of data that was produced after the close

---

[1] For ease of reference, exhibit numbering is continued sequentially from Plaintiffs' opposition to Google's Motion for Summary Judgment.

of briefing on Google's Motion and after the close of fact discovery.

The Named Plaintiff Data analysis by Prof. Shafiq goes to the "scope and nature" of the misconduct at issue, and also demonstrates that Google directly ████████████████ ████████████████████████████ (thereby demonstrating that the information is "Personal Information," regardless of the definition employed). This evidence goes directly to the issue of consent and whether Google provided sufficient notice of the conduct at issue. *See e.g. In re Facebook Internet Tracking Litig.*, 956 F.3d 589, 603 (9th Cir. 2020) (in determining whether the "practice at issue" was adequately disclosed, Courts consider "[t]he nature and volume" of the at-issue data as an important fact in determining whether a defendant obtained consent); *see also In re Google RTB Consumer Privacy Litig.*, 2022 WL 2165489, at *8 (N.D. Cal. Jun. 13, 2022); *Silver v. Stripe*, 2021 WL 3191752, *6 (N.D. Cal. Jul. 28, 2021).[2]

Because this evidence was not available prior to the close of briefing (some of which was not even produced until last week), Plaintiffs submit that good cause exists to grant Plaintiffs' leave to supplement the summary judgment record with proposed Exhibit 76, the Report of Prof. Zubair Shafiq.

**B.     ████████     Documents**

Plaintiffs seek leave to supplement the record with a final, internal Google paper, GOOG-CABR-05885987, and summary of interview notes taken from key executives, GOOG-CABR-05885871, with respect to an internal Google study named ████████ (the "████████ Documents"). These two documents are attached to the accompanying supplemental declaration of Jason Barnes as Exhibits 77 and 78, respectively.

The ████████ Documents were not produced until April 2022, after the conclusion of summary judgment briefing. Moreover, on September 8, 2022, Magistrate Judge Susan van Keulen

---

[2] Here, the Chrome Privacy Notice promises, among other things, that (1) "[y]ou don't need to provide any personal information to use Chrome[;]" (2) [t]he personal information that Chrome stores [including 'browsing history information' and 'cookies'] won't be sent to Google unless you choose to store that data in your Google Account by turning on sync[;]" (3) "[t]he fact that you use Chrome ... does not cause Google to receive any additional personally identifying information about you;" (4) "[s]ync is only enabled if you choose;" (5) if you do not sync and enabled WAA, "Google will only use your Chrome data after its anonymized and aggregated with data from other sources." Chrome Privacy Notice, FAC Ex. 33 at 7.

1  entered an Order of sanctions against Google for discovery misconduct with respect to the late
2  production of the ▮▮▮▮ Documents. *See* Dkt. 862. As a remedy for Google's misconduct,
3  Magistrate Judge van Keulen prohibited Google from objecting to the admissibility or use of the
4  ▮▮▮▮ Documents. *Id.* at p. 12. Given that the documents were late-produced, and given
5  that the ruling on admissibility did not occur until September 8, 2022, Plaintiffs submit that good
6  cause exists to supplement the record with the ▮▮▮▮ Documents.

   C.  **The Borsay Deposition**

8  Lastly, Plaintiffs seek leave to supplement the record with excerpts from the deposition of
9  Sabine Borsay. The proposed excerpts from Ms. Borsay's deposition are attached as Exhibit 79 to
10 the accompanying supplemental declaration of Jason Barnes.

11 Ms. Borsay is the Product Manager for Chrome, and was not deposed until the end of June
12 2022; four months after the conclusion of briefing on Google's Motion, and three months after the
13 close of fact discovery. Notably, Ms. Borsay made key statements regarding ▮▮▮▮
14 ▮▮▮▮
15 ▮▮▮▮ Given the import of this testimony, and the fact that the deposition was delayed
16 until after the close of briefing and fact discovery, Plaintiffs submit that good cause exists to
17 supplement the record with Exhibit 79, excerpts of the deposition from Sabine Borsay.

**II.  Leave to File a Sur-Reply**

19 Pursuant to Local Rule 7-3(d), Plaintiffs seek leave to file a sur-reply to Google's reply in
20 support of its motion for summary judgment. District Courts may permit sur-replies "where a valid
21 reason for briefing exists." *Tounget v. Valley-Wide Recreation and Park District*, 2020 WL
22 8410456, at *2 (C.D. Cal. Feb. 20, 2020); *see also Ward v. Apple Inc.*, No. 12-CV-05404-YGR,
23 2017 WL 1075049, at *1 (N.D. Cal. Mar. 22, 2017) (Gonzalez-Rogers, J.) (Supplemental briefing
24 filed six months after oral argument on motion for summary judgment.). "A 'valid reason' to grant
25 leave to file a sur-reply exists when new and previously unavailable evidence becomes available to
26 the parties subsequent to the filing of a brief." *Id.*

27 Plaintiffs' Sur-Reply in Further Opposition to Google's Motion for Summary Judgment on

1  Consent, attached to the accompanying declaration of David Straite as <u>Exhibit A</u> addresses the
2  relevance of the supplemental evidence (discussed above in Section I) to the arguments raised in
3  Google's summary judgment motion. Following the well-reasoned authority set forth in this
4  motion, Plaintiffs have demonstrated good cause for the Court to exercise its discretion to grant
5  Plaintiffs leave to file a sur-reply.

**III.   Conclusion**

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs' Administrative Motion for Leave to Supplement the Summary Judgment Record and File a Sur-Reply.

Dated: November 14, 2022                                        Respectfully submitted,

| **BLEICHMAR FONTI & AULD LLP** | **DICELLO LEVITT LLC** |
|---|---|
| By:   */s/ Lesley Weaver*<br>Lesley Weaver (Cal. Bar No.191305)<br>Angelica M. Ornelas (Cal. Bar No. 285929)<br>Joshua D. Samra (Cal. Bar No. 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 994607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>*lweaver@bfalaw.com*<br>*aornelas@bfalaw.com*<br>*jsamra@bfalaw.com* | By:   */s/ David A. Straite*<br>David A. Straite (admitted *pro hac vice*)<br>Corban Rhodes (admitted *pro hac vice*)<br>485 Lexington Avenue, 10th Floor<br>New York, NY 10017<br>Tel.: (646) 993-1000<br>Fax: (646) 494-9648<br>*dstraite@dicellolevitt.com*<br>*crhodes@dicellolevitt.com*<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*)<br>Sharon Cruz (admitted *pro hac vice*)<br>Ten North Dearborn Street, 6th Floor<br>Tel.: (312) 214-7900<br>*akeller@dicellolevitt.com*<br>*aprom@dicellolevitt.com*<br>*scruz@dicellolevitt.com* |
| **SIMMONS HANLY CONROY LLC**<br><br>By:   */s/ Jay Barnes*<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>An Truong (admitted *pro hac vice*)<br>Eric Johnson (admitted *pro hac vice*)<br>Jenny Paulson (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>*jaybarnes@simmonsfirm.com*<br>*atruong@simmonsfirm.com*<br>*ejohnson@simmonsfirm.com*<br>*jpaulson@simmonsfirm.com* | |

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2022                               */s/ David A. Straite*
                                                                              David A. Straite

**CERTIFICATE OF SERVICE**

I, David Straite, hereby certify that on November 14, 2022 I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which will send electronic notification to all counsel of record.

Dated: November 14, 2022

/s/ David Straite
David Straite