# Google's Response to Plaintiffs' Administrative Motion for Leave

# Redacted Version of Document Sought to be Sealed

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Marie Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD AS TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT AND LEAVE TO FILE A SUR-REPLY (DKT. 910)**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

Google makes a simple argument on summary judgment: Plaintiffs' claims are barred by their acceptance (by affirmatively clicking "I Agree") of Account Holder Agreements and a Privacy Policy that indisputably describe the challenged data collection. *See* Dkt. 395; *see also Smith v. Facebook*, 745 F. App'x 8 (9th Cir. 2018). The record is robust and the dispute is more than ripe. Plaintiffs have contested the Motion in a 25-page Opposition brief supported by over 1,800 pages of declarations, appendices and exhibits, at oral argument on August 26, 2022, and at a full-day evidentiary hearing on October 24, 2022 in which eight witnesses testified.

Plaintiffs' belated (and hypocritical[1]) effort to fabricate disputed facts is improper and should be denied. Their motion seeks leave to supplement the already massive record with (1) irrelevant evidence produced months ago, (2) yet *another* expert report from Dr. Shafiq rife with unfounded speculation and misstatements, and (3) a 15-page surreply that improperly rehashes arguments Plaintiffs have already made at length, and then makes new arguments about irrelevant alleged promises that are not the basis for any claims in this action. The motion should be denied.

## II. ARGUMENT

### A. The Named Plaintiff Data Is Neither "New" Evidence Nor a Proper Basis for an Additional Expert Report and Surreply

Plaintiffs claim that Google's most recent productions (on June 30, 2022 and October 28, 2022) consisted of voluminous Named Plaintiff data that justifies submitting new record evidence,

---

[1] Plaintiffs' motion is wholly inconsistent with their prior litigation position. On July 29, 2022, Google filed an Administrative Motion for Leave to Supplement the Record with the deposition transcripts of the plaintiffs in the related *Brown* case. Dkt. 798. Plaintiffs opposed the motion as procedurally improper, claiming that seeking leave to supplement the record is not a "miscellaneous administrative matter[]" within the scope of Local Rule 7-11. Dkt. 805-2, at 2. Despite their prior rhetoric, Plaintiffs' present Motion exhibits all the purported procedural improprieties of which they accused Google: (1) they filed a Local Rule 7-11 Administrative Motion to supplement the summary judgment record; (2) none of the materials they wish to add to the record fit within the exceptions identified in Local Rule 7-3; and (3) the Motion includes factual and legal arguments concerning the substance and import of the material that Plaintiffs belatedly seek to submit. Thus, should the Court deny Google's (timely) Administrative Motion to supplement the record on the procedural grounds identified by Plaintiffs, it *a fortiori* should deny Plaintiffs' untimely, procedurally improper Motion.

a brand-new 10-page expert report, *and* a 15-page surreply. But Plaintiffs' premise is false. Google has made three dozen productions of Named Plaintiff data, totaling more than ▮▮▮▮. The June 2022 production was the last installment of this data and not novel in any material way. All the information Plaintiffs now claim is "new" was actually found in prior productions. For example, Plaintiffs claim that the ▮▮▮▮ log data "was not produced until mid-2022." Dkt. 909-4 at 9. But Google produced Named Plaintiff data from that same log as early as January 31, 2022, and Plaintiffs used that data by citing it in Dr. Shafiq's Rebuttal Report filed on February 15, 2022. Dkt. 482-11 at 14, 15, 20, 42. Even more, in a brief filed on June 8, 2022 regarding use of *Calhoun* discovery in the related *RTB* case, Plaintiffs used the earlier-produced data from the same log to support the same (incorrect) claim that Google sells data to third parties.[2]

Contrary to Plaintiffs' assertion, the October 28, 2022 production contained *no* Named Plaintiff data—as Plaintiffs' expert tacitly acknowledges. *See* Dkt. 909-10 at 4-7 (analyzing "Google's October 28, 2022 Production of ▮▮▮ Proto Files"). The production consisted of a list of field names for ▮▮ data sources from which data is to be *preserved*. Dkt. 815 at 14 (requiring Google to identify on October 28, 2022 all field names for ▮▮ data sources including GAIA ▮▮ and ZWBK ▮▮ from which data is to be preserved). In short, there is nothing in the June and October 2022 productions warranting supplementation of the record.

Plaintiffs further argue the June and October 2022 productions "go[] to the 'scope and nature' of the misconduct at issue, and also demonstrate[] that Google directly links the information that Chrome sends to Google to individual users."[3] But these are the *exact* arguments Plaintiffs already extensively made in their Opposition and at the evidentiary hearing based on previously

---

[2] *Compare* Dkt. 692-2 at 5 ("The relevant logs include ▮▮▮▮▮,' which record the information shared and sold through auctions, including RTB auctions.") *with* Dkt. 909-4 at 9 ("[T]he information produced from the ▮▮▮▮ log shows that Google does sell users Personal Information.").

[3] Google has never denied that data it receives from signed-*in* Google users, like Plaintiffs, is associated with their Google Accounts. Google's disclosures detail this association for signed-in users. Indeed, Google repeatedly invites users to view their MyActivity pages, where they can *see* the data associated with their Accounts. *See* Dkt. 395 at 12.

1  produced Named Plaintiff data.[4] Simply put, the Court already has ample argument to consider
2  Plaintiffs' misguided theory.
3    Nor is yet another expert report from Dr. Shafiq appropriate. Dr. Shafiq incorrectly claims
4  that the field names that Google recently produced in connection with its preservation efforts
5  demonstrate that Google ████████████████████████████████████████████
6  ████████. Dr. Shafiq's erroneous opinion is based on speculation that, because certain ████ fields
7  associated with IDs used for unauthenticated activity exist in a proto used by a ████ column
8  associated with authenticated activity, Google must be ████████████████████████████████
9  ████. That is incorrect. Google has repeatedly explained that ████████████████████████████
10 ████████████████████████████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████████████████████. *See,*
12 *e.g.,* Dkt. 713-4 at 5-7; Broome Decl. Ex. B (Google's October 28, 2022 production letter to
13 Plaintiffs). Nonetheless, Dr. Shafiq insists, without any direct evidence, that Google routinely
14 ████████████████████████████████████████████████████████████████████████████████
15 Putting aside the lack of merit, these claims are neither new nor relevant to the Court's resolution
16 of Google's motion. *See supra* n.4. Belated, unfounded, and duplicative speculation does not
17 warrant a surreply.

---

[4] *See, e.g.* Dkt. 462 (SJ Opp.) at 2 ("[T]he extent and scope of Google's actual collection and use grossly exceed the scope of conduct disclosed in any of these new provisions . . . ."); *id.* at 3 ("Discovery has revealed that the extent and scope of Google's actual collection practices grossly exceed the scope of conduct disclosed . . . ."); *id.* at 9 ("Google's practices … grossly exceed the scope of any purported consent"); *id.* at 9-10 ("While discovery of all data associated with the Plaintiffs and held at Google is still ongoing, the amount produced thus far is overwhelming."); *id.* at 11 ("Google's secret consumer profiles are breathtaking in scope, encompassing thousands of targeting interest categories … including sensitive and personal inferences…"); *see* Declaration of Stephen Broome, Ex. A (Oct. 24, 2022 Hr'g Tr.), at 280:25–281:18 ████████████████████████
████████████████████████████████████████ *id.* at 282:24–283:5
████████████████████████████████████████████

**B. Plaintiffs' Opposition Extensively Discussed ███████ It Is Neither New Evidence Nor a Proper Basis for a Surreply**

The two ███████ documents Plaintiffs seek to add to the record are neither relevant nor new.[5] First, Plaintiffs acknowledge that Google produced the two documents over six months ago—in April 2022. Mot. 4. Plaintiffs offer no coherent explanation as to why, if the two documents are highly relevant to the Summary Judgment record, they failed to seek leave to add them earlier. *See Garrison v. Oracle Corp.*, 159 F. Supp. 3d 1044, 1062 (N.D. Cal. 2016) (denying motion to supplement record where "Plaintiffs offer no reason for their multiple-month delay in seeking to supplement the record . . . ." ).[6] Second, Plaintiffs' submission elides the fact that, well before they filed their Opposition, Google produced numerous substantively identical documents related to ███████ Indeed, their Opposition includes an entire section on ███████ making the exact same arguments Plaintiffs seek to rehash in a surreply and quoting nearly identical language from earlier-produced ███████ documents. Dkt. 462, at § III.C.4. On these facts, neither a surreply nor supplementation of the record is warranted.

**C. Sabine Borsay's Testimony Warrants Neither Supplementing the Record Nor a Surreply**

In June 2002, Plaintiffs took the deposition of Sabine Borsay, Google's Product Manager for Chrome. They offer no explanation as to why, if her testimony were so crucial, they waited nearly five months to seek leave to submit it. In any event, even a cursory review of the transcript excerpts Plaintiffs submit confirms there is no grounds for supplementation. Indeed, the testimony confirms facts *un*helpful to them. Ms. Borsay testified that Chrome *does not* send Chrome Sync

---

[5] The documents include (1) the "final" version of a draft document that Google produced on October 26, 2021 and which Plaintiffs filed with their Opposition, *see* Dkt. 461-76, and (2) interview notes relating to ███████ Google produced interview notes for one interviewee and a summary of interview notes on October 26, 2021 and October 5, 2021, respectively.

[6] Plaintiffs' post hoc argument that they waited for Judge van Keulen to issue her order on the documents' admissibility makes no sense. Given the nature of the documents, there would have been no disputes about admissibility, and Plaintiffs' purported explanation still does not explain their further delay of more than two months, from the issuance of that order on September 8, 2022 to November 14, 2022.

data, including Chrome browsing history, to Google when Sync is turned off. *See* Dkt. 909-16, at 133-35. Plaintiffs contend that "Ms. Borsay's understanding … is, in fact, wrong," but that is merely an argument—one Plaintiffs already made repeatedly in their Opposition—not a basis for supplementing the record five months after the deposition occurred.

### D. Plaintiffs' Proposed Surreply Improperly Seeks to Inject Arguments Unrelated To This Case

Under the guise of explaining purportedly "new" evidence, Plaintiffs' proposed surreply improperly injects irrelevant new arguments not previously briefed. Plaintiffs argue that Google "violates the promise in the ▓▓▓▓ consent bump which states that 'Google does not sell your personal information to anyone.'" Dkt. 909-4, at 8. Plaintiffs in this case do not assert any claim based on this statement—as this Court is aware. Rather, the statement is the basis for claims brought by Plaintiffs' counsel against Google in a *separate* action before the Court. *See In re Google RTB Consumer Privacy Litig.*, No. 21-cv-02155-YGR (N.D. Cal.). Nevertheless, Plaintiffs devote *four pages* of the proposed surreply, and much of the new proposed Shafiq report, to a head-spinning but erroneous explanation of how Google's supposed breach of a promise not to *sell* data (the claim in *RTB*) somehow voids Plaintiffs' consent to Google's *collection* of the data (the issue here).[7] The summary judgment record should not be expanded to encompass such plainly irrelevant issues.

### V.  CONCLUSION

Plaintiffs' Administrative Motion should be denied.

---

[7] Plaintiffs' proposed surreply claims that Google also "violates other express promises" that are not at issue in the case, including the Privacy Policy's statement that "We don't show you personalized ads based on sensitive categories, such as race, religion, sexual orientation,  or health." This statement is irrelevant to Plaintiffs' claims and Google's Summary Judgment  Motion.

DATED: November 18, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Marie Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
1300 I. Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: 202-538-8000
Facsimile: 202-538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*