# Barnes Declaration

# Redacted Version of Document Sought to be Sealed

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

**DICELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*
*crhodes@discellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 4:20-cv-05146-YGR-SVK

**SUPPLEMENTAL DECLARATION OF JASON "JAY" BARNES IN SUPPORT OF PLAINTIFFS' [PROPOSED] SUR-REPLY IN SUPPORT OF THEIR OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT**

Judge: Hon. Yvonne Gonzalez Rogers

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Pursuant to 28 U.S.C. § 1746, I, Jason "Jay" Barnes, affirm that I am over the age of 18 and am competent to make the following Declaration:

1. I am a shareholder at the law firm Simmons Hanly Conroy, LLC and am admitted *pro hac vice* before this Court to represent Plaintiffs in the above-captioned lawsuit. I have personal knowledge of the matters stated herein, and they are true and correct to the best of my knowledge.

2. I submit this Declaration in support of Plaintiffs' Proposed Sur-Reply in Support of Their Opposition to Google's Motion for Summary Judgment.

3. The exhibit numbering herein starts at Exhibit 76, sequential to the exhibit numbering used in the summary judgment briefing, to avoid confusion.

4. Attached as Exhibit 76 is a true and correct copy of the expert report of Prof. Zubair Shafiq, which contains Prof. Shafiq's analysis of Named Plaintiff Data that was produced after the completion of briefing on Google's motion for summary judgment and after the close of fact discovery. Specifically, Prof. Shafiq provides analysis of Named Plaintiff Data that was produced in June 2022 and October 2022.

5. Judge van Keulen determined that Google created "pipelines" in February 2021 to search, segregate and preserve data from Google's logging systems. Dkt. 862-1, Order on Pls' Mot. for Sanctions for Google's Discovery Misconduct, at 21, ¶ 87. It is my understanding, however, that the production of Named Plaintiff Data from the [REDACTED] log did not begin until the spring of 2022.

6. Attached as Exhibit 77 is a true and correct copy of GOOG-CABR-05885987, a final, internal Google paper regarding [REDACTED] which I understand contains commentary regarding consumer consent.

7. Attached as Exhibit 78 is a true and correct copy of GOOG-CABR-05885871, which I understand contains a summary of interview notes taken from key executives regarding their views on consumer consent.

8. Attached as Exhibit 79 is a true and correct copy of excerpts from the June 29, 2022 deposition transcript of Sabine Borsay.

9. It is my understanding that production of Named Plaintiff Data is not yet finished. A recent production was made on October 28, 2022. Around that same time, Google filed a motion to reconsider the Court's prior preservation order, in which it stated it is not yet fully complying with the Court's prior order. *See* Dkt. 898.

10. In addition, the Court's order on sanctions ruled that "the extensive data that has been preserved will be available as needed to address issues such as the nature and volume" of at-issue data, after class certification. *See* Dkt. 862, Order on Pls' Mot. for Sanctions, at 30, ¶121.

11. I have reviewed the policies that Google provides to consumers. Google Ads, Google Display Ads, and Google Analytics are not listed among the more than 100 consumer-facing Google services that have "service-specific policies" that apply to use of that service.

***

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of November, 2022, in Jefferson City, Missouri.

/s/ *Jay Barnes*
Jason "Jay" Barnes