**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**DECLARATION OF DONALD SETH FORTENBERY IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE'S ADMINISTRATIVE MOTION REQUESTING LEAVE TO FILE JOINT LETTER BRIEF REGARDING PRESERVATION**<br><br>Judge: Hon. Susan van Keulen, USMJ |

I, Donald Seth Fortenbery, declare as follows:

1. I am a member of the bar of the State of Kentucky and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I have been admitted pro hac vice in this matter. (Dkt. 624). I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Pursuant to Civil Local Rule 79-5, I submit this declaration in support of Google LLC's Administrative Motion to Seal portions of Google's Administrative Motion Requesting Leave to File Joint Letter Brief Regarding Preservation ("Motion"). In making this request, Google has carefully considered the relevant legal standard and policy considerations outlined in Civil Local Rule 79-5. Google makes this request with the good faith belief that the information sought to be sealed consists of Google's confidential and proprietary information and that public disclosure could cause competitive harm.

3. The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id*. at 1179-80. Such sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business

confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public."). Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

4. The information requested to be sealed contains Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations, including details related to Google's internal projects and data logging systems, and their proprietary functionalities, as well as internal metrics such as size and costs associated with internal data sources, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

5. Such highly confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 61 at 2-3.

6. Public disclosure of such highly confidential and proprietary information could affect Google's competitive standing as competitors may alter their system designs and practices relating to competing products, time strategic litigation, or otherwise unfairly compete with Google. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's data logging infrastructure.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in Somerset, Kentucky on December 23, 2022.

DATED: December 23, 2022                QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By    */s/ Donald Seth Fortenbery*
                                           Donald Seth Fortenbery

                                        *Attorney for Defendant*