# EXHIBIT A

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| BLEICHMAR FONTI & AULD LLP<br>Lesley Weaver (Cal. Bar No. 191305)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>lweaver@bfalaw.com<br><br>DICELLO LEVITT GUTZLER<br>David A. Straite (admitted *pro hac vice*)<br>One Grand Central Place<br>60 East 42nd Street, Suite 2400<br>New York, New York 10165<br>Tel.: (646) 933-1000<br>*dstraite@dicellolevitt.com*<br><br>Amy E. Keller (admitted *pro hac vice*)<br>Ten North Dearborn Street, 6th Fl.<br>Chicago, Illinois 60602<br>Tel.: (312) 214-7900<br>*akeller@dicellolevitt.com*<br><br>SIMMONS HANLY CONROY LLC<br>Jason 'Jay' Barnes (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>jaybarnes@simmonsfirm.com<br><br>***Attorneys for Plaintiffs; additional counsel listed in signature blocks below*** | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Andrew H. Schapiro (*pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Jomaire A. Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br><br>***Attorneys for Defendant; additional counsel listed in signature blocks below*** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et. al, individually and on behalf of all similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 4:20-cv-05146-LHK-SVK<br><br>**JOINT SUBMISSION RE: PRESERVATION IN LIGHT OF CLASS CERTIFICATION ORDER**<br><br>Referral: Hon. Susan van Keulen, USMJ |

December XX, 2022

Case No. 4:20-cv-05146-LHK-SVK
JOINT SUBMISSION RE: PRESERVATION IN LIGHT OF CLASS CERTIFICATION ORDER

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

  Re: Joint Submission re: Preservation Obligations in Light of Order Granting Google's Motion for Summary Judgment
    *Calhoun v. Google LLC*, Case No. 4:20-cv-05146-LHK-SVK (N.D. Cal.)

Dear Magistrate Judge van Keulen:

  Pursuant to Your Honor's November 2021 Civil and Discovery Referral Matters Standing Order, Plaintiffs and Google LLC ("Google") jointly submit this statement regarding their dispute over Google's obligation to continue preservation in light of the Court's Order Granting Google's Motion for Summary Judgment (Dkt. 935) and the Court's closure of this case (Dkt. 937).

  Google has asked Plaintiffs to stipulate that (1) Google is relieved from the obligations to preserve any data it is currently preserving pursuant to the Court's Preservation Orders on a going forward basis (that is, no accretion of new data); and (2) if Plaintiffs wish for Google to retain the data Google has already accrued pursuant to the Court's Preservation Orders, Plaintiffs will reimburse Google for storage costs incurred after December 12, 2022 (the date of the Court's summary judgment order). Google explained it would continue to hold the preserved data that relates to the Named Plaintiffs until the case is concluded. Plaintiffs have rejected Google's request.

  Google now requests that the Court order such relief in light of the changed circumstances of the case. In the alternative, Google requests that during the scheduled January 10, 2022 hearing on preservation the Court consider the effect of the Court's entry of judgment on current preservation efforts. Exhibit A contains each party's respective proposed order.

## GOOGLE'S STATEMENT

On December 12, 2022, the Court granted Google's motion for summary judgment and closed the case file. Dkts. 935 ("Summary Judgment Order"), 937. Throughout this litigation, Plaintiffs have sought extensive preservation of data related to the claims of the putative class members, culminating in the Court's July 15 and August 5, 2022 Orders on preservation, *see* Dkts. 766, 815 ("Preservation Orders"). Pursuant to those Orders, Google has preserved an enormous quantity of log-based data, and it continues to add large amounts of data daily, at a large monetary, human, and business cost. Plaintiffs' rosy prognosis of their ability to overturn Judge Gonzalez Rogers' well-reasoned summary judgment order on appeal cannot justify continuing to impose on Google these tremendous preservation costs. *See* Dkt. 897–3. Google respectfully seeks an order requiring Plaintiffs to (i) release Google from ongoing preservation (*i.e.*, the obligation to preserve new data that has not yet been written to the preservation pipelines); and (ii) either (a) allow Google to delete the data it has already collected and is preserving pursuant to the Preservation Orders; or (b) shift the cost of the preservation of such data to Plaintiffs.

***Plaintiffs' Claims and Motion for Class Certification Have Been Denied.*** Plaintiffs have repeatedly argued that sweeping preservation is justified in light of (i) Google's alleged improper collection of user data; and (ii) Google's alleged misrepresentations in the course of discovery. *See, e.g.*, Dkt. 933-2 at 2 (asserting—incorrectly—that preservation of all mapping tables and broad swaths of user data are justified because they allegedly show "that Google is surveilling Chrome users even when they are signed out . . . a practice Plaintiffs are sure a jury will find quite troubling" and that cost-shifting would "penalize Plaintiffs for Google's vexatious discovery tactics"). As to the first claim, Judge Gonzalez Rogers concluded that the data collection at issue in this case was not improper because Plaintiffs consented to it. Thus, Google has not engaged in any improper collection of any user data, and there is no factual dispute for a jury to decide. Dkt. 935 at 18–22. Plaintiffs' allegations of discovery misconduct are also unsubstantiated; discovery in this was a hard-fought battle where *Plaintiffs' counsel* have "repeatedly mischaracterize[d] the record," Dkt. 871-3 at 4, "misstate[d] or exaggerate[d] the record," *id*. at 6, "completely ignore[d] critical text and read others out of context," Dkt. 935 at 24, and "misquote[d] and cherry-pick[ed]" statements from Google documents, *id.* at 26.

***The Preservation Burden Is Immensely Large, and Plaintiffs' Likelihood of Success Immensely Low.*** It is hard to see how the data covered by the Preservation Orders could ever become relevant: even if the Ninth Circuit reversed the Judge Gonzalez Rogers' well-reasoned summary judgment order,[1] Plaintiffs would likely not succeed in certifying a Rule 23(b)(3) class given Judge Gonzalez Rogers' *Brown* class certification opinion based on issues equally applicable in *Calhoun*. *See Brown* Dkt. 803. If the Court were to maintain the status quo while the appeal is pending (likely longer than a year[2]), the burden on Google would be immense. Google has preserved an enormous quantity of data and estimates that continued preservation will require storage of more than ▮▮▮▮ of data and cost more than ▮▮▮▮ in the first three years. Dkt. 897-3 at 6–7. This is in addition to preservation of field-based ▮▮▮ data and ▮ mapping/linking tables that are the subject of Google's Motion for Relief filed on October 27, 2022, which alone would total more than ▮▮▮▮ of data and ▮▮▮▮ over the course of three years. *See Id.* at 10; Dkt. 929–3 at 2. ▮

---

[1] *See, e.g.*, Administrative Office of the U.S. Courts, *Federal Judiciary Statistical Tables*, https://www.uscourts.gov/statistics/table/b-5/statistical-tables-federal-judiciary/2022/06/30 (June 30, 2022) (only 9.1% of 9th Circuit appeals resulted in a reversal of the district court decision in the twelve month period ending June 30, 2022).

[2] *See, e.g.*, Federal Court Management Statistics, Administrative Office of the U.S. Courts, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appsumary0331.2022.pdf (March 2022) (median time from filing notice of appeal to disposition in Ninth Circuit is 12.9 months).

[REDACTED] Dkt 897-4, ¶¶ 3, 4; Dkt. 929-3 at 2.

**The Relief Google Seeks is Justified.** First, Google respectfully asks that Google's future preservation obligations (accrual of new data) be lifted. Maintaining the preservation pipelines to continue the sampling and other preservation work is labor-intensive and takes a disproportionate toll on Google's business operations. *See e.g.* Dkts. 897–5 ¶ 5; 897–7 ¶ 3; 897–9 ¶ 3. Even *if* some of this data is going to be relevant, accruing new data from the preservation pipelines is neither justified nor reasonable.

Second, as to the data that has already been sampled/segregated and preserved, Google respectfully asks the Court to order Plaintiffs to bear the cost of preservation while their appeal is pending if they insist that it has some value to them. Courts have ordered the cost of discovery to be shifted to the plaintiffs where, as here, "the discovery is asymmetrical," "the cost . . . is very significant," and the plaintiffs' decision to pursue a class action causes "the scope of discovery from Defendant [to be] greatly enlarged." *Boeynaems v. LA Fitness Int'l, LLC*, 285 F.R.D. 331, 335 (E.D. Pa. 2012). This case is directly analogous to the situation addressed in *Boeynaems*, where (i) the plaintiffs sought discovery of vast amounts of information related to putative class members that would require substantial resources to produce; (ii) the plaintiffs were "individuals [with] very few documents" who insisted that the defendant produce "millions of documents and millions of items of electronically stored information"; and (iii) the plaintiffs were represented by an experienced class action law firm that "has had outstanding successes for many years in prosecuting class actions, winning hundreds of millions of dollars for their clients, and undoubtedly and deservedly, substantial fees for [it]sel[f]." *Id.* In light of these factors, the court determined that costs should be shifted to the plaintiffs because "[i]f Plaintiffs' counsel has confidence in the merits of its case, they should not object to making an investment in the cost of securing documents from Defendant and sharing costs with Defendant." *Id.*

Plaintiffs have noticed an appeal and—despite the low probability that their appeal will succeed—have flatly refused to share any preservation costs that Google will incur while their appeal is pending. Plaintiffs are represented by "Class Counsel [with] extensive experience litigating internet privacy cases," Dkt. 339-4 at 12, who have won many millions of dollars for their clients in other class actions and recouped significant fees for themselves in the process. *See, e.g.*, Dicello Levitt & Gutzler LLP, "Facebook Agrees to Pay $90 Million to Settle Decade-Long Data Privacy Class Action Involving Secret Internet Tracking," https://dicellolevitt.com/case-study/facebook-agrees-to-pay-90-million-to-settle-decade-long-data-privacy-class-action-involving-facebooks-secret-internet-tracking/; Bleichmar Fonti & Auld LLP, "CT Insider Article Praises History Making Teva Settlement," https://www.bfalaw.com/news/ct-insider-article-praises-history-making-teva-settlement (Dec. 15, 2022) ("Connecticut-based newspaper CT Insider published an article praising BFA's success in *obtaining a $420 million settlement* for investors in Teva Pharmaceuticals Ltd . . . CT Insider reported that BFA and its Connecticut counsel Carmody Torrance, 'put in 77,000 hours investigating and *spent $10 million on outside consultants and experts*' [sic] to assemble evidence of 'a pattern of collusion between Teva and its competitors that drove up prices of at least 12 drugs and generated profits that would never have otherwise existed.'" (emphasis added)); Simmons Hanly Conroy, "Verdicts and Settlements," https://www.simmonsfirm.com/about-us/verdicts-settlements/ ("Simmons Hanly Conroy has represented thousands of clients throughout the country and recovered over *$9.6 billion* in verdicts and settlements — from mesothelioma cases and other areas of litigation — on their behalf." (emphasis added)). In short, "if [Plaintiffs' law firms] believe that this case is meritorious, [they] ha[ve] the financial ability to make an investment" in the cost of preserving data while their appeal is pending. *Boeynaems*, 285 F.R.D. at 335.

Declining to shift costs in this case would force Google to pay for Plaintiffs' appeal— whether it succeeds or not—and would provide Plaintiffs with continued leverage (which could be used to, *e.g.*, extract a monetary settlement) despite the reality that *they lost the case*. To avoid this unjust result, Google respectfully seeks an order requiring Plaintiffs to (i) release Google from

1  ongoing preservation (*i.e.*, the obligation to preserve new data that has not yet been written into the preservation pipelines); and (ii) either (a) allow Google to delete the data it is has already collected and is preserving pursuant to the Preservation Orders; or (b) shift the cost of the preservation of such data to Plaintiffs.

**PLAINTIFFS' STATEMENT**

[INSERT]

Respectfully,

[DRAFT]

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

[DRAFT]

BLEICHMAR FONTI & AULD LLP
Lesley Weaver (Cal. Bar No. 191305)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
lweaver@bfalaw.com

DICELLO LEVITT GUTZLER
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900

| | | |
|---|---|---|
| 1 | Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | akeller@dicellolevitt.com |
| 2 | | SIMMONS HANLY CONROY LLC |
| 3 | Jomaire A. Crawford (admitted *pro hac vice*)<br>jomairecrawford@quinnemanuel.com | Jason 'Jay' Barnes (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor |
| 4 | 51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | New York, NY 10016<br>Tel.: (212) 784-6400 |
| 5 | Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 | jaybarnes@simmonsfirm.com |
| 6 | Josef Ansorge (admitted *pro hac vice*)<br>josefansorge@quinnemanuel.com | **Attorneys for Plaintiffs** |
| 7 | Carl Spilly (admitted *pro hac vice*)<br>carlspilly@quinnemanuel.com | |
| 8 | Xi "Tracy" Gao (CA Bar No. 326266)<br>tracygao@quinnemanuel.com | |
| 9 | 1300 I Street NW, Suite 900<br>Washington D.C., 20005 | |
| 10 | Tel: (202) 538-8000<br>Fax: (202) 538-8100 | |
| 11 | Jonathan Tse (CA Bar No. 305468) | |
| 12 | jonathantse@quinnemanuel.com<br>50 California Street, 22nd Floor | |
| 13 | San Francisco, CA 94111<br>Tel: (415) 875-6600 | |
| 14 | Fax: (415) 875-6700 | |
| 15 | **Attorneys for Defendant Google LLC** | |

-6-    Case No. 4:20-cv-05146-LHK-SVK
JOINT SUBMISSION RE: PRESERVATION IN LIGHT OF CLASS CERTIFICATION ORDER

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

| Dated: December XX, 2022 | By [DRAFT]<br>[Name]<br>*Counsel on behalf of [Party]* |
|---|---|