**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Sara Jenkins (CA Bar No. 230097) | Teuta Fani (admitted *pro hac vice*) |
| sarajenkins@quinnemanuel.com | teutafani@quinnemanuel.com |
| 555 Twin Dolphin Drive, 5th Floor | 191 N. Wacker Drive, Suite 2700 |
| Redwood Shores, CA 94065 | Chicago, IL 60606 |
| Telephone: (650) 801-5000 | Telephone: (312) 705-7400 |
| Facsimile: (650) 801-5100 | Facsimile: (312) 705-7401 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| violatrebicka@quinnemanuel.com | tracygao@quinnemanuel.com |
| Crystal Nix-Hines (CA Bar No. 326971) | Carl Spilly (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | carlspilly@quinnemanuel.com |
| Alyssa G. Olson (CA Bar No. 305705) | 1300 I Street NW, Suite 900 |
| alyolson@quinnemanuel.com | Washington D.C., 20005 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (202) 538-8000 |
| Los Angeles, CA 90017 | Facsimile: (202) 538-8100 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Jonathan Tse (CA Bar No. 305468) |
| jomairecrawford@quinnemanuel.com | jonathantse@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | San Francisco, CA 94111 |
| Telephone: (212) 849-7000 | Telephone: (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (415) 875-6700 |

*Counsel for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**DECLARATION OF CARL SPILLY IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF GOOGLE LLC'S SUPPLEMENTAL SUBMISSION RE PRESERVATION PURSUANT TO DKT. 947**<br><br>Judge: Hon. Susan van Keulen, USMJ |

I, Carl Spilly, declare as follows:

1. I am a member of the bar of the District of Columbia and an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I have been admitted pro hac vice in this matter. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Pursuant to Civil Local Rule 79-5, I submit this declaration in support of Google LLC's Administrative Motion to Seal portions of Google LLC's Supplemental Submission Re Preservation Pursuant to Dkt. 947 ("Motion"). In making this request, Google has carefully considered the relevant legal standard and policy considerations outlined in Civil Local Rule 79-5. Google makes this request with the good faith belief that the information sought to be sealed consists of Google's confidential and proprietary information and that public disclosure could cause competitive harm.

3. The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. Such sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business

1  confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members
2  of the public."). Although the materials that Google seeks to seal here easily meet the higher
3  "compelling reasons" standard, the Court need only consider whether these materials meet the lower
4  "good cause" standard.

5      4.    The information requested to be sealed contains Google's confidential and
6  proprietary information regarding highly sensitive features of Google's internal systems and
7  operations, including details related to Google's internal projects and data logging systems, and their
8  proprietary functionalities, as well as internal metrics such as size and costs associated with internal
9  data sources, that Google maintains as confidential in the ordinary course of its business and is not
10 generally known to the public or Google's competitors.

11     5.    Such highly confidential and proprietary information reveals Google's internal
12 strategies, system designs, and business practices for operating and maintaining many of its
13 important services, and falls within the protected scope of the Protective Order entered in this action.
14 *See* Dkt. 61 at 2-3.

15     6.    Public disclosure of such highly confidential and proprietary information could affect
16 Google's competitive standing as competitors may alter their system designs and practices relating
17 to competing products, time strategic litigation, or otherwise unfairly compete with Google. It may
18 also place Google at an increased risk of cyber security threats, as third parties may seek to use the
19 information to compromise Google's data logging infrastructure.

20     I declare under penalty of perjury of the laws of the United States that the foregoing is true
21 and correct. Executed in Washington, DC on January 3, 2023.

23 DATED: January 3, 2023        QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP

26         By    */s/ Carl Spilly*
                 Carl Spilly

                 *Attorney for Defendant*