**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

*Counsel for Plaintiffs*

**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*scruz@dicellolevitt.com*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 4:20-cv-5146-YGR-SVK

**PLAINTIFFS' RESPONSE TO COURT'S DECEMBER 27, 2022 REQUEST FOR JURISDICTIONAL BRIEFING (DKT. NO. 947)**

Referral: Hon. Susan van Keulen, USMJ
Hearing: January 10, 2023, 10:00am

1    **I.    INTRODUCTION**

2        Plaintiffs' appeal has divested the District Court of jurisdiction to issue orders except those

3    necessary to preserve the "status quo" or related to issues collateral to the appeal.  But Google's

4    Motion to modify the scope of the Preservation Orders[1] seeks to ***change*** the status quo, not preserve

5    it.  The Motion also relates to an issue directly on appeal—i.e., preservation of relevant evidence,

6    and the Court's denial of Plaintiffs' motion for leave to supplement the record with data gathered

7    and preserved pursuant to the Preservation Orders. More importantly, as discussed below and more

8    fully in Plaintiffs' Opposition (Dkt. No. 938-2) to Google's Motion, Google's requested relief

9    would require re-opening discovery before it could be considered. And if granted, it would also

10    result in the permanent destruction of critical class-wide data – without first informing the putative

11    class, and prior to any ruling from the Ninth Circuit on the merits of the appeal.  The Court, with

12    the assistance of the Special Master, carefully crafted a compromise plan designed to preserve an

13    appropriate amount of data to establish liability, damages and class membership. If Google were

14    permitted to delete the preserved data, it might preemptively nullify any contrary ruling from the

15    Ninth Circuit before briefing has even started.

16        Thus while the Court has jurisdiction to ***deny*** the Motion during the appeal, it lacks

17    jurisdiction to grant it. If the Court were inclined to consider the Motion, Plaintiffs respectfully

18    submit that the proper procedure is for Google to seek an "indicative ruling" from the Court

19    pursuant to Rule 62.1 that the Motion presents "substantial issues" (i.e., would require re-opening

20    discovery; briefing on the impact of the loss of any categories of data; and notice to the putative

21    class), and await an express grant of jurisdiction from the Ninth Circuit.  This procedure was added

22    to the Federal Rules in 2009 to address the type of jurisdictional problem presented here.

23    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

24        On April 4, 2022, the Special Master, after months of discovery and briefing, submitted to

25    the Court a Report and Recommendation for a data log preservation plan. Dkt. No. 604. The Court

26

27    ---

[1]  The "Preservation Orders" means the data log preservation orders dated July 15, 2022, Dkt. No.

28    766, and August 5, 2022, Dkt. No. 815.  Google's "Motion" means Google's Motion for Relief
dated October 26, 2022 (Dkt. No. 898).

1   then set a schedule for formal, written objections, due by April 25, 2022, *see* Dkt. No. 606, and

2   held a sealed hearing on the objections on May 4, 2022. Dkt. No. 648. The Court then ordered the

3   Parties back to the Special Master to address certain of the objections and set an additional hearing

4   on June 30, 2022. Dkt. No. 667. The Court requested additional process with the Special Master,

5   Dkt. No. 749, and finally approved a modified preservation plan on July 15, 2022. Dkt. No. 766

6   (sealed); Dkt. No. 778-3 (public redacted). The Court specifically found that the Special Master

7   "appropriately took into account the burden of preserving the relevant data sources." Dkt. 778-3 at

8   5. The Court also found that the preservation plan does impose burdens, but not "undue burdens."

9   *Id*. at 6. The Court also held a hearing on August 4, 2022, giving Google yet another opportunity

10  to address burdens, including testimony from Google employees live at the hearing. On August 5,

11  2022, the Court issued an order on (1) Google's Administrative Motions for Extension/Clarification

12  of Preservation Plan Orders; and (2) *Calhoun* Plaintiffs' Administrative Motion for Clarification of

13  Preservation Plan Order. Dkt. No. 815.

14          On October 26, 2022, Google filed a motion (the "Motion" or "Mot.", Dkt. No. 898) asking

15  the Court to reconsider the scope of the prior data log preservation orders dated July 15, 2022, Dkt.

16  No. 766, and August 5, 2022, Dkt. No. 815 (together, the "Preservation Orders"). These

17  Preservation Orders adopted in part and modified in part the earlier April 4, 2022, and May 23,

18  2022 preservation recommendations from the Special Master (Dkt. Nos. 604 and 665, respectively),

19  and the Court already ruled that it "will not reconsider the scope of the Preservation Orders but is

20  now focused solely on achieving implementation of those orders within fixed time frames with firm

21  deadlines." Dkt. No. 815 at 3. During the pendency of the Motion, Google counsel conceded that

22  two of their supporting declarations were factually incorrect. *See* Google LLC's November 29,

23  2022 Administrative Motion to Supplement Motion for Relief at 2 ("Supp. Mot.", Dkt. No. 929-3

24  (sealed); 930 (public redacted)). Following the Court's December 12, 2022 Order Granting

25  Summary Judgment and Denying Plaintiffs' Motion to Supplement the Record (Dkt. No. 935), the

26  Plaintiffs filed a timely notice of appeal, see Dkt. Nos. 941 and 946, and Google then filed an

27  administrative motion for leave to allow further briefing. Dkt. No. 945. The Court then instructed

28  the parties to file briefs not to exceed 7 pages addressing jurisdiction. Dkt. No. 947.

1    **III.    LEGAL STANDARD**

2        **A.    The District Court May Preserve the Status Quo During the Appeal**

3        "The filing of a notice of appeal is an event of jurisdictional significance—it confers

4    jurisdiction on the court of appeals and divests the district court of its control over those aspects of

5    the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co*., 459 U.S. 56, 58 (1982).

6    "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being

7    appealed." *Nat. Resources Def. Council v. Sw. Marine Inc*., 242 F.3d 1163, 1166 (9th Cir. 2001).

8    While an appeal is pending, the District Court may preserve the "status quo," *Tribe v. United States*

9    *Bureau of Reclamation*, 319 F.Supp.3d 1168, 1173 (N.D. Cal. 2018), but may not take any action

10    "that could not later be undone." *In re TFT–LCD (Flat Panel) Antitrust Litig*., 2013 WL 6055079,

11    at *1 (N.D. Cal. Nov. 13, 2013).

12        **B.    The District Court May Alter the Status Quo Only with Permission of the Ninth**
13            **Circuit Pursuant to Rule 62.1**

14        Adopted in 2009, Rule 62.1 provides a process for District Courts to entertain motions that

15    they ordinarily would lack jurisdiction to grant:

16        *Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal*

17        (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks
        authority to grant because of an appeal that has been docketed and is pending, the
18        court may:

19            (1) defer considering the motion;
20            (2) deny the motion; or
            (3) state either that it would grant the motion if the court of appeals remands
21            for that purpose or that the motion raises a substantial issue.

22        (b) Notice to the Court of Appeals. The movant must promptly notify the circuit
        clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that
23        it would grant the motion or that the motion raises a substantial issue.

24        (c) Remand. The district court may decide the motion if the court of appeals remands
25        for that purpose.

26    Fed. R. Civ. P. 62.1. The 2009 Advisory Committee notes to Rule 62.1 make plain that if the motion

27    would require extensive discovery and would be mooted by a successful appeal, the District Court

28

is permitted to rule that the motion presents a "substantial issue" without indicating whether the motion would or would not be ultimately granted:

> . . . a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal. The district court is not bound to grant the motion after stating that the motion raises a substantial issue; further proceedings on remand may show that the motion ought not be granted.

2009 Advisory Committee Note to Rule 62.1; *see also Apple Inc. v. Samsung Elecs. Co., Ltd*., 11-cv-1846-LHK, 2012 WL 4097751 (N.D. Cal., Sept. 17, 2012) (issuing "indicative ruling" that the post-appeal motion presented a "substantial issue.").  The Ninth Circuit may then grant the District Court limited jurisdiction to address the issue.

## IV.    ARGUMENT

### A.    Google's Motion Seeks to Change the Status Quo, not Preserve It

The District Court retains limited jurisdiction to issue orders that preserve the status quo while a case is on appeal.  But Google's requested relief would change, not preserve, the status quo. As this Court noted, a District Court "may not take any action that would change the core issues before the appellate court *or that could not later be undone on appeal*." *In re TFT-LCD (Flat Panel) Antitrust Litig*., 2013 WL 6055079 (N.D. Cal. Nov. 13, 2013) (emphasis added). Google is proposing relief explicitly designed to be irreversible, before the Ninth Circuit issues its ruling, and the District Court therefore lacks jurisdiction to grant the relief.

### B.    Google's Requested Relief Relates to an Issue on Appeal

A District Court also retains limited jurisdiction to decide a post-appeal motion "where the issue before the district court is separate from, or collateral to, the matter involved in the appeal." *Ashker v. Cate*, 2019 WL 1558932 (N.D. Cal. Apr. 10, 2019). This is the exception that Google argues applies to its Motion. Dkt. No. 950 at 2. But Google is incorrect.

Prior orders related to preservation of relevant evidence are always involved in an appeal when the case is dismissed – to decide otherwise would give District Courts the power to effectively

1  moot any decision of the Appeals Court. *See Munoz v. Small Bus. Admin*., 644 F.2d 1361, 1364

2  (9th Cir. 1981) ("an appeal from the final judgment draws in question all earlier non-final orders

3  and all rulings which produced the judgment"); *Mendible v. Special Proceeding Department of the*

4  *Wake County Court*, 2022 WL 2303964 (4th Cir. 2022) (Magistrate's interlocutory orders

5  "generally merge into the district court's final judgment"); *Lister v. W. Indus. Corp*., 2021 WL

6  3030371, at *3 (10th Cir. July 19, 2021) (Magistrate's discovery order merges into final judgment

7  for purposes of Notice of Appeal). Courts have recognized as collateral matters issues such as

8  contempt charges, sanctions, sealing and unsealing records under protective orders, i.e., matters

9  that do not bear on the determination of the underlying action. But here, the preservation of relevant

10  evidence undoubtedly has a direct effect on the merits of the case, as noted by this Court when it

11  directed the parties to ensure that their objections to the Preservation Plan adequately address

12  liability, damages and class member identification. Dkt. No. 639. A motion to delete relevant data

13  necessarily involves these issues and they are central, not collateral, to the Plaintiffs' appeal.

14       Google's citation to *Lord Abbett Municipal Income Fund, Inc. v. Asami*, 2014 WL 5477639

15  (N.D. Cal. Oct. 29, 2014) misses the mark. In *Lord Abbett*, the Court found the preservation of

16  computers was a "collateral" matter because there was "no basis from which to reasonably conclude

17  that the computers contain[ed] relevant evidence." *Id*. at *2. Thus, an order related to preservation

18  was collateral to the appeal (and also did not change the status quo) because win or lose in the Court

19  of Appeals, the loss of ***irrelevant*** data would have no impact on the case.  In contrast here, the

20  Special Master and the Court have repeatedly found the preserved data to be relevant, and thus an

21  order modifying preservation obligations is central to the appeal. Likewise, in *Lord Abbett*, the

22  defendant offered to make the computers available for inspection, which plaintiff refused—here, in

23  contrast, Plaintiffs sought "clean room" access to Google's databases and Google refused.

24       Google cites to no case where a District Court found that it had jurisdiction to authorize the

25  destruction of ***relevant*** evidence while a case was on appeal following full dismissal.[2]

26  _____

27  [2] Plaintiffs are also appealing the Court's order denying leave to supplement the record with new
    discovery obtained after briefing on Google's summary judgment motion concluded, including data
    produced just this past October 2022 pursuant to the Court's Preservation Orders. Dkt. No. 910 at

28  3–4.

**C.    Google's Requested Relief Would Require Re-Opening Discovery and Thus Should Be Evaluated Under Rule 62.1**

Google's Motion is supported by new "evidence" never produced during discovery, in violation of Rule 37. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (failure to disclose or supplement).  Google even admits it in its Reply:

> Google seeks relief from a burden it did not and could not fully know until it sought to implement the Court's orders and discovered the enormous burdens the preservation requirements would impose…Google's motion [is] based on new, material evidence that was unavailable when the Court issued its Preservation Order…

Google's Reply in support of Motion, Dkt. 942-4 at 14.

The discovery needed to evaluate Google's new factual bases for its requested relief would be extensive, and suggest that Rule 62.1 is the only way the District Court could have jurisdiction:

1.    ***Mapping Tables***: Google makes unsubstantiated assertions regarding the need to preserve mapping tables, arguing that there are documents in the production that relate to and inform the assertions.  Dkt. No. 942-4 at p. 6.  Plaintiffs strongly disagree and indeed Google refuses to even identify (1) mappings that Google is preserving; or (2) mappings Google seeks to destroy. Discovery is clearly needed.

2.    ***Retention Periods***:  Google made new disclosures in October 2022 pursuant to the Court's Preservation Plan. With these belated disclosures, Plaintiffs have a more complete picture of the data sources where relevant data live, and any modifications to the Preservation Plan must necessarily involve reopening discovery into these newly revealed data sources, including for example whether any data are stored in sources where the retention periods would cover the expected duration of the appeal. Discovery would be particularly important if the Court were considering a partial or full cost-shifting solution, because it would be plainly unfair to make Plaintiffs pay for preservation of data that is already being preserved in the ordinary course.[3]

---

[3]  The Preservation Orders forbid Google from altering preservation periods, Dkt. No. 766 at 8, a ruling that Google does not seek to change in the Motion.

3.    ***Overlap with Retention in Brown v. Google:*** while the *Brown* and *Calhoun* matters have distinct preservation plans, there is substantial overlap. The *Calhoun* Plaintiffs thus have a right to seek discovery into the extent to which data preservation overlaps if the Court were to consider Google's Motion. As above, it would be unfair to make the *Calhoun* Plaintiffs pay for preservation of data already being preserved in *Brown*.  Indeed, the *Brown* and *Calhoun* Plaintiffs were not always permitted to share materials during the Special Master process, and we are somewhat in the dark about what precisely is being preserved in *Brown*. Similarly, Plaintiffs repeatedly sought discovery into what data is being preserved for other matters, including regulatory investigations, but Google refused.  If the Court were to consider cost-shifting, Plaintiffs now have a right to know if the data is already subject to retention obligations in those other cases.

4.    ***Cost and Burdens of Continuing Preservation:*** as discussed more fully in Plaintiffs' opposition to Google's Motion, Google's cost estimates are based on new evidence and Google concedes that some declarations are incorrect in any event. It would therefore be inappropriate to render a ruling based on this confused factual record without re-opening discovery. Furthermore, Google continues to use its retail cloud storage rates for its preservation cost estimates – thus, Google could be making a ***profit*** on the preservation plan if costs were shifted to Plaintiffs. Discovery would be needed to (at a minimum) determine the true out-of-pocket costs to Google.

### D.    Granting Google's Motion Would Require Notice to the Putative Class

Finally, it bears noting that Google seeks to destroy full class member data but not "Named Plaintiff" data.  Under Rule 23(d), the putative class has a right to know that evidence of their damages, and Google liability, and their membership in the class, is being destroyed, so that each can make an informed decision whether to file a separate action.  Evaluating a Rule 23(d) motion and notice program would also be a "substantial issue" under Rule 62.1.

## V.    CONCLUSION AND RELIEF REQUESTED

Plaintiffs respectfully request that the Court deny Google's Motion. In the alternative, Plaintiffs respectfully request that the Court issue an "indicative ruling" that Google's request raises "substantial issues" per Fed. R. Civ. P. 62.1 that cannot be resolved without additional discovery.

1    Respectfully Submitted this 6th day of January, 2023.

2    **BLEICHMAR FONTI & AULD LLP**                    **DiCELLO LEVITT LLC**

3    By: _/s/ Lesley Weaver_                           By: _/s/ David Straite_
     Lesley E. Weaver (Cal. Bar No. 191305)            David A. Straite (admitted _pro hac vice_)
4    Angelica M. Ornelas (Cal. Bar No. 285929)         Corban Rhodes (admitted _pro hac vice_)
     Joshua D. Samra (Cal. Bar No. 313050)             485 Lexington Ave., Tenth Floor
5    555 12th Street, Suite 1600                       New York, NY 10017
     Oakland, CA 94607                                 Tel.: (646) 933-1000
6    Tel.: (415) 445-4003                              Fax: (646) 494-9648
7    Fax: (415) 445-4020                               _dstraite@dicellolevitt.com_
     _lweaver@bfalaw.com_                              _crhodes@dicellolevitt.com_
8    _aornelas@bfalaw.com_
9    _jsamra@bfalaw.com_                               Amy E. Keller (admitted _pro hac vice_)
                                                       Adam Prom (admitted _pro hac vice_)
10   **SIMMONS HANLY CONROY LLC**                      Sharon Cruz (admitted _pro hac vice_)
                                                       Ten North Dearborn Street, 6th Fl.
11   By: _/s/ Jay Barnes_                              Chicago, Illinois 60602
     Jason 'Jay' Barnes (admitted _pro hac vice_)      Tel.: (312) 214-7900
12   An Truong (admitted _pro hac vice_)               _akeller@dicellolevitt.com_
13   Eric Johnson (admitted _pro hac vice_)            _aprom@dicellolevitt.com_
     Jenny Paulson (admitted _pro hac vice_)           _scruz@dicellolevitt.com_
14   112 Madison Avenue, 7th Floor
     New York, NY 10016
15   Tel.: (212) 784-6400
     Fax: (212) 213-5949
16   _jaybarnes@simmonsfirm.com_
17   _atruong@simmonsfirm.com_
     _ejohnson@simmonsfirm.com_
18   _jpaulson@simmonsfirm.com_

19   _Counsel for Plaintiffs_

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**</u>

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th Day of January, 2023, at Marbletown, New York.

                                        */s/ David Straite*
                                        David Straite

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, I caused to be electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.


*/s/ David Straite*
David Straite

PLAINTIFFS' BRIEF RE: JURISDICTION
CASE NO.: 4:20-cv-05146-YGR-SVK