**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Sara Jenkins (CA Bar No. 230097) | Teuta Fani (admitted *pro hac vice*) |
| sarajenkins@quinnemanuel.com | teutafani@quinnemanuel.com |
| 555 Twin Dolphin Drive, 5th Floor | 191 N. Wacker Drive, Suite 2700 |
| Redwood Shores, CA 94065 | Chicago, IL 60606 |
| Telephone: (650) 801-5000 | Telephone: (312) 705-7400 |
| Facsimile: (650) 801-5100 | Facsimile: (312) 705-7401 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| violatrebicka@quinnemanuel.com | tracygao@quinnemanuel.com |
| Crystal Nix-Hines (CA Bar No. 326971) | Carl Spilly (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | carlspilly@quinnemanuel.com |
| Alyssa G. Olson (CA Bar No. 305705) | 1300 I Street NW, Suite 900 |
| alyolson@quinnemanuel.com | Washington D.C., 20005 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (202) 538-8000 |
| Los Angeles, CA 90017 | Facsimile: (202) 538-8100 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Jonathan Tse (CA Bar No. 305468) |
| jomairecrawford@quinnemanuel.com | jonathantse@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | San Francisco, CA 94111 |
| Telephone: (212) 849-7000 | Telephone: (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (415) 875-6700 |

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL THE COURTROOM FOR JANUARY 10, 2023 HEARING**<br><br>Referral: Hon. Susan van Keulen, USMJ<br>Hearing Date: January 10, 2023<br>Hearing Time: 10:00 A.M. |

## I. INTRODUCTION

Google requests the Court seal the upcoming January 10, 2023 hearing as it will necessarily entail discussion of information Google has designated as Confidential or Highly Confidential-Attorneys' Eyes Only. Noticed for the January 10, 2023 hearing are Google's Motion for Relief Regarding Preservation (Dkt. 898), Google's Administrative Motion to Supplement (Dkt. 930), Plaintiffs' Opposition (Dkt. 934), and Google's Reply (Dkt. 943). *See* Dkt. 905. In addition, the parties have filed supplemental submissions regarding the Court's jurisdiction over issues related to Google's preservation obligations that will also be discussed. Dkts. 947, 950, 952. All of the parties' filings (with the exception of Dkt. 952) contain information sought to be redacted from the public docket pursuant to the Protective Order in this case. *See* Dkts. 897, 929, 938, 942, 949.

Google intends to discuss at the January 10, 2023 hearing information that it has designated as Confidential or Highly Confidential-Attorneys' Eyes Only. Both parties will need to freely speak regarding the substance of the filings identified above, including the information that has been redacted from the public docket. These discussions will contain Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including (1) Google's internal data structures and fields at issue, such as particular logs, locations, and identifiers, and (2) internal metrics related to Google's storage of data, costs associated with that storage, and information on Google's processes for doing so. This information is at the heart of the hearing.

Therefore, Google now moves the Court to seal the courtroom for the January 10, 2023 hearing. In light of the highly confidential material to be discussed at the hearing, Google asked Plaintiffs if they opposed Google's request. Fortenbery Decl., ¶ 3. Plaintiffs stated they oppose the request and noted that, if reference to sealed material was required, the parties could use code words or reference docket, page, and line numbers. *Id.* Given the focus of the hearing is Google's preservation of the confidential information identified above, and it is likely to include discussion of numerous data sources, identifiers, and their import (or non-import), Google contends Plaintiffs' suggestion is not an efficient way to proceed.

To the extent the Court believes particular issues may be discussed publicly without discussion of Google's confidential information, such as legal arguments regarding the effect of the Court's Summary Judgment Order on Google's preservation obligations, Google requests such issues be taken up first, followed by sealed discussion of remaining matters that will necessarily entail disclosure of Google's confidential information.

## II.  LEGAL STANDARD

The common law right of public access to judicial proceedings is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Crowe v. Cty. of San Diego*, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("[T]here is no right of access which attaches to all judicial proceedings." (internal citations omitted)). The right is weakest where, as here, the proceedings concern a non-dispositive discovery motion; rather than satisfy the more stringent "compelling reasons" standard, a party seeking to seal materials in these circumstances must make only a "particularized showing" of "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Such sealing at trial is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"); *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1275 (S.D.N.Y. 1982) ("[T]he overriding interest to be found in business confidences . . . require[s] . . . temporary reasonably restricted access to the Courtroom of members of the public.").

## III.  THE HEARING SHOULD BE SEALED BECAUSE PARTIES' ARGUMENTS WILL NECESSARILY INVOLVE DISCLOSURE OF GOOGLE'S HIGHLY SENSITIVE MATERIAL

All facts weigh in favor of sealing the January 10, 2023 hearing. The "good cause" standard that governs the sealing determination in non-dispositive motions is easily met. The parties' briefing contains detailed discussions on Google's confidential information, including the highly sensitive

features of Google's systems and operations. *See* Dkts. 898, 930, 934, 943, 950. As explained in the Administrative Motions and supporting papers seeking redaction of these filings, the information sought to be sealed for this hearing reveals Google's internal strategies, system designs, and business practices for operating and maintaining data related to many of its important services while complying with its legal and privacy obligations. *See* Dkts. 897, 929, 938, 942, 949. Such information is protectable and must be kept confidential in order to prevent harm to Google's competitive standing. *Id*. Moreover, public disclosure of Google's confidential information may put Google at an increased risk of cybersecurity threats. *Id*.

While Google has previously sought to seal only portions of hearings (or only particular data sources that may be referenced), this hearing is likely to focus on the details of particular data Google is storing. It will necessarily entail detailed discussion of the information Google has sought to redact from the public record in the underlying briefing, such as the size and location of particular data sources, Google's costs associated with storing that data, specific identifiers contained in the data, and the import (or non-import) of particular fields. Finding code names or otherwise avoiding discussion of these specifics is infeasible, given the subject matter of the hearing.

Given the importance and highly sensitive nature of the aforementioned information related to the parties' disputes, Google believes that sealing the courtroom is the correct and most effective approach. To the extent the Court believes particular issues may be discussed publicly without discussion of Google's confidential information, such as legal arguments regarding the effect of the Court's Summary Judgment Order on Google's preservation obligations, Google requests such issues be taken up first, followed by sealed discussion of remaining matters that will necessarily entail disclosure of Google's confidential information.

**IV.   CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court seal the January 10, 2023 hearing.

| | | |
|---|---|---|
| 1 | DATED: January 6, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By  /s/ Andrew H. Schapiro |
| | | Andrew H. Schapiro (admitted *pro hac vice*) |
| 4 | | andrewschapiro@quinnemanuel.com |
| | | 191 N. Wacker Drive, Suite 2700 |
| 5 | | Chicago, IL 60606 |
| | | Telephone: (312) 705-7400 |
| 6 | | Facsimile: (312) 705-7401 |
| 7 | | |
| | | Stephen A. Broome (CA Bar No. 314605) |
| 8 | | stephenbroome@quinnemanuel.com |
| | | Viola Trebicka (CA Bar No. 269526) |
| 9 | | violatrebicka@quinnemanuel.com |
| | | 865 S. Figueroa Street, 10th Floor |
| 10 | | Los Angeles, CA 90017 |
| | | Telephone: (213) 443-3000 |
| 11 | | Facsimile: (213) 443-3100 |
| 12 | | |
| | | Diane M. Doolittle (CA Bar No. 142046) |
| 13 | | dianedoolittle@quinnemanuel.com |
| | | 555 Twin Dolphin Drive, 5th Floor |
| 14 | | Redwood Shores, CA 94065 |
| | | Telephone: (650) 801-5000 |
| 15 | | Facsimile: (650) 801-5100 |
| 16 | | |
| | | Josef Ansorge (admitted *pro hac vice*) |
| 17 | | josefansorge@quinnemanuel.com |
| | | 1300 I. Street, N.W., Suite 900 |
| 18 | | Washington, D.C. 20005 |
| | | Telephone: 202-538-8000 |
| 19 | | Facsimile: 202-538-8100 |
| 20 | | |
| | | Jomaire A. Crawford (admitted *pro hac vice*) |
| 21 | | jomairecrawford@quinnemanuel.com |
| | | 51 Madison Avenue, 22nd Floor |
| 22 | | New York, NY 10010 |
| | | Telephone: (212) 849-7000 |
| 23 | | Facsimile: (212) 849-7100 |
| 24 | | Jonathan Tse (CA Bar No. 305468) |
| | | jonathantse@quinnemanuel.com |
| 25 | | 50 California Street, 22nd Floor |
| | | San Francisco, CA 94111 |
| 26 | | Telephone: (415) 875-6600 |
| | | Facsimile: (415) 875-6700 |
| 27 | | |
| 28 | | *Attorneys for Defendant Google LLC* |