**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 4:20-cv-05146-YGR-SVK <br><br> **GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR INDICATIVE RULING REGARDING SCOPE OF SUMMARY JUDGMENT ORDER PURSUANT TO RULES 60(A) AND 62.1** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Hearing: February 21, 2023, 2:00 pm <br> Courtroom 1, 4th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, on February 16, 2023, or as soon thereafter as this motion may be heard, before the Honorable Yvonne Gonzalez Rogers of the United States District Court, Northern District of California at the Oakland Courthouse, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Google LLC ("Google") will and hereby does move the Court to issue an indicative ruling pursuant to Federal Rules of Civil Procedure 60(a) and 62.1 that, upon an order by the Ninth Circuit granting limited remand, the Court will amend its Order Granting Google's Motion for Summary Judgment (Dkt. 935) ("Summary Judgment Order") and Judgment (Dkt. 937) to make clear that the Summary Judgment Order and Judgment resolve Counts 1, 6, 10, 12, 15, and 16 of Plaintiffs' First Amended Complaint. In the alternative, Google requests that the Court issue an order that Google's motion raises a "substantial issue" that the Court will decide upon limited remand from the Ninth Circuit.

Google's Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the concurrently filed Declaration of Viola Trebicka ("Trebicka Decl."); all matters of which the Court may take judicial notice; other pleadings and papers on file in this action; and other written or oral argument that Google may present to the Court.

## ISSUE TO BE DECIDED

Whether the Court's Summary Judgment Order (Dkt. 935) and Judgment (Dkt. 937) should be amended to terminate Plaintiffs' six "dormant" claims that were not selected by the parties for litigation through trial (Dkt. 54).

## RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 60(a) and 62.1, Google respectfully requests that the Court issue an indicative ruling that, upon an order of the Ninth Circuit granting limited remand, the Court will amend the Summary Judgment Order and Judgment to make clear that Plaintiffs' consent to the challenged data collection requires dismissal of Counts 1, 6, 10, 12, 15, and 16 in Plaintiffs' First Amended Complaint. In the alternative, Google requests that the Court issue an order that Google's motion raises a "substantial issue" that the Court will decide upon

limited remand from the Ninth Circuit. If the Court issues either order, Google will seek a limited remand from the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 12.1.

DATED: January [], 2023                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By    */s/Andrew H. Schapiro*
                                              Andrew H. Schapiro

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 18, 2020, before the parties briefed Google's first motion to dismiss in this case, the district court (Koh, J.) took the unusual step of asking the parties to jointly select ten causes of action (of the 16 Plaintiffs had asserted) to litigate through trial. Dkt. 51. Judge Koh ruled that the district court and the parties would consider how to deal with the remaining six causes of action (the "Dormant Claims") after trial.[1] *Id.* As a result, the Dormant Claims have not yet been litigated.

Judge Koh was subsequently elevated to the Ninth Circuit and the case was reassigned to this Court. On December 12, 2022, the Court granted summary judgment in favor of Google on the basis of Plaintiffs' express consent to the challenged data collection, dismissed all six remaining causes of action that survived Google's motion to dismiss,[2] and entered judgment closing the case. Dkt. 935, 937. The Summary Judgment Order applies with equal force to the Dormant Claims, and they too should be dismissed. However, given the extraordinary posture of the case, the Dormant Claims are not technically encompassed by the Summary Judgment Order or Judgment. The omission of any discussion of the Dormant Claims in the Summary Judgment Order is precisely the type of ambiguity that a motion for clarification is designed to address.[3]

Both judicial economy and equitable considerations counsel for finality regarding the Dormant Claims.[4] Until an order specifically addressing the Dormant Claims is entered, the claims

---

[1]   The Dormant Claims are Counts 1, 6, 10, 12, 15, and 16.
[2]   Judge Koh dismissed four of Plaintiffs' claims selected by the parties upon Google's motion to dismiss. Dkt. 142 (dismissing Counts 2, 3, 4, and 11).
[3]   *See, e.g.*, *In re Twitter, Inc. Sec. Litig.*, 2020 WL 2519890, at *2 (N.D. Cal. May 18, 2020) (granting motion for clarification of summary judgment order that omitted discussion of two statements challenged by the defendant; "The Court's omitting to discuss these statements in its prior order denying summary judgment was an oversight, which this order now corrects."); *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2020 WL 1914953, at *2 (N.D. Cal. Apr. 20, 2020) ("The Court agrees with Celestron Acquisition that it is unclear whether the term 'Celestron' as used in the Assignment Order refers to both Celestron Acquisition and Celestron Global, particularly in light of the fact that Celestron Global is a foreign entity. Thus, the Court finds that this ambiguity warrants clarification of the Assignment Order.").
[4]   *See, e.g.*, *In re M/V DG HARMONY*, 2007 WL 895251, at *1 (S.D.N.Y. Mar. 16, 2007) (clarification of final order justified where it would "aid the appeal process and . . . serve the interests of judicial economy" by clarifying that certain defendants were "0% at fault").

technically remain pending and the Judgment might not be truly final. This impacts Google's ability to file a motion for costs and Plaintiffs' pending appeal of the Summary Judgment Order. Indeed, Plaintiffs refuse to state their position on the Dormant Claims, and Google is concerned that Plaintiffs may raise them as part of their appeal, or at some unknown future date. Resolving this issue now would provide finality for the parties and avoid the need for the Ninth Circuit to address the status of these claims in the first instance. Therefore, Google respectfully moves pursuant to Federal Rules of Civil Procedure 60(a) and 62.1 for an indicative ruling that, upon a limited remand from the Ninth Circuit, the Court will amend its Summary Judgment Order and Judgment to make clear that Plaintiffs' consent to the challenged data collection defeats the Dormant Claims as well. In the alternative, Google requests that the Court issue an order that Google's motion raises a "substantial issue" that the Court will decide upon limited remand from the Ninth Circuit.

## II.    BACKGROUND

On July 27, 2020, Plaintiffs filed the original complaint asserting 16 causes of action. Dkt. 1. On September 10, 2020, Google filed a motion requesting an expansion of the page limits for its forthcoming motion to dismiss in light of the high number of causes of action. Dkt. 50. On September 18, 2020, Judge Koh denied Google's motion and ordered that "the instant case be litigated through trial on 10 selected claims *after which the Court and the parties can discuss what to do about the remaining 6 claims.*" Dkt. 51 (emphasis added). Pursuant to the Court's order, the parties submitted a joint statement selecting the ten claims to litigate through trial. Dkt. 54. The statement did not include the Dormant Claims. *Id.*

On December 13, 2021, Judge Koh was confirmed to the Ninth Circuit, and on January 21, 2022, this case was transferred to this Court. Dkt. 471.

On August 26, 2022, the Court held a hearing on Google's motion for summary judgment and Plaintiffs' motion to certify the class. At the hearing, the Court addressed the Dormant Claims in brief, noting, for example, that Plaintiffs "decided not to proceed on" their quasi-contract cause of action, Aug. 26, 2022 Hrg. Tr. 51:21, and that it "understand[s] that [Plaintiffs] still have [a quasi-contract claim] here . . . It's never been dismissed." *Id.* at 53:6–7. On December 12, 2022, the Court

issued its ruling finding that Plaintiffs consented to the challenged data collection and entered summary judgment in Google's favor. Dkt. 935. The Summary Judgment Order does not expressly state whether the Dormant Claims are also terminated in light of Plaintiffs' consent. The Court's Judgment (Dkt. 937), relying on the Summary Judgment Order, similarly does not address the Dormant Claims.

Google informed Plaintiffs that it would seek the relief requested herein, and asked Plaintiffs for their position. Plaintiffs refused to tell Google their position and stated that, in light of their pending appeal, they believe the Court lacks jurisdiction to address whether the Summary Judgment Order and Judgment apply to all claims. Trebicka Decl. ¶¶ 2–3.

### III.    ARGUMENT

#### A. The Court Has Jurisdiction to Provide an Indicative Ruling Indicating that It Would Grant Google's Requested Relief on Limited Remand from the Ninth Circuit, or Alternatively, that Google's Motion Raises a "Substantial Issue"

"A court may clarify its order for any reason." *Wahl v. Am. Sec. Ins. Co.*, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010). The Federal Rules of Civil Procedure allow a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. Proc. 60(a). "[A]fter an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *Id.* If the Court is inclined to grant Google's motion, or if it finds that the motion raises a substantial issue, it may issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1, and Google will seek a limited remand from the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 12.1. "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2020 WL 3892869, at *1 (N.D. Cal. July 10, 2020) (citing *Padgett v. Loventhal*, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015)).

Here, clarification is warranted because, in light of the highly unusual posture of the case the Court inherited, the effect of the Summary Judgment Order on the Dormant Claims is not

specifically addressed. As the prevailing party, Google has an interest in ensuring that there is no ambiguity regarding the Dormant Claims, and clarifying that the Court's Judgment is final.

      **B. The Court Should Issue an Indicative Ruling that, Upon Remand, It Would Amend the Summary Judgment Order and Judgment to Clarify that Plaintiffs' Dormant Claims Are Also Dismissed**

The Summary Judgment Order precludes Plaintiffs from continuing to pursue the Dormant Claims. The Dormant Claims are based on the same predicate facts as the claims the Court dismissed—*i.e.*, Google's alleged data collection from Chrome users choosing not to enable Chrome's "sync" feature. In granting summary judgment, the Court "analyze[d] (1) whether each named plaintiff consented to the at-issue conduct and (2) the extent to which the consents were effective and legally sufficient." Dkt. 935 at 1. There is no question that Plaintiffs' consent to the at-issue data collection requires dismissal of the Dormant Claims as well.

*Count 1: Wiretap Act: Unauthorized Interception of Electronic Communications 18 U.S.C. § 2510, et seq.:* This claim relies on the same factual allegations as the claims the Court dismissed. *See, e.g.*, Dkt. 163 ¶ 269 ("Plaintiffs hereby incorporate all other paragraphs as if fully stated herein."). Plaintiffs' "interception" claim is based on 18 U.S.C. § 2511, which provides that an interception is not unlawful "where one of the parties to the communication has given prior consent." Plaintiffs' consent thus requires this claim be dismissed. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1213 (N.D. Cal. 2014) (Wiretap Act claims dismissed because the plaintiffs' complaint "as pleaded, suggests that [they] have consented to or authorized the collection of email addresses"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1031 (N.D. Cal. 2014) (Wiretap Act claim dismissed because "users were on notice and thus consented to how Yahoo 'collects' and 'stores' the content from emails for 'future use'"). Indeed, the Summary Judgment Order dismissed Plaintiffs' wiretapping claims under CIPA on the basis of consent; that reasoning applies with equal force to Plaintiffs' wiretapping claim under the federal Wiretap Act. *See NovelPoster v. Javitch Canfield Group*, 140 F.Supp.3d 938, 954 (N.D. Cal. 2014) ("The analysis for a violation of CIPA is the same as that under the federal Wiretap Act."); *Garcia v. Enterprise Holdings, Inc.*, 78 F. Supp.

3d 1125, 1135-37 (N.D. Cal. 2015) (dismissing CIPA claim where app provider's terms and privacy policy provided consent for the alleged disclosures).

*Count 6: Invasion of Privacy:* This cause of action relies on the same factual allegations as Plaintiffs' dismissed claims. *See, e.g.*, Dkt. 163 ¶ 335 ("Plaintiffs hereby incorporate all other paragraphs as if fully stated herein."). Consent is a complete defense to an invasion of privacy claim. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 26 (1994) ("[T]he plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant."); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955-56 (N.D. Cal. 2017), *aff'd* 745 F. App'x 8 (9th Cir. 2018) ("Plaintiff's consent [] bars their common-law tort claims and their claim for invasion of privacy under the California Constitution."). The Court's finding that Plaintiffs consented to the at-issue data collection requires dismissal of their invasion of privacy claim.

*Count 10: Quasi-Contract (Restitution and Unjust Enrichment) (In Alternative to Contract Claims):* This claim relies on the same factual allegations as Plaintiffs' dismissed claims. *See, e.g.*, Dkt. 163 ¶ 370 ("Plaintiffs incorporate all preceding paragraphs as though set forth herein."). The Court determined that Plaintiffs consented to the data collection through their account holder agreements and by their acceptance of Google's Privacy Policy because those documents disclose the data collection. *See* Dkt. 935 at 17-20. "Under . . . California . . . law, unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir.1996); *see also California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001) ("When parties have an actual contract covering a subject, a court cannot—not even under the guise of equity jurisprudence—substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract." (citation omitted)); *Attebury Grain LLC v. Grayn Co.*, 721 F. App'x 669, 672 (9th Cir. 2018)("Attebury's relationship with Superior was defined by contract, so Attebury cannot advance a quasi-contract action premised on Superior's breach of that

contract."). As such, consent is a defense to this claim. *See Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1120 n.6 (9th Cir. 2018) ("The Caddies' quasi-contract claims include unjust enrichment, quantum meruit, and money had and received. The Caddies' consent to wearing the bibs in exchange for participation in the tournaments defeats these claims."). The Summary Judgment Order establishes that there is, in fact, a valid and enforceable agreement between Plaintiffs and Google, and the Court has enforced it by dismissing Plaintiffs' claims. *See, e.g.*, Dkt. 935 at 19 ("Plaintiffs Crespo, Henry, Wilson, and Johnson all clicked 'I AGREE' and thus consented to the collection of their browsing history, cookie identifiers, and IP address when they agreed to the Consent Bump Agreement."); *id.* at 20 ("[W]hen plaintiffs clicked [Google's New Account Creation Agreement's] 'I AGREE' button they consented to the alleged data collection and conduct."); *id.* ("[P]laintiffs agreed to Google's use of the X-Client-header data when they agreed to the Chrome Privacy Notice."). Those agreements, and Plaintiffs' consent thereto, preclude Plaintiffs from prevailing on their quasi-contract cause of action.

<u>Count 12: Violation of California Computer Data Access and Fraud Act, Cal. Penal Code § 502 ("CDAFA"):</u> This cause of action relies on the same factual allegations as Plaintiffs' dismissed claims. *See, e.g.*, Dkt. 163 ¶ 385 ("Plaintiffs incorporate all preceding paragraphs as though set forth herein."). The Summary Judgment Order applies with equal force to this claim because CDAFA proscribes only those acts taken "without permission." Cal. Penal Code § 502(c)(1)-(13). As such, consent is a defense to a CDAFA claim, and this claim should be dismissed. *See, e.g.*, *Brown* Dkt. 113 at 14 (Koh, J.) ("Consent is a defense to [*inter alia*] Plaintiffs' [CDAFA] claims."); *Am. Career Coll., Inc. v. Medina*, 2021 WL 5263858, at *4 (C.D. Cal. Sept. 28, 2021) ("Section 502 proscribes only the unauthorized use of data . . . [i]n other words, [Section] 502 requires obtaining data without consent."); *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1099 n.9 (N.D. Cal. 2015) ("[A]ll of the conduct prohibited by § 502(c) requires a showing that the defendant acted 'without permission.'" (citation omitted)).

<u>Count 15: Punitive Damages:</u> It is well-settled that "punitive damages provide a remedy—they do not constitute a separate cause of action." *Brown v. Adidas Int.*, 938 F. Supp. 628, 635 (S.D.

Cal. 1996). As a result, Plaintiffs cannot litigate punitive damages as a separate cause of action. Nor can Plaintiffs seek punitive damages once all claims are dismissed.

*Count 16: Declaratory Relief:* Plaintiffs seek declaratory relief premised on the notion that Google's actions were unlawful. *See* Dkt. 163 at 84–85 (seeking declaratory judgment on the basis that "Google has violated the privacy rights of Plaintiffs and other Signed-Out Chrome Users by causing Chrome to collect and report users' PI to Google," "Plaintiffs have suffered privacy harm," and "Plaintiffs have suffered economic harm."). They were not. The Summary Judgment Order makes clear that Plaintiffs are not entitled to the requested relief because Google disclosed the collection and "plaintiffs agreed to the alleged data-collection . . . and the alleged use of the data." Dkt. 935 at 18. Once the Court clarifies that its Summary Judgment Order applies to all claims, there is no substantive cause of action upon which a declaration may be premised. *See Wolf v. Wells Fargo Bank, N.A.*, 2011 WL 4831208, at *10 (N.D. Cal. Oct. 12, 2011) (claim for declaratory relief "is actually a request for remedy—to weigh it, the court must look to its underlying claims" (citing *Boeing Co. v. Cascades Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000)).

**III. CONCLUSION**

Google respectfully requests that its motion for an indicative ruling be granted.

DATED: January 23, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com

Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
Maria Hayrapetian (CA Bar No. 315797)
mariehayrapetian@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jomaire A. Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*