**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Diane M. Doolittle (CA Bar No. 142046)
dianedoolittle@quinnemanuel.com
Sara Jenkins (CA Bar No. 230097)
sarajenkins@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
Crystal Nix-Hines (CA Bar No. 326971)
crystalnixhines@quinnemanuel.com
Alyssa G. Olson (CA Bar No. 305705)
alyolson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Josef Ansorge (admitted *pro hac vice*)
josefansorge@quinnemanuel.com
Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**[PROPOSED] ORDER ISSUING INDICATIVE RULING GRANTING GOOGLE LLC'S MOTION FOR INDICATIVE RULING REGARDING SCOPE OF SUMMARY JUDGMENT ORDER PURSUANT TO RULES 60(A) AND 62.1**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

**[PROPOSED] ORDER**

Before the Court is Google LLC's Motion for Clarification of the Court's Summary Judgment Order (Dkt. 935). Having considered the parties' papers filed relating to this Motion for Clarification, and other papers and evidence on file, the Court **ISSUES THE FOLLOWING INDICATIVE RULING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1**:

- Pursuant to Federal Rule of Appellate Procedure 12.1, the Court states that it would **GRANT** Google's Motion for Clarification. Specifically, the Court would:
  - amend its Summary Judgment Order (Dkt. 935) to include the following paragraph:
    > At the outset of the litigation, the Court (Koh, J.) ordered that "the instant case be litigated through trial on 10 selected claims after which the Court and the parties can discuss what to do about the remaining 6 claims." Dkt. 51. Just as Google's consent defense is fatal to the claims discussed above, it is also fatal to the six remaining claims in Plaintiffs' First Amended Complaint.[1] Dkt. 162-3. Count 1 is terminated because Plaintiffs' "interception" claim relies on 18 U.S.C. § 2511, which expressly states that any collection of information is not unlawful "where one of the parties to the communication has given prior consent," and consent is a defense to a Wiretap Act claim. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1213 (N.D. Cal. 2014) (Wiretap Act claims dismissed because the plaintiffs' complaint "as pleaded, suggests that [they] have consented to or authorized the collection of email addresses"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1031 (N.D. Cal. 2014) (Wiretap Act claim dismissed because "users were on notice and thus consented to how Yahoo 'collects' and 'stores' the content from emails for 'future use'"). Count 6 is similarly terminated because consent is a complete defense to an invasion of privacy claim. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 26 (1994) ("[T]he plaintiff in an invasion of privacy case

---

[1] Plaintiffs' Counts 2, 3, 4, and 11 were dismissed by the Court's Order Granting In Part Google's Motion to Dismiss. Dkt. 57.

must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant."); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955-56 (N.D. Cal. 2017), *aff'd* 745 F. App'x 8 (9th Cir. 2018) ("Plaintiff's consent [] bars their common-law tort claims and their claim for invasion of privacy under the California Constitution."). Count 10 is terminated because Plaintiffs agreed to the data collection at issue, and "[u]nder California law, unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Enodis Corp. v. Cont'l Cas. Co.*, 2009 WL 863586, at *7 (C.D. Cal. Mar. 26, 2009) (citing *Paracor Fin., Inc. v. GE Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir.1996)). Count 12 is also terminated because California Penal Code Section 502 ("CDAFA") proscribes only acts taken "without permission," and thus consent is a defense to a CDAFA claim. Count 15 is terminated by the Court's Summary Judgment Order because "punitive damages" is not an independent cause of action, and there are no surviving claims that could provide a basis for Plaintiffs to seek punitive damages in this action. *See Brown v. Adidas Int.*, 938 F. Supp. 628, 635 (S.D. Cal. 1996) ("[P]unitive damages provide a remedy—they do not constitute a separate cause of action."). Count 16 is also terminated by the Summary Judgment Order because, in light of the Court's rejection of Plaintiffs' Counts 1-14, there is no surviving cause of action upon which a declaratory judgment could be premised. *See Wolf v. Wells Fargo Bank, N.A.*, 2011 WL 4831208, at *10 (N.D. Cal. Oct. 12, 2011) (claim for declaratory relief "is actually a request for remedy—to weigh it, the court must look to its underlying claims" (citing *Boeing Co. v. Cascades Corp.*, 207 F.3d 1177, 1192 (9th Cir.2000)).

- issue an amended Judgment which explicitly terminates the Dormant Claims.

- Upon issuance of this indicative ruling, the Court directs Google to file a notification of the Court's ruling with the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 12.1.

**SO ORDERED**.

DATED: _____

HON. YVONNE GONZALEZ ROGERS