**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 994607
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
*dstraite@dicellolevitt.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka (CA Bar No. 269526)
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Jomaire Crawford (admitted *pro hac vice*)
jomairecrawford@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

*Counsel for Defendant; additional counsel listed in signature blocks below*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**JOINT SUBMISSION RE: SEALING PORTIONS OF JAN. 17, 2023 ORDER ON (1) GOOGLE'S MOTION FOR RELIEF REGARDING PRESERVATION, (2) GOOGLE'S ADMINISTRATIVE MOTION REQUESTING LEAVE TO FILE JOINT LETTER BRIEF REGARDING PRESERVATION; AND (3) PARTIES SUPPLEMENTAL SUBMISSION (DKT. 960)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

January 24, 2023

Submitted via ECF

Magistrate Judge Susan van Keulen
San Jose Courthouse
Courtroom 6 - 4th Floor
280 South 1st Street
San Jose, CA 95113

    Re:    *Calhoun v. Google LLC*, Case No. 4:20-cv-05146-YGR-SVK (N.D. Cal.)
            Joint Submission re: Sealing Portions of the January 17, 2023 Order on (1) Google's Motion for Relief Regarding Preservation, (2) Google's Administrative Motion Requesting Leave to File Joint Letter Brief Regarding Preservation; and (3) Parties' Supplemental Submission

Your Honor:

    Pursuant to Your Honor's January 17, 2023 Redaction Order (Dkt. 961), Plaintiffs and Google LLC ("Google") hereby jointly submit this statement regarding Google's proposed redactions to the Court's January 17, 2023 Sealed Order on (1) Google's Motion for Relief Regarding Preservation, (2) Google's Administrative Motion Requesting Leave to File Joint Letter Brief Regarding Preservation; and (3) Parties' Supplemental Submission (Dkt. 960).

## I. INTRODUCTION – JOINT STATEMENT

As ordered by the Court on January 17, 2023 (the "Redaction Order," Dkt. No. 961), the parties conferred on the proposed redactions to the Court's January 17, 2023 Order on (1) Google's Motion for Relief Regarding Preservation, (2) Google's Administrative Motion Requesting Leave to File Joint Letter Brief Regarding Preservation; and (3) Parties' Supplemental Submission (Dkt. 960) ("Order"). Google contends that the material proposed for redaction contains Google's confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly, including various types of Google's internal projects and internal databases, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Google contends that this information is highly confidential and should be protected. Plaintiffs disagree, and Plaintiffs' section follows Google's section below.

Google's section is presented as a contested administrative motion (without objection from Plaintiffs as to form) and pertains to the following information contained in the Order:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| January 17, 2023 Order on (1) Google's Motion for Relief Regarding Preservation, (2) Google's Administrative Motion Requesting Leave to File Joint Letter Brief Regarding Preservation; and (3) Parties' Supplemental Submission (Dkt. 960) | Portions at:<br><br>Pages 1:18-20, 2:20, 3:21, 3:27, 4:1-2, 4:4, 5:20, 6:4 | Google |

On January 19, 2023, Google filed a motion for limited remand in the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 12.1, and attached the Order thereto. Case No. 22-16993 at Dkt. 8 (9th Cir.). Google filed a motion to seal concurrently with its motion for limited remand, *id.* at Dkt. 7, sought to seal only the portions of the Order designated above, and filed the remaining portions of the Order on the public docket—voluntarily waiving the right to maintain any of the

publicly filed portions under seal. Plaintiffs' deadline to respond to Google's motion to seal in the Ninth Circuit is January 30, 2023.

## II. GOOGLE'S POSITION – ADMINISTRATIVE MOTION TO SEAL

### A. LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as "confidential research, development, or commercial information." *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information").

### B. THE ABOVE IDENTIFIED MATERIALS EASILY MEET THE "GOOD CAUSE" STANDARD AND SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589-99. Good cause to seal is shown when a party seeks to seal materials that "contain[ ] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).

1        Here, the Order comprises confidential and proprietary information regarding highly
2 sensitive features of Google's internal systems and operations that Google does not share publicly.
3 Specifically, this information provides details related to various types of Google's internal projects
4 and internal databases. Such information reveals Google's internal strategies, system designs, and
5 business practices for operating and maintaining many of its important services while complying
6 with legal and privacy obligations.

7        Public disclosure of the above-listed information would harm Google's competitive standing
8 it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of
9 Google's proprietary systems, strategies, designs, and practices to Google's competitors. That alone
10 is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No.
11 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal
12 certain sensitive business information related to Google's processes and policies to ensure the
13 integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*,
14 No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales
15 data because "disclosure would harm their competitive standing by giving competitors insight they
16 do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8,
17 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is
18 not publically available").

19        Moreover, if publicly disclosed, malicious actors may use such information to seek to
20 compromise Google's internal systems and data structures. Google would be placed at an increased
21 risk of cyber security threats, and data related to its users could similarly be at risk. *See, e.g.*, *In re*
22 *Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material
23 concern[ing] how users' interactions with the Gmail system affects how messages are transmitted"
24 because if made public, it "could lead to a breach in the security of the Gmail system"). The security
25 threat is an additional reason for this Court to seal the identified information.

26        The information Google seeks to redact is the minimal amount of information needed to
27 protect its internal systems and operations from being exposed to not only its competitors but also
28 to nefarious actors who may improperly seek access to and disrupt these systems and operations.

The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

### C. RESPONSE TO PLAINTIFFS' OPPOSITION

Plaintiffs ask the Court to defer to the Ninth Circuit's decision on Google's pending motion to seal. Such deference is unnecessary. As Plaintiffs' position statement indicates, the Ninth Circuit conducts an independent sealing review, and granting Google's motion to seal would not interfere with the Ninth Circuit's ruling. Moreover, notwithstanding Plaintiffs' assertion that the Ninth Circuit's sealing rules are "more restrictive" than those of this Court, the Ninth Circuit has expressly acknowledged that whether compelling reasons exist to grant a motion to seal "is 'best left to the sound discretion of the trial court.'" *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 559).

Plaintiffs also ask this Court to deny Google's motion to seal based on rulings by a different judge in an unrelated case. This Court is not bound by those rulings, and has consistently found good cause to seal the same confidential material Google seeks to seal here. *See, e.g.*, Dkt. 885. So has Judge Gonzalez Rogers. *See, e.g.*, Dkt. 936. As Google has explained, publication of internal identifiers such as the ones Plaintiffs challenge here could allow competitors to piece together presently unknown information about Google's internal systems and put Google at an increased risk of cybersecurity threats from malicious actors who are better informed about the names and functions of the systems they seek to target.

Finally, Plaintiffs ask the Court to deny Google's motion to seal the number of mapping tables at issue. Like revealing Google's internal names and identifiers, publishing the number of mapping tables would similarly provide proprietary, nonpublic information to Google's competitors or to bad actors who threaten Google's information security. By examining filings in this case, third parties could determine the number of mapping tables Google maintains that are related to the preservation obligations discussed in greater detail throughout publicly filed documents—thereby giving them non-public insight into Google's data storage infrastructure or making it easier to target that infrastructure. In both cases, the information Google seeks to seal is narrowly tailored to protect

Google's confidential material without compromising the public's ability to understand these proceedings. Google respectfully requests that all of the requested material be sealed.

### III.  PLAINTIFFS' POSITION

**A.  Google Has Filed Parallel Motions to Seal the Order in Two Different Courts**

As noted above in the Joint Statement, in Google's haste to file a FRAP 12.1 motion last week (attaching a copy of the Order), Google filed a parallel motion to seal this very Order in the Court of Appeals. Plaintiffs are unaware of any case law addressing how the two Courts should navigate this issue. But the Ninth Circuit local rules adopt a "strong presumption" of public access *even if the document were sealed in the District Court*:

> This Court has a strong presumption in favor of public access to documents. Therefore, except as provided in (d) below, the presumption is that every document filed in or by this Court (whether or not the document was sealed in the district court) is in the public record unless this Court orders it to be sealed.

Ninth Circuit Rule 27-13(a) (Sealed Documents).

Leaving aside whether Google should be pursuing identical relief in two different Courts at the same time, Google does not address whether and to what extent the District Court should apply the Ninth Circuit's more restrictive sealing rules. Given this unusual posture, Plaintiffs believe the better course of action is to defer to the Ninth Circuit's decision which is expected shortly.

**B.  Google's Request to Seal the Database Names is Inconsistent with this Court's Prior Rulings in *Rodriguez v. Google*, 3:20-CV-4688-RS (N.D. Cal.)**

In an unrelated privacy case against Google pending in this District, Magistrate Judge Alex Tse has repeatedly denied Google's many motions to seal. *See, e.g., Rodriguez* Dkt. No. 185 (denying motion to seal at 166); *Rodriguez* Dkt. No. 186 (denying in part motion to seal at Dkt. Nos. 152 and 176); *Rodriguez* Dkt. No. 197 (denying motion to seal at Dkt. No. 187); *Rodriguez* Dkt. No. 223 (denying in part motion to seal at Dkt. No. 200); *Rodriguez* Dkt No. 225 (denying motion to seal at Dkt. Nos. 210 and 212). Some of these motions relate to discovery material that Google routinely sought to seal here in *Calhoun* – for example, Google moved to seal the words "Biscotti" and "Zwieback" in both cases, using similar arguments. Judge Tse rejected Google's request, and Google thereafter followed that order here as well (thus, neither Biscotti nor Zwieback are redacted

1  in this brief). But Google persists in seeking to seal the names of two data sources, advancing
2  identical boilerplate arguments rejected by Judge Tse. *See* Google's proposed redactions at Order
3  at 1:18-20; 2:20; 3:21; 3:27; 4:1-4; 5:20 and 6:4. If publicly revealing these words would irrevocably
4  harm Google, Plaintiffs do not wish to see them revealed. But Google has the burden to connect the
5  dots, not just copy and paste boilerplate language. Google has not come close to explaining why
6  these particular words are worthy of sealing when Judge Tse has repeatedly rejected Google's
7  arguments for sealing similar internal names, and Google's request should be rejected here as well.

8  **C.  Google's Request to Seal the Number of Mapping Tables is Unsupported**

9  Google has also not explained what irreparable harm would come simply from revealing two
10 numbers, both of which are the number of mapping tables at issue. *See* Proposed Redactions at Order
11 1:18; 2:20. Google just makes the conclusory statement that it would be harmed (the same statement
12 it makes in every sealing motion) without explaining *why* revealing these two numbers would matter
13 – the same deficiency noted by Judge Tse in *Rodriguez*. As with the internal product names
14 discussed above, Plaintiffs do not wish any irreparable harm to befall Google. But at the same time,
15 the Court should not seal material just on Google's say-so.

16 **IV.  CONCLUSION**

17 For the foregoing reasons, Google respectfully requests that the Court seal the identified
18 portions of the Order. Plaintiffs respectfully oppose.

[Signatures on Following Page]

| | |
|---|---|
| | Respectfully, |
| DATED: January 24, 2023 | |
| **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By:  */s/ Lesley Weaver* <br> Lesley Weaver (Cal. Bar No. 191305) <br> Angelica M. Ornelas (Cal. Bar No. 285929) <br> Joshua D. Samra (Cal. Bar No. 313050) <br> 555 12th Street, Suite 1600 <br> Oakland, CA 94607 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> *lweaver@bfalaw.com* <br> *aornelas@bfalaw.com* <br> *jsamra@bfalaw.com* | By:  */s/ Andrew H. Schapiro* <br> Andrew H. Schapiro (admitted pro hac vice) <br> andrewschapiro@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> Tel: (312) 705-7400 <br> Fax: (312) 705-7401 <br><br> Stephen A. Broome (CA Bar No. 314605) <br> stephenbroome@quinnemanuel.com <br> Viola Trebicka (CA Bar No. 269526) <br> violatrebicka@quinnemanuel.com <br> 865 S. Figueroa Street, 10th Floor <br> Los Angeles, CA 90017 <br> Tel: (213) 443-3000 <br> Fax: (213) 443-3100 |
| **DiCELLO LEVITT LLC** | |
| By:  */s/ David A. Straite* <br> David A. Straite (admitted *pro hac vice*) <br> Corban Rhodes (admitted *pro hac vice*) <br> 485 Lexington Ave., Tenth Floor <br> New York, NY 10017 Tel.: <br> (646) 933-1000 <br> Fax: (646) 494-9648 <br> *dstraite@dicellolevitt.com* <br> *crhodes@dicellolevitt.com* <br><br> Amy E. Keller (admitted *pro hac vice*) <br> Adam Prom (admitted *pro hac vice*) <br> Sharon Cruz (admitted *pro hac vice*) <br> Ten North Dearborn Street, 6th Fl. <br> Chicago, Illinois 60602 <br> Tel.: (312) 214-7900 <br> *akeller@dicellolevitt.com* <br> *aprom@dicellolevitt.com* <br> *scruz@dicellolevitt.com* | Jomaire Crawford (admitted pro hac vice) <br> jomairecrawford@quinnemanuel.com <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> Tel: (212) 849-7000 <br> Fax: (212) 849-7100 <br><br> Josef Ansorge (admitted pro hac vice) <br> josefansorge@quinnemanuel.com <br> 1300 I Street NW, Suite 900 <br> Washington D.C., 20005 <br> Tel: (202) 538-8000 <br> Fax: (202) 538-8100 <br><br> Jonathan Tse (CA Bar No. 305468) <br> jonathantse@quinnemanuel.com <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> Tel: (415) 875-6600 <br> Fax: (415) 875-6700 |
| **SIMMONS HANLY CONROY LLC** | |
| By:  */s/ Jason 'Jay' Barnes* <br> Jason 'Jay' Barnes (admitted *pro hac vice*) <br> Jenny Paulson (admitted *pro hac vice*) <br> An Truong (admitted *pro hac vice*) <br> Eric Johnson (admitted *pro hac vice*) <br> 112 Madison Avenue, 7th Floor <br> New York, NY 10016 <br> Tel.: (212) 784-6400 | *Attorneys for Defendant Google LLC* |

1  Fax: (212) 213-5949
   *jaybarnes@simmonsfirm.com*
2  *atruong@simmonsfirm.com*
   *ejohnson@simmonsfirm.com*
3  *jpaulson@simmonsfirm.com*

4  *Counsel for Plaintiffs*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION OF CONCURRENCE

I am the ECF user whose ID and password are being used to file this Joint Submission. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: January 24, 2023

By     /s/ Andrew H. Schapiro
       Andrew H. Schapiro
       *Counsel on behalf of Google LLC*