UNITED STATES DISTRICT COURT
Northern District of California

# FAX TRANSMISSION

| | |
|---|---|
| **TO:** | |
| **FAX NUMBER:** | 92134433100 |
| **PHONE:** | |
| **RE:** | 4:20-cv-05146-YGR Calhoun et al |

| | |
|---|---|
| **FROM:** | Justine Fanthorpe |
| **NO. OF PAGES:** (INCLUDING COVER): | 7 |
| **DATE:** | 2023-01-17 |
| **TIME:** | 16:24:27 |

**SUBJECT:** 4:20-cv-05146-YGR Calhoun et al v. Google LLC-Sealed Order

**DETAILS:**

**Justine Fanthorpe**
CRD to Magistrate Judge Susan van Keulen
280 South First Street, Room 2112
San Jose, CA 95113
United States District Court
Northern District of California
https://cand.uscourts.gov
Justine_Fanthorpe@cand.uscourts.gov
Office: 408-535-5375

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 20-cv-05146-YGR (SVK)<br><br>**FILED UNDER SEAL**<br><br>**ORDER ON (1) GOOGLE'S MOTION FOR RELIEF REGARDING PRESERVATION, (2) GOOGLE'S ADMINISTRATIVE MOTION REQUESTING LEAVE TO FILE JOINT LETTER BRIEF REGARDING PRESERVATION; AND (3) PARTIES' SUPPLEMENTAL SUBMISSIONS**<br><br>Re: Dkt. Nos. 898, 945, 950, 952 |

Before the Court are several submissions regarding Google's obligations under the Court's July 15, 2022 and August 5, 2022 preservation orders (Dkt. 766, 815 - the "Preservation Orders"). On October 27, 2022, Google filed a motion seeking relief from any obligation under the Preservation Orders to preserve ▆▆▆ linking tables and ▆ Analytics mapping tables, as well as relief from ongoing implementation of field-based GAIA ▆ and ZWBK ▆ preservation. Dkt. 898 – the "Motion." Google later filed a supplement to the Motion. Dkt. 930. Plaintiffs filed an opposition to the Motion, and Google filed a reply. Dkt. 934, 943.

On December 12, 2022, while the Motion was in briefing, District Judge Yvonne Gonzalez Rogers issued an order granting Google's motion for summary judgment and denying Plaintiffs' motion for class certification. Dkt. 935 – the "MSJ Order." The Court entered judgment the same day. Dkt. 937. On December 20, 2022, Plaintiffs filed a notice of appeal of the MSJ Order and judgment to the Ninth Circuit. Dkt. 941. That appeal is pending.

Following the MSJ Order, Google filed an administrative motion requesting leave to file a joint letter brief regarding the Parties' disagreement about Google's obligations under the

Preservation Orders in light of the MSJ Order. Dkt. 945 – the "Administrative Motion." The Court subsequently ordered the Parties to submit further briefs on Google's Administrative Motion addressing the issue of whether, in light of Plaintiffs' appeal, the Court has subject matter jurisdiction to address Google's preservation obligations and, if so, how those obligations should be modified, if at all. Dkt. 947. The Parties thereafter submitted the requested briefs. Dkt. 950 – "Google's Supplemental Submission"; Dkt. 952 – "Plaintiffs' Supplemental Submission." Google takes the position that this Court has jurisdiction to address Google's preservation obligations because those issues are collateral to the main action. Dkt. 949-3. Google also argues that in light of the MSJ Order, this Court should issue an order (i) releasing Google from its ongoing obligations under the Preservation Orders, and (ii) either (a) authorizing Google to delete the data it has already collected and preserved, or (b) requiring Plaintiffs to cover the cost of such preservation. *Id.* Plaintiffs argue that although this Court may preserve the status quo regarding preservation during appeal, it may alter the status quo only with the permission of the Ninth Circuit pursuant to Federal Rule of Civil Procedure 62.1. Dkt. 952.

The Court held a hearing on January 10, 2023 to address the Motion and the issues raised in the Parties' Supplemental Submissions. For the reasons stated on the record at the hearing, and as stated at the hearing, the Court **ORDERS** as follows:

### MAPPING AND LINKING TABLES

The Court concludes that it has subject matter jurisdiction to rule on Google's request in the Motion for relief from its obligations to preserve ▮▮▮▮▮▮▮▮ linking tables and ▮ Analytics mapping tables that are the subject of the Motion because that request seeks to clarify, not change, Google's obligation to preserve mapping and linking tables under the Preservation Orders. At a hearing on preservation issues, the Court stated that "if you would need a mapping table to work with any of the data that is being exchanged in this case, that table has to be preserved." Dkt. 841 (8/4/22 Hrg. Tr.) at 106:16-18.

Google's argument, in sum, is that while the disputed tables have data related to data identified or produced in this case, the disputed tables are not "needed" because the pertinent information in the tables is contained in or may be derived from other data Google is preserving in

2

this case. Dkt. 897-3 at 23. Google has also presented evidence of the monetary cost of preserving the disputed tables. Dkt. 929-3 at 4. These factors raise concerns of the proportionality under Rule 26 of the relative burdens and benefits of the Preservation Orders.

Accordingly, at the hearing the Court ordered the Parties to promptly engage in a meet and confer for the purpose of Google demonstrating to Plaintiffs how the information in the tables that are the subject of the Motion is contained in or may be derived from other information that Google is preserving in this case. The Court provided the following to guide the Parties' meet and confer efforts: (1) the Court anticipates that this meet and confer will require Google to provide to Plaintiffs information about the contents of the tables at issue sufficient to demonstrate that pertinent information in the tables is already being preserved or may be derived from preserved data. However, Google will not be required to provide the entire contents of the tables to Plaintiffs; (2) the Court anticipates that technical personnel and/or the Parties' experts will participate in the meet and confer as necessary; and (3) if Plaintiffs insist that all of the disputed tables continue to be preserved in their entirety, the Court is likely to impose cost sharing. The Parties must file a joint status report and proposed path forward on the issue of preservation of the relevant tables by **January 31, 2023.**

## OTHER RELIEF REQUESTED BY GOOGLE

The Court finds that in light of Plaintiffs' appeal of the MSJ Order and judgment in this case, this Court lacks subject matter jurisdiction to rule on Google's remaining requests for relief from various preservation obligations—specifically (1) Google's request in the Motion for relief from ongoing implementation of field-based GAIA ▮ and ZWBK ▮ preservation, and (2) the request in Google's Supplemental Submission to be relieved from any ongoing preservation obligations under the Preservation Orders in this case and its request to be permitted to delete data preserved pursuant to the Preservation Orders in this case or to shift the cost of preserving that data to Plaintiffs. These requests would change the status quo, are based on the MSJ Order currently on appeal to the Ninth Circuit, or both.

With regard to preservation of the ▮ fields, unlike the request to clarify the Preservation Orders regarding mapping tables, Google requests reconsideration of the requirement

3

that it preserve ▮ fields. *See* Dkt. 897-3 at 7-8. Arguments concerning the cost and burden of preserving ▮ fields were made in the voluminous briefing and multiple hearings that resulted in issuance of the Preservation Orders.[1] Although Google has now provided more precise information regarding the alleged burdens of ▮ field preservation, it is arguing to change the Preservation Orders in light of that additional evidence, which is substantial in quantity and which by Google's own admission the Parties have and will continue to dispute. However, the Court will consider the issue if the Ninth Circuit remands for that purpose.

With regard to Google's requests to be relieved of its obligations to continue to preserve and to maintain already preserved data, Google's arguments are premised expressly on the MSJ Order. *See* Dkt. 950 at 2 (argument by Google that "Plaintiffs' attempt to overturn Judge Gonzalez Rogers' well-reasoned summary judgment order on appeal cannot justify continuing to impose on Google these tremendous preservation costs"). As such, the Court lacks jurisdiction to rule on these matters while the appeal is pending. *See In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000) (filing of a notice of appeal divests district court of jurisdiction over aspects of a case involved in the appeal); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 07-01827-SI, 2013 WL 6055079, at *1 (N.D. Cal. Nov. 13, 2013) ("while an appeal is pending, the district court may act to preserve the status quo at the time the appeal was filed, and may not take any action that would change the core issues before the appellate court or that could not later be undone on appeal").

In its brief and at the hearing, Google relied upon *Lord Abbett Municipal Income Fund, Inc. v. Asami*, No. C-12-03694-DMR, 2014 WL 5477639 (N.D. Cal. Oct. 29, 2014), in support of its argument that preservation of evidence during pendency of an appeal is a collateral issue that remains with the district court. Dkt. 949-3 at 3. In *Lord Abbett*, certain defendants were successful on summary judgment, from which plaintiff appealed. 2014 WL 5477639, at

---

[1] Google does argue it did not get sufficient opportunity to brief these issues because field preservation came up later in the process and was not part of the Special Master's original preservation proposal. But if Google thought the Preservation Orders were erroneous, it could have sought relief from Judge Gonzalez Rogers, which it did not do and for which the time has long ago expired.

4

*2. During the pendency of the appeal, the successful defendants informed plaintiff that they would no longer pay their share of storage fees of certain computers. *Id.* at *1. However, the same defendants refused to consent to plaintiff's disposal of the computers pending appeal. *Id.* In support of its request to dispose of the computers, plaintiff conducted a forensic review of a sampling of the computers to demonstrate that they contained no relevant evidence. *Id.* None of the defendants challenged this finding. *Id.* On the particular facts of that case, the court found that the preservation issue did not relate to the merits of the lawsuit and was therefore collateral to the issue on appeal and the court retained jurisdiction to decide the dispute. *Id.* at *2.

Here, the underlying facts call for a different conclusion. The exhaustive and exhausting history of development of the Preservation Orders for the purpose of identifying and preserving relevant evidence both in this case and in the related *Brown* litigation are set forth in detail in *Calhoun* Dkt. Nos. 766 and 815 and in *Brown* Dkt. Nos. 587 and 657. Most significantly for the purposes of this Order, those Preservation Orders reflect careful balancing of the burdens and benefits of preservation of relevant data. As such, the facts before this Court could not be more distinct from the collateral issue presented in *Lord Abbett*: the preservation of 159 computers, which had already been demonstrated not to contain information relevant to the underlying suit. Here, the Parties continue to dispute the value of the evidence being preserved, an argument which the Court will consider, upon remand from the Ninth Circuit.

Although the Court concludes that it lacks jurisdiction to consider Google's argument regarding ▆▆▆ field preservation or its overall preservation obligations in light of the Summary Judgment Order, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1.. "A statement that the motion raises substantial issues does not tie the district court to a particular ruling on the motion after remand." *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2018 WL 6190316, at 82 (N.D. Cal. Nov. 28, 2018); *see also* Advisory Committee Notes to Rule 62.1 ("The district court is not bound to grant the motion after stating that the motion raises a

5

substantial issue; further proceedings on remand may show that the motion ought not to be granted").

Pursuant to Rule 62.1, the Court hereby indicates that Google's request regarding its ongoing implementation of field-based GAIA ███ and ZWBK ███ preservation, its request to be relieved from any ongoing preservation obligations under the Preservation Orders in this case, and its request to be permitted to delete data preserved pursuant to the Preservation Orders or that the cost of such preservation be shifted to Plaintiffs raise substantial issues that will require the Court to consider the monetary and other burdens of Google's preservation obligations in light of the current contours of the case. Specifically, the Court's grant of summary judgment calls for a reassessment of proportionality, specifically the relative benefits and burdens of the Preservation Orders. However, as the MSJ Order is the subject of appeal, the Court will consider these requests by Google only if the Ninth Circuit remands for that purpose.

**SO ORDERED.**

Dated: January 17, 2023

*Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge

6