# EXHIBIT 5

# Redacted Version of Document Sought to be Sealed

SEALED PROCEEDINGS                                                    1

1              UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                    SAN JOSE DIVISION

4

   PATRICK CALHOUN, ET AL., ON        CASE CV-20-05146 YGR (SVK)
5  BEHALF OF THEMSELVES AND ALL
   OTHERS SIMILARLY SITUATED,         SAN JOSE, CALIFORNIA
6
          PLAINTIFFS,                 JANUARY 10, 2023
7     V.
                                      **SEALED PAGES 1 - 29**
8  GOOGLE LLC,

9          DEFENDANT.                      COPY

10

11          TRANSCRIPT OF SEALED ZOOM PROCEEDINGS
          BEFORE THE HONORABLE SUSAN VAN KEULEN
12             UNITED STATES MAGISTRATE JUDGE

13  A-P-P-E-A-R-A-N-C-E-S

14  FOR THE PLAINTIFFS:    DICELLO LEVITT GUTZLER LLC
                           BY:  DAVID A. STRAITE
                           ONE GRAND CENTRAL PLACE
15                         60 EAST 42ND STREET, SUITE 2400
                           NEW YORK, NEW YORK 10165
16
                           SIMMONS HANLY CONROY
17                         BY:  AN V. TRUONG
                               JASON "JAY" BARNES
18                         112 MADISON AVENUE, 7TH FLOOR
                           NEW YORK, NEW YORK 10016
19
                           BLEICHMAR FONTI & AULD LLP
20                         BY:  ANGELICA ORNELAS
                           555 12TH STREET, SUITE 1600
21                         OAKLAND, CALIFORNIA 94607

22         (APPEARANCES CONTINUED ON THE NEXT PAGE.)

23  OFFICIAL COURT REPORTER:   IRENE L. RODRIGUEZ, CSR, RMR, CRR
                               CERTIFICATE NUMBER 8074
24
        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
25  TRANSCRIPT PRODUCED WITH COMPUTER.

```
1        A P P E A R A N C E S: (CONT'D)

2        FOR THE DEFENDANT:              QUINN EMANUEL URQUHART AND
                                         SULLIVAN, LLP
3                                        BY:  ANDREW H. SCHAPIRO
                                         191 N. UPPER WACKER DRIVE
4                                        SUITE 2700
                                         CHICAGO, ILLINOIS 60606
5
                                         BY:  DONALD SETH FORTENBERY
6                                              JOSEF T. ANSORGE
                                         51 MADISON AVENUE, 22ND FLOOR
7                                        NEW YORK, NEW YORK 10010

8                                        BY:  STEPHEN ANDREW BROOME
                                               VIOLA TREBICKA
9                                        865 S. FIGUEROA STREET
                                         10TH FLOOR
10                                       LOS ANGELES, CALIFORNIA 90017

11                                       BY:  XI (TRACY) GAO
                                         1300 I STREET NW, SUITE 900
12                                       WASHINGTON, DC 20005

13       ALSO PRESENT:                   GOOGLE LLC
                                         BY:  MATTHEW GUBIOTTI
14                                             TONI BAKER

15

16

17

18

19

20

21

22

23

24

25
```

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
|          | 1  | SAN JOSE, CALIFORNIA                    JANUARY 10, 2023      |
|          | 2  | P R O C E E D I N G S                                        |
| 09:57AM  | 3  | (COURT CONVENED AT 11:13 A.M.)                               |
| 11:13AM  | 4  | THE COURT:  ALL RIGHT.  MS. FANTHORPE, IF YOU'LL             |
| 11:13AM  | 5  | CALL THE NEXT MATTER, PLEASE.                                |
| 11:13AM  | 6  | THE CLERK:  YES.  CALLING SEALED HEARING IN CASE             |
| 11:14AM  | 7  | 20-CV-5146, CALHOUN, ET AL., VERSUS GOOGLE LLC.              |
| 11:14AM  | 8  | COUNSEL, PLEASE IDENTIFY YOURSELVES FOR THE RECORD           |
| 11:14AM  | 9  | BEGINNING WITH THE PLAINTIFF.                                |
| 11:14AM  | 10 | MR. STRAITE:  GOOD MORNING, YOUR HONOR.                      |
| 11:14AM  | 11 | DAVID STRAITE FROM THE DICELLO LEVITT GUTZLER FOR            |
| 11:14AM  | 12 | PLAINTIFFS.  GOOD MORNING.                                   |
| 11:14AM  | 13 | JOINING ME TODAY ARE MY COLLEAGUES AN TRUONG, SIMMONS        |
| 14AM     | 14 | HANLY CONROY; AND ALSO JAY BARNES, SIMMONS HANLY CONROY; AND |
| 11:14AM  | 15 | ANGELICA ORNELAS FROM BLEICHMAR FONTI & AULD.                |
| 11:14AM  | 16 | THE COURT:  EXCELLENT.                                       |
| 11:14AM  | 17 | WHERE IS MS. ORNELAS?  I SAW HER NAME A MOMENT AGO.  THERE   |
| 11:14AM  | 18 | SHE IS.  EXCELLENT.  THANK YOU.                              |
| 11:14AM  | 19 | WELCOME BACK EVERYBODY.                                      |
| 11:14AM  | 20 | AND FOR GOOGLE TODAY?                                        |
| 11:14AM  | 21 | MR. SCHAPIRO:  HELLO, YOUR HONOR.                            |
| 11:14AM  | 22 | ANDREW SCHAPIRO FROM QUINN EMANUEL FOR GOOGLE JOINED BY      |
| 11:14AM  | 23 | VIOLA TREBICKA, JOSEF ANSORGE, TRACY GAO, AND SETH FORTENBERY, |
| 11:14AM  | 24 | AND STEPHEN BROOME FROM OUR FIRM.                            |
| 11:14AM  | 25 | AND ALSO FROM GOOGLE, MATTHEW GUBIOTTI AND TONI BAKER.       |

11:15AM  1        YOUR HONOR, IF SUDDENLY YOU SEE ME TURN OFF MY SCREEN AND

.5AM     2   REAPPEAR IN A DIFFERENT ROOM, IT IS BECAUSE IT SEEMS LIKE THE

11:15AM  3   WI-FI IS OCCASIONALLY A LITTLE WEAK IN THE CONFERENCE ROOM

11:15AM  4   WHERE I AM AND THAT JUST MEANS I'VE RUN OVER TO ANOTHER

11:15AM  5   CONFERENCE ROOM FOR A SECOND.

11:15AM  6        THE COURT:  YES.  YOU WERE BREAKING UP SLIGHTLY ON

11:15AM  7   THE APPEARANCES, BUT WE KNOW THEM ALL BY HEART, SO THAT'S OKAY.

11:15AM  8        THANK YOU, MR. SCHAPIRO.

11:15AM  9        ALL RIGHT.  THIS HEARING IS UNDER SEAL.  HOWEVER, I WILL

11:15AM 10   ORDER THAT THE TRANSCRIPT CAN BE RELEASED TO THE PARTIES AS

11:15AM 11   SOON AS IT IS AVAILABLE FOLLOWING THESE PROCEEDINGS.

11:15AM 12        WE ARE ON TODAY INITIALLY FOR GOOGLE'S -- WELL, INITIALLY

11:15AM 13   BECAUSE GOOGLE FILED A MOTION FOR RELIEF FROM THE

.5AM    14   PRESERVATION ORDER.

11:15AM 15        THEN THERE WAS JUDGE GONZALEZ ROGERS ISSUED A SUMMARY

11:16AM 16   JUDGMENT ORDER TERMINATING THE CASE.  THAT HAS BEEN APPEALED TO

11:16AM 17   THE NINTH CIRCUIT, WHICH RAISES THE FIRST QUESTION BEFORE US

11:16AM 18   TODAY WHICH IS WHETHER THIS COURT HAS JURISDICTION TO HEAR THE

11:16AM 19   MOTION.

11:16AM 20        THE ORIGINAL MOTION ALSO WAS SUPPLEMENTED.  FOLLOWING THE

11:16AM 21   SUMMARY JUDGMENT ORDER I ASKED FOR BRIEFING WITH REGARDS TO THE

11:16AM 22   IMPACT OF THE ORDER ON THE PRESERVATION PLAN, AND IN THAT

11:16AM 23   SUBSEQUENT BRIEFING GOOGLE ASKED FOR FURTHER RELIEF OF A

11:16AM 24   REQUEST THAT IT NOT HAVE TO PRESERVE ANY ADDITIONAL DATA GOING

11:16AM 25   FORWARD AND NOT CONTINUE TO PRESERVE THE DATA COLLECTED SO FAR.

11:16AM   1      SO -- OR IF THAT WAS THE CASE, THEN HAVE THE PLAINTIFFS

17AM      2    PAY THE COST OF RETAINING THAT DATA, AND THEN THAT, OBVIOUSLY

11:17AM   3    THAT REQUEST RAISED THE ISSUES OF -- OR BROUGHT TO A HEAD I

11:17AM   4    SHOULD SAY, THE ISSUES OF WHETHER OR NOT THIS COURT HAS

11:17AM   5    JURISDICTION TO HEAR ANY OF THE ISSUES RAISED BY GOOGLE.

11:17AM   6      SO I THINK THAT'S THE GENERAL LANDSCAPE.

11:17AM   7      LET ME GIVE YOU MY VIEWS AT THIS POINT, AND THEN WE WILL

11:17AM   8    FIND OUR WAY FORWARD.

11:17AM   9      THE QUESTION AS TO WHETHER OR NOT I HAVE JURISDICTION IS A

11:17AM  10    QUESTION OF WHETHER THE ISSUES BEFORE ME ARISING OUT OF THE

11:17AM  11    PRESERVATION PLAN ARE RELATED TO ISSUES ON APPEAL.  WITH MANY

11:17AM  12    ASPECTS OF THIS CASE, IT'S AN INTERESTING QUESTION.

11:17AM  13      WITH REGARDS TO GOOGLE'S REQUEST FOLLOWING THE SUMMARY

18AM     14    JUDGMENT ORDER THAT IT BE PERMITTED TO CEASE ITS PRESERVATION

11:18AM  15    EFFORTS UNDER THE PRESERVATION ORDER AND DELETE THE DATA

11:18AM  16    PRESERVED THUS FAR, I THINK THAT THAT MAY PRESENT SUBSTANTIAL

11:18AM  17    ISSUES THAT RELATE TO OR MAY RELATE TO THE ISSUES ON APPEAL,

11:18AM  18    AND I WILL CONSIDER THOSE QUESTIONS FOR RELIEF ONLY UPON REMAND

11:18AM  19    TO ME BY THE NINTH CIRCUIT.  SO GOOGLE WILL HAVE TO ASK THE

11:18AM  20    NINTH CIRCUIT EITHER FOR THAT RELIEF OR TO LET ME CONSIDER THAT

11:18AM  21    REQUEST.

11:18AM  22      THAT BRINGS US, THEN, TO THE ORIGINAL PENDING MOTION THAT

11:18AM  23    GOOGLE FILED HERE BEFORE ME WHICH WAS FOR RELIEF UNDER THE

11:19AM  24    PRESERVATION PLAN OF TWO KINDS.  ONE WAS RELIEF FROM PRESERVING

11:19AM  25    CERTAIN TABLES, ███████████ AND ANALYTICS TABLES, ███ TABLES

| | | |
|---|---|---|
| 11:19AM | 1 | THAT WERE ALSO THE SUBJECT OF THE MOTION IN THE BROWN CASE AS |
| 11:19AM | 2 | WELL AS PERMISSION TO STOP ITS ███ FIELD PRESERVATION |
| 11:19AM | 3 | EFFORTS AS ORDERED AS PART OF THE PRESERVATION PLAN. |
| 11:19AM | 4 | AGAIN, I REVIEW THAT REQUEST WITH THE ███ FIELD |
| 11:19AM | 5 | PRESERVATION PLAN, OF COURSE, THE PRESERVATION PLAN TO MY WAY |
| 11:19AM | 6 | OF THINKING IS THAT IT'S LIKE A SWISS WATCH.  IT HAD A LOT OF |
| 11:19AM | 7 | TIME AND EFFORT INTO EACH AND EVERY ASPECT.  WE HAD MULTIPLE |
| 11:19AM | 8 | HEARINGS IN THIS CASE, MULTIPLE ROUNDS OF BRIEFING, MULTIPLE |
| 11:19AM | 9 | ROUNDS OF EFFORTS IN FRONT OF THE SPECIAL MASTER IN PUTTING |
| 11:19AM | 10 | THAT PLAN TOGETHER. |
| 11:19AM | 11 | I DO APPRECIATE THAT THERE ARE SOME CHANGES IN THE POSTURE |
| 11:20AM | 12 | OF THE CASE NOW IN LIGHT OF THE ORDER, BUT IT IS NOT CLEAR TO |
| 11:20AM | 13 | ME WITH REGARDS TO THE IMPACT OF THE ███ FIELD DATA ON THE |
| 11:20AM | 14 | ISSUES THAT ARE ON APPEAL. |
| 11:20AM | 15 | AND SO I THINK THAT IT MAY, IT MAY PRESENT SUBSTANTIAL |
| 11:20AM | 16 | ISSUES THAT I WILL CONSIDER ONLY IF REMANDED TO ME BY THE |
| 11:20AM | 17 | NINTH CIRCUIT. |
| 11:20AM | 18 | SO FOR THAT PORTION OF THE RELIEF THAT GOOGLE SEEKS, |
| 11:20AM | 19 | YOU'LL HAVE TO TAKE THAT TO THE NINTH CIRCUIT. |
| 11:20AM | 20 | MR. SCHAPIRO:  MORE PRESUMABLY JUDGE GONZALEZ ROGERS |
| 11:20AM | 21 | FIRST, IF WE'RE OBJECTING TO YOUR RULING HERE TODAY, |
| 11:20AM | 22 | YOUR HONOR? |
| 11:20AM | 23 | THE COURT:  THAT'S AN EXCELLENT QUESTION, |
| 11:20AM | 24 | MR. SCHAPIRO. |
| 11:20AM | 25 | MR. STRAITE:  I'LL GO TAKE A LOOK AT WRIGHT & |

| | | |
|---|---|---|
| 11:20AM | 1 | MILLER. |
| .0AM | 2 | THE COURT:  WELL, I'M NOT SURE THAT WRIGHT & |
| 11:21AM | 3 | MILLER ADDRESSED THAT.  AS PHRASED BY THE PARTIES' BRIEFS, |
| 11:21AM | 4 | THERE'S A PROCESS.  YOU CAN GO TO THE FEDERAL RULES FOR AN |
| 11:21AM | 5 | INDICATIVE RULING BEFORE THE DISTRICT COURT WILL TAKE UP AN |
| 11:21AM | 6 | ISSUE THAT EITHER IT WOULD GRANT OR IT MAY BE SUBSTANTIALLY |
| 11:21AM | 7 | RELATED TO THE ISSUES ON APPEAL, AND I THINK THAT GIVEN THE |
| 11:21AM | 8 | BREADTH AND SCOPE AND THE ROLE OF PRESERVATION OF DATA IN THIS |
| 11:21AM | 9 | CASE AND WHETHER OR NOT -- YOU KNOW, IF DATA IS NOT PRESERVED, |
| 11:21AM | 10 | CAN THAT -- AND THE PLAINTIFFS ARE SUCCESSFUL ON APPEAL, CAN |
| 11:21AM | 11 | THAT BE ADDRESSED AT THAT TIME RAISE ISSUES THAT REQUIRE LEAVE |
| 11:21AM | 12 | FROM THE NINTH CIRCUIT? |
| 11:21AM | 13 | MR. SCHAPIRO:  SO IF I MAY JUST TAKE TWO MINUTES TO |
| 2AM | 14 | MAKE A RECORD AND RAISE ONE POINT THAT I HOPE TO PERSUADE YOU |
| 11:22AM | 15 | ON A PIECE OF THIS, YOUR HONOR. |
| 11:22AM | 16 | THE COURT:  YOU MAY, BUT LET ME FINISH. |
| 11:22AM | 17 | MR. SCHAPIRO:  MY APOLOGIES. |
| 11:22AM | 18 | THE COURT:  THAT'S ALL RIGHT.  THAT'S ALL RIGHT. |
| 11:22AM | 19 | AND BECAUSE I WAS ALMOST DONE, WHICH WAS THEN THAT LEAVES |
| 11:22AM | 20 | US THE ISSUE OF THE TABLES WHICH I DO LOOK TO GOOGLE FOR |
| 11:22AM | 21 | CONFIRMATION THAT THAT IS AN IDENTICAL ISSUE WITH REGARDS TO |
| 11:22AM | 22 | WHAT WAS RAISED IN BROWN.  I APPRECIATE SOME OF THE SPECIFIC |
| 11:22AM | 23 | TRANSLATIONS MAY BE DIFFERENT BUT THAT THE ISSUE IS THE SAME. |
| 11:22AM | 24 | IS THAT RIGHT, MS. TREBICKA? |
| 11:22AM | 25 | MS. TREBICKA:  ALMOST THE SAME.  IT IS THE SAME WITH |

| | | |
|---|---|---|
| 11:22AM | 1 | RESPECT TO THE ████████ PIECE, AND WITH RESPECT TO THE |
| .2AM | 2 | ANALYTICS TABLES THERE -- BY CONTRAST TO BROWN, THERE IS NO |
| 11:22AM | 3 | ANALYTICS DATA THAT IS BEING PRESERVED IN THE ██████ LOGS. |
| 11:23AM | 4 | LET ME JUST GET TO -- I DON'T WANT TO MISSPEAK, YOUR HONOR. |
| 11:23AM | 5 | THE ANALYTICS ISSUE HERE -- GIVE ME JUST ONE SECOND -- IS |
| 11:23AM | 6 | THAT THE ANALYTICS DATA THAT IS BEING PRESERVED IN CALHOUN IS |
| 11:23AM | 7 | ONLY GAIA KEYED AUTHENTICATED DATA. |
| 11:23AM | 8 | AND THE ANALYTICS TABLES THAT WE HAVE IDENTIFIED FOR |
| 11:23AM | 9 | RELIEF ARE BISCOTTI AND DEVICE ID KEY.  THEY DO NOT HAVE GAIA |
| 11:24AM | 10 | IDENTIFIERS. |
| 11:24AM | 11 | THE COURT:  SO THEY DON'T TRANSLATE? |
| 11:24AM | 12 | MS. TREBICKA:  SO THEY ARE NOT USEFUL OR RELEVANT TO |
| 11:24AM | 13 | READING THE DATA, THE ANALYTICS DATA THAT IS BEING PRESERVED IN |
| 4AM | 14 | CALHOUN. |
| 11:24AM | 15 | THE COURT:  OKAY.  WE'LL TAKE THAT UP WHEN WE WORK |
| 11:24AM | 16 | OUR WAY DOWN TO THE TABLES.  THANK YOU FOR IDENTIFYING THE |
| 11:24AM | 17 | ISSUES. |
| 11:24AM | 18 | SO MR. SCHAPIRO. |
| 11:24AM | 19 | MR. SCHAPIRO:  THANK YOU, YOUR HONOR. |
| 11:24AM | 20 | SO FIRST, JUST TO MAKE SURE THAT WE'RE CLEAR ON WHAT OUR |
| 11:24AM | 21 | POSITION IS ABOUT THE JURISDICTIONAL QUESTION. |
| 11:24AM | 22 | THE COURT:  YES.  EXCUSE ME.  I JUST DROPPED MY |
| 11:24AM | 23 | JURISDICTIONAL NOTES, SO HANG ON. |
| 11:24AM | 24 | (PAUSE IN PROCEEDINGS.) |
| 11:24AM | 25 | THE COURT:  OKAY.  MY APOLOGIES. |

| | | |
|---|---|---|
| 11:24AM | 1 | MR. SCHAPIRO:  SO IT'S RARE THAT YOU COME ACROSS A |
| 24AM | 2 | CASE THAT IS ALMOST ON ALL FOURS WHEN YOU HAVE A SITUATION THAT |
| 11:24AM | 3 | IS AS ODD AS OURS IS, BUT WE BELIEVE THAT THE LORD ABBETT CASE |
| 11:24AM | 4 | REALLY DOES FIT THE BILL ON THAT, AND THAT IS A CASE WHERE |
| 11:25AM | 5 | THERE WAS A DISPUTE ABOUT WHETHER TO PRESERVE SOME COMPUTERS |
| 11:25AM | 6 | THAT ONE PARTY SAID WOULD BE RELEVANT IF THE CASE WERE REMANDED |
| 11:25AM | 7 | ON APPEAL, AND THE COURT CONSIDERED THAT.  AND CONTRARY TO WHAT |
| 11:25AM | 8 | THE PLAINTIFFS HAVE SAID IN THEIR PAPERS, IT TOOK JURISDICTION |
| 11:25AM | 9 | AS A THRESHOLD ISSUE FIRST BEFORE MAKING ANY DECISIONS ABOUT |
| 11:25AM | 10 | THE MERITS.  THIS IS IN STAR 2 IN THE WESTLAW VERSION OF THE |
| 11:25AM | 11 | CASE. |
| 11:25AM | 12 | THE COURT THERE SAID, "THE ISSUE BEFORE THIS COURT DOES |
| 11:25AM | 13 | NOT RELATE TO THE MERITS OF THE LAWSUIT.  IT PERTAINS SOLELY TO |
| 5AM | 14 | WHETHER ANY PARTY HAS A DUTY TO CONTINUE TO PRESERVE THE WIND |
| 11:25AM | 15 | RUSH COMPUTERS PENDING A POTENTIAL TRIAL ON REMAND. |
| 11:25AM | 16 | "ACCORDINGLY, THIS COURT RETAINS JURISDICTION OVER THE |
| 11:25AM | 17 | DISPUTE NOTWITHSTANDING LORD ABBETT'S APPEAL." |
| 11:25AM | 18 | THEN THE COURT THEN SAYS, "TURNING NOW TO THE SUBSTANCE OF |
| 11:25AM | 19 | THE DISPUTE DOT, DOT, DOT." |
| 11:25AM | 20 | BUT I THINK REGARDLESS OF WHAT ONE DETERMINES IS TRULY |
| 11:26AM | 21 | COLLATERAL AND ANCILLARY OR NOT, ONE THING IS FOR SURE AND THAT |
| 11:26AM | 22 | IS THAT THIS QUESTION OF WHO SHOULD PAY FOR THE PRESERVATION IS |
| 11:26AM | 23 | AS ANCILLARY AND COLLATERAL AS IT CAN GET.  THE ISSUE OF WHO |
| 11:26AM | 24 | HAS TO PAY FOR THE PRESERVATION IS NOT UP BEFORE THE |
| 11:26AM | 25 | NINTH CIRCUIT.  IT'S NOT GOING TO BE UP BEFORE THE |

| | |
|---|---|
| 11:26AM 1 | NINTH CIRCUIT. |
| :26AM 2 | SO I WOULD ASK THAT EVEN IF YOU BELIEVE THAT YOU DO NOT |
| 11:26AM 3 | HAVE JURISDICTION TO AUTHORIZE US TO NO LONGER -- TO STOP |
| 11:26AM 4 | PRESERVING THIS DATA AFTER HAVING WON THE CASE IN THE DISTRICT |
| 11:26AM 5 | COURT, THE BALANCE UNDER RULE 26 HAS SHIFTED SUCH THAT, AND |
| 11:26AM 6 | MS. TREBICKA CAN SPEAK ABOUT THE BURDEN MORE, SUCH THAT WE |
| 11:26AM 7 | SHOULD AT LEAST NOT HAVE TO PAY FOR IT ANYMORE. |
| 11:26AM 8 | AND THE COURT, WE BELIEVE, SURELY HAS JURISDICTION TO |
| 11:26AM 9 | DECIDE THAT.  THAT IS AN ANCILLARY COLLATERAL MATTER.  IT FITS |
| 11:26AM 10 | SQUARELY UNDER THE EXCEPTION TO THE RULE BY DIVESTING |
| 11:26AM 11 | JURISDICTION. |
| 11:26AM 12 | THE COURT:  AND I APPRECIATE THAT.  THANK YOU, |
| 11:26AM 13 | MR. SCHAPIRO. |
| 27AM 14 | AND I'LL HEAR FROM YOU IN A MOMENT, MR. STRAITE.  THE |
| 11:27AM 15 | POINTS YOU MAKE ARE POINTS THAT THE COURT HAS GIVEN VERY |
| 11:27AM 16 | CAREFUL CONSIDERATION TO WITH REGARDS TO WHETHER IT COULD |
| 11:27AM 17 | RETAIN. |
| 11:27AM 18 | LET ME START WITH THE LORD ABBETT CASE BECAUSE I OBVIOUSLY |
| 11:27AM 19 | LOOKED AT THAT CAREFULLY.  THERE'S NOT A LOT OF GUIDANCE IN |
| 11:27AM 20 | THIS AREA IN THE NINTH CIRCUIT OR THE NORTHERN DISTRICT, BUT |
| 11:27AM 21 | THAT CASE DOES SPEAK TO PRESERVATION OF EVIDENCE.  WELL, THE |
| 11:27AM 22 | MATTER IS UP ON APPEAL. |
| 11:27AM 23 | BUT THERE THE UNDERLYING FACTS ARE -- COULD NOT BE MORE |
| 11:27AM 24 | DIFFERENT FROM THIS CASE IN THAT THE COMPUTERS WERE SOMEWHAT -- |
| 11:27AM 25 | YOU KNOW, THEY WERE THIRD PARTIES, THEY WERE REMOVED, THE |

| | | |
|---|---|---|
| 11:27AM | 1 | LIKELIHOOD OF THOSE COMPUTERS HAVING RELEVANT EVIDENCE WAS |
| .8AM | 2 | SOMETHING THAT THE COURT LOOKED AT AND JUST DID NOT SEE THIS AS |
| 11:28AM | 3 | A SIGNIFICANT ISSUE OR SUBSTANTIAL ISSUE RELATED IN ANY WAY TO |
| 11:28AM | 4 | THE APPEAL. |
| 11:28AM | 5 | IT WAS TALKING ABOUT OBVIOUSLY SHARING THE COSTS, THE |
| 11:28AM | 6 | WAREHOUSING COSTS, BUT IT WAS A VERY DIFFERENT FACTUAL |
| 11:28AM | 7 | SITUATION WHERE HERE WE HAVE, WE HAVE THIS VERY INTRICATE AND |
| 11:28AM | 8 | COMPREHENSIVE PRESERVATION PLAN THAT WAS DESIGNED REALLY TO |
| 11:28AM | 9 | ADDRESS A NUMBER OF THE ISSUES AND THE EVIDENCE THAT WOULD BE |
| 11:28AM | 10 | REQUIRED SHOULD THE CASE GO FORWARD. |
| 11:28AM | 11 | I ALSO LOOKED AT, AND I APPRECIATE GOOGLE'S CONCERNS AND |
| 11:28AM | 12 | THINKING OF, WELL, OKAY, WE HAVE SUCCEEDED ON SUMMARY JUDGMENT, |
| 11:29AM | 13 | IT TOOK A LONG TIME, BUT WE DID GET A RULING, AND SO THE CASE |
| 9AM | 14 | IS OVER BUT WE'RE NOT RELIEVED OF THIS PRESERVATION OBLIGATION, |
| 11:29AM | 15 | OKAY, BUT THERE SHOULD BE COST SHIFTING. |
| 11:29AM | 16 | AND I GAVE SOME THOUGHT TO THE PROPORTIONALITY. THERE IS |
| 11:29AM | 17 | AN ARGUMENT THAT THE PROPORTIONALITY ANALYSIS HAS CHANGED, BUT |
| 11:29AM | 18 | THAT ANALYSIS IS TIED TO SUCCESS ON THE SUMMARY JUDGMENT |
| 11:29AM | 19 | MOTION. THAT'S WHERE I HAVE A CHALLENGE OF CAN I JUST BACK OUT |
| 11:29AM | 20 | THE COST ISSUE WHEN THE REASON, THE RATIONALE FOR SHIFTING COST |
| 11:29AM | 21 | IS -- WELL, THE PROPORTIONS HAVE CHANGED, THE PROPORTIONALITY |
| 11:29AM | 22 | ANALYSIS HAS CHANGED AND IT HAS CHANGED BECAUSE OF THE RULING |
| 11:30AM | 23 | ON SUMMARY JUDGMENT WHICH IS EXACTLY WHAT IS ON APPEAL. |
| 11:30AM | 24 | I WILL PICK IT UP AND I WILL RULE ON IT IF THE |
| 11:30AM | 25 | NINTH CIRCUIT SAYS THAT THAT'S OKAY. |

SEALED PROCEEDINGS                                              12

```
11:30AM   1          MR. SCHAPIRO:  YES.  SO YOUR HONOR, I WANT TO BE

  30AM    2   CLEAR THAT WE ARE NOT MEANING TO CONFLATE THE QUESTION ABOUT

11:30AM   3   RULE 26 BURDEN WITH THE QUESTION ABOUT JURISDICTION OR WHAT THE

11:30AM   4   NINTH CIRCUIT DOES ON APPEAL.

11:30AM   5          THE FACT IS THAT WE BELIEVE THAT YOU HAVE JURISDICTION TO

11:30AM   6   ASSESS CAUTION, AND I THINK I HEAR YOU SAYING THAT AS WELL.  I

11:30AM   7   MIGHT BE WRONG.  BUT YOU'RE SAYING THAT YOU'RE NOT SURE IF THE

11:30AM   8   BALANCE HAS CHANGED, AND I'D LIKE TO ADDRESS THAT RIGHT NOW.

11:30AM   9          THE COURT:  WELL, I THINK, LET ME JUST -- I BELIEVE

11:30AM  10   THE BALANCE HAS CHANGED, BUT IT HAS CHANGED BECAUSE OF THE

11:30AM  11   RULING THAT IS UP ON APPEAL.

11:30AM  12          MR. SCHAPIRO:  YES, BUT RESPECTFULLY, THAT SHOULDN'T

11:31AM  13   MATTER.  IT HAS CHANGED BECAUSE IF SOMETHING IS ON THE APPEAL,

  31AM   14   BUT THE FACT ON THE GROUND IS THAT THERE IS NOW A MUCH, MUCH,

11:31AM  15   MUCH SMALLER CHANCE THAT THIS EVIDENCE WILL EVER BE RELEVANT OR

11:31AM  16   BE USED.  YES, BECAUSE IT'S ON APPEAL, THAT'S FINE.  BUT

11:31AM  17   BECAUSE OF THE LIKELIHOOD THAT THIS EVIDENCE WILL EVER BE

11:31AM  18   RELEVANT OR USED IN ANY COURTROOM IS MUCH LESS THAN IT WAS ON

11:31AM  19   DECEMBER 11TH, THE DAY BEFORE THE ORDER WAS ISSUED, THE BALANCE

11:31AM  20   UNDER RULE 26 HAS CHANGED AND WE SHOULD NOT HAVE TO PAY.

11:31AM  21          THE COURT:  SO THAT'S AN EXCELLENT POINT, AND THAT'S

11:31AM  22   MY QUESTION IS THAT LIKELIHOOD OF SUCCESS IS NOT A RULE 26

11:31AM  23   FACTOR.

11:31AM  24          I MEAN, I LOOK AT THAT, BUT I KEEP COMING BACK TO THAT

11:31AM  25   IT'S TIED TO BECAUSE OF THE SUMMARY JUDGMENT RULING, BUT I --
```

| | | |
|---|---|---|
| 11:31AM | 1 | MR. SCHAPIRO: WELL, BUT I THINK, YOUR HONOR, UNDER |
| .31AM | 2 | RULE 26 ONE OF THE FACTORS IS HOW LIKELY IS IT THAT THIS IS |
| 11:31AM | 3 | GOING TO BE IMPORTANT EVIDENCE, RIGHT? |
| 11:31AM | 4 | SO EVEN IF YOU'RE JUST TALKING UNDER RULE 26 ABOUT A |
| 11:31AM | 5 | REQUEST TO TAKE A DEPOSITION OF SOMEONE OR REVIEW A BUNCH OF |
| 11:32AM | 6 | DOCUMENTS, AT THE GENERAL LEVEL THE QUESTION IS WHAT IS THE |
| 11:32AM | 7 | LIKELIHOOD THAT THIS IS GOING TO BE USEFUL AT TRIAL? |
| 11:32AM | 8 | AND THERE MIGHT BE VARIOUS REASONS WHY DOWN THE ROAD IT |
| 11:32AM | 9 | WILL OR WON'T BE IMPORTANT AT TRIAL. |
| 11:32AM | 10 | HERE THE REASON IT'S UNLIKELY TO BE IMPORTANT AT TRIAL IS |
| 11:32AM | 11 | BECAUSE THEY'RE UNLIKELY TO GET THERE. THAT STILL WEIGHS AS A |
| 11:32AM | 12 | FACTOR ON THE SCALE. |
| 11:32AM | 13 | THE COURT: OKAY. I HEAR YOU. I HEAR YOU. THANK |
| 32AM | 14 | YOU. |
| 11:32AM | 15 | MR. STRAITE, MR. SCHAPIRO PICKS UP A POINT THAT THE COURT |
| 11:32AM | 16 | HAS ALSO GIVEN A LOT OF THOUGHT AND CONSIDERATION, I'LL EVEN |
| 11:32AM | 17 | SAY HAS STRUGGLED WITH, WITH REGARDS TO A PURELY COST SHIFTING |
| 11:32AM | 18 | ANALYSIS AT THIS STAGE WITHOUT REGARD TO, YOU KNOW, ALL OF THE |
| 11:32AM | 19 | EVIDENCE STAYS, BUT NOW IN LIGHT OF SIGNIFICANT CHANGE IN |
| 11:33AM | 20 | CIRCUMSTANCES, PLAINTIFFS OUGHT TO BE SHARING IN THAT BURDEN. |
| 11:33AM | 21 | MR. STRAITE: THANK YOU, YOUR HONOR. WE WOULD AGREE |
| 11:33AM | 22 | THAT RULE 26 DOES NOT HAVE A MERITS ANALYSIS BAKED INTO THE |
| 11:33AM | 23 | PROPORTIONALITY TEST. |
| 11:33AM | 24 | IN THE NINTH CIRCUIT MULTIPLE COURTS HAVE SAID THAT THE |
| 11:33AM | 25 | ZUBULAKE, Z-U-B, TEST, THE SEVEN PART TEST, WHICH IS THE GOLD |

| | | |
|---|---|---|
| 11:33AM | 1 | STANDARD IN THE NINTH CIRCUIT, IT'S A NEW YORK CASE.  IT'S |
| .33AM | 2 | ZUBULAKE VERSUS UBS WARBURG LLC.  THERE ARE SEVEN FACTORS AND |
| 11:33AM | 3 | NONE OF THEM ARE AN ANALYSIS OF CHANCES OF SUCCESS ON THE |
| 11:33AM | 4 | MERITS. |
| 11:33AM | 5 | IN FACT, WE HAVE OTHER FACTORS LIKE THE PARTY'S RELATIVE |
| 11:33AM | 6 | ABILITY TO PAY FOR A PRESERVATION?  THAT'S ONE OF THE FACTORS. |
| 11:33AM | 7 | HOW IMPORTANT THE ISSUES ARE IN LITIGATION?  OBVIOUSLY THAT HAS |
| 11:33AM | 8 | ALREADY BEEN ADDRESSED. |
| 11:33AM | 9 | GOOGLE HAS STEADFASTLY REFUSED TO ADDRESS THE ZUBULAKE |
| 11:33AM | 10 | TEST IN ANY OF ITS BRIEFING WHICH IS UNFORTUNATE, BUT RULE 26 |
| 11:34AM | 11 | NOR ZUBULAKE ADDRESS OR ALLOW US TO HANDICAP THE LIKELIHOOD OF |
| 11:34AM | 12 | SUCCESS ON APPEAL. |
| 11:34AM | 13 | MORE IMPORTANTLY, HOWEVER, THAT TO THE EXTENT THAT COST |
| 34AM | 14 | SHIFTING WERE APPROPRIATE, IT CAN ONLY BE EVALUATED FAIRLY WITH |
| 11:34AM | 15 | REOPENING OF DISCOVERY, WHICH YOUR HONOR HAS SAID AND WE'RE |
| 11:34AM | 16 | GRATEFUL TO HEAR IT, THAT THAT'S NOT IN THE CARDS.  IT WOULD BE |
| 11:34AM | 17 | A SUBSTANTIAL EFFORT TO FIGURE OUT EXACTLY WHAT ARE THE |
| 11:34AM | 18 | APPROPRIATE OUT-OF-POCKET COSTS ASSOCIATED WITH NON-DUPLICATIVE |
| 11:34AM | 19 | DISCOVERY, AND THAT WOULD REQUIRE AN ENORMOUS EFFORT TO EVEN |
| 11:34AM | 20 | UNDERSTAND WHAT WE'RE TALKING ABOUT.  EVEN THE ORDER OF |
| 11:34AM | 21 | MAGNITUDE HAS CHANGED. |
| 11:34AM | 22 | THE COURT:  I'M GOING TO STOP YOU THERE, |
| 11:34AM | 23 | MR. STRAITE, BECAUSE I WILL SAY I DON'T AGREE.  THAT DOESN'T |
| 11:34AM | 24 | MEAN THAT THERE WOULDN'T HAVE TO BE SOME EXCHANGE OF |
| 11:34AM | 25 | INFORMATION OR SOME FURTHER DIGGING OF THE INFORMATION WITH |

SEALED PROCEEDINGS                                          15

11:34AM  1    REGARD TO COSTS.

11:34AM  2              MR. STRAITE:  RIGHT.

11:34AM  3              THE COURT:  BUT WE MAY EVENTUALLY GET THERE IN THIS

11:34AM  4    CASE, AND I'M IMAGINING A SITUATION WHERE THE NINTH CIRCUIT

11:34AM  5    SAYS WHAT ARE YOU TALKING ABOUT?  COST SHIFTING ON PRESERVATION

11:34AM  6    OF DISCOVERY, DISTRICT COURT, GO, DO IT.

11:35AM  7         AND THAT'S STILL NOT GOING TO HAVE A REOPENING, CERTAINLY

11:35AM  8    NOT A WHOLESALE REOPENING OF DISCOVERY.

11:35AM  9              MR. STRAITE:  AND YOUR HONOR -- THANK YOU,

11:35AM  10   YOUR HONOR.

11:35AM  11        TO THE EXTENT THAT WE'RE TALKING ABOUT WHAT ARE THE COSTS

11:35AM  12   ASSOCIATED WITH NON-DUPLICATIVE DISCOVERY, THAT'S CERTAINLY A

11:35AM  13   CONVERSATION WE'RE WILLING TO HAVE NOW IF WE WANT.  THERE'S

11:35AM  14   NOTHING THAT WOULD PROHIBIT THE PARTIES, IF WE AGREE, TO HAVE A

11:35AM  15   MEET AND CONFER REGARDING THE MAPPING TABLES, FOR EXAMPLE.  WE

11:35AM  16   COULD BE APART OF THE CONVERSATIONS WITH THE BROWN TEAM AND OUR

11:35AM  17   EXPERTS.

11:35AM  18        WE HAVE NO INTEREST IN ASKING GOOGLE TO PRESERVE

11:35AM  19   DUPLICATIVE DATA.  THERE'S NO REASON FOR THAT.  AND IF COSTS

11:35AM  20   COULD BE REDUCED, WE'RE MORE THAN WILLING TO BE APART OF THAT

11:35AM  21   CONVERSATION EVEN DURING APPEAL.

11:35AM  22              THE COURT:  ALL RIGHT.

11:35AM  23              MR. SCHAPIRO:  YOUR HONOR, THERE'S ONE OTHER THING

11:35AM  24   THAT HAS CHANGED THAT I THINK THE COURT ALSO CAN TAKE INTO

11:35AM  25   ACCOUNT SEPARATE FROM THE FACT THAT THE ODDS ARE VERY LOW THAT

SEALED PROCEEDINGS                                              16

11:35AM  1    THIS EVIDENCE WOULD EVER BE USEFUL.  BY THE WAY, I'M SURE

:36AM  2    MR. STRAITE MISSPOKE, BUT WE DID ADDRESS ZUBULAKE IN OUR REPLY

11:36AM  3    BRIEF.

11:36AM  4        YOUR HONOR, THE OTHER THING THAT HAS CHANGED NOW IS THAT

11:36AM  5    NOW WE'RE LOOKING AT A PERIOD, A SUBSTANTIALLY LONGER PERIOD

11:36AM  6    THAN ANYONE MIGHT HAVE ANTICIPATED FOR THE RETENTION OF THIS

11:36AM  7    DATA WHERE THE METER IS RUNNING ON THE COST OF THAT.  WE

11:36AM  8    BELIEVE THAT THAT IS ALSO SOMETHING NOW THAT DUE TO THESE

11:36AM  9    CHANGED CIRCUMSTANCES THE COURT CAN LOOK AT.

11:36AM 10        THE COURT:  UH-HUH.

11:36AM 11        MR. SCHAPIRO:  IN TERMS OF JUST THE BASIC UNFAIRNESS

11:36AM 12    AND PERHAPS SLIGHT FRUSTRATION, WE FEEL ABOUT THE

11:36AM 13    CIRCUMSTANCES, YOUR HONOR, WE BELIEVE THAT YOUR HONOR WOULD

:6AM 14    HAVE GRANTED AT LEAST IN PART OUR MOTION AS IT WAS ORIGINALLY

11:36AM 15    FILED BECAUSE WE THINK THERE'S A LOT OF MERIT TO IT, BUT

11:36AM 16    BECAUSE OF THE INTERVENING FACTOR THAT WE WON THE CASE BEFORE

11:36AM 17    THERE COULD BE A RULING ON IT, SUDDENLY WE'RE STUCK, AND WE

11:36AM 18    CAN'T GET A RESOLUTION ON THAT MERITORIOUS MOTION.

11:36AM 19        SO YOU CAN UNDERSTAND WHERE WE'RE FEELING LIKE WAIT A

11:36AM 20    MINUTE, WE HAD A GOOD MOTION, WE THINK WE WOULD HAVE WON IT,

11:37AM 21    AND BEFORE YOU GOT -- WE HAD A CHANCE TO HAVE IT FULLY BRIEFED

11:37AM 22    AND ARGUED, WE WIN THE CASE AND NOW WE HAVE TO, YOU KNOW, PAY

11:37AM 23    THESE COSTS FOR TWO YEARS OR SO.  I'M SURE YOU UNDERSTAND.

11:37AM 24        THE COURT:  I DO UNDERSTAND.  AND WHEN I FEEL THAT

11:37AM 25    HOW DO WE FIND OUR WAY FORWARD, I PICK UP THE RULE BOOK AND I

| | | |
|---|---|---|
| 11:37AM | 1 | LOOK AT THE RULES.  AND I THINK THAT FOR THE ISSUES I'VE |
| 37AM | 2 | IDENTIFIED AND FOR THE REASONS THAT I'VE IDENTIFIED, I WILL |
| 11:37AM | 3 | PICK UP AND I WILL RULE ON THESE ISSUES, AND I'M EXCLUDING THE |
| 11:37AM | 4 | TABLE ISSUE BECAUSE I THINK THAT IS WELL WITHIN MY |
| 11:37AM | 5 | PURVIEW. |
| 11:37AM | 6 | BUT WITH REGARDS TO CONTINUED PRESERVATION OF SIGNIFICANT, |
| 11:37AM | 7 | SIGNIFICANT PORTIONS OF THE DATA, THAT IS EITHER ALL OF IT |
| 11:37AM | 8 | GOING -- YOU KNOW, STOP COLLECTING IT GOING FORWARD, NOT HAVE |
| 11:37AM | 9 | TO PRESERVE WHAT IS HERE OR WHAT HAS ALREADY BEEN CORRECTED, |
| 11:38AM | 10 | REMOVING A SIGNIFICANT PIECE OF THE UNDERLYING PRESERVATION |
| 11:38AM | 11 | PLAN IN TERMS OF THE ██████ FIELD PRESERVATION, THOSE ARE -- |
| 11:38AM | 12 | THOSE PIECES ARE QUITE LARGE AND I WILL TAKE THEM UP.  IF THE |
| 11:38AM | 13 | NINTH CIRCUIT SAYS THAT THAT'S OKAY, IF IT AGREES THAT, YOU |
| 8AM | 14 | KNOW, THEN WE'RE DOWN TO THE LORD ABBETT CASE AND OTHERS AND |
| 11:38AM | 15 | WE'LL GO FROM THERE, BUT I WANT TO HEAR FROM THE NINTH CIRCUIT |
| 11:38AM | 16 | THAT THAT'S OKAY. |
| 11:38AM | 17 | THE COST SHIFTING IS A PIECE I DISCUSSED AT LENGTH AND |
| 11:38AM | 18 | WORKED THROUGH AND EVALUATED AT LENGTH, I'LL SAY, WITH REGARDS |
| 11:39AM | 19 | TO WHETHER I COULD STILL DEAL WITH COSTS, BUT I DON'T SEE IN |
| 11:39AM | 20 | RULE 26 A PATH TO CONSIDER AND WEIGH THE LIKELIHOOD OF SUCCESS. |
| 11:39AM | 21 | AND, FRANKLY, THAT DOESN'T SURPRISE ME BECAUSE LIKELIHOOD OF |
| 11:39AM | 22 | SUCCESS IS SQUARELY -- THAT PUTS US SQUARELY IN THE ISSUES |
| 11:39AM | 23 | BEFORE THE NINTH CIRCUIT. |
| 11:39AM | 24 | SO THOSE ISSUES, AGAIN, I WILL TAKE UP WITH PERMISSION |
| 11:39AM | 25 | FROM THE NINTH CIRCUIT.  AND IF YOU BELIEVE IT IS APPROPRIATE |

11:39AM   1    TO ASK JUDGE GONZALEZ ROGERS FIRST, I LEAVE THAT TO YOUR

.9AM      2    CAREFUL ANALYSIS AS TO WHAT THE NEXT STOP IS.

11:39AM   3         AND THAT BRINGS US DOWN TO THE TABLES ISSUE, AND THE

11:39AM   4    TABLES THAT GOOGLE IS SEEKING RELIEF FROM NOT HAVING TO

11:40AM   5    PRESERVE AND FOR THE SAME REASON -- AND I'M GOING TO COME TO

11:40AM   6    THE DIFFERENT POINT THAT MS. TREBICKA IDENTIFIED A MOMENT AGO,

11:40AM   7    BUT BECAUSE THAT IS ADDRESSING SQUARELY ARE THESE TABLES NEEDED

11:40AM   8    AS ARTICULATED IN MY PRESERVATION ORDER, AND THERE IS

11:40AM   9    ADDITIONAL EVIDENCE NOW WITH REGARDS TO NEED THAT HAS BEEN

11:40AM  10    DEVELOPED AS PART OF THE IMPLEMENTATION OF THE PRESERVATION

11:40AM  11    PLAN, THAT THAT IS PROPERLY BEFORE ME, AND I CAN TAKE THAT UP

11:40AM  12    AND RULE ON IT HERE AND NOW WITHOUT INPUT FROM THE

11:40AM  13    NINTH CIRCUIT.

.0AM     14         SO WITH THAT, MS. TREBICKA, LET'S GO BACK TO THE TABLES

11:40AM  15    ISSUE AS WE SPENT SOME TIME WORKING THROUGH IT IN BROWN IS NOT

11:41AM  16    IDENTICAL TO THE ISSUE HERE, SPECIFICALLY WITH REGARDS TO THE

11:41AM  17    ANALYTICS TABLES.

11:41AM  18         SO YOU WERE GOING TO TAKE ME THROUGH THAT.  SO PLEASE.

11:41AM  19         MS. TREBICKA:  YES, YOUR HONOR.

11:41AM  20    ██████████████ IS IDENTICAL, THE ████████████ PIECE.

11:41AM  21         THE COURT:  UH-HUH.

11:41AM  22         MS. TREBICKA:  WHERE IT IS NOT IDENTICAL IS WITH

11:41AM  23    RESPECT TO THE ANALYTICS TABLES WHERE THE ONLY DATA SOURCES IN

11:41AM  24    THE PRESERVATION ORDER FOR CALHOUN THAT RELATES TO GOOGLE

11:41AM  25    ANALYTICS ARE IN GAIA ██████ AND IN ██████████ AND BOTH OF

| | | |
|---|---|---|
| 11:41AM | 1 | THOSE SOURCES ARE AUTHENTICATED.  SO GAIA PAID, GAIA ███ AND |
| 11:41AM | 2 | THEN ███ THE AUTHENTICATED SOURCE, AND BECAUSE THEY DO |
| 11:41AM | 3 | NOT CONTAIN -- THEY ARE NOT KEY TO BISCOTTI, SO UNAUTHENTICATED |
| 11:41AM | 4 | IDENTIFIERS.  THE IDENTIFIERS THAT ARE MAPPED IN THE ANALYTICS |
| 11:41AM | 5 | MAPPING TABLES ARE INAPPLICABLE TO THESE PRESERVED DATA |
| 11:42AM | 6 | SOURCES, AND, THEREFORE, UNNECESSARY TO READ THE DATA OR |
| 11:42AM | 7 | UNDERSTAND THE DATA. |
| 11:42AM | 8 | THE COURT:  SO WHAT IS IT IN THE ANALYTICS TABLES |
| 11:42AM | 9 | THAT MAKE -- THAT CAUSES THEM TO FALL UNDER MY ORDER? |
| 11:42AM | 10 | MS. TREBICKA:  IT IS -- GREAT QUESTION, YOUR HONOR. |
| 11:42AM | 11 | AGAIN, PART OF THE REASON THAT WE HAD A LONG DISCUSSION OF |
| 11:42AM | 12 | HOW WE HAVE IMPLEMENTED YOUR ORDER WAS BECAUSE WE WANTED TO BE |
| 11:42AM | 13 | ABSOLUTELY CLEAR THAT WE WERE DOING WHAT YOU ASKED US TO DO. |
| 11:42AM | 14 | IT IS NOT THAT THESE TABLES ARE NOT NECESSARY TO READ THE |
| 11:42AM | 15 | DATA, BUT WE WERE CONCERNED BY THE ORDER THAT SAID -- OR BY THE |
| 11:42AM | 16 | LANGUAGE INSTRUCTING ALL MEANS ALL, AND IN THE INTEREST OF |
| 11:42AM | 17 | TRANSPARENCY, IN THE INTEREST OF NOT STEPPING WRONGLY BEFORE |
| 11:42AM | 18 | YOUR HONOR, WE WANTED TO IDENTIFY THEM, AND ALSO BECAUSE THEY |
| 11:42AM | 19 | HAVE BEEN IDENTIFIED IN BROWN, AND BRING THIS TO YOUR HONOR'S |
| 11:43AM | 20 | ATTENTION. |
| 11:43AM | 21 | BUT CLEARLY THEY ARE NOT NECESSARY TO READ THE DATA IN |
| 11:43AM | 22 | CALHOUN. |
| 11:43AM | 23 | THE COURT:  WELL, I MADE IT CLEAR IN MY ORDER THAT |
| 11:43AM | 24 | IF THE DATA IN THE TABLE WAS UNRELATED TO THE DATA IDENTIFIED |
| 11:43AM | 25 | AND PRODUCED IN THE ACTION, THEN THAT TABLE DID NOT NEED TO BE |

SEALED PROCEEDINGS
                                                                                20

| | | |
|---|---|---|
| 11:43AM | 1 | PRODUCED OR PRESERVED, EXCUSE ME. BUT THAT DOESN'T, THAT |
| :43AM | 2 | DOESN'T SOUND LIKE THIS IS A SITUATION WHERE THE ANALYTICS |
| 11:43AM | 3 | TABLES ARE COMPLETELY UNRELATED TO THE DATA THAT HAS BEEN |
| 11:43AM | 4 | IDENTIFIED OR PRODUCED. |
| 11:43AM | 5 | MS. TREBICKA: THEY ARE ANALYTICS TABLES, SO IN THAT |
| 11:43AM | 6 | RESPECT, YES, THEY ALL DEAL WITH GOOGLE ANALYTICS DATA, BUT |
| 11:43AM | 7 | THEY ARE NOT RELATED TO THE DATA THAT IS BEING PRESERVED IN THE |
| 11:44AM | 8 | SENSE OF BEING NECESSARY TO READ OR INTERPRET OR LINK THE DATA |
| 11:44AM | 9 | THAT IS BEING PRESERVED. |
| 11:44AM | 10 | SO FROM OUR PERSPECTIVE THEY'RE UNNECESSARY. THEY DO NOT |
| 11:44AM | 11 | FALL WITHIN YOUR ORDER. THEY'RE UNNECESSARY. |
| 11:44AM | 12 | BUT AS I SAID A MOMENT AGO, YOUR HONOR, WE DID NOT WANT TO |
| 11:44AM | 13 | MISSTEP. WE IDENTIFIED IT. WE WANTED YOUR HONOR TO BE AWARE |
| 4AM | 14 | OF IT, SO ONCE IT APPEARS IN BROWN OR IS MADE AWARE IN BROWN, |
| 11:44AM | 15 | WE ARE NOT, AS GOOGLE AND COUNSEL TO GOOGLE SECOND GUESS ABOUT |
| 11:44AM | 16 | SOME DECISIONS THAT WE HAVE MADE TO DATE, ESPECIALLY SINCE |
| 11:44AM | 17 | THESE CASES HAVE BEEN PROCEEDING IN PARALLEL. |
| 11:44AM | 18 | BUT, AGAIN, WE DON'T THINK THAT THESE MAPPING TABLES APPLY |
| 11:44AM | 19 | TO THE DATA THAT IS BEING PRESERVED IN CALHOUN, THE GOOGLE |
| 11:44AM | 20 | ANALYTICS DATA THAT IS BEING PRESERVED IN CALHOUN. |
| 11:44AM | 21 | THE COURT: OKAY. |
| 11:44AM | 22 | MR. STRAITE. |
| 11:44AM | 23 | MR. STRAITE: THANK YOU, YOUR HONOR. |
| 11:44AM | 24 | TWO QUICK THINGS. WE DON'T KNOW WHAT IS IN SOME OF THESE |
| 11:44AM | 25 | MAPPING TABLES, SO WHEN GOOGLE COUNSEL SAYS THAT THE MAPPING |

| | | |
|---|---|---|
| 11:45AM | 1 | TABLES DON'T RELATE TO █████ OR OTHER DATA SOURCES BEING |
| 45AM | 2 | PRESERVED, WE HAVE NO WAY TO EVALUATE THAT.  WE HAVEN'T SEEN |
| 11:45AM | 3 | THEM.  WE DON'T KNOW WHAT IS BEING PRESERVED. |
| 11:45AM | 4 | SO WE HAVE NO INTEREST.  CERTAINLY WE HAVE NO DESIRE FOR |
| 11:45AM | 5 | GOOGLE TO PRESERVE TABLES OR DATA THAT IS LITERALLY UNRELATED |
| 11:45AM | 6 | TO THIS ACTION AND ARE UNNECESSARY AND ARE DUPLICATIVE. |
| 11:45AM | 7 | SO WE WOULD ONLY ASK FOR TRANSPARENCY AND AN OPPORTUNITY |
| 11:45AM | 8 | TO HAVE A CONVERSATION WITH GOOGLE AND OUR EXPERTS TO DETERMINE |
| 11:45AM | 9 | WHAT IS IN THESE TABLES AND WHAT ARE THEY MAPPING TO. |
| 11:45AM | 10 | SO MAPPING TABLES MAP GAIA TO WHAT?  WE DON'T KNOW WHAT IS |
| 11:45AM | 11 | IN THE MAPPING TABLES.  WE'RE OBVIOUSLY A BIT IN THE DARK.  WE |
| 11:45AM | 12 | WOULD JUST ASK FOR AN OPPORTUNITY TO MEET WITH GOOGLE TO |
| 11:45AM | 13 | DETERMINE WHAT IS IN THE TABLES THAT THEY'RE PROPOSING THAT |
| 5AM | 14 | THEY BE RELIEVED FROM THE OBLIGATION TO PRESERVE.  IF THEY'RE |
| 11:45AM | 15 | DUPLICATIVE OR TRULY NOT RELATED TO THE CASE, OF COURSE WE HAVE |
| 11:45AM | 16 | NO OBJECTION.  WE HAVE NO BASIS TO SAY ONE WAY OR THE OTHER |
| 11:46AM | 17 | UNTIL WE MEET AND CONFER WITH THEM. |
| 11:46AM | 18 | THE COURT:  OKAY.  WELL, HERE'S A CONCERN I HAVE, IN |
| 11:46AM | 19 | LIGHT OF THE INFORMATION THAT MS. TREBICKA HAS LAID OUT MORE |
| 11:46AM | 20 | CLEARLY FOR ME HERE ON THE RECORD, WHICH IS THAT TO HAVE A |
| 11:46AM | 21 | CONVERSATION, AND WE'RE JUST TALKING ABOUT THE ANALYTICS TABLES |
| 11:46AM | 22 | NOW BECAUSE I THINK ON THE ████████ PIECE IT CAN MIRROR |
| 11:46AM | 23 | THE PROCESS THAT WE DISCUSSED IN BROWN.  BUT WITH REGARDS TO |
| 11:46AM | 24 | THE ANALYTICS PIECE, DID I HEAR GOOGLE SAYING THAT THERE'S |
| 11:46AM | 25 | NOTHING IN THESE TABLES THAT REFLECTS WHAT LINK OR COULD BE |

| | | |
|---|---|---|
| 11:46AM | 1 | DERIVED FROM THE TABLES THAT ARE BEING FROM THE PRESERVED DATA. |
| .6AM | 2 | THEY DON'T SHED ANY INFORMATION.  SO TO HAVE THAT DISCUSSION -- |
| 11:46AM | 3 | WHAT I'M TRYING TO AVOID, MR. STRAITE, IS I'VE ALREADY SAID |
| 11:47AM | 4 | THAT GOOGLE DOESN'T HAVE TO, YOU KNOW, THEY DON'T HAVE TO MAKE |
| 11:47AM | 5 | THE ENTIRE TABLES.  I MEAN, ALL OF THIS INFORMATION AVAILABLE. |
| 11:47AM | 6 | THIS IS NOT AN OPEN IT ALL UP AND HAVE THE PLAINTIFFS LOOK |
| 11:47AM | 7 | AROUND AND SEE IF THERE'S ANYTHING THAT RELATES.  THAT'S NOT |
| 11:47AM | 8 | THE PROCESS. |
| 11:47AM | 9 | AND IN BROWN WE WERE ABLE TO START WITH, WELL, HERE ARE |
| 11:47AM | 10 | THE PIECES THAT GOOGLE SAYS RELATE.  DO THEY RELATE IN THE WAY |
| 11:47AM | 11 | THAT GOOGLE SAID THEY DO?  IT'S A LITTLE BIT HARDER.  I'M NOT |
| 11:47AM | 12 | QUITE SURE, BUT I'M WILLING TO LEAVE IT TO THE PARTIES TO |
| 11:47AM | 13 | FIGURE OUT A WAY TO HAVE THAT DISCUSSION, BUT SIMPLY OPEN UP |
| 7AM | 14 | AND SHOW US EVERYTHING IN THE TABLES IS CERTAINLY NOT WHERE |
| 11:47AM | 15 | WE'RE GOING TO START. |
| 11:47AM | 16 | MR. STRAITE:  AND WE CAN ABSOLUTELY AGREE TO THAT. |
| 11:47AM | 17 | WE DON'T HAVE TO HAVE ALL OF THE TABLES COMPLETELY OPEN, BUT IF |
| 11:47AM | 18 | WE HAVE SUFFICIENT INFORMATION TO UNDERSTAND WHAT IS GAIA ID |
| 11:47AM | 19 | MAP TO?  WE HEARD THAT ANALYTICS TABLES DON'T REVEAL ANY NEW |
| 11:48AM | 20 | INFORMATION THAT IS NOT ALREADY IN SAY, FOR EXAMPLE, BUT WHAT |
| 11:48AM | 21 | ABOUT ▮▮▮?  THERE ARE A LOT OF QUESTIONS THAT WOULDN'T |
| 11:48AM | 22 | REQUIRE THAT WE HAVE COMPLETE ACCESS TO EVERYTHING, BUT WE DO |
| 11:48AM | 23 | NEED ADDITIONAL INFORMATION TO UNDERSTAND WHAT ARE THE DETAILS |
| 11:48AM | 24 | OF GOOGLE'S ARGUMENT?  WE'RE WILLING TO HAVE THOSE |
| 11:48AM | 25 | CONVERSATIONS. |

| | | |
|---|---|---|
| 11:50AM | 1 | MR. STRAITE:  YES, YOUR HONOR, THAT SCHEDULE WORKS |
| .0AM | 2 | FINE.  IT'S OUR EXPECTATION THAT THE MEET AND CONFERS WOULD BE |
| 11:50AM | 3 | JOINTLY WITH GOOGLE AND BROWN COUNSEL SO THAT WE'RE NOT HAVING, |
| 11:50AM | 4 | YOU KNOW, TELEPHONE CONVERSATIONS.  YES, THAT SCHEDULE MAKES |
| 11:50AM | 5 | SENSE FOR US. |
| 11:50AM | 6 | THE COURT:  OKAY.  AND THIS HAS TO MOVE FORWARD |
| 11:50AM | 7 | EXPEDITIOUSLY TO GET THIS ISSUE ADDRESSED. |
| 11:50AM | 8 | BEFORE WE WRAP UP, I HAD A QUESTION.  I WANTED TO |
| 11:50AM | 9 | UNDERSTAND, JUST BRIEFLY, MS. TREBICKA, THE DATA RETENTION |
| 11:51AM | 10 | INFORMATION AND APPROXIMATE COST INFORMATION THAT GOOGLE |
| 11:51AM | 11 | PROVIDED, AND I'M -- I AGREE, WE'LL PROCEED AS WITH BROWN, BUT |
| 11:51AM | 12 | I WANTED TO BE SURE THAT I WAS UNDERSTANDING THE INFORMATION |
| 11:51AM | 13 | THAT GOOGLE HAD PROVIDED TO THE COURT SO FAR IN ITS |
| 1AM | 14 | SUPPLEMENTAL BRIEFING WHERE IT HAD -- I'M LOOKING AT DOCUMENT |
| 11:51AM | 15 | NUMBER 929-3 WHERE IT HAD THE FIELD PRESERVATION NUMBERS AND |
| 11:51AM | 16 | THEN THE NUMBER FOR ALL OTHER PRESERVATION TASKS EXCLUDING |
| 11:51AM | 17 | RELIEF SOUGHT. |
| 11:51AM | 18 | MS. TREBICKA:  YES, YOUR HONOR. |
| 11:51AM | 19 | THE COURT:  DO YOU SEE WHERE I AM? |
| 11:51AM | 20 | MS. TREBICKA:  I SEE IT.  I ACTUALLY HAVE A HANDY |
| 11:51AM | 21 | TABLE THAT WE CAN SHARE SCREEN.  WOULD THAT BE OKAY? |
| 11:52AM | 22 | SETH, DO YOU MIND? |
| 11:52AM | 23 | IS IT OKAY TO SHARE, YOUR HONOR? |
| 11:52AM | 24 | THE COURT:  WELL, LET ME ASK YOU A QUESTION FIRST |
| 11:52AM | 25 | BECAUSE THAT'S WHAT I'M LOOKING AT IS DOCKET 929. |

| | | |
|---|---|---|
| 11:52AM | 1 | MS. TREBICKA:  DOCUMENT 929. |
| 2AM | 2 | THE COURT:  TAB 2. |
| 11:52AM | 3 | MS. TREBICKA:  TAB 2, YES. |
| 11:52AM | 4 | THE COURT:  AND LOOKING FIRST AT THE DATA THAT IS |
| 11:52AM | 5 | PRESERVED.  SO GOOGLE BROKE OUT THE ███ FIELD BASE |
| 11:52AM | 6 | PRESERVATION. |
| 11:52AM | 7 | MS. TREBICKA:  YES. |
| 11:52AM | 8 | THE COURT:  THAT'S PART OF ITS REQUEST FOR RELIEF. |
| 11:52AM | 9 | AND THEN ALL OTHER PRESERVATION TASKS, EXCLUDING RELIEF |
| 11:52AM | 10 | SOUGHT, WHICH I ASSUME EXCLUDES THE MAPPING AND LINKING TABLES. |
| 11:52AM | 11 | MS. TREBICKA:  YES, IT DOES. |
| 11:52AM | 12 | THE COURT:  OKAY. |
| 11:52AM | 13 | MS. TREBICKA:  I WAS JUST GOING TO CONFIRM.  I DON'T |
| 2AM | 14 | HAVE 929 RIGHT IN FRONT OF ME.  MAYBE SETH CAN GET IT TO ME. |
| 11:52AM | 15 | WHAT WE HAVE IS IN CALHOUN IS ALL OTHER PRESERVATION TASKS |
| 11:52AM | 16 | EXCLUDING RELIEF SOUGHT IN THE FIRST YEAR IS A LITTLE OVER |
| 11:53AM | 17 | ███. |
| 11:53AM | 18 | THE COURT:  UH-HUH. |
| 11:53AM | 19 | MS. TREBICKA:  AND THEN IT GROWS EXPONENTIALLY TO |
| 11:53AM | 20 | ███ AFTER TWO YEARS AND TO JUST OVER ███ AFTER |
| 11:53AM | 21 | THREE YEARS. |
| 11:53AM | 22 | THE COURT:  RIGHT.  BUT THAT'S ALL PRESERVATION |
| 11:53AM | 23 | TASKS EXCLUDING ███ FIELD AND THE MAPPING TABLES. |
| 11:53AM | 24 | MS. TREBICKA:  CORRECT, YOUR HONOR. |
| 11:53AM | 25 | THE COURT:  OKAY. |

| | | |
|---|---|---|
| 11:53AM | 1 | AND THERE WASN'T A BREAKOUT OF THE MAPPING TABLE COSTS. |
| 53AM | 2 | WOULD THAT TRACK -- THAT TABLE IS IN THE BROWN BRIEFS. |
| 11:53AM | 3 | DOES THAT TRACK -- THAT WAS THE APPROXIMATELY -- I CAN'T |
| 11:53AM | 4 | REMEMBER THE PETABYTES, BUT I KNOW IT WAS THE ████████ OVER |
| 11:53AM | 5 | THREE YEARS. |
| 11:53AM | 6 | MS. TREBICKA:  YES, YOUR HONOR, AND IT IS 897-3F10 |
| 11:53AM | 7 | AND IT APPLIES TO BOTH BROWN AND CALHOUN.  WE ALSO HAVE IT |
| 11:53AM | 8 | BROKEN OUT BY ████████ AND ANALYTICS, BUT IT IS |
| 11:54AM | 9 | ████████ IN THE FIRST YEAR, ████████ AFTER TWO YEARS, AND |
| 11:54AM | 10 | ████████ AFTER THREE YEARS. |
| 11:54AM | 11 | THE COURT:  RIGHT.  OKAY.  I JUST WANTED TO BE SURE |
| 11:54AM | 12 | THAT WE WERE TALKING ABOUT THE SAME NUMBERS THAT THEY WERE -- |
| 11:54AM | 13 | NOT ALL OF THE PIECES WERE IN BOTH SETS OF TABLES |
| 4AM | 14 | UNDERSTANDABLY. |
| 11:54AM | 15 | MS. TREBICKA:  YES, YOUR HONOR. |
| 11:54AM | 16 | AND AS FAR AS ████ PRESERVATION OR OUR RELIEF FROM THE |
| 11:54AM | 17 | ████ FIELD-BASED PRESERVATION, MS. GAO WAS READY AND PREPARED |
| 11:54AM | 18 | TO ADDRESS THAT.  I DON'T KNOW IF YOUR HONOR HAS ANY QUESTIONS |
| 11:54AM | 19 | FOR US ON THAT POINT BEFORE WE CONCLUDE TODAY.  I UNDERSTAND |
| 11:54AM | 20 | YOUR RULING ON JURISDICTION, BUT AT ANY RATE I WANTED TO MAKE |
| 11:54AM | 21 | SURE THAT IF THERE ARE ANY LINGERING QUESTIONS, MS. GAO IS HERE |
| 11:54AM | 22 | TO ADDRESS THEM. |
| 11:54AM | 23 | THE COURT:  THANK YOU. |
| 11:54AM | 24 | MR. STRAITE, BEFORE I RESPOND TO THAT. |
| 11:54AM | 25 | MR. STRAITE:  THANK YOU, YOUR HONOR. |

| | | |
|---|---|---|
| 11:54AM | 1 | MS. TREBICKA REFERENCED IN THE BROWN DOCKET, |
| 5AM | 2 | DOCUMENT 897-3.  THOSE WERE DOCUMENTS WHERE THESE DOLLAR |
| 11:55AM | 3 | FIGURES APPEAR, THEY WERE FILED UNDER SEAL, AND WE NEVER GOT |
| 11:55AM | 4 | COPIES OF THEM.  I'M ASKING FOR A COURTESY COPY OF THE SEALED |
| 11:55AM | 5 | VERSION OF THE DOCUMENTS REFERENCED TODAY. |
| 11:55AM | 6 | THE COURT:  I WOULD ASSUME THAT THAT IS ALL RIGHT. |
| 11:55AM | 7 | MS. TREBICKA:  ABSOLUTELY. |
| 11:55AM | 8 | THE COURT:  BUT THAT IS GOOGLE INFORMATION.  SO TO |
| 11:55AM | 9 | THE EXTENT THAT THERE IS INFORMATION AND THAT IT'S NOT EXACTLY |
| 11:55AM | 10 | DUPLICATED AS BETWEEN THE BROWN AND CALHOUN CASES, AND I'M |
| 11:55AM | 11 | THINKING OF THE SUPPORTING TECHNICAL DECLARATIONS AS WELL |
| 11:55AM | 12 | PROVIDE THOSE TO THE PLAINTIFFS IN CALHOUN. |
| 11:55AM | 13 | MS. TREBICKA:  WE WILL DO THAT, YOUR HONOR. |
| 5AM | 14 | THE TECHNICAL DECLARATION, SO THE UNDERLYING EVIDENCE IS |
| 11:55AM | 15 | THE SAME IN BOTH CASES, BUT WE MAY HAVE PRESENTED IT SLIGHTLY |
| 11:55AM | 16 | DIFFERENT IN THE MOTION, AND, THEREFORE, THESE NUMBERS, THE |
| 11:56AM | 17 | AGGREGATED NUMBERS MAY HAVE BEEN SLIGHTLY DIFFERENT. |
| 11:56AM | 18 | BUT, MR. STRAITE, WE WILL ABSOLUTELY GET THAT OVER TO YOU. |
| 11:56AM | 19 | THE COURT:  I JUST WANT TO BE SURE EVERYBODY, WHEN |
| 11:56AM | 20 | YOU'RE GOING TO MEET AND CONFER AND THESE EFFORTS ARE GOING |
| 11:56AM | 21 | FORWARD JOINTLY IN THE CALHOUN AND BROWN CASE, THAT EVERYBODY |
| 11:56AM | 22 | HAS SEEN THE SAME INFORMATION. |
| 11:56AM | 23 | I APPRECIATE AT LEAST AS TO THE ANALYTICS TABLE THE |
| 11:56AM | 24 | SITUATION IS A LITTLE BIT DIFFERENT, BUT LET'S GET EVERYTHING |
| 11:56AM | 25 | OUT ON THE TABLE. |

SEALED PROCEEDINGS                                                    28

| | | |
|---|---|---|
| 11:56AM | 1 | I APPRECIATE MS. GAO'S PREPARATION FOR THE ████ |
| :56AM | 2 | FIELD-BASED PRESERVATION, AND I LOOK FORWARD TO HEARING THAT AS |
| 11:56AM | 3 | SOON AS THE NINTH CIRCUIT TELLS ME THAT I CAN, IF AND WHEN. |
| 11:56AM | 4 | OKAY.  ANY OTHER -- ANYTHING ELSE ON THIS FOR TODAY?  I |
| 11:56AM | 5 | WILL WRITE UP AN ORDER SUMMARIZING THE RULINGS WITH REGARDS TO |
| 11:57AM | 6 | THE ISSUES THAT I BELIEVE NEED TO BE DETERMINED BY THE |
| 11:57AM | 7 | NINTH CIRCUIT, REMANDED TO ME BY THE NINTH CIRCUIT.  SO YOU'LL |
| 11:57AM | 8 | HAVE THAT ORDER. |
| 11:57AM | 9 | ANYTHING FURTHER, MS. TREBICKA? |
| 11:57AM | 10 | MS. TREBICKA:  NOT FROM OUR SIDE, YOUR HONOR. |
| 11:57AM | 11 | THE COURT:  MR. STRAITE? |
| 11:57AM | 12 | MR. STRAITE:  NO, YOUR HONOR.  THANK YOU FOR YOUR |
| 11:57AM | 13 | TIME ON THIS. |
| 57AM | 14 | THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH. |
| 11:57AM | 15 | I APPRECIATE, AS ALWAYS, COUNSEL'S CAREFUL PREPARATION OF |
| 11:57AM | 16 | THE BRIEFS.  AND I'LL GET THOSE ORDERS OUT, AND I WILL SEE YOU |
| 11:57AM | 17 | NEXT TIME.  AND I LOOK FORWARD TO THOSE STATUS REPORTS IN |
| 11:57AM | 18 | 21 DAYS.  THANK YOU. |
| 11:57AM | 19 | MS. TREBICKA:  THANK YOU, YOUR HONOR. |
| 11:57AM | 20 | MR. STRAITE:  THANK YOU, YOUR HONOR. |
| 11:57AM | 21 | THE COURT:  THAT CONCLUDES THIS MATTER.  THE |
| 11:57AM | 22 | TRANSCRIPTS CAN BE RELEASED TO THE PARTIES. |
| 11:57AM | 23 | WE ARE ADJOURNED.  THANK YOU. |
| 11:57AM | 24 | MR. SCHAPIRO:  THANK YOU, JUDGE. |
| 11:57AM | 25 | MS. TREBICKA:  THANK YOU, YOUR HONOR. |

11:57AM   1          (COURT CONCLUDED AT 11:57 A.M.)

          2

          3

          4

          5

          6

          7

          8

          9

         10

         11

         12

         13

         14

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25

1

2

3                         CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE

8    UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

9    CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO

10   HEREBY CERTIFY:

11        THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16        _____
          IRENE RODRIGUEZ, CSR, RMR, CRR
17        CERTIFICATE NUMBER 8074

18

19        DATED:   JANUARY 12, 2023

20

21

22

23

24

25