**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
Eric Johnson (admitted *pro hac vice*)
Jenny Paulson (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
atruong@simmonsfirm.com
ejohnson@simmonsfirm.com
jpaulson@simmonsfirm.com

**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Ave., Tenth Floor
New York, NY 10017
Tel.: (646) 933-1000
Fax: (646) 494-9648
dstraite@dicellolevitt.com
crhodes@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Sharon Cruz (admitted *pro hac vice*)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com
scruz@dicellolevitt.com

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR INDICATIVE RULING REGARDING SCOPE OF SUMMARY JUDGMENT ORDER (DKT. NO. 962)**<br><br>Hearing: February 28, 2023, 2:00pm |

## I. INTRODUCTION

Google's motion (the "Motion," Dkt. No. 962) for indicative ruling regarding the scope of this Court's judgment dismissing and closing the case (the "Judgment," Dkt. No. 937) is improper and should be denied. There is no fundamental dispute here—the parties agree that the Court dismissed the Plaintiffs' complaint in its entirety and closed the case. For example, Google has already sought relief from this Court (and from the Ninth Circuit) regarding ESI preservation obligations expressly on the grounds that the case has been unambiguously dismissed. *See, e.g.*, Dkt. No. 945-2 at 4 (stating that Plaintiffs "lost the case"). Plaintiffs agree—the Court unambiguously entered final judgment and closed the case. Plaintiffs then filed their notice of appeal more than a month ago, Dkt. No. 941, which Google does not challenge as premature. There is no ambiguity.

Google's real goal, therefore, is revealed in its substantially detailed proposed order (Dkt. No. 962-2). If the Court of Appeals were to grant limited remand, Google asks this Court to append two full pages of Google's preferred legal analysis and discussion to the Court's earlier Order Granting Summary Judgment (the "Order," Dkt. No. 935) and alter the Judgment with conforming edits. But such proposed detailed alterations would be time-barred. The Federal Rules place a strict 28-day limit on motions to alter or amend a judgment following entry of judgment, Fed. R. Civ. P. 59(e), and Google missed the deadline. This time limit cannot be extended. *See* Committee Notes to 2009 Amendments to FRCP 59.

Perhaps realizing Rule 59(e)'s strict limitation, Google instead tries to proceed under Rule 60(a). But Rule 60(a) is not just a duplicate of Rule 59(e); Rule 60(a) only allows alterations to a judgment or order "to correct a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). Google's requested relief, however, is clearly more than just correcting a clerical mistake or a mistake arising from oversight or omission; it is instead a request that this Court engage in additional legal analysis and new application of case law to the facts of this case, which is beyond the scope of the type of "clerical errors" contemplated by Rule 60(a).

The Judgment unambiguously dismissed the case in its entirety and jurisdiction now rests with the Court of Appeals. The parties also agree that this Court would require a grant of limited

1  jurisdiction before it could alter the Judgment and Order. But the amendments Google seeks would
2  be improper even if limited remand were granted, and unnecessary in any event. The Plaintiffs
3  therefore respectfully request that the Motion be denied.

4  **II.  FACTUAL AND PROCEDURAL BACKGROUND**

5  Plaintiffs' complaint asserts 16 causes of action. *See* Dkt. No. 1. Judge Koh, the original
6  presiding judge, ordered Google to focus its motion to dismiss on 10 of these 16 claims (the
7  "Priority Claims"), five of which were selected by Google, and five were selected by Plaintiffs.
8  Dkt. No. 51. Google refers to the six de-prioritized claims either as the "Dormant Claims" or the
9  "claims in abeyance." On March 17, 2021, Judge Koh granted in part and denied in part Google's
10 Motion to Dismiss. Dkt. No. 142. When Google filed its motion for summary judgment eight
11 months later, however, it expressly requested that the Court dismiss *all* remaining claims (including
12 the "claims in abeyance"), not just the Priority Claims. Dkt. No. 395 at 1–2, n. 3 ("This Motion
13 resolves all of Plaintiffs' claims—active and dormant . . . consent is a defense to the claims in
14 abeyance as well."). On December 12, 2022, the Court granted Google's summary judgment
15 motion in full, without limitation, *see* Order, Dkt. No. 935 at 27; entered Judgment, Dkt. No. 937;
16 and closed the case. Plaintiffs then filed a timely notice of appeal on December 20, 2022. Dkt. No.
17 941. Google then filed the instant Motion to alter the Judgment and Order on January 23, 2023,
18 more than two weeks after the deadline in Rule 59(e).

19 **III.  LEGAL STANDARD**

20     **A.  The Court Lacks Jurisdiction to Amend the Order and Judgment**

21 "The filing of a notice of appeal is an event of jurisdictional significance—it confers
22 jurisdiction on the court of appeals and divests the district court of its control over those aspects of
23 the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).
24 "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being
25 appealed." *Nat. Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *accord*,
26 *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). Google agrees that this Court lacks
27 jurisdiction to issue the ultimate relief it seeks, and thus (as discussed below) Google requests an
28 indicative ruling under Rule 62.1.

### B. Motions to Alter or Amend Judgments (Rules 59(e) and 60(a))

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This time limit cannot be extended. *See* Committee Notes to 2009 Amendments to FRCP 59 ("These time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules. Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time, the former 10-day periods are expanded to 28 days. Rule 6(b) continues to prohibit expansion of the 28-day period.").

Rule 60(a) is an alternative avenue to alter a judgment or order, but only "to correct a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). The Court cannot use Rule 60(a) to "revisit its legal analysis." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

### C. The District Court May Amend the Order and Judgment Pursuant (if Rule 60(a) Applies) Only with Leave of the Ninth Circuit Pursuant to Rule 62.1

"[A]fter an appeal has been docketed in the appellate court and while it is still pending," the Court may grant a Rule 60(a) motion to amend an order or judgment only "with the appellate court's leave." Fed. R. Civ. P. 60(a). "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. . . . But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *In re Walter*, 282 F.3d at 440. "[T]he proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Williams*, 384 F.3d at 586. "Where an appellant does not follow this procedure, a district court's order on the . . . motion is void for lack of jurisdiction." *Stuart v. City of Scottsdale*, No. CV-20-00755-PHX-JAT, 2022 WL 2905045, at *1 (D. Ariz., July 22, 2022).

Adopted in 2009, Rule 62.1 provides a process for District Courts to entertain a motion for relief under Rule 60(a) in this posture:

*Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal*

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1) defer considering the motion;
> > (2) deny the motion; or
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1; *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 4097751 (N.D. Cal. Sept. 17, 2012) (issuing "indicative ruling" that the post-appeal motion presented a "substantial issue."). The Ninth Circuit may then grant the District Court limited jurisdiction to address the issue.

## IV.   ARGUMENT

### A.   There Is No Legitimate Dispute as to the Scope of the Judgment

The scope of the Judgment is not actually in dispute. When Google filed its motion for summary judgment it expressly requested that the Court dismiss all claims in this case (including the "claims in abeyance" or the "Dormant Claims"), not just the Priority Claims. Dkt. No. 395 at 1–2, n. 3 ("This Motion resolves all of Plaintiffs' claims—active and dormant . . . consent is a defense to the claims in abeyance as well."); *see also* Google's Proposed Order Granting Summary Judgment, Dkt. No. 395-5 (Proposing "IT IS FURTHER ORDERED that Plaintiffs' Complaint and all claims for relief alleged therein are hereby DISMISSED WITH PREJUDICE."); Google's Reply at Dkt. No. 475 at 1 (taking position that Google's "consent" defense applies to all remaining claims). During oral argument, the Court said it was aware of the Dormant Claim issue, although Google never briefed it. *See* Aug. 26, 2022 Hr'g. Tr. 50:25-53:9.

1    On December 12, 2022, the Court granted Google's summary judgment motion in full, without limitation, *see* Order, Dkt. No. 935 at 27; entered Judgment, Dkt. No. 937; and closed the case. Google immediately acknowledged these facts and sought relief from certain ESI preservation obligations expressly on the basis of its representation to Judge van Keulen that the District Court dismissed **all** claims, not just the Priority Claims. Dkt. No. 943 at 1, n. 1 (also noting that "Judge Gonzalez Rogers has denied Plaintiffs' motion for class certification as moot and closed this case"); *accord*, Google's Motion for Leave for Additional Briefing on ESI Issue, Dkt. No. 945 at 1 ("On December 12, 2022, Judge Gonzalez Rogers (i) granted Google's Motion for Summary Judgment, Dkt. 935; and (ii) entered judgment for Google and closed the case file, Dkt. 937."). Plaintiffs respectfully disagree with the Court's ruling and the bases therefor, and now seek reversal at the Court of Appeals.  But Plaintiffs agree with Google's repeated representations that the Judgment fully and unambiguously dismissed all claims and the case is closed.

In the instant Motion, Google now argues that "the Dormant Claims are not technically encompassed by the Summary Judgment Order or Judgment." Motion, Memorandum of Points and Authorities ("MPA") at 1; *see also id*. (calling the Order and Judgment ambiguous). But Google's new position in its Motion cannot be squared with prior statements made in this Court and cannot be squared with Google's request for an order for relief from ESI preservation (a request expressly based on Google's view that the Court *fully* dismissed the case). Google cannot tell the Magistrate Judge that the case is unambiguously over, while simultaneously telling the District Judge that the Judgment is ambiguous and the case is not over. Compare these two representations from the same attorney, just days apart:

| Google's Position During January 10, 2023 Motion Hearing | Google's Position in the January 23, 2023 Motion for Indicative Ruling |
|---|---|
| Google "won the case in the District Court." Hr'g. Tr. 10:4.<br><br>"[W]e won the case." Hr'g. Tr. 16:16. | "[T]he claims technically remain pending and the Judgment might not be truly final." Motion, MPA at 1. |

Google has also consistently taken the position in the Ninth Circuit that the case is fully dismissed, moving for limited remand under FRAP 12.1 (on the ESI issue) and arguing that its requested relief is appropriate precisely because the District Court "granted summary judgment in favor of Google, Dkt. 935, and entered judgment closing the case, Dkt. 937," the exact two documents Google now calls "ambiguous" and in need of fixing. *Calhoun v. Google LLC*, No. 22-16993 (9th Cir.), Appeals Dkt. No. 8 at 3; *see also* Sealed Order of Judge van Keulen dated Jan. 17, 2023 at 3:18–20 ("The Court finds that in light of Plaintiffs' appeal of the MSJ Order and judgment in this case, this Court lacks subject matter jurisdiction"). All parties thus clearly understood the scope of the Court's Judgment and Order and have proceeded consistently with this understanding. Google has not withdrawn its motion for ESI preservation relief in this Court nor its FRAP 12.1 motion in the Ninth Circuit—Google continues to press that effort expressly on the basis that it completely "won the case."

### B. Google's Requested Relief Is Untimely Under Rule 59(e) and Improper Under Rule 60(a)

Except for limited exceptions provided in Rule 60 (discussed below), the Federal Rules have a strict 28-day limit to file a motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Prior to 2009, the deadline was 10 days, but was extended to 28 to match the corresponding Appellate Rule; as before, the Court may not extend the deadline. *See* Committee Notes to 2009 Amendments to FRCP 59 ("These time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules. Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time, the former 10-day periods are expanded to 28 days. [Appellate] Rule 6(b) continues to prohibit expansion of the 28-day period.").

Google's Motion seeks to alter or amend the Judgment and (unless Rule 60 applies) the Motion is untimely. Judgment was entered (and the case closed) on December 12, 2022. Dkt. No. 937. The deadline for Google to raise its "ambiguity" argument and seek to alter the Judgment thus expired on January 9, 2023. But Google did not file the instant Motion until January 23, 2023—

two weeks past the deadline. Googles cites to no case allowing an extension, instead proceeding under Rule 60(a). But Google's invocation of another Rule does not automatically control. "In general, in determining whether a motion is brought properly under Rule 59(e), courts look beyond the form of the motion to the substance of the relief requested." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: § 2817 (Apr. 2022 update).

Even under a Rule 60(a) analysis, however, Google's requested relief is not proper. "The burden of establishing that Rule 60 applies is on the party seeking to invoke it." *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Google cites to no authority permitting a Court to add new legal analysis to a summary judgment order under Rule 60(a), and nor could it. Google originally moved for complete dismissal; the Court granted full dismissal; and Google still wants complete dismissal. But Google is requesting that the Court enter Google's proposed order consisting of two pages of new legal analysis, case cites and detailed findings, adopting arguments that Google never made in its summary judgment motion. The requested relief is thus plainly not a correction of a clerical error to correct ambiguity, but rather a request to add substantially more detailed legal analysis while a case is on appeal, which is not permitted under Rule 60(a). *See In re Walter*, 282 F.3d at 440 (the Court cannot use Rule 60(a) to "revisit its legal analysis").

The Ninth Circuit has recently provided guidance to District Courts to determine whether requested relief fixes a "clerical error" appropriate under Rule 60(a), or instead seeks something more substantive, which would be governed by Rule 59(e). *See generally Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294 (9th Cir. 2014). The focus is whether the alleged error is just a "blunder in execution," or whether the Court is "changing its mind." *Id*. at 1297. Here, Google and the Plaintiffs have consistently and repeatedly taken the position that the Judgment and Order unambiguously dismissed all claims. If that is also what the District Court intended, no clarification is needed; if instead the Court had overlooked some claims and the Judgment and Order did not expressly address them, that is a change of mind not permitted by a Rule 60(a) order. *See also id*. at 1299 ("Our ruling today preserves the distinction between Rule 59(e) and Rule 60(a)").

Google did not mention *Tattersalls* in its Motion, and thus does not explain how a proposed order adding substantial new legal analysis could comport with the Ninth Circuit's guidance. But at least one decision applied *Tattersalls* to deny Rule 60(a) relief when the proposed "correction" would alter the rights of the parties. *See, e.g., Kalani v. Starbucks Corp.*, No. 13-cv-00734-LHK, 2016 WL 355483, at *4 (N.D. Cal. Jan. 29, 2016) (granting in part and denying in part motion for indicative ruling, holding that Rule 60(a) allows the Court to fix clerical errors but does not permit "new relief or different relief," citing *Tattersalls*). If Google's Motion is correct that the Dormant Claims were overlooked in the Court's analysis, Motion, MPA at 1–2, Google's proposed relief would alter the rights of the parties and cannot be achieved through Rule 60(a); *accord, Estate of West v. Smith*, 9 F.4th 1361, 1368–69 (11th Cir. 2021) (corrections that alter the rights of the parties are beyond the scope of Rule 60(a)).

### C. Google's Requested Relief Would Require Limited Remand Under Rule 62.1

If the Court were to agree that Google's Motion is appropriately evaluated under Rule 60(a), Google concedes that the District Court lacks jurisdiction to do so, and the most the District Court can do is issue an indicative ruling. *See* Motion, MPA at 7 ("Google respectfully requests that is motion for an indicative ruling be granted"). However, Google's Motion presents multiple alternative forms of such a ruling: first, Google requests an indicative ruling that the Court would, upon limited remand, "amend the Summary Judgment Order and Judgment" to state that all claims are dismissed. Motion, Notice of Motion at 1. In the alternative, Google asks the Court for an indicative ruling that the Motion presents a "substantial issue." And in the Proposed Order, Google asks the Court to issue an order adopting Google's proposed legal analysis and application of case law to the six Dormant Claims.

As noted above, Plaintiffs believe none of these three alternatives is appropriate or necessary and the Motion should be denied. But if the District Court were to issue an indicative ruling, the Plaintiffs respectfully request that it be limited to a finding that Google's Motion presents a "substantial issue." Google can then file a FRAP 12.1 Motion in the Court of Appeals and the parties can fully brief the issue there.

## V. CONCLUSION AND RELIEF REQUESTED

Plaintiffs respectfully request that the Court deny Google's Motion. In the alternative, if the Court were to agree that Google's Motion were proper, Plaintiffs agree with Google that the Court must first issue an "indicative ruling" per Fed. R. Civ. P. 62.1 and Google could then file a FRAP 12.1 motion for limited remand in the Court of Appeals.

Respectfully Submitted this 6th day of February, 2023.

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **DiCELLO LEVITT LLC** |
| By: */s/ Lesley Weaver* | By: */s/ David Straite* |
| Lesley E. Weaver (Cal. Bar No. 191305) | David A. Straite (admitted *pro hac vice*) |
| Angelica M. Ornelas (Cal. Bar No. 285929) | Corban Rhodes (admitted *pro hac vice*) |
| Joshua D. Samra (Cal. Bar No. 313050) | 485 Lexington Ave., Tenth Floor |
| 555 12th Street, Suite 1600 | New York, NY 10017 |
| Oakland, CA 94607 | Tel.: (646) 933-1000 |
| Tel.: (415) 445-4003 | Fax: (646) 494-9648 |
| Fax: (415) 445-4020 | dstraite@dicellolevitt.com |
| lweaver@bfalaw.com | crhodes@dicellolevitt.com |
| aornelas@bfalaw.com | |
| jsamra@bfalaw.com | Amy E. Keller (admitted *pro hac vice*) |
| | Adam Prom (admitted *pro hac vice*) |
| **SIMMONS HANLY CONROY LLC** | Sharon Cruz (admitted *pro hac vice*) |
| | Ten North Dearborn Street, 6th Fl. |
| By: */s/ Jay Barnes* | Chicago, Illinois 60602 |
| Jason 'Jay' Barnes (admitted *pro hac vice*) | Tel.: (312) 214-7900 |
| An Truong (admitted *pro hac vice*) | akeller@dicellolevitt.com |
| Eric Johnson (admitted *pro hac vice*) | aprom@dicellolevitt.com |
| Jenny Paulson (admitted *pro hac vice*) | scruz@dicellolevitt.com |
| 112 Madison Avenue, 7th Floor | |
| New York, NY 10016 | |
| Tel.: (212) 784-6400 | |
| Fax: (212) 213-5949 | |
| jaybarnes@simmonsfirm.com | |
| atruong@simmonsfirm.com | |
| ejohnson@simmonsfirm.com | |
| jpaulson@simmonsfirm.com | |

*Counsel for Plaintiffs*

PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR INDICATIVE RULING
CASE NO.: 4:20-cv-05146-YGR-SVK
9

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, David Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th Day of February, 2023, at New York, New York.

*/s/ David Straite*
David Straite

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, I caused to be electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

                                                  */s/ David Straite*
                                                  David Straite