**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Sara Jenkins (CA Bar No. 230097) | Teuta Fani (admitted *pro hac vice*) |
| sarajenkins@quinnemanuel.com | teutafani@quinnemanuel.com |
| 555 Twin Dolphin Drive, 5th Floor | 191 N. Wacker Drive, Suite 2700 |
| Redwood Shores, CA 94065 | Chicago, IL 60606 |
| Telephone: (650) 801-5000 | Telephone: (312) 705-7400 |
| Facsimile: (650) 801-5100 | Facsimile: (312) 705-7401 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| violatrebicka@quinnemanuel.com | tracygao@quinnemanuel.com |
| Crystal Nix-Hines (Bar No. 326971) | Carl Spilly (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | carlspilly@quinnemanuel.com |
| Alyssa G. Olson (CA Bar No. 305705) | 1300 I Street NW, Suite 900 |
| alyolson@quinnemanuel.com | Washington D.C., 20005 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (202) 538-8000 |
| Los Angeles, CA 90017 | Facsimile: (202) 538-8100 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |
| | |
| Jomaire Crawford (admitted *pro hac vice*) | Jonathan Tse (CA Bar No. 305468) |
| jomairecrawford@quinnemanuel.com | jonathantse@quinnemanuel.com |
| 51 Madison Avenue, 22nd Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | San Francisco, CA 94111 |
| Telephone: (212) 849-7000 | Telephone: (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (415) 875-6700 |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**GOOGLE LLC'S REPLY IN SUPPORT OF MOTION FOR INDICATIVE RULING REGARDING SCOPE OF SUMMARY JUDGMENT ORDER PURSUANT TO RULES 60(A) AND 62.1**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Hearing: February 28, 2023 – 2:00 pm<br>Courtroom 1, Fourth Floor |

**INTRODUCTION**

Plaintiffs are not being forthright with the Court. After steadfastly refusing to explain their position on the scope of the Summary Judgment Order during the parties' conferral, Plaintiffs now tell the Court "[t]he scope of the Judgment is not actually in dispute," and "the Judgment and Order unambiguously dismissed all claims," including those that are dormant. Dkt. 977 ("Resp.") at 4, 7. But it is undisputed that the Summary Judgment Order does not discuss the Dormant Claims, and Plaintiffs conspicuously fail to say anything about their intentions with regard to those claims, whether in the Ninth Circuit or, should their appeal be unsuccessful, beyond. Plaintiffs' objection to allowing the Court to make explicit what they claim is "not actually in dispute" is puzzling; and their arguments in support of their position are meritless.

*First*, the Summary Judgment Order does not address the Dormant Claims explicitly. To the contrary, it states that only "[s]ix alleged claims remain" in the case—none of which are the Dormant Claims. Dkt. 935 at 1. And Plaintiffs do not address Google's well-founded concern that Plaintiffs will raise the status of the Dormant Claims on appeal. An opportunity for the Court to issue an indicative ruling addressing whether and how the Summary Judgment Order applies to the Dormant Claims is necessary and promotes efficiency.

*Second*, Federal Rule of Civil Procedure 60(a) is the appropriate vehicle to clarify the intent and implications of the order. "A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990). Plaintiffs insist that "the Judgment fully and unambiguously dismissed all claims," Resp. 4-5, which confirms that the relief sought is essentially a clerical revision and would not "alter the rights of the parties." Resp. 8. Plaintiffs' suggestion that Federal Rule of Civil Procedure 59(e) somehow applies has no merit.

*Finally*, the clarification Google seeks would serve the interests of judicial efficiency by streamlining the issues before the Ninth Circuit. The law is clear: Plaintiffs' consent to the data collection at issue is a complete defense to each of the Dormant Claims. Plaintiffs do not challenge this law, nor do they address Google's concern that Plaintiffs may nonetheless seek remand from the Ninth Circuit regarding the status of the Dormant Claims or the application of this Court's

consent analysis to those claims. Any such remand would be a waste of the parties' and the Court's resources. Granting Google's request for clarification allows the Court and the parties to avoid the prospect of duplicative and unnecessary proceedings.

## ARGUMENT

### A. Clarification of the Summary Judgment Order is Warranted

Plaintiffs assert that "the Judgment and Order unambiguously dismissed all claims," including the Dormant Claims, Resp. 4, 7. But in support of that assertion they are unable to point to any language in the Summary Judgment Order itself. Resp. 4-5. Indeed, the Summary Judgment Order explicitly identifies only "[s]ix alleged claims [that] remain" in the case—none of which are the Dormant Claims. Dkt. 935 at 1 (identifying Counts 5, 7-9, and 13-14 as "remain[ing]"). One might therefore interpret the plain language of the Summary Judgment Order as inapplicable to the unidentified Dormant Claims. This is precisely the type of potential ambiguity Google hopes to avoid litigating before the Ninth Circuit or on remand, and an issue this Court can settle in short order.

Unable to find language in the Summary Judgment Order itself, Plaintiffs point to a footnote in Google's motion for summary judgment indicating the motion was meant to cover all claims, and conclude that, because the Court granted the motion, the Summary Judgment Order applies to the Dormant Claims. Resp. 4-5. If so, they should have no objection to making that explicit. And Plaintiffs' reference to the hearing on Google's motion does not change the analysis. The Court specifically asked why one of the Dormant Claims—a quasi-contract claim—was *not before it*. *See* Ex. 1, Aug. 26, 2022 Hr'g. Tr. 50:25-53:9 (the Court asking "why is that claim not here?" and subsequently noting that Plaintiffs "decided not to proceed on that claim"). The Court remarked the claim selection process was "interesting," and there was no ensuing discussion regarding how the Dormant Claims would be handled. *Id*. If anything, then, the discussion at the hearing only highlights the ongoing uncertainty about the status of those claims.

Plaintiffs' argument that the *parties* have been acting as if the Summary Judgment Order covers the Dormant Claims is a red herring. It obviously says nothing of what the *Court* intended the Summary Judgment Order to include. And nothing in Google's opening brief is inconsistent

with its other actions in this case, including Google's accurate statement that it "won the case." Resp. 5. Although the Summary Judgment Order does not expressly address the Dormant Claims, Google's position is that its consent defense applies to them with equal force and does not materially alter the conclusion that Google "won the case." Google won the case on summary judgment and simply requests that the Court clarify that the win covers claims set aside through an unusual process years ago.

### B. Federal Rules of Civil Procedure 60 and 62.1 Apply

Plaintiffs' attempt to shoehorn Google's request into Federal Rule of Civil Procedure 59 is misguided and unsupported by their authorities. "Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order . . . if the court: '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Rodman v. Otsuka Am. Pharm., Inc.*, 2020 WL 4207441, at *2 (N.D. Cal. July 22, 2020) (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "[T]he touchstone of Rule 59(e) relief is limited discretion that honors both the need for finality and the need for justice." *Venegas-Hernandez v. Sonolux Recs.*, 370 F.3d 183, 194 (1st Cir. 2004).

By contrast, "[t]he touchstone of Rule 60(a) in all these cases is fidelity to the intent behind the original judgment." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294 (9th Cir. 2014) (quotation omitted) (citing, *inter alia*, *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445-46 (9th Cir. 1990) (permitting use of Rule 60(a) to clarify that court intended to cancel three trademarks, not just the one explicitly mentioned in the judgment)). As the Ninth Circuit explained in *Robi*, "[a] district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision." 918 F.2d at 1445. Indeed, "a court's *failure to memorialize part of its decision is a clerical error*" and the "[p]ower to correct clerical errors of omission *derives from Rule 60, not Rule 59(e)*." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) (second emphasis added) (citing *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir.1983) (affirming district court's modification of judgment denying contempt motion to clarify that the court also denied the motion's request for sanctions)).

Here, both parties agree that the Court's Summary Judgment Order terminates the Dormant Claims, but the Order does not expressly say so. Google's requested clarification simply allows the Court to correct that omission. Ninth Circuit precedent shows that this is precisely the type of clarification for which Rule 60(a) is designed. For example, in *Tattersalls, Ltd. v. DeHaven*, the Ninth Circuit affirmed the district court's Rule 60(a) clarification of its order granting the plaintiff's motion for summary judgment where the district court's amendment merely added recovery of damages "that it had intended all along to permit." 745 F.3d at 1297. Like the clarification the court affirmed in *Tattersalls*, here "[t]here is no question that the 'contemporaneous intent' of the [C]ourt" was to grant summary judgment on all of Plaintiffs' claims. *Id*. at 1298.

None of Plaintiffs' cited authorities undermine this conclusion. To argue otherwise, Plaintiffs resort to fabricating a quote from one case, *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002),[1] and purporting to rely on cases, like *McCurry* and *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001), that denied requests for relief from final judgment under *Rule 60(b)*—not Rule 60(a). The rest of the cases Plaintiffs cite likewise do not help them. In *In re Walter*, 282 F.3d 434, 440-42 (6th Cir. 2002), the Sixth Circuit actually *reversed* the district court's *denial* of a Rule 60(a) motion where the requested clarification would have aligned the underlying order with the court's intent and therefore "should be corrected pursuant to Rule 60(a)."[2] In *Kalani v. Starbucks Corp.*, 2016 WL 355483, at *4 (N.D. Cal. Jan. 29, 2016) (Koh, J.), the court denied the plaintiff's request to add a 30-day time limit for the defendant to comply with an injunction because it amounted to a request for "new relief not previously granted." Here, Google has not added any request for "new relief not previously granted" by merely asking the Court to memorialize the effect of the Summary Judgment Order on the Dormant Claims. To

---

[1] Plaintiffs present a supposed quotation from *McCurry*—"[t]he burden of establishing that Rule 60 applies is on the party seeking to invoke it," *see* Resp. 7—that appears nowhere in *McCurry* (although Google does not disagree with the proposition). More significantly, Plaintiffs falsely assert that *McCurry* addressed Rule 60(a), *see* Resp. 7, when instead the decision expressly applied to Rule 60(b). *McCurry*, 298 F.3d at 592 ("The District Court entered its challenged May 17, 2000 order *under the authority of Rule 60(b)*" (emphasis added)).
[2] The rest of the out-of-circuit cases on which Plaintiffs rely are readily distinguishable. *See, e.g.*, *Estate of West v. Smith*, 9 F.4th 1361, 1368–69 (11th Cir. 2021) (district court could not reopen case under Rule 60(a) in light of the parties' stipulated voluntary dismissal).

the contrary, the Plaintiffs now concede that the relief sought is implicit in the Court's ruling.

In support of their position that the relief Google seeks is not an "oversight or omission" suitable for a Rule 60(a) motion, Plaintiffs argue that Google's request seeks "to add substantially more detailed legal analysis while a case is on appeal." Resp. 7. That is not correct. Google does not seek to "add" new analysis to the Summary Judgment Order, but simply seeks clarity that the Court's *existing* analysis applies to the Dormant Claims—something that will not prejudice Plaintiffs at all, as they purport to believe it is true already. Plaintiffs' suggestion that Google's proposed order shows otherwise is unavailing. Not only is the Court free to take, leave, or rewrite what Google has proposed, but Plaintiffs do not challenge any of the uncontroversial statements that merely recognize consent is a defense to the Dormant Claims. Nor do Plaintiffs explain how that language constitutes "substantially more detailed legal analysis." Resp. 7. In short: the Court has already found consent, and the only question to be answered is whether the Court intended its analysis to cover the Dormant Claims, which can be answered however the Court sees fit. As explained above, this is clearly proper under Rule 60(a).

### C. An Indicative Ruling Serves the Interests of Judicial Efficiency

Plaintiffs do not challenge that consent is a valid defense to each Dormant Claim. Nor do Plaintiffs address Google's legitimate concern that they will seek remand from the Ninth Circuit regarding the status of the Dormant Claims or the application of this Court's consent analysis to those claims. Plaintiffs' tooth-and-nail resistance to clarification on procedural grounds, when they do not appear to dispute the substance, is telling. Given that the law is crystal clear that consent defeats the Dormant Claims just as it did the active ones, it would be a waste of judicial resources for the parties to litigate potential procedural ambiguity in the first instance on appeal when this Court can easily clarify by way of a brief indicative ruling. Indeed, such a clarification would simply memorialize a conclusion on which apparently both parties already agree. Granting Google's request for clarification would eliminate the risk that Plaintiffs will use the undefined status of the Dormant Claims to subject both the District Court and the Ninth Circuit to duplicative proceedings and drag this litigation out for *years* without any chance of a different result.

5     Case No. 4:20-cv-5146-YGR-SVK
GOOGLE LLC'S REPLY IN SUPPORT OF MOTION FOR INDICATIVE RULING

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 13, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 3 | | |
| 4 | | By  /s/ Andrew H. Schapiro |
| | | Andrew H. Schapiro (admitted *pro hac vice*) |
| 5 | | andrewschapiro@quinnemanuel.com |
| | | Teuta Fani (admitted *pro hac vice*) |
| 6 | | teutafani@quinnemanuel.com |
| | | 191 N. Wacker Drive, Suite 2700 |
| 7 | | Chicago, IL 60606 |
| | | Telephone: (312) 705-7400 |
| 8 | | Facsimile: (312) 705-7401 |
| 9 | | |
| | | Diane M. Doolittle (CA Bar No. 142046) |
| 10 | | dianedoolittle@quinnemanuel.com |
| | | Sara Jenkins (CA Bar No. 230097) |
| 11 | | sarajenkins@quinnemanuel.com |
| | | 555 Twin Dolphin Drive, 5th Floor |
| 12 | | Redwood Shores, CA 94065 |
| | | Telephone: (650) 801-5000 |
| 13 | | Facsimile: (650) 801-5100 |
| 14 | | |
| | | Stephen A. Broome (CA Bar No. 314605) |
| 15 | | stephenbroome@quinnemanuel.com |
| | | Viola Trebicka (CA Bar No. 269526) |
| 16 | | violatrebicka@quinnemanuel.com |
| 17 | | Crystal Nix-Hines (Bar No. 326971) |
| | | crystalnixhines@quinnemanuel.com |
| 18 | | Alyssa G. Olson (CA Bar No. 305705) |
| | | alyolson@quinnemanuel.com |
| 19 | | 865 S. Figueroa Street, 10th Floor |
| | | Los Angeles, CA 90017 |
| 20 | | Telephone: (213) 443-3000 |
| 21 | | Facsimile: (213) 443-3100 |
| 22 | | |
| | | Jomaire Crawford (admitted pro hac vice) |
| 23 | | jomairecrawford@quinnemanuel.com |
| | | 51 Madison Avenue, 22nd Floor |
| 24 | | New York, NY 10010 |
| | | Telephone: (212) 849-7000 |
| 25 | | Facsimile: (212) 849-7100 |
| 26 | | |
| | | Josef Ansorge (admitted pro hac vice) |
| 27 | | josefansorge@quinnemanuel.com |
| | | Xi ("Tracy") Gao (CA Bar No. 326266) |
| 28 | | tracygao@quinnemanuel.com |

Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant Google LLC*