# EXHIBIT 1

**Pages 1 - 75**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Gonzalez Rogers, Judge

| | |
|---|---|
| PATRICK CALHOUN, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | **NO. CV 20-05146-YGR** |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| Defendant. ) | |

Oakland, California
Friday, August 26, 2022

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
　　　　　　　　BLEICHMAR FONTI & AULD LLP
　　　　　　　　555 12th Street, Suite 1600
　　　　　　　　Oakland, CA 94607
　　　　　　**BY: LESLEY WEAVER, ESQUIRE**
　　　　　　　　**ANGELICA MARIA ORNELAS, ESQUIRE**

　　　　　　　　DICELLO LEVITT GUTZLER LLC
　　　　　　　　One Grand Central Place
　　　　　　　　60 East 42nd St., Suite 2400
　　　　　　　　New York, NY 10165
　　　　　　**BY: DAVID A. STRAITE, ESQUIRE**
　　　　　　　　**CORBAN S. RHODES, ESQUIRE**

　　　　　　　　DICELLO LEVITT GUTZLER
　　　　　　　　Ten North Dearborn Street
　　　　　　　　Chicago, IL 60602
　　　　　　**BY: ADAM PROM, ESQUIRE**

Reported By:　　Pamela Batalo-Hebel, CSR No. 3593, RMR, FCRR
　　　　　　　　Official Reporter

**APPEARANCES CONTINUED:**

        SIMMONS HANLY CONROY
        231 S. Bemiston Avenue, Suite 525
        St. Louis, MO 63105
**BY: JAY BARNES, ESQUIRE**

        SIMMONS HANLY CONROY
        112 Madison Avenue, 7th Floor
        New York, NY 10016
**BY: AN V. TRUONG, ESQUIRE**

        SIMMONS HANLY CONROY
        One Court Street
        Alton, IL 62002
**BY: JENNIFER M. PAULSON, ESQUIRE**

For Defendant:
        QUINN EMANUEL URQUHART SULLIVAN LLP
        191 N. Upper Wacker Drive, Suite 2700
        Chicago, IL 60606
**BY: ANDREW H. SCHAPIRO, ESQUIRE**
    **JOSEPH H. MARGOLIES, ESQUIRE**

        QUINN EMANUEL URQUHART SULLIVAN, LLP
        865 South Figueroa Street, 10th Floor
        Los Angeles, CA 90017
**BY: VIOLA TREBICKA, ESQUIRE**
    **STEPHEN BROOME, ESQUIRE**
    **ALYSSA G. OLSON, ESQUIRE**

        QUINN EMANUEL URQUHART SULLIVAN, LLP
        1300 I Street NW, Suite 900
        Washington, DC 20005
**BY: XI GAO, ESQUIRE**

1  amount of unjust enrichment received as a result of breaching
2  the promise not to use the information without his permission
3  and consent, which we think fits a lot -- along the lines of
4  this case perfectly because this contract includes multiple
5  express promises about not using -- first of all, not even
6  sending, but then second of all, not using personal information
7  without authorization.
8      And the Ninth Circuit held in that case that the best
9  measure of the plaintiff's losses due to the breach consistent
10 with Cal Civil Code 3358 would be both the defendant's
11 unjust -- would include the unjust enrichment and, quote, to
12 read the contract as requiring anything less than both
13 compensation and permission would be to sanction a forced
14 exchange.
15      And that essentially is what's going --
16          **THE COURT:** When did you find that case?
17          **MR. BARNES:** Last night, Your Honor, preparing for --
18 looking at Google's reply and thinking that Your Honor might
19 ask this specific question about a better case than what we
20 had.
21          **THE COURT:** Did you let the defense know?
22          **MR. BARNES:** No, Your Honor. It was late last night.
23          **THE COURT:** Okay. In the future -- we've got a lot of
24 lawyers here -- you let the other side know. I've said this
25 many times. How is she supposed to respond? You could have

1  sent her -- I sat on a Ninth Circuit panel, had a judge send
2  me -- we were exchanging notes about what case, you know, might
3  force a decision one way versus the other.
4       They have emails.
5           **MR. BARNES:**  I understand, Your Honor.
6       We also cite cases in our briefs that we think stand for
7  that proposition, but the -- we thought it was a Ninth Circuit
8  case that is the best case for this proposition.  And --
9           **THE COURT:**  On the contrary, what is your best case
10 that it's not, or do you agree that those are available --
11          **MS. TREBICKA:**  We do not.  For breach of contract, we
12 do not, Your Honor.  They are not available.
13      The best case for restitution is *Parino vs. Bidrack, Inc.*
14 It is cited in our papers.  838 F.Supp.2d 900.
15      And further, for unjust enrichment, California Civil Code
16 3358 and authorities that rely on it, which are also cited in
17 our motion, that limit expressly contract damages to an amount
18 no greater than the plaintiff could have gained by the full
19 performance of the contract on both sides.
20      Here, of course, plaintiffs paid nothing to use Chrome,
21 and therefore that amount is zero.
22      That applies equally to the good faith and fair dealing,
23 Your Honor, and that is established in the case law, *Johnson*
24 *vs. Napa Valley Wine Train*, N.D. Cal February 9th, 2016.
25          **THE COURT:**  You agree under California law that unjust

1    enrichment is, in fact, a remedy?

2            **MS. TREBICKA:**  It is a remedy, Your Honor.  It is not
3    a remedy for breach of contract.

4            **THE COURT:**  What is it a remedy for?

5            **MS. TREBICKA:**  It could be a remedy for a tort, for
6    example, but not for contract.  It could also be a remedy --
7    Your Honor, may I -- it could be a remedy for quasi-contract.

8            **THE COURT:**  Right.  So why is that claim not here?

9            **MR. BARNES:**  At the beginning of this case, we were
10   asked to prioritize claims.  I think we may have an unjust
11   enrichment claim or a quasi-contract claim, and it didn't make
12   the prioritized list.

13        I apologize, Your Honor.  I don't have the list of the
14   other claims that have sort of been pushed behind.

15           **THE COURT:**  It didn't.  So my question is -- and I
16   looked at it.  You chose strategically to bring an express
17   breach of contract claim when I'm struggling to see what
18   express damages or what kinds of damages can be available.

19        Unjust enrichment is, in fact, a remedy under California
20   law, but it is brought in a quasi-contract basis, and yet you
21   left that claim -- you decided not to proceed on that claim.

22           **MR. BARNES:**  I think that we were forced to make
23   choices and that did not -- we were forced to have basically a
24   draft with the defendant about what claims would go forward and
25   be prioritized.  It is Count 10 --

1              **THE COURT:**  I know what it is.
2              **MR. BARNES:**  Okay.
3         And, yes, it did not make the draft.  So I believe that we
4    had -- how many choices did we have?  There were ten total made
5    and then we had five, they had five.  And we wanted to make
6    sure to hit --
7              **THE COURT:**  What do you mean they had five and you had
8    five?
9              **MR. BARNES:**  When Judge Koh ordered us to prioritize
10   claims, the defendants got to pick five and the plaintiffs were
11   told to pick five.
12             **THE COURT:**  The defendants were able to pick your
13   claims?
14             **MR. BARNES:**  Yes.
15             **THE COURT:**  Well, that's interesting.
16             **MR. BARNES:**  And I apologize for not sending the
17   *Landsberg vs. Scrabble* case to counsel.  It's a last-minute
18   find.
19             **THE COURT:**  Every time it happens, I just make the
20   point again.
21             **MR. BARNES:**  Okay.
22             **MS. TREBICKA:**  Your Honor, may I respond?
23             **THE COURT:**  No.
24        All right.  In terms of -- and the reason I'm not is
25   because I'm still struggling with whether or not you can

1  actually -- it's not as if the -- it's not an appropriate
2  remedy.  It just has to be an appropriate remedy for the
3  pending claim.  And it's not clear to me that the remedy that
4  you seek is available under the claims that you have.  That's
5  what I'm struggling with.
6      And I understand that you still have that claim there.
7  It's never been dismissed.  But it's not -- as you all know, I
8  inherited this case, and it's not how I would have dealt with
9  it in the first instance.
10      All right.  What else do you all want to say about
11  damages?
12      **MS. TREBICKA:**  Who starts, Your Honor?  Mr. Barnes and
13  I are looking at each other.  Who would you like to start?
14      **THE COURT:**  You can.
15      **MS. TREBICKA:**  Thank you, Your Honor.
16      Allocation, Your Honor, is going to be a big issue --
17      **THE COURT:**  I wouldn't spend a lot time on that.  We
18  have many issues to get to before allocation.
19      **MS. TREBICKA:**  I understand, Your Honor.
20      Uninjured class members for damages as well.
21      Well, actually let me take a step back and say the issue
22  that Your Honor identified where there is a claim but there is
23  no remedy that plaintiffs have identified is not limited to
24  breach of contract.  It is also the case for some of their
25  other claims, and if Your Honor has an interest in me going

<pre>
 1
 2
 3                    CERTIFICATE OF REPORTER
 4         I certify that the foregoing is a correct transcript
 5    from the record of proceedings in the above-entitled matter.
 6
 7    DATE:   Monday, August 29, 2022
 8
 9    /s/ Pamela Batalo Hebel
      _____
10    Pamela Batalo Hebel, CSR No. 3593, RMR, FCRR
      U.S. Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
</pre>