# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK CALHOUN, ET AL.**<br>Plaintiffs,<br>v.<br>**GOOGLE, LLC**,<br>Defendant. | CASE NO. 20-cv-5146-YGR<br><br>**ORDER RE EVIDENTIARY HEARING** |

Pending before this Court is defendant's Motion for Indicative Ruling Regarding Scope of Summary Judgment Order specifically brought under Federal Rules of Civil Procedure 60(a) and 62.1. (Dkt. No. 962, filed January 23, 2023.)  The matter is fully briefed and raises a narrow issue.

To expedite resolution of this motion, the Court assumes the parties' familiarity with the procedural history of the action, the scope of the parties' briefing on the underlying motion for summary judgment, and the Court's order thereon. (Dkt. No. 936, filed December 12, 2022.) Importantly, plaintiffs appealed the decision and the judgment issued thereon.  (Dkt. Nos. 941 filed December 20, 2022, and Dkt. No. 937, issued December 12, 2022, respectively.)  Having considered the briefing, and for good cause appearing, the Court finds as follows:[1]

First, the requested relief under Rule 60(a) is not appropriate.[2]  Rule 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the

---

[1] The Court has reviewed the papers submitted by the parties in connection with this motion and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78.  *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).  Accordingly, the hearing set for February 28, 2023 is **VACATED**.

[2] The Court does not address plaintiffs' suggestion that the motion is brought under Rule 59(e) as defendant does not in fact proceed under that rule.

appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Defendant's motion does not seek to "correct a clerical mistake or a mistake arising from oversight or omission." Rather, defendant seeks the Court to supplement the content of the summary judgment order with, effectively, two pages of additional legal analysis. Such a request does not fall within the purview of Rule 60(a) and, in any event, would require leave of the appellate court.

Second, with respect to Rule 62.1, the Court does find that defendant's motion raises a substantial issue under Rule 62.1(3). Accordingly, the Court will await any instruction from the court of appeals if appropriate.

This terminates Docket No. 962.

**IT IS SO ORDERED.**

Dated: February 21, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE