**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

| | |
|---|---|
| Diane M. Doolittle (CA Bar No. 142046) | Andrew H. Schapiro (admitted *pro hac vice*) |
| dianedoolittle@quinnemanuel.com | andrewschapiro@quinnemanuel.com |
| Sara Jenkins (CA Bar No. 230097) | Teuta Fani (admitted *pro hac vice*) |
| sarajenkins@quinnemanuel.com | teutafani@quinnemanuel.com |
| 555 Twin Dolphin Drive, 5th Floor | 191 N. Wacker Drive, Suite 2700 |
| Redwood Shores, CA 94065 | Chicago, IL 60606 |
| Telephone: (650) 801-5000 | Telephone: (312) 705-7400 |
| Facsimile: (650) 801-5100 | Facsimile: (312) 705-7401 |
| | |
| Stephen A. Broome (CA Bar No. 314605) | Josef Ansorge (admitted *pro hac vice*) |
| stephenbroome@quinnemanuel.com | josefansorge@quinnemanuel.com |
| Viola Trebicka (CA Bar No. 269526) | Xi ("Tracy") Gao (CA Bar No. 326266) |
| violatrebicka@quinnemanuel.com | tracygao@quinnemanuel.com |
| Crystal Nix-Hines (CA Bar No. 326971) | Carl Spilly (admitted *pro hac vice*) |
| crystalnixhines@quinnemanuel.com | carlspilly@quinnemanuel.com |
| Alyssa G. Olson (CA Bar No. 305705) | 1300 I Street NW, Suite 900 |
| alyolson@quinnemanuel.com | Washington D.C., 20005 |
| 865 S. Figueroa Street, 10th Floor | Telephone: (202) 538-8000 |
| Los Angeles, CA 90017 | Facsimile: (202) 538-8100 |
| Telephone: (213) 443-3000 | |
| Facsimile: (213) 443-3100 | |

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CHASOM BROWN, et al., on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-03664-YGR-SVK |
| Plaintiffs, | **GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FEBRUARY 14, 2023 HEARING TRANSCRIPT (DKT. 868)** |
| vs. | |
| GOOGLE LLC, | Referral: Hon. Susan van Keulen, USMJ |
| Defendant. | |
| PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated, | Case No. 4:20-cv-05146-YGR-SVK |
| Plaintiffs, | **GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FEBRUARY 14, 2023 HEARING TRANSCRIPT (DKT. 985)** |
| vs. | |
| GOOGLE LLC, | Referral: Hon. Susan van Keulen, USMJ |
| Defendant. | |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions of the February 14, 2023 Preservation Hearing Transcript in both *Brown* and *Calhoun* (*Brown* Dkt. No. 868; *Calhoun* Dkt. No. 985) ("Transcript"), which contains non-public, highly sensitive and confidential business information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed, including details related to Google's internal projects, internal data sources, and their proprietary functionalities, which Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in the Transcript:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| February 14, 2023 Transcript of Sealed Preservation Hearing | Highlighted Portions at:<br><br>Pages 4:12-13, 6:22, 6:24-25, 7:25, 8:1-2, 9:10-11, 9:15-16, 9:18, 9:21-22, 9:25, 10:4, 10:6, 10:12-15, 10:17, 10:19-20, 10:24, 11:3-4, 11:6, 11:16, 11:19, 12:1, 12:4, 12:7, 12:9-10, 12:14, 12:19, 12:21, 12:24, 13:4, 13:16, 13:25, 14:6-7, 14:10-13, 14:17, 14:21, 14:24-25, 15:7, 15:17, 15:21, 16:4-5, 16:11, 16:13, 16:25, 17:1, 17:3, 17:7, 17:11, 17:15, 17:21, 17:25, 18:11, 18:13, 18:24-25, 19:1, 19:3, 20:20, 22:9, 23:10, 23:15, 23:17-18, 23:20, 24:11, 24:13, 24:16, 24:18-20, 25:14, 25:18, 25:25, 26:6, 26:9, 26:16, 27:1-2, 27:4, 27:6, 27:8, 27:15, 27:17, 28:1-2, 28:4, 28:9-10, 28:14, 29:3, 29:7, 29:17, 30:12, 30:19-20, 30:25, 31:1, 31:4, 31:9, 31:15, 32:2, 33:1, 33:4, 33:18, 33:20, 34:15, 34:18-19, 34:21, 37:24, 38:7, 38:9-10, 38:12, 38:19, 38:22, 39:1, 39:4-5, 39:15-16, 40:14, 42:11-12, 42:14-15, 43:8, 43:14, 44:8, 44:11, 44:19, 45:4, 45:9-10, 45:13, 45:15, 45:17-18, 45:22, 46:10, 46:17, 46:22-23, 47:5, 47:7, 47:11, 47:14, | Google |

| | 47:17-18, 47:23, 48:21, 49:1, 49:8-9, 49:12-13, 49:17, 51:6, 51:11, 52:3 | |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion, such as the underlying motion here, must show only "good cause." *Id.* at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted). Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard) (van Keulen, J.). Although the materials that Google seeks to seal here easily meet the higher "compelling reasons" standard, the Court need only consider whether these materials meet the lower "good cause" standard.

## III. THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

2

Case No. 4:20-cv-03664-YGR-SVK
Case No. 4:20-cv-05146-YGR-SVK
GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FEBRUARY 14, 2023 HEARING TRANSCRIPT

1    Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978).  Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014).  Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard.  *See e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted).  Courts in this district have also determined that motions to seal may be granted as to potential trade secrets.  *See, e.g. United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, the Transcript contains confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly.  Specifically, this information provides details related to Google's internal projects, internal data sources, and their proprietary functionalities. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services while complying with its legal and privacy obligations.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors. That alone is a proper basis to seal such information.  *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because

"disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publicly available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's data logging infrastructure. Google would be placed at an increased risk of cyber security threats. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

The information Google seeks to redact, including information related to Google's internal projects and data logging systems, is the minimal amount of information needed to protect its internal systems and operations from being exposed to not only its competitors but also to nefarious actors who may improperly seek access to and disrupt these systems and operations. The "good cause" rather than the "compelling reasons" standard should apply but under either standard, Google's sealing request is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court should seal the identified portions of the Transcript.

DATED: February 23, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Andrew H. Schapiro*
Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Teuta Fani (admitted *pro hac vice*)
teutafani@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

4

Case No. 4:20-cv-03664-YGR-SVK
Case No. 4:20-cv-05146-YGR-SVK
GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FEBRUARY 14, 2023 HEARING TRANSCRIPT

|   |   |
|---|---|
| 1 | Stephen A. Broome (CA Bar No. 314605) |
| 2 | stephenbroome@quinnemanuel.com |
|   | Viola Trebicka (CA Bar No. 269526) |
| 3 | violatrebicka@quinnemanuel.com |
|   | Crystal Nix-Hines (CA Bar No. 326971) |
| 4 | crystalnixhines@quinnemanuel.com |
|   | Alyssa G. Olson (CA Bar No. 305705) |
| 5 | alyolson@quinnemanuel.com |
|   | Maria Hayrapetian (CA Bar No. 315797) |
| 6 | mariehayrapetian@quinnemanuel.com |
| 7 | 865 S. Figueroa Street, 10th Floor |
|   | Los Angeles, CA 90017 |
| 8 | Telephone: (213) 443-3000 |
|   | Facsimile: (213) 443-3100 |
| 9 |  |
|   | Diane M. Doolittle (CA Bar No. 142046) |
| 10 | dianedoolittle@quinnemanuel.com |
|   | Sara Jenkins (CA Bar No. 230097) |
| 11 | sarajenkins@quinnemanuel.com |
| 12 | 555 Twin Dolphin Drive, 5th Floor |
|   | Redwood Shores, CA 94065 |
| 13 | Telephone: (650) 801-5000 |
|   | Facsimile: (650) 801-5100 |
| 14 |  |
| 15 | Josef Ansorge (admitted *pro hac vice*) |
|   | josefansorge@quinnemanuel.com |
| 16 | Xi ("Tracy") Gao (CA Bar No. 326266) |
|   | tracygao@quinnemanuel.com |
| 17 | Carl Spilly (admitted *pro hac vice*) |
| 18 | carlspilly@quinnemanuel.com |
|   | 1300 I Street NW, Suite 900 |
| 19 | Washington D.C., 20005 |
|   | Telephone: (202) 538-8000 |
| 20 | Facsimile: (202) 538-8100 |
| 21 |  |
|   | Jomaire A. Crawford (admitted *pro hac vice*) |
| 22 | jomairecrawford@quinnemanuel.com |
|   | 51 Madison Avenue, 22nd Floor |
| 23 | New York, NY 10010 |
|   | Telephone: (212) 849-7000 |
| 24 | Facsimile: (212) 849-7100 |
| 25 | Jonathan Tse (CA Bar No. 305468) |
|   | jonathantse@quinnemanuel.com |
| 26 | 50 California Street, 22nd Floor |
|   | San Francisco, CA 94111 |
| 27 | Telephone: (415) 875-6600 |
|   | Facsimile: (415) 875-6700 |
| 28 |  |

Case No. 4:20-cv-03664-YGR-SVK
Case No. 4:20-cv-05146-YGR-SVK

5

GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FEBRUARY 14, 2023 HEARING TRANSCRIPT

1 *Attorneys for Defendant Google LLC*

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6

Case No. 4:20-cv-03664-YGR-SVK
Case No. 4:20-cv-05146-YGR-SVK
GOOGLE'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE FEBRUARY 14, 2023 HEARING TRANSCRIPT