**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DiCELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
Teuta Fani (admitted *pro hac vice*)
*teutafani@quinnemanuel.com*
Joseph H. Margolies (admitted *pro hac vice*)
*josephmargolies@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
*stephenbroome@quinnemanuel.com*
Viola Trebicka (CA Bar No. 269526)
*violatrebicka@quinnemanuel.com*
865 S. Figueroa Street, 10th Floor
Crystal Nix-Hines (CA Bar No. 326971)
*crystalnixhines@quinnemanuel.com*
Alyssa G. Olson (CA Bar No. 305705)
*alyolson@quinnemanuel.com*
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendant; additional counsel listed in signature blocks below*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**SEVENTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**Next CMC: September 30, 2024 at 2:00 p.m.** |

JOINT CASE MANAGEMENT STATEMENT                                    CASE NO. 4:20-CV-05146-YGR-SVK

The Parties, having met and conferred, submit this Seventh Supplemental Joint Case Management Statement pursuant to Civil Local Rule 16-10(d), the Court's September 11, 2024 Order, Dkt. No. 1033, and the Standing Order for All Judges of the Northern District of California dated November 30, 2023, retaining the paragraph numbering used therein. This Statement includes a joint proposed Case Management Schedule pursuant to Civil Local Rule 16-10(b).

**1.    JURISDICTION AND SERVICE**

Google has been served and the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1367.

**2.    FACTS**

a.    Plaintiffs' Summary of their Allegations:

The central claim in this case is a contract claim. Google expressly promised users of the Chrome browser, in an integrated contract, that Chrome would not send their personal information to Google unless they affirmatively chose to "sync" their Chrome data to their Google Account. This promise was repeated in the Chrome Privacy Notice (the "CPN"); in the Google Privacy Policy (which expressly incorporated the CPN); and in the Google Terms of Service ("TOS"). The TOS expressly incorporated the CPN and stated that, in the event of any conflicting terms, the terms of the Chrome Privacy Notice would govern.

The case was filed on July 7, 2020. Discovery ensued. On October 14, 2021, Plaintiffs moved for class certification, and on November 30, 2021, Google moved early for summary judgment. Google argued that the CPN did not control because data flow from Chrome was "browser agnostic," a term not present in any of Google's policies. In a hearing, Google submitted highly technical evidence about data flow far beyond the four corners of the contract. Google claimed that this consent defense applied to all of Plaintiffs' claims. Plaintiffs contested that the data flow from Chrome to Google is "browser agnostic." Plaintiffs also argued that the CPN controlled. The Ninth Circuit has now rejected Google's argument.

Premised on the contract claim and the reasonable user standard, Plaintiffs' renewed motion for class certification, which Plaintiffs propose filing in roughly six weeks, should be easily certified. As the Ninth Circuit correctly noted, Google has not contested, generally, that Chrome

sends data to Google when users are not synced. *Id.* at *9. And Google has admitted that Chrome sends cookies, IP address, browsing history information, User-Agent, and device properties to Google's services regardless of whether a person chooses to sync. This information is "personal information" as defined by California law and Google's contract. *See* Cal. Civ. Code § 1798.140. These are common questions subject to common proof. Plaintiffs respectfully request the opportunity to file a single, unified motion, rather than "supplementing" a three-year-old motion the Court denied as moot, as Google requests. As discussed further below, the initial motion was filed before Judge Koh, before nearly three years of changes in the law, and further development of the facts in both this action and in related actions. Given Google's agreement to Plaintiffs' proposed narrowing of the class certification motion, it is unclear how the previous motion could stand. "Supplementing" would require the Court and the parties to piece together many different reports, briefs and supplements. But Google insists that Plaintiffs must stand on a three-year-old motion and require the Court to rule on it.

   b. <u>Defendant's Statement:</u>

On October 14, 2021, Plaintiffs moved to certify a class of "Google Chrome users in the United States who did not enable 'Sync' while browsing the web using Chrome ('Not Synced Chrome Users') or who disabled 'Sync' while browsing using Chrome ('Unsynced Users'), at any time between July 27, 2016 to the present (the 'Class Period')." Dkt. 339-4 at 1. On November 30, 2021, Google moved for summary judgment on its first affirmative defense (express consent). Dkt. 395. At oral argument on August 26, 2022, Plaintiffs contested—for the first time—Google's assertion that the data transmissions at issue occur regardless of browser. On September 1, 2022, the Court determined Plaintiffs had provided no evidence to support that new argument and *sua sponte* ordered a Rule 56(e) evidentiary hearing to give Plaintiffs the opportunity to create their record. Dkt. 858. The Court held that hearing on October 24, 2022, and eight witnesses testified. On December 12, 2022, the Court granted Google's motion. Dkt. 935. On August 20, 2024, the Ninth Circuit issued its opinion reversing and remanding the Court's December 12, 2022 Order, Dkt. 1031. The mandate issued on September 11, 2024, Dkt. 1032.

  Google opposes Plaintiffs' request to re-do the expansive class certification briefing and

1  related expert discovery. Instead, as explained in more detail below, Google proposes that the
2  parties simultaneously submit short supplemental briefs (of no more than 10 pages each, with
3  simultaneous replies of no more than five pages) to update the Court on developments since the
4  class certification hearing. There is no need to start over for Plaintiffs to narrow their class; their
5  proposed narrowing can be accomplished through supplemental briefs.

6  **3.    LEGAL ISSUES**

7       a.    <u>Plaintiffs' Summary of the Claims and Factual or Legal Issues in Dispute</u>:

8  Plaintiffs' complaint brings the following claims: (Count 1) unauthorized interception of electronic communications under the Wiretap Act; (Count 2) unauthorized electronic communication service ("ECS") disclosure under the Wiretap Act, 18 U.S.C. § 2510; (Count 3) unauthorized access to stored ECS communications under the Stored Communications Act ("SCA"), 18 U.S.C. § 2701; (Count 4) unauthorized disclosures of stored communications under the SCA, 18 U.S.C. § 2701; (Count 5) violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; (Count 6) invasion of privacy; (Count 7) intrusion upon seclusion; (Count 8) breach of contract; (Count 9) breach of the implied covenant of good faith and fair dealing; (Count 10) quasi-contract (restitution and unjust enrichment); (Count 11) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g); (Count 12) violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502; (Count 13) statutory larceny, Cal. Penal Code §§ 484 and 496; (Count 14) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.; (Count 15) punitive damages under Cal. Civil Code § 3294; and (Count 16) declaratory relief under 28 U.S.C. § 2201(a). *See* FAC, Dkt. No. 163.

On September 18, 2020, Judge Lucy H. Koh ordered the parties to select a total of ten claims to be litigated through trial, while the remaining six claims would be held in abeyance until after trial. Dkt. No. 51. The parties selected the following ten claims to litigate through trial: Counts 2, 3, 4, 5, 7, 8, 9, 11, 13, and 14. Dkt. No. 54. Plaintiffs' initial motion for class certification sought certification of six out of the then selected claims: Counts 5, 7, 8, 9, 13, and 14. Dkt. No. 340.

In their narrowed motion for class certification, Plaintiffs will seek certification of the following subset of these claims: breach of contract; intrusion upon seclusion; violation of the

California Invasion of Privacy Act (Cal. Pen. Code § 631); and violation of the California Unfair Competition Law as an unlawful and unfair business practice.  At present, Plaintiffs intend to move for 23(b)(3) certification on their claims for breach of contract, violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631), and/or the unlawful and unfair prongs of the California Invasion of Privacy Act.

Second, heeding this Court's admonition in oral argument, Plaintiffs intend to narrow the class, moving for certification on behalf of Google Accountholders who used the Chrome browser while not synced.  The previous motion sought certification of non-Accountholders as well.

Third, Plaintiffs will narrow the time-period of the class period in two ways.  On the front end, Plaintiffs will commence the class on September 24, 2018, the date Chrome changed its express promise to state that Chrome would not send personal information to Google unless users turned on sync.  On the back end, Plaintiffs are considering ending the class period for certain claims on the day Google removed the CPN from its website, which it did while this case was on appeal, in October 2023.  Certain injunctive relief claims, however, will seek certification to the present, including that Chrome will no longer send personal information to Google by default. Specifically, Plaintiffs intend to move for certification under Rule 23(b)(2) for all claims, resting injunctive relief claims in the privacy and other harms inflicted by Google on users.  Plaintiffs seek to cure some of Google's broken consent model, seeking opt-out / opt-in rights on syncing, clear disclosures, and transparency.

In a meet and confer on September 18, 2024, Google asserted that Plaintiffs must be limited to a ten-page "supplement" of the class certification motion filed by plaintiffs nearly three years ago, when the case was pending before Judge Koh.  But that motion was denied and is not pending, so there is nothing to supplement.  Dkt. No. 1019. And Google cites no case law supporting its position that Plaintiffs may not file a renewed motion when a motion has been denied. It would also be fundamentally unfair to Plaintiffs, who should be able to rely on the significant discovery obtained by Plaintiffs after filing their opening motion three years ago.  This includes class-wide data flow discovery; Named Plaintiff data;  damages discovery;  and evidence from the 7.5 hour evidentiary hearing on Google's motion for summary judgment. The law has changed as well,

including significant rulings from this Court in the related *Brown* and *RTB* actions (*Brown* Dkt. No. 803; *RTB* Dkt. No. 690);  a ruling from Judge Seeborg in *Rodriguez* (*Rodriguez* Dkt. No. 352); and of course the Ninth Circuit's decision in this case.  It would be prejudicial not to allow Plaintiffs to craft a new motion in light of these decisions. And it would also be burdensome to the Court, requiring the Court to puzzle through cross-referenced documents, expert reports, *Daubert* motions, various orders, and other materials—much of which has been rendered moot by subsequent discovery, court decisions, and Plaintiffs' decision to craft a more streamlined path forward for class certification—thus creating unnecessary work for the Court.  Google argues that Plaintiffs must be limited to a ten-page supplement to a three-year-old, outdated motion that doesn't address current law, because three and a half years ago Plaintiffs agreed to push forward with class certification before Judge Koh.  But the case was transferred to this Court, who has different views on summary judgment and Daubert motions, and then Google moved for early summary judgment—something Google could not have done before this Court.  Google's position is unreasonable, unworkable from the Court's perspective, and fundamentally unfair to Plaintiffs.

Plaintiffs are also considering exercising their right to move for summary judgment, and are mindful of this Court's meet-and-confer requirements regarding such motions.  Finally, Plaintiffs are considering a motion for injunctive relief.

<u>Defendant's Summary of the Claims and Factual or Legal Issues in Dispute</u>:

Plaintiffs' request for a complete "redo" of class certification should be rejected as onerous and unnecessary. Instead, Google proposes that the parties simultaneously submit short supplemental briefs (of no more than 10 pages each, with simultaneous replies of no more than five pages) to update the Court on developments since the class certification hearing.  That is all that is necessary or appropriate.

The parties spent substantial time and resources briefing class certification, preparing class certification expert reports and taking expert depositions, briefing *Daubert* motions, and presenting oral argument to the Court on these motions. The parties' class certification briefing totals 8,723 pages.  Plaintiffs now ask the Court to start from scratch—with a new motion based on a new class definition, different claims, and new expert reports. Google appreciates Plaintiffs' desire to narrow

their class definition and reduce the number of claims for which they seek certification. But that is easily done in short supplemental briefs relying on the substantial expert analysis already conducted. A "redo," particularly of the extensive expert discovery already conducted, is neither necessary nor warranted.

Plaintiffs argue that requiring them to stand by their original class certification motion—even with supplemental briefing—would be "unfair" because the parties conducted additional discovery after Plaintiffs filed their motion. To the extent that argument has any merit, any prejudice would be a result of Plaintiffs' own strategy earlier in the case. Over Google's objection, Plaintiffs insisted on filing their class certification motion *before* the close of fact discovery. Google opposed that sequencing, and the Court gave Plaintiffs what they asked for. Dkt. 199 at 14-16 (Google arguing that "since fact discovery will be incomplete when Plaintiffs file their class certification motion, there is **the risk that Plaintiffs will seek to renew their class certification motion if additional evidence or testimony that they believe is relevant to class certification is produced after they file their motion**") (emphasis added); Dkt. 199-1 at 2 (Google proposing class certification occur after the close of fact discovery); Dkt. 201 at 1 (the Court denying Google's request). The parties and the Court thus always understood that additional discovery would be produced after Plaintiffs filed their class certification motion. Plaintiffs cannot rely on the inevitable consequence of their own strategic decision as a basis for a do-over.

Further, if additional discovery were a basis to re-do class certification and expert reports, Plaintiffs' request to rebrief class certification is premature. As described in section 8 below, Plaintiffs continue to demand additional data discovery. If any such data is provided to them, they will no doubt demand that they be permitted to supplement or redo their class certification motion yet again. They cannot have it both ways.

Google therefore respectfully requests that the Court rule on Plaintiffs' existing class certification motion after receiving short supplemental briefs from the parties. Should the Court request briefing on this issue, Google can provide case law supporting its position.

Google intends to present additional legal issues in a motion for summary judgment on claims and defenses other than express consent.

4. **MOTIONS**

    a.    <u>Prior Motions Decided Since the Prior Supplemental Joint Case Management Statement:</u>[1]

The Court granted in full or in part various motions to seal (*see* Dkts. 513, 569, 615, 727, 738, 768, 831, 861, 867, 868, 880, 881, 882, 883, 884, 885, 901, 936, 955, 966, 967, 968, 980, 991, 998, 999, 1003, 1007, 1015) and motions to remove incorrectly filed documents. Dkt. 590, 597, 662, 668, 734. The Court issued orders on various discovery disputes. Dkts. 501, 516, 523, 539, 540, 558, 585, 587, 592, 603, 604, 606, 617, 618, 639, 645, 648, 667, 672, 674, 676, 682, 684, 685, 696, 700, 703, 706, 722, 746, 749, 766, 774, 776, 801, 815, 862, 889, 900, 906, 932, 960, 997, 1004-4, 1011, 1014-3. The Court granted joint motions for appointment of commissioners. Dkt. 564, 688. The Court also granted *pro hac vice* applications. Dkt. 623, 624, 791, 827. The Court also granted stipulations modifying the case schedule. Dkts. 591, 625, 725, 866.

On October 14, 2021, Plaintiffs moved for class certification. Dkt. Nos. 339-4, 341, 429, 482-3, 528. Google also filed a Motion to Strike the Reports of Plaintiffs' Consumer Expectations Experts Professors Joseph Turow and Leslie John (Dkt. Nos. 425, 489-3, 571) and a Motion to Strike Report of Plaintiffs' Damages Expert Russell Mangum, III, Ph.D. (Dkt. Nos. 427, 485-3, 572-4). Plaintiffs also moved to Strike the Report of Attorney Paul Schwartz (Dkts. Nos. 487-3, 602, 627-2). The Court denied these motions as moot in light of its summary judgment order, Dkt. No. 935, a decision the Ninth Circuit reversed, Dkt. No. 1031.

On February 10, 2022, the Court granted an extension of time for the parties to file oppositions and replies related to class certification and *Daubert* motions. Dkt. No. 479. On April 19, 2022, the Court granted Plaintiffs' motion to withdraw its motion to substitute. Dkt. No. 626. On June 24, 2022, the Court denied Plaintiffs' motions to allow for materials produced in *Calhoun* to be used in *In re Google RTB Consumer Privacy Litigation*. Dkt. No. 733. The Court issued various orders related to the evidentiary hearing on Google's motion for summary judgment. Dkt. Nos. 858, 879, 893. On December 12, 2022, the Court granted Google's motion for summary

---

[1] *See* Sixth Supplemental Joint Case Management Statement dated Feb. 4, 2022 (Dkt. No. 477).

1  judgment and denied Plaintiffs' motion for class certification as moot. Dkt. No. 935. On February
2  21, 2023, the Court issued an order regarding Google's motion for indicative ruling. Dkt. No. 987.
3  On March 31, 2023, the Ninth Circuit granted Google's motion for limited remand. Dkt. No. 1005.
4  On May 16, 2023, the Court granted the parties' stipulation and modified its order granting
5  Google's motion for summary judgment. Dkt. Nos. 1018, 1019.  On August 20, 2024, the Ninth
6  Circuit issued its opinion reversing and remanding the Court's December 12, 2022 Order, Dkt. No.
7  1031, and mandate issued on September 11, 2024, Dkt. No. 1032.

      b.    <u>Pending Motions</u>:  The parties dispute whether the motions related to class certification are now pending in light of the Ninth Circuit's decision reversing the Court's summary judgment order.

      c.    <u>Anticipated Motions</u>:

          a.  Plaintiffs anticipate filing the following motions:

              i.   Plaintiffs' Renewed Motion for Class Certification

              ii.  Motion for Summary Judgment

              iii. Evidentiary Motions

          b.  Google anticipates filing the following motions:

              i.   Motion to clarify Magistrate Judge Van Keulen's April 12, 2023 Order re Google's Motion for Relief from Preservation Orders (Dkt. 1011)

              ii.  Motion for summary judgment on issues other than express consent, *see* 2/11/22 Hr'g Tr. At 31:17-15 (("I don't think it is fair to apply [the one-motion] rules retrospectively when Judge Koh didn't have that rule. So you can have one  more , Mr. Schapiro, after this")

              iii. *Daubert* motions

              iv.  Motion to dismiss (if the Court permits Plaintiffs to revive any dormant claims)

**5.**    **AMENDMENT OF PLEADINGS**

    The operative complaint is the First Amended Complaint dated April 16, 2021 (Dkt. No. 163).  Google filed its Answer to the First Amended Complaint on April 16, 2021. Dkt No. 195.

Plaintiffs do not presently anticipate moving to amend the Complaint further.

## 6. EVIDENCE PRESERVATION

The parties reviewed the ESI Guideline and conferred regarding evidence preservation. The parties previously agreed to and the Court entered a protective order (Dkt. 61) and an ESI order (Dkt. 96).

a.   Plaintiffs' Statement:

Several issues related to evidence preservation were re-opened with remand of this action. With the assistance of a Special Master and testimony taken in three Rule 30(b)(6) depositions, Magistrate Judge Susan van Keulen helped the parties to craft a detailed data preservation order to ensure that plaintiffs have sufficient data to identify class members, quantify damages and establish liability. The preservation order was issued on April 4, 2022 (Dkt. No. 604); revised on May 23, 2022 (Dkt. No. 665); and finalized on July 15, 2022 (Dkt No. 766). Google moved for clarification on July 27, 2022 (Dkt. No. 787) which was resolved on August 5, 2022 (Dkt. No. 810). Google then moved for partial relief from the preservation order, which was granted in part while the case was on appeal (as to duty to preserve new data) but denied as to obligations to preserve data already preserved. Dkt. No. 1011. The preservation order also required Google "to immediately reinstate the preservation protocols and pipelines as they currently exist" upon an order of remand, and to give Plaintiffs full access to the preserved data. *See id.* at 5. The Parties are in the process of meeting and conferring regarding these provisions in the preservation order. In response to Google's arguments below, Plaintiffs agree that Judge van Keulen is well equipped to resolve the disputes.

b.   Defendant's Statement:

Pursuant to Magistrate Judge Susan van Keulen's Preservation Orders (Dkts. 766, 815), Google is preserving an enormous amount of data, both in large snapshots as well ongoing preservation of daily samples of logs. *See* Dkt. 897-3 at 5, 18. The volume of data preserved is difficult to fathom—at least tens of petabytes, many times the quantity of digital information stored at the Library of Congress.

On April 12, 2023, given the pending appeal and the massive burden on Google, Magistrate Judge van Keulen issued an Order suspending the Preservation Orders (Dkt. 1011). The order

reasoned that, upon remand, "Plaintiffs will have access to data preserved thus far under the Preservation Order as well as data preserved from the time of remand until trial." Dkt. 1011 at 7. Plaintiffs claim this language means the court ordered *immediate* access to *all* preserved data. That reading makes no sense—the purpose of the order was not to decide whether Plaintiffs get access to the data, but rather to resolve a dispute over the suspension of the preservation obligation. Even beyond the clear wording of the order, Magistrate Judge van Keulen could not have ordered access to the data without Plaintiffs' proper showing that they are indeed entitled to it. In any event, Magistrate Judge van Keulen is best situated to clarify the meaning of her order.

**7.     DISCLOSURES**

The Parties exchanged initial disclosures on September 9, 2020. Plaintiffs amended their initial disclosures on May 17, 2021, and again on March 4, 2022. Google amended its initial disclosures on February 21, 2022.

**8.     DISCOVERY**

   a.     Written and Fact Discovery:

Fact discovery closed on March 4, 2022. As discussed below, there remain some discrete discovery disputes.

The parties have proposed deadlines in the scheduling section below.

   b.     Expert Discovery:

***Plaintiffs' Statement:*** Plaintiffs agree with Google that merits expert discovery should be determined after a ruling on class certification. With regard to class certification experts, Plaintiffs have proposed that reports be submitted with the Parties' respective briefing deadlines. That is consistent with what occurred in the prior briefing.

***Defendant's Statement:*** The parties submitted substantial expert discovery along with Plaintiffs' pending motion for class certification. Google's position, as explained above, is that no further expert discovery is needed for class certification.

As to merits expert discovery, as proposed below, Google believes it would be most efficient for that to begin after the Court rules on Plaintiffs' class certification motion and the related

*Daubert* motions. The Court's decision on those motions inevitably will affect whether additional expert discovery is needed and, if so, in what nature and form.

  c.  Discovery Disputes:

***Plaintiffs' Statement:*** Plaintiffs respectfully submit that Judge van Keulen is also best suited to resolve these discovery disputes. To the extent that Google refuses to produce evidence to allow identification of class members or personal information, its failure to produce this evidence is prejudicial to the Plaintiffs. And Google should not be permitted to rely on its absence to oppose class certification. For example, Google was ordered to produce the schema/protos for certain data sources by October 22, 2022. However, Google failed to produce 278 of them. The Parties have met and conferred on September 18, 2024. At that time, Google informed Plaintiffs for the first time that it cannot locate those protos and acknowledged there were fields that it did not produce. When asked to provide further information, Google refused. Plaintiffs may bring motions related to these events.

***Defendant's Statement:*** The August 5, 2022 Preservation Order required Google to "identify all field names for any data sources from which data is to be preserved on the date that sampling from each data source begins." Dkt. 815 at 15. Google produced lists of fields for more than 40 logs and other data sources in the preservation order (more than 300,000 field names) and for the vast majority of the several thousand columns (datatypes) in one storage system on the date that sampling from each data source began. There is no spoliation or prejudice to Plaintiffs, as all populated fields were preserved at the time they were recorded in compliance with the Preservation Orders. For the 278 columns in the relevant storage system where Google through its good faith efforts was not able to locate the field names, Google is continuing efforts to identify and produce.

**9. CLASS ACTIONS**

Plaintiffs moved for class certification on October 14, 2021 (Dkt. No. 340) and filed a Request for Judicial Notice (Dkt. No. 341). With its opposition, Google filed two motions to strike Plaintiffs' experts (Dkt. Nos. 425 and 427); Plaintiffs filed one (Dkt. No. 488). The Court denied Plaintiffs' class certification motion as moot on December 22, 2022 (Dkt. No. 935). In light of the Ninth Circuit's order (Dkt. No. 1031), Plaintiffs propose filing a renewed motion for class

certification by November 22, 2024, and in advance, seek the Court's guidance on *Daubert* motion limits on the schedule proposed below.

Google opposes Plaintiffs' proposal. Instead, in light of the Ninth Circuit order reversing the Court's order on Plaintiff's motion for class certification (Dkt. 1031), Google requests the Court to permit the parties to file simultaneous 10-page supplemental briefs and 5-page supplemental response briefs according to the schedule set out below.

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

## 10. RELATED CASES

On August 4, 2020, this case was judicially related to, but not consolidated with, *Brown v. Google LLC*, Case No. 4:20-cv-03664-YGR-SVK. Dkt. No. 27. On April 9, 2021, this case and the *Brown* case were judicially related to *In re: Google RTB Consumer Privacy Litigation*, Case No. 4:21-cv-02155-YGR-VKD, *see* Dkt. No. 158.

## 11. RELIEF

*Plaintiffs' Statement:*

Plaintiffs are seeking damages, restitution, disgorgement, injunctive and declaratory relief, as well as attorneys' fees and costs of suit. Plaintiffs seek damages in excess of $5,000,000.

*Defendant's Statement:*

Plaintiffs are not entitled to any of the relief they seek.

## 12. SETTLEMENT AND ADR

The parties filed their ADR certifications on August 21, 2020. Dkt. Nos. 42, 43. The Parties attended a full day mediation with Randall W. Wulff on May 15, 2023. It was not successful. The Parties are open to further formal settlement talks at the appropriate time.

## 13. OTHER REFERENCES

Discovery is being overseen by Magistrate Judge Susan van Keulen. The Court also appointed a Special Discovery Master to advise on several discrete discovery disputes related to certain data sources. Dkt. No. 246. The Court released the Special Master on May 30, 2024 with consent of the Parties. Dkt. No. 1028. The Special Master reported to Judge van Keulen. The parties

do not otherwise believe this case is suitable for reference to binding arbitration, any other special master, or the JPML.

**14.     NARROWING OF ISSUES**

*Plaintiffs' Statement:*

Plaintiffs are unaware of any issues that can be narrowed by agreement other than the issues Google agrees with below.

*Defendant's Statement:*

Plaintiffs have proposed narrowing their class certification motion to exclude non-Google Account holders, narrowing the time period, and reducing the claims for which they seek certification. Google is amenable to such narrowing. Google is not aware of any other issues that can be narrowed by agreement.

**15.     SCHEDULING**

Plaintiffs propose the schedule below for the renewed class certification motion, subject to the Court's approval:

The Parties have read the Court's Standing Order regarding summary judgment and will confer and seek leave of Court prior to filing a motion. The Court previously advised that Google may not move for summary judgment on consent, given that it has already done so. Given the Court's limit of three Daubert motions per side, and past briefing, Plaintiffs and Google each have two Daubert motions remaining for both class certification and summary judgment.

| EVENT | PROPOSED DEADLINE |
|---|---|
| Renewed Motion for Class Certification | **Motion and Opening Expert Reports**: November 22, 2024<br>**Opp'n and Opposition Expert Reports**: January 31, 2024<br>**Reply and Rebuttal Expert Reports**: March 14, 2024<br>**Hearing**: TBD |
| Opening Expert Reports | 35 days after the Court issues an order on class certification and *Daubert* motions |
| Rebuttal Expert Reports | 60 days after exchange of opening reports |
| Close of Expert Discovery | 45 days after exchange of rebuttal reports |
| Rule 56 Motions; *Daubert* Motions (3 *Daubert* Motions | **Motion:** 55 days after close of expert discovery<br>**Opp'n:** 45 days after opening briefs |

| Event | Proposed Deadline |
|---|---|
| per side in the entire case) | **Reply:** 30 days after oppositions |

This schedule is nearly identical to the schedule the parties previously adhered to in the last round of briefing. Awarding Google an extra month to oppose, as Google proposes, is antithetical to Google's argument that all the work has already been done. Plaintiffs also note that, if the Court permits, Plaintiffs are narrowing the motion and have identified specifically how they will do so. If the Court elects to allow Google an extra month to oppose, Plaintiffs respectfully seek an equivalent extension on their reply.

Defendant proposes the schedule below, subject to the Court's approval:

As discussed above, Google's position is that Plaintiffs should not be permitted a do-over on their class certification motion and supporting expert reports. This would cause the enormous amount of work and resources already devoted to the pending class certification motion by the parties and the Court to be wasted. Instead, the parties should submit short briefs to supplement the pending class certification motions, to update the Court on any pertinent recent decisions or developments. Google proposes that the parties submit supplemental briefs (of no more than 10 pages each) on October 22, 2024, and responses (of no more than five pages each) on November 5, 2024.

As to the schedule for other case deadlines, on November 12, 2022, the parties filed a joint statement with competing proposed orders to further modify the case schedule. Dkt. 908. The Court did not rule on that statement prior to dismissing the case. Consistent with that joint statement, Google's position is that the pendency of Plaintiffs' motion for class certification and related *Daubert* briefing is likely to affect the scope of merits expert discovery by providing clarity as to the issues to be explored during that stage of the litigation and as such, may potentially minimize the need for supplemental merits expert reports and depositions that might be necessary if the parties were to proceed with expert discovery while the motions remain under submission. Therefore, Google proposes the following schedule:

| Event | Proposed Deadline |
|---|---|
| Parties to submit 10-page supplemental brief in support of their respective class certification positions | October 22, 2024 |
| Parties to submit 5-page responses to supplemental class certification briefs | November 5, 2024 |
| Opening Expert Reports | 35 days after the Court issues an order on class certification and *Daubert* motions |
| Rebuttal Expert Reports | 60 days after exchange of opening reports |
| Close of Expert Discovery | 45 days after exchange of rebuttal reports |
| Rule 56 Motions; *Daubert* Motions (3 *Daubert* Motions per side in the entire case) | **Motion:** 55 days after close of expert discovery<br>**Opp'n:** 45 days after opening briefs<br>**Reply:** 30 days after oppositions |

If, however, the Court is inclined to allow Plaintiffs to file a new class certification motion and expert reports, and to enter their proposed schedule, Google requests that it be permitted more time to file its opposition—until February 28, 2025. Plaintiffs propose filing their new class certification motion and expert reports just days before Thanksgiving, and Google's time to respond runs over the December holidays. Google does not know how many new expert reports Plaintiffs will submit or what they will say, but, as last time, they will almost certainly be lengthy, technical, and require substantial time for taking depositions and preparing responsive reports. Further, Google's team have additional work commitments during this period that have arisen while this case was on appeal. If the Court is inclined to permit Plaintiffs a do-over, it is only fair that Google be permitted the time it needs to respond. Additionally, if the parties are starting from scratch, Google's position is that both sides would still have all three of their *Daubert* motions left.

16. **TRIAL**

Plaintiffs demanded a jury trial. Complaint, Dkt. Nos. 1 & 3-4. The Parties agree that it is premature to estimate trial length at this time and propose to revisit at a later CMC.

17. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

a.       <u>Plaintiffs</u>: Plaintiffs filed their certifications pursuant to Civil L.R. 3-15 on July 27, 2020, certifies that as of this date, other than the named parties, there is no such interest to report.  *See* Dkt. No. 5

b.       <u>Defendant</u>: Google's certificate of interested entities (Dkts. 79). certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.       Google LLC

2.        XXVI Holdings Inc., Holding Company of Google LLC

3.       Alphabet Inc., Holding Company of XXVI Holdings Inc.

**16.    PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**17.    OTHER MATTERS**

The Parties have no other matters to raise with the Court at this juncture.

Dated: September 23, 2024

| BLEICHMAR FONTI & AULD LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By:   */s/ Lesley E. Weaver*<br>Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Joshua D. Samra (SBN 313050)<br>1330 Broadway, Suite 630<br>Oakland, CA 94612<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>*lweaver@bfalaw.com*<br>*adavis@bfalaw.com*<br>*jsamra@bfalaw.com*<br><br>Gregory S. Mullens (*pro hac vice* forthcoming) | By:   */s/ Andrew H. Schapiro*<br>Andrew H. Schapiro (admitted *pro hac vice*)<br>andrewschapiro@quinnemanuel.com<br>Teuta Fani (admitted *pro hac vice*)<br>teutafani@quinnemanuel.com<br>Joseph H. Margolies (admitted *pro hac vice*)<br>josephmargolies@quinnemanuel.com<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>Telephone: (312) 705-7400<br>Facsimile: (312) 705-7401<br><br>Stephen A. Broome (CA Bar No. 314605) |

| | | |
|---|---|---|
| 1 | 75 Virginia Road, 2nd Floor<br>White Plains, New York 10603 | stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526) |
| 2 | Tel.: (415) 445-4006<br>*gmullens@bfalaw.com* | violatrebicka@quinnemanuel.com<br>Crystal Nix-Hines (CA Bar No. 326971) |
| 3 | | crystalnixhines@quinnemanuel.com |
| 4 | **DiCELLO LEVITT LLP** | Alyssa G. Olson (CA Bar No. 305705)<br>alyolson@quinnemanuel.com |
| 5 | By:   */s/ David A. Straite*<br>David A. Straite (admitted *pro hac vice*) | 865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 |
| 6 | Corban Rhodes (admitted *pro hac vice*)<br>485 Lexington Avenue, Suite 1001 | Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| 7 | New York, NY 10017 | |
| 8 | Tel.: (646) 933-1000<br>*dstraite@dicellolevitt.com* | Xi ("Tracy") Gao (CA Bar No. 326266)<br>tracygao@quinnemanuel.com |
| 9 | *crhodes@dicellolevitt.com* | Carl Spilly (admitted *pro hac vice)*<br>carlspilly@quinnemanuel.com |
| 10 | Amy E. Keller (admitted *pro hac vice*)<br>Adam Prom (admitted *pro hac vice*) | 1300 I Street NW, Suite 900<br>Washington D.C., 20005 |
| 11 | Julia Veeser (*pro hac vice* forthcoming)<br>Ten North Dearborn St., Sixth Floor | Telephone: (202) 538-8000<br>Facsimile: (202) 538-8100 |
| 12 | Chicago, IL 60602 | |
| 13 | Tel.: (312) 214-7900<br>*akeller@dicellolevitt.com* | Brett Watkins (admitted *pro hac vice)*<br>brettwatkins@quinnemanuel.com |
| 14 | *aprom@dicellolevitt.com*<br>*jveeser@dicellolevitt.com* | 700 Louisiana St., Suite 3900<br>Houston, TX 77002 |
| 15 | | Telephone: (713) 221-7000 |
| 16 | **SIMMONS HANLY CONROY LLP** | Facsimile: (713) 221-7100 |
| 17 | By:   */s/ Jay Barnes*<br>Jason 'Jay' Barnes (admitted *pro hac vice*) | |
| 18 | An Truong (admitted *pro hac vice*) | *Counsel for Defendant* |
| 19 | 112 Madison Avenue, 7th Floor<br>New York, NY 10016 | |
| 20 | Tel.: (212) 784-6400<br>Fax: (212) 213-5949 | |
| 21 | *jaybarnes@simmonsfirm.com*<br>*atruong@simmonsfirm.com* | |
| 22 | | |
| 23 | Eric Johnson (admitted *pro hac vice*)<br>Jennifer 'Jenny' Paulson (admitted *pro hac vice*) | |
| 24 | One Court Street<br>Alton, IL 62002 | |
| 25 | Tel.: 618-693-3104<br>*ejohnson@simmonsfirm.com* | |
| 26 | *jpaulson@simmonsfirm.com* | |
| 27 | *Counsel for Plaintiffs* | |
| 28 | | |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of September, 2024, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver

# [PROPOSED] ORDER

Pursuant to stipulation of the Parties and for good cause shown, the Court ENTERS the following Case Management Schedule:

| EVENT | PROPOSED DEADLINE |
|---|---|
| INSERT | INSERT |

**IT IS SO ORDERED.**

Date: _____

_____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge