**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

Gregory S. Mullens (*pro hac vice* forthcoming)
75 Virginia Road, 2nd Floor
White Plains, New York 10603
Tel.: (415) 445-4006
*gmullens@bfalaw.com*

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, et al., *on behalf of themselves and all others similarly situated*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**DECLARATION OF LESLEY E. WEAVER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR RECONSIDERATION OF DKT. 1011**<br><br>Hon. Susan van Keulen, USMJ |

I, Lesley E. Weaver, declare and state as follows:

1.      I am Partner-in-Charge of the California office of Bleichmar Fonti & Auld LLP, head of its consumer and antitrust practice, and along with the law firms DiCello Levitt LLP and Simmons Hanly Conroy LLP, represent Plaintiffs in the above-captioned matter. I am a member in good standing of the Bar of the State of California and of this Court and admitted to the United States District Court for the Northern District of California.

2.      I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

3.      I submit this declaration in support of Plaintiffs' Opposition to Google's Motion for Reconsideration of Dkt. 1011.

4.      On August 26, 2024, counsel for Plaintiffs requested to meet and confer regarding the April 12, 2023 Order (Dkt. 1011, the "Order") as well as other matters in light of the Ninth Circuit opinion. Google declined to confer until after the mandate issued, on September 10, 2024.

5.      The Parties met and conferred on September 18, 2024, during which Google confirmed that while the first provision of the Order (reinstatement of protocols) is self-executing "upon such order of remand" and restarted the pipeline, Google took the position that it would not comply with the Order until after class certification, and also raised the concern that access would be improper because the information would be protected by the Electronic Communications Privacy Act.

6.      Thereafter, Plaintiffs proposed a compromise, which Google rejected.

7.      On September 23, 2024, in the Parties' exchanges of the draft CMC statement, Google raised yet another barrier to access, arguing in the draft that Plaintiffs should be required to demonstrate "need" before Google should be required to comply.

8.      On October 1, 2024, the Parties met and conferred again, during which Plaintiffs again raised their proposed compromise, but Google refused, asserting Plaintiffs had not shown need to access the data. Google stated during the meet and confer that it would only consider a stipulation that denies Plaintiffs all access and would not agree to limiting its arguments in opposing class certification.

* * *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 3rd day of October, 2024 at Oakland, California.

By: ____*Lesley E. Weaver*____
Lesley E. Weaver