**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
Jayne Conroy (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

**DiCELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
Julia Veeser (*pro hac vice* forthcoming)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-5146-YGR-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR LEAVE (DKT. 1046)**<br><br>Referral: Hon. Susan van Keulen, USMJ |

Plaintiffs respectfully oppose Google's October 4, 2024 motion for leave ("Motion for Leave," Dkt. 1046) to file yet more briefing in support of Google's September 27, 2024 motion for reconsideration ("Motion for Reconsideration," Dkt. 1039) of the Court's April 12, 2023 revised preservation order (the "Modified Preservation Plan," Dkt. 1011).[1]

Leave should be denied for two reasons. ***First***, Google complains that Plaintiffs' opposition to the Motion for Reconsideration requested "entirely new" relief that went beyond Google's motion (Dkt. 1046 at 1), but the record confirms otherwise. After Google rejected Plaintiffs' request to confer regarding a protocol for access to the preserved log data, Plaintiffs proposed a compromise – Plaintiffs would be willing to defer access prior to class certification, so long as Google stipulated that it would not use its one-sided access to the data as a basis to oppose certification or argue that the data log "protos" or "schema" produced by Google are somehow inaccurate (Dkt. 1045-1, Weaver Decl., ¶¶ 6, 8). Indeed, Google put some of the email traffic confirming Plaintiffs' good faith offers of compromise on the docket. *See, e.g.*, Dkt. 1039-2 (Email from Plaintiffs stating, "Plaintiffs' concern is that Google will continue to maintain defenses to class certification while denying access to information about the preserved data that bears on Google's position"). In its Motion for Reconsideration, however, Google elected not to address Plaintiffs' legitimate concerns, nor respond to Plaintiffs' offers of compromise. That's Google's choice, but it should not then preclude Plaintiffs from offering the same compromise to the Court in their opposition brief, nor does it provide a basis for Google to get another bite at the briefing apple.

***Second***, none of this extended briefing should have been necessary in the first place. As Plaintiffs repeatedly reminded Google during the meet-and-confer process, the parties should have submitted a joint letter brief, consistent with Your Honor's individual practices, a process that Plaintiffs repeatedly asked Google to use. *See* Dkt. 1039-2 at 3–4 (Email of David Straite dated September 26, 2024, asking Google to use the joint letter brief format); *id*. at 2 (Email of Jay Barnes dated September 27, 2024, asking same). If Google had just agreed to follow the Court's procedures,

---

[1] The Modified Preservation Plan, in turn, modified the Court's prior data log preservation plan, which Google had already sought to modify twice before that. *See* Dkt. 766 (original preservation order, modifying in part the Special Master Report and Recommendations following Google's objections); Dkt. 815 (modified preservation order following Google's motion to modify).

and submit a single joint letter brief, both sides could have exchanged position statements and addressed everything in a single document. Google refused, and it should not now be allowed to manipulate the process to get the "last word" and another five pages of briefing.

Dated: October 7, 2024                                          Respectfully submitted,

| **BLEICHMAR FONTI & AULD LLP** | **SIMMONS HANLY CONROY LLP** |
|---|---|
| By:   */s/ Lesley E. Weaver* <br> Lesley E. Weaver (SBN 191305) <br> Anne K. Davis (SBN 267909) <br> Joshua D. Samra (SBN 313050) <br> 1330 Broadway, Suite 630 <br> Oakland, CA 94612 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> *lweaver@bfalaw.com* <br> *adavis@bfalaw.com* <br> *jsamra@bfalaw.com* <br><br> Gregory S. Mullens (*pro hac vice* forthcoming) <br> 75 Virginia Road, 2nd Floor <br> White Plains, New York 10603 <br> Tel.: (415) 445-4006 <br> *gmullens@bfalaw.com* <br><br> **DiCELLO LEVITT LLP** <br><br> By:   */s/ David A. Striate* <br> David A. Straite (admitted *pro hac vice*) <br> Corban Rhodes (admitted *pro hac vice*) <br> 485 Lexington Avenue, Suite 1001 <br> New York, NY 10017 <br> Tel.: (646) 933-1000 <br> *dstraite@dicellolevitt.com* <br> *crhodes@dicellolevitt.com* <br><br> Amy E. Keller (admitted *pro hac vice*) <br> Adam Prom (admitted *pro hac vice*) <br> Julia Veeser (*pro hac vice* forthcoming) <br> Ten North Dearborn St., Sixth Floor <br> Chicago, IL 60602 <br> Tel.: (312) 214-7900 <br> *akeller@dicellolevitt.com* <br> *aprom@dicellolevitt.com* <br> *jveeser@dicellolevitt.com* | By:   */s/ Jay Barnes* <br> Jason 'Jay' Barnes (admitted *pro hac vice*) <br> Jayne Conroy (admitted *pro hac vice*) <br> An Truong (admitted *pro hac vice*) <br> 112 Madison Avenue, 7th Floor <br> New York, NY 10016 <br> Tel.: (212) 784-6400 <br> Fax: (212) 213-5949 <br> *jaybarnes@simmonsfirm.com* <br> *jconroy@simmonsfirm.com* <br> *atruong@simmonsfirm.com* <br><br> Eric Johnson (admitted *pro hac vice*) <br> Jennifer 'Jenny' Paulson (admitted *pro hac vice*) <br> One Court Street <br> Alton, IL 62002 <br> Tel.: 618-693-3104 <br> *ejohnson@simmonsfirm.com* <br> *jpaulson@simmonsfirm.com* |

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of October, 2024, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver