# PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR RECONSIDERATION OF DKT. 1011

# Redacted Version of Document Sought to be Sealed

**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DiCELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
Julia Veeser (*pro hac vice* forthcoming)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

*Counsel for Plaintiffs; additional counsel
listed in signature blocks below*

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
Jayne Conroy (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

PATRICK CALHOUN, *et al.*, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

GOOGLE LLC,

    Defendant.

Case No. 4:20-cv-5146-YGR-SVK

**PLAINTIFFS' OPPOSITION TO
GOOGLE'S MOTION FOR
RECONSIDERATION OF DKT. 1011**

Referral: Hon. Susan van Keulen, USMJ

**SEALED VERSION**

1

## I.   **INTRODUCTION**

While this case was on appeal to the Ninth Circuit, on April 12, 2023, the Court granted in part and denied in part Google's motion to modify the Court's carefully constructed data log preservation plan (the "Modification Order," Dkt. 1011). Specifically, Google was temporarily relieved of the obligation to preserve ***new*** data during the appeal, while "[a]ll data preserved thus far is to be maintained." *Id*. at 5. The Modification Order also had two provisions that were self-executing upon an order of remand from the Ninth Circuit:

> ***First***, "[u]pon such an order of remand, Google is to immediately reinstate the preservation protocols and pipelines." *Id*.

> ***Second***, "[u]pon remand Plaintiffs will have access to data preserved thus far under the Preservation Order as well as data preserved from the time of remand until trial." *Id*. at 6.

Google confirmed that the first provision (reinstatement of protocols) is self-executing "upon such order of remand" and restarted the pipeline. *See* Declaration of Lesley Weaver dated Oct. 3, 2024 ("Weaver Decl."), ¶ 5. Google refuses, however, to comply with the second provision (granting plaintiffs access to the preserved data) despite having the identical trigger: "***upon remand***."

Google seeks "clarification" that the plain language of the Court's order requires two additional steps before Google must comply. First, Google seeks to delay compliance until after a ruling on the renewed motion for class certification. Second, Google also wants to impose a new burden on Plaintiffs to demonstrate "need" before Google must comply. Thus, while styled as a motion for "clarification," it is transparently a motion for reconsideration, filed 17 months after the Order issued, without complying with this Court's rules governing such motions. This is also Google's fourth attempt to modify the preservation plan, as noted below.

Substantively, Google's proposal is unworkable. The preservation plan (including data logs preserved in toto or via sampling) took months to craft, with the assistance of the Special Master, to ensure that Plaintiffs had the data necessary to identify class members, quantify damages, and prove liability. Dkt. 639. If Plaintiffs are denied access to the preserved data before class certification, and Google then opposes class certification on an alleged failure to prove ascertainability, Plaintiffs would be put into an impossible Catch-22, which Plaintiffs articulated to Google in the meet-and-

confer process. *See* Dkt. 1039-2 at 2 ("Plaintiffs' concern is that Google will continue to maintain defenses to class certification while denying access to information about the preserved data that bears on Google's position.").

Plaintiffs therefore proposed a compromise:  Plaintiffs could defer access to the preserved class-wide data if Google stipulated not to use its absence as an argument against certification. Specifically, because Google was ordered to produce various "protos" and "schema" that identify the contents of the preserved data sources, and with the benefits of other discovery, Plaintiffs believe they can easily demonstrate ascertainability, without access to the preserved class-wide data. But Google would need to stipulate that it won't use its one-sided access to the data to argue otherwise. Google rejected the compromise.

Plaintiffs' offer of compromise (detailed in the accompanying proposed order) remains on the table:  Plaintiffs can agree to defer access to the preserved data, so long as Google is precluded from basing any arguments on the absence of class-wide data, including any arguments that Google's protos and schema are inaccurate. In the alternative, Plaintiffs seek an order compelling compliance with the Modification Order, including requiring the Parties to confer on a protocol for access consistent with Dkt. 1011.

## II.   SUMMARY STATEMENT OF FACTS

Google's motion seeks to re-open issues resolved 17 months ago after extensive discovery and motion practice. On July 13, 2021, the Court appointed a Special Master to assist the Court with technical disputes. Dkt. 246 at 1. The Parties embarked on an expensive and lengthy process, involving dozens of Special Master conferences, briefing, and hearings before the Court.

On October 14, 2021, Plaintiffs filed their initial motion for class certification, submitting evidence and expert opinion regarding Google's association of at-issue data with Google Account information and that Google's systems could be used to identify class members and their damages. Google opposed by arguing that it did not associate the at-issue data with Google Account information and that class members could not be identified. Dkt. 429 at 9, 10, 14, 24.

During—and after—briefing on the motion for class certification, the Special Master process continued and the Court conducted lengthy hearings to determine what data Google would

be ordered to preserve. In considering Google's preservation concerns, the Court instructed the Parties to be prepared to address "(1) How Plaintiffs intend to support class certification and whether the preservation plan affects that approach and, if so; (2) How the preservation plan impacts support of or challenges to liability and damages; [and] (3) What specific alternatives ameliorate any issues identified in response to the inquiries above?" Dkt. 639. Following briefing and argument, on July 15, 2022, the Court entered a preservation order. Dkt. 766.

The preservation order required Google to preserve (1) class-wide data of specifically identified fields across ███ different logs; (2) class-wide data for a small subset of highly relevant fields across █ logs; and (3) for all other identified logs, a daily sample of 10,000 events. Regarding ██████, Google was ordered to preserve snapshots for ███ GAIA ██████ columns and ██ ZWBK ██████ columns, and to identify all fields in ██████ by October 2023.[1] Dkt. 766-2. And the Court ordered that "mapping tables are to be preserved in their entirety." Dkt. 766 at 8.

Late-produced discovery contradicted Google's prior claims in ways that underscore the importance of these preserved data sources and the wisdom of the plan. For example:

- Google claimed it did not associate signed-out identifiers with Google Account information. Yet, to comply with the Court ordered preservation, Google admitted to the existence of a ███████████████ that applied worldwide to decrypt Biscotti IDs associated with Google Account IDs. Dkt. 766 at 9.

- Google's Glen Berntson told the Court, "Google does not perform any mapping of Google Analytics first-party cookie values to third-party cookies such as Biscotti." Dkt. 430-8, Berntson Decl. ¶ 39. And yet, on October 27, 2022, Google disclosed that Google maintains ███ tables that "contain mappings between Google Analytics User ID (UID) or client ID (CID) and Biscotti[.]" Dkt. 897-12, Pothana Decl. ¶¶ 5–6.

- Google claimed it does not connect the various at-issue identifiers to each other. Yet, on October 28, 2022, Google produced protos for ██████ that Plaintiffs' expert determined revealed ████████████ that are at the core of Plaintiffs' arguments regarding class certification. *See* Dkt. 909-10, Shafiq Rebuttal Declaration. Google responded at Dkt. 916-3, suggesting that their own protos might not be accurate in some circumstances.

While this dispute was pending, the district court granted Google's motion for summary judgment. However, this Court recognized that preservation obligations remained through the appeal, and ordered that preservation automatically re-start upon remand. Dkt. 1011 at 5.

---

[1] *See* Dkt. 909-10, filed November 14, 2022. Google did not produce protos for ██ ██ █████ columns, and to-date has failed cure its non-compliance. The Parties are conferring.

On March 20, 2023, on Google's motion, this Court again modified the preservation order regarding mapping tables, specifically citing the Pothana Declaration in support. Dkt. 997 at 7–8. And on April 12, 2023, again on Google's motion, this Court further modified the preservation order to suspend Google's obligations during the pendency of Plaintiffs' appeal, requiring Google to maintain preserved data at its cost and to resume preservation upon issuance of a remand order. The Order stated, "[u]pon remand Plaintiffs will have access to data preserved thus far under the Preservation Order as well as data preserved from the time of remand until trial." Dkt. 1011 at 6.

On August 20, 2024, the Ninth Circuit remanded the case for trial pending class certification. On August 26, 2024, Plaintiffs' counsel requested to confer regarding Dkt. 1011 and other matters. Weaver Decl. ¶ 4. Google declined to confer until after the mandate issued, on September 10, 2024. *Id*. The Parties finally conferred on September 18, 2024, at which time Google confirmed it would not comply with the Court's order until after class certification, and also raised the concern that access would be improper because the information would be protected by the Electronic Communications Privacy Act.[2] *Id*. ¶ 5. On September 23, 2024, Google raised yet another barrier to access, arguing in the draft CMC statement that Plaintiffs should be required to demonstrate "need" before Google should be required to comply. *Id*. ¶ 7. On September 27, 2024, Google then filed the instant motion. Dkt. 1039. The Parties met and conferred again on October 1, 2024. In that Zoom call, Plaintiffs again raised their proposed compromise. Google refused. *Id*. ¶ 8.

## III. ARGUMENT

Because Google seeks to reverse a clear ruling of the Court, Google's motion is an improper motion for reconsideration in violation of Local Rule 7-9(a) and (b). Google neither sought permission to submit a motion for reconsideration, nor showed a change in law, fact, or manifest failure to consider an argument, as Local Rule 7-9 requires.

To evade these requirements, Google reframes its motion as seeking to "clarify" that "access upon remand" means "no access until Plaintiffs demonstrate need." That's improper. "[T]he

---

[2] The Parties agree that class-wide data is protected by the ECPA. Where a court order mandates access, ECPA is no barrier. Further, the Privacy Policy states that Google "will share personal information outside of Google if [Google] ha[s] a good faith belief that disclosure of the information is reasonably necessary to … respond to any applicable legal process."

clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation. But where an order or direction of the court is clear, it follows that clarification is unnecessary." *Mohammed v. City of Morgan Hill*, 2011 WL 5085497, at *1 (N.D. Cal. Oct. 25, 2011). Here, the Order is clear: (1) Google may suspend new preservation during the appeal; (2) upon remand, Google must re-start the preservation pipeline; and (3) also upon remand, Plaintiffs will have access to the "data preserved thus far under the Preservation Order as well as data preserved from the time of remand until trial." Dkt. 1011 at 6.

Nor was the Modification Order issued on an incomplete or erroneous record. To the contrary, it was entered after a years-long Special Master process through which evidence regarding Google's backend systems and identifier associations were revealed, following the issuance of discovery sanctions, extensive briefing, multiple hearings, and the Court's thoughtful consideration of proportionality. The Court then ordered that, upon remand, Plaintiffs will have access to the data. This requires no clarification. And Google's motion begs the question of why data would be preserved if it were not in some sense going to be used in further litigation of this action. Google incorrectly suggests that the Court never considered *why* class-wide data should be preserved or its ultimate use.

The Court should deny Google's motion, and in the proposed order, Plaintiffs propose a path to negotiate a protocol for access. In the alternative, as a compromise, Plaintiffs can agree to defer access prior to class certification if Google agrees (or is ordered) not to use the lack of such access to oppose class certification. This would be consistent with the Court's prior preservation order, in which the Court held that "Google cannot use the absence of any data not subject to this preservation plan to oppose any motion by the named Plaintiffs or claims made by absent class members" (Dkt. 766 at 8), and with the district court's direction in related cases. *In re Google RTB Cons. Priv. Litig.*, 2024 WL 2242690, at *10 (N.D. Cal. Apr. 4, 2024) ("Google never produced this information and in fact objected to plaintiffs asking for it. It cannot use the tactic both as a shield and a sword."); *Brown v. Google*, 4:20-cv-03664-YGR, Dkt. 918 at 18, (Apr. 4, 2023) (as a sanction, precluding argument that there are no logs containing both authenticated and unauthenticated data).

Dated: October 3, 2024

**BLEICHMAR FONTI & AULD LLP**

By:    */s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

Gregory S. Mullens (*pro hac vice* forthcoming)
75 Virginia Road, 2nd Floor
White Plains, New York 10603
Tel.: (415) 445-4006
*gmullens@bfalaw.com*

**DiCELLO LEVITT LLP**

By:    */s/ David A. Striate*
David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*
*crhodes@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Julia Veeser (*pro hac vice* forthcoming)
Ten North Dearborn St., Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*jveeser@dicellolevitt.com*

**SIMMONS HANLY CONROY LLP**

By:    */s/ Jay Barnes*
Jason 'Jay' Barnes (admitted *pro hac vice*)
Jayne Conroy (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com
*jconroy@simmonsfirm.com*
*atruong@simmonsfirm.com*

Eric Johnson (admitted *pro hac vice*)
Jennifer 'Jenny' Paulson (admitted *pro hac vice*)
One Court Street
Alton, IL 62002
Tel.: 618-693-3104
*ejohnson@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

*Counsel for Plaintiffs*

## <u>ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)</u>

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of October, 2024, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver