```
                                         Pages 1 - 12

                      UNITED STATES DISTRICT COURT

                     NORTHERN DISTRICT OF CALIFORNIA

          Before The Honorable Yvonne Gonzalez Rogers, Judge

          PATRICK CALHOUN, et al.,    )
                                      )
                    Plaintiff,        )
                                      )
             VS.                      )        NO. 4:20-CV-05146-YGR
                                      )
          GOOGLE LLC,                 )
                                      )
                    Defendant.        )
          _____ )

                                           Oakland, California
                                           Monday, September 30, 2024

                  TRANSCRIPT OF REMOTE ZOOM PROCEEDINGS

          APPEARANCES VIA ZOOM:

          For Plaintiffs:
                              SIMMONS, HANLY, CONROY
                              231 South Bemiston Avenue, Suite #525
                              St. Louis, MO 63105
                         BY:  JAY BARNES
                              ATTORNEY AT LAW

                              SIMMONS, HANLY, CONROY
                              112 Madison Avenue, Suite 7th Floor
                              New York, NY 10016
                         BY:  JAYNE CONROY
                              ATTORNEY AT LAW

          For Defendants:
                              QUINN, EMANUEL, URQUHART AND SULLIVAN, LLP
                              191 North Upper Wacker Drive, Suite 2700
                              Chicago, IL 60606
                         BY:  ANDREW H. SCHAPIRO
                              ATTORNEY AT LAW

          (Appearances continued on Page 2.)

          REPORTED REMOTELY BY:  Stephen W. Franklin, RMR, CRR, CPE
```

```
 1   APPEARANCES VIA ZOOM (CONT.'D):

 2   For Defendants:
                             Quinn, Emanuel, Urquhart & Sullivan, LLP
 3                           865 S. Figueroa Street, 10th Floor
                             Los Angeles, CA 90017
 4                   BY:     STEPHEN A. BROOME
                             VIOLA TREBICKA
 5                           ATTORNEYS AT LAW

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1    Monday - September 30, 2024                        2:52 p.m.
2                         P R O C E E D I N G S
3                              ---o0o---
4         THE COURT:  All right.  In Calhoun versus Google, I
5    just need the lawyers who are speaking to raise their hands.  I
6    don't need everybody on the platform.
7         THE COURTROOM DEPUTY:  Good afternoon, everyone.
8      Your Honor, now calling the civil matter 20-CV-5146-YGR,
9    Calhoun et al. versus Google, LLC.  Parties please state your
10   appearances for the record starting with the plaintiff.
11        MR. BARNES:  Good afternoon, Your Honor.  Jay Barnes
12   from Simmons, Hanly, Conroy on behalf of the plaintiff.  My
13   colleague, Jayne Conroy, from Simmons, Hanly, Conroy, she's --
14   her pro hoc was just entered today.  I think she might be on
15   the call, though I don't see her.
16        THE COURT:  Well, Mr. Barnes, again, I don't need to
17   hear from everybody.  There are lots of lawyers.  Just asking
18   for appearances by anybody who's going to talk.
19        MR. BARNES:  Thank you, Your Honor.  I was speaking
20   on behalf of the plaintiffs this  afternoon.
21        THE COURT:  All right.  Anyone else?
22      Ms. Weaver, I see you.
23        MS. WEAVER:  Good afternoon, Your Honor.  Mr. Barnes
24   will be handling the argument.
25        THE COURT:  Okay.  You can turn off your video, then.
```

1  Thank you.
2       **MR. SCHAPIRO:**  Your Honor, Andy Schapiro for Google.
3  And I'll let my colleagues introduce themselves, but I think
4  they also may speak depending on what happens and what's
5  discussed today.
6       **THE COURT:**  Okay.
7       **MR. BROOME:**  Good afternoon, Your Honor.  Stephen
8  Broome from Quinn Emanuel for Google.
9       **MR. TREBICKA:**  Good afternoon.  Viola Trebicka, Quinn
10 Emanuel, for Google.
11      **THE COURT:**  Okay.  We are not going to totally redo
12 class cert. here.  If class cert. was ready before, it's ready
13 now.  So my view was I've been checking the docket to make sure
14 that I knew when I got the mandate back.  You know, you've got
15 everything.  Maybe it needs to be repackaged.  I was going to
16 give you two weeks to get it -- to go back, look at your
17 motion, make any adjustments you wanted to make and then refile
18 it.
19     Do you need more than two weeks?
20      **MR. BARNES:**  We would like a little bit more than two
21 weeks, Your Honor, if that's possible.
22      **THE COURT:**  Three?
23      **MR. BARNES:**  If we could do one month, that would be
24 very helpful for us, Your Honor.
25      **THE COURT:**  Why is that?

1     **MR. BARNES:** Because we, in discussing, we're looking
2  through a lot of evidence that came in after the close of fact
3  discovery, including issues relating to the dataflow, whether
4  it's -- class members are identifiable, the Screenwise issue,
5  30(b)(6) depositions, and we are getting those together to put
6  them together in a way that would be more efficient for the
7  Court to review the motion.
8     **THE COURT:** Okay.  October 30th.  That's for motion
9  and opening reports.  Again, well, I can give you 30 days,
10 Mr. Schapiro.  So October 30, that would be -- well, 28 days
11 would be the 27th.  I don't think anybody should have to work
12 over the Thanksgiving holiday.
13    **MR. SCHAPIRO:** Thank you, Your Honor.
14    **THE COURT:** Rather than the 29th, I'll give you 'til
15 December 4th.
16    **MR. SCHAPIRO:** Thank you, Your Honor.
17    And a moment ago, when you were speaking to Mr. Barnes,
18 you said something about opening reports, and I wanted to
19 understand what that's about.  We oppose any new expert
20 reports.  There were 15 expert reports, counting rebuttals,
21 already submitted in this case.
22    **THE COURT:** I am not going to -- I am not reopening
23 expert discovery, so, but I will not go and search through the
24 docket for the reports that were previously filed to support
25 class certification.  So those reports cannot be changed.  We

1  are not doing a redo here.
2       You can refile the reports.  If there is something that
3  you're not relying on anymore because of how things have
4  changed, you can use a strike-out function, and you can redact
5  it using the strike-out function.  You cannot -- understand:
6  No new reports.  Understood, Mr. Barnes?
7           **MR. BARNES:**  Your Honor, I have one question of
8  clarification about reports that are already on the docket.
9  For example, Docket 909-10 and testimony from the motion for
10 summary judgment hearing that we believe are relevant to
11 Google's defenses to class certification that did not come in
12 until after the close of fact discovery, and those are the
13 types of things that we think would be helpful for the Court.
14          **THE COURT:**  If you've -- if it's been on the docket,
15 you can use it.  You cannot use something that is new.
16 Understand?
17          **MR. BARNES:**  Understood.
18          **THE COURT:**  So the universe is on the docket.  You
19 can take that and you can strike portions out.  The universe
20 does not get any bigger, it only gets smaller.  But I will not
21 go back.  And, I mean, you know, I don't even know what the
22 docket number is right now, but you just mentioned 909.  I am
23 not going to do that.  All sealing orders remain in effect.
24 Okay?  So don't make me redo that either.
25      All right.  So 30 days for an opposition or reply,

1  December 20th.  And then you're going to leave me alone.  I am
2  not working the last 10 days of the year.  I've been in trial a
3  lot this year.  I'm not doing it.  Do not be filing things on
4  my docket.  Do not be asking my law clerks to contact me
5  because you filed something.  Okay?  Go take a break yourself.
6  Take vacation.  After the 20th, we are done.  Understood?
7         **MR. SCHAPIRO:**  Yes, Your Honor.
8         **MR. BARNES:**  Yes, Your Honor.
9         **THE COURT:**  All right.  Then I'll set you on the
10 calendar for argument February 4th.
11        **MR. BARNES:**  Your Honor?
12        **THE COURT:**  I'm sorry, who was talking?
13        **MR. BARNES:**  I did.  I did, Your Honor.
14    There are certain things that happened while the case was
15 on appeal that are relevant to the (b)(2) portion of the
16 motion.  And the question I have for Your Honor -- I want to
17 give two specific examples -- is what to do with that evidence,
18 because it changes the nature of (b)(2) relief.
19    There's a second related issue on Screenwise on our
20 existing motion.  The evidence is not consistent with what we
21 got later in a 30(b)(6) deposition.  Your Honor found the
22 Screenwise model sufficient in the *Brown* case, and what we'd
23 like to be able to do is at least make some sort of record
24 about the additional evidence in the record.  And if Your Honor
25 turns that down, we understand, but there is additional things

1  in the record that refute certain defenses Google made that we
2  feel would be prejudiced if not -- if we don't at least ask the
3  Court for permission to file.
4          **THE COURT:** Okay.  I don't understand what you're --
5  frankly, I don't understand what you're asking for.  I'm not
6  telling you that you have to refile the class cert. motion, so
7  I don't understand what your question is.
8          **MR. BARNES:** Understood.
9     What I am saying is there are certain group defenses that
10 Google raised that subsequent discovery, we believe,
11 contradicts the defenses they raise.
12         **THE COURT:** Okay.  So then you're going to -- okay.
13 So what?  So they're going to raise -- you don't even know if
14 they're going to raise them again, do you?
15         **MR. BARNES:** I suspect they will, because they raised
16 it in response to the Docket 909-10, and I can give you
17 specific examples.
18         **THE COURT:** Mr. Barnes, you're going to bring a
19 motion, right?
20         **MR. BARNES:** We are going to bring a motion.
21         **THE COURT:** Okay.  And then Mr. Schapiro's going to
22 file an opposition.
23         **MR. BARNES:** Correct, Your Honor.
24         **THE COURT:** And he may be bringing in issues that you
25 are alluding to, at which point I suspect you're going to

1  reply.
2  **MR. BARNES:** Yes, Your Honor.
3  What I am asking for is evidence that is not in an expert
4  report that is a document produced that we believe to be highly
5  relevant to a defense that they raised, may we -- the document
6  produced may not be on the docket itself, and I am asking the
7  question about those documents, as, for example, a 30(b)(6) --
8  in addition to that, the 30(b)(6) deposition that is clearly
9  evidence taken in the case that could be directly relevant to a
10 defense.
11 We feel we would be prejudiced if we're not able to get
12 those documents and testimony into evidence, even if we're not
13 able to do it in connection with an expert report.
14 **THE COURT:** Well, I didn't say that you couldn't.
15 **MR. BARNES:** Okay. That's the clarification I was
16 seeking. Thank you, Your Honor.
17 **THE COURT:** I mean, what I said is you can't -- you
18 cannot have new expert reports, but I understand a lot of water
19 has passed under this bridge.
20 **MR. BARNES:** Thank you, Your Honor. That's the
21 clarification I was seeking with my question.
22 **MR. BROOME:** Your Honor, I just, I think one -- the
23 issue that I think Mr. Barnes is trying to raise is that there
24 is an expert report attached to a motion to supplement or a
25 motion for a surreply in connection with a summary judgment

1  motion, and I believe Mr. Barnes is asking if that can be part
2  of the class certification record, and I think that goes --
3  that that would be adding new evidence and frankly new
4  arguments to a class cert. argument.
5       **THE COURT:** What I am not going to do is have you
6  reopen discovery, if you've had it, Mr. Broome, you know it,
7  you've analyzed it, you've seen it.
8       **MR. BROOME:** But that's the thing, Your Honor, is
9  that with respect to that report, I think that came much later,
10 and we did -- he hasn't been deposed on that report, because
11 that wasn't submitted in connection with class certification.
12 And I believe Your Honor denied that motion to supplement that
13 --
14      **THE COURT:** Well, I also threw out the case, and that
15 obviously was wrong according to the Ninth Circuit. So, so
16 what, right? So I'll look at all of this fresh again.
17      **MR. BROOME:** Yeah, which is fine. I think that's our
18 position is we'd like to rest on the class certification
19 essentially as it stands today.
20      **THE COURT:** That's too bad. Denied. It's -- they're
21 going to get to refile it. A lot has happened since they filed
22 that motion. What we aren't going to do is reopen everything.
23      **MR. BROOME:** Okay.
24      **THE COURT:** They wanted to file -- they didn't want
25 to file until November 22nd. That's not okay. We aren't going

1  to reopen everything, but if it's out there already, then it's
2  fair game.
3       Now, I could force Mr. Barnes to outline his motion for
4  me, and then we could have a real discussion, but I don't have
5  your case memorized.  If you want him to outline it, you're
6  gonna have to outline your opposition, and then we can have a
7  discussion.  Otherwise, we're moving forward.
8            **MR. BROOME:**  I think we're ready to move forward,
9  Your Honor.
10           **MR. SCHAPIRO:**  Yes, Your Honor.
11           **MR. BROOME:**  Sorry.
12      Go ahead, Andy.
13           **MR. SCHAPIRO:**  Sure.
14      And, Your Honor, you initially responded to Mr. Barnes
15  saying you don't really understand what he was saying.  I'm not
16  sure I fully do either, but we will see.  And we will do
17  everything we can to make sure that we don't have to come back
18  to you and with us saying, oh, wait a minute, they're reopening
19  and them saying, no, we're not reopening, we're just
20  supplementing, and we certainly won't bother you over the
21  holidays.
22      I suppose there's a chance that these plaintiffs will say
23  that the door -- you know, that the door's been left opened for
24  them to do something which we believe is going beyond what the
25  Court has indicated here, but I don't think we --

```
1          THE COURT:  Well, we'll know that by October 30th.
2          MR. SCHAPIRO:  Exactly.
3          THE COURT:  Right?  We'll know it by October 30th.
4          MR. SCHAPIRO:  Yeah, I think it's easier to argue
5    about when it's concrete and not abstract.
6          THE COURT:  I'm not really going anywhere, so you can
7    find me if you need me.  Okay?  That's step one.  I'll see you
8    in the new year.  Anything else?
9          MR. BROOME:  No, Your Honor.
10         THE COURT:  Okay.  Happy Holidays.
11      (Proceedings concluded at 3:09 p.m.)
12                         * * * * *
13                         ---o0o---
14                  CERTIFICATE OF REPORTER
15         I certify that the foregoing is a correct transcript
16   from the record of proceedings in the above-entitled matter.
17   DATE:  Thursday, October 10, 2024
18
19
20   _____
21   Stephen W. Franklin, RMR, CRR, CPE
     Official Reporter, U.S. District Court
22
23
24
25
```