UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CALHOUN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 20-cv-05146-YGR   (SVK)<br><br>**ORDER RE CLARIFICATION OF ORDER RE RELIEF FROM PRESERVATION ORDER**<br><br>RE: DKT. NOS. 1039, 1046 |

Before the Court is Google's administrative motion (Dkt. 1039) seeking clarification of this Court's Order on Google's Motion for Relief from Preservation Order (Dkt. 1011). Plaintiffs oppose Google's request for clarification. Dkt. 1045. Google also seeks leave to file a reply brief. Dkt. 1046. The Court has reviewed the Parties' submissions, the relevant, lengthy litigation history and the relevant law and determines this matter may be resolved without further briefing or oral argument.[1]

After years of hard work by the Parties, a Special Master and the Court, the Court issued a comprehensive preservation order setting forth Google's obligations to preserve data during the pendency of this action. Dkt. 766 ("Preservation Order").[2] Following a grant of summary judgment against Plaintiffs and appeal of that order to the Ninth Circuit, the Court issued an order suspending Google's preservation obligations during the pendency of the appeal. Dkt. 1011 ("Suspension Order"). The case has now been remanded, and Google's preservation obligations have resumed. *Id*. The Parties dispute the scope of the Suspension Order in just one respect: whether it grants Plaintiffs immediate production of all of the data preserved to date. Dkt. 1039 at 3; Dkt. 1045 at 1.

////

---

[1] Accordingly, Google's request to file a reply brief is DENIED.
[2] The Court subsequently modified the Preservation Order as to certain tables. Dkt. 997.

The Suspension Order provides in relevant part:

> For the reasons set forth above, the Court **ORDERS** as follows:
>
> 1. The "Effective Date" of this Order is 14 days after the date the Order issues.
>
> 2. On the Effective Date of this Order, Google may **SUSPEND** the Preservation Orders in this case until such time as this case is remanded to the District Court for further proceedings. Upon such an order of remand, Google is to immediately re-instate the preservation protocols and pipelines as they currently exist.
>
> 3. All data preserved thus far is to be maintained, at Google's expense.
>
> 4. Upon remand Plaintiffs will have access to data preserved thus far under the Preservation Order as well as data preserved from the time of remand until trial. Google is not required to preserve data in the interim, from the Effective Date of this Order to the date of remand.
>
> 5. This Order does not suspend or modify any of Google's preservation duties or requirements in any other litigation or proceedings, including but not limited to *Brown v. Google*, 20-cv-3664-YGR.

Dkt. 1011 at 5-6. The specific language in dispute is provision no. 4, "Upon remand Plaintiffs will have access to data preserved thus far under the Preservation Order as well as data preserved from the time of remand until trial." *Id.* at 6.

The Court agrees with Google's reading of the disputed provision. The Court's intention, and the reasonable reading of provision 4, is that it reflects the result of the preceding provisions 2 and 3: as a result of Google resuming preservation obligations following remand (provision no. 2) and continuing to maintain data preserved as of the date of the Suspension Order (provision no. 3), Plaintiffs will have access to the aforementioned data. The Suspension Order was not intended to address production of the data, as the only issue before the Court at the time was the impact of the summary judgment order and subsequent appeal on the Preservation Order. Accordingly, Plaintiffs' reliance on provision 4 as grounds for immediate production of data is misplaced, and to the extent Plaintiffs' opposition is a request for immediate access, it is denied.

Google raises two additional arguments regarding production of the preserved data, which the Court addresses in brief. First, Google argues that production of data should await a decision on class certification to ascertain the scope of the class and claims at issue. Dkt. 1039 at 3. On

this limited point, the Court agrees:  class size and class claims may have a practical impact the scope of production of the preserved data.  However, the Court does not adopt Google's broad suggestion that the Plaintiffs have a "burden to demonstrate a compelling need for specific data and, if meet and confer efforts fail, to move the Court for access." Dkt. 1039 at 3.  A fundamental underpinning of the Preservation Order is that it captures only relevant data, as identified in the approximately 130 pages of technical support that accompanies the Preservation Order.  Dkt. 766 ("In achieving this balance, it is inevitable that not all relevant data will be preserved and that the preservation of selected relevant data will burdensome.  Such is the nature of balance." *Id*. at 6; *see also id. at* pp. 2, 5, 9, 11.)  Similarly, the extensive burden on Google to collect and preserve the data, all for the obvious purpose of producing the data when needed, has been addressed. *See, e.g.*, *id.* at pp. 5, 6, 8, 10.  Accordingly, the Court will look to the scope of the Preservation Order in determining any scope of production issues that may be raised in the future.[3]

Finally, Plaintiffs also raise a further point in the form of a proposed compromise wherein they forgo immediate production of preserved data and Google stipulates to various issues relating to ascertainability of the class.  Dkt. 1045 at 2.  This Court leaves the issue of ascertainability to the Presiding Judge, the Hon. Yvonne Gonzalez Rogers, before whom class certification briefing is underway.[4]

**SO ORDERED.**

Dated: November 1, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

---

[3] The Court reminds the Parties of their robust meet and confer obligations before bringing any discovery dispute, including disputes regarding production, to the Court.  Should the Parties demonstrate an inability to constructively address technical issues of production, the Court will not hesitate to return the Parties to the Special Master as necessary.

[4] The Court notes that in their opening brief for class certification, Plaintiffs argue that ascertainability is not an element for class certification in this Circuit and that class members are ascertainable from the preserved data, citing to the Preservation Order. Dkt. 1062 at 7-8.   It does not appear from this position that Plaintiffs need immediate access to the preserved data.