**BLEICHMAR FONTI & AULD LLP**
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DiCELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
Teuta Fani (admitted *pro hac vice*)
*teutafani@quinnemanuel.com*
Joseph H. Margolies (admitted *pro hac vice*)
*josephmargolies@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
*stephenbroome@quinnemanuel.com*
Viola Trebicka (CA Bar No. 269526)
*violatrebicka@quinnemanuel.com*
865 S. Figueroa Street, 10th Floor
Crystal Nix-Hines (CA Bar No. 326971)
*crystalnixhines@quinnemanuel.com*
Alyssa G. Olson (CA Bar No. 305705)
*alyolson@quinnemanuel.com*
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Counsel for Defendant; additional counsel listed in signature blocks below*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

| | |
|---|---|
| PATRICK CALHOUN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**JOINT STATEMENT REGARDING CASE SCHEDULE; PROPOSED ORDER**<br><br>Hon. Yvonne Gonzalez Rogers |

## 1. JOINT STATEMENT

On June 9, 2025, the Court denied Plaintiffs' Motion for Class Certification and ordered the parties to meet and confer and to submit a joint scheduling proposal for the remainder of this action. *See* District Court Dkt. No. 1105. On June 17, 2025, the parties initiated their discussions via email which continued through June 20, 2025. On June 23, 2025, the parties also met via video conference to discuss their positions further, followed by additional email correspondence.

In parallel, on June 23, 2025, the Plaintiffs filed in the Ninth Circuit a Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f), assigned Case No. 25-3916. The status of the Ninth Circuit docket is as follows:

1. Plaintiffs filed a motion to seal the petition (Ninth Cir. Dkt. No. 5), which Google does not oppose. The Ninth Circuit has not yet formally ruled on the motion to seal, but docketed the redacted petition on June 26, 2025 at Ninth Cir. Dkt. No. 8.

2. In addition, on June 24, 2025, Plaintiffs also filed a Motion to Qualify Petition as a Comeback Case and Assign to Prior Panel pursuant to Ninth Circuit General Orders 1.12 and 3.6. *See* Ninth Cir. Dkt. No. 4. Google filed its response on June 26, 2025 (Ninth Cir. Dkt. No. 9) and Plaintiffs filed their reply the next day on June 27, 2025 (Ninth Cir. Dkt. No. 10). The motion remains pending.

As noted below in each side's position statements, fact discovery has closed, and the next step is expert discovery. The parties have been able to agree generally on the pacing of expert discovery, commencing with the exchange of opening merits expert reports, through and including any *Daubert* or summary judgment motions. The major disagreement is the starting point for the exchange of expert reports.

## 2. PLAINTIFFS' POSITION AND RESPONSE TO GOOGLE'S POSITION

Plaintiffs propose that opening expert reports be exchanged 45 days after a final ruling on Plaintiffs' Rule 23(f) petition (triggered by a denial of the Petition, or final panel ruling if 23(f) were granted). Google, in contrast, prefers a date certain, regardless of whether the Rule 23(f) petition were still pending. Plaintiffs believe it is far more efficient (for the Court, and the parties) to await the Ninth Circuit's ruling before re-starting expert discovery for three reasons:

*First*, in the parties' Joint Case Management Statement dated September 23, 2024, when the class certification motion was pending before the District Court, Google asked for (and obtained) a stay of expert discovery: "the pendency of Plaintiffs' motion for class certification and related *Daubert* briefing is likely to affect the scope of merits expert discovery by providing clarity as to the issues to be explored during that stage of the litigation and as such, may potentially minimize the need for supplemental merits expert reports and depositions that might be necessary if the parties were to proceed with expert discovery while the motions remain under submission." District Court Dkt. No. 1034, at 14. Google's logic remains equally compelling during the 23(f) review. It is difficult to imagine any expert report (and related depositions and rebuttal reports) not impacted by the question of whether plaintiffs are proceeding individually or on behalf of a class – whether it be technical expert reports, privacy expert reports or damages expert reports. In contrast, continuing the stay while awaiting word on the 23(f) petition would cause no burdens.[1]

*Second*, this Court's ruling on Class Certification (with respect to Rules 23(b)(3) and 23(c)(4)) was based on Google's affirmative defense of implied consent. Irrespective of whether and how that defense impacts *class certification*, Plaintiffs seek review of the foundational application of the defense even in *individual* claims: a) whether the defense involves a subjective or objective inquiry; b) whether the defense is even available in a contract action under California law; and c) whether Google's proffered disclosures are legally sufficient even if the defense were cognizable. Thus even leaving aside whether Plaintiffs' claims eventually proceed individually or in a representative capacity, it would be far more efficient to await the Ninth Circuit's decision on the 23(f) petition before exchanging opening expert reports.

*Third*, the parties' various motions to seal the evidentiary record related to the class

---

[1] During the meet and confer process, Google in fact offered to stay expert discovery pending the 23(f) petition process, but on condition that Plaintiffs agree to dismiss all claims with prejudice if the petition were denied. Such option is foreclosed by *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017) (final judgment rule), but Google's willingness to offer a short stay of expert discovery supports Plaintiffs' position.

certification motion (including hundreds of exhibits) remain pending. *See* District Court Dkt. No. 1105, at 13. The protective order governing the exchange of confidential discovery material has disclosure procedures in the event either side wished to retain a new expert and share the protected material, and it could enhance efficiency to give the District Court additional time to rule on the outstanding motions to seal prior to the deadline for exchanging merits expert reports.

In light of the efficiencies discussed above, Plaintiffs propose the following schedule for expert discovery, which follows the schedule proposed the parties' most recent Joint CMC Statement (except triggered by a ruling from the Ninth Circuit); in the alternative, Plaintiffs request that the dates below be triggered to the date of entry of the proposed order at the end of this Joint Statement:

| EVENT | PROPOSED DEADLINE |
| --- | --- |
| Opening Expert Reports | 45 days after the Ninth Circuit resolves Plaintiffs' Rule 23(f) Petition (or issues an order on class certification if the Petition is granted) |
| Rebuttal Expert Reports | 60 days after exchange of opening reports |
| Close of Expert Discovery | 45 days after exchange of rebuttal reports |
| Rule 56 Motions; *Daubert* Motions | **Motion:** 55 days after close of expert discovery<br>**Opp'n:** 45 days after opening briefs<br>**Reply:** 30 days after oppositions |

3.  **GOOGLE'S POSITION AND RESPONSE TO PLAINTIFFS' POSITION**

Plaintiffs propose to trigger the rest of the case schedule off of the resolution of their Rule 23(f) petition for leave to appeal the Court's class certification ruling. Plaintiffs' proposal is in effect a stay while the Ninth Circuit considers whether or not Plaintiffs have permission to appeal this Court's Order. In order to obtain a stay pending the *petition*, Plaintiffs would have to seek one from the Ninth Circuit or this Court, which they have not done. And there is no basis for a stay. Rule 23(f) provides that, even if a petition to appeal an adverse class certification ruling is *granted*, "[a]n *appeal* does not stay proceedings in the district court unless the district judge or the court of

appeals so orders." Fed. R. Civ. P. 23(f) (emphasis added). Thus, even if the Ninth Circuit were to grant the petition, there is no automatic stay. Instead, if the petition is granted, Plaintiffs will have to make a showing that a stay is necessary. Courts consider the following *Nken* factors in deciding whether to grant a stay pending an appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See People by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025).

Plaintiffs' arguments for a stay pending the petition are meritless. *First*, Plaintiffs assert that "when the class certification motion was pending before the District Court, Google asked for (and obtained) a stay of expert discovery." In fact, *both* parties asked for a stay of merits expert discovery pending the Court's class certification ruling. Dkt. 1034 at 10 ("Plaintiffs agree with Google that merits expert discovery should be determined after ruling on class certification."). In the Joint Case Management report that Plaintiffs cite, they proposed that opening merits expert reports be filed "35 days after the Court issues an order on class certification and *Daubert* motions." Apparently, they meant this proposal to apply only if they *prevailed* in certifying a class, but not if class certification was denied. Regardless, the parties agreed to stay merits expert discovery pending the Court's class certification ruling. Here, they do not. There is no sense indefinitely delaying further proceedings while Plaintiffs pursue extraordinary relief that the Ninth Circuit denied in the related *Brown* case in virtually identical circumstances. *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005) ("petitions for Rule 23(f) review should be granted sparingly").

*Second*, Plaintiffs contend that their Rule 23(f) petition does not merely seek review of the Court's class certification decision, but also of "the foundational application of [Google's implied consent] defense even in *individual* claims." (Emphasis in original.) Rule 23(f) does not permit such appeals—it is expressly limited to review of "an order granting or denying class-action certification under this rule." If Plaintiffs seek this interlocutory review, it will be swiftly denied.

*Third*, Plaintiffs argue that merits discovery should be stayed to "give the District Court

additional time to rule on the outstanding motions to seal." This is not a basis for a stay. There is nothing in the Protective Order or elsewhere that prevents the parties from exchanging merits expert discovery while the Court rules on sealing.

Google offered Plaintiffs an alternative scheduling proposal. First, Google explained its position that the parties would benefit from certainty in case deadlines, and proposed agreeing to specific dates, rather than a trigger off of event outside of the parties' control. Then, in their Rule 23(f) petition, Plaintiffs stated that "it will indisputably signal the death knell of the litigation if an appeal [of the Court's class certification decision] is not permitted." Ninth Cir. Dkt. No. 1 at 11. Google therefore proposed that it would agree to stay the case pending resolution of Plaintiffs' Rule 23(f) petition—and their appeal of the class cert order if the petition were granted—if Plaintiffs agreed that they would promptly dismiss their claims with prejudice should the petition be denied or the court's denial be affirmed. Plaintiffs rejected Google's proposal, indicating that this case is likely to move forward to summary judgment or trial regardless of the outcome of Plaintiffs' petition.

Accordingly, since the case will be proceeding either way, Google proposes the following schedule, which gives the Ninth Circuit approximately three months to rule on Plaintiffs' petition before opening expert reports are due:

| Event | Proposed Deadline |
|---|---|
| Opening Expert Reports | October 10, 2025 |
| Rebuttal Expert Reports | December 9, 2025 (60 days after exchange of opening reports) |
| Close of Expert Discovery | January 23, 2026 (45 days after exchange of rebuttal reports) |
| Rule 56 Motions; *Daubert* Motions | **Motion:** March 19, 2026 (55 days after close of expert discovery)<br>**Opp'n:** May 4, 2026 (45 days after opening briefs)<br>**Reply:** June 3, 2026 (30 days after oppositions) |

Dated: June 30, 2025

| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| By:   */s/ Lesley E. Weaver* <br> Lesley E. Weaver (SBN 191305) <br> Anne K. Davis (SBN 267909) <br> Joshua D. Samra (SBN 313050) <br> 1330 Broadway, Suite 630 <br> Oakland, CA 94612 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> *lweaver@bfalaw.com* <br> *adavis@bfalaw.com* <br> *jsamra@bfalaw.com* | By:   */s/ Andrew H. Schapiro* <br> Andrew H. Schapiro (admitted *pro hac vice*) <br> andrewschapiro@quinnemanuel.com <br> Teuta Fani (admitted *pro hac vice*) <br> teutafani@quinnemanuel.com <br> Joseph H. Margolies (admitted *pro hac vice*) <br> josephmargolies@quinnemanuel.com <br> 191 N. Wacker Drive, Suite 2700 <br> Chicago, IL 60606 <br> Telephone: (312) 705-7400 <br> Facsimile: (312) 705-7401 |
| Gregory S. Mullens (*pro hac vice* forthcoming) <br> 75 Virginia Road, 2nd Floor <br> White Plains, New York 10603 <br> Tel.: (415) 445-4006 <br> *gmullens@bfalaw.com* | Stephen A. Broome (CA Bar No. 314605) <br> stephenbroome@quinnemanuel.com <br> Viola Trebicka (CA Bar No. 269526) <br> violatrebicka@quinnemanuel.com <br> Crystal Nix-Hines (CA Bar No. 326971) <br> crystalnixhines@quinnemanuel.com <br> Alyssa G. Olson (CA Bar No. 305705) <br> alyolson@quinnemanuel.com <br> 865 S. Figueroa Street, 10th Floor <br> Los Angeles, CA 90017 <br> Telephone: (213) 443-3000 <br> Facsimile: (213) 443-3100 |
| **DiCELLO LEVITT LLP** | |
| By:   */s/ David A. Straite* <br> David A. Straite (admitted *pro hac vice*) <br> Corban Rhodes (admitted *pro hac vice*) <br> 485 Lexington Avenue, Suite 1001 <br> New York, NY 10017 <br> Tel.: (646) 933-1000 <br> *dstraite@dicellolevitt.com* <br> *crhodes@dicellolevitt.com* | Xi ("Tracy") Gao (CA Bar No. 326266) <br> tracygao@quinnemanuel.com <br> Carl Spilly (admitted *pro hac vice*) <br> carlspilly@quinnemanuel.com <br> 1300 I Street NW, Suite 900 <br> Washington D.C., 20005 <br> Telephone: (202) 538-8000 <br> Facsimile: (202) 538-8100 |
| Amy E. Keller (admitted *pro hac vice*) <br> Adam Prom (admitted *pro hac vice*) <br> Julia Veeser (admitted *pro hac vice*) <br> Ten North Dearborn St., Sixth Floor <br> Chicago, IL 60602 <br> Tel.: (312) 214-7900 <br> *akeller@dicellolevitt.com* <br> *aprom@dicellolevitt.com* <br> *jveeser@dicellolevitt.com* | Brett Watkins (admitted *pro hac vice*) <br> brettwatkins@quinnemanuel.com <br> 700 Louisiana St., Suite 3900 <br> Houston, TX 77002 <br> Telephone: (713) 221-7000 <br> Facsimile: (713) 221-7100 |
| **SIMMONS HANLY CONROY LLP** | |
| By:   */s/ Jay Barnes* <br> Jason 'Jay' Barnes (admitted *pro hac vice*) | |

| | |
|---|---|
| An Truong (admitted *pro hac vice*)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>Fax: (212) 213-5949<br>*jaybarnes@simmonsfirm.com*<br>*atruong@simmonsfirm.com* | *Counsel for Defendant* |

Eric Johnson (admitted *pro hac vice*)
Jennifer 'Jenny' Paulson (admitted *pro hac vice*)
One Court Street
Alton, IL 62002
Tel.: 618-693-3104
*ejohnson@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

*Counsel for Plaintiffs*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, David A. Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of June, 2025, at New York, New York.

*/s/ David A. Straite*
David A. Straite

# [PROPOSED] ORDER

Pursuant to the Parties' Joint Statement dated June 30, 2025, the Court ENTERS the following Case Management Schedule:

| Event | Deadline |
|---|---|
| Opening Expert Reports | Plaintiffs' Proposal: 45 days after the Ninth Circuit resolves Plaintiffs' Rule 23(f) Petition (or issues an order on class certification if the Petition is granted)<br><br>Google's Proposal: October 10, 2025 |
| Rebuttal Expert Reports | Plaintiffs' Proposal: 60 days after exchange of opening reports<br><br>Google's Proposal: December 9, 2025 |
| Close of Expert Discovery | Plaintiffs' Proposal: 45 days after exchange of rebuttal reports<br><br>Google's Proposal: January 23, 2026 |
| Rule 56 Motions; *Daubert* Motions | Plaintiffs' Proposal:<br><br>**Motion:** 55 days after close of expert discovery<br>**Opp'n:** 45 days after opening briefs<br>**Reply:** 30 days after oppositions<br><br>Google's Proposal:<br><br>**Motion:** March 19, 2026<br>**Opp'n:** May 4, 2026<br>**Reply:** June 3, 2026 |

**IT IS SO ORDERED.**

Date: _____

_____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge