UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PATRICK CALHOUN, ET AL., | Case No. 4:20-cv-05146-YGR |
|---|---|
| Plaintiffs, | **ORDER DENYING MOTION FOR INTERLOCUTORY REVIEW** |
| v. | |
| GOOGLE LLC, | Re: Dkt. No.: 1111 |
| Defendant. | |

Plaintiffs seek an order certifying for interlocutory review the June 9, 2025 order denying plaintiffs' motion for class certification.[1] Plaintiffs aver that five key legal questions are appropriate for interlocutory review because they are controlling questions of law and substantial grounds for differences of opinion exist as to each. Specifically, plaintiffs seek to certify:

- Whether "implied consent" is a cognizable defense to plaintiffs' claim for breach of express contract under California law.
- Whether the Ninth Circuit's "reasonable person" standard governing consent in a breach of contract case is an objective inquiry rather than an individualized inquiry as the District Court held.
- Whether the District Court was correct as a matter of law to presume that class members might have been exposed to disclosures contradicting Google's express promises without an evidentiary showing that such disclosures exist.
- Whether the District Court may take judicial notice of Google's deprecation of the Chrome Privacy Notice but simultaneously deny a request for judicial notice of the

---

[1] The Court has reviewed the papers and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

        Privacy in Chrome pages that replaced the Chrome Privacy Notice.

- Whether the District Court may, on class certification, resolve disputed merits questions regarding Google's continuing liability to existing Accountholders under the Chrome Privacy Notice in effect when they accepted the Terms of Service and deny Rule 23(b)(2) certification on the basis of that merits resolution.

Under 28 U.S.C. Section 1292(b), a federal district court may certify a non-dispositive order for interlocutory review where: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Satisfaction of all three elements is required. *C.W. v. Epic Games, Inc.*, 2020 WL 6064422, at *1-*2 (N.D. Cal. Oct. 14, 2020). The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted. *Id.*

Important here, garden-variety issues of correct application of the law to the facts do not meet the first two prongs. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.") As this Court has observed, interlocutory appeal is "reserved for situations in which the appellate court can rule on a purely legal question without having to delve into or resolve issues involving the factual record." *C.W.*, 2020 WL 6064422, at *1; *see also City of San Jose v. Monsanto Co.*, No. 5:15-CV-03178-EJD, 2017 WL 6039670, at *1 (N.D. Cal. Dec. 6, 2017) ("If the Cities disagree with the Court's application of the law to the facts, the proper vehicle is a motion for reconsideration, not an interlocutory appeal.")

In this case, it is well-settled authority that a district court's class certification analysis "[f]requently . . . will entail some overlap with the merits of the plaintiff's underlying claim," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), and that in the instant case, "consent is a valid legal defense to Plaintiffs' claims," *Calhoun v. Google LLC*, 113 F.4th 1141, 1145 (9th Cir. 2024). The Court therefore finds that plaintiffs at most disagree with this Court's application of the law to the facts, but fail to show they have met the high bar for certification of the proffered questions for immediate interlocutory appeal.

2

Finally, as a purely practical matter, the Court agrees with Google that the motion is unnecessary where the Ninth Circuit is currently considering plaintiffs' Rule 23(f) petition covering much of the same ground.

> If the Ninth Circuit grants the petition, it will hear Plaintiffs' appeal on the merits. If it denies the petition, there is no reason to expect a different result under Section 1292(b)—which has stricter criteria than Rule 23(f) and still requires the Ninth Circuit to exercise its discretion to accept the appeal if the district court certifies a question. Where the Ninth Circuit is already considering whether to accept an appeal of the same decision, this duplicative motion is a waste of the parties' and the Court's resources.

(Dkt. No. 1119 at 4.)[2] Thus, keeping in mind that interlocutory appeals require plaintiffs to meet a "heavy burden to show that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment," the Court does not find interlocutory appeal warranted. *See Senne v. Kansas City Royal Baseball Corp.*, 2017 WL 5973487, at *2 (N.D. Cal. 2017 (internal citation omitted).

Accordingly, the motion is **DENIED**.

This terminates docket number 1111.

**IT IS SO ORDERED.**

Dated:   August 13, 2025

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiffs reply that the instant motion is not duplicative of the pending 23(f) petition because it "seeks resolution of five legal questions that will shape expert discovery and trial irrespective of whether a class is certified" and "if Plaintiffs are successful in the court of appeals, that would not just require a re-trial – it would require a wholesale restart of expert discovery." (Dkt. No. 1122 at 1.) The argument does not persuade. First, even if true, the Court is still unconvinced there exist substantial grounds for differences of opinion on the questions raised. Second, as Google notes in opposition, for at least most of the questions raised, the Court is unconvinced victory on appeal would drastically alter the scope of discovery. The order which plaintiffs seek to appeal was a class certification order decided largely on predominance grounds. This means discovery still proceeds on the very same claims and defenses implicated by the questions raised. Plaintiffs therefore, in continuing to pursue this litigation on an individual basis, must still conduct discovery on these very questions regardless.