Pages 1 - 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Yvonne Rodriguez Gonzalez, Judge

```
PATRICK CALHOUN, et al.,          )
                                  )
            Plaintiffs,           )
                                  )
    VS.                           )      NO. 4:20-CV-05146-YGR
                                  )
GOOGLE, LLC,                      )
                                  )
            Defendant.            )
_____  )
```

Oakland, California
Monday, July 14, 2025

**TRANSCRIPT OF REMOTE ZOOM PROCEEDINGS**

**APPEARANCES VIA ZOOM:**

For Plaintiffs:
> SIMMONS HANLY CONROY
> 112 Madison Avenue, Suite 7th Floor
> New York, NY 10016
> **BY:  JAY BARNES**
> **ATTORNEY AT LAW**
>
> DICELLO LEVITT, LLP
> 485 Lexington Avenue, Suite 1001
> New York, NY 10017
> **BY:  DAVID A. STRAITE**
> **ATTORNEY AT LAW**
>
> BLEICHMAR, FONTI & AULD, LLP
> 1330 Broadway, Suite 630
> Oakland, CA 94612
> **BY:  LESLEY E. WEAVER**
> **ATTORNEY AT LAW**

(Appearances continued on following page.)

REPORTED REMOTELY BY:  Stephen W. Franklin, RMR, CRR, CPE
                       Official United States Reporter

**APPEARANCES VIA ZOOM (CONT.'D):**

For Defendants:

                QUINN, EMANUEL, URQUHART AND SULLIVAN, LLP
                191 North Upper Wacker Drive, Suite 2700
                Chicago, IL 60606
      BY:  **ANDREW H. SCHAPIRO**
           **ATTORNEY AT LAW**

                QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
                865 South Figueroa Street, 10th Floor
                Los Angeles, CA 90017
      BY:  **STEPHEN A. BROOME**
           **VIOLA TREBICKA**
           **ATTORNEYS AT LAW**

| | |
|---|---|
| 1 | **<u>Monday - July 14, 2025</u>**                          **<u>1:29 p.m.</u>** |
| 2 | <u>P R O C E E D I N G S</u> |
| 3 | ---o0o--- |
| 4 | **THE COURTROOM DEPUTY:**  Your Honor, now calling the |
| 5 | civil matter 20-CV-5146-YGR, Calhoun, et al. versus Google, |
| 6 | LLC.  Parties, please state your appearances for the record |
| 7 | starting with the plaintiff. |
| 8 | **MR. BARNES:**  Good morning, Your Honor.  Jay Barnes, |
| 9 | Simmons Hanly Conroy, on behalf of the plaintiffs. |
| 10 | **MR. STRAITE:**  Your Honor, David Straite for the |
| 11 | plaintiffs. |
| 12 | **MS. WEAVER:**  Good morning, Your Honor.  Lesley Weaver |
| 13 | also on behalf of the plaintiffs. |
| 14 | **MR. SCHAPIRO:**  Good morning, Your Honor.  Andy |
| 15 | Schapiro for Google. |
| 16 | **MR. BROOME:**  Good morning, Your Honor.  Stephen |
| 17 | Broome for Google. |
| 18 | **MS. TREBICKA:**  Good morning, Your Honor.  Viola |
| 19 | Trebicka for Google. |
| 20 | **THE COURT:**  Were you all in Hawaii that it's still |
| 21 | morning time? |
| 22 | **MS. TREBICKA:**  I apologize I said good morning, but |
| 23 | I'm actually, it's late at night for me and I did the |
| 24 | conversion wrong.  So I thought it was California morning time. |
| 25 | I apologize. |

1        **THE COURT:**  Well, so many of you said it, I thought

2    maybe there was a conference happening in Hawaii that I was not

3    invited to.

4        **MS. WEAVER:**  I wish, Your Honor.

5        **THE COURT:**  Me too.

6    All right.  Look, we have to figure out how to get this

7    case moving forward.  I had a bunch of questions about what's

8    really left here.  And given that all that's left, since I

9    didn't certify a class, is an individual, the first question

10    I'd ask is:  Do I have jurisdiction in this case to do

11    anything, or are they all state court claims under $75,000 for

12    which there would be no diversity jurisdiction?

13        **MR. BARNES:**  Do you want plaintiffs to go before --

14        **THE COURT:**  So who's going to take the lead?  I'd

15    like to know that first.

16        **MR. BARNES:**  I am, Your Honor, for the plaintiffs.

17        **THE COURT:**  All right.  So Mr. Barnes, go ahead.

18        **MR. BARNES:**  I think that we do by virtue of Google's

19    contract and the claims that we have, and Google has not

20    removed us to state court.  Although, you know, we haven't

21    considered that question.  Mr. Straite might -- has considered

22    this and would like to answer.

23        **MR. STRAITE:**  Thank you, Your Honor.  David Straite

24    for plaintiffs.

25    I just briefed this recently in the Central District in

1  California for a motion to remand back to California state

2  court, and it's a new issue for a lot of the courts because of

3  the new *Royal Canin* case from the Supreme Court in January.

4  However, based on the work we've done in that case, it's pretty

5  clear that there are two impediments here to remand to state

6  court.  Number one is, you know, we still have a 23(f), and we

7  are preserving for appeal the questions regarding class

8  certification, and so CAFA jurisdiction.  Unless those are

9  waived, our understanding would be that jurisdiction still

10  remains, subject matter jurisdiction still remains in the

11  federal courts until those are deposed of finally.  So even

12  though they're dismissed but a district court, being preserved

13  for appeal will be sufficient for CAFA jurisdiction.

14      And as for the federal question jurisdiction, don't forget

15  we still have six dormant claims that Judge Koh required that

16  we keep dormant 'til the end of the case.  Those are still six

17  live claims, at least one of which is a federal claim.  So we

18  have federal question subject matter jurisdiction for that

19  claim.  It's one of the wiretap claims.

20          **MR. SCHAPIRO:**  And Your Honor --

21          **THE COURT:**  Yeah, I'll ask you in just a minute,

22  Mr. Schapiro.

23      The last order of Judge Koh from March 17th, 2021, granted

24  Google's motion to dismiss the wiretap act claim, the SCA

25  claims and the CFAA claim, so how are those dormant?

1      **MR. STRAITE:**  No, Your Honor, those were claims that

2  were litigated.  We had 16 claims in the complaint, as we still

3  do.  She ordered us to litigate 10 of the 16.  We did a

4  baseball-style arbitration back and forth where each side

5  picked five in succession.  Those are the 10 claims that were

6  litigated in the motion to dismiss briefing, and the other six

7  were not the subject of the motion to dismiss, and those remain

8  dormant.  Judge Koh ordered that they be deprioritized through

9  to the end of trial and then would be tried after the trial on

10  the first 10.  So those six have not been adjudicated, one of

11  which is federal.

12      **THE COURT:**  Well, then it seems to me that I have to

13  resolve those six claims.

14      **MR. STRAITE:**  They've never been litigated.

15      **THE COURT:**  It seems to me I need to resolve those

16  six claims.  I don't know why you would go, frankly -- what are

17  the damages for an individual plaintiff?  Remind me.

18      **MR. STRAITE:**  So, Your Honor, we --

19      **THE COURT:**  On your current claims where I did not

20  certify a class, what are the damages?

21      **MR. BARNES:**  Number one, general damages under the

22  intrusion tort.  Number two --

23      **THE COURT:**  What is the amount of the plaintiff's

24  damages?  What are you asking for for the one, per plaintiff?

25      **MR. BARNES:**  We're going to ask for statutory damages

1   under CIPA of at least $5000.  We are going to ask for general

2   damages under the intrusion tort, which, under Supreme Court

3   case law is an amount to be determined by a jury without

4   reference to specific harm.  We're going to ask for unjust

5   enrichment in the amount of revenue Google obtained from our

6   users, which will require an expert calculation based on data

7   that Google produced.  We are going to ask for the market value

8   of the right to track the user, which will be the subject of an

9   expert report.  But to give Your Honor the preview, it's going

10  to be the Screenwise measure that has been approved in multiple

11  cases.  We are going to also ask for ... that is off the top of

12  my head.  Those are the major categories of damages, Your

13  Honor.

14      There is an -- go ahead, Your Honor.  I didn't mean to

15  interrupt.

16          **THE COURT:**  No, go ahead.

17          **MR. BARNES:**  I think there is an open question of law

18  under CIPA whether it's $5000 per communication or you can add

19  those up.  If it's -- if you can add them up it's more than the

20  75,000.  If you can't, then it's less than the 75,000.

21          **THE COURT:**  Okay.  How many dormant claims did you

22  say there were?

23          **MR. BARNES:**  There are six, Your Honor.

24          **THE COURT:**  All right.  Well, Mr. Schapiro, go ahead.

25  My inclination is to deal with the six as the next step.

 1          **MR. SCHAPIRO:** So it was an unusual procedure that

 2     Judge Koh set up, and I don't think we are averse to that, but

 3     I guess I -- it depends on what the deal with the cases means.

 4     Would we be briefing them on~-- because we never briefed

 5     summary judgment on those.

 6          **THE COURT:** Wouldn't it be a motion to dismiss, or

 7     did you --

 8          **MR. SCHAPIRO:** Yeah, you're right. We would start

 9     with the motions to dismiss because we actually never got to do

10     that either. Judge Koh just said there were too many claims,

11     and she said you need to get rid of some of them until later.

12     So, right, we would start with the motions to dismiss.

13          **MR. BROOME:** Yeah, Your Honor. If I may, I think the

14     thinking behind it is a lot of the claims are similar and sort

15     of overlap in terms of, you know, damages and, you know, state

16     versus federal law. I think her thinking was that if you --

17     once we get to the end of trial, you know, the liability and

18     damages issues are going to be resolved, and it won't be

19     necessary to litigate those remaining six. I think --

20          **THE COURT:** But we're waiting for the Ninth Circuit,

21     so we might as well address them.

22          **MR. BROOME:** Sure, yeah. Like Mr. Schapiro said, I

23     don't think we're necessarily averse to that, but I also see

24     the thinking behind Judge Koh's ruling.

25          **THE COURT:** Well, look, we do this all the time, but

1 we also have people who don't over-litigate cases.  We do it in

2 patent cases all the time.  The fact that these were the six

3 that weren't picked suggests to me these are the least wrong of

4 the 16.  That's the point.  So I don't know if there's anything

5 there, but I'm certainly not going to have you all do this in

6 two rounds.  That would be absurd.

7   So we're waiting for the Ninth Circuit.  Might as well do

8 this.

9    **MR. SCHAPIRO:**  We have no objection to that, Your

10 Honor.

11    **THE COURT:**  All right.  When do you want to file your

12 motion?

13    **MR. SCHAPIRO:**  Well, since we hadn't been planning on

14 this, I think, looking at my calendar, 30 days I think would --

15    **THE COURT:**  That's fine.

16   Let me tell you, you're not a priority right now.  I've

17 got a lot on my plate.  This case, I've given you the fast cert

18 order, which was the priority.  This is not a priority.  So

19 take the time you need.

20    **MR. BROOME:**  With that in mind, Your Honor, I know

21 that some people on our team are heading out on vacation end of

22 July and August.  So if we could have, you know, a few days

23 just to circle up amongst ourselves and work out a schedule

24 with plaintiffs, that would be appreciated.

25    **MR. BARNES:**  No objection from us, Your Honor.

1              **THE COURT:**  All right.  I'm not giving you other

2       dates.  We'll deal with this first.

3           We've got a motion, I understand, for interlocutory appeal

4       that was just filed.  Why, I don't know.  You've already

5       appealed.  If the Ninth Circuit wants to take it, they'll take

6       it.  If they don't, they won't.  My view on it, it's probably

7       not that important.  But you filed your motion, so now I have

8       to deal with it.  I want to know by Friday a schedule.

9              **MR. BROOME:**  Understood, Your Honor.

10          And I think we're also -- well, actually, no.  I'll take

11      ...

12             **THE COURT:**  Go ahead, Mr. Broome.

13             **MR. BROOME:**  I was just going to ask if we could have

14      an additional week.  I think we have 14 days to respond to the

15      interlocutory.

16             **THE COURT:**  That's fine with me.

17             **MR. BROOME:**  If we could have an extra week that

18      would be appreciated, as well.

19             **THE COURT:**  Granted.

20             **MR. BROOME:**  Okay.  Thank you.

21             **THE COURT:**  Anything else?

22             **MR. BARNES:**  Not from the plaintiffs, Your Honor.

23             **THE COURT:**  All right.  Have a good afternoon.

24             **VOICES:**  Thank you, Your Honor.

25             **THE COURT:**  Talk to you later.

1        We're adjourned.

2        (Proceedings concluded at 1:41 p.m.)

3                              ---o0o---

4                    **CERTIFICATE OF REPORTER**

5        I certify that the foregoing is a correct transcript

6   from the record of proceedings in the above-entitled matter.

7   DATE:  Wednesday, August 13, 2025

8

9

10   _____

11   Stephen W. Franklin, RMR, CRR, CPE
     Official Reporter, U.S. District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25