**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No.191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*

**DiCELLO LEVITT LLP**
David A. Straite (admitted *pro hac vice*)
485 Lexington Ave., Suite 1001
New York, New York 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

**SIMMONS HANLY CONROY LLP**
Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs; additional counsel listed in signature blocks below*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Andrew H. Schapiro (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
Teuta Fani (admitted *pro hac vice*)
*teutafani@quinnemanuel.com*
Joseph H. Margolies (admitted *pro hac vice*)
*josephmargolies@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
*stephenbroome@quinnemanuel.com*
Viola Trebicka (CA Bar No. 269526)
*violatrebicka@quinnemanuel.com*
Crystal Nix-Hines (CA Bar No. 326971)
*crystalnixhines@quinnemanuel.com*
Alyssa G. Olson (CA Bar No. 305705)
*alyolson@quinnemanuel.com*
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Google; additional counsel listed in signature blocks below*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

PATRICK CALHOUN, et al., on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.

GOOGLE LLC,

    Defendant.

Case No. 4:20-cv-5146-YGR-SVK

**SUPPLEMENTAL SEALING TABLE REGARDING PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND MOTIONS TO STRIKE EXPERT REPORTS OF SCHWARTZ AND ERDEM**

Judge: Hon. Yvonne Gonzalez Rogers

Pursuant to the Court's Order re: Omnibus Sealing Stipulation dated July 31, 2025 (Dkt. 1118, the "Order"), Defendant Google LLC ("Google") and Plaintiffs (collectively, the "Parties") respectfully submit the following table of Google internal company documents containing business proprietary information that Google previously sought to seal (the "Table").  Pursuant to the Order, the Table includes the name and docket citations of each document, the original date of the material therein, and the updated reasons Google seeks to maintain the material under seal if the document is more than three years old. Along with this Table, Google submits the declarations of seven Google employees with personal knowledge of the material discussed in certain of the documents Google continues to seek to seal.

Google and Plaintiffs have conferred on the material reflected in the Table below. In certain cases, Plaintiffs have no objection to Google's maintaining the material at issue under seal.  In other cases, Plaintiffs challenge Google's request to maintain the document under seal. The parties' positions are set forth in the Table.

<u>**Legal Standard**</u>

***Plaintiffs' Position*:**

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)); *accord, Cordero v. Stemilt AG Svcs., LLC*, 142 F.4th 1201, 1207 (9th Cir., July 10, 2025) ("It is 'well-established' in our case law that discovery is 'presumptively public.'").

Therefore, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Foltz,* 331 F.3d at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.,* 187 F.3d 1096, 1102–03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Hagestad,* 49 F.3d at 1434 (quoting *EEOC v. Erection Co.,* 900 F.2d 168, 170 (9th Cir.

1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public with the party who seeks to seal certain records. *Foltz,* 331 F.3d at 1135. After considering the competing interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir. 1986)).

Because the documents at issue were attached to a motion for class certification, they were more than "tangentially related" to the underlying cause of action, and thus the standard is the stricter "compelling reasons" standard, rather than the lower "good cause" standard. *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (collecting cases). "In a class action, the public right of access to court documents is especially heightened." *Marsh v. First Bank of Delaware*, 2014 WL 117086, at *1 (N.D. Cal. Jan. 13, 2014).  Because some of Google's sealing requests concern core issues in the case that are essential for the public's understanding of the practices at issue, which Google publicly denies, Plaintiffs challenge a small number of Google's requests to seal, as noted in the attached chart. During the parties' meet and confer process, Google disagreed with Plaintiffs' position on this heightened standard, on the theory that because the Court denied the motion for class certification, the sealing standard should be lower (although in Google's section below, Google seems to concede that the "compelling reasons" standard applies). But the standard is based on the form of motion, not the result. "[C]ourts apply the compelling reasons standard to a motion to seal a document filed in connection with a motion for class certification." *McCurley v. Royal Seas Cruises, Inc.,* 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018). Indeed, in *In re Seagate Technology LLC,* Judge Spero denied a motion for class certification, and in the same order also applied the heightened "compelling reasons" standard to the related motion to seal. 326 F.R.D. 223 (N.D. Cal. 2018).

**Google's Position:**

Google does not dispute that documents filed in connection with a judicial proceeding are generally public. Notwithstanding that presumption, however, the Ninth Circuit has made clear that "[c]ompelling reasons" to seal a document exist where, as here, "court files might . . . . become a

vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal quotation and citation omitted). For purposes of sealing, the Ninth Circuit construes "trade secrets" broadly to include "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (quoting Restatement (First) of Torts § 757 (1939), cmt. b). By the same token, compelling reasons to seal also exist where "a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

Courts also routinely seal information that could pose a cybersecurity threat to the moving party, even if the risk of compromising the party's computer systems is possible rather than certain. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information that "*could* lead to a breach in the security of the Gmail system" (emphasis added)); *Opperman v. Path, Inc.*, 2017 WL 1036652, at *3 (N.D. Cal. Mar. 17, 2017) (finding compelling reasons to seal information that "*could* make it easier to compromise the security of Apple's products" (emphasis added)).

Even to the extent that "[i]n a class action, the public right of access to court documents is especially heightened" generally, *see Marsh*, 2014 WL 117086, at *1, that would not counsel for unsealing the narrowly tailored material Google seeks to maintain under seal here.

*First*, the documents at issue here are particularly sensitive, and reflect the result of considerable narrowing compared to Google's original sealing request following a robust internal dialogue with Google engineers and a meet-and-confer process with Plaintiffs. Google's interest in keeping this small subset of documents sealed outweighs the public interest in viewing court documents generally—particularly given the concrete harms of undermining Google's competitive standing and exposing it to the risk of cyberattacks.

*Second*, the Court has denied with prejudice the class-certification motion in connection with which the parties filed the documents at issue. There are thus no absent class members with respect

to the claims Plaintiffs sought to certify who are unable to review evidence filed in connection with their ongoing case.

*Third*, and in all events, there is no risk that the public will be unable to understand the Court's class-certification decision as a result of sealing this material. The Court did not deny class certification based on detailed descriptions of Google's confidential and proprietary technology, but rather on the principal basis that "inquiries relating to Google's implied consent defense will overwhelm the damages claims for all causes of action." Dkt. 1105 (Class Cert. Ord.) at 10. That determination, in turn, was based on the Court's assessment of Google's disclosures, news articles, published agreements with third parties, and other evidence that is undisputedly *public*. *Id.* at 8. The mere fact that Google's proprietary information was *filed* in connection with class certification does not make it *relevant* to class certification—and there is no overwhelming public interest in exposing Google's confidential information where that information did not actually drive the Court's decision.

*Finally*, Plaintiffs' argument that Google seeks to seal material concerning "core issues in the case that are essential for the public's understanding of the practices at issue, which Google publicly denies" is misleading and immaterial. Unsealing a cherry-picked sample of internal documents is not a reliable way to enhance the public's understanding of Google's practices; nor are Plaintiffs entitled to unilaterally decide which of Google's competitively sensitive information the public should know and devise their publication by attaching them to a class-certification motion despite their irrelevance to resolving that motion. That is particularly true because the actual "core issues in the case"—Plaintiffs' allegations that Google makes and breaks a "promise to all Google Accountholders that Chrome would not send their personal information . . . to Google unless they affirmatively chose to sync," Dkt. 1110 at 1—are already manifestly public.

**<u>Sealing Table</u>**[1]

*(begins on following page)*

---

[1] Certain portions sought to be sealed in the table below concern material the Court has already sealed pursuant to Dkt. 1118. The parties' position statements generally do not address this material.

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1062 | Exhibit B1 to Joint Decl. Expert Report of Richard M. Smith, dated Oct. 14, 2021 | 10/14/2021 | Paragraphs 75, 83, 100, 106-108, 143 Highlighted Portions of Attachment B Attachments D-1, D-2, D-3, D-4 in their entirety | Dkt. 339-14 (Granted Dkt. 936) | **Google's Position:**<br><br>Attachment D-2 should remain sealed because it contains specific field and variable names, which Google understands have already been sealed. *See* Berntson Declaration.<br><br>Attachment D-3 discusses Google systems that remain relevant and in active use. Its descriptions of Google systems remain sufficiently representative of Google's current technology that publication would be competitively harmful to Google for the reasons raised in Google's prior successful motion to seal the same material. Paragraph 83 should be sealed because it references this information. *See* Berntson Declaration.<br><br>Attachment D-4 describes portions of the Sync server's internal architecture, and remains sufficiently representative of Google's current technology that publication would be competitively harmful to Google. Paragraph 143 should be sealed because it references this information. *See* Schumann Declaration.<br><br>**Plaintiffs' position:**<br><br>Plaintiffs do not dispute Google's continuing sealing requests with the exception of paragraph 83, material for which Google articulates no basis for sealing, and which Plaintiffs' believe would be in the public interest to unseal. While Google is correct that paragraph 83 "references" attachment D-3 (and Plaintiffs do no oppose sealing D-3), the summary in paragraph 83 lacks the competitively sensitive details in the attachment. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1062-11 | Exhibit C4 to Joint Decl. | 3/20/2023 | pp. 1:6, 2:1-4, 2:6, 3:8, 3:10, 3:16, 3:18, 3:20-21, 3:25, 4:3, 4:8, 4:12, 4:17, 4:19-20, 4:24-25, 5:1, 5:3, 5:14-16, 5:19, 5:21, 5:28, 6:3-6, 6:11-13, 6:15-16, 6:18-19, 6:21, 6:23-25, 6:27, 7:2, 7:4, 7:16, 7:19, 7:21, 7:24-25, 7:27-28, 8:1, 8:4-5, 8:8, 8:11-12, 8:14-16, 8:18, 8:23, 8:26, 9:1, 9:6, 9:25, 10:5-7, 10:17-19, 10:23-24, 13:11, 13:13, 14:8, 14:11, 14:15 | Dkt. 1004-4 (Granted Dkt. 1007) | **Google's Position:** This document is newer than three years old and not at issue in this filing**.** **Plaintiffs' Position:** Plaintiffs do not oppose sealing. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| 1062-13 | Exhibit C5 to Joint Decl. Transcript of Hearing on Google Motion for Relief from Preservation Orders re Mapping / Linking Tables and Databases (pp. 4-16, 37-52) | 2/14/ 2023 | pp. 4:12-13, 6:22, 6:24-25, 7:25, 8:1-2, 9:10-11, 9:15-16,9:18, 9:21-22, 9:25,10:4, 10:6, 10:12-15, 10:17, 10:19-20, 10:24, 11:3-4, 11:6,11:16, 11:19, 12:1, 12:4, 12:7, 12:9-10, 12:14, 12:19, 12:21, 12:24, 13:4, 13:16, 13:25, 14:6-7,14:10-13, 14:17, 14:21, 14:24-25, 15:7, 15:17, 15:21, 16:4-5,16:11, 16:13, 16:25, 37:24, 38:7, 38:9-10, 38:12, 38:19, 38:22, 39:1, 39:4-5,39:15-16,40:14,42:1 1-12,42:14-15, 43:8, 43: 14, 44:8, 44: 11, 44:19, 45: 4, 45:9-10, 45:13, 45:15, 45:17-18, 45:22, 46:10, 46:17, 46:22-23, 47:5,47:7, 47:11, 47:14, 47:17-18, 47:23, 48:21, 49:1, 49:8-9,49:12-13, 49:17, 51:6, 51:11, 52:3 | Dkt. 988-3 | **Google's Position:**<br><br>This document is newer than three years old and not at issue in this filing.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1062-15 | Exhibit C6 to Joint Decl. | 10/25/2022 | pp. 1:28, 2:1-7, 2:12-15, 2:17, 2:20, 2:22-23 | Dkt. 897-12 (Granted Dkt. 968) | **Google's Position:**<br><br>This document is newer than three years old and not at issue in this filing.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1062-17 | Exhibit C7 to Joint Decl. Letter from Google to Plaintiffs | 1/30/2023 | pp. 1-4 | Dkt. 973-7 (Order Pending) | **Google's Position:**<br><br>This document is newer than three years old and not at issue in this filing.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1062-19 | Exhibit C8 to Joint Decl. Letter from Google to Plaintiffs | 1/26/2023 | pp. 1-6 | Dkt. 973-5 (Order Pending) | **Google's Position:**<br><br>This document is newer than three years old and not at issue in this filing.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1062-21 PP 081-184 | Exhibit C12 to Joint Decl. Report of Dr. Zubair Shafiq | 10/12/2022 | Sealed Entirely | Dkts. 918-3, 926 (Order Pending) | **Google's Position:**<br><br>This document is newer than three years old and should be sealed for the reasons in the prior sealing stipulation, at which time Plaintiffs' did not oppose sealing this material. *See* Dkt. 1094 at 7. In all events, "how [Google's] systems process the data at issue" is Google's proprietary, commercially sensitive information and should not be published to Google's competitors simply because Plaintiffs argue it "go[es] to the core of the case"—particularly because it does not go to the heart of the resolution of the class-certification motion.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not challenge Google's request to seal the exhibits to the Shafiq Report, nor Google's request to seal internal names for systems. But the explanation for how these systems process the data at issue in this case go to the core of the case and the public should have access. |
| 1062-23 | Exhibit C15 to Joint Decl. Video Clip of Google Employee re Pipelines to Process Both the Gaia ID and the Biscotti ID at the Same Time (Dkt. 462-75) - Manual Filing | 12/21/2020 | Sealed Entirely | Dkt. 462-75, 461-118 (Granted Dkt. 936) | **Google's Position:**<br><br>This exhibit's discussion of ads pipelines remains sufficiently representative of Google's current technology that publication would be competitively harmful to Google for the reasons raised in Google's prior successful motion to seal the same material. *See* Berntson Declaration.<br><br>Google has not objected to Plaintiffs' publicly claiming that this exhibit shows "Google [has the] ability to co-mingle signed-in and signed-out data through its ads pipelines," but Google has a compelling interest in protecting |

| | Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|---|
| 1<br>2 | | | | | | |
| 3 | | | | | | actual internal descriptions of its ads pipelines from its competitors. |
| 4 | | | | | | |
| 5 | | | | | | **Plaintiffs' Position:** |
| 6 | | | | | | Plaintiffs do not dispute that the information is secret, confidential and not known outside of Google. However, Google's internal connections and ability to co-mingle signed-in and signed-out data through its ads pipelines (a practice that Google has denied in this case) goes to core issues in the case and the public should have access. |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | 1062-25 | Exhibit C17 to Joint Decl. Video Clip of Chrome Employee Maud Nalpas Discussing Entropy - Manual Filing | 12/15/2020 | N/A | Dkt. 462-71, 461-111 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | 1062-26 | Exhibit C18 to Joint Decl. GOOG-CABR-0408249 | 10/1/2016 | Sealed Entirely | Exchanged with Google and provided to the Court in advance of the evidentiary hearing on Google's MSJ held in October 2022. | **Google's Position:**<br><br>This exhibit contains proprietary and commercially sensitive business information including Google Analytics coverage, data collection and logging statistics, data flows, and system overviews. Despite the age of the deck, the information remains currently sensitive and is not known to the public, and disclosure would put Google Analytics at a competitive disadvantage. Publishing this information—which contains, e.g., diagrams of Google's technical architecture—would also put Google at a security risk. *See* Ganem Declaration.<br><br>Google has not objected to Plaintiffs' publicly claiming that this |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |
| 26 | | | | | | |
| 27 | | | | | | |
| 28 | | | | | | |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| | | | | | exhibit shows "Google's ability to connect signed-in and signed-out identifiers," but Google has a compelling interest in protecting actual internal descriptions of its Analytics product from its competitors. **Plaintiffs' Position:** Plaintiffs do not dispute that the information is secret, confidential, and not known outside of Google. However, Google's ability to connect signed-in and signed-out identifiers through the CID data parameter used by Google Analytics goes to a core issue of the case that Google has denied in this case. Furthermore, the diagrams included herein do not include detailed schematics of Google's systems. |
| 1063 PP 001-053 | Exhibit C20 to Joint Decl. Testimony of Dr. Zubair Shafiq Transcript from October 2022 Hearing on Google MSJ | 10/24/2022 | Sealed Entirely | Found in sealed portion of 10/24/22 hearing transcript | **Google's Position:** This document is newer than three years old and not at issue in this filing. In any event, the material should be sealed because it purports to describe Google systems that remain in operation. Dr. Shafiq's testimony is also based on his expert report filed as Exhibit C1, which Google has sought to seal and substantiated elsewhere in this Table. **Plaintiffs' Position:** Although this hearing transcript is one month shy of being three years old, the information revealed therein is more than three years old. Google has not articulated any reason why the information (rather than the date of the transcript) is still worthy of sealing. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1063 PP 078-095 | Exhibit C23 to Joint Decl. GOOG-CABR-04144768 | 12/18/2020 | Sealed Entirely except first paragraph on -4769 (with internal identifiers redacted). | Exchanged with Google and provided to the Court in advance of the evidentiary hearing on Google's MSJ held in October 2022. | **Google's Position:**<br><br>This exhibit describes internal Google privacy infrastructure, including how Google designs interfaces for one of its critical servers. The exhibit describes a server that is still functional, and the information contained therein is sufficiently representative of Google's current technology that publication would be competitively harmful. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing in light of Google's agreement to unseal the first paragraph on page -4769. |
| 1063 PP 096-098 | Exhibit C24 to Joint Decl. GOOG-CALH-00863071 | 6/1/2015 | Sealed Entirely except second bullet on -3072 (with internal identifiers redacted). | Exchanged with Google and provided to the Court in advance of the evidentiary hearing on Google's MSJ held in October 2022. | **Google's Position:**<br><br>This exhibit's highly technical discussion of ads infrastructure, including the data usage logic in specific Google servers, remains sufficiently representative of Google's current technology that publication would be competitively harmful to Google. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing in light of Google's agreement to unseal the second bullet on page -3072. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1063 PP 099-123 | Exhibit C25 to Joint Decl. GOOG-CABR-05947479 | 8/1/2015 | Sealed Entirely | Exchanged with Google and provided to the Court in advance of the evidentiary hearing on Google's MSJ held in October 2022. | **Google's Position:**<br><br>This exhibit's detailed and technical discussion of data usage and data flows in Google's ads servers--including how Google projects can access and maintain the privacy of user-generated data--remains sufficiently representative of Google's current technology that publication would be competitively harmful to Google. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1063 PP 124-137 | Exhibit C26 to Joint Decl. GOOG-CABR-04422832 | 3/9/2016 | Sealed Entirely | Exchanged with Google and provided to the Court in advance of the evidentiary hearing on Google's MSJ held in October 2022. | **Google's Position:**<br><br>Identical to Exhibit C23. This exhibit describes internal Google privacy infrastructure, including how Google designs interfaces for one of its critical servers. The exhibit describes a server that is still functional, and the information contained therein is sufficiently representative of Google's current technology that publication would be competitively harmful. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1063 PP 138-141 | Exhibit C27 to Joint Decl. GOOG-CABR-04727443 IBA Server Home | 3/24/2021 | Sealed Entirely except the first paragraph and the highlighted text on -7443 (with internal identifiers redacted). | N/A | **Google's Position:**<br><br>This exhibit describes an active Google server, including its components, functionality, and data flows, and the information contained in the document is sufficiently representative of Google's current technology that publication would be competitively harmful. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:** |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| | | | | | Plaintiffs do not oppose sealing in light of Google's agreement to unseal certain limited material on page -3072. |
| 1063 PP 142-270 | Exhibit C28 to Joint Decl. GOOG-CALH-00061965 | 7/7/ 2021 | Sealed Entirely | Dkt 461-66, 473 (Granted Dkt. 936) | **Google's Position:**<br><br>This exhibit identifies and describes detailed ad targeting information, which remains sufficiently representative of Google's current systems that publication would be competitively harmful. It should therefore be sealed for the same reasons as in Google's prior successful motion to seal. *See* Berntson Declaration.<br><br>The material Plaintiffs' seek to unseal is the specific ad targeting information Google uses to offer its advertising product, and is therefore competitively sensitive even if Plaintiffs' believe it "go[es] to the core of the case."<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not dispute that the document contains secret, confidential information that is not known outside of Google. Plaintiffs only challenge sealing of Columns C and D, which describe the categorizations that Google attaches to class member communications that it intercepts and uses for advertising and user profiling. As such, those columns go to the core of the case. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1063 PP 271-289 | Exhibit C29 to Joint Decl. GOOG-CALH-00072868 | 6/24/2021 | Sealed Entirely | Dkt 461-66, 473 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1063 PP 290-306 | Exhibit C30 to Joint Decl. | 2021 | N/A | N/A | **Google no longer seeks to seal this material.** |
| 1063 PP 307-331 | Exhibit C31 to Joint Decl. GOOG-CABR-05883494 | 6/10/2020 | Sealed Entirely | 10/24/2022 Evidentiary Hearing, Plaintiffs' Binder for Court B-058 | **Google's Position:**<br><br>This document contains internal details about ad serving coverage related to Chrome, and remains sufficiently representative of Google's current technology that publication would reveal valuable, nonpublic details to competitors. Despite the age of the document, the trends described therein remain relevant to Google's business analysis and decisions today, and publication of that information would give competitors insight into Google's business processes and cause competitive harm. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1063 PP 339-361 | Exhibit C33 to Joint Decl. GOOG-CALH-00032416 | 6/8/2018 | Internal Identifiers and revenue estimates on pp. -2417-2420, -2470, -2472, -2476, -2478, -2508-2512. | N/A | **Google's Position:**<br><br>Pages –2417-2420, 2470, -2476, -2478, and –2508-2512 contain internal identifiers Google understands have already been sealed. Page -2472 contains nonpublic revenue impact estimates based on changes to web and browser functionality that can inform Google business decisions in the present and future. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| | | | | | **Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing the identifiers on pages –2417-2420, 2470, -2476, -2478, and –2508-2512. Plaintiffs only oppose sealing the revenue impact estimates on page -2472. Those estimates are just that: estimates, resulting from theoretical changes to Google's data practices if Chrome had not sent personal information to Google. Those estimates support Plaintiffs' damages calculations and public access would not injure Google. |
| 1063 PP 362-462 | Exhibit C34 to Joint Decl. GOOG-CALH-00795308 | 9/26/2018 | Sealed Entirely | N/A | **Google's Position:**<br><br>This document remains sensitive, as it describes internal business strategy and the rationale for internal privacy projects. The information in this document remains part of Google's internal privacy frameworks and policy, and therefore remain relevant to Google's business operations and decisions. Disclosure of that nonpublic information could therefore cause Google competitive harm. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1063 PP 463-512 | Exhibit C35 to Joint Decl. GOOG-CALH-00030221 | 12/21/2020 | Sealed Entirely | Dkt. 692-6, 730 (Order Pending) | **Google's Position:**<br><br>This exhibit provides detailed technical information about data flows in Google's ad-serving infrastructure, which remains sufficiently representative of Google's current systems that publication would give competitors detailed insight into Google's technology and operations and cause competitive harm. *See* Berntson Declaration. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|---------------------|
| | | | | | **Plaintiffs' Position:** Plaintiffs do not oppose sealing. |
| 1063 PP 513-571 | Exhibit C36 to Joint Decl. GOOG-CALH-00030031 | 8/12/2016 | Sealed Entirely | Dkt. 339-28 (Exhibit ZZ, PDF p. 94); Dkt 356 (Granted Dkt. 936) | **Google's Position:** This exhibit provides detailed technical information about Google's ad-serving infrastructure, which remains sufficiently representative of Google's current systems that publication would give competitors detailed insight into Google's technology and operations and cause competitive harm. It should be sealed for the reasons raised in Google's prior successful motion to seal the same material. *See* Berntson Declaration. **Plaintiffs' Position:** Plaintiffs do not dispute that the document contains secret, confidential information that is not known outside of Google. Plaintiffs only challenge sealing of the following general descriptions in the document, except for the internal code names: 1. The two paragraphs under the heading "Background" 2. The first two paragraphs under the heading "Overview (desired end state)" 3. The first bullet on page -0037 4. Paragraph 2 on page -0039 |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1063 PP 572-582 | Exhibit C37 to Joint Decl. GOOG-CABR-00893711 | 5/19/2021 | Sealed Entirely | Dkt. 692-7; 730 (Order Pending) | **Google's Position:**<br><br>This exhibit provides detailed technical information about Google's ad-serving infrastructure, which remains sufficiently representative of Google's current systems that publication would give competitors detailed insight into Google's technology and operations and cause competitive harm. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1063 PP 583-620 | Exhibit C38 to Joint Decl. GOOG-CABR-04469819 | 3/31/2018 | Sealed Entirely | N/A | **Google's Position:**<br><br>This document contains highly sensitive commercial secrets, including design diagrams and the names and types of storage systems that are essential to Google's commercial activity. The document also describes the operating scale, capacity, and cost of Google's production infrastructure, which is highly sensitive and could lead to competitive harm if exposed to the public or Google's competitors. Google's competitors are all engaged in efforts to correlate data in a way that is scalable from an engineering perspective and privacy-safe from a regulatory and consumer perspective. The information in this document reflects Google's infrastructure for achieving these goals, and its exposure to its competitors would significantly disadvantage Google. *See* Seah Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not dispute that the document contains secret, confidential information that is not known outside of Google. Plaintiffs |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| | | | | | only challenge sealing of the explanation of identifier mappings:<br><br>1. The highlighted statements on page -9823.<br>2. The highlighted statements on -9831.<br><br>These statements go to the core of the case and the public has a right to know. |
| 1063 PP 621-630 | Exhibit C39 to Joint Decl. GOOG-CALH-00297211 | 10/22/2019 | Specific revenue estimates and internal identifiers on PDF pages 2–55, 7–10. | Exchanged with Google and provided to the Court in advance of the evidentiary hearing on Google's MSJ held in October 2022. | **Google's Position:**<br><br>Pages -7212–7214, -7216–7219 contain internal identifiers Google understands have already been sealed. Page -7211 contains nonpublic revenue impact estimates based on contemplated changes to web and browser functionality that remain possible, and therefore could inform Google business decisions in the present and future.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing the identifiers on pages 7212–7214, -7216–7219. Plaintiffs only oppose sealing the revenue impact estimates on page -7211. Those estimates are just that: estimates, resulting from theoretical changes to Google's data practices if Chrome had not sent personal information to Google. Those estimates support Plaintiffs' damages calculations and public access would not injure Google. |
| 1063-1 | Exhibit C42 to Joint Decl. GOOG-CABR-05269357 | 3/21/2019 | pp. 9357, 9431 | Dkt. 489-25, 550 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1063-4 PP 01-05 | Exhibit C44 to Joint Decl. GOOG-CABR-00125420 | 4/23/2019 | Sealed Entirely | Dkt. 487-19; 548 (Granted Dkt. 936) | **Google's Position:**<br><br>This document describes the functionality and data logging activity for a Google cookie service that remains active, and reflects proposed strategies for the development of that cookie service that are not known to Google's competitors.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs acknowledge that much of the information in this document remains secret from the public, including how Google tracks "non-logged-in users" and whether pseudonymous IDs are considered personal information by Google. Google has argued that some users have "consented" to Chrome sending data to Google when not sync'd, yet insists on the details in this conversational and non-technical summary be shielded from public view. Plaintiffs believe the public's right of access to this key document more than outweighs Google's preference to keep these tracking details secret. |
| 1063-4 PP 37-51 | Exhibit C46 to Joint Decl. GOOG-CALH-00302310 | 4/1/2020 | Specific project names on PDF pages 2–5, 7, 13, 15 | Dkt. 487-9; 548 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1064-4 PP 01-73 | Exhibit D3 to Joint Decl. GOOG-CABR-05885871 | 10/19/ 2020 | Sealed Entirely | Dkts. 909-12, 920 | **Google's Position:**<br><br>This is an internal strategy document for a long-term privacy research project that reflects confidential interviews with Google employees. The project was focused on a five-year time horizon that continues at present, and continues to have relevance to Google stakeholders.<br><br>Plaintiffs argue this document should be unsealed because individual quotations from the interviews are included in a public decision at Dkt. 871-3. But the document itself, including the quotations in context, has never been unsealed, including by Judge van Keulen in the proceedings referenced below. On the contrary, *after* Judge van Keulen's order was filed publicly, the parties actively litigated whether this document may remain sealed in its entirety last year before the Ninth Circuit, which ruled (under the same "compelling interest" standard Plaintiffs argue applies here) that the full document may remain sealed. *See Calhoun et al. v. Google LLC*, No. 22-16993 (9th Cir.) at ECF 55 (granting motion at ECF 46, which Plaintiffs opposed in relevant part at ECF 47 with a reply at ECF 48).<br><br>To the extent Plaintiffs believe there is a public interest in accessing the specific quotations that have already been unsealed out of context (the only form in which they have ever been unsealed), those quotations are already public and need not be unsealed here.<br><br>**Plaintiffs' Position**:<br><br>This document (like Exhibit D4 below) relates to an important |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| | | | | | privacy research project at Google that has received substantial press after Judge van Keulen unsealed the most important parts in her order. For example, in Dkt. No. 871-3, Findings of Fact ¶ 142, the Court unsealed portions of more than 30 of the employee interviews – material that Google claims "compelling reasons" to re-seal even though it has been public for three years. During the meet-and-confer process preparing this chart, Plaintiffs asked Google whether Google would consider narrowing the sealing request just to those portions of D3 that are not yet public and Google said no, it seeks sealing of the entire document, even those portions that are public. |
| 1064-4 PP 74-79 | Exhibit D4 to Joint Decl. GOOG-CABR-05885987 | 3/29/2022 | Sealed Entirely | Dkt. 747-10 (Granted Dkt. 880) | **Google's Position:**<br><br>This is an internal strategy document for a long-term privacy research project that reflects confidential interviews with Google employees. The project was focused on a five-year time horizon that continues at present, and continues to have relevance to Google stakeholders.<br><br>Google incorporates by reference its response to Plaintiffs' characterization of Google's efforts to "re-seal" this document, which has never been unsealed and which was ordered sealed by the Ninth Circuit including after Judge van Keulen included quotations from this document (outside of their original context) in a public opinion.<br><br>**Plaintiffs' Position:**<br><br>This document (like Exhibit D3 above) relates to an important privacy research project at Google that has received substantial press after Judge van Keulen unsealed the |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| | | | | | most important parts in her order. For example, in Dkt. No. 871-3, Findings of Fact ¶ 141, the Court unsealed portions of this White Paper which in turn was based in part on the interviews discussed in D3 above. As with the interview notes, Google now claims "compelling reasons" to re-seal these portions of the White Paper even though the material has been public for three years. During the meet-and-confer process preparing this chart, Plaintiffs asked Google whether Google would consider narrowing the sealing request just to those portions of D4 that are not yet public and Google said no, it seeks sealing of the entire document, even those portions that are public. |
| 1064-6 PP 01-04 | Exhibit D20 to Joint Decl. GOOG-CABR-03746369 | 12/18/2020 | Specific project names on PDF pages 2–3 | Dkt. 461-94, 489-39 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1064-6 PP 05-12 | Exhibit D21 to Joint Decl. GOOG-CALH-00895034 | 7/23/2019 | Specific project names on PDF page 4 | 10/24/2022 Evidentiary Hearing, Plaintiffs' Binder for Court B-0442 (similar to D20) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1064-7 | Exhibit E1 to Joint Decl. Expert Report of Russell W. Mangum, Ph.D., dated Oct. 13, 2021 | 10/13/2021 | Paragraphs 41-43, 57-62 Footnotes **61-62, 84, 87-88, 96**Table 3 | Dkts. 339-18, 356 (Granted Dkt. 936) | **Google's Position:**<br><br>Footnotes 61-62, 84,88, and 96 contain internal identifiers Google understands have already been sealed. Paragraphs 41-43, 57-62, Footnote 87, and Table 3 contain nonpublic revenue impact estimates based on hypothetical changes to web and browser functionality that remain possible—as well as internal research supporting those estimates—and therefore could inform Google business decisions in the present and future.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs oppose sealing the revenue impact estimates which result from theoretical changes to Google's data practices if Chrome had not sent personal information to Google. Those estimates support Plaintiffs' damages calculations and public access would not injure Google. |
| 1064-11 PP 001-146 | Exhibit E3 to Joint Decl. GOOG-CALH-00061965 | 7/7/2021 | Sealed Entirely | Dkts. 339-27 (Exhibit NN), 356 (Granted Dkt. 936) | **Google's Position:**<br><br>This exhibit identifies and describes detailed ad targeting information, which remains sufficiently representative of Google's current systems that publication would be competitively harmful. It should be sealed for the reasons raised in Google's prior successful motion to seal the same material. *See* Berntson Declaration.<br><br>Google disputes Plaintiffs' misleading characterization that this document indicates Google "assign[s] detailed and occasionally horrific inferences about their interests" to target advertisements (which the document does not support). In all events, Plaintiffs' disputed allegation that this document reflects poorly on Google |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| | | | | | does not justify publishing Google's proprietary ad targeting information to its competitors.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not dispute that this document "identifies and describes ad targeting information," but there is no document in this motion more worthy of public disclosure than this one. Google's "ad targeting" system includes taking user data (without consent, as alleged by Plaintiffs) and assigning detailed and occasionally horrific inferences about their interests and other attributes that in turn are used to "target" them, as Google calls it. The public has a right to know about these categories and other information in this document. |
| 1064-11 PP 147-191 | Exhibit E4 to Joint Decl. GOOG-CALH-00042297 – GOOG-CALH-00042340 | 12/18/2020 | Specific project names on PDF pages 25, 31, 41–43, 45 | Dkts. 339-27 (Exhibit PP), 356 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1064-11 PP 192-193 | Exhibit E5 to Joint Decl. GOOG-CABR-00112576 | 2/5/2020 | N/A | Dkts. 339-27 (Exhibit RR), 356 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| 1064-11 PP 194-205 | Exhibit E6 to Joint Decl. GOOG-CALH-00160127–137 (Ex. 10 to Liao Deposition) | 6/7/2019 | Specific revenue estimates and internal identifiers on PDF pages 2-11 | Dkts. 482-21, 551 (Granted Dkt. 936) | **Google's Position:**<br><br>The portion Google seeks to seal at pages -0134–0136 contain internal identifiers Google understands have already been sealed. Pages -0128–0135 -0137 contains detailed nonpublic revenue impact estimates based on changes to web and browser functionality—as well as internal research supporting those estimates—that can inform present and future Google business decisions related to future changes in web and browser functionality<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs oppose sealing the revenue impact estimates which result from theoretical changes to Google's data practices if Chrome had not sent personal information to Google. Those estimates support Plaintiffs' damages calculations and public access would not injure Google. |
| 1064-11 PP 206-370 | Exhibit E7 to Joint Decl. GOOG-CABR-05279094–256 (Ex. 11 to Liao Deposition) | 4/13/2020 | Revenue information on PDF pages 6, 11, 15. Specific project names on PDF pages 3, 13, 22–23, 25, 34, 51–56, 58–63, 65–67, 69–70, 72–74, 77–80, 82, 84, 86, 88, 90–91, 93, 95–101, 103, 105, 109-111, 113–114, 116–121, 123, 125-129 | Dkts. 482-23, 551 (Granted Dkt. 936) | **Google's Position:**<br><br>PDF pages 6, 11, 15 of this document contains detailed nonpublic revenue impact estimates based on changes to web and browser functionality that can inform present and future Google business decisions related to future changes in web and browser functionality.<br><br>The other portions Google seeks to seal pertain to internal identifiers, which Google understands to already be sealed.<br><br>**Plaintiffs' Position:**<br>Plaintiffs oppose sealing the revenue impact estimates (on pages 6, 11 and 15) which result from theoretical changes to Google's data practices if Chrome had not sent personal |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| | | | | | information to Google. Those estimates support Plaintiffs' damages calculations and public access would not injure Google. Plaintiffs do not oppose sealing the internal identifiers. |
| 1065-8 PP 032-048 | Exhibit E13 to Joint Decl. GOOG-CALH-01051873, Exhibit 5 to the 30(b)(6) deposition of Vic Liu, conducted on March 20, 2022 | 12/1/2021 | Revenue information on PDF pages 2, 6–10, 16 | N/A | **Google's Position:**<br><br>This document contains detailed nonpublic revenue impact estimates based on changes to web and browser functionality—as well as internal research supporting those estimates—that can inform present and future Google business decisions related to future changes in web and browser functionality.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs oppose sealing the revenue impact estimates which result from theoretical changes to Google's data practices if Chrome had not sent personal information to Google. Those estimates support Plaintiffs' damages calculations and public access would not injure Google. |
| 1065-8 PP 084-136 | Exhibit E17 to Joint Decl. GOOG-CARR-04704939.R, Exhibit 2 to the 30(b)(6) deposition of Troy Walker, conducted on March 24, 2022 | 4/22/2021 | Revenue information on PDF pages 4, 6, 9-11, 30-31, 47. Specific project name on PDF pages 33, 53. | Dkts. 485-20, 549 (Granted Dkt. 936) | **Google's Position:**<br><br>PDF pages 4, 6, 9-11, 30-31, 47 contain detailed nonpublic revenue impact and opportunity estimates based on changes to web and browser functionality—as well as internal research supporting those estimates—that can inform present and future Google business decisions related to future changes in web and browser functionality. PDF pages 33 and 53 contains internal identifiers Google understands have already been sealed.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs oppose sealing the revenue impact estimates which result from |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| | | | | | theoretical changes to Google's data practices if Chrome had not sent personal information to Google. Those estimates support Plaintiffs' damages calculations and public access would not injure Google. Furthermore, Google has not articulated any basis for sealing the entire document rather than just portions of it. |
| 1065-8 PP 137-139 | Exhibit E18 to Joint Decl. GOOG-CABR-04312372 Identifiers Used by Google Panels | 4/20/2021 | N/A | Dkts. 485-18, 549 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1065-8 PP 140-162 | Exhibit E19 to Joint Decl. GOOG-CABR-X-00000972, Exhibit 4 to the 30(b)(6) deposition of Troy Walker, conducted on March 24, 2022 | 12/18/2019 | N/A | N/A | **Google no longer seeks to seal this material.** |
| 1065-9 | Exhibit F1 to Joint Decl. Expert Report of Leslie K. John, dated Oct. 14, 2021 | 10/14/2021 | GOOG-CABR-03685105 – GOOG-CABR-03685108 in its entirety GOOG-CALH-00077520 – GOOG-CALH-00077523 in its entirety | Dkts. 339-16, 462-64, 473 (Granted Dkt. 936) | **Google's Position:** GOOG-CABR-03685105 reflects Google's survey design and results. Google continues to use the work described in this document to develop its offering across applications, and publication of that information could give competitors insight into Google's user experience process and cause google competitive harm. It should remain sealed for the reasons in Google's prior successful motion to seal. *See* Dinhopl Declaration. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
|      |             |      |                              |                        | GOOG-CALH-00077520 Reflects research into users' behavior in Chrome, including user engagement in different modes. It provides insight into Google's browser operations, user experience, and user retention that, if available to competitors, could harm Google's market position. Although the information was produced in 2019, it continues to inform Google's current thinking and business decisions in the present. It should remain sealed for the reasons in Google's prior successful motion to seal. *See* Schumann Declaration.<br><br>**Plaintiffs' Position:**<br><br>These two exhibits to the expert report of Prof. Leslie John are internal Google notes regarding surveys done of how users interact with and understand various privacy disclosures and other documents. Google also studied how sync'd and signed-in use of Chrome differs – a key issue in this case. Google certainly wants to keep these survey results from the public view, but only to avoid embarrassment – the information is not competitively sensitive. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1065-11 | Exhibit F2 to Joint Decl. Expert Rebuttal Report of Leslie K. John, dated Feb. 16, 2022 | 2/16/ 2022 | Plaintiffs: portion of last sentence on page 22 after "Specifically, she said:" and portion of first full sentence on page 23 between "That is very private" and "it was shocking." | Dkts. 482-7, 551 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1065-22 PP 01-04 | Exhibit G7 to Joint Decl. Google Subscriber Information for Patrick Calhoun GOOG-CALH-00027550 GOOG-CALH-00052097 | 2/3/ 2021 | Sealed Entirely | Dkts. 393-32, 393-34, 403 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|---------------------|
| 1065-22 PP 05-19 | Exhibit G8 to Joint Decl. Google Subscriber Information for Elaine Crespo GOOG-CALH-00050814 GOOG-CALH-00027555 | 9/23/2019 | Sealed Entirely | Dkts. 393-8, 403 (GOOG-CALH-00027555 only) (Granted Dkt. 936 as to GOOG-CALH-00027555 only) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1065-22 PP 20-33 | Exhibit G9 to Joint Decl. Google Subscriber Information for Michael Henry GOOG-CALH-00050692 | 6/9/2021 | Sealed Entirely | Dkts. 393-12, 403 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1065-22 PP 34-39 | Exhibit G10 to Joint Decl. Google Subscriber Information for Dr. Rodney Johnson GOOG-CALH-00050690 GOOG-CALH-00050706 | 10/4/2020 | Sealed Entirely | Dkts. 393-22, 393-24, 403 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1065-22 PP 40-42 | Exhibit G11 to Joint Decl. Google Subscriber Information for Dr. Claudia Kindler GOOG-CALH-00050678 | 9/16/2019 | Sealed Entirely | Dkts. 393-76, 403 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1065-22 PP 43-46 | Exhibit G12 to Joint Decl. Google Subscriber Information for Dr. Corinice Wilson GOOG-CALH-00052089 | 5/17/2021 | Sealed Entirely | Dkts. 393-16 (Exhibit 10), 428-9 (Exhibit 35), 457, 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1066 PP 001-003 | Exhibit G17 to Joint Decl. GOOG-CALH-00027547 | 4/5/2021 | Sealed Entirely | Dkts. 393-40, 403 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1066 PP 004-007 | Exhibit G18 to Joint Decl. GOOG-CALH-00651647 | Undated | Sealed Entirely | Dkt. 339-26 (Exhibit HH) (Granted Dkt. 936) | **Joint Position:** Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1066 PP 008-011 | Exhibit G19 to Joint Decl. GOOG-CALH-00061948 | 6/23/2021 | Sealed Entirely | Dkt. 339-26 (Exhibit II) (Granted Dkt. 936) | **Joint Position:** Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1066 PP 012-088 | Exhibit G20 to Joint Decl. GOOG-CALH-00492852 | 8/23/2021 | Sealed Entirely | Dkt. 339-26 (Exhibit JJ) (Granted Dkt. 936) | **Joint Position:** Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1066 PP 089-107 | Exhibit G21 to Joint Decl. GOOG-CALH-00039102 | 7/19/2020 | Sealed Entirely | Dkt. 339-26 (Exhibit KK) (Granted Dkt. 936) | **Joint Position:** Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|---------------------|
| 1066 PP 108-113 | Exhibit G22 to Joint Decl. GOOG-CALH-00039120 | 5/18/2021 | Sealed Entirely | Dkt 339-27 (Exhibit LL) (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1066 PP 114-132 | Exhibit G23 to Joint Decl. GOOG-CALH-00027803 | 6/23/2020 | Sealed Entirely | Dkt 339-60 (Exhibit MM) (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1072-1 | Google LLC's Opposition to Plaintiffs' Renewed Motion for Class Certification (Sealed) | 12/4/2024 | p. 9:8 | N/A | **Google's Position:**<br>This document is newer than three years old and not at issue in this filing.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1073-2 | Tulin Erdem Expert Report (Sealed) | 12/4/2024 | N/A | Dkts. 428, 457-4 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| 1073-5 | Bruce Strombom Expert Report (Sealed) | 12/4/ 2024 | pp. 15-16; Ex.5; Appendix B: 1-2 | Dkts. 428, 457-4 (Granted Dkt. 936) | **Google's Position:**<br><br>Pages 15-16 and Appendix B: 1-2 contain internal identifiers Google understands have already been sealed. Exhibit 5 contains detailed nonpublic financial statements for Chrome, which are not made public, that can inform present and future Google business decisions.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1073-7 | Georgios Zervas Expert Report (Sealed) | 12/4/ 2024 | Highlighted portions of paragraphs 57, 77-79, 81-83, 85-86, 89, 101-102 | Dkts. 428, 457-4 (Granted Dkt. 936) | **Google's Position:**<br><br>Paragraphs 101 and 102 reflects Google's policies and guidelines with respect to processing, storing, and accessing Google log data. That information remains sufficiently representative of Google's current systems that publication would be competitively harmful. It should be sealed for the reasons raised in Google's prior successful motion to seal the same material. *See* Berntson Declaration.<br><br>The remaining proposed redactions are internal Google identifiers that Google understands are already sealed. *See* Dkt. 1118.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1073-31 | Excerpts from the November 8, 2021 deposition of Joseph Turrow (Sealed) | 11/8/ 2021 | N/A | Dkts. 428, 457-4, 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| 1073-33 | Transcript of the November 16, 2021 deposition of Leslie John (Sealed) | 11/16/2021 | Plaintiffs: pp. 48:21, 49:5, 49:13, 49:19, 50:1-2, 50:8-9, 50:18-19, 51:12-13, 52:3, 52:8-10, 52:17, 52:24-25, 53:6, 53:9, 53:11 | Dkts. 428, 457-4, 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1073-36 | Excerpts from the December 9, 2021 deposition of Zubair Shafiq (Sealed) | 12/9/2021 | pp. 55:8, 55:15, 75:5, 75:14, 75:17, 87:25, 96:21, 170:21-22, 237:10, 237:12-13, 237:18, 237:20-22, 238:2, 238:6, 238:9, 238:23-24, 239:14, 239:16, 239:18-19, 239:21-22, 240:5-7, 240:11, 240:18, 240:23, 241:10, 241:18, 242:2-3, 242:11, 242:17-18, 243:2, 244:6, 244:10, 244:15, | Dkts. 428, 457-4 (Granted Dkt. 936) | **Google's Position:**<br><br>This document contains internal project names and identifiers that have already been ordered sealed. The additional information should also remain sealed because it describes the specific behavior of Google systems, including data logging infrastructure, which remains sufficiently representative of Google's current systems that publication would be competitively harmful. The document also purports to describe Google's systems based on proprietary Google information. While the descriptions are frequently inaccurate, they are rooted in confidential information that could harm Google if it is revealed—either by giving competitors actual insight into Google's systems or by appearing to accurately reflect those systems. *See* Berntson Declaration; Schumann Declaration. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| | | | 244:17, 245:4, 245:24, 246:16, 247:11, 248:13-16, 249:6, 249:18, 252:25, 253:5-10, 253:14, 253:17, 253:21, 253:23, 254:1, 254:4, 254:12, 254:22, 255:2, 255:5-6, 258:15 | | Plaintiffs argue "the public has a right to know how Google processes data as described in this testimony." Google disagrees both because Plaintiffs' expert's testimony is inaccurate and because under Ninth Circuit law, the public does not have a right to know how Google's proprietary technology functions where that knowledge could harm Google's competitive standing or increase the risk of cyberattacks.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not challenge Google's request to seal the code names for internal systems; but the deposition testimony of Plaintiffs' expert starting at p. 237 should not be sealed, because the public has a right to know how Google processes data as described in this testimony. To the extent Google claims that the testimony is inaccurate, it is difficult to understand how its unsealing could harm Google. |
| 1074 | Fair Declaration (Sealed) | 12/4/2024 | Plaintiffs pp. 31:16, 31:19, 32:9, 32:23, 33:17, 34:4-5, 34:7, 34:9, 34:12-14, 34:16-17, 34:20-21, 34:23-24, 35:3-4, 35:7-8, 45:21, 45:24, 45:26, 46:1-2, 46:5, 46:8-9, 46:12-13, 46:16, 47:4, 47:18, 60:4<br><br>Google pp. 31 | Dkts. 457, 428-6, 468 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1074-11 | GOOG-CABR-05424612 (Sealed) | 12/7/2021 | Sealed entirely | Dkts. 457, 428-8 (pp. 1-5), 468 (Granted Dkt. 936) | **Google's Position:**<br><br>This document remains highly sensitive. Google has public commitments and this document reflects internal information for complying with those public commitments. If internal policies leak outside of Google they may either reveal Google's internal strategies or mislead the public about Google's commitments and be leveraged by competitors to cause competitive harm. It also reflects information Google uses for personalization and to prevent fraud and abuse, which gives insight into business practices and competitive strategy. Although the policies have been updated, this document remains sufficiently representative of Google's current internal policies to be competitively sensitive. *See* Schumann Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1074-19 | GOOG-CABR-04067825 (Sealed) | 1/19/2017 | PDF pp. 42, 44 | Dkts. 457, 428-8 (pp. 6-49), 468 (Granted Dkt. 936) | Google seeks to seal only (i) screenshots of Google employees' inboxes, and (ii) internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1074-21 | GOOG-CABR-05385582 (Sealed) | 12/3/2021 | N/A | Dkts. 457, 428-8 (pp. 50-51), 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1074-23 | GOOG-CABR-05325218 (Sealed) | 1/19/2017 | N/A | Dkts. 457, 428-8 (pp. 52-83), 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1074-25 | GOOG-CABR-05424629 (Sealed) | 12/7/2021 | p. -4629 | Dkts. 457, 428-8 (pp. 84-85), 468 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1074-26 | GOOG-CABR-05435659 (Sealed) | 9/29/2021 | p. -5659 | Dkts. 457, 428-8 (pp. 86-87), 468 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1074-30 | GOOG-CALH-00592232-48 (Sealed) | 8/26/2016 | Sealed entirely | Dkts. 457, 428-9 (pp. 1-18), 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1074-35 | GOOG-CALH-00592214-31 (Sealed) | 10/28/2016 | Sealed entirely | Dkts. 457, 428-9 (pp. 37-55), 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1074-40 | GOOG-CALH-00592249 (Sealed) | 12/13/2018 | Sealed entirely | Dkts. 457, 428-9 (pp. 64-82), 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1074-64 | GOOG-CALH-00592156-63 (Sealed) | 6/24/2017 | Sealed entirely | Dkts. 457, 428-11 (pp. 14-22), 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1074-65 | GOOG-CALH-00592164-70 (Sealed) | 1/12/2017 | Sealed entirely | Dkts. 457, 428-11 (pp. 23-30), 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1074-78 | GOOG-CALH-00592206-13 (Sealed) | 9/9/2019 | Sealed entirely | Dkts. 457, 428-11 (pp.58-66), 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1074-83 | GOOG-CALH-00660110 (Sealed) | 9/25/2018 | Sealed entirely | Dkts. 457, 428-11 (pp. 74-79), 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1074-87 | GOOG-CABR-05435660 (Sealed) | 9/29/2021 | p. -5660 | Dkts. 457, 428-11 (pp. 84-85), 468 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118 |
| 1074-89 | GOOG-CABR-05424610 (Sealed) | 3/23/2018 | N/A | Dkts. 457, 428-11 (pp. 86-87), 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1074-90 | GOOG-CABR-05424608 (Sealed) | 7/27/2020 | N/A | Dkts. 457, 428-11 (pp. 88-89), 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1074-92 | GOOG-CABR-05424604 (Sealed) | 12/7/2021 | N/A | Dkts. 457, 428-11 (pp. 90-94), 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1074-105 | GOOG-CALH-00652283 (Sealed) | Undated | Sealed entirely | Dkts. 457, 428-11 (pp. 234-236), 468 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |
| 1074-106 | GOOG-CABR-05424626 (Sealed) | 12/7/2021 | Internal identifiers (data fields) at p. -626 | Dkts. 457, 428-12 (pp. 1-4), 468 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118 |
| 1074-112 | GOOG-CABR-05435661 (Sealed) | 7/27/2020 | N/A | Dkts. 457, 428-12 (pp. 5-6), 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1074-116 | GOOG-CABR-05424600 (Sealed) | 7/27/2020 | N/A | Dkts. 457, 428-12 (pp. 7-8), 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1074-117 | GOOG-CABR-04762386 (Sealed) | 10/22/2021 | N/A | Dkts. 457, 428-12 (pp. 9-21), 468 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1074-118 | GOOG-CABR-04833969-235 (Sealed) | 7/18/2025 | pp. -4002,-4003, -4041 | Dkts. 457, 428-12 (pp. 22-289), 468 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1074-120 | GOOG-CABR-04762398 (Sealed) | 7/18/2015 | pp. -520-521 | Dkts. 457, 428-12 (pp. 290-454), 468 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1075 | Mardini Declaration (Sealed) | 12/16/2021 | N/A | Dkts. 428-16, 457 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1075-2 | GOOG-CABR-05435662 (Sealed) | 12/6/2021 | N/A | Dkts. 428-18, 457 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1075-18 | GOOG-CABR-05424612 (Sealed) | 12/7/2021 | Sealed entirely | Dkts. 428-20, 457 (Granted Dkt. 936) | **Google's Position:** ***Identical to 1074-11.*** This document remains highly sensitive. Google has public commitments and this document reflects internal information for complying with those public commitments. If internal policies leak outside of Google they may either reveal Google's internal strategies or mislead the public about Google's commitments and be leveraged by competitors to cause competitive harm. It also reflects information Google uses for personalization and to prevent fraud and abuse, which gives insight into business practices and competitive strategy. Although the policies have been updated, this document remains sufficiently representative of Google's current internal policies to be competitively sensitive. *See* Schumann Declaration. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| | | | | | **Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1076-1 | Berntson Declaration (Sealed) | 12/21/2021 | pp. 16:24,16:26, 17:1-3, 17:5, 17:10-11, 17:17-19, 18:11 | Dkts. 428-14, 457 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1076-7 | Schumann Declaration (Sealed) | 12/20/2021 | pp. 2:18, 2:20-21, 2:25-27, 3:9-16, 3:18, 3:20-24, 3:26, 4:1, 4:3-4, 4:6, 4:8, 4:10, 4:13, 4:15, 4:17-18 | Dkts. 428-26, 457 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1078-9 | Exhibit J5 to the Straite Declaration GOOG-CALH-00050667 (Google Subscriber Info for Calhoun) | 5/18/2021 | Sealed Entirely | Dkt. 487, 548 (Granted Dkt. 936) | **Joint Position:**<br><br>Although Google is listed as the party seeking to seal this information in the prior sealing stipulation, the information sought to be sealed is data associated with Plaintiffs that they alleged to be their personal information, and thus has already been sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1078-23 | Exhibit J12 to the Straite Declaration GOOG-CALH-00374314 | 10/30/2020 | Sealed Entirely | Dkt. 487, 548 (Granted Dkt. 936) | **Google's Position:**<br><br>This exhibit identifies and describes Google's ads and log storage infrastructure, including detailed and technical information concerning data flows. This information remains sufficiently representative of Google's current systems that publication would be competitively harmful, and it should remain sealed for the reasons in Google's prior successful motion to seal. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1061-1 | Plaintiffs' Renewed Motion for Class Certification and Appointment of Class Representatives and Class Counsel | 10/24/2024 | pp. 6:26, 7:9-10, 7:13-14, 7:16, 21:14 | N/A | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1061-6 | Joint Attorney Declaration of Jason 'Jay' Barnes, Lesley E. Weaver, and David A. Straite ("Joint Decl.") | 10/30/2024 | pp. 10:3, 10:9, 10:12-13, 10: 27-28, 11:13, 14:15, 14:27, 15:5-8, 15:11-12 | N/A | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1062-2 | Exhibit B2 to Joint Decl. Expert Rebuttal Report of Richard M. Smith, dated Feb. 16, 2022 | 2/16/2022 | N/A | Dkts. 482-13, 551 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1062-5 | Exhibit C1 to Joint Decl. Expert Report of Dr. Zubair Shafiq, dated Oct. 14, 2021 | 10/14/2021 | Paragraphs 54, 69, 71-74, 76-81, 83-87, 89-98, 101-104, 106, 109, 111 Figure 1 pp. 112:9-10, 112:16-17 of Exhibit D-1 pp. 161:2, 161:4, 161:16, 161:18 of Exhibit D-2 pp. 289:2, 290:11-13, 290:16, 290:20, 290:23, 291:4, 297:5, 297:10, 297:25, 298:1, 298:5, 298:18, 298:23, 300:21, 301:3-4, 301:19, 302:7, 302:15, 302:17, 302:21, 302:25 of Exhibit D-3 pp. 599:2, Exhibits 36 and 59 of Exhibit D-4 | Dkt. 339-20 (Granted Dkt. 936) | **Google's Position:**<br><br>The characterizations of Google's systems in this document are inaccurate, but it purports to describe current behaviors of Google's systems and should remain sealed. The descriptions rely on confidential and proprietary descriptions of Google systems that remain active and would, if revealed, cause competitive harm to Google either by revealing its systems' actual functions and capabilities or by mischaracterizing those systems in ways that could be leveraged to harm Google's business position. *See* Berntson Declaration; Schumann Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1062-7 | Exhibit C2 to Joint Decl. Expert Rebuttal Report of Dr. Zubair Shafiq, dated Feb. 16, 2022 | 2/16/ 2022 | pp. 2-3, 5, 7-11, 15-21, 33, 37-42, 45-55, 60, 63-64, Exhibit A - Pages 3-5. Corrected PDF attached | Dkts. 496-1, 551 (Granted Dkt. 936) | **Google's Position:**<br><br>The characterizations of Google's systems in this document are inaccurate, but it purports to describe current behaviors of Google's systems and should remain sealed. The descriptions rely on confidential and proprietary descriptions of Google systems that remain active and would, if revealed, cause competitive harm to Google either by revealing its systems' actual functions and capabilities or by mischaracterizing those systems in ways that could be leveraged to harm Google's business position. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1062-9 | Exhibit C3 to Joint Decl. Declaration of Google Engineer Bryant Chan, filed ISO Google's position relating to Preservation of Joinability Keys | 6/15/ 2022 | pp. 1:19-20, 1:28, 2:8-9, 2:14-15, 2:19-23, 2:25 | Dkt. 713-8 (Granted Dkt. 936) | **Google's Position:**<br><br>This document describes the function of an internal system that manages encryption keys for Google's ads infrastructure and other Google systems. The systems described in this declaration are current systems, and the information remains sufficiently representative of Google's current systems to cause competitive harm if revealed. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not dispute that the document contains secret, confidential information that is not known outside of Google. Plaintiffs only challenge sealing of paragraphs 5 and 6.<br><br>Google's ability to join signed-in and signed-out identifiers goes to the core of the case and the public has a right to know. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1062-21 | Exhibit C9 to Joint Decl. Supplemental Report of Dr. Zubair Shafiq ISO Plaintiffs' Opp. to Google's Objections to the Special Master Report of Apr. 4, 2022 | 4/4/2022 | pp. 1:26, 2:18, 2:22-23, 2:26, 3:1-2, 3:4, 3:7,3-9, 3:17 | Dkts. 640-3, 654-3 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1062-21 | Exhibit C10 to Joint Decl. Declaration of Dr. Zubair Shafiq | 5/2/2022 | pp. 1:23-25, 2:1, 2:3-4, 2:11, 2:16, 2:18-19, 3:2-3, 3:8-9, 3:14, 3:16, 4:10-12, 4:14, 4:17-24, 5:2-4, 5:6-18, 5:21-25, 6;1, 6:3, 6:5-8, 6:13-22, 6:25-28, 7:1-2, 7:10-12, 7:14-16, 8:1-11, 8:14-20, 8:24-26, 9:3, 9:5, 9:7-15, 9:19-27, 10:1, 10:3, 10:5-24, 11:2-4, 11:7-8, 11:11-12, 11:14-15 | Dkt. 776-13 (Granted Dkt. 936) | **Google's Position:**<br><br>This document describes the contents of Google log fields and describes how its internal systems function. The document remains sufficiently representative of Google's internal systems to cause competitive harm if revealed. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| 1062-21 | Exhibit C11 to Joint Decl. Report of Dr. Zubair Shafiq | 5/2/2022 | pp. 2-10, Exhibit A in its entirety | Dkts. 909-10, 920 (Order Pending) | **Google's Position:**<br><br>This document is highly sensitive and should remain sealed. It contains raw log data from a currently operating Google log and reveals the field names and contents of that log. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1062-21 | Exhibit C13 to Joint Decl. Plaintiffs' Demonstrative Slides Presented by Dr. Shafiq | 5/2/2022 | pp. 13-14 | N/A | **Google's Position:**<br><br>Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118.<br><br>Google strongly disagrees with Plaintiffs' characterization that the five internal identifiers sought to be sealed are descriptive in the way Plaintiffs suggest. Google does not object to unsealing any aspect of Plaintiffs' description or diagrams in this document other than the specific, one-word names of its internal systems. Publishing the names of these systems, which remain active and have never been made public, would expose Google to substantial cybersecurity risks.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs recognize that the Court has already granted Google's motion to seal internal "project names." But the identifiers sought to be sealed in this document are descriptive in nature (describing the actual data management purposes of each system), and were used in open Court during the hearing on Google's motion for summary |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| | | | | | judgment. The public has a right to know about these systems. |
| 1062-24 | Exhibit C16 to Joint Decl. Deposition Excerpt with Transcript of Plaintiffs' Exhibit C15 Video clip | 6/11/2021 | pp. 665:10, 666:11-12 | Dkt. 462-75 (461-118) (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1063-4 | Exhibit C47 to Joint Decl. GOOG-CALH-00081943 | 4/2/2020 | N/A | Dkt. 461-42; 473 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1064-2 | Exhibit D2 to Joint Decl. Expert Rebuttal Report of Prof. Joseph Turow, dated Feb. 15, 2022 | 2/15/2022 | N/A | Dkt. 482-15; 551 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1064-4 | Exhibit D5 to Joint Decl. Excerpts of Deposition of Sabine Borsay, taken June 29, 2022 (pp. 1, 133-136) | 6/29/2022 | N/A | Dkts. 909-16, 920 | **Google no longer seeks to seal this material.** |
| 1064-6 | Exhibit D22 to Joint Decl. GOOG-CABR-00111820 | 7/3/2019 | N/A | Dkts. 489-37, 461-36, 461-70, 473 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1064-6 | Exhibit D23 to Joint Decl. GOOG-CABR-00111801 | 3/1/2019 | Internal identifiers at pp. -813-814, -816-820 | Dkts. 461-88, 473 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1064-6 | Exhibit D24 to Joint Decl. GOOG-CABR-05325406 | 12/18/2020 | N/A | Dkts. 461-22, 473 (Granted in relevant part Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1064-9 | Exhibit E2 to Joint Decl. Expert Rebuttal Report of Russell W. Mangum, Ph.D., dated Feb. 15, 2022 | 2/15/2022 | pp. 4-5, 8-25, 27-31, 33-34 | Dkts. 482-9, 551 (Granted Dkt. 936) | **Google's Position:**<br><br>The portions Google seeks to seal contain nonpublic revenue impact estimates based on hypothetical changes to web and browser functionality that remain possible—as well as internal research supporting those estimates—and therefore could inform Google business decisions in the present and future.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs oppose sealing the revenue impact estimates which result from theoretical changes to Google's data practices if Chrome had not sent personal information to Google. Those estimates support Plaintiffs' damages calculations and public access would not injure Google. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|---------------------|
| 1065 | Exhibit E8 to Joint Decl. Excerpts from the deposition of Steve Ganem, conducted on February 11, 2022 | 2/11/2022 | pp. 95:4-5, 95:24 | Dkts. 482-25, 551 (Granted Dkt. 936) | **Google's Position:**<br><br>Lines 95:4–5 and 95:24 reveal Google Analytics' product adoption, which remains sensitive and could be used by competitors to affect Google's competitive stance. Google Analytics' annual run rate is likewise competitively sensitive as it may affect Google business decisions and competitors may use the information to more effectively compete with Google. *See* Ganem Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1065-2 | Exhibit E9 to Joint Decl. Excerpts from the deposition of Deepak Ravichandran, conducted on January 7, 2022 | 1/7/2022 | pp. 39:23-24, 40:7-25, 41:1-24, 42:2-3, 90:3-4, 90:8-12, 90:14-16, 90:22-23, 91:1-2, 91:7, 91:9-12, 91:19-20 | Dkts. 482-27, 551 (Granted Dkt. 936) | **Google's Position:**<br><br>The material on pages 39–42, 90–91 reflect the current way that Google uses information to build profiles and organize information for ad targeting, including the function of Google's internal systems. This information remains sufficiently representative of Google's current systems to cause competitive harm if made public, and should remain sealed. The remaining paragraphs that were previously sealed may be unsealed. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1065-4 | Exhibit E10 to Joint Decl. Excerpts from the deposition of Google's 30(b)(6) designee David Monsees, conducted on April 9, 2021 | 4/9/ 2021 | pp. 321:6-322:13 | Dkts. 339-25, 356 (Granted Dkt. 936) | **Google's Position:**<br><br>Lines 321:6-322:13 describe the current behavior of Google systems, including confidential details about how Google may choose what datacenter will serve a user request. Google's methodologies for doing so are commercially sensitive because they relate to the efficient delivery of Google's services and would give competitors insight into Google's operations. *See* Monsees Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not oppose sealing. |
| 1065-6 | Exhibit E11 to Joint Decl. Google's Responses and Objections to Plaintiffs' First Set of Interrogatories (Nos. 1–7), Response to Interrogatory No. 3, dated Sept. 30, 2020 | 9/30/ 2020 | N/A | Dkt. 339-24, 356 (Granted Dkt. 936) | **Google no longer seeks to seal this material.** |
| 1065-8 (Ex E12) | Exhibit E12 to Joint Decl. Excerpts from the deposition of Google's 30(b)(6) designee Vic Liu, conducted on March 30, 2022 | 3/30/ 2022 | pp. 88:1, 88:17, 90:1–2, 95:12, 140:10, 140:15, 155:4, 155:6, 155:9, 158:11, 158:13, 160:1–2, 160:4–5, 160:15, 168:14, 168:16, 161:22, 161:24, | N/A | **Google's Position:**<br><br>Lines 88:1, 88:17, 90:1–2, 95:12, 140:10, 140:15, 155:4, 155:6, 155:9, 158:11, 158:13, 160:1–2, 160:4–5, 160:15, 168:14, and 168:16 contain internal financial details relating to Google's Ads business that have never been publicly released. Although this information is more than three years old, it continues to influence Google's business decisions and disclosure of that information could give competitors insight into Google's operations that would place Google at a |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|---------------------|
| | | | 167:11, 170:1, 170:3, 192:8, 192:13, and 192:16 | | disadvantage. *See* Liu Declaration. Lines 161:22, 161:24, 167:11, 170:1, 170:3, 192:8, 192:13, and 192:16 contain proprietary information concerning Google's technical infrastructure and nomenclature for its ads products. *See* Liu Declaration. **Plaintiffs' Position:** Plaintiffs do not oppose sealing. |
| 1065-8 (Ex E14) | Exhibit E14 to Joint Decl. GOOG-CALH-01048429, Exhibit 6 to Vic Liu deposition | 8/31/2021 | pp. -432-33, -439 | N/A | **Google's Position:** This document contains detailed nonpublic revenue impact estimates based on changes to web and browser functionality that can inform present and future Google business decisions related to future changes in web and browser functionality. |
| 1080-1 | Plaintiffs' Reply in Support of Renewed Motion for Class Certification | 12/20/2024 | pp. 12:7-10, 12:15 | N/A | **Google's Position:** Redacted portions contain descriptions of internal data logs and field functionalities. This information remains sufficiently representative of Google's current systems to cause competitive harm if revealed publicly. *See* Berntson Declaration. **Plaintiffs' Position:** Plaintiffs do not oppose sealing. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|------|-------------|------|------------------------------|------------------------|--------------------|
| 1078-1 | Plaintiffs' Notice of Motion and Motion to Strike the Report of Attorney Paul Schwartz (or in the Alternative, to Strike Portions); Memorandum of Points and Authorities in Support Thereof | 12/20/2024 | pp. 13:4-13, 13:20-23, 14:1-2, 14:5-16, 14:18-20, 15:21-28, 16:8-10, 16:18-19, 17:14-21 | Dkt. 487, 548 (Granted Dkt. 936) | **Google's Position:**<br><br>Redacted portions contain descriptions of internal systems, including logs and specific log fields, along with their functionalities. This information remains sufficiently representative of Google's current systems to cause competitive harm if revealed publicly, and it should remain sealed for the reasons in Google's prior successful motion to seal. *See* Berntson Declaration.<br><br>**Plaintiffs' Position:**<br><br>Plaintiffs do not challenge Google's request to seal names of internal identifiers. But the remainder of Google's sealing request should be rejected because the public has a right to know about Google's ability to track and map their data in the ways described in this document. For example, at 13:4-13, there is a discussion about Google's ability to map signed-out identifiers to signed-in, which is a core issue in this case. There is also a discussion of a program giving Google a "single view of a user on the same device and across different devices." Google may want to keep that internal technology a secret, but it is highly relevant to this case and the public has a right to know about it. |

| Dkt. | Description | Date | Portions Sought To Be Sealed | Previous Reqs. To Seal | Parties' Positions |
|---|---|---|---|---|---|
| 1078-11 | Exhibit J6 to the Straite Declaration 12/2/21 Liao Deposition Transcript Excerpts | 12/2/2021 | pp. 26:2, 26:10, 26:13, 26:20-21, 27:2-4, 27:6, 27:8-11, 27:14, 27:21-22, 28:23, 29:5, 29:8-9, 29:14, 29:22-25, 206:17, 206:19, 206:24, 209:10-11, 210:4, 213:4-6, 213:10 | Dkt. 487, 548 (Granted Dkt. 936) | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |
| 1088-1 | Plaintiffs' Reply in Support of Renewed Motion to Strike the Report of Attorney Paul Schwartz | 1/24/2025 | pp. 10:15, 10:17, 10:21, 11:11, 11:13-15, 11:25-26 | Dkts. 487, 548, 627 | Google seeks to seal only internal identifiers, which it understands have already been ordered sealed. *See* Dkt. 1118. |

DATED:  September 5, 2025September 5, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro (admitted *pro hac vice*)
*andrewschapiro@quinnemanuel.com*
Teuta Fani (admitted *pro hac vice*)
*teutafani@quinnemanuel.com*
Joseph H. Margolies (admitted *pro hac vice*)
*josephmargolies@quinnemanuel.com*
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
*stephenbroome@quinnemanuel.com*
Viola Trebicka (CA Bar No. 269526)
*violatrebicka@quinnemanuel.com*
Crystal Nix-Hines (Bar No. 326971)
*crystalnixhines@quinnemanuel.com*
Rachael L. McCracken (Bar No 252660)
*rachaelmccracken@quinnemanuel.com*
Alyssa G. Olson (CA Bar No. 305705)
*alyolson@quinnemanuel.com*
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
*tracygao@quinnemanuel.com*
Carl Spilly (admitted *pro hac vice*)
*carlspilly@quinnemanuel.com*
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

**BLEICHMAR FONTI & AULD LLP**

*/s/ Lesley E. Weaver*

Lesley E. Weaver (Cal. Bar No. 191305)
Anne K. Davis (Cal. Bar No. 267909)
Joshua D. Samra (Cal. Bar No. 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
*lweaver@bfalaw.com*
*adavis@bfalaw.com*
*jsamra@bfalaw.com*

Gregory S. Mullens (*pro hac vice* forthcoming)
75 Virginia Road, 2nd Floor
White Plains, New York 10603
Tel.: (415) 445-4006
*gmullens@bfalaw.com*

**DiCELLO LEVITT LLP**

*/s/ David A. Straite*

David A. Straite (admitted *pro hac vice*)
Corban Rhodes (admitted *pro hac vice*)
485 Lexington Avenue, Suite 1001
New York, NY 10017
New York, New York 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*
*chrodes@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Julia Veeser (admitted *pro hac vice*)
Ten North Dearborn Street
Sixth Floor
Chicago, IL 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*
*jveeser@dicellolevitt.com*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIMMONS HANLY CONROY LLP**

*/s/ Jay Barnes*

Jason 'Jay' Barnes (admitted *pro hac vice*)
An Truong (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*

Eric Johnson (admitted *pro hac vice*)
Jennifer Paulson (admitted *pro hac vice*)
One Court Street
Alton, IL 62002
Tel.: 618-693-3104
*ejohnson@simmonsfirm.com*
*jpaulson@simmonsfirm.com*

*Attorneys for Plaintiffs*

## ATTESTATION OF CONCURRENCE

I, Andrew H. Schapiro, hereby attest, pursuant to N.D. Cal. Civ. L.R. 5-1(i)(3), that the concurrence to the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: September 5, 2025

By: */s/ Andrew H. Schapiro*
Andrew H. Schapiro