UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK CALHOUN, ET AL.**<br><br>Plaintiffs,<br><br>v.<br><br>**GOOGLE, LLC**,<br><br>Defendant. | CASE NO. 20-cv-5146-YGR<br><br>**ORDER GRANTING IN LARGE PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 1061, 1072, 1078, 1080, 1082, 1088, 1094, 1096 |

Pending before the Court is the parties' omnibus motion to seal certain portions of the record relating to the parties' briefing on plaintiffs' renewed motion for class certification and motions to strike various expert reports related thereto.

The parties filed an initial omnibus motion, and the Court ruled the documents fell into roughly three categories: (i) confidential names of internal Google projects, (ii) personal information of putative class members (e.g., addresses, emails, search history, and IP address history), and (iii) Google internal company documents containing business proprietary information (e.g., PowerPoints, employee comments, tables). (*See* Dkt. No. 1118). The Court granted the sealing requests as to the first two categories, but noted it needed more information to properly evaluate the requests in the third.[1] The parties have now re-filed an updated omnibus sealing

---

[1] The original omnibus motion contains the following agreement:

> The Parties have met and conferred regarding the proposed sealing designations and, following that process, do not challenge each other's designations. The Parties agree that to the extent the information listed in the below tables has already been sealed, it may continue to be sealed. To the extent the information listed below is new material, the Parties jointly present this stipulation and do not challenge each other's sealing requests. The Parties further agree that information filed in connection with these motions and provisionally sealed on the docket, but not identified in the below tables, may be unsealed, as reflected in the proposed order filed herewith.

(Dkt. No. 1094 at 1-2.)
The updated sealing chart contains no representation that the above agreement has changed in any way, and the Court therefore presumes it is still in effect and applies to the sealing designations listed in the parties' updated sealing chart as well.

1  motion, and the Court **GRANTS** the majority of the sealing requests, as explained below.

2  The majority of requests contained in the updated chart are unopposed. Upon review, those
3  requests are reasonable and the Court **GRANTS** them.

4  For those that are disputed, Google is the requesting party and plaintiffs oppose. The vast
5  majority of these have already been ordered sealed either at Dkt. No. 936, the Court's prior sealing
6  order in conjunction with plaintiffs' previous motion for class certification and Google's motion
7  for summary judgment, or Dkt. No. 1118, as referenced above. Though the Court errs on the side
8  of the public' right to access information, where it has already determined compelling reasons
9  exist to seal information, the burden is on the party seeking a different determination (here,
10 plaintiffs) to demonstrate why the Court's earlier decision should be overturned. Plaintiffs fail to
11 do so. For many requests, plaintiffs simply state that whereas they do not dispute the document
12 contains Google's secret and confidential information, it is their view that the information sought-
13 to-be-sealed "goes to the core issues in the case and the public should have access." (*See*
14 *generally,* Dkt. No. 1128.) The core issues in the case have not changed since the last time the
15 Court adjudicated the earlier motions and more is needed to convince the Court it should reverse
16 itself.

17 For certain other requests, the information was not ordered sealed in a prior order but is
18 functionally identical to information that was, such as revenue estimates or Google data flows or
19 systems overviews. Plaintiffs' arguments as to these are not distinct and thus, in effect, ask the
20 Court to reverse itself.[2]

---

[2] For example, on p. 9 of the parties' latest omnibus sealing table, plaintiffs state the following:

> Plaintiffs do not challenge Google's request to seal the exhibits to the Shafiq Report, nor Google's request to seal internal names for systems. But the explanation for how these systems process the data at issue in this case go to the core of the case and the public should have access.

First, this argument does not state with particularity which portions of the relevant exhibit plaintiffs want to unseal. Nor does the argument provide the Court with a basis to treat this information, of the nature it has previously allowed defendant to keep under seal, different than it has in any of its prior orders. Finally, the Court notes that this objection is one of several in which plaintiffs raise new objections as of this filing towards many documents it previously did not object to sealing. Though the prior omnibus stated that "[t]he lack of formal opposition to a

United States District Court
Northern District of California

Additionally, the Court makes the following specific rulings:

- Google's request to keep sealed certain internal project names is **GRANTED.** Plaintiffs' attempt to distinguish these on the basis of being "descriptive" in nature is unpersuasive. The Court previously ruled that these could be sealed and declines to order otherwise now.
- As to the documents containing certain quotations included in an order from Magistrate Judge van Keulen, the requests are **DENIED** as to those portions already made public in the prior order. The rest of the document can remain under seal.

For the reasons stated above, the Court **GRANTS** the undisputed requests contained in Dkt. No. 1128, and **GRANTS** the disputed requests as specified above.

This Order terminates Docket Numbers Dkt. Nos. 1061, 1072, 1078, 1080, 1082, 1088, 1094, 1096.

**IT IS SO ORDERED.**

Dated:   September 11, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

sealing request is not an agreement that sealing is appropriate, but rather is a statement of no position and deference to the Court's determination," *see* Dkt. No. 1094 at 3 n.2, the Court notes plaintiffs had ample opportunity to challenge sealing designations before and elected not to do so.