# EXHIBIT E11
## to Joint Attorney Declaration ISO Plaintiffs' Renewed Motion for Class Certification [Filed Under Seal]

## Google's Responses and Objections to Plaintiffs' First Set of Interrogatories (Nos. 1–7), Response to Interrogatory No. 3, dated Sept. 30, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| PATRICK CALHOUN, ELAINE CRESPO, HADIYAH JACKSON, and CLAUDIA KINDLER, on behalf of all similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 5:20-cv-5146-LHK |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1–7)

Pursuant to Federal Rules of Civil Procedure Rule 33, Defendant Google LLC ("Google") hereby responds and objects to Plaintiffs' First Set of Interrogatories (Nos. 1–7). These objections and responses are made solely for the purpose of and in relation to this action, and any responses will be subject to the forthcoming Protective Order governing this case. Until the Protective Order is entered, these responses are provided with the understanding that they will not be shared with anyone other than the attorneys in the original service list. In addition, the objections and responses set forth in this document are based on Google's knowledge, investigations, and analysis to date. As discovery proceeds, Google may become aware of additional facts or evidence and its analysis of the case may change. Google reserves all rights to supplement and amend its objections and responses accordingly.

## GENERAL OBJECTIONS

The following objections apply to each and every interrogatory propounded by Plaintiffs and are incorporated into each of the specific objections by reference as if set forth fully therein:

1.　　　Google objects to Plaintiffs' Definition Nos. 3-5, 7-17, 19, and 20 and Instruction Nos. 1, 5, and 6 to the extent that they seek or purport to require the identification of "any," "all," "each," or "every" document, product, person, circumstance, company, entity, fact, or other thing

regarding or relating to a particular subject, as unduly burdensome, overbroad, and not proportional to the needs of the case.

  2.  Google objects to Plaintiffs' definition of "Google," "Defendant," "You," and "Your" as meaning Apple, Inc., which Google assumes is a mistake.  Google further objects to this definition and Instruction No. 1 to the extent that they seek to require Google to produce or otherwise analyze any document or other information that is not within the possession, custody, or control of Google.  Google further objects to this definition and instruction to the extent that they purport to impute knowledge of unspecified or unknown parties or persons to Google.  Google further objects to this definition and instruction as overly broad, vague, and ambiguous to the extent they purport to include entities other than Google, which is the only named defendant in the present action.  Google further objects to this definition and instruction to the extent that they include Google's attorneys and, therefore, cause interrogatories using "Google," "Defendant," "You," and "Your" to seek improperly information protected by the attorney-client privilege, the work product doctrine, the common interest privilege and/or any other applicable privileges or immunities.

  3.  Google objects to Plaintiffs' definitions of "Communication," "Correspondence," "Document(s)," and "File" to the extent that they conflict with the provisions of the forthcoming ESI Order pertaining to the search and production of documents.  Google further objects to each interrogatory to the extent that it requires Google to search for electronically stored information in a manner that is inconsistent with the agreements reached in the parties' ESI negotiations.

  4.  Google objects to Plaintiffs' definition of "Person(s)" as overly broad and unduly burdensome in that it purports to include "a non-human entity recognized as having the rights and obligations of a human being."

  5.  Google objects to Plaintiffs' definition of "Employee(s)" as including "any person who … purported to act on behalf of any Google entity" as overly broad, vague, and ambiguous to the extent it includes persons other than Google's employees.

  6.  Google objects to Plaintiffs' definition of "Policy" or "Policies" as overly broad, vague, and ambiguous in that it purports to include "any rule, procedure, practice, or course of

1  conduct, whether formal or informal, written, or unwritten, recorded, or unrecorded, that was

2  recognized or followed, explicitly or implicitly."

3        7.     Google objects to Plaintiffs' definition of "Relevant Period" as overly broad,

4  because it encompasses claims that may be barred by the statute of limitations.  Google further

5  objects to Plaintiffs' definition of "Relevant Period" to the extent that it encompasses information

6  and/or records that are not reasonably accessible and whose inclusion is not proportional to the

7  needs of the case.

8        8.     Google objects to Plaintiffs' definition of "Identify" to the extent that it calls for

9  information protected from discovery by any evidentiary privilege, including without limitation

10  the attorney-client privilege, the work product doctrine, the common interest privilege, or other

11  applicable privileges or immunities recognized by law.   Inadvertent disclosure of any such

12  information shall not be deemed a waiver of any privilege or immunity.  Google also objects to

13  Plaintiffs' definition of "Identify" and Instruction No. 5 to the extent that they seek to require

14  Google to identify privileged communications or documents in a manner more detailed than

15  required by the Federal Rules of Civil Procedure.  Google further objects to Plaintiffs' definition

16  of "Identify" as unduly burdensome in that it lists onerous requirements in identifying a person,

17  document, or matter.

18        9.     Google objects to Plaintiffs' definitions of "[c]oncern," "concerning,"

19  "[e]videncing," "[i]ncluding," "[r]egard," "regarding," "refer," "referring," "relate," "relating,"

20  "pertain," and "pertaining" to the extent that they propose to alter the plain meaning or scope of

21  any specific interrogatory and to the extent that such alteration renders the interrogatory vague,

22  ambiguous, and overbroad.

23        10.    Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the

24  extent they seek information and/or records that are not reasonably accessible and whose inclusion

25  is not proportional to the needs of the case.

26        11.    Google objects to Plaintiffs' Definitions, Instructions, and interrogatories to the

27  extent they conflict with or encompass information and/or records falling outside the scope of

28

DEFENDANT'S RESPONSES & OBJECTIONS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES (NOS. 1-7)

discovery under the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

12.    Google's responses to these interrogatories are hereby made without waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

        a.    All questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

        b.    The right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

        c.    The right to object at any time in connection with any further response to this or any other request for information or production of documents; and

        d.    The right at any time to supplement its responses.

13.    In offering to produce various types of documents, information, or things, Google makes no representation that any such documents, information, or things exist or are actually known (or not known) to exist.

14.    Google anticipates that future discovery, independent investigation, or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein.  Google reserves the right to modify, supplement, withdraw, or otherwise alter its responses to these interrogatories in accordance with the Federal Rules of Civil Procedure, the local rules of the Northern District of California, or any discovery orders governing this case.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

Subject to the foregoing objections, Google objects and responds to Plaintiffs' interrogatories as follows:

**INTERROGATORY NO. 1:**

For each quarter during the Relevant Period, provide the total number of Chrome users in the United States, sorted by operating system.

**RESPONSE TO INTERROGATORY NO. 1:**

Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein.  Google objects to this interrogatory as vague and ambiguous as to the meaning of "total number," "Chrome users," "in the United States," and "operating system" as unclear and not defined in any reasonable way.  Google will assume for purposes of its response that "Chrome users" means individuals who have browsed the internet using Chrome.

Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:

Google does not maintain information showing the total number of Chrome users in the United States by quarter.  Google maintains information in the ordinary course of business that can be used to show the number of devices, by Android, Chrome, iOS, Mac, or Windows operating system, that appear to have been actively running the Chrome browser in the United States, for at least part of a 28-day period.  A 28-day period for each month can be reported by the last day of the period.  A device does not necessarily correspond to a single user and a user may have multiple devices.  Further,  the numbers  in Appendix A attempt to count each device only once during a 28-day period, they are not de-duplicated across 28-day periods.  Based on Google's investigation to date, that information is set forth in Appendix A.

**INTERROGATORY NO. 2:**

For each month during the Relevant Period starting with August 2016, provide the total number of Chrome downloads in the United States, sorted by operating system.

**RESPONSE TO INTERROGATORY NO. 2:**

Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein.  Google objects to this interrogatory as vague and ambiguous as to the meaning of

"total number," "Chrome downloads," "in the United States," and "operating system" as unclear and not defined in any reasonable way.

Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:

Google does not maintain information showing the total number of "Chrome downloads" in the United States by month. Google maintains information in the ordinary course of business that can be used to show Chrome browser installations and activations for devices that appear to be in the United States, summed over every day of a calendar month, by Android, Chrome, iOS, Mac, or Windows operating system.

Based on Google's investigation to date, that information is set forth in Appendix B and is reported with the label of the first day of the covered month. "Installs Android" denotes the number of Chrome browser installation pings from devices with an Android operating system. "First Actives ChromeOS" denotes the number of Chrome browser activation pings from devices with a Chrome operating system. "Installs iOS" denotes the number of Chrome browser installation pings from devices with an iOS operating system. "Installs Mac" denotes the number of Chrome browser installation pings from devices with a MacOS operating system. "First Installs Windows" denotes the number of first time Chrome browser installation pings from devices with a Windows operating system. "Installs Windows" denotes the number of Chrome browser installation pings from devices with a Windows operating system.

**INTERROGATORY NO. 3:**

For each month during the Relevant Period, provide the total number of Chrome users in the United States who synched their Chrome browser with a Google Account during the entire month; total number who never synched their Chrome browser with a Google Account; and total number who sometimes synched their Chrome browser with a Google Account.

**RESPONSE TO INTERROGATORY NO. 3:**

Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this interrogatory as vague and ambiguous as to the meaning of "total number," "Chrome users," "never synched," and "sometimes synched" as unclear and not

defined in any reasonable way.  Google will assume for purposes of its response that "Chrome users" means individuals who use Chrome.  Google objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because the burden of collecting and producing such detailed information, on a monthly basis for a period of more than four years outweighs any likely benefit.

Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:

Google does not maintain information showing the number of Chrome users in the United States who did not sync their Chrome browser with a Google Account.  Google does maintain information in the ordinary course of business that can be used to show sync-traffic—for a 28-day period ending on the first of the month from January 1, 2017 to September 1, 2020—from Google Accounts that had sync enabled and appeared to be in the United States.  A Chrome user may have more than one Google Account.  In Appendix C, "Inactive" refers to Google Accounts that had sync enabled on a device for at least part of each 28-day period, but for which no sync-data was received in that period.  "Frequent" refers to Google Accounts that have sync enabled on a device and for which sync-data was received on four or more days in three or more weeks in the 28-day period.  "Sometimes" refers to Google Accounts that have sync enabled on a device and for which some sync-data was received but that data did not meet the threshold for "Frequent" in the 28-day period.  A Google Account could be counted in one column for one 28-day period, and in a different column for another 28-day period.

**INTERROGATORY NO. 4:**

For the entire Relevant Period in the aggregate, provide the total number of Chrome users in the United States who synched their Chrome browser with a Google Account during the entire month; total number who never synched their Chrome browser with a Google Account; and total number who sometimes synched their Chrome browser with a Google Account.

**RESPONSE TO INTERROGATORY NO. 4:**

Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this interrogatory as vague and ambiguous as to the meaning of "total number," "Chrome users," "never synched," and "sometimes synched" as unclear and not defined in any reasonable way. Google will assume for purposes of its response that "Chrome users" means individuals who have browsed the internet using Chrome. Seeking numbers of users who "synched their Chrome browser with a Google Account during the entire month" for the entire Relevant Period in the aggregate, as the interrogatory seeks, is also vague and ambiguous because it is unclear if the information requested is by month or in the aggregate. Google will assume for purposes of its response that the inclusion of the phrase "during the entire month" is a mistake, as that is the same information sought by Interrogatory No. 3. Google also objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because the burden of collecting and producing such detailed information, seemingly on a monthly basis for a period of more than four years, outweighs any likely benefit.

Subject to the foregoing general and specific objections, and based on its investigation to date, Google responds as follows:

Google does not maintain information showing the number of Chrome users in the United States who did not sync their Chrome browser with a Google Account, and that information is therefore not readily available. Google does maintain information in the ordinary course of business that can be used to show sync-traffic—for a 28-day period ending on the first of the month from January 1, 2017 to September 1, 2020—from Google Accounts that had sync enabled and appeared to be in the United States. In Appendix D, "Inactive" refers to Google Accounts that have sync enabled on a device, but from which no sync-data was received in at least one 28-day period. "Frequent" refers to Google Accounts that have sync enabled on a device and from which sync-data was received on four or more days in three or more weeks in at least one 28-day period. "Sometimes" refers to Google Accounts that have sync enabled on a device and from which some sync-data was received but that did not meet the threshold for "Frequent" in a 28-day period. An

account could be included in each of the three columns, and a user could have more than one account. Based on Google's investigation to date, that information is set forth in Appendix D.

**INTERROGATORY NO. 5:**

Identify the physical location of any server receiving, storing or processing any data collected from any Plaintiff's Chrome browser (and separately for any Class member's Chrome browsers) during the Relevant Period (including any back-ups).

**RESPONSE TO INTERROGATORY NO. 5:**

Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google objects to this interrogatory as vague and ambiguous as to the meaning of "receiving," "storing," "processing," "data collected from any Plaintiff's Chrome browser," "for any Class member's Chrome browsers," and "back-ups" as neither clear nor defined in any reasonable way. Google further objects because the information sought is not relevant to any claim or defense at issue in the case. Further, this interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks separate identification of servers for Plaintiffs and potential Class members, and because it is a burdensome exercise to map the servers related to "receiving, storing or processing" of the data at issue. The burden of collecting and producing such information would outweigh any likely benefit.

Accordingly, Google will not provide a response to this Interrogatory.

**INTERROGATORY NO. 6:**

For each such server identified in response to Interrogatory No. 5, identify all persons and/or third parties who own, or are responsible for the operations of, the servers.

**RESPONSE TO INTERROGATORY NO. 6:**

Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth fully herein. Google also incorporates its objections to Interrogatory No. 5. Google further objects to this interrogatory as vague and ambiguous because the terms "responsible" and "operations" are neither clear nor defined in any reasonable way. Google further objects because the information sought is not relevant to any claim or defense at issue in the case. Google further objects to the

1  phrases "all persons and/or third parties" who may be "responsible for the operations of" a set of

2  servers as overbroad, unduly burdensome, and seeking information that is neither relevant nor is

3  proportional to the needs of the case.  The burden of collecting and producing such information

4  would outweigh any likely benefit.

5  Accordingly, Google will not provide a response to this Interrogatory.

6  **INTERROGATORY NO. 7:**

7  Identify all officers, employees and agents responsible for the creation of Chrome and for

8  each, identify the physical locations where each works.

9  **RESPONSE TO INTERROGATORY NO. 7:**

10  Google incorporates its objections to Plaintiffs' definitions and instructions as if set forth

11  fully herein.  Google objects to this interrogatory as vague and ambiguous because the terms

12  "responsible for the creation of Chrome" and "physical locations where each works" are neither

13  clear nor defined in any reasonable way.  Further, this interrogatory is overly broad, unduly

14  burdensome, and not proportional to the needs of the case because it seeks separate identification

15  of each individual "employee," which is defined as any individual who "acted or purported to act

16  on behalf of any Google entity, or another person or persons including, but not limited to, current

17  and former officers, directors, executives, managers, supervisors, department heads, sales

18  personnel, secretaries, staff, messengers, agents, contractors, consultants, accountants and

19  auditors, attorneys, representatives, or any person acting or authorized to act on behalf of Google

20  or any division, subsidiary or entity of Google, individually or collectively."  Currently, the

21  Chrome product area has at least 1,400 employees, spread across the United States, Germany,

22  Canada, Japan, the UK, France, Australia, and other locations.  Coupled with the vague term

23  "responsible for the creation of Chrome," this interrogatory is extremely broad and unduly

24  burdensome to respond to, and any small benefit of this information is outweighed by the burden

25  of investigating, collecting, and producing such information.  Google objects further to this

26  interrogatory as vague as to which version of Chrome is being referred to.  Google is willing to

27  meet and confer on the purported relevance of this interrogatory.

28

1

2  DATED:  September 30, 2020          QUINN EMANUEL URQUHART & SULLIVAN, LLP

3                                      By   /s/ Andrew H. Schapiro
                                          Andrew H. Schapiro (admitted *pro hac vice*)
4                                         andrewschapiro@quinnemanuel.com
                                          191 N. Wacker Drive, Suite 2700
5                                         Chicago, IL 60606
                                          Telephone: (312) 705-7400
6                                         Fax: (312) 705-7401

7
                                          Stephen A. Broome (CA Bar No. 314605)
8                                         sb@quinnemanuel.com
                                          Viola Trebicka (CA Bar No. 269526)
9                                         violatrebicka@quinnemanuel.com
                                          865 S. Figueroa Street, 10th Floor
10                                        Los Angeles, CA 90017
                                          Telephone: (213) 443-3000
11                                        Fax: (213) 443-3100

12
                                          Jomaire Crawford (admitted *pro hac vice*)
13                                        jomairecrawford@quinnemanuel.com
                                          51 Madison Avenue, 22nd Floor
14                                        New York, NY 10010
                                          Telephone: (212) 849-7000
15                                        Fax: (212) 849-7100

16
                                          Josef Ansorge (admitted *pro hac vice*)
17                                        josefansorge@quinnemanuel.com
                                          1300 I. Street, N.W., Suite 900
18                                        Washington, D.C. 20005
                                          Telephone: 202-538-8000
19                                        Fax: 202-538-8100

20
                                          Jonathan Tse (CA Bar No. 305468)
21                                        jonathantse@quinnemanuel.com
                                          50 California Street, 22nd Floor
22                                        San Francisco, CA 94111
                                          Telephone: (415) 875-6600
23                                        Fax: (415) 875-6700

24                                        Thao Thai (CA Bar No. 324672)
                                          thaothai@quinnemanuel.com
25                                        555 Twin Dolphin Drive, 5th Floor
                                          Redwood Shores, CA 94065
26                                        Telephone: (650) 801-5000
                                          Fax: (650) 801-5100

27                                        *Attorneys for Defendant Google LLC*

28

11                                        Case No. 5:20-cv-5146-LHK

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Mateo, State of California.  My business address is 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065.

On September 30, 2020, I served true copies of the following document(s) described as **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1–7)** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E) (*see* Joint Case Management Statement § 8.b, Docket No. 44). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 30, 2020 at San Francisco, California.


/s/ *Thao Thai*
Thao Thai

Case No. 5:20-cv-5146-LHK
DEFENDANT'S RESPONSES & OBJECTIONS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES (NOS. 1-7)

1

## SERVICE LIST

2

*Calhoun v. Google LLC*

3

*Case No. 5:20-cv-05146-LHK*

4

*Attorneys for Plaintiffs Patrick Calhoun et al.*

BLEICHMAR FONTI & AULD LLP

5

6

**BLEICHMAR FONTI & AULD LLP**
Lesley Weaver (Cal. Bar No. 191305)

7

Angelica M. Ornelas (Cal. Bar No. 285929)
Joshua D. Samra (Cal. Bar No. 313050)

8

555 12th Street, Suite 1600
Oakland, CA 994607

9

Tel.: (415) 445-4003
Fax: (415) 445-4020

10

*lweaver@bfalaw.com*

11

*aornelas@bfalaw.com*
*jsamra@bfalaw.com*

12

13

**KAPLAN FOX & KILSHEIMER LLP**
David A. Straite (admitted *pro hac vice*)

14

Aaron L. Schwartz (admitted *pro hac vice*)
850 Third Avenue

15

New York, NY 10022
Telephone: (212) 687-1980

16

Facsimile: (212) 687-7714
*dstraite@kaplanfox.com*

17

*aschwartz@kaplanfox.com*

18

Laurence D. King (State Bar No. 206423)

19

Mario Choi (State Bar No. 243409)
1999 Harrison Street, Suite 1560

20

Oakland, CA 94612
Tel.: (415) 772-4700

21

Fax: (415) 772-4707
*lking@kaplanfox.com*

22

*mchoi@kaplanfox.com*

23

**SIMMONS HANLY CONROY LLC**

24

Mitchell M. Breit (admitted *pro hac vice*)
Jason 'Jay' Barnes (admitted *pro hac vice*)

25

An Truong (admitted *pro hac vice*)
Eric Johnson (*pro hac vice* to be sought)

26

112 Madison Avenue, 7th Floor
New York, NY 10016

27

Tel.: (212) 784-6400

28

Fax: (212) 213-5949

-2- | Case No. 5:20-cv-5146-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*mbreit@simmonsfirm.com*
*jaybarnes@simmonsfirm.com*
*atruong@simmonsfirm.com*
*ejohnson@simmonsfirm.com*

*Attorneys for Plaintiffs*

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER**

**APPENDIX A**

| Date | Android | ChromeOS | iOS | Mac | Windows |
|---|---|---|---|---|---|
| 2016-08-01 | 128,400,913 | 5,550,358 | 15,258,360 | 18,818,168 | 125,488,858 |
| 2016-09-01 | 129,323,932 | 11,489,588 | 15,688,961 | 23,133,395 | 137,347,495 |
| 2016-10-01 | 129,573,091 | 15,674,314 | 16,677,968 | 26,180,124 | 145,347,741 |
| 2016-11-01 | 130,432,549 | 16,434,673 | 16,720,334 | 27,398,050 | 145,903,721 |
| 2016-12-01 | 133,015,164 | 16,787,448 | 17,103,161 | 27,539,509 | 145,047,093 |
| 2017-01-01 | 137,307,556 | 17,116,855 | 17,667,368 | 27,285,154 | 142,697,805 |
| 2017-02-01 | 136,344,372 | 18,042,556 | 18,143,036 | 29,130,233 | 150,131,869 |
| 2017-03-01 | 138,192,626 | 18,423,273 | 18,552,271 | 29,880,407 | 151,803,662 |
| 2017-04-01 | 138,296,224 | 18,693,285 | 18,907,112 | 30,095,312 | 151,203,167 |
| 2017-05-01 | 137,817,730 | 18,797,555 | 19,091,467 | 30,395,188 | 152,466,619 |
| 2017-06-01 | 138,074,984 | 18,821,676 | 19,124,446 | 30,446,443 | 149,303,742 |
| 2017-07-01 | 138,980,291 | 11,992,093 | 18,791,682 | 27,010,999 | 139,551,318 |
| 2017-08-01 | 139,587,299 | 7,443,997 | 18,961,997 | 25,556,410 | 135,800,029 |
| 2017-09-01 | 140,251,627 | 16,571,249 | 20,011,378 | 28,500,083 | 147,436,688 |
| 2017-10-01 | 140,106,909 | 22,269,041 | 21,025,660 | 31,947,409 | 154,175,496 |
| 2017-11-01 | 138,857,202 | 23,097,512 | 21,100,628 | 33,007,717 | 155,504,690 |
| 2017-12-01 | 140,220,037 | 23,418,896 | 21,703,709 | 32,446,971 | 156,761,357 |
| 2018-01-01 | 142,963,572 | 23,811,791 | 21,817,397 | 31,884,105 | 152,285,504 |
| 2018-02-01 | 140,416,436 | 24,849,808 | 22,302,565 | 33,510,619 | 158,272,861 |
| 2018-03-01 | 140,775,974 | 25,360,776 | 22,518,725 | 34,423,051 | 160,374,630 |
| 2018-04-01 | 140,649,751 | 25,551,901 | 22,881,569 | 34,146,637 | 158,965,796 |
| 2018-05-01 | 139,042,452 | 26,047,933 | 23,087,531 | 34,125,775 | 160,770,846 |
| 2018-06-01 | 139,166,075 | 25,794,316 | 23,059,436 | 33,294,376 | 156,066,362 |
| 2018-07-01 | 140,049,287 | 15,965,123 | 22,507,372 | 30,525,208 | 146,637,439 |
| 2018-08-01 | 139,841,936 | 9,311,233 | 22,612,591 | 26,408,128 | 142,331,709 |
| 2018-09-01 | 139,735,158 | 21,630,127 | 24,156,681 | 27,082,057 | 157,202,537 |
| 2018-10-01 | 138,691,546 | 29,135,385 | 26,363,227 | 30,599,806 | 165,283,588 |
| 2018-11-01 | 137,821,720 | 30,087,257 | 26,635,050 | 31,160,295 | 164,770,384 |
| 2018-12-01 | 139,107,891 | 30,435,939 | 27,556,149 | 31,007,914 | 163,300,568 |
| 2019-01-01 | 139,700,722 | 30,854,260 | 27,524,561 | 30,193,845 | 158,215,433 |
| 2019-02-01 | 138,398,736 | 32,051,494 | 28,226,329 | 31,476,039 | 165,254,237 |
| 2019-03-01 | 138,726,720 | 32,473,175 | 28,673,884 | 32,145,167 | 170,200,393 |
| 2019-04-01 | 139,011,559 | 32,848,147 | 28,964,802 | 31,941,978 | 174,232,670 |
| 2019-05-01 | 138,010,008 | 33,076,049 | 29,176,711 | 31,999,813 | 167,326,828 |
| 2019-06-01 | 138,214,143 | 32,907,568 | 29,107,486 | 31,191,208 | 160,928,294 |
| 2019-07-01 | 139,401,783 | 20,510,379 | 28,439,249 | 27,990,046 | 150,553,354 |
| 2019-08-01 | 140,452,833 | 12,480,390 | 28,710,541 | 26,530,579 | 144,251,642 |
| 2019-09-01 | 141,989,330 | 27,136,756 | 30,250,176 | 29,593,304 | 156,306,733 |
| 2019-10-01 | 141,264,717 | 36,153,153 | 31,443,561 | 32,913,696 | 164,182,367 |
| 2019-11-01 | 141,426,725 | 36,798,123 | 31,701,913 | 32,960,094 | 166,234,975 |
| 2019-12-01 | 141,892,721 | 36,951,748 | 32,191,595 | 32,657,401 | 166,120,311 |
| 2020-01-01 | 143,813,885 | 37,272,298 | 32,611,903 | 31,666,509 | 161,217,266 |
| 2020-02-01 | 142,761,246 | 38,762,519 | 33,190,013 | 33,064,850 | 167,886,340 |
| 2020-03-01 | 141,940,287 | 39,040,975 | 33,625,030 | 33,627,037 | 169,724,924 |

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER**

| Date | Android | ChromeOS | iOS | Mac | Windows |
|---|---|---|---|---|---|
| 2020-04-01 | 143,844,556 | 38,813,874 | 35,545,584 | 33,752,222 | 175,503,374 |
| 2020-05-01 | 143,472,114 | 26,906,231 | 36,733,290 | 32,338,504 | 162,525,882 |
| 2020-06-01 | 143,566,263 | 26,870,893 | 36,187,113 | 32,220,606 | 163,169,668 |
| 2020-07-01 | 141,445,160 | 21,073,726 | 35,474,894 | 31,414,484 | 163,397,176 |
| 2020-08-01 | 139,297,727 | 19,174,534 | 35,384,755 | 31,100,014 | 163,393,859 |
| 2020-09-01 | 139,016,495 | 35,622,312 | 37,641,210 | 33,361,832 | 174,163,527 |

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER**

**APPENDIX B**

| Date | Installs Android | First Actives ChromeOS | Installs iOS | Installs Mac | First Installs Windows | Installs Windows |
|------|------|------|------|------|------|------|
| 2016-08-01 | 27,141,772 | 1,911,338 | 3,144,074 | 0 | 8,381,578 | 14,947,658 |
| 2016-09-01 | 24,277,073 | 1,396,173 | 3,189,998 | 1 | 7,282,884 | 14,366,241 |
| 2016-10-01 | 23,342,430 | 1,028,129 | 3,071,508 | 0 | 6,832,496 | 14,497,322 |
| 2016-11-01 | 23,545,056 | 969,106 | 3,118,857 | 2,291 | 6,754,004 | 13,755,707 |
| 2016-12-01 | 27,947,815 | 1,234,649 | 3,563,682 | 34,007 | 7,347,686 | 13,803,261 |
| 2017-01-01 | 23,500,071 | 1,007,386 | 3,400,027 | 1,064,843 | 7,321,405 | 13,128,194 |
| 2017-02-01 | 22,158,598 | 945,974 | 2,968,054 | 3,096,352 | 7,119,960 | 12,965,710 |
| 2017-03-01 | 23,614,627 | 1,073,067 | 3,255,833 | 3,049,425 | 7,871,004 | 17,330,300 |
| 2017-04-01 | 21,670,129 | 951,392 | 3,021,587 | 2,756,283 | 7,576,636 | 14,347,519 |
| 2017-05-01 | 22,530,743 | 1,153,835 | 3,070,769 | 2,880,561 | 7,790,510 | 14,888,556 |
| 2017-06-01 | 22,249,716 | 1,548,794 | 3,042,393 | 1,906,035 | 8,580,558 | 17,332,671 |
| 2017-07-01 | 22,896,591 | 1,768,563 | 3,151,044 | 1,710,151 | 8,004,131 | 14,195,383 |
| 2017-08-01 | 23,390,755 | 2,430,360 | 3,512,895 | 3,113,902 | 8,669,907 | 17,498,131 |
| 2017-09-01 | 22,102,528 | 1,593,351 | 3,546,371 | 3,922,186 | 7,621,588 | 18,134,879 |
| 2017-10-01 | 21,406,524 | 1,167,794 | 3,689,425 | 3,913,561 | 7,457,198 | 17,209,478 |
| 2017-11-01 | 21,991,562 | 1,029,112 | 3,673,727 | 3,422,582 | 7,259,418 | 17,153,722 |
| 2017-12-01 | 25,636,934 | 1,433,148 | 3,586,939 | 2,807,744 | 7,680,216 | 17,212,733 |
| 2018-01-01 | 21,709,365 | 965,634 | 3,575,955 | 3,320,300 | 8,138,770 | 17,246,844 |
| 2018-02-01 | 19,905,882 | 826,677 | 3,105,115 | 3,202,311 | 7,411,114 | 18,566,192 |
| 2018-03-01 | 22,779,631 | 872,882 | 3,426,050 | 3,127,375 | 8,079,378 | 19,657,522 |
| 2018-04-01 | 19,842,960 | 854,356 | 3,209,186 | 3,090,500 | 7,184,614 | 15,711,410 |
| 2018-05-01 | 20,602,643 | 992,282 | 3,260,443 | 2,932,327 | 7,667,073 | 17,830,251 |
| 2018-06-01 | 20,830,017 | 1,259,651 | 3,117,043 | 1,822,702 | 8,048,323 | 18,666,881 |
| 2018-07-01 | 20,707,842 | 1,648,148 | 3,295,287 | 1,624,113 | 8,198,705 | 15,401,975 |
| 2018-08-01 | 20,691,008 | 2,357,706 | 3,881,828 | 3,189,433 | 9,243,252 | 19,023,838 |
| 2018-09-01 | 19,550,057 | 1,465,532 | 4,116,926 | 3,898,300 | 7,587,456 | 19,070,369 |
| 2018-10-01 | 19,487,460 | 1,206,396 | 3,932,982 | 3,907,710 | 7,555,667 | 17,538,312 |
| 2018-11-01 | 19,649,841 | 1,181,167 | 3,806,955 | 3,316,717 | 7,182,692 | 17,574,235 |
| 2018-12-01 | 21,222,816 | 1,630,302 | 4,011,123 | 2,815,345 | 7,510,383 | 18,771,582 |
| 2019-01-01 | 18,998,388 | 1,140,635 | 4,155,710 | 3,389,774 | 8,094,285 | 15,182,472 |
| 2019-02-01 | 17,119,445 | 1,024,800 | 3,596,104 | 3,235,204 | 7,497,473 | 20,507,280 |
| 2019-03-01 | 20,196,436 | 1,174,873 | 3,917,127 | 3,058,020 | 8,364,441 | 28,491,201 |
| 2019-04-01 | 18,266,785 | 1,292,004 | 3,716,025 | 3,242,815 | 7,380,412 | 21,024,075 |
| 2019-05-01 | 19,332,476 | 1,498,249 | 4,088,604 | 2,961,613 | 8,128,507 | 22,255,593 |
| 2019-06-01 | 18,630,575 | 1,926,982 | 3,748,787 | 1,887,686 | 8,334,059 | 23,278,234 |
| 2019-07-01 | 19,701,551 | 2,502,671 | 3,976,701 | 1,772,098 | 8,810,555 | 18,781,988 |
| 2019-08-01 | 20,967,827 | 2,939,877 | 4,478,662 | 3,335,251 | 9,528,524 | 24,418,860 |
| 2019-09-01 | 20,551,518 | 1,960,874 | 4,370,079 | 4,243,816 | 8,431,343 | 25,152,962 |
| 2019-10-01 | 19,174,503 | 1,479,978 | 4,241,510 | 4,001,258 | 8,662,410 | 25,122,640 |
| 2019-11-01 | 19,057,135 | 1,284,056 | 4,063,526 | 3,219,136 | 8,221,131 | 26,529,707 |

3

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER**

| Date | Installs Android | First Actives ChromeOS | Installs iOS | Installs Mac | First Installs Windows | Installs Windows |
|---|---|---|---|---|---|---|
| 2019-12-01 | 22,588,190 | 2,053,681 | 5,014,964 | 2,911,569 | 8,956,629 | 22,601,974 |
| 2020-01-01 | 21,079,105 | 1,313,141 | 4,700,079 | 3,539,260 | 9,321,496 | 25,646,656 |
| 2020-02-01 | 19,468,442 | 1,170,407 | 4,256,821 | 3,313,363 | 8,140,281 | 27,859,242 |
| 2020-03-01 | 19,997,794 | 1,753,289 | 5,358,943 | 3,258,858 | 10,634,098 | 25,798,924 |
| 2020-04-01 | 17,844,101 | 1,648,197 | 5,528,948 | 2,760,897 | 9,743,702 | 33,507,610 |
| 2020-05-01 | 19,865,449 | 1,362,558 | 4,759,628 | 2,162,638 | 8,803,938 | 25,674,224 |
| 2020-06-01 | 18,752,156 | 1,868,920 | 4,402,527 | 1,745,241 | 9,056,985 | 26,604,250 |
| 2020-07-01 | 19,442,007 | 2,608,650 | 4,520,025 | 1,730,328 | 9,975,452 | 24,866,420 |
| 2020-08-01 | 21,414,169 | 3,792,795 | 5,671,236 | 2,807,589 | 10,978,473 | 30,017,559 |

4

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER**

**APPENDIX C**

| Date | Inactive | Frequent | Sometimes |
|---|---|---|---|
| 2017-01-01 | 118,888,896 | 385 | 100,079,684 |
| 2017-02-01 | 125,425,197 | 385 | 103,987,221 |
| 2017-03-01 | 122,525,202 | 75,970,199 | 39,665,842 |
| 2017-04-01 | 127,095,125 | 77,163,789 | 40,232,768 |
| 2017-05-01 | 131,084,004 | 78,393,465 | 41,318,523 |
| 2017-06-01 | 142,904,836 | 74,077,991 | 37,765,529 |
| 2017-07-01 | 152,687,711 | 74,582,326 | 33,088,103 |
| 2017-08-01 | 149,522,439 | 77,337,877 | 43,095,267 |
| 2017-09-01 | 147,735,226 | 83,569,798 | 46,019,008 |
| 2017-10-01 | 151,488,576 | 84,637,695 | 47,018,491 |
| 2017-11-01 | 152,337,695 | 84,373,082 | 47,943,117 |
| 2017-12-01 | 155,037,832 | 82,445,814 | 52,084,711 |
| 2018-01-01 | 157,348,189 | 75,649,092 | 61,789,947 |
| 2018-02-01 | 159,798,027 | 85,586,454 | 54,973,693 |
| 2018-03-01 | 162,622,897 | 88,453,110 | 53,473,526 |
| 2018-04-01 | 167,051,358 | 88,173,855 | 54,927,763 |
| 2018-05-01 | 171,647,870 | 88,877,935 | 54,170,040 |
| 2018-06-01 | 175,685,465 | 88,901,840 | 53,879,256 |
| 2018-07-01 | 191,171,640 | 83,144,026 | 48,763,973 |
| 2018-08-01 | 203,479,420 | 83,096,042 | 41,954,018 |
| 2018-09-01 | 195,171,393 | 87,455,099 | 53,410,979 |
| 2018-10-01 | 191,482,131 | 98,764,761 | 52,894,158 |
| 2018-11-01 | 194,530,824 | 98,720,046 | 54,844,999 |
| 2018-12-01 | 198,377,181 | 96,112,150 | 57,459,812 |
| 2019-01-01 | 202,493,134 | 87,725,707 | 67,377,284 |
| 2019-02-01 | 205,621,202 | 100,973,217 | 55,573,377 |
| 2019-03-01 | 205,394,745 | 104,445,660 | 56,614,411 |
| 2019-04-01 | 207,247,741 | 106,864,932 | 57,099,446 |
| 2019-05-01 | 205,064,931 | 106,716,050 | 63,647,490 |
| 2019-06-01 | 207,326,311 | 108,298,761 | 62,924,625 |
| 2019-07-01 | 222,981,506 | 99,952,699 | 58,900,480 |
| 2019-08-01 | 218,700,619 | 106,411,768 | 60,723,143 |
| 2019-09-01 | 203,710,106 | 116,101,792 | 76,566,373 |
| 2019-10-01 | 198,491,896 | 131,404,133 | 72,330,300 |
| 2019-11-01 | 202,810,240 | 130,804,523 | 72,869,760 |
| 2019-12-01 | 206,788,151 | 128,134,888 | 77,328,645 |
| 2020-01-01 | 213,088,444 | 109,957,892 | 94,792,304 |
| 2020-02-01 | 215,488,924 | 133,693,596 | 74,277,197 |
| 2020-03-01 | 217,683,787 | 134,670,573 | 74,117,916 |
| 2020-04-01 | 220,929,211 | 124,643,106 | 88,032,778 |
| 2020-05-01 | 234,409,580 | 136,728,941 | 67,212,910 |
| 2020-06-01 | 240,237,062 | 132,305,947 | 70,855,971 |

5

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER**

| Date | Inactive | Frequent | Sometimes |
|---|---|---|---|
| 2020-07-01 | 255,523,766 | 121,994,470 | 70,169,133 |
| 2020-08-01 | 265,192,904 | 121,374,265 | 66,597,220 |
| 2020-09-01 | 251,201,691 | 127,318,022 | 83,174,197 |

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY– SUBJECT TO PROTECTIVE ORDER**

APPENDIX D

| Date Range | Inactive | Frequent | Sometimes |
|---|---|---|---|
| **2017-01-01 to 2020-09-01** | 449,884,837 | 312,198,616 | 459,311,868 |