**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice)*
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice)*
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900
Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Stephen A. Broome (CA Bar No. 314605)
*stephenbroome@quinnemanuel.com*
Viola Trebicka (CA Bar No. 269526)
*violatrebicka@quinnemanuel.com*
Crystal Nix-Hines (CA Bar No. 326971)
*crystalnixhines@quinnemanuel.com*
Alyssa G. Olson (CA Bar No. 305705)
*alyolson@quinnemanuel.com*
Teuta Fani (CA Bar No. 360443)
*teutafani@quinnemanuel.com*
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brett Watkins (admitted *pro hac vice)*
brettwatkins@quinnemanuel.com
700 Louisiana St., Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100

*Attorneys for Defendant Google LLC*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| PATRICK CALHOUN, *et al*., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:20-cv-05146-YGR-SVK<br><br>**DEFENDANT GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hon. Yvonne Gonzalez Rogers |

Defendant Google LLC ("Google") answers Plaintiffs' First Amended Complaint as follows:

Google interprets any headings and the Table of Contents to provide a roadmap to the allegations and not as allegations themselves. Google therefore does not provide a specific response to the headers or the Table of Contents. To the extent a response is required, Google denies any allegations contained therein.

1.    This paragraph merely provides Plaintiffs' description of Plaintiffs' lawsuit and thus no answer is required. To the extent an answer is required, Google denies the allegations in Paragraph 1.

2.    Google admits that the Chrome Privacy Notice in effect as of January 15, 2021 states the following:

> You don't need to provide any personal information to use Chrome, but Chrome has different modes that you can use to change or improve your browsing experience. Privacy practices are different depending on the mode that you're using.
> …
> The personal information that Chrome stores won't be sent to Google unless you choose to store that data in your Google Account by turning on sync, or, in the case of passwords, payment cards, and billing information, choosing specific credentials or payment card and billing information to store in your Google Account.

To the extent this paragraph quotes portions of other documents—such as prior versions of the Chrome Privacy Notice—Google refers to the actual documents for their contents. Google otherwise denies the allegations and characterizations in Paragraph 2.

3.    Google specifically denies that it acted unlawfully. Google avers that, as explained in the Chrome Privacy Notice, Sync is a Chrome feature that allows users to save certain categories of information in their Google Accounts so that they may access that information when they sign in and sync to Chrome on their other computers and devices. Google further avers that it has never represented that not enabling Sync will prevent Google from receiving information from publishers using its services. Rather, Google further avers that the data flow described herein is fully consistent with and disclosed in Google's Privacy Policy, the Chrome Privacy Notice, and other disclosures. Google further avers that the data flow is transparent and can be viewed by users using "Developer Tools" in Chrome and similar tools in other browsers. Google further avers that whether the

information Google receives from publishers using its web services constitutes "personal information" depends on the particular facts and circumstances of each case and is ultimately a legal question to which no response is required. Google denies the remaining allegations and characterizations in Paragraph 3.

4.    Google admits that certain Google services, such as Analytics and Google Ad Manager, are configured to receive information when users visit publishers that have chosen to install those Google services. Google avers that these services use Google source code that publishers choose to install in the code of their own sites and is configured to cause the user's browser—any browser, not just Chrome—to send certain information to Google so that Google can provide the services the website requested. Google further avers that the information that Google receives to provide these services may include: IP address, HTTP headers (which may contain information about the user's browser or device (i.e., "user-agent")), cookies, referrer URL, and the URL of the website requesting the service. The information Google receives depends on several factors, including the Google services the website has installed, the user's browser choice and choice of browser mode, settings and features the user has enabled within that browser, plug-ins that the user has installed, and other factors. Google avers that the Google services data flow described in this paragraph is not unique to Chrome (with the exception of the X-Client-Data header value discussed below), and is distinct from Chrome's Sync feature. Google admits that, for Chrome users, the X-Client Data header value may be among the information Google receives from its services on third-party websites, but denies that the X-Client Data header is a "unique browser identifier." Google avers that the X-Client-Data header value is not always sent to Google when a user interacts with a Google service. For example, the X-Client Data header value is not sent to Google Analytics. Nor is the X-Client Data header value sent in Incognito mode. Google further avers that the purpose of the X-Client Data header is for Google services to be informed of the Chrome variations being run on a particular instance of the Chrome browser to ensure new features in Chrome are working as intended. The X-Client Data header value is designed to have low entropy, which means that it is not uniquely identifying. Indeed, the X-Client Data header value for any particular instance of

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Chrome is identical to the header assigned to many other Chrome users. Google denies the remaining allegations and characterizations in Paragraph 4.

5.     Google incorporates herein its answer to Paragraph 3. Google lacks information sufficient to form a belief about the "specific examples" referenced in the First Amended Complaint and thus no response is required; to the extent a response is required, Google denies the allegations. Google denies the remaining allegations and characterizations in Paragraph 5.

6.     Google admits that its Privacy Policy states that "[p]ersonal information . . . is information that you provide to us which personally identifies you, such as your name, email address, or billing information, or other data that can be reasonably linked to such information by Google, such as information we associate with your Google Account." Google avers that, although the foregoing language appears in Google's Privacy Policy, and Plaintiffs characterize that document as a "contract," that is inconsistent with Plaintiffs' arguments to the Court that the Privacy Policy is not part of the parties' contract. The remainder of Paragraph 6 states legal conclusions to which no response is required.

7.     Google incorporates herein its answer to Paragraph 3. Google admits that, as described in the Privacy Policy, Google may associate data received from Chrome users that have Google Accounts with their Accounts---for example, if the users sign in to their Accounts. The remainder of this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Google denies the allegations and characterizations contained in Paragraph 7.

8.     Paragraph 8 states legal conclusions to which no response is required. To the extent that a response is required, Google denies the allegations and characterizations contained in Paragraph 8.

9.     Denied.

10.     Denied.

11.     Paragraph 11 states legal conclusions to which no response is required. To the extent that a response is required, Google denies the allegations and characterizations contained in Paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is required. To the extent that a response is required, Google denies the allegations and characterizations contained in Paragraph 12.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent that a response is required, Google denies the allegations and characterizations contained in Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required.

15. Paragraph 15 states legal conclusions to which no response is required.

16. Paragraph 16 states a legal conclusion to which no response is required.

17. Paragraph 17 states a legal conclusion to which no response is required.

18. Paragraph 18 states a legal conclusion to which no response is required.

19. Paragraph 19 states a legal conclusion to which no response is required.

20. Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 20, and on that basis denies those allegations.

21. Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 21, and on that basis denies those allegations.

22. Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 22, and on that basis denies those allegations.

23. Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 23, and on that basis denies those allegations.

24. Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 24, and on that basis denies those allegations.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

25.     Google denies the allegations regarding Google's alleged violation of its promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 25, and on that basis denies those allegations.

26.     Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 26, and on that basis denies those allegations.

27.     Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 27, and on that basis denies those allegations.

28.     Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 28, and on that basis denies those allegations.

29.     Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 29, and on that basis denies those allegations.

30.     Google denies the allegations regarding Google's alleged promises and Plaintiff's alleged lack of consent. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 30, and on that basis denies those allegations.

31.     Google admits that it is a Delaware limited liability company whose headquarters are located at 1600 Amphitheatre Way, Mountain View, California. Google admits Google LLC's membership interests are held by its parent holding company, Alphabet, Inc. Google admits that Alphabet, Inc. is headquartered at 1600 Amphitheatre Way, Mountain View, California. Google admits that certain Alphabet stock is traded under the stock ticker symbols GOOG and GOOGL. Google denies the remaining allegations and characterizations in Paragraph 31.

32.     Paragraph 32 clarifies a shorthand convention used in Plaintiffs' complaint and does not require a response.

33.     Paragraph 33 states legal conclusions to which no response is required.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

34.     Google avers that there is no Exhibit 1 attached to the First Amended Complaint but is informed by Plaintiffs' counsel that this paragraph refers to Exhibit 1 to the original complaint. Google admits that the documents referenced in Exhibit 1 to the original complaint are periodically updated. Google avers that Plaintiffs' allegation that the "core contract terms relevant to this Action are the same throughout the Relevant Period" is inconsistent with their allegations that Google's Privacy Policy (1) was part of their alleged contract with Google since at least the inception of the Relevant Period, and (2) the Privacy Policy was not part of their alleged contract with Google on the date they filed their first complaint. The remainder of paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 34.

35.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The paragraph also states legal conclusions to which no response is required.

36.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The paragraph also states legal conclusions to which no response is required.

37.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The paragraph also states legal conclusions to which no response is required.

38.     This paragraph purports to paraphrase and characterize the contents of documents. Those documents speak for themselves. Google refers to the documents themselves for their full content. The paragraph also states legal conclusions to which no response is required.

39.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.

40.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.

41.     Paragraph 41 states a legal conclusion to which no response is required.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

42. This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

43. This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Specifically, the Chrome Privacy Notice states: "The personal information that Chrome stores won't be sent to Google unless you choose to store that data in your Google Account by turning on sync, or, in the case of passwords, payment cards, and billing information, choosing specific credentials or payment card and billing information to store in your Google Account. Learn More." Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph. The paragraph also states legal conclusions to which no response is required.

44. This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Specifically, the Chrome Privacy Notice states: "You don't need to provide any personal information to use Chrome, but Chrome has different modes that you can use to change or improve your browsing experience. Privacy practices are different depending on the mode that you're using." Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph. The paragraph also states legal conclusions to which no response is required.

45. This paragraph purports to paraphrase and characterize the contents of documents. Those documents speaks for themselves. Google refers to the documents themselves for their full content. Google denies the remaining allegations and characterizations in this paragraph. The paragraph also states legal conclusions to which no response is required.

46. This paragraph purports to paraphrase and characterize the contents of documents. Those documents speaks for themselves. Google refers to the documents for their full content. Google admits that the affirmative steps a Chrome user takes to enable or disable Sync on a desktop are described in the Chrome Help Center articles that Plaintiffs cite. Google denies the remaining allegations and characterizations in this paragraph.

47.    Google admits that Footnote 6 to Paragraph 47 cites an archived version of a Google Chrome support page that describes a process for signing into Chrome and customizing sync settings.  Google refers to the document itself for its full contents.  Google admits that, to the best of its knowledge and recollection, the process described was accurate. Google denies the remaining allegations and characterizations in this paragraph.

48.    Google admits that Footnote 7 to Paragraph 48 cites a third party "Wikihow" page titled "How to Sync Bookmarks in Chrome on iPhone or iPad." *See* Travis Boylss, *How to Sync Bookmarks on Chrome on iPhone or iPad*, WikiHow (Dec. 24, 2017), https://www.wikihow.tech/Sync-Bookmarks-on-Chrome-on-iPhone-or-iPad. Google avers that it does not understand what it means to "enable Chrome" and therefore denies the remaining allegations in this paragraph.

49.    This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. The paragraph also states legal conclusions to which no response is required.

50.    This paragraph states legal conclusions to which no response is required.

51.    Google denies that its Privacy Policy's definition of "personal information," which was implemented long before the CCPA went into effect, "expressly tracks" the CCPA definition of Personal Information. The remainder of this paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

52.    This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Google denies the allegations and characterizations in this paragraph.

53.    This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

54.    Google avers that an IP address is a string of numbers that identifies a particular connection to the Internet, which may be used by (i) a single computer or other machine; or (ii) a

group of computers or other machines. Google denies the remaining allegations and characterizations in this paragraph.

55.     Google admits that, among other uses, IP addresses can be used to identify and route communications on the Internet.

56.     Admitted.

57.     Google avers individual Internet users do not have IP addresses; Internet connected devices (or groups of devices) do. Google admits that IP addresses are used by various entities, such as ISPs and websites, to route Internet communications. Google avers that it lacks information sufficient to respond to allegations about "tracking companies" and therefore denies those allegations. Google denies the remaining allegations and characterizations in Paragraph 57.

58.     Google admits that certain of its services, such as Analytics and Ad Manager, are configured to receive IP addresses so that Google can provide the service requested.  Google avers that the remainder of this paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

59.     Google admits that when a user signs into a Gmail account, Google may log the IP address of the device being used. The remainder of this paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

60.     Plaintiffs' allegation regarding what Google "is capable of" calls for speculation and thus no response is required. To the extent a response is required, Google denies the allegation. Google avers that it maintains policies and processes to prevent the combination of data elements such as IP address or user-agent information for the purpose of identifying individual users. Google denies the remaining allegations and characterizations in this paragraph.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

61. Google incorporates herein its answer to paragraph 60 and on that basis denies the allegations.

62. Admitted.

63. Google admits that cookies can perform different functions. Google denies the remaining allegations and characterizations in Paragraph 63.

64. This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

65. Google admits that some cookies may be categorized by duration and some cookies may be categorized by party. Google denies the remaining allegations and characterizations in Paragraph 65.

66. This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

67. This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

68. Google admits that it uses the cookies identified in this paragraph. Google denies the remaining allegations and characterizations in Paragraph 68.

69. Google admits that it sets, receives, and stores first-party cookies on behalf of Google Analytics customers. Google denies the remaining allegations and characterizations in Paragraph 69.

70. Google lacks information sufficient to respond and therefore denies the allegations in this paragraph.

71. Google admits that a cookie value could be set in a website pixel. Google denies the remaining allegations and characterizations in Paragraph 71.

72. This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

73. Google admits that Google Analytics "cid" cookies are set on behalf of—and are unique to—websites that use Google Analytics. Google receives the Google Analytics "cid" cookie on behalf of the websites that use Google Analytics services. Google does not use the "cid" cookie other than to provide Analytics services to the website on whose behalf the cookie was set. Google denies the remaining allegations and characterizations in Paragraph 73.

74. Google admits that it receives the Google Analytics "cid" cookie on behalf of the websites that use Google Analytics services, regardless of a user's sync or log-in  status. Google denies the remaining allegations and characterizations in Paragraph 74.

75. Google admits that, in certain circumstances, it receives and uses cookies identified in this paragraph. Google denies the remaining allegations and characterizations in Paragraph 75.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Google admits that it published a Chrome Privacy White Paper on March 6, 2018. Google denies the remaining allegations and characterizations in Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations and characterizations in Paragraph 82.

83. This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

84.     This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph. The paragraph also states legal conclusions to which no response is required.

85.     Google denies that the White Paper made any false representations. The remainder of this paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

86.     This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

87.     Google incorporates herein its response to Paragraph 4 to the extent it discusses the X-Client Data header. Google further responds that this paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

88.     Google incorporates herein its response to Paragraph 4 to the extent it discusses the X-Client Data header. Google further responds that this paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

89.     This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

90.     This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

91. Google denies that it made false representations in the White Paper. The remainder of this paragraph purports to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

92. This paragraph purports to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

93. Google incorporates herein its response to Paragraph 4 to the extent it discusses the X-Client Data header. Otherwise denied.

94. Google avers that "browsing history," in the context of the Chrome Privacy Notice, is data that a user could choose to sync to their Google Account as Chrome History, namely, visited URLs, window and tab ids, and timestamps. Otherwise denied.

95. This paragraph states a legal conclusion to which no response is required.

96. Denied. Google avers that the Chrome Privacy Notice states: "When you sign in to the Chrome browser or a Chromebook and enable sync with your Google Account, your personal information is saved in your Google Account on Google's servers so you may access it when you sign in and sync to Chrome on other computers and devices. This personal information will be used and protected in accordance with the Google Privacy Policy. This type of information can include: … Browsing history." Google further avers that these statements are consistent with the Privacy Policy, which makes clear that when information, such as browsing history, is stored in a user's Google Account (which may contain information that identifies them personally) Google will treat the information as personal information.

97. Denied.

98. This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

99.    This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

100.    This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

101.    This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

102.    This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

103.    This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

104.    The first and last sentences of this paragraph purport to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google admits that, in or around 2011, it acquired PostRank. Google denies the remaining allegations and characterizations in this paragraph.

105.    Denied.

106.    Denied.

107.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details

and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

108.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

109.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

110.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

111.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

112.    This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

113.    Google admits the allegations in Paragraph 113.

114.    Denied.

115.    Google admits that, like most modern internet traffic, communications are generally transmitted from and to Chrome through a process called packet-switching.

116.   Google lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

117.   This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

118.   This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

119.   This paragraph makes generalizations about topics that are highly dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

120.   This paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

121.   Google admits that Chrome uses Hypertext Transfer Protocol (HTTP), including GET and POST requests. Otherwise denied.

122.   Google lacks information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in Paragraph 122.

123.   Google lacks information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies the allegations in Paragraph 123.

124.   These allegations relate to claims that were dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

125.    These allegations relate to claims that were dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

126.    These allegations relate to claims that were dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

127.    These allegations relate to claims that were dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

128.    These allegations relate to claims that were dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

129.    Google admits that, generally speaking, when a user visits a website in Chrome or any other browser, the source code that the developer has installed on the website will instruct the browser to render certain information. The remainder of this paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph except as otherwise admitted.

130.    Google avers that it cannot and does not instruct developers to install Google's source code. Rather, developers that want to use Google's services may choose to download and install Google's source code on their websites. To the extent that this paragraph purports to paraphrase and characterize statements in a document, Google refers to the document itself for its full contents. Google denies the remaining allegations and characterizations in Paragraph 130.

131.    Denied.

132.    Google admits that the transmission process between Chrome and a website may involve a series of data exchanges. The remainder of this paragraph makes generalizations about topics that are dependent on unique facts and circumstances, and therefore Google cannot reasonably respond. Google thus lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

133.    Google admits that web browsers, including Chrome, may continue to exchange data with website servers while a user is visiting the website, including after a website's graphics appear to have been fully rendered. Google denies the remaining allegations and characterizations in Paragraph 133.

134.    Google admits that certain contents of web browser communications may be re-directed to third parties for a variety of purposes (including, *e.g.*, to render advertisements, fonts, maps, or to provide other features or content), and this re-direction may occur at the same time that the transmission and exchange of the communication is happening between the user's browser and the website server. Google denies the remaining allegations and characterizations in Paragraph 134.

135.    Denied.

136.    Google lacks sufficient information to admit or deny the allegations in Paragraph 136, and on that basis denies those allegations.

137.    Google admits that, depending on the circumstances, it may receive information as a result of pixels or iframes that websites have installed on their sites. Google denies the remaining allegations and characterizations in this paragraph.

138.    Denied.

139.    Google admits that iFrames are components that let a web designer load external URL elements to their page and that Google Tag Manager snippets can be pasted into an iFrame. Google denies the remaining allegations and characterizations in this paragraph.

140.    Google admits that it writes source code that web developers may choose to install on their websites to obtain Google's services, including source code for Google Tag Manager. Google avers that the existence of source code on a particular website is publicly-available information that may be viewed by users using "Developer Tools" in Chrome and similar tools in other browsers. Google denies the remaining allegations and characterizations in this paragraph.

141.    Google incorporates herein its answer to Paragraph 4. Google denies the remaining allegations and characterizations in Paragraph 141.

142.    Paragraph 142 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations and characterizations in Paragraph 142.

Case No. 4:20-cv-05146-YGR-SVK
GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

143.    Paragraph 143 appears to propose a hypothetical to which no response is required. To the extent a response is required, Google denies the allegations and characterizations in Paragraph 143.

144.    Google admits that, when a user clicks a hyperlink to a website, certain information is placed in temporary storage. Google denies the remaining allegations and characterizations in Paragraph 144.

145.    Google admits that, when a user clicks a hyperlink to a website, certain information, including a GET request, is sent to that website. Google denies the remaining allegations and characterizations in Paragraph 145.

146.    Google lacks the details and information necessary to form a belief about the truth of the generalized allegations in this paragraph, and on that basis denies the allegations and characterizations in this paragraph.

147.    Google admits that a number of browser communications may be initiated via clicking a hyperlink, including communications with the website along with certain third parties. Google denies the remaining allegations and characterizations in Paragraph 147.

148.    Google incorporates herein its answer to Paragraph 4. Google admits that if a website has chosen to install Google code to obtain Google services, such as Google Ad Manager, Google AdSense, Google Analytics, and Google Captcha, Google may receive certain information from the user's browser (any browser, not just Chrome) when the user visits that website. Google denies the remaining allegations and characterizations in Paragraph 148.

149.    Google incorporates herein its response to Paragraph 4. Google denies the remaining allegations and characterizations in Paragraph 149.

150.    Google lacks sufficient information to admit or deny the allegations in Paragraph 150, and on that basis denies those allegations.

151.    Google incorporates herein its response to Paragraph 4. Google denies the remaining allegations and characterizations in Paragraph 151.

152.    Google incorporates herein its response to Paragraph 4. Google denies the remaining allegations and characterizations in Paragraph 152.

153.    Google incorporates herein its response to Paragraph 4. Google admits that enabling or not enabling Sync does not affect whether Google receives the X-Client-Data header value when it is sent by Chrome. Otherwise denied.

154.    Google incorporates herein its response to Paragraph 4. Otherwise denied.

155.    Google admits that Google Analytics "cid" cookies are set on behalf of—and are unique to—websites that use Google Analytics. Google receives the Google Analytics "cid" cookie on behalf of the websites that use Google Analytics services, regardless of whether the user has sync enabled.

156.    Google incorporates herein its answer to Paragraph 4.  Google admits that, depending on the circumstances, it may receive third-party cookie values regardless of whether a user has sync enabled. Google admits that it may receive unauthenticated cookie values regardless of whether a user is signed into a Google Account. Google denies the remaining allegations and characterizations in this paragraph.

157.    Google incorporates its answer to Paragraph 4. Google admits that it may receive third-party cookie values regardless of whether a user has sync enabled. Google denies the remaining allegations and characterizations in Paragraph 157.

158.    Google incorporates its answer to Paragraph 4. Google admits that it may receive third-party cookie values regardless of whether a user has sync enabled. Google denies the remaining allegations and characterizations in Paragraph 158.

159.    Denied.

160.    Google admits that cookie blockers generally do not block the transmission of non-cookie information. Google denies the remaining allegations and characterizations in Paragraph 160.

161.    Google lacks sufficient information to admit or deny the allegations in Paragraph 161, and on that basis denies those allegations.

162.    Google lacks sufficient information to admit or deny the allegations in Paragraph 162, and on that basis denies those allegations.

Case No. 4:20-cv-05146-YGR-SVK

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

163. Google lacks sufficient information to admit or deny the allegations in Paragraph 163, and on that basis denies those allegations.

164. Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 164, and on that basis denies those allegations.

165. Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 165, and on that basis denies those allegations.

166. Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 166, and on that basis denies those allegations.

167. Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 167, and on that basis denies those allegations.

168. Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the allegations in Paragraph 168, and on that basis denies those allegations.

169. Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 169, and on that basis denies those allegations.

170. Paragraph 170 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 170, and on that basis denies those allegations.

171. Google incorporates herein its responses to Paragraphs 3 and 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 171, and on that basis denies those allegations.

172.    Google admits that the IDE cookie is set and received when a user visits a website that uses Google ad services and sends information to Google's doubleclick.net domain. Google denies the remaining allegations and characterizations in Paragraph 172.

173.    Google admits that it receives third-party cookie values, such as adsid, regardless of whether a user has sync enabled. Google denies the remaining allegations and characterizations in Paragraph 173.

174.    Google lacks information sufficient to determine whether Google received the information alleged, or whether "Google will use" information in the manner described, and on that basis denies the allegations.  Google further avers that this paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations. Google denies the remaining allegations and characterizations in Paragraph 174.

175.    Google lacks sufficient information to admit or deny the allegations in Paragraph 175, and on that basis denies those allegations.

176.    Google lacks sufficient information to admit or deny the allegations in Paragraph 176, and on that basis denies those allegations.

177.    Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 177, and on that basis denies those allegations.

178.    Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 178, and on that basis denies those allegations.

179.    Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 179, and on that basis denies those allegations.

180.    Google avers that, as shown in the screenshot in Paragraph 176, Plaintiff Crespo was signed in to her Google Account at the time she visited certain websites that use Google's services. Google's Privacy Policy makes clear that, when users are signed in to their Google Accounts, the information Google receives will be associated with their Google Accounts and treated as personal

-22-

information. Google further avers that the Privacy Policy also makes clear that Google may use such information for advertising purposes, from which Google may generate revenue. Google lacks information sufficient to determine whether that occurred in this particular instance, or whether "Google will use" information in the manner described, and on that basis denies the allegations. Google further avers that this paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations. Google denies the remaining allegations and characterizations in Paragraph 180.

181.    Google lacks sufficient information to admit or deny the allegations in Paragraph 181, and on that basis denies those allegations.

182.    Google lacks sufficient information to admit or deny the allegations in Paragraph 182, and on that basis denies those allegations.

183.    Google lacks sufficient information to admit or deny the allegations in Paragraph 183, and on that basis denies those allegations.

184.    Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 184, and on that basis denies those allegations.

185.    Google incorporates herein its response to Paragraph 4. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 185, and on that basis denies those allegations.

186.    Google avers that, as shown in the screenshot in Paragraph 182, Plaintiff Jackson was signed in to her Google Account at the time she visited certain websites that use Google's services. Google's Privacy Policy makes clear that, when users are signed in to their Google Accounts, the information Google receives may be associated with their Google Accounts and treated as personal information. Google further avers that the Privacy Policy also makes clear that Google may use such information for advertising purposes, from which Google may generate revenue. Google lacks information sufficient to determine whether that occurred in this particular instance, or whether "Google will use" information in the manner described, and on that basis denies the allegations. Google further avers that this paragraph states legal conclusions to which no

response is required. To the extent a response is required, Google denies the allegations. Google denies the remaining allegations and characterizations in Paragraph 186.

187. Google lacks sufficient information to admit or deny the allegations in Paragraph 187, and on that basis denies those allegations.

188. Google lacks sufficient information to admit or deny the allegations in Paragraph 188, and on that basis denies those allegations.

189. Google lacks sufficient information to admit or deny the allegations in Paragraph 189, and on that basis denies those allegations.

190. Denied.

191. Denied.

192. Google lacks sufficient information to admit or deny the allegations in Paragraph 192, and on that basis denies those allegations.

193. Google lacks sufficient information to admit or deny the allegations in Paragraph 193, and on that basis denies those allegations.

194. Google lacks sufficient information to admit or deny the allegations in Paragraph 194, and on that basis denies those allegations.

195. Google lacks sufficient information to admit or deny the allegations in Paragraph 195, and on that basis denies those allegations.

196. Google lacks sufficient information to admit or deny the allegations in Paragraph 196, and on that basis denies those allegations.

197. Google admits that Footnote 20 to Paragraph 197 purports to be a link to *Browser Market Share United States of America: May 2019–May 2020*, GlobalStats, https://gs.statcounter.com/browser-market-share/all/united-states-of-america (last visited June 19, 2020). Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 197, and on that basis denies those allegations.

198. Paragraph 198 states legal conclusions to which no response is required.

199. Paragraph 199 states legal conclusions to which no response is required.

200. Paragraph 200 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

201. Denied.

202. This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

203. This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

204. This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

205. This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

206. This paragraph purports to paraphrase and characterize the contents of documents. The documents speak for themselves. Google refers to the documents for their full contents and denies the allegations to the extent they are inconsistent with the documents.

207. This paragraph purports to paraphrase and characterize the contents of documents. The documents speak for themselves. Google refers to the documents for their full contents and denies the allegations to the extent they are inconsistent with the documents. The paragraph also states legal conclusions to which no response is required.

208. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph. The paragraph also states legal conclusions to which no response is required.

209. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google

Case No. 4:20-cv-05146-YGR-SVK

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

denies the remaining allegations and characterizations in this paragraph. The paragraph also states legal conclusions to which no response is required.

210. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

211. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph. The paragraph also states legal conclusions to which no response is required.

212. Denied.

213. Denied.

214. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

215. This paragraph purports to paraphrase and characterize the contents of documents. The documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

216. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

217. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

218. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

219. Google lacks sufficient information to admit or deny the allegations in Paragraph 219, and on that basis denies those allegations.

220. Google lacks sufficient information to admit or deny the allegations in Paragraph 220, and on that basis denies those allegations.

221. Google admits that it occasionally conducts research studies to learn more about how people use Google products, including research that entails collecting and measuring the Internet activity of select panelists that choose to participate through paid research studies that may involve a browser extension called Screenwise Meter. Google denies the remaining allegations and characterizations in this paragraph.

222. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

223. This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

224. Paragraph 224 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

225. Paragraph 225 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

226. Paragraph 226 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

227. Paragraph 227 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

228. Paragraph 228 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

229. Paragraph 229 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

230. Google lacks information sufficient to admit or deny the allegations in the first two sentences of this paragraph, and on that basis denies those allegations. The remainder of this

paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

231.    The first sentence of this paragraph states a legal conclusion to which no response is required. To the extent a response is required, Google denies those allegations. The second sentence in this paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Denied.

236.    Google incorporates herein its response to Paragraph 4. Google admits that, in some circumstances, it may receive Chrome users' personal information even if they do not enable Sync. As explained in the Chrome Privacy Notice, for example, users may choose to store passwords, payment cards, and billing information in their Google Accounts without enabling Sync. Google denies the remaining allegations in this paragraph.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

242.    Denied.

243.    Denied.

244.    Denied.

245.    This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

246.    This paragraph purports to paraphrase and characterize the contents of a document. That document says what it says. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

247.    This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

248.    This paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

249.    Google specifically denies the first and last sentences of this paragraph. The remainder of this paragraph purports to paraphrase and characterize the contents of a document. That document speaks for itself. Google refers to the document itself for its full content. Google denies the remaining allegations and characterizations in this paragraph.

250.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

251.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

252.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

253.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

254.    Google admits that, depending on users' settings and permissions, Google may use information about users' activity on websites that use Google's services to deliver targeted advertisements. Google further admits that, generally speaking, more relevant advertisements lead

to increased user engagement with advertisements. Google denies the remaining allegations and characterizations in this paragraph.

255.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

256.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents speak for themselves. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

257.    This paragraph purports to paraphrase and characterize the contents of documents. Those documents say what they say. Google refers to the documents for their full content. Google denies the remaining allegations and characterizations in this paragraph.

258.    Denied.

259.    Google admits that there are over 2 billion active installations of Chrome across desktop and mobile. Otherwise denied.

260.    Denied.

261.    Denied.

262.    Paragraph 262 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

263.    Paragraph 263 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

264.    Paragraph 264 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

265.    Paragraph 265 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

266.    Paragraph 266 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

267.    Paragraph 267 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

268. Paragraph 268 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

269. Google hereby incorporates its answers to all other paragraphs as if stated fully herein.

270. Paragraph 270 states legal conclusions to which no response is required.

271. Paragraph 271 states legal conclusions to which no response is required.

272. Paragraph 272 states legal conclusions to which no response is required.

273. Denied.

274. Paragraph 274 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

275. Denied.

276. Google incorporates herein its answer to Paragraph 4. Paragraph 276 states legal conclusions to which no response is required. Google denies the remaining allegations and characterizations in Paragraph 276.

277. Paragraph 277 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

278. Paragraph 278 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations..

279. Denied.

280. Google lacks information sufficient to admit or deny the allegations in this paragraph and on that basis denies the allegations. Paragraph 280 also states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations

281. Google incorporates herein its answer to Paragraph 2. Paragraph 281 states legal conclusions to which no response is required. Google denies the remaining allegations and characterizations in Paragraph 281.

282. Paragraph 282 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

283. Paragraph 283 states legal conclusions to which no response is required.

284. Paragraph 284 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

285. Paragraph 285 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

286. Paragraph 286 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

287. Paragraph 287 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

288. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

289. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

290. This paragraph relates to a claim that has been dismissed and therefore no response is required.

291. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

292. This paragraph relates to a claim that has been dismissed and therefore no response is required.

293. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

294. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

295. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

296. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

297. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

298. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

299. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

300. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

301. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

302. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

303. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

304. Google hereby incorporates its answers to all other paragraphs as if stated fully herein.

305. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

306. This paragraph relates to a claim that has been dismissed and therefore no response is required.

307. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

308. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

309. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

310. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

311. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

312. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

313. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

314. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

315. This paragraph relates to a claim that has been dismissed and therefore no response is required.   To the extent a response is required, Google denies the allegations.

316. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

317. Google hereby incorporates its answers to all other paragraphs as if fully stated herein.

318. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

319. This paragraph relates to a claim that has been dismissed and therefore no response is required.

320. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

321. This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

322. Google hereby incorporates its answers to all other paragraphs as if fully stated herein.

323. This paragraph states legal conclusions to which no response is required.

324. This paragraph states legal conclusions to which no response is required.

325. Paragraph 325 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

326. Paragraph 326 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

327.    Google admits that it is headquartered in California. The remainder of this paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

328.    Paragraph 328 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

329.    Denied.

330.    Denied.

331.    Paragraph 331 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

332.    Denied.

333.    Paragraph 333 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

334.    Paragraph 334 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

335.    Google hereby incorporates its answers to all other paragraphs as if fully stated herein.

336.    Paragraph 336 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

337.    Paragraph 337 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

338.    Paragraph 338 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

339.    Paragraph 339 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

340.    Paragraph 340 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

341.    Paragraph 341 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

Case No. 4:20-cv-05146-YGR-SVK
GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

342.    Paragraph 342 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

343.    Google hereby incorporates its answers to all other paragraphs as if fully stated herein.

344.    Paragraph 344 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

345.    Paragraph 345 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

346.    Paragraph 346 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

347.    Paragraph 347 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

348.    Paragraph 348 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

349.    Paragraph 349 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

350.    Paragraph 350 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

351.    Google lacks information sufficient to admit or deny the allegations in this paragraph and on that basis denies the allegations.

352.    Paragraph 352 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

353.    Google hereby incorporates its answers to all other paragraphs as if fully stated herein.

354.    Paragraph 354 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

355.    Paragraph 355 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

356. Paragraph 356 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

357. Paragraph 357 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

358. Paragraph 358 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

359. Paragraph 359 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

360. Google hereby incorporates its answers to all other paragraphs as if fully stated herein.

361. Paragraph 361 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

362. Paragraph 362 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

363. Google avers that it respects and protects its users' privacy. Google denies the remaining characterizations in this paragraph.

364. Paragraph 364 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

365. Paragraph 365 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

366. Paragraph 366 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

367. Paragraph 367 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

368. Paragraph 368 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

369. Paragraph 369 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

370.    Google hereby incorporates its answers to all preceding paragraphs as though fully set forth herein.

371.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

372.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

373.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

374.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

375.    Google hereby incorporates its answers to all preceding paragraphs as though fully set forth herein.

376.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

377.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

378.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

379.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

380.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

381.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

382.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

383.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

384.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

385.    Google incorporates its answers to all preceding paragraphs as if fully set forth herein.

386.    Paragraph 386 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

387.    Paragraph 387 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

388.    Paragraph 388 states legal conclusions to which no response is required.

389.    Paragraph 389 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

390.    Paragraph 390 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

391.    Paragraph 391 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

392.    Paragraph 392 states legal conclusions to which no response is required.

393.    Paragraph 393 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

394.    Paragraph 394 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

395.    Paragraph 395 states legal conclusions to which no response is required. To the extent a response is required, Google admits that the Plaintiffs purport to seek compensatory damages and declaratory or equitable relief. Google denies that Plaintiffs or any putative class members are entitled to any such relief.

396.    Paragraph 396 states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

397.    Google incorporates its answers to all preceding paragraphs as though set forth herein.

398.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

399.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies the allegations.

400.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

401.    Denied.

402.    Denied.

403.    Denied.

404.    Denied.

405.    Denied.

406.    Denied.

407.    Google incorporates its answers to all preceding paragraphs as though stated herein.

408.    Paragraph 408 states a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations.

409.    Paragraph 409 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

410.    Paragraph 410 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

411.    Paragraph 411 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

412.    Paragraph 412 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

413.    Paragraph 413 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

414.    Denied.

415.    Denied.

416.    Paragraph 416 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

417.    Paragraph 417 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

418.    Paragraph 418 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

419.    Paragraph 419 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

420.    Google incorporates herein its answers to all preceding paragraphs.

421.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

422.    This paragraph relates to a claim that has been dismissed therefore no response is required. To the extent a response is required, Google denies the allegations.

423.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

424.    This paragraph relates to a claim that has been dismissed and therefore no response is required. To the extent a response is required, Google denies the allegations.

425.    This paragraph relates to a claim that has been dismissed therefore no response is required. To the extent a response is required, Google denies the allegations.

426.    Google incorporates herein its answers to all preceding paragraphs.

427.    Paragraph 427 states legal conclusions to which no response is required. To the extent a response is required, Google denies those allegations.

428.    Paragraph 428 states legal conclusions to which no response is required. To the extent a response is required, Google admits that the Plaintiffs purport to seek an order declaring the rights of the parties arising out of the facts of this case. Google denies that Plaintiffs are entitled to any such relief.

**PRAYER FOR RELIEF**

Google denies that Plaintiffs or the proposed class are entitled to any relief in this action.

**JURY TRIAL DEMAND**

Google admits that Plaintiffs purport to demand a trial by jury of all issues so triable.

**AFFIRMATIVE DEFENSES**

Google asserts the following defenses to Plaintiffs' First Amended Complaint ("FAC"). By asserting the defenses below, Google does not concede, and reserves its right to dispute, that the defenses are affirmative defenses for which Google bears the burden of proof. Google also reserves the right to supplement or amend these defenses as discovery proceeds, and does not knowingly or intentionally waive any applicable affirmative defense.

**First Affirmative Defense: Consent**

The FAC, and each cause of action stated therein, is barred in whole or in part because Plaintiffs consented to Google's receipt and use of the information at issue (regardless of whether they (1) were using Chrome or some other browser, or (2) had enabled Chrome's sync feature). Among other disclosures, Google's Privacy Policy—to which Plaintiffs and putative class members expressly consented when they signed up for their accounts, and which they allege was a part of their contract with Google for the vast majority of the Class Period (see FAC Ex. 1)—discloses that Google receives the information at issue from its services installed on third-party websites. In addition to expressly consenting to Google's receipt of the information, Plaintiffs and putative class members implicitly consented to Google's receipt of the information because they were aware that Google receives such information when users visit websites that use Google's services. Indeed, the fact that Google generally receives such information is not hidden—anyone can use Chrome's "Developer Tools" or similar features in other browsers to learn which third-party services (including Google services) the websites they visit are using and the data being sent to those services. Users who sign into their Google account while using Chrome also are able to see browsing activity and other information in their accounts' "My Activity" pages. Google's receipt of such information has also been widely discussed in the news media and other public commentary.

**Second Affirmative Defense: Statute Of Limitations/Laches**

The FAC, and each cause of action stated therein, is barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrine of laches to the extent Plaintiffs

became aware of the conduct alleged in their complaint and did not act upon that awareness or exercise sufficient diligence within the required time period.

### Third Affirmative Defense: Failure To Mitigate Damages

The FAC, and each cause of action stated therein, is barred, in whole or in part, because Plaintiffs failed to mitigate any damages they claim they suffered, and they are therefore barred from recovering mitigatable damages.

### Fourth Affirmative Defense: Unjust Enrichment

The FAC, and each cause of action stated therein, is barred, in whole or in part, because any recovery by Plaintiffs would constitute unjust enrichment of Plaintiffs. In particular, the claims in the FAC are barred, in whole or in part, to the extent that Plaintiffs have used and/or benefited from any of Google's services that are enabled by the practices that Plaintiffs challenge.

### Fifth Affirmative Defense: Necessary Incident To Rendition Of Services

The FAC, and each cause of action stated therein, is barred, in whole or in part, because at all relevant times, Google's actions were a necessary incident to the rendition of services.

### Sixth Affirmative Defense: Adequate Remedy At Law

To the extent that Plaintiffs are entitled to any relief, Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

### Seventh Affirmative Defense: Improper Request for Restitution

Plaintiffs' request for restitution is barred because Plaintiffs did not pay Google any money or transfer property to Google in connection with the allegations in the Complaint.

### Eighth Affirmative Defense: Punitive Damages—Unconstitutional

Punitive or exemplary damages should not be awarded or should otherwise be limited because: (i) any recovery of punitive or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (ii) imposition of any punitive or exemplary damages

would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

### Ninth Affirmative Defense: No Serious Invasion of Privacy

Plaintiffs' causes of action under California Constitution, Article I § 1, and the common law of intrusion upon seclusion, are barred, in whole or in part, because Google's alleged conduct did not constitute a serious invasion of privacy, and any invasion of privacy was justified because it substantially furthered countervailing interests.

### Tenth Affirmative Defense: Lack Of UCL Standing

Plaintiffs lack standing to bring their UCL claim because they have failed to adequately allege that they have suffered "lost money or property" under Cal Bus. & Prof. Code § 17204.

### Eleventh Affirmative Defense: Waiver/Estoppel

The FAC, and each cause of action stated therein, is barred, in whole or in part, by the doctrines of waiver and estoppel and because Plaintiffs explicitly exculpated Google for the conduct alleged through their contractual agreements with Google. See, e.g., Dkt. 2, Ex. 2 (Apr. 14, 2014 Terms of Service) at 3 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES."); Dkt. 2, Ex. 3 (Oct. 25, 2017 Terms of Service) at 4 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO THE EXTENT PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS, INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT REASONABLY FORESEEABLE.").

**Twelfth Affirmative Defense: Contractual Defenses—No Damages**

The FAC, and each cause of action stated therein, are barred, in whole or in part, because Plaintiffs' damages—including actual, punitive, compensatory, exemplary, or statutory damages—are limited by the terms of the contracts between Google and Plaintiffs. See, e.g., Dkt. 2, Ex. 2 (Apr. 14, 2014 Terms of Service) at 3 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES."); Dkt. 2, Ex. 3 (Oct. 25, 2017 Terms of Service) at 4 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO THE EXTENT PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS, INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT REASONABLY FORESEEABLE.").

**Thirteenth Affirmative Defense: Contractual Defenses—No Liability**

The FAC, and each cause of action stated therein, are barred, in whole or in part, because Google's liability for the alleged conduct at issue is precluded by the terms of contracts between Google and Plaintiffs. See, e.g., Dkt. 2, Ex. 2 (Apr. 14, 2014 Terms of Service) at 3 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES."); Dkt. 2, Ex. 3 (Oct. 25, 2017 Terms of Service) at 4 ("WHEN PERMITTED BY LAW, GOOGLE, AND GOOGLE'S SUPPLIERS AND DISTRIBUTORS, WILL NOT BE RESPONSIBLE FOR LOST PROFITS, REVENUES, OR DATA, FINANCIAL LOSSES OR

INDIRECT, SPECIAL, CONSEQUENTIAL, EXEMPLARY, OR PUNITIVE DAMAGES . . . TO THE EXTENT PERMITTED BY LAW, THE TOTAL LIABILITY OF GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, FOR ANY CLAIMS UNDER THESE TERMS, INCLUDING FOR ANY IMPLIED WARRANTIES, IS LIMITED TO THE AMOUNT YOU PAID US TO USE THE SERVICES (OR, IF WE CHOOSE, TO SUPPLYING YOU THE SERVICES AGAIN) . . . IN ALL CASES, GOOGLE, AND ITS SUPPLIERS AND DISTRIBUTORS, WILL NOT BE LIABLE FOR ANY LOSS OR DAMAGE THAT IS NOT REASONABLY FORESEEABLE.").

**Fourteenth Affirmative Defense: Contractual Defenses—Mistake/Lack of Mutual Assent**

The FAC, and each cause of action stated therein, is barred, in whole or in part, because Plaintiffs were mistaken regarding materials terms of the alleged contracts, including, e.g., the meaning of certain terms and provisions in Google's disclosures describing Google's collection and use of information, and thus there was a lack of mutual assent as to material terms of the alleged contract.

**Fifteenth Affirmative Defense: Contractual Defenses—Lack of Consideration**

The FAC, and each cause of action stated therein, is barred, in whole or in part, because the alleged contracts were executed without consideration in that Plaintiffs did not provide anything of value in exchange for their use of Google's services.

**Sixteenth Affirmative Defense: CIPA, Cal. Penal Code §§ 631, et seq—Party To Communication**

Plaintiffs' claims under California Penal Code §§ 631, et seq, and those of the purported classes, are barred in whole or in part, because Google was a party to the communications alleged by Plaintiffs.

**Seventeenth Affirmative Defense: CIPA, Cal. Penal Code §§ 631, et seq—Consent**

Plaintiffs' claims under California Penal Code §§ 631, et seq, and those of the purported classes, are barred in whole or in part, because the parties to the communications alleged in the FAC (i.e., Plaintiffs and third party websites) consented to those communications.

**Eighteenth Affirmative Defense: CDAFA, Cal. Penal Code § 502(c), *et seq*—Permission**

Plaintiffs' claims under California Penal Code § 502(c), and those of the purported classes, are barred in whole or in part, because Google did not act "without permission."

**Nineteenth Affirmative Defense: Waiver**

The FAC, and each cause of action stated therein, is barred, in whole or in part, because Plaintiffs intentionally relinquished any right to not have Google receive and use the information at issue (regardless of whether they (1) were using Chrome or some other browser, or (2) had enabled Chrome's sync feature), and/or acted so inconsistent with an intent to enforce the right as to induce a reasonable belief that any such right has been relinquished.

DATED:  June 12, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____ */s/ Andrew H. Schapiro* _____

Andrew H. Schapiro (admitted *pro hac vice*)
andrewschapiro@quinnemanuel.com
Joseph H. Margolies (admitted *pro hac vice)*
josephmargolies@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Stephen A. Broome (CA Bar No. 314605)
*stephenbroome@quinnemanuel.com*
Viola Trebicka (CA Bar No. 269526)
*violatrebicka@quinnemanuel.com*
Crystal Nix-Hines (CA Bar No. 326971)
*crystalnixhines@quinnemanuel.com*
Alyssa G. Olson (CA Bar No. 305705)
*alyolson@quinnemanuel.com*
Teuta Fani (CA Bar No. 360443)
*teutafani@quinnemanuel.com*
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Xi ("Tracy") Gao (CA Bar No. 326266)
tracygao@quinnemanuel.com
Carl Spilly (admitted *pro hac vice*)
carlspilly@quinnemanuel.com
1300 I Street NW, Suite 900

-47-                                    Case No. 4:20-cv-05146-YGR-SVK

Washington D.C., 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Brett Watkins (admitted *pro hac vice)*
brettwatkins@quinnemanuel.com
700 Louisiana St., Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100

*Attorneys for Defendant Google LLC*

Case No. 4:20-cv-05146-YGR-SVK
GOOGLE'S SUPPLEMENTAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT